IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 8:08-CV-00409-PJM |
| v. | : | |
| | : | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## HYDRA LLC'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Hydra LLC ("Hydra") hereby answers the Second Amended Complaint filed by Beyond Systems, Inc. ("Plaintiff") in this action as follows:

1.    Hydra only admits that BSI purports to be a Maryland-based Internet Service Provider, or "ISP."

2.    Hydra only admits that BSI purports to be a Maryland-based Internet Service Provider, or "ISP."

3.    Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Second Amended Complaint and therefore denies those allegations.

4.    Deny.

5.    Hydra only admits that the provisions of the Maryland Commercial Electronic Mail Act and the court's written opinions in the court decisions cited in Paragraph 5 of the Second Amended Complaint are matters of public record and speak for themselves.

6.      Hydra only admits that the activities of Congress, and provisions of the "CAN-SPAM" Act and state laws, are matters of public record and speak for themselves.

7.      Hydra admits only that the provisions and related legislative findings of 15 U.S.C. §7701(a) are matters of public record and speak for themselves.

8.      Hydra only admits that the provisions of California Business & Professions Code §§ 17529, *et seq.*, are matters of public record and speak for themselves.

9.      Hydra only admits that the activities of the FTC, Congress, and the Senate, and the materials cited in Paragraph 9 of the Second Amended Complaint, are matters of public record and speak for themselves.  Hydra reserves the right to challenge any finding of any legislative or other body if offered in violation of applicable rules or court procedures.

## PARTIES

10.      Hydra only admits that BSI is a Maryland corporation.

11.      Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Second Amended Complaint and therefore denies those allegations.

12.      Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 12 of the Second Complaint and therefore denies those allegations.

13.      Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 of the Second Amended Complaint and therefore denies those allegations.

14.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 of the Second Complaint and therefore denies those allegations.

15.     Deny.  Hydra is a Delaware limited liability company with its principal place of business in Beverly Hills, California.

16.     Hydra denies any involvement in any conspiracy, commission of any wrongful act, or aiding and abetting anyone else in the performance of any wrongful act.  Hydra denies that it was involved in the emails Plaintiff produced in June 2008 in the action it initiated in the United States District Court for the Central District of California, Case No. CV08-01039 RGK (PLAx) ("California Action.").  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 16 of the Second Amended Complaint and therefore denies such allegations.

## JURISDICTION AND VENUE

17.     Hydra only admits that it is a Delaware limited liability company with its principal place of business in Beverly Hills, California, and that Plaintiff is a Maryland corporation.  Hydra does not currently contest the existence of subject matter jurisdiction or venue.  Hydra denies that Plaintiff is entitled to any monetary relief or that Hydra committed any wrongdoing.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 17 of the Second Amended Complaint and therefore denies those allegations.

18.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 of the Second Amended Complaint and therefore denies those allegations.

19.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 of the Second Amended Complaint and therefore denies those allegations.

20.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 of the Second Amended Complaint and therefore denies those allegations.

21.     Hydra does not currently dispute personal jurisdiction as to it in this action only. Hydra denies the allegations set forth in Paragraph 21 of the Second Amended Complaint to the extent they allege any wrongdoing by Hydra.

22.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 of the Second Amended Complaint and therefore denies those allegations.

23.     Hydra does not contest that venue is proper in this judicial district.  Hydra denies the allegations set forth in Paragraph 23 of the Second Amended Complaint to the extent they allege any wrongdoing by Hydra.

## FACTS

24.     Hydra only admits that BSI purports to be a Maryland-based Internet Service Provider, or "ISP."  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 24 of the Second Amended Complaint and therefore denies those allegations.

25.     Hydra only admits that BSI purports to own and operate interactive computer services that enable its customers to access the Internet, access BSI-hosted Internet services and exchange e-mail, and that BSI purports to own and maintain computers and other equipment,

including specialized computers or "servers" that process e-mail messages and otherwise support its e-mail services, and that BSI maintains the e-mail-related equipment in Silver Spring, Maryland and in Rockville, Maryland.

26.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 26 of the Second Amended Complaint and therefore denies those allegations.

27.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 27 of the Second Amended Complaint and therefore denies those allegations.

28.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 of the Second Amended Complaint and therefore denies those allegations.

29.     Hydra admits only that domain registration records, if any, speak for themselves. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 29 of the Second Amended Complaint and therefore denies those allegations.

30.     Hydra admits only that the website http://www.kraftfoodservice.com/ProductsandBrands/HotBeverages/Gevalia.htm is a matter of public record and speaks for itself.

31.     Hydra admits only that the website www.gevalia.com is a matter of public record and speaks for itself.

32.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 32 of the Second Amended Complaint and therefore denies those allegations.

33.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 of the Second Amended Complaint and therefore denies those allegations.

34.     Hydra only admits that it has initiated the transmission of commercial e-mail advertisements and that it has had affiliates on its affiliate network that have initiated the transmission of commercial email advertisements.  Hydra denies the allegations set forth in Paragraph 34 to the extent they allege any wrongdoing by Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 34 of the Second Amended Complaint and therefore denies those allegations.

35.     Hydra only admits that it has transmitted commercial e-mail advertisements and that it has had affiliates on its affiliate network that have transmitted commercial e-mail advertisements.  Hydra denies the allegations set forth in Paragraph 35 to the extent they allege any wrongdoing by Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 35 of the Second Amended Complaint and therefore denies those allegations.

36.     Hydra denies the allegations set forth in Paragraph 36 of the Second Amended Complaint pertaining to it.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 36 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 36 allege any wrongdoing against Hydra, Hydra denies such allegations.

37.     Hydra understands that the allegations set forth in Paragraph 37 of the Second Amended Complaint are not directed to Hydra.  Based on this understanding, Hydra states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 of the Second Amended Complaint and therefore denies those allegations.

38.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 38 allege any wrongdoing against Hydra, Hydra denies such allegations.

39.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 39 allege any wrongdoing against Hydra, Hydra denies such allegations.

40.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 40 allege any wrongdoing against Hydra, Hydra denies such allegations.

41.     Hydra only admits that it has a business relationship with Kraft as described in Hydra's interrogatory responses in the California Action.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 41 of the Second Amended Complaint and therefore denies those allegations.

42.     Hydra denies the allegations set forth in Paragraph 42 of the Second Amended Complaint as to the emails that Plaintiff produced in June 2008 that it claims involve Hydra. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations set forth in Paragraph 42 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 42 allege any wrongdoing against Hydra, Hydra denies such allegations.

43.     Hydra denies the allegations set forth in Paragraph 43 of the Second Amended Complaint as to the emails that Plaintiff produced in June 2008 that it claims involve Hydra. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 43 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 43 allege any wrongdoing against Hydra, Hydra denies such allegations.

44.     Hydra denies the allegations set forth in Paragraph 44 of the Second Amended Complaint as to the emails that Plaintiff produced in June 2008 that it claims involve Hydra. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 44 of the Second Amended Complaint and therefore denies those allegations.

45.     Hydra denies the allegations set forth in Paragraph 45 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 45 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 45 allege any wrongdoing against Hydra, Hydra denies such allegations.

46.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 of the Second Amended Complaint and therefore

denies those allegations.  To the extent the allegations set forth in Paragraph 46 allege any wrongdoing against Hydra, Hydra denies such allegations.

47.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 of the Second Amended Complaint and therefore denies those allegations.

48.     Hydra denies the allegations set forth in Paragraph 48 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 48 of the Second Amended Complaint and therefore denies those allegations.

49.     Hydra denies the allegations set forth in Paragraph 49 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 49 of the Second Amended Complaint and therefore denies those allegations.

50.     Hydra denies the allegations set forth in Paragraph 50 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 50 of the Second Amended Complaint and therefore denies those allegations.

51.     Hydra denies the allegations set forth in Paragraph 51 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations set forth in Paragraph 51 of the Second Amended Complaint and therefore denies those allegations.

52.     Hydra denies the allegations set forth in Paragraph 52 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 52 of the Second Amended Complaint and therefore denies those allegations.

53.     Hydra denies the allegations set forth in Paragraph 53 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 53 of the Second Amended Complaint and therefore denies those allegations.

54.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 54 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 54 allege any wrongdoing against Hydra, Hydra denies such allegations.

55.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 55 allege any wrongdoing against Hydra, Hydra denies such allegations.

56.     Hydra denies the allegations set forth in Paragraph 56 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations set forth in Paragraph 56 of the Second Amended Complaint and therefore denies those allegations.

57.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 57 of the Second Amended Complaint and therefore denies those allegations.  The Federal Trade Commission's written report cited in Paragraph 57 of the Second Amended Complaint is a matter of public record and speaks for itself.  To the extent the allegations set forth in Paragraph 57 allege any wrongdoing against Hydra, Hydra denies such allegations.

58.     Hydra denies the use of false or misleading information in conducting its business.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 58 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 58 allege any wrongdoing against Hydra, Hydra denies such allegations.

59.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 59 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 59 allege any wrongdoing against Hydra, Hydra denies such allegations.

60.     Hydra denies the use of false or misleading information in conducting its business.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 60 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 60 allege any wrongdoing against Hydra, Hydra denies such allegations.

61.     Hydra admits only that some creatives involving Gevalia has a space in which the list publisher can be identified.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 61 of the Second Amended Complaint and therefore denies those allegations.

62.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 62 of the Second Amended Complaint and therefore denies those allegations.

63.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 63 of the Second Amended Complaint and therefore denies those allegations.

64.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 64 of the Second Amended Complaint and therefore denies those allegations.

65.     Hydra denies that Plaintiff has suffered any damages as a result of any alleged conduct engaged in by Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 65 of the Second Amended Complaint and therefore denies those allegations.  To the extent the allegations set forth in Paragraph 65 allege any wrongdoing against Hydra, Hydra denies such allegations.

## COUNT I:  VIOLATION OF MARYLAND COMMERCIAL LAW CODE § 14-3002

66.     Hydra hereby repeats and incorporates herein its response to paragraphs 1 through 66 as if fully set forth herein.

67.     Hydra only admits that the provisions of Maryland Commercial Law Code § 14-3002 speak for themselves and are a matter of public record.

68.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 68 of the Second Amended Complaint and therefore denies those allegations.

69.     Hydra denies the allegations set forth in Paragraph 69 of the Second Amended Complaint as to the emails that BSI produced in June 2008 that it claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 69 of the Second Amended Complaint and therefore denies those allegations.

70.     Hydra denies the allegations set forth in Paragraph 70 of the Second Amended Complaint as to the emails that BSI produced in June 2008 that it claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 70 of the Second Amended Complaint and therefore denies those allegations.

71.     Hydra objects to the production of any information in support of BSI's claims, including but not limited to additional emails, produced after the discovery deadline set by the Court.  Hydra reserves all rights to seek the exclusion of any documents, testimony, and/or other information produced after deadlines set by applicable rules and/or court orders.

72.     Hydra only admits that the provisions of Maryland Commercial Law Code § 14-3002(c) speak for themselves.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 72 of the Second Amended Complaint and therefore denies those allegations.

73.     Hydra denies the allegations set forth in Paragraph 73 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008.

Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 73 of the Second Amended Complaint and therefore denies those allegations.

74.     Hydra denies the allegations set forth in Paragraph 74 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 74 of the Second Amended Complaint and therefore denies those allegations.

## COUNT II:  VIOLATION OF CALIFORNIA
## BUSINESS & PROFESSIONS CODE § 17529.5

75.     Hydra hereby repeats and incorporates herein its response to paragraphs 1 through 74 as if fully set forth herein.

76.     Hydra only admits that the provisions of California Business & Professions Code § 17529.5(a) are a matter of public record and speak for themselves.

77.     Hydra denies the allegations set forth in Paragraph 77 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 77 of the Second Amended Complaint and therefore denies those allegations.

78.     Hydra denies the allegations set forth in Paragraph 78 as to the emails that BSI produced in June 2008 that BSI claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 78 of the Second Amended Complaint and therefore denies those allegations.

79.     Hydra denies that BSI received from Hydra and/or its agents all of the emails that BSI produced in June 2008 that BSI claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 79 of the Second Amended Complaint and therefore denies those allegations.

80.     Hydra lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 80 of the Second Amended Complaint and therefore denies those allegations.

81.     Hydra denies the allegations set forth in Paragraph 81 as to the emails that BSI produced in June 2008 that BSI claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 81 of the Second Amended Complaint and therefore denies those allegations.

82.     Hydra denies the allegations set forth in Paragraph 82 as to the emails that BSI produced in June 2008 that BSI claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 82 of the Second Amended Complaint and therefore denies those allegations.

83.     Hydra objects to the production of any information in support of BSI's claims, including but not limited to additional emails, produced after the discovery deadline set by the Court.  Hydra reserves all rights to seek the exclusion of any documents, testimony, and/or other information produced after deadlines set by applicable rules and/or court orders.

84.     Hydra denies the allegations set forth in Paragraph 84 as to the emails that BSI produced in June 2008 that BSI claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 84 of the Second Amended Complaint and therefore denies those allegations.

85.     Hydra denies the allegations set forth in Paragraph 85 as to the emails that BSI produced in June 2008 that BSI claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 85 of the Second Amended Complaint and therefore denies those allegations.

86.     Hydra denies the allegations set forth in Paragraph 86 as to the emails that BSI produced in June 2008 that BSI claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 86 of the Second Amended Complaint and therefore denies those allegations.

87.     Hydra denies the allegations set forth in Paragraph 87 as to the emails that BSI produced in June 2008 that BSI claims involve Hydra.  Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 87 of the Second Amended Complaint and therefore denies those allegations.

88.     Hydra denies the allegations set forth in Paragraph 88 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 88 of the Second Amended Complaint and therefore denies those allegations.

89.     Hydra denies the allegations set forth in Paragraph 89 of the Second Amended Complaint as to the emails Plaintiff alleges involve Hydra that Plaintiff produced in June 2008. Hydra lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 89 of the Second Amended Complaint and therefore denies those allegations.

## **AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE
### (Preemption)

1.      Plaintiff's claims are preempted by the Controlling the Assault of Non-Solicited

Pornography and Marketing Act of 2003, *15 USCS §§ 7701 et seq.,* and the "dormant"

Commerce Clause of the United States Constitution.


## SECOND AFFIRMATIVE DEFENSE
### (Laches)

2.      Plaintiff's claims are barred by the doctrine of laches.


## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3.      Plaintiff is estopped from maintaining its claims.


## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.      Plaintiff has waived all of its claims for relief.


## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

5.      Plaintiff's claims are barred by the doctrine of unclean hands.


## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

6.      Plaintiff has failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

7.     Any representations contained in the subject emails allegedly sent by Hydra to

Plaintiff, if actually made by Hydra, were made with a good-faith belief in their truth.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Misrepresentations)

8.     Any representations contained in the subject emails allegedly sent by Hydra to

Plaintiff were not made by Hydra for the purpose of misleading Plaintiff, inducing Plaintiff to

rely upon them, or to act or to refrain from acting in reliance thereon.

## NINTH AFFIRMATIVE DEFENSE
### (Due Care)

9.     Hydra established and implemented, with due care, practices and procedures

reasonably designed to effectively prevent unsolicited commercial email advertisements.

## TENTH AFFIRMATIVE DEFENSE
### (Standing)

10.     Plaintiff lacks standing to assert all or some of the causes of action alleged in the

Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Apportionment)

11.     Hydra was not responsible for any deceptive or misleading information in the

alleged emails to the extent such deceptive or misleading information exists in the alleged

emails.  Hydra was not responsible for BSI's receipt of many of the emails BSI produced in June

2008 that BSI alleges pertain to Hydra.  Hydra cannot be held liable for the unilateral acts or omissions of independent third parties.

**TWELTH AFFIRMATIVE DEFENSE**
**(Plaintiff is not a Recipient)**

12.     Plaintiff is not a recipient under California Business & Professions Code §§ 17529.1 *et seq*. or Maryland Commercial Law Code §§ 14-3001 *et seq*.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Plaintiff is not an Interactive Computer Service Provider)**

13.     Plaintiff is not an Interactive Computer Service Provider under Maryland Commercial Law Code §§ 14-3001 *et seq*.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Plaintiff is not an Electronic Mail Service Provider)**

14.     Plaintiff is not an Electronic Mail Service Provider recipient under California Business & Professions Code §§ 17529.1 *et seq*.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Hydra Did Not Send Emails)**

15.     Hydra did not send or initiate the transmission of emails that BSI produced in June 2008 that BSI claims involve Hydra.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff Caused Its Own Damages and Manufactured Lawsuit)

16.     Based on information and belief, Plaintiff undertook efforts to intentionally obtain the e-mails at issue in the complaint, and that one of Plaintiff's business objectives is to generate money from lawsuits based on such e-mails.  Because of the forgoing and other conduct and/or activities to be determined during the course of this action, any and all violations and/or damages alleged by Plaintiff were caused, in whole or in part, by Plaintiff's own conduct, by the conduct of persons or entities with regard to whom Plaintiff is legally responsible, and/or by the conduct of persons or entities with regard to whom Hydra is not legally responsible, and not by any alleged conduct on the part of Hydra.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Vicarious Liability)

17.     Hydra is not vicariously liable for any of the alleged wrongdoing in the Second Amended Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

18.     Some or all of the BSI's causes of action over emails produced by BSI in June 2008 that BSI alleges pertain to Hydra are barred by the applicable statute of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE
**(Reservation of Rights)**

19. Hydra reserves the right to offer additional defenses that cannot now be articulated because, among other reasons, Hydra has not engaged in any discovery, and because Plaintiff failed to identify or produce the e-mails to which it refers in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Hydra LLC prays as follows:

1.      That judgment be rendered in favor of Defendant Hydra LLC;

2.      That Plaintiff take nothing by reason of its Second Amended Complaint against Defendant Hydra LLC;

3.      That Defendant Hydra LLC be awarded its costs of suit incurred in defense of this action, and its attorneys' fees to the extent permitted by law; and

4.      For such other relief as the Court deems proper.

Respectfully Submitted,


Dated:  March 4, 2009

_____/s/_____
J. Douglas Baldridge
(US DC-MD Bar No. 11023)
Lisa Jose Fales
(US DC-MD Bar No. 08141)
Ari N. Rothman
(US DC-MD Bar No. 17560)
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Hydra LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March, 2009, a copy of the foregoing *Hydra*

*LLC's Answer to Second Amended Complaint* was filed electronically in accordance with the

Court's CM/ECF procedures, and served upon the below-named counsel via the Court's

electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
tonorato@steptoe.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J.
GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

*Counsel for Defendants Kraft Foods Inc. & Vict.*
*Th. Engwall & Co.*

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc.*

_____/s/_____
Ari N. Rothman