IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | |
| Plaintiff, | |
| | Case No. 8:08-CV-00409-PJM |
| v. | |
| KRAFT FOODS, INC., et al., | The Honorable Peter J. Messitte |
| Defendants. | |

**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants and Third-Party Plaintiffs Connexus Corp. ("Connexus") and Hydra LLC ("Hydra") respectfully submit this Reply in Support of their Motion for Partial Summary Judgment.[1]

**INTRODUCTION**

The only issue before this Court is a pure question of law: what statutes of limitation apply to BSI's claims? If, as Defendants contend, the one year limitations period in the applicable California and Maryland statutes applies, then there is no dispute that 93% of the emails harvested by BSI to manufacturer this lawsuit are flushed from the case. There is no genuine issue of material fact that the one year period applies and, therefore, Defendants' motion must be granted.

First, the Court can make short shrift of BSI's attempt to oppose entry of summary judgment on its claims under the California statute. BSI does nothing more than argue that

---

[1] BSI claims in its opposition that it could not find Exhibit 3 to the motion. Exhibit 3 consists of deposition excerpts from BSI's Rule 30(b)(6) deposition and was filed under seal because BSI demanded that the entire transcript be treated as "confidential" pursuant to the Stipulated Order Regarding Confidentiality of Discovery Material. Connexus and Hydra also filed a Notice of Filing of Document Under Seal concerning Exhibit 3 as required by applicable court rules. (DE # 83-5.)

directly on point and dispositive decisions of Courts located in California got it wrong in deciding that the one year limitations applies to Section 17529.5 claims. As though it alone has divined something from the plain language of the applicable statute that seasoned California Courts did not or could not, BSI in essence asserts that California should have adopted BSI's unsupportable view (see *supra*) of what is required by the Maryland statute. But, California Courts far more well versed in California law than BSI have ruled otherwise in the *Azoogle* (Northern District of California) and *Balsam* cases (Superior Court Santa Clara), holding that the one year limitations period of California Code of Civil Procedure 340(a) applies to statutory damages claims under Section 17529.5. There is no basis to interfere with these well reasoned decisions as they also are wholly consistent with the Ninth Circuit precedent upon which BSI relies.

Second, while facially more complicated, BSI's opposition to entry of summary judgment dismissing its Maryland claims fares no better. Although BSI offers a number of arguments, all are aimed at wedging the case before this Court into the four very different corners of the Maryland intermediate appellate Court's decision in *Williams*.[2] BSI's attempt is unavailing. Foremost, BSI does nothing to undermine the two Fourth Circuit decisions in *Brown* and *Early Learning* that unambiguously conclude that the one year period applies, much less to explain how the intermediate appellate Court in *Williams* failed to cite or address these two decisions in reaching its conclusion. Further, while the *Williams* Court's language is sweeping, that language is inapposite to the factual scenario before this Court. In *Williams*, the plaintiff waived any claim to treble damages (the "penalty" part of the statute at issue), thus making the Court's analysis in the factual context of a pure remedial claim for actual damages (it is the penalty aspect of the statutory claim that triggers the one year period). Moreover, to envelop

---

[2] Even if it applied, this Court has no obligation to follow the decision of an intermediate appellate court.

itself with the perceived protection of *Williams,* BSI attempts to revise history in suggesting it is a mere private party seeking damages. To the contrary – BSI cannot explain away its repeated insistence before this and other courts that it is a private attorney general working for the public benefit. BSI's attempt to reinvent itself to use the *Williams* decision should not be countenanced by this Court.

For these and the more specific reasons set forth below (and in Defendants' initial memorandum), partial summary judgment must be granted in Defendants' favor ruling that BSI cannot seek statutory damages based upon the 49,839 emails received (actually intentionally gathered) by BSI over one year before filing suit.

## ARGUMENT

### A. The One Year Statute of Limitations Applies to BSI's Claims for Statutory Damages Under California Law.

Every single California court that has considered the issue has concluded that the one year statute of limitations applies to statutory damages claims under Section 17529.5 because the statutory damages provision is penal. *Hypertouch v. Azoogle,* Mo. 3:08-cv-04970-MMC (N.D. Cal. Mar. 19, 2009); *Balsam v. Subscriberbase, Inc.*, No. 1:06-cv-066258, **1-3 (Sup. Ct. Cal. Oct. 24, 2008). And, with good reason, where, as under Section 17529.5, "… [the plaintiff] is entitled to recover **BOTH** its actual damages and an award of liquidated damages" the latter has to be "penal in nature." *Id*. (*emphasis added*) (citing, *G.H.I.I. v. MTS, Inc.*, 147 Cal. App, 3d 256, 277-79 (1983) (holding statutes which provide for recovery of damages additional to actual losses incurred are penal in nature)); accord *Balsam* at 2; *see also Shamsian v. Atlantic Richfield Co.*, 107 Cal.App.4th 967 (2003) (one year statute of limitations for "civil penalty" under Health and Safety Code § 25249.7(b)(1) brought by private parties). As the court explained in *Netblue*:

> By allowing a plaintiff to recover 'either or both' of actual damages and statutory damages, this section makes clear that the two kinds of damages

> are different and thus logically serve different purposes: compensatory in the case of the former and penal in the case of the latter. This conclusion is reinforced by the fact that *any calculation of statutory damages is completely independent of any determination regarding actual damages*. Indeed, the Assembly Committee on Judiciary analysis states: '*In addition to actual damages (likely to be small in many such suits) the bill permits the plaintiff to seek liquidated damages ...*' CA B. An., S.B. 186 Assem., June 26, 2003.

*Phillips v. Netblue, Inc.*, No. C-05-4401, 2006 WL 3647116, *5 (N.D. Cal. Dec. 12, 2006); *see also Helm v. Bollman*, 176 Cal.App.2d 838, 843 (1960) (damages provision of Civ. Code § 3346 relating to wrongful injuries to timber, trees or underwood on the land of another "creates new obligations and exacts new penalties because of past transactions, and hence those provisions relating to double damages must be treated as penal and punitive"); *Grossblat v. Wright*, 108 Cal. App. 2d 475, 485 (Cal. Ct. App. 1951) ("treble damages recoverable under the [Housing and Rent Act of 1947] are in the nature of penalties").

The penal nature of the statutory damages provision in Section 17529.5 is the critical factor removing this case from the precedent cited in BSI's opposition. In BSI's most recent key "authority," *Stone v. The Travelers Corp.*, 58 F.3d 434 (9th Cir. 1995) (Opposition at 13), the Ninth Circuit made clear, "…Section 340(1) provides a one year limitation for a penalty 'when the action is given **to an individual,** or to an individual and the state.' Thus, there must be some recoveries payable to an individual that still qualify as penalties." *Id.* at 439 (*emphasis added*). The fact that a successful plaintiff may receive both actual damages **and** liquidated damages under Section 17529.5 qualifies the statutory damages component as a penalty as was held in

4

*Azoogle*, *Balsam* and *Netblue*. Any other conclusion would be illogical and defy the clear language of Section 17529.5 – if one component is "actual" the other has to be penal.[3]

*Stone* further supports the holding in *Azoogle*, *Balsam* and *Netblue.* In *Stone*, the Ninth Circuit remarked: "… the payment of up to $100 per day is not sought by Stone as a 'private attorney general' to enforce some public policy…" *Stone*, 58 F.3d at 439. In its Opposition, BSI labors to leave the Court with the impression that it is a mere private plaintiff that has suffered damages. It does so to wedge itself into the *Williams* decision (see *supra*) and perhaps also to avoid the true import of the Ninth Circuit authority it cites. In its own Rule 26(f) report in this action, BSI wrote "*Plaintiff as a private attorney general* has sought to alleviate the harm the ceaseless wave of spam causes to its business by investigating and bringing claims against egregious spammers." (Ex. 1, *Joint Report to the Court Regarding Rule 26(f) Meeting of Counsel* at 2 (*emphasis added*).) And, when asked in his deposition "[w]hat led you to file these suits," BSI's principal responded "Just the wish to do something valuable for people, to do something beneficial for society overall. That's probably the biggest thing." (Ex. 2, BSI 8011, 8038.) BSI consistently has maintained that it is a "private attorney general" and should not be allowed to retract this steadfast view to avoid summary judgment. (*See also* Ex. 3, 6/19/08 T. Onorato Ltr. at 3 ("the fact that the California statute creates a right of action permitting both the state

---

[3]    The four key cases cited by BSI all involve statutory schemes intended to aid a plaintiff in recovering a measure of actual damages where proof of such damages is difficult or impossible**.** *Stone v. Travelers Corp.*, 58 F.3d 434, 438 (9th Cir. 1995) (plaintiff allowed to seek actual or statutory damages because "[a]ctual damages to Stone may be difficult to prove, a fact justifying a statutorily prescribed sum"); *Rivera v. Anaya*, 726 F.2d 564, 569 (9th Cir. 1984) ("Congress was aware of the difficulty a plaintiff might encounter in measuring damages suffered under this statute and provided a measure of relief in such instances by permitting the award of actual or statutory damages"); *Murphy v. Kenneth Cole Productions, Inc.*, 155 P.3d 284, 289 (Cal. 2007) (statutory damages in labor statute allowed because "it may be difficult to assign a value to these noneconomic injuries" and "Courts have long recognized that the monetary value of harm to employees can be difficult to ascertain"); *Culver v. Bell & Loffland*, 146 F.2d 29, 31 (9th Cir. 1944) (liquidated damages in labor statute allowed where "[t]he retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages") (internal quotations omitted).

Attorney General and certain private parties to sue spammers for statutory damages, BSI believes, gives it the right to characterize itself as a 'private attorney general'").)

### B. The One Year Statute of Limitations Applies to BSI's Claims for Statutory Damages Under Maryland Law.

BSI's Opposition includes a hodgepodge of arguments urging this Court to apply the three year statute of limitations to its Maryland statutory damages claims. All of these arguments depend entirely upon the Maryland Court of Special Appeals' decision in *Williams v. Standard Fed. Sav. & Loan Ass'n*, 545 A.2d 708 (Md. Ct. Spec. App. 1988). For the following reasons, BSI's wholesale reliance on *Williams* is misplaced.

First, lest there be any implication by BSI to the contrary, this Court is under no obligation to follow the ruling in *Williams*. *Williams* was decided by an intermediate appellate court and the Supreme Court precedent is clear that this Court, sitting in diversity, must only determine how the *highest court* of Maryland would decide the question. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967).

Second, BSI provides no sound reason for disregarding the well reasoned Fourth Circuit decisions holding that the one year statute of limitations applies to civil actions by private plaintiffs to recover civil penalties. *In re Brown*, 843 F.2d 1386 (4th Cir. 1988); *Early Learning Inc. v. U.S. Leasing Corp.*, 836 F.2d 1342 (4th Cir. 1988). Apparently, having no persuasive way to encourage this Court to disregard this Fourth Circuit precedent, BSI does not even mention these cases by name in its Opposition. Instead, BSI's Opposition includes a single sentence referring to "Fourth Circuit decisions that pre-date the *Williams* decision, and thus provide no support for Defendants' position." (Opposition at 10). To the contrary – since *Williams* has no binding effect on this Court (see *infra*), and the reasoning of the Fourth Circuit is superior (see Defendants' initial memorandum), the fact that these decisions pre-date *Williams*

means nothing. Indeed, if the intermediate appellate court's decision in *Williams* is as compelling as BSI contends, why is it that the Court failed to mention these directly on point Fourth Circuit decisions that are entirely at odds with its holding? And, surely, the Fourth Circuit followed its mandate to predict how Maryland's highest court would resolve the issue when it rendered its opinions in *Brown* and *Early Learning*.

Third, BSI concedes that the Maryland anti-spam statute is penal. In its sworn interrogatory responses, BSI admits that "the statutes at issue do not require Plaintiff to show the exact amount for damages for purposes related to this litigation," and cited *Asis Interet Servs. v. Active Response Group*, No. C07 6211 THE, 2008 WL 2952809, at *1 (N.D. Cal. July 30, 2008) in support of its position. (DE #107 at 5-6.) *Asis*, in turn, held that the focus of anti-spam statutes "is not to compensate [Internet service providers] for the burdens of filtering spam, but *to penalize* and deter those who would send false, deceptive, and misleading email." *Id*. at *6 (emphasis added). The Court should hold BSI to the position it swore to in its interrogatory responses rather than accepting the contradictory argument it has conveniently adopted now in its opposition.

Fourth, not only does BSI (and *Williams*) ignore both *Brown* and *Early Learning* without explanation, but also *Natural Design* where Maryland's highest court held that Maryland's anti-trust statute allowing a private litigant to recover treble damages was penal in nature: "An award of treble damages for antitrust violations embodies both punitive and compensatory damages." *Natural Design, Inc. v. Rouse Co.*, 302 Md. 47, 76-77, 485 A.2d 663, 678 (Md. 1984). Thus, *Natural Design* undermines *Williams,* and BSI's argument that Maryland courts have "uniformally [sic] held that, in cases brought by private litigants, the statute at issue was not penal." (Oppo. at 7.)

Fifth, the salient issue in *Williams* is inapposite to this case. In *Williams*, the statute at issue provided for actual damages and treble damages upon proof of a knowing violation of the Secondary Mortgage Loan Law. But, the plaintiff in *Williams* waived any claim for treble damages and, thus, the penal component of available damages was not even before the court in *Williams*. *Id.* at 709. Thus, the *Williams* court naturally analyzed the "legislative intent to subject a suit by a wronged borrower seeking recovery under the SMLL of **only** the interest and other charges illegally extracted from him by a lender to a one year limitation…" (Id. at 710) (*emphasis added*), and not where the wronged borrower sought treble damages.[4]

Sixth, the *Williams* court acknowledged that "the meaning of the terms penalty and forfeiture are far from inflexible and depend upon the context in which they are used." *Id*. at 712. The context in *Williams* was the Secondary Mortgage Loan Law. The context here is Maryland Commercial Law Code Section 14-3003. The context of Section 14-3003 is more closely aligned with the Maryland Consumer Protection Act under which courts in Maryland consistently have held that the one year limitations period applies to the penalty component of damages (as opposed to the restitution component) provided for by that statute. *Maryland v. Dickson*, 717 F. Supp. 1090, 1103 (D. Md. 1989); *see also MaryCLE, LLC v. First Choice Internet, Inc.*, 890 A.2d 818 (Md. Ct. Spec. App. 2006).

Finally, the application of *Williams* to this case assumes that BSI is acting as a mere private plaintiff seeking recovery for damages to its property. Nothing could be more inconsistent with the way BSI characterizes itself or the facts. As stated above, until BSI discovered the *Williams* decision with it emphasis on the distinction between private and State

---

[4]   Had the plaintiff in *Williams* sought treble damages, the Maryland intermediate court likely would have concluded that the one year limitations period applied to that component of damages. *Leh v. General Petroleum Corp*. 330 F.2d 288 9th Cir. 1964 *rev'd on other grounds* 382 U.S. 54 (1965) (federal antitrust statute for "trebling of damage constitutes a penal statute, and is more than remedial in nature"); *see also Natural Design, supra.*

plaintiffs, it consistently referred to itself as a "private attorney general." Moreover, the undisputed facts of this case demonstrate that BSI suffered no damages to its property as a result of anything Defendants are alleged to have done. Indeed, there is no dispute that Hypertouch forwarded the emails in question to BSI's servers and thus the "damages" about which BSI laments in its Opposition were self-inflicted.[5]

### CONCLUSION

For the foregoing reasons, and those stated in Defendants' initial memorandum, Defendants respectfully request that summary judgment be entered in their favor ruling that BSI cannot seek statutory damages based upon the 49,839 emails received by BSI over one year before filing suit.

Respectfully Submitted,

Dated:  May 4, 2009

/s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Connexus Corp. and Hydra LLC*

---

[5] Connexus and Hydra disagree that BSI is entitled to $1,000 "per email" under the Maryland statute and reserve all rights as to this issue.

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of May, 2009, a copy of the foregoing *Reply in Support of Motion for Partial Summary Judgment* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

                                                             /s/
                                                Ari N. Rothman