# Exhibit 1

1  Lawrence P. Riff (SBN 104826)
   lriff@steptoe.com
2  Lynn R. Levitan (SBN 176737)
   llevitan@steptoe.com
3  **STEPTOE & JOHNSON LLP**
   633 W 5th Street, Suite 700
4  Los Angeles, CA 90071
   Telephone: (213) 439-9400
5  Facsimile: (213) 439-9599

6  Thomas M. Barba
   John J. Duffy
7  Anthony A. Onorato
   **STEPTOE & JOHNSON LLP**
8  1330 Connecticut Ave., NW
   Washington, DC 20036
9  Telephone: (202) 429-3000
   Facsimile: (202) 429-3902
10
   Attorneys for Plaintiff
11 BEYOND SYSTEMS, INC.

12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA
14

15 BEYOND SYSTEMS, INC., a                ) Case No. CV08-01039 RGK PLAX
16 Maryland corporation,                  )
                                          ) *Assigned to Hon. R. Gary Klausner*
17              Plaintiff,                ) *Courtroom 850*
                                          )
18      vs.                               )
                                          ) **JOINT REPORT TO THE**
19 CONNEXUS CORP. (f/k/a                  ) **COURT REGARDING RULE**
   VENDARE MEDIA and NetBlue,             ) **26(f) MEETING OF COUNSEL**
20 Inc.), a Delaware corporation;         )
   HYDRA MEDIA GROUP, INC., a             )
21 California corporation;                )
   MAILCOMPANYX (d/b/a Internet           ) DATE: June 9, 2008
22 Endeavors, Inc.), a Nevada             ) TIME: 9:00 am
   corporation, including SEBASTIAN       ) DEPT: Courtroom 850 (Roybal)
23 BARALE, in his individual capacity;    )
   and Does 1 through 10, inclusive,      )
24                                        )
                Defendants.               )
25                                        )
26
27
28

                            1
JOINT REPORT TO THE COURT REGARDING RULE 26(f) MEETING OF COUNSEL

1   Pursuant to Federal Rule of Civil Procedure 26, Local Rule 26-1, and the
2   Court's Order dated April 16, 2008 [DE #5], Plaintiff Beyond Systems, Inc.
3   ("Plaintiff") and Defendants Connexus Corporation and Hydra Media Group, Inc.
4   ("Defendants"), by and through their undersigned counsel, provide the following
5   report.

## RULE 26(f) REPORT

Counsel for Plaintiff and Defendants completed their conference of counsel pursuant to Rule 26(f) on May 1, 2008. During the conference, the parties discussed the prospects for settlement, a potential discovery plan, initial disclosures pursuant to Rule 26, and the matters summarized below.

### A. Nature and Basis of the Claims

Plaintiff's Statement: Plaintiff does not believe that a Rule 26(f) report is the appropriate venue for litigation advocacy; however, because Defendants disagreed with this objection when raised by Plaintiff, Plaintiff feels it is necessary to outline its position with regard to the following issues.

Plaintiff filed this action on February 14, 2008. Plaintiff is an Internet Service Provider that is literally inundated in spam email – receiving thousands of pieces a day from the many purveyors of false, misleading junk advertising. Pursuant to statutory authority, Plaintiff as a private attorney general has sought to alleviate the harm the ceaseless wave of spam causes to its business by investigating and bringing claims against egregious spammers.

In this case, Plaintiff claims that Defendants advertised in, sent, directed, assisted, encouraged, conspired in, procured, initiated, participated in and/or facilitated the sending of tens of thousands of spam e-mail communications to Plaintiff over a three-year period. The Complaint alleges violations of California Business & Professions Code § 17529.5 and of Maryland Commercial Law Code § 14-3002.

///

1  The Clerk entered default against two other Defendants – MailCompanyX
2  and Sebastian Barale – who failed to timely respond to the Complaint. Plaintiff
3  has also named 10 Doe Defendants who have not yet been identified. One of the
4  entities Plaintiff subpoenaed pursuant to its motion for expedited discovery has
5  not yet produced any documents, and the other produced some documents on May
6  14. As a result of this delay, Plaintiff has subpoenaed other third parties since the
7  opening of discovery.
8  Following Defendants' (Connexus and Hydra) retention of counsel, Plaintiff
9  immediately engaged in a discussion of resolving the claims. Further to that,
10 Plaintiff's counsel spent substantial time and effort encouraging Defendants'
11 counsel to enter into an agreement for early, expedited, limited discovery to focus
12 the claims and defenses and potentially further settlement discussions. This
13 included outlining a plan to Defendants' counsel during the parties' 26(f)
14 conference.
15 Under this plan, the parties would exchange informal discovery requests,
16 thus providing some or all of the emails at issue in electronic form to Defendants
17 in exchange for specific documents and interrogatory responses from Defendants.
18 Defendants' counsel declined to agree at the time and asked to consult with his
19 clients and keep the 26(f) conference open. After several days, Defendants'
20 counsel responded stating that they did not see how Plaintiff's proposal for
21 expedited discovery differed substantively from discovery in the normal course,
22 and they requested further explanation.
23 After providing further written explanation of how the proposed plan would
24 benefit both parties as well as the efficient administration of this case, Defendants
25 declined to partake, and instead opted to conduct discovery following the
26 lengthier, normal course. Only after Defendants declined to avail themselves of
27 expedited discovery and an opportunity to have the emails, and then served
28 discovery, did Plaintiff indicate it would produce the e-mails, according to the

1 rules of procedure, when its discovery responses were due under the propounded
2 discovery (rather than producing at an earlier, agreed-to date as it had proposed).
3 That is, only when it became clear that Defendants' one-way street approach was
4 the only option for expedited discovery did Plaintiff indicate that it would instead
5 simply produce on the date requested by Defendants.

6     In addition, Plaintiff was not inclined to produce the e-mails in native
7 format until the parties agreed to a protective order. Plaintiff submitted a
8 proposed protective order to Defendants on April 30, 2008, to which Defendants
9 responded on May 14.

10     <u>Defendants' Statement</u>: Plaintiff is no stranger to the courts, having already
11 initiated at least 23 lawsuits by the time it filed its Complaint in this action in
12 February 2008. Here, Plaintiff alleges that Defendants were involved with emails
13 that violate Maryland and California law. Defendants immediately after being
14 served with the Complaint started to repeatedly request that Plaintiff produce the
15 specific emails at issue in the Complaint so that Defendants could explore
16 settlement discussions, evaluate Plaintiff's claims, identify potential third party
17 defendants, among other things. Plaintiff refuses to provide the emails until after
18 it responds to a formal discovery request (which Defendants served on May 2),
19 and by the time it does so, at least four months will have passed since Plaintiff
20 filed its Complaint. Valuable time has already been lost.

21     While Defendants have not undertaken an analysis of the emails in light of
22 Plaintiff's refusal to produce them, Defendants' implemented procedures to ensure
23 compliance with state and federal laws regulating email, thereby causing
24 Defendants to question whether any of the emails at issue here violate any law.
25 Defendants will explore all of the allegations in the Complaint pertaining to them
26 after Plaintiff produces the emails at issue.
27 ///
28 ///

4
JOINT REPORT TO THE COURT REGARDING RULE 26(f) MEETING OF COUNSEL

1  **B.   Rule 26 Initial Disclosures**

2  The parties will exchange Rule 26 initial disclosures by May 15, 2008.

4  **C.   Timing of Discovery; Scheduling Plan.**

5  Plaintiff sets forth the following proposed schedule:

| | |
|---|---|
| Rule 26(a)(1) Disclosures | May 15, 2008 |
| Moving for joinder of additional parties | June 13, 2008 |
| Plaintiff's Rule 26(a)(2) Disclosures re: experts | July 14, 2008 |
| Defendants' Rule 26(a)(2) Disclosures re: experts | August 11, 2008 |
| Plaintiff's Rebuttal Disclosures re: experts | August 25, 2008 |
| Discovery deadline | October 26, 2008 |
| Deadline to amend pleadings | November 14, 2008 |
| Filing Deadline for dispositive pre-trial motions | December 15, 2008 |

Defendants set forth the following proposed schedule without having reviewed the emails at issue in this action. Defendants very well might need to amend the suggested deadlines below after the full scope of the issues, persons and entities involved in this litigation is revealed:

| | |
|---|---|
| Rule 26(a)(1) Disclosures | May 15, 2008 |
| Moving for joinder of additional parties | August 31, 2008 |
| Deadline to amend pleadings | October 2, 2008 |
| Plaintiff's Rule 26(a)(2) Disclosures re: experts | October 2, 2008 |
| Defendants' Rule 26(a)(2) Disclosures re: experts | November 3, 2008 |
| Plaintiff's Rebuttal Disclosures re: experts | December 1, 2008 |
| Fact Discovery deadline | December 31, 2008 |
| Expert Discovery deadline | February 13, 2009 |
| Filing Deadline for dispositive pre-trial motions | March 31, 2009 |

**D.     Discovery**

Plaintiff's Statement: Both parties have served written discovery. Plaintiff intends to serve notices of deposition in the near future. Plaintiff has served third parties with Rule 45 subpoenas.

The parties attempted to negotiate an expedited discovery plan whereby the parties would exchange some limited, focused discovery in order to better assess the claims and defenses, and potentially further settlement discussions. Following attempts to negotiate the scope of the discovery to be exchanged, Defendants have informed Plaintiff that they do not wish to engage in such expedited discovery, as outlined above.

Defendants' Statement: Defendants state that they engaged in the Rule 26(f) procedures having repeatedly requested, but not having received, the emails that are the core of Plaintiff's lawsuit. Defendants cannot engage in meaningful discovery or formulate a comprehensive discovery plan until Plaintiff produces all of the emails it alleges give rise to the allegations in the Complaint and Defendants are provided with a meaningful opportunity to examine them. While Plaintiff offered to permit Defendants to view the emails in "pdf" format only without taking notes at the offices of Plaintiff's counsel, Defendants require the emails in electronic form to properly analyze them, thereby making Plaintiff's offer meaningless. And, although Plaintiff later offered to engage in "expedited" discovery after Defendants requested an early Rule 26(f) meeting, Plaintiff's proposal revealed no significant differences between its proposal and what the rules provide because, among other things, Plaintiff indicated it would produce the emails after 30 days of receipt of an informal or "expedited" discovery request. Plaintiff also refuses to produce the emails as part of its initial disclosures due to be exchanged on May 15.

///

///

E.  **Discovery of Electronically Stored Information.**

The parties have conferred concerning the disclosure of electronically stored information.

Plaintiff's Statement:  Plaintiff proposes that documents be produced in native format with all meta data intact, (including system meta-data, substantive meta-data, and embedded meta-data) whenever the documents exist in that format. If documents are not available in their Native format, they may be produced in PDF Normal format (with searchable, copyable text).  Where the original document has symbolic content, the original document should be converted into PDF Normal format in a manner that preserves the symbolic content.  If the original document does not contain symbolic digital content (such as documents existing on paper only), the document shall be scanned if necessary and produced in PDF Image Only format.

Plaintiff proposes that paper format shall only be used where specified by the requester, and at the requester's expense.  Defendants do not agree to this provision.

The parties have discussed the preservation of documents, including electronically stored information, in connection with this litigation.  Plaintiff proposes that all matter from January 1, 2000 to the present that is relevant to a claim or defense of either party should be preserved.  Defendants propose that all matter from January 1, 2005, 2005 being the year of the earliest email, to the present that is relevant to a claim or defense of either party should be preserved.

F.  **Privilege Issues**

The Parties are negotiating a Stipulated Protective Order governing the treatment of certain confidential information expected to be at issue in discovery. The Stipulated Protective Order will govern the inadvertent disclosure of privileged material.

7
JOINT REPORT TO THE COURT REGARDING RULE 26(f) MEETING OF COUNSEL

1  The parties anticipate motion practice.  Although the parties expect to
2  resolve any discovery disputes, it is possible that these disputes may need to be
3  resolved by motions.

### J.  Settlement

The parties engaged in preliminary discussions regarding settlement, but are not currently pursuing those discussions further until after the parties have had an opportunity to engage in discovery.

### K.  Length of Trial Estimate

Plaintiff anticipates a 10-day trial.

Defendants anticipate a trial to last at least 30 days because, among other reasons, Plaintiff alleges 200,000 emails are at issue and each email is a "separate violation," thereby requiring Plaintiff to prove the illegality of each alleged email. (Complaint ¶¶ 34, 60, 68.)

### L.  Additional Parties

At this time, the Plaintiff anticipates naming one or more Doe Defendants. Depending on the contents of the emails, Defendants may add parties responsible for alleged violations of Maryland and California law.

### M.  Proposed Timing for Disclosure of Expert Witnesses.

<u>Plaintiff's Statement</u>:  Plaintiff's above-proposed schedule in section (C) sets forth a timeline for 26(a)(2) disclosures.

///
///
///
///

9
JOINT REPORT TO THE COURT REGARDING RULE 26(f) MEETING OF COUNSEL

1  <u>Defendants' Statement:</u>  Defendants cannot determine the scope of expert
2  testimony or the number of experts they need until after Defendants analyze the
3  emails.  In any event, Defendants propose making expert disclosures during fact
4  discovery as set forth in their proposal above.

5
6  Dated:   May 15, 2008                    Respectfully submitted,
7                                           STEPTOE & JOHNSON LLP

                                            _____/s/_____
8                                           Lawrence P. Riff
9                                           Lynn R. Levitan
                                            STEPTOE & JOHNSON LLP
10                                          633 W 5th Street, Suite 700
                                            Los Angeles, CA  90071
11                                          Telephone: (213) 439-9400
12                                          Facsimile:  (213) 439-9599
13

14                                          Thomas M. Barba (admitted *pro hac vice*)
15                                          John J. Duffy (admitted *pro hac vice*)
                                            Anthony A. Onorato (admitted *pro hac vice*)
16                                          STEPTOE & JOHNSON LLP
17                                          1330 Connecticut Ave., NW
                                            Washington, DC  20036
18                                          Telephone: (202) 429-3000
19                                          Facsimile:  (202) 429-3902
                                            *Attorneys for Plaintiff BEYOND SYSTEMS, INC.*
20
21
22                                          _____/s/_____
23                                          J. Douglas Baldridge (admitted *pro hac vice*)
                                            Lisa Jose Fales (admitted *pro hac vice*)
24                                          Ari N. Rothman (admitted *pro hac vice*)
25                                          VENABLE LLP
                                            575 7th Street, N.W.
26                                          Washington, D.C.  20004
27                                          Telephone:     (202) 344-4000
28                                          Facsimile: (202) 344-8300

---

10
JOINT REPORT TO THE COURT REGARDING RULE 26(f) MEETING OF COUNSEL

| | |
|---|---|
| 1 | Jeffrey M. Tanzer (Cal. Bar No. 129437) |
| 2 | VENABLE LLP |
|   | 2049 Century Park East, Suite 2100 |
| 3 | Los Angeles, CA  90067 |
|   | Telephone:        (310) 229-9900 |
| 4 | Facsimile: (310) 229-9901 |
| 5 | *Attorneys for Defendants Connexus Corp. and* |
| 6 | *Hydra Media Group, Inc.* |

11

JOINT REPORT TO THE COURT REGARDING RULE 26(f) MEETING OF COUNSEL