# **<u>Exhibit 3</u>**

# STEPTOE & JOHNSON LLP
ATTORNEYS AT LAW

Anthony Onorato
212.506.3933
tonorato@steptoe.com

750 Seventh Avenue
New York, NY 10019
Tel 212.506.3900
Fax 212.506.3950
steptoe.com

June 19, 2008

**BY E-MAIL & U.S. MAIL**

Ari Rothman, Esq.
Venable LLP
575 7th Street, NW
Washington, DC 20004
anrothman@venable.com

Re:   ***Beyond Systems, Inc. v. Connexus Corp. et al.*, Case No. CV 08-01039 (RGK)(PLAx) (C.D. Cal.)**

Dear Ari:

I will first address the issues raised in your June 16 email. I previewed the responses for you in my June 17 email, but will again set forth those responses here, and respond to the other two points you raised.

    A.    **Responses To Your June 16, 2008 E-mail**

First, as I stated in my June 17 email, your responses to our document requests are deficient. You provided only blanket objections without adequate explanation to essentially all requests, and you declined to produce *any* documents (other than a document retention policy) at this time, and declined to respond substantively to *all* interrogatories. As a result, we will be forced to bring this to the Court if each deficiency cannot be swiftly rectified by a meet and confer. As such, we indicate below our position with regard to your objections as to each document request and interrogatory. Per Local Rule 37, we would move the court for an order compelling production of all the requested documents and for proper responses to the interrogatories. The local rules require us to meet and confer within 10 days. Please reply with your availability for a call next week.

Second, you indicate that a protective order needs to be entered before confidential information can be disclosed. Given that the magistrate primarily rejected the proposed protective order because of provisions you requested (at least his points 1, 2, 3, and 4), we believe it is your obligation to revise the order and send us a new draft to work with. We would be happy to collaborate on a Good Cause Statement as requested by the Court. Also, in light of the fact that BSI has already produced documents

Ari Rothman
June 19, 2008
Page 2

based on the parties' good faith agreement that the protective order was final, and under the parties' belief that the protective order would be approved by the court, we repeat our request that you act with good faith speed and forward a new protective order by the end of the week.

Third, we appreciate that the dates we have noticed for the 30(b)(6) depositions might not available (which is why we indicated the specific date "or at an otherwise mutually agreeable date and time."). We are certainly willing to discuss the timing of the depositions, but we cannot wait 90 days as you appear to suggest. Please provide us with alternate, reasonable dates if July 15 and 16 are not available. If we cannot agree on reasonable dates, we will also need to raise this issue as part of a motion to compel.

In addition, please respond to the requests for documents in the 30(b)(6) notices by the specified date.

Fourth, as for the scope of the Notices, as stated in my email, we do not believe your conclusory assertions as to what are relevant topics are persuasive. For example, it is clear that information concerning your clients' affiliates is relevant and discoverable -- BSI alleges your clients conduct their spam business at least in part through affiliates. Similarly, we believe revenues and financial information, at least in so far as it reflects how your clients make money and pay others to conduct their businesses, are clearly relevant, as is your clients' pattern of conduct and collaboration with others to advertise through spam, which extends back prior to 2005.

If you have a more detailed explanation of your position we are willing to discuss, but we do not believe there is a reason to narrow the Notices at this time as we believe that the topics identified are relevant to the claims at issue and the activities of Connexus and Hydra. Further, we have provided you with substantive, detailed information about the specified topics in order to assist you and your clients rather than generic references to broad subject matters.

Fifth, we believe you owe us, at the least, responses as to the emails attached to the complaint which you have had since February. We asked in our discovery questions about the emails at issue – both related to those attached to the complaint and related to those we produced to you – and we believe you have an obligation to answer our questions without the need for a meet and confer.

Sixth, as I also stated in my email, your request for PDFs of the emails – in addition to producing them in native format as required under the Federal Rules – is unreasonable, burdensome, and duplicative. Further, while John Duffy did offer PDFs of the emails back when we offered a good faith exchange of information as part of early discovery (which offer your clients rejected), we did not have PDF copies already existing, nor did PDF versions of the emails exist at BSI. We would have, had your clients agreed to early discovery as a way to expedite this litigation, had PDF images created. We believe your clients can, if they want the emails in another format, just as easily have a vendor undertake the process. It is not clear to us why you want the emails as PDFs given that you described PDF images of the emails as "useless" in your portion of the 26(f) report.

Ari Rothman
June 19, 2008
Page 3

    <u>Seventh</u>, we will supplement our Initial Disclosures to further specify to the extent possible the calculation of damages, per your request.

    <u>Finally</u>, as for your question regarding the 26(f) Report, the fact that the California statute creates a right of action permitting both the state Attorney General and certain private parties to sue spammers for statutory damages, BSI believes, gives it the right to characterize itself as a "private attorney general."

    **B.**    **BSI's Response To Connexus' And Hydra's Responses To BSI's First Set Of Discovery And BSI's Position As To Each For Purposes Of Local Rule 37**

    BSI states the following with regard to Connexus' and Hydra's responses to BSI's First Set of Discovery Requests:

<u>First Requests for Production of Documents</u>

**Request 1:**

    1.    Connexus' and Hydra's responses to Interrogatory 9 reference contracts with Kraft Foods, Inc. You have not stated a good basis for failing to produce these documents. Please provide copies of these contracts immediately.

    2.    In its response to Interrogatory 9, Hydra also referred to lists of opt-in email addresses owned by World Avenue USA LLC d/b/a The Useful and licensed to Hydra, as well as email messages sent to such email addresses by Hydra on World Avenue's behalf. You have not stated a good basis for failing to produce these documents. Please produce copies of those lists and email messages immediately.

    3.    The only reason that Connexus and Hydra did not refer to any other documents in their Answers to the Interrogatories propounded on them is that they failed to answer any Interrogatories save Interrogatories 1 and 9. Therefore, BSI requests that Connexus and Hydra produce all documents responsive to this Request concurrently with their answers to the remaining Interrogatories.

**Request 2:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. At the upcoming meet and confer, please state why Connexus and Hydra believe this Request is overbroad and/or lacks relevance so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

Ari Rothman
June 19, 2008
Page 4

    2.    At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain sufficient information for Connexus and Hydra to produce any documents in response to this Request. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

    3.    Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Request within 30 days of receiving the emails that were produced on June 6.

**Request 3:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. At the upcoming meet and confer, please state why Connexus and Hydra believe this Request is overbroad and/or lacks relevance so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain sufficient information for Connexus and Hydra to produce any documents in response to this Request. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

    3.    Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Request within 30 days of receiving the emails that were produced on June 6.

**Request 4:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the way in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. In addition, Connexus and Hydra failed to state the nature of the alleged burden this Request would impose on them. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    BSI requests that Connexus and Hydra immediately produce those documents responsive to this Request that they do not allege are irrelevant.

Ari Rothman
June 19, 2008
Page 5

**Request 5:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the manner in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. Connexus and Hydra also failed to state the nature of the alleged burden this Request would impose on them. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    BSI requests that Connexus and Hydra immediately produce those documents responsive to this Request that they do not allege are irrelevant.

**Request 6:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the manner in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    BSI requests that Connexus and Hydra produce documents responsive to this Request to which Plaintiff does not have publicly-available access, and identify each lawsuit, settlement, government investigation, and/or other proceeding Defendants have been a party to.

**Request 7:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the manner in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    BSI requests that Connexus and Hydra produce documents responsive to this Request to which Plaintiff does not have publicly-available access, and identify each lawsuit, settlement, government investigation, and/or other proceeding Defendants have been a party to.

Ari Rothman
June 19, 2008
Page 6

**Request 8:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. At the upcoming meet and confer, please state why Connexus and Hydra believe this Request is overbroad and/or lacks relevance so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain sufficient information for Connexus and Hydra to produce any documents in response to this Request. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

    3.    Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Request within 30 days of receiving the emails that were produced on June 6.

**Request 9:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the manner in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Request within 30 days of receiving the emails that were produced on June 6.

**Request 10:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the manner in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain

Ari Rothman
June 19, 2008
Page 7

        sufficient information for Connexus and Hydra to produce any documents in response to this Request. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

3.      Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Request within 30 days of receiving the emails that were produced on June 6.

**Request 11:**

1.      This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the manner in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

2.      At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain sufficient information for Connexus and Hydra to produce any documents in response to this Request. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

3.      Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Request within 30 days of receiving the emails that were produced on June 6.

**Request 12:**

1.      This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the manner in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

2.      Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Request within 30 days of receiving the emails that were produced on June 6.

Ari Rothman
June 19, 2008
Page 8


**Request 13:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the way in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. In addition, Connexus and Hydra failed to state the nature of the alleged burden this Request would impose on them. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    BSI requests that Connexus and Hydra immediately produce those documents responsive to this Request that they do not allege are irrelevant.

**Request 15:**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the way in which this Request was vague, and the construction Connexus and Hydra used in responding to this Request. In addition, Connexus and Hydra failed to state the nature of the alleged burden this Request would impose on them. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    BSI requests that Connexus and Hydra immediately produce those documents responsive to this Request that they do not allege are irrelevant.

**Request 16 (to Hydra only):**

    1.    This Request is not overly broad, is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Hydra failed to state the nature of the alleged burden this Request would impose on it. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

    2.    BSI requests that Hydra immediately produce those documents responsive to this Request that it does not allege are irrelevant.

    3.    Finally, pursuant to the Federal Rules, Hydra has an obligation to supplement its responses to this Request within 30 days of receiving the emails that were produced on June 6.

Ari Rothman
June 19, 2008
Page 9

First Set of Interrogatories:

**Interrogatory 2:**

1.  At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain sufficient information for Connexus and Hydra to respond to this Interrogatory. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

2.  Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Interrogatory within 30 days of receiving the emails that were produced on June 6.

**Interrogatory 3:**

1.  This Interrogatory seeks relevant information and is reasonably calculated to lead to the discovery of admissible evidence. At the upcoming meet and confer, please state why Connexus and Hydra believe this Interrogatory is overbroad and/or lacks relevance so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

2.  At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain sufficient information for Connexus and Hydra to respond to this Interrogatory. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

3.  Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Interrogatory within 30 days of receiving the emails that were produced on June 6.

**Interrogatory 4:**

1.  This Interrogatory is not overly broad, seeks information that is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the way in which this Interrogatory was vague, and the construction Connexus and Hydra used in responding. In addition, Connexus and Hydra failed to state the nature of the alleged burden this Interrogatory would impose on them. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

Ari Rothman
June 19, 2008
Page 10

      2.      BSI requests that Connexus and Hydra immediately respond with information that they do not allege is irrelevant.

**Interrogatory 5:**

      1.      This Interrogatory is not overly broad, seeks information that is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the way in which this Interrogatory was vague, and the construction Connexus and Hydra used in responding. In addition, Connexus and Hydra failed to state the nature of the alleged burden this Interrogatory would impose on them. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

      2.      BSI requests that Connexus and Hydra respond with the information it believes to be relevant immediately.

**Interrogatory 6:**

      1.      This Interrogatory is not overly broad, seeks information that is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the way in which this Interrogatory was vague, and the construction Connexus and Hydra used in responding. In addition, Connexus and Hydra failed to state the nature of the alleged burden this Interrogatory would impose on them. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

      2.      BSI requests that Connexus and Hydra immediately respond with information that they do not allege is irrelevant.

**Interrogatory 7:**

      1.      This Interrogatory is not overly broad, seeks information that is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the way in which this Interrogatory was vague, and the construction Connexus and Hydra used in responding. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

      2.      At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain

        sufficient information for Connexus and Hydra to respond to this Interrogatory. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

3. Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Interrogatory within 30 days of receiving the emails that were produced on June 6.

**Interrogatory 8:**

1. You have indicated that 8(e) seeks irrelevant information. We disagree. At the upcoming meet and confer, please state why Connexus and Hydra believe this lacks relevance so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

2. At the upcoming meet and confer, please state why the information contained in the emails attached to the Complaint and the motion for expedited discovery did not contain sufficient information for Connexus and Hydra to respond to this Interrogatory. BSI believes it has provided sufficient information for Defendants to respond. Such a statement will be required for a Joint Stipulation.

3. Finally, pursuant to the Federal Rules, Connexus and Hydra have an obligation to supplement their responses to this Interrogatory within 30 days of receiving the emails that were produced on June 6.

**Interrogatory 9:**

1. This Interrogatory is not overly broad, seeks information that is clearly relevant to BSI's claims, and is reasonably calculated to lead to the discovery of admissible evidence. Connexus and Hydra also failed to set forth the way in which this Interrogatory was vague, and the construction Connexus and Hydra used in responding. In addition, Connexus and Hydra failed to state the nature of the alleged burden this Interrogatory would impose on them. At the upcoming meet and confer, please address these issues so that if this dispute cannot be resolved your reasoning can be reflected in a Joint Stipulation to the Court.

2. BSI requests that Connexus and Hydra immediately respond with information that they do not allege is irrelevant.

Ari Rothman
June 19, 2008
Page 12

    3.    In addition, Connexus and Hydra failed to describe any agreements (other than agreements with Kraft Foods, Inc.) with the persons identified in the Interrogatory. BSI asks that Connexus and Hydra supplement their responses to this Interrogatory immediately to describe agreements with the persons mentioned, and that Connexus and Hydra provide copies of those agreements, per Request for Production Number 1, immediately.

Sincerely,

*[signature]*

Anthony Onorato

cc:    Tom Barba
       Larry Riff
       Lynn Levitan