**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) |
| | ) | |
| KRAFT FOODS, INC., *et al.*, | ) | Judge Peter J. Messitte |
| | ) | Magistrate Judge Charles B. Day |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Beyond Systems, Inc., through its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike.

## I.    INTRODUCTION

Defendants Connexus Corp. ("Connexus") and Hydra LLC ("Hydra") (collectively "Defendants") filed their Opposition to Plaintiff's Application for Issuance of Letter of Request to the Ministry of Foreign Relations and Culture of Argentina ("Opposition" or "Opp'n"). Rather than focusing their Opposition on law or facts relevant to the Court's decision to grant or deny Plaintiff's motion, Defendants resorted to a new low in this litigation by incorporating into their Opposition unsubstantiated defamatory statements, allegations, and innuendo concerning Plaintiff and its counsel. Plaintiff must respond to Defendants' improper and unwarranted attacks on the character, integrity, and professional ethics of Plaintiff and its counsel and respectfully requests that the Court strike the scandalous statements, allegations, and innuendo from Defendants' Opposition.

Specifically, BSI requests that the Court strike the following statements:

- "(including through improper threats)" (Opp'n at 1.);

- "Rather than seeking to depose Barale through proper legal channels, BSI's counsel then resorted to more questionable tactics, including threatening to seek 'criminal actions' against Barale's friends if Barale refused to cooperate[.]" (Opp'n at 4.);

- "Rather than timely seeking to depose Barale, BSI engaged in covert communications with Barale to attempt to sandbag Connexus and Hydra, and only sought letters rogatory after Connexus and Hydra discovered BSI's scheme." (Opp'n at 6.)

These baseless statements and allegations impugn the character and integrity of Plaintiff and its counsel and, therefore, should be stricken from Defendants' Opposition and from the public record.

## II.     ARGUMENT

### A.     Legal Standard on Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f).  Specifically, this Court has broad discretion to strike "scandalous matter." *See, e.g.*, *Higgins v. Shenango Pottery Co.*, 99 F. Supp. 522, 525 (D. Pa. 1951) ("The language of this rule is permissive so that the Court has a wide measure of discretion in determining whether to grant or deny a motion under it."); *see also Nault's Auto. Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25, 30 (D.N.H. 1993) (2000) ("The Court possesses considerable discretion in ruling upon a motion to strike impertinent or scandalous matter.").

Although the statements above that Plaintiff moves to strike are contained within Defendants' Opposition rather than a pleading, the District Court of Maryland (and other courts in the Fourth Circuit) have invoked Rule 12(f) to strike materials other than pleadings.  *See, e.g.*, *Moret v. Geren*, 494 F. Supp. 2d 329, 336 (D. Md. 2007) (entertaining motion to strike affidavit in support of motion for summary judgment); *Johnson v. Wiley*, No. RWT-05-1865, 2005 WL 4827385, *2 (D. Md. Nov. 14, 2005) (same); *McLaughlin v. Copeland*, 435 F. Supp. 513, 519

(D. Md. 1977) (entertaining motion to strike an "appendix" and affidavits attached to plaintiff's opposition to defendants' motion to dismiss).[1]

Further, other federal courts have used Rule 12(f) to strike scandalous materials from non-pleadings.  For instance in *Pigford v. Veneman*, 215 F.R.D. 2 (D.D.C. 2003), the District Court for the District of Columbia used Rule 12(f) to strike the plaintiff's response to defendant's response to the motion to reopen all late claims because, in their response, plaintiffs alleged that opposing counsel exhibited a "racist attitude."  215 F.R.D. at 4 (noting that "Although Rule 12(f) applies by its terms only to 'pleadings,' courts occasionally have applied the Rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure." 215 F.R.D. at 4 n.1).

Courts have determined that "[t]he word 'scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Pigford*, 215 F.R.D. at 4 (quoting 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.37, at 12-97 (3d ed. 2002)).  Scandalous matters "cast a cruelly derogatory light on a party or other person." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); *see also Gilbert v. Eli Lilly & Co.*, 56 F.R.D. 116, 121 n.7 (D.P.R. 1972) ("A matter is deemed 'scandalous' when it

---

[1] The Fourth Circuit has not barred its district courts from entertaining motions to strike materials other than pleadings.  Plaintiff recognizes, however, that some courts have limited Rule 12(f) to pleadings only.  *See, e.g.*, *Thomas v. BET Sound-Stage Restaurant/Brettco, Inc.*, 61 F. Supp. 2d 448, 458 (D. Md. 1999); *Int'l Longshoremen's Ass'n, S.S. Clerks Local 1624 v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995).  Plaintiff respectfully requests that the Court entertain its Motion to Strike given the egregiousness of the allegations and their complete falsity in the face of the actual facts, all of which are set forth in detail in Plaintiff's Reply to Defendants Connexus's and Hydra's Opposition to Plaintiff's Application for Issuance of a Letter of Request to the Ministry of Foreign Relations and Culture of Argentina (filed separately).

improperly casts a derogatory light on someone, usually a party to the action."); s*ee also Burke v. Mesta Mach. Co*., 5 F.R.D. 134, 138 (W.D. Pa. 1946) ("'Scandalous' means "[u]nnecessary matter or facts criminatory of a party referred to in the pleading.").

And while motions to strike are not generally favored, courts make an exception for scandalous matters.  *See, e.g.*, *Wine Mkts. Int'l., Inc. v. Bass*,  177 F.R.D. 128, 133 (E.D.N.Y. 1998) ("Motions to strike are not generally favored, except in relation to scandalous matters."). Indeed, courts strike scandalous matters "'in order to purge the court's files and protect the subject of the allegations.'"  *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty. Ltd.*, 647 F.2d 200, 201 n.1 (D.C. Cir. 1981) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 827 (1969)).  In short, this Court has discretion to strike scandalous materials that attack the character, integrity, and ethics of parties and their counsel.

**B.     The Statements and Allegations Made by Defendants are Scandalous.**

Without batting an eye, Defendants baldly state that Plaintiff engaged in "improper threats"; that Plaintiff's counsel "resorted to more questionable tactics, including threatening to seek 'criminal actions' against Barale's friends if Barale refused to cooperate"; and that Plaintiff undertook a "scheme" to engage in "covert communications with Barale to attempt to sandbag Connexus and Hydra. . . ."  (Opp'n at 1, 4, and 6.)  Defendants appear to allege that Plaintiff and its counsel engaged in illegal and unethical behavior to gain an advantage in litigation.  Plaintiff vehemently denies that it or its counsel ever engaged in any sort of improper action in its

communications with Mr. Barale.[2] Plaintiff respectfully urges the Court to purge these defamatory and scandalous allegations from the public record.

Courts have granted motions to strike where the materials at issue contain libelous and defamatory accusations casting a derogatory light on the character and ethics of individuals. For instance, in *Agran v. Isaacs*, 306 F. Supp. 945 (N.D. Ill. 1969), the court struck scandalous material included in a motion because the motion and accompanying papers contained "libelous accusations and innuendoes disparaging the character and professional ethics of two judges of the United States Court of Appeals for the Seventh Circuit, and a judge of the Appellate Court of Illinois" and which had no bearing on the case at hand. 306 F. Supp. at 948. Similarly, in *Nault's Automobile Sales, Inc. v. American Honda Motor Company*, 148 F.R.D. 25 (D.N.H. 1993), the court struck from several memoranda plaintiff's accusations that defendant's counsel intentionally withheld information requested during discovery, that defendant's counsel committed perjury, and that defendant's counsel engaged in criminal conduct because "the unsubstantiated and extreme attacks on the personal integrity, ethics and character of defense counsel" were "unwarranted by the facts" and without any reasonable basis. 148 F.R.D. at 29-35.

Likewise, the circumstances here warrant the Court's exercise of its discretion to strike the scandalous statements from Defendants' Opposition. As demonstrated in Plaintiff's Reply to Defendants Connexus's and Hydra's Opposition to Plaintiff's Application for Issuance of a Letter of Request to the Ministry of Foreign Relations and Culture of Argentina (filed

---

[2] As explained in Plaintiff's Reply to Defendants Connexus's and Hydra's Opposition to Plaintiff's Application for Issuance of a Letter of Request to the Ministry of Foreign Relations and Culture of Argentina (filed separately), the Barale Declaration and exhibits are unsworn, unreliable, unsubstantiated and demonstrably false in a number of respects.

separately), the underlying Barale Declaration upon which Defendants rely is unsworn, unreliable, unsubstantiated and demonstrably false in a number of respects. Defendants nevertheless adopted wholesale the declaration, and exhibits thereto, and from them draw unsupported and unwarranted conclusions. But Defendants did not stop there; rather, they have voiced these "conclusions" by attacking the moral character and integrity of Plaintiff and its counsel by lodging charges of "improper threats", "resort[ing] to more questionable tactics, including threatening to seek 'criminal actions' against Barale's friends if Barale refused to cooperate" and engaging in a "scheme" of "covert communications." (Opp'n 1, 4 and 6.) Such accusations certainly "cast a cruelly derogatory light" on Plaintiff and its counsel, and accordingly, should be stricken. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d at 965.

### C. Plaintiff and its Counsel Will Be Prejudiced if these Scandalous Statements Remain in the Public Record.

Further, Plaintiff and its counsel will suffer prejudice if these scandalous statements remain in the public record. Defendants' defamatory statements impugn the character of Plaintiff and its counsel and harm their reputation. *See, e.g.*, *Schultz v. Braga*, 290 F. Supp. 2d 637, 655 (D. Md. 2003) ("In light of the fact that in making allegations about the February 20, 2000 incident plaintiffs have chosen to use inflammatory language that is not in keeping with the spirit of notice pleading contemplated by the Federal Rules of Civil Procedure and that is prejudicial to Braga's reputation, his motion to strike will be granted."). Plaintiff is a Maryland-based company, and Plaintiff's counsel, whose home office is in Washington DC, maintains an active practice in the region. Both will suffer harm to their reputations if these scandalous statements are permitted to remain on the public record.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike should be granted, and the scandalous statements made within the Opposition of Connexus and Hydra to Plaintiff's Application for Issuance of Letter of Request to the Ministry of Foreign Relations and Culture of Argentina (Docket Entry #140) should be stricken.

Respectfully Submitted,

/s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc.*

Date:  June 11, 2009