# EXHIBIT 1
# REDACTED VERSION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC.  )<br>)<br>Plaintiff  )<br>)<br>v.  )<br>)<br>KRAFT FOODS, INC., *et al.*  )<br>)<br>Defendants.  )  | Case No. 8:08-cv-00409 (PJM) |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES (NOS. 12-14)

Beyond Systems, Inc. ("BSI") hereby submits its objections and responses to Defendants' Second Set of Interrogatories (Nos. 12-14) (each individually an "Interrogatory," and collectively the "Interrogatories").

### GENERAL OBJECTIONS

The following objections are incorporated into the responses to each of the Interrogatories below.

1. Plaintiff objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other doctrine or privilege.

2. BSI objects to the Instructions and Definitions to the extent they purport to impose upon BSI obligations beyond those set forth in the Federal Rules of Civil Procedure and/or applicable case law.

3. BSI objects to the Instructions and Definitions to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff's responses to these Interrogatories will be subject to the protective order in this case, and shall not be deemed to constitute an admission that any Interrogatory is relevant, nor is any response by Plaintiff a waiver of any right to object to the admissibility of any such Interrogatory for admission or response at any proceeding in this case.

5. The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such or any other information, documents, or things.

6. Plaintiff objects to these Interrogatories to the extent that they seek any information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

7. BSI reserves the right to supplement its objections and/or responses to the Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 12:

Identify BSI's annual gross revenues separately for each year from 2004 to the present.

### RESPONSE TO INTERROGATORY NO. 12:

Plaintiff objects to this Interrogatory on the ground that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory on the ground that it seeks information which is protected from disclosure and discovery by virtue of BSI's and third parties' rights to non-disclosure of confidential information.

Plaintiff further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

Subject to the foregoing objections, and the objections to the Definitions and Instructions and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

Plaintiff has produced, concurrently herewith, an annualized summary of BSI's profits and loss statements from 2004 to 2008, which does not include amounts derived solely from settlements or judgments obtained by BSI and/or Paul Wagner during the course of litigation in which BSI and/or Paul Wagner brought any claims related to commercial e-mail. That information is not relevant to any claim or defense at issue in this litigation.

### INTERROGATORY NO. 13:

For BSI's annual gross revenues for each year from 2004 to the present as provided in response to interrogatory no. 12, identify the amount derived in each year solely from BSI's provision of Internet services or connectivity (including email) to its clients and/or customers.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this Interrogatory on the ground that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory on the ground that it seeks information which is protected from disclosure and discovery by virtue of BSI's and third parties' rights to non-disclosure of confidential information.

Plaintiff further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

Subject to the foregoing objections, and the objections to the Definitions and Instructions and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

Plaintiff has produced, concurrently herewith, an annualized summary of BSI's profits and loss statements from 2004 to 2008, which show the amount derived in each year from BSI's provision of Internet services, connectivity and related services (including email) to its clients and/or customers.

**INTERROGATORY NO. 14:**

For BSI's annual gross revenues for each year from 2004 to the present as provided in response to interrogatory no. 12, identify the amount derived in each year solely from settlements or judgments obtained by BSI and/or Paul Wagner during the course of litigation in which BSI and/or Paul Wagner brought any claims related to commercial e-mail.

## RESPONSE TO INTERROGATORY NO. 14:

Plaintiff objects to this Interrogatory on the ground that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory on the ground that it seeks information which is protected from disclosure and discovery by virtue of BSI's and third parties' rights to non-disclosure of confidential information.

Plaintiff further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.

Subject to the foregoing objections, and the objections to the Definitions and Instructions and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

Plaintiff has produced, concurrently herewith, an annualized summary of BSI's profits and loss statements from 2004 to 2008, which does not include amounts derived solely from settlements or judgments obtained by BSI and/or Paul Wagner during the course of litigation in which BSI and/or Paul Wagner brought any claims related to commercial e-mail. That information is not relevant to any claim or defense at issue in this litigation.

As to form and objections only:

_____ /Tmb with permission
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC 20036
(202) 429-3000
Fax: (202) 429-3902
tbarba@steptoe.com

jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (USDC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
(212) 506-3900
Fax: (212) 506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, Maryland 20876
(301) 540-8180
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
mike@mikerothman.com
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff Beyond Systems, Inc.*

Dated: April 24, 2009

## VERIFICATION

I, Paul A. Wagner, declare and state:

I am President of BEYOND SYSTEMS, INC. and am authorized to sign this verification as to PLAINTIFF BEYOND SYSTEMS INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES (NOS. 12-14) IN the case of *Beyond Systems Inc. v. Kraft Foods, Inc. et al., CV 08-0409 (PJM),* filed in the United States District Court for the District of Maryland.

All matters set forth herein are within my personal knowledge, and I am the only person at Beyond Systems Inc. who has knowledge of all such matters. The information contained within these responses is drawn from pertinent business records and from my own knowledge and information, and based thereon I believe the information contained in these responses is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed April 24, 2009 in the District of Columbia.

*/s/ Paul A. Wagner*
_____
Paul A. Wagner

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2009, the foregoing *Plaintiff's Objections and Responses to Defendants' Second Set of Interrogatories (Nos. 12-14)* was served upon the below named counsel via overnight Federal Express:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants Connexus Corp. and Hydra LLC*

Jennifer M. Newton

## EXHIBIT A

**Plaintiff's Objections and Responses to Defendants' Second Set of Interrogatories
(Nos. 12-14)**

# REDACTED