**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) |
| | ) | Magistrate Day |
| KRAFT FOODS, INC., *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW REGARDING DE#209**

Plaintiff Beyond Systems, Inc. ("BSI") respectfully moves this Court to conduct an *in camera* review of the documents that are the subject of the Kraft Defendants' Motion to Compel filed September 2, 2009. [DE#209]. In connection with the arguments made in that motion, plainly misconstruing the law on joint interest agreements, attorney-client privilege, and the facts as sworn to by Plaintiff and counsel to Plaintiff, Plaintiff believes this Court would benefit from an *in camera* review.[1]

BSI respectfully submits that an *in camera* review of the documents at issue would aid the Court in determining whether these documents are privileged and/or work product protected. Plaintiff has squarely addressed the challenge to privilege asserted by the Kraft Defendants in its opposition papers and declarations.[2] However, were the Court inclined to grant Kraft's motion,

---

[1] In the parties' L.R. 104-7 Certificate attached to Defendants' motion [DE#209-3], BSI informed the Court that it intended to file a motion for *in camera* review of the documents at issue in Defendants' Motion once Defendants filed with the Court this certificate and the motion and memoranda previously served by the parties.

[2] And the Kraft Defendants have not furthered their cause in their reply. It is not necessary that a privilege log disclose the name of the litigation for which the document was

BSI respectfully requests that this Court conduct an *in camera* review of the documents withheld by BSI.  The number of documents, 25, and pages, 89, is minimal.

The Kraft Defendants have indicated that they oppose this motion for *in camera* review.

### **CONCLUSION**

In light of the dispute over these privileged documents, Plaintiff requests that the Court inspect the documents *in camera* if it is not satisfied that Plaintiff's opposition papers and declarations are sufficient to establish that these documents are attorney-client or work product privileged, which privileges were not waived in light of BSI's and Hypertouch's possible litigation against other companies and their joint interest agreement.

Date:  September 8, 2009

                                        Respectfully Submitted,

                                            /s/
                                    Thomas M. Barba (US DC-MD Bar No. 28487)
                                    John J. Duffy (US DC-MD Bar No. 28613)
                                    Jennie L. Kneedler (US DC-MD Bar No. 28617)
                                    STEPTOE & JOHNSON LLP
                                    1330 Connecticut Ave NW
                                    Washington DC 20036
                                    T: 202-429-3000
                                    F: 202-429-3902
                                    tbarba@steptoe.com
                                    jduffy@steptoe.com
                                    jkneedler@steptoe.com

                                    Anthony A. Onorato (US DC-MD Bar No. 28622)
                                    STEPTOE & JOHNSON LLP
                                    750 Seventh Ave., Ste. 1800
                                    New York, NY  10019
                                    T: 212-506-3900
                                    F: 212-506-3950
                                    tonorato@steptoe.com

---

created and <u>nothing</u> in *Victor Stanley, Inc. v. Creative Pipe, Inc.* stands for a contrary proposition. For this reason, among others, Plaintiff believes the Court should have the documents available to it for *in camera* inspection.

- 3 -

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September 2009, the foregoing *PLAINTIFF'S MOTION FOR* IN CAMERA *REVIEW REGARDING DE #209* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants Connexus Corp. and Hydra LLC*

_____/s/ Thomas M. Barba_____

Thomas M. Barba