## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
                                )
BEYOND SYSTEMS, INC.,           )
                                )
        Plaintiff,              )
                                )
            v.                  )        Case No. 8:08-cv-00409 (PJM)
                                )        Judge Peter J. Messitte
KRAFT FOODS, INC., *et al*.,    )        Magistrate Judge Charles B. Day
                                )
        Defendants.             )
_____)


## <u>PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>

Plaintiff Beyond Systems, Inc. ("BSI"), by and through its undersigned counsel, hereby

moves pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for the entry of a

protective order barring Defendants Connexus Corp. ("Connexus") and Hydra LLC ("Hydra")

(collectively "Defendants") from seeking discovery from BSI concerning the opinions of its

hybrid fact/expert witness, Paul Wagner, at least until this Court rules on Defendants' pending

Motion to Preclude Expert Testimony from Paul Wagner (Docket Entry # 204).  Further,

although Defendants are certainly entitled to Mr. Wagner's opinions as a hybrid witness, their

discovery served August 25, 2009 is improper and should be barred because:  (1) it is duplicative

of the discovery Defendants have already taken by way of depositions, interrogatories and

document requests; (2) it is discovery more appropriately directed to a retained expert; and (3) it

seeks to invade the attorney-client privilege and work product protection.

In support of its motion, BSI respectfully refers the Court to the attached Memorandum

of Points and Authorities in Support of its Motion for Protective Order.

WHEREFORE, BSI respectfully requests the Court enter a protective order barring

Defendants' discovery as to BSI's hybrid fact/expert witness, Paul Wagner, at least until the

Court rules on Defendants' motion to preclude his designation as a hybrid, and barring the

August 25, 2009 discovery should the Court deny Defendants' motion to preclude.


Date:  September 11, 2009


                                        Respectfully submitted,

                                        _____/s/_____
                                        Thomas M. Barba (US DC-MD Bar No. 28487)
                                        John J. Duffy (US DC-MD Bar No. 28613)
                                        Jennie L. Kneedler (US DC-MD Bar No. 28617)
                                        STEPTOE & JOHNSON LLP
                                        1330 Connecticut Ave NW
                                        Washington DC 20036
                                        T: 202-429-3000
                                        F: 202-429-3902
                                        tbarba@steptoe.com
                                        jduffy@steptoe.com
                                        jkneedler@steptoe.com


                                        Anthony A. Onorato (US DC-MD Bar No. 28622)
                                        STEPTOE & JOHNSON LLP
                                        750 Seventh Ave., Ste. 1800
                                        New York, NY  10019
                                        T: 212-506-3900
                                        F: 212-506-3950
                                        tonorato@steptoe.com

                                        *Counsel for Plaintiff Beyond Systems, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned does hereby certify that a true and correct copy of the foregoing

Plaintiff's Motion for Protective Order and the attached Memorandum of Points and Authorities

in Support of Plaintiff's Motion for Protective Order and Exhibits thereto, Certificate of

Conference, and proposed Order, was served via the Court's electronic filing notification system

this 11th day of September, 2009, upon:

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants/Third-Party Plaintiffs*
*Connexus Corp. and Hydra LLC*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J.
GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc.,*
*Kraft Foods Global, Inc. & Vict. Th.*
*Engwall & Co.*



/s/

Thomas M. Barba

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
|                                    )
BEYOND SYSTEMS, INC.,                )
|                                    )
| Plaintiff,                         )
|                                    )
| v.                                 )        Case No. 8:08-cv-00409 (PJM)
|                                    )        Judge Peter J. Messitte
KRAFT FOODS, INC., *et al*.,         )        Magistrate Judge Charles B. Day
|                                    )
| Defendants.                        )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Plaintiff Beyond Systems, Inc. ("BSI"), through its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion for Protective Order.

## I.    INTRODUCTION

Since 1996, BSI, a Maryland-based Internet Service Provider ("ISP"), has provided email and Internet services, technology consulting, and advanced research on emerging technologies. As an ISP, BSI receives approximately 1 million emails per day and delivers thousands of legitimate emails to its customers.  But in addition to those legitimate emails it receives, BSI is inundated every day – over 95% of all email received is spam[1] – with unwanted spam emails that interfere with its business operations.  To combat the deluge of spam emails choking BSI's servers, BSI has been forced to devote its time, money and technological resources to handle the spam.  *See* Second Amended Complaint ("SAC") ¶ 3 (Docket Entry # 52).  The spam has caused BSI's servers to crash and has slowed its server response.  *Id*.  BSI has also suffered increased costs for network expansion, higher bandwidth utilization and forced upgrades of costly hardware and software.  *Id*.  BSI must devote much of its budget and staff time to dealing with spam, at the expense of its ability to service its customers and perform other tasks.  *Id*.

Paul Wagner formed BSI in 1996 and has served as its President and operator since.  *See* Declaration of Paul A. Wagner ¶ 6, attached as Ex. 1 to Pl.'s Mem. in Opp'n to Defs.' Mot. to

---

[1] This is consistent with published national averages.  "Web and email security company Barracuda Networks estimates that ***spam will grow to account for more than 95% of all emails this year***."  Nathan Lake, *Barracuda Networks Projects Record Spam Volumes In 2009*, Processor, Jan. 16, 2009, at 9, *available at* http://www.processor.com/editorial/article.asp?article=articles%2Fp3103%2F40p03%2F21p03%2Easp&guid=CE31A37ADFBB48FB8869287DBAF0281F&searchtype=0&WordList=SPAM&bJumpTo=True (emphasis added).

Preclude Expert Testimony from Paul Wagner (filed concurrently with this motion).  Through

Mr. Wagner's on-the-job-experience as an ISP operator, combined with his computer science

background, Mr. Wagner has developed an expertise in assessing spam.  *See id*. ¶¶ 3-4, 8-11, 17-

25.  He has honed this expertise and developed an intimate knowledge of spam and how

spammers operate over years of analyzing the spam BSI receives and researching the techniques

used by spammers.  *See id*. ¶¶ 17-26.  BSI, therefore, seeks to offer Mr. Wagner's opinions

concerning BSI's receipt, analysis and retention of unsolicited commercial email at trial by

designating him as a hybrid fact/expert witness.  In response, Defendants Connexus Corp.

("Connexus") and Hydra LLC ("Hydra") (collectively "Defendants") filed a motion to exclude

this testimony (Docket Entry # 204) and served BSI[2] with written discovery requests that are

entirely duplicative of requests already served on BSI -- and to which BSI has already responded.

For reasons of efficiency, economy and prudence, BSI seeks a protective order from this Court

regarding this discovery pending a decision on Defendants' motion to exclude Mr. Wagner's

hybrid testimony.  Further, because the proposed discovery is duplicative, is overbroad in scope

for a hybrid expert and is more appropriate for a retained expert who serves an expert report, and

seeks to invade privileged and protected communications, the discovery is improper.

Counsel have conferred as to this motion and counsel for Connexus and Hydra opposes

the motion.  Defendants' counsel indicated that he might revise his position once he reviews

Plaintiff's Opposition to the Motion to Preclude (filed concurrently with this motion).

---

[2] Defendants directed their discovery to "Paul Wagner/Beyond Systems, Inc."  Mr. Wagner, although designated as a hybrid witness by BSI, is not a party to this litigation.

3

## II.     BACKGROUND

On August 21, 2009, BSI designated Mr. Wagner as a hybrid expert/fact witness.  *See* Ex.

1 to Defs.' Mem. in Support of Mot. to Preclude Expert Testimony from Paul Wagner (Docket

Entry # 204  Four days later, on August 25, 2009, Defendants filed a motion to preclude Mr.

Wagner from offering expert testimony.  (Docket Entry # 204  Also on August 25, 2009, both

Connexus and Hydra served requests for production and interrogatories on BSI concerning

Mr. Wagner's hybrid fact/expert testimony.[3]  *See* Exs. 1, 2, 3, 4 attached hereto.[4]  Defendants'

new discovery included three interrogatories – two of which contain multiple discrete subparts

equaling at least 18 total interrogatories – and nine documents requests.  *See* Exs. 1-4.

The discovery served by Defendants on BSI is premature at this time because this Court

has not yet ruled on the pending Motion to Preclude Expert Testimony from Paul Wagner.

Further, although Defendants are certainly entitled to Mr. Wagner's opinions as a hybrid witness,

their discovery is improper because:  (1) it is duplicative of the discovery Defendants have

already taken by way of depositions, interrogatories and document requests; (2) it is discovery

appropriately directed to a retained expert – that is, Defendants are seeking the substance of a

---

[3] Even though BSI does not believe it is required to do so under applicable rules, BSI will serve timely objections to the discovery requests propounded by Connexus and Hydra in an abundance of caution in order that there be no doubt that it has preserved its objections to individual requests.  In doing so, BSI is in no way waiving its position that the discovery requests are premature at this time and improper in substance.

[4] *See* Defendant Connexus Corp.'s First Set of Interrogatories to Paul Wagner/Beyond Systems, Inc. Concerning Hybrid Fact/Expert Issues, attached as Ex. 1; Defendant Connexus Corp.'s First Request for Production of Documents to Paul Wagner/Beyond Systems, Inc. concerning Hybrid Fact/Expert Issues, attached as Ex. 2; Defendant Hydra LLC's First Set of Interrogatories to Paul Wagner/Beyond Systems, Inc. concerning Hybrid Fact/Expert Issues, attached as Ex. 3; and Defendant Hydra LLC's First Request for Production of Documents to Paul Wagner/Beyond Systems, Inc. concerning Hybrid Fact/Expert Issues, attached as Ex. 4.

retained expert's report from a hybrid fact/expert witness, when such a report is not required; and (3) it seeks to invade the attorney-client privilege and work product protection for communications which might not be privileged in the case of a retained expert, but which are privileged in the case of a hybrid expert.  Therefore, concurrent with its opposition to Defendants' Motion to Preclude Expert Testimony from Paul Wagner (filed separately), BSI seeks a protective order staying this discovery until the Court rules on whether Mr. Wagner may be designated a hybrid fact/expert, and barring this discovery if the Court finds Mr. Wagner may offer hybrid fact/expert testimony.

## III.   ARGUMENT

### A.   Legal Standard on Motion for Protective Order.

Rule 26(c) of the Federal Rules of Civil Procedure provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c).  On a motion for a protective order the moving party bears the burden of demonstrating good cause for the order to issue.  *See Jones v. Circle K Stores, Inc.*, 185 F.R.D. 223, 224 (M.D.N.C. 1999).  If a threshold showing of good cause is made, the Court has broad discretion to fashion an appropriate order and should deny the request only if the opposing party can show that the protective order will substantially prejudice them.  *M&M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 163 (4th Cir. 1992); *see also Broadnax*

*v. Dep't of Veteran Affairs Wash. Mut. Bank*, No. Civ.A. 2:04 CV 693, 2005 WL 1185809, at *4, *5 (E.D. Va. May 19, 2005).

      **B.**      **Good Cause Exists to Bar Discovery at This Time Because the Discovery Requests at Issue Are Premature and Improper.**

            **1.**      **Defendants' Discovery Requests are Premature, Duplicative and Seek the Substance of an Expert Report.**

The discovery Defendants have served is premature because the requests for production of documents and interrogatories at issue seek information concerning the opinions and analyses that Mr. Wagner would offer at trial if he is permitted to offer hybrid fact/expert testimony. At this juncture, however, the Court has not yet ruled on whether Mr. Wagner may offer testimony as a hybrid fact/expert witness. Forcing BSI to engage in this discovery before this Court has determined whether Mr. Wagner will offer this testimony would waste time and resources.

Moreover, the discovery Defendants served are cumulative and duplicative of discovery Defendants already issued to BSI. For example, Defendants seek discovery concerning Mr. Wagner's opinions and analyses as to "how BSI received, retained, and produced alleged emails over which you are suing in this Action as to Hydra [and Connexus]," *see* Exs. 1 and 3 at Interrogatory No. 2, but asked the very same question of BSI in Interrogatory No. 1 of Defendant Connexus Corp's First Set of Interrogatories to BSI, served on June 24, 2008, attached as Ex. 5.[5]

---

[5] For example, Defendants sought, *inter alia*:

      (c) a description of each computer, server, and/or other equipment involved in receiving, storing, transmitting and/or redirecting the email, and for each computer, server, and piece of equipment: (i) its role (i.e., receiving, storing, transmitting and/or redirecting the email); (ii) the date and time the email hit the computer, server, or piece of equipment; (iii) its physical location when the email hit it list physical location of servers; (iv) its owner when the email hit it; and (v) whether it was part of the BSI;

Mr. Wagner was involved in the preparation of the responses to these discovery requests issued to BSI, and signed the verifications that accompanied all of BSI's discovery responses. Furthermore, Mr. Wagner was deposed for a total of six days, during which time he was asked questions regarding the same topics that are covered by the requests at issue here.  Defendants Connexus and Hydra, the complaining parties, themselves deposed Mr. Wagner for over four of those six days — *taking over 1,100 pages of testimony from him* — and they were present for Mr. Wagner's deposition for the remaining time.  During that time Defendants questioned Mr. Wagner concerning: how BSI received the emails at issue and what servers/programs the emails go through when delivered to BSI (P. Wagner Dep. 443:15-451:5, May 1, 2009, attached as Ex. 6); how BSI retains emails in its archives (P. Wagner Dep. 887:24-888:1, June 16, 2009, attached

---

(d) whether the email was redirected or resent, and if so, where, when, how many times, and why the email was redirected or resent;

(e) a description of the landing server (also referred to as the receiving mail server), including the owner at the time the email hit the server, the physical location of the server when the email hit the server, and whether the server was part of the BSI network, and whether the email was downloaded from the server (and if so when);

(f) the identity of the intended recipient (addressee) of the email and that person's user ID;

(g) the identity of the actual recipient of the email and that person's user ID;

(h) a description of software BSI used in connection with receiving, storing, and/or transmitting the email, including a description of the purpose of such software;

(i) the format(s) in which you received the email, any reformatting you performed, and whether you could render the email (i.e., view all of its graphics) and whether you did so….

Defendant Hydra's Interrogatory No. 1 sought the same information, and BSI's response to Hydra's request was identical as that provided to Connexus.

as Ex. 9); how BSI measures spam loads, server response and bandwidth utilization (P. Wagner

Dep. 1034:15-1044:16, June 16, 2009, *see* Ex. 9); the routing relationship between Hypertouch

and BSI with regard to emails listed on the attribution spreadsheet (P. Wagner Dep. 428:19-

438:13, May 1, 2009, *see* Ex. 6); how BSI matches back ups with the produced emails by SMTP

ID (P. Wagner Dep. 875:13-21, June 16, 2009, *see* Ex. 9); how BSI uses filters and filtering

technology and tools upon receipt of the emails to detect false or misleading Froms, Subjects and

HELOs (P. Wagner Dep.  912:13-917:5, June 16, 2009, *see* Ex. 9); and the hardware employed

by BSI to operate as an ISP, including hardware used in the receipt and storage of the emails at

issue (P. Wagner Dep. 999:13-1034:14, June 16, 2009, *see* Ex. 9).[6]  *See also* Pl.'s Mem. in

Opp'n to Mot. to Preclude at 7-12, 13-14 (filed concurrently with this motion).  All of these

topics are covered again in Defendants' latest rounds of discovery requests, and Mr. Wagner's

responses would be no different.

　　　　As a hybrid expert, Defendants would certainly be entitled to Mr. Wagner's opinions.

However, the point is Defendants already have sought and received those opinions as to the key

issues in this case, including the basis for Mr. Wagner's opinions as to what the emails show,

how they are attributable to Defendants, why they are false, how he arrived at those conclusions,

---

[6] Additionally, Defendants were present when the Kraft Defendants questioned Mr.
Wagner about similar matters:

- Testimony regarding how BSI retrieves emails and Mr. Wagner's viewing of
  the emails (P. Wagner Dep. 124:2-127:4, May 11, 2009, attached as Ex. 7);

- Testimony regarding disabling of links in emails (P. Wagner Dep. 143:22-
  145:14, May 11, 2009, *see* Ex. 7); and

- Testimony regarding what is shown in an email's source code, how it is used
  by BSI, what is made visible by rendering an email, and the tools used by BSI
  to analyze the source code (P. Wagner Dep. 203:20-208:14, June 15, 2009,
  attached as Ex. 8).

what tools he used, and what systems BSI runs.  In fact, Defendants' expert has already addressed Mr. Wagner's conclusions in Dr. Cohen's rebuttal expert report.  *See* Ex. 20 to Pl.'s Mem. in Opp'n to Defs.' Mot. to Preclude Expert Testimony of Paul Wagner (filed concurrently with this motion).

Further, the discovery requests essentially seek the creation of an expert report, something not required of a hybrid, and are thus more akin to the requirements for what a retained expert must provide.  For example, Defendants' interrogatories require Mr. Wagner to "describe fully the basis(es) for each opinion and each analysis, how [Mr. Wagner] arrived at it" and "all documents and things [Mr. Wagner] considered and used[,]" *see* Exs. A and C at Interrogatory No. 1 – a requirement of retained experts under Rule 26(a)(2)(B) – as well as describe "how BSI received, retained, and produced" the emails at issue – a subject explored at great length by Defendants throughout this litigation. *See* Exs. 1 and 3 at Interrogatory No. 2.

BSI designated Mr. Wagner as a hybrid fact/expert witness.  As this Court has recognized, BSI need only disclose "the identity of the hybrid witnesses under Rule 26(a)(2)(A)."  *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) (Grimm, Mag.). While the Court's Local Rules (and case law) would allow Defendants to obtain the *opinions* of a hybrid fact/expert witness "through interrogatories, document production requests, and depositions[,]" Local Rule 104.10, Defendants are seeking far more than Mr. Wagner's "opinions"; Defendants are, in effect, seeking Mr. Wagner's expert report, which he does not have to give, in the guise of exhaustive and cumulative discovery requests.  Mr. Wagner should not be required to respond to such requests.

      **2.**      **Defendants' Discovery Requests Are Improper Because They Seek to Invade Privileged Communications.**

BSI should also not be required to respond to Defendants' discovery responses because they are improper in that they seek information protected by the attorney-client privilege or work product doctrine. For example, Defendants ask Mr. Wagner to:

- Identify all persons (including Joe Wagner and all lawyers) you communicated with in arriving at the opinion, the date(s) and substance of each such communication, and the identity of all persons present during such communication. *See* Exs. 1 and 3 at Interrogatory No. 1(c).

- Identify all persons (including Joe Wagner and all lawyers) you communicated with concerning the receipt, retention, and production of the alleged emails over which you are suing as to Connexus [and Hydra], the date(s) and substance of each such communication, and the identity of all persons present during such communication. *See* Exs. 1 and 3 at Interrogatory No. 2(d).

- Identify all persons who assisted you in preparing responses to the interrogatories above, and the nature of the assistance provided and dates such assistance was provided, and identify all persons with whom you communicated concerning the responses to the interrogatories above, the substance of each communication, and the participants of such communications. *See* Exs. 1 and 3 at Interrogatory No. 3.

- All documents you considered, and all documents provided to you, pertaining to all declarations you submitted in this case (including declarations you attached to declarations); all drafts of declarations you submitted in this case; and all communications concerning all declarations you submitted in this case. Expressly included in this request are documents provided to you by Joe Wagner, Hypertouch, and all of your lawyers including Steve Ring and any lawyer at Steptoe & Johnson LLP, and communications with any or all of the foregoing pertaining to responsive declarations. *See* Exs. 2 and 4 at Document Request No. 2.

In contrast to retained expert witnesses, the attorney-client privilege and work product doctrine apply to materials considered by a hybrid witness, and such materials are not discoverable:

> If they are hybrid fact/expert witnesses, the court will not require the production of materials protected by the attorney work product doctrine or attorney-client privilege which they considered. This is consistent with Local Rule 104.10, which . . . only requires that an

10

opposing party may obtain the "opinions" of the hybrid fact/expert witness.

*In re USGen New England, Inc*., No. 03-30465, 2007 WL 2363353, *12 (Bankr. D. Md. Aug. 16, 2007).  *Cf. Musselman v. Phillips*, 176 F.R.D. 194, 199 (D. Md. 1997) ("When an attorney communicates otherwise protected work product to an expert witness *retained* for the purposes of providing opinion testimony at trial – whether factual in nature or containing the attorney's opinions or impressions – that information is discoverable if it is considered by the expert.") (emphasis added).  Therefore, discovery requests that seek to invade this privilege are improper, and BSI should not be required to answer them.

## IV.    CONCLUSION

For the foregoing reasons BSI's Motion for Protective Order should be granted and the August 25, 2009 discovery requests served by Connexus and Hydra should be held in abeyance and/or barred.

Respectfully submitted,

_____/s/_____
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com


Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800

New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc.*

Date:  September 11, 2009

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____
                                             )
BEYOND SYSTEMS, INC.,                        )
                                             )
        Plaintiff,                           )
                                             )
                v.                           )        Case No. 8:08-cv-00409 (PJM)
                                             )
KRAFT FOODS, INC., *et al*.,                 )        Judge Peter J. Messitte
                                             )        Magistrate Judge Charles B. Day
        Defendants.                          )
_____)


**<u>CERTIFICATE OF CONFERENCE PURSUANT TO L.R. 104.7</u>**

        Pursuant to Local Rule 104.7, undersigned counsel hereby certifies that it has conferred

with opposing counsel for Connexus Corp. and Hydra LLC (collectively "Defendants") on the

instant motion.  The underlying motion is made following a telephonic conference between

Anthony A. Onorato and Ari N. Rothman , which occurred on September 10, 2009 at 11:00 a.m.

The issue to be resolved by the Court is whether Plaintiff Beyond Systems, Inc. must answer the

discovery requests served by Defendants on August 25, 2009 seeking the expert opinions and

analyses of Paul Wagner, even though Defendants' Motion to Preclude Expert Testimony of Paul

Wagner remains pending and the discovery is improper, duplicative and cumulative to the

information already provided to Defendants.  Defendants' counsel indicated he opposes the

motion but that he might revise his position once he reviews Plaintiff's Opposition to the Motion

to Preclude (filed concurrently with this motion).

1

Date: September 11, 2009

Respectfully submitted,

_____ /s/ _____

Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

<table>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>BEYOND SYSTEMS, INC.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Case No. 8:08-cv-00409 (PJM)</td></tr>
<tr><td></td><td>)</td><td>Judge Peter J. Messitte</td></tr>
<tr><td>KRAFT FOODS, INC., <em>et al.</em>,</td><td>)</td><td>Magistrate Judge Charles B. Day</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendants.</td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
</table>

## (Proposed) ORDER

Upon consideration of the Plaintiff's Motion for Protective Order, the Memorandum of

Points and Authorities in Support of said Motion, any Opposition thereto, and any Reply in

support thereof, it is this _____ day of _____ hereby :

**ORDERED**, that Plaintiff's Motion for Protective Order **BE and hereby is GRANTED**;

and it is further

**ORDERED** that Plaintiff Beyond Systems, Inc. shall not be required to respond to (1)

Defendant Connexus Corp.'s First Set of Interrogatories to Paul Wagner/Beyond Systems, Inc.

Concerning Hybrid Fact/Expert Issues; (2) Defendant Connexus Corp.'s First Request for

Production of Documents to Paul Wagner/Beyond Systems, Inc. concerning Hybrid Fact/Expert

Issues; (3) Defendant Hydra LLC's First Set of Interrogatories to Paul Wagner/Beyond Systems,

Inc. concerning Hybrid Fact/Expert Issues; and (4) Defendant Hydra LLC's First Request for

Production of Documents to Paul Wagner/Beyond Systems, Inc. concerning Hybrid Fact/Expert

Issues at least until further this Court decides Defendants' Motion to Preclude Expert Testimony from Paul Wagner; and it is further

**ORDERED** that should the Court deny Defendants' Motion to Preclude Expert Testimony from Paul Wagner, BSI shall not be required to respond to the above-described discovery propounded by Defendants on August 25, 2009.

**IT IS SO ORDERED.**

SIGNED:

_____
Peter J. Messitte
United States District Judge

Date:  _____

2

Copies to:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
*Counsel for Plaintiff Beyond Systems, Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
*Counsel for Defendants  Connexus Corp. and Hydra LLC*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
*Counsel for Defendants Kraft Foods Inc.; Kraft Foods Global, Inc. & Vict. Th. Engwall & Co.*