IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | |
| Plaintiff, | Case No. 8:08-CV-00409-PJM |
| v. | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | Magistrate Judge Charles B. Day |
| Defendants. | |

## MOTION FOR ENTRY OF CASE SCHEDULE

Pursuant to the Court's Order dated October 19, 2009 (Paper No. 230), the parties respectfully submit this Motion for Entry of Case Schedule.

On October 16, 2009 the parties filed a joint motion with this Court requesting that this Court extend the expert deposition deadline by three weeks, until November 6, 2009, and hold the rest of the case schedule in abeyance until October 23, 2009, when the parties would file a joint motion with the Court proposing a deadline for dispositive motions, and other deadlines (if any). The Court granted that Motion, as well as subsequent joint motions extending the time for the parties to submit the rest of the case schedule until October 30, 2009. The parties further met and conferred, and have only been able to agree to certain upcoming deadlines. Therefore, the parties request that the Court review their proposals (outlined below) and enter an order establishing those deadlines that the Court believes will lead to the just and efficient resolution of the issues before it.

The following are Defendants' and Third-Party Plaintiffs' proposed deadlines:

| EVENT | DATE/DEADLINE |
|---|---|
| Resume Discovery re: Existing Third-Party Claims | 10/30/09 |
| Plaintiff and Third-Party Defendants' Confidentiality De-designations in light of 10/16/09 Order | 11/6/09 |
| Deadline for Deposition of Plaintiff regarding September 17 Production | 11/13/09 |
| Third-Party Defendants' Answers Due | 11/16/09 |
| Deadline for BSI's Supplemental Reports re: Plaintiff's September 17, 2009 Production | 11/18/2009 |
| Deadline for Joe Wagner/Hypertouch's Responses to April 2009 Discovery | 11/23/09 |
| Deadline for Defendants' Supplemental Reports re: Plaintiff's September 17, 2009 Production | 11/25/2009 |
| Deadline for Certain Expert Depositions Identified Below | 12/4/09 |
| Deadline for BSI's Rebuttal Reports re: Plaintiff's September 17, 2009 Production | 12/4/2009 |
| Deposition Deadline re: Defendants' Supplemental Expert Reports Concerning Plaintiff's September 17, 2009 Production | 1/15/2010 |
| Deadline for Joinder of Parties and Amendment of Pleadings | 1/31/2010 |
| Third-Party Claims Fact Discovery Cut-Off re: Existing Third-Party Claims | 3/31/2010 |
| Dispositive Motions | Can be filed at any time (FRCP 56(b)), but by no later than proposed deadlines to be submitted to Court by parties within 10 days of ruling on Defendants' FRCP 37(c) Motion |
| Third-Party Expert Discovery re: Existing Third-Party Claims | Deadlines to be submitted by parties by no later than 3/17/10 |

The following are Plaintiff's proposed deadlines for the *Beyond Systems, Inc. v. Kraft Foods, Inc., et al.* matter:

| EVENT | DATE/DEADLINE |
|---|---|
| Plaintiff and Joe Wagner's Confidentiality De-designations in light of 10/16/09 Order | 11/6/09 |
| Deadline for Expert Depositions | 12/4/09 |
| Deadline for Deposition of Plaintiff regarding September 17 Production | 11/13/09 |
| Deadline for BSI's Supplemental Reports re: Certain Issues (described below) | 11/18/2009 |
| Deadline for Defendants' Supplemental Reports re: Certain Issues (described below) | 11/25/2009 |
| Deadline for BSI's Rebuttal Reports re: Certain Issues (described below) | 12/4/2009 |
| Deposition Deadline re: Parties' Supplemental Expert Reports re: Certain Issues | 1/15/2010 |
| Dispositive Motions | Can be filed at any time (FRCP 56(b)), but by no later than proposed deadlines to be submitted to Court by parties within 10 days of ruling on Defendants' FRCP 37(c) Motion |

The Third-Party Defendants propose the following deadlines for discovery regarding third-party claims:

| EVENT | DATE/DEADLINE |
|---|---|
| Begin Discovery re: Third-Party Claims | 10/30/09 |
| Third-Party Defendants' Answers Due | 11/16/09 |
| Deadline for Joe Wagner/Hypertouch's Responses to April 2009 Discovery | 11/23/09 |
| Deadline for Joinder of Parties and Amendment of Pleadings | 3/8/2010 |
| Third-Party Fact Discovery Cut-Off | 7/16/2010 |
| Third-Party Plaintiffs' 26(a)(2) disclosures due | 8/13/2010 |
| Third-Party Defendants' 26(a)(2) disclosures due | 9/10/2010 |
| Third-Party Plaintiffs' rebuttal disclosures | 9/24/2010 |
| Expert Deposition Deadline | 10/22/2010 |
| Dispositive Motions Deadline | 11/5/2010 |

The parties submit that, for the following reasons, good cause exists to grant the relief they request.

1.	Expert Depositions.  The parties agree that additional time is needed to complete expert depositions of Dr. John Klensin, Dr. John Levine, and Mr. Peter Resnick.  Further, the deposition of Kenneth Hirschman has not yet commenced.  Due to the schedules of these expert witnesses (who are located throughout the country), the parties submit that good cause exists to allow the parties to complete the depositions of these witnesses by no later than December 4, 2009.

2.	Third-Party Claims. The Court denied Third-Party Defendants' Motion to Dismiss by order dated October 19, 2009 (Paper No. 230.)  The Parties have conferred and have been unable to agree to deadlines for discovery regarding the Third-Party Claims.

a.	Third-Party Plaintiffs' Position:  Third-Party Plaintiffs Connexus and Hydra allege that Third-Party Defendants Joe Wagner and Hypertouch – not any of the Defendants – sent to BSI the vast majority of the emails that BSI produced in June 2008 over which it sues, and that Joe Wagner and Hypertouch are not legitimate internet service providers but instead are lawsuit factories that schemed with Paul Wagner/BSI to manufacture this suit.  Although Joe Wagner/Hypertouch seek two separate schedules for this single action, the Court should issue a _single_ scheduling order governing the entire action that included the third-party claims, and enter the deadlines that Connexus and Hydra request -- which allow for _five months_ of fact discovery. First, Connexus and Hydra seek indemnification and contribution from Joe Wagner/Hypertouch as to emails that BSI is suing over; therefore, the third-party claims are dependent on Paul Wagner/BSI's allegations in its Second Amended Complaint and will be tried together unless a party successfully moves for severance and/or a separate trial. FRCP 14(a)(4); FRCP 42(b).

Second, Joe Wagner/Hypertouch will not be prejudiced by the deadlines that Third-Party Plaintiffs seek because Joe Wagner has been an active participant in this litigation since at least February 2008. Among other things, Joe Wagner/Hypertouch has actively participated in this litigation as a "consultant" to help his brother Paul Wagner/BSI litigate this case, has been deposed in this case because Paul Wagner/BSI identified him as a witness, is represented by the same counsel as Paul Wagner/BSI, is a party to the stipulated protective order (as a "consultant" only), has produced documents in response to subpoenas, and received initial written discovery requests as third-party defendants over six months ago. There is no reason for additional delay.

Third, according to the Court when it denied Joe Wagner/Hypertouch's motion to dismiss, discovery concerning the third-party claims concerns primarily whether Joe Wagner/Hypertouch sent to BSI emails at issue, whether Joe Wagner/Hypertouch altered the emails before sending them, and whether Joe Wagner/Hypertouch are legitimate internet service providers or engaged in manufacturing lawsuits. (Ex. 1, 10/19/09 Hrg. Trans. at 39:12-19.) Thus, Joe Wagner/Hypertouch already have all of the information they need from Third-Party Plaintiffs; indeed, the majority of the information Connexus and Hydra need to support their claims has been produced by Paul Wagner/BSI and Joe Wagner/Hypertouch (or is in their possession, custody and control will be obtained through further discovery). Thus, there is little, if any, discovery to be taken from Connexus or Hydra. And, Third-Party Defendants' suggestions to the contrary, Connexus and Hydra will comply with all of their discovery obligations.

Fourth, Third-Party Defendants have not indicated whether they will file counterclaims but rather only that they might do so. Connexus and Hydra cannot propose or agree to any

deadlines about counterclaims that they have not seen. However, Connexus and Hydra agree to revisit scheduling issues associated with such counterclaims if and when they are filed.

Finally, having multiple scheduling orders governing a single action will only invite confusion. Indeed, BSI has missed deadlines with a single schedule governing this action, *inter alia*, by untimely disclosing Paul Wagner as a hybrid fact/expert witness as described below, and by producing expert materials well after the disclosure deadline in FRCP 26.

For all of these reasons, Connexus and Hydra request that the Court (1) enter a single schedule concerning the entire action, and (2) enter an order setting forth deadlines requested by Defendants and Third-Party Plaintiffs.

b. <u>Third-Party Defendants' Position.</u> Whether Third Party Plaintiffs run corporate enterprises whose business purpose is to flaunt anti-spam laws or whether Third Party Defendants are litigious is not relevant to the issue before the Court. What is very important is that Third Party Plaintiffs ask the truly extraordinary from this Court - to effectively deny parties they dragged into this litigation from having the opportunity to take any meaningful discovery.

Local Rule 104.4 provides that discovery should commence after the court issues a scheduling order. Third-Party Defendants Hypertouch and Joe Wagner deserve all of the protections of the rules of this Court. They were not a part of this litigation until 10 days ago and should be given the requisite time to defend themselves, assert defenses and take discovery of Third-Party Plaintiffs to establish a proper defense. Joe Wagner's work as a non-testifying consultant hardly qualifies him as an active participant in this case in a way that would somehow justify a shorter discovery period regarding the allegations in the Third-Party Complaint. Third-Party Plaintiffs' attempt to crowd Hypertouch and Joe Wagner's defense into the *BSI v. Kraft* schedule is designed to deprive Hypertouch and Joe Wagner of a complete defense.

Moreover, given that the Third-Party Defendants have not filed answers to the Third-Party Complaint, and that the Court has not entered a scheduling order regarding the Third-Party Complaint, Third-Party Defendants believe that it is premature to discuss a case schedule regarding the Third-Party Complaint (*see* L.R. 104.4), a position that is supported by this Court's decision on their Motion for Protective Order. *See* DE #186. For the same reason, Third-Party Defendants have no obligation to respond to the discovery requests served by Third-Party Plaintiffs on April 15, 2009 (which were the subject of Third-Party Defendants' Motion for Protective Order) until after discovery has properly commenced pursuant to Local Rule 104.4.

In short, as discovery has not yet properly commenced in Third-Party Plaintiffs' action – in which they have sued for indemnification or contribution from persons that were not parties to the original action (in which discovery is largely completed), it is not reasonable to believe that the scheduling order from the original action, which has been ongoing for over a year and a half, governs the new action. This is especially true because the Third-Party Plaintiffs' indemnity and contribution claims can easily be determined after a judgment is entered in the *BSI v Kraft* matter, making it unnecessary to squeeze third-party discovery into the timeline for expert discovery and motions briefing in the main action.

Nevertheless, in an effort to avoid burdening the Court, Third-Party Defendants have offered and have provided to Third-Party Plaintiffs proposed deadlines for early discovery regarding the Third-Party Complaint. This includes an agreement with Third-Party Plaintiffs to: (1) commence discovery regarding the Third-Party Complaint on October 30, 2009, before the Third-Party Defendants file their answers (and before this Court orders that such discovery begin); (2) serve their answers to the Third-Party Complaint on November 16, 2009; and (3) provide responses and objections to the discovery requests served by Third-Party Plaintiffs on

April 15, 2009 by November 23, 2009. Third-Party Defendants cannot agree to the remainder of the discovery deadlines proposed by the Third-Party Plaintiffs, however, because they do not permit sufficient time for third-party discovery.

First, Third-Party Defendants require the amount of time listed above to complete fact discovery on the third-party claims because the Third-Party Defendants are entitled to time to vigorously explore the bases for the Third-Party Plaintiffs' claims. The Third-Party Defendants do not agree that Third-Party Plaintiffs' claims require little discovery. At a minimum, the Third-Party Defendants are entitled to know more regarding precisely what evidence Third-Party Plaintiffs intend to rely on to prove their claims, the identities of the other persons, such as advertisers and emailers, involved with the emails at issue, as well as information regarding insurance coverage and indemnification agreements, to name a few. Third-Party Defendants do not believe that the Court intended to say anything during the October 19 hearing to suggest that discovery regarding the Third-Party Complaint would be limited to the issues Third-Party Plaintiffs set forth above, and the portion of the transcript they quote does not support their assertion.

Second, experience in the *BSI v. Kraft* case has shown that Third-Party Plaintiffs seem to be unable to agree to produce relevant documents until a motion to compel is pending, and sometimes only after an order is issued (*see* DE #128 Local Rule 104.7 Certificate; DE #190). Therefore, the Third-Party Defendants have proposed a discovery schedule that will allow for at least one round of motion to compel briefing within the fact discovery schedule in the hopes that any information compelled would be able to be produced before the cut-off of fact discovery.

In addition, Third-Party Defendants are evaluating whether they will file counterclaims against the Third-Party Plaintiffs at the time they serve their answers. The amount of time that

Third-Party Defendants reserve for third-party fact discovery will permit discovery on counterclaims asserted at the time of the answers. Third-Party Defendants also need time to seek discovery from Third-Party Plaintiffs before they can determine whether to join other potential parties, including the numerous advertisers and publishers (*i.e.*, emailers) involved with the emails put at issue by the Third-Party Plaintiffs in the Third-Party Complaint.

Third-Party Defendants used the scheduling order issued by the Court in the *BSI v. Kraft* matter (*see* DE#20) as a model when proposing the deadlines for third-party discovery, above. However, if the Court is inclined to enter an order that does not set any further deadlines regarding the third-party claims beyond the cut off of fact discovery, such a schedule would also be acceptable to Third-Party Defendants.

3. <u>Dispositive Motions</u>. The parties are mindful of this Court's procedures associated with filing proposed briefing schedules in advance of filing summary judgment motions per Local Rule 105.2 and the initial Scheduling Order (*see* DE #20). To ensure that no party is prejudiced by another's party failure to respond to a request for a briefing schedule, the parties request that the Court enter an order requiring a party who receives a request for a briefing schedule to respond to it within three (3) business days of the date of the request unless the parties agree to a longer response time, and if a response is not received, then the requesting party may file its motion. Further, a ruling on the pending FRCP 37 filed by Connexus and Hydra (Paper No. 153) motion might affect the substance and timing of any dispositive motion any party may file, and the parties do not wish to burden the Court. Therefore, to allow flexibility in the Court's schedule and those of the parties, the parties submit that good cause exists to establish the dispositive motions deadline using the procedure set forth herein. Plaintiff agrees with the foregoing statement but takes the position that this deadline should apply only to

dispositive motions in the *BSI v. Kraft* matter for the reasons explained above. Defendants state that there is only one matter before the Court that includes all claims, and a single deadline can be established for all dispositive motions since all claims will be tried together.

4. Confidentiality Designations. The Court denied a motion to seal by order dated October 16, 2009 (Paper No. 228). This order affects some of the documents produced in the case. To avoid future court intervention associated with certain sealing motions, and to ensure timely de-designations, the parties submit that the Court enter an order requiring that all such de-designations be completed by 11/6/09.

5. Deposition of Plaintiff. BSI agreed to produce Paul Wagner for a deposition concerning materials BSI produced in September of 2009 based on analyses conducted in part on materials Defendants did not produce until August or September of 2009 pursuant to the Court's order on BSI's motion to compel. The parties anticipate completing this deposition by no later than November 13, 2009.

6. Supplemental Expert Discovery. The parties agree to the dates of supplemental expert discovery but disagree as to the scope of such discovery.

 a. Plaintiff's Position: BSI agrees with the dates proposed by Defendants for additional expert discovery, but states that additional expert discovery should not be limited only to the analysis that Plaintiff produced in September of 2009. BSI is entitled to supplement its experts' analyses regarding highly relevant documents that Defendants did not produce until August, September and most recently in October 2009 – despite the fact that Plaintiff has been requesting this information since this case began. These include documents Defendants Connexus and Hydra produced pursuant to Judge Day's July 24, 2009 Order granting-in-part BSI's motion to compel. *See* DE# 190. Documents pursuant to this Order were produced as late

as September 3, 2009, giving BSI's experts, all busy professionals with other jobs, mere weeks to review this new evidence before supplemental reports were due. Given this, BSI's experts did not have sufficient time to conduct analyses on these documents prior to the deadline for Rule 26(e)(2) supplementation, which was September 23, 2009.

BSI's experts are also entitled to supplement their reports to include analyses of advertising copy produced by the Kraft Defendants just this month. These "creatives" are very important because a comparison of the creatives to the emails at issue will further assist BSI in showing that the emails at issue are attributable to Defendants. Finally, BSI has exchanged correspondence with both the Kraft Defendants and Defendant Connexus regarding certain deficiencies in their productions. The Kraft Defendants have agreed to produce the documents Plaintiff has requested, and Plaintiff's experts should be able to incorporate those documents into their analysis. If Connexus produces documents in response to BSI's request, BSI's experts should also be permitted to supplement their reports with analyses of such documents, especially since BSI first informed Connexus of these deficiencies this past summer.

In short, Defendants should not be permitted to obtain an order from this Court refusing to permit BSI's experts to supplement their reports to include analyses of materials that Defendants refused to produce until recently, especially when they have demanded that their experts be permitted to submit additional reports regarding analysis that BSI produced last month. Finally, as the attached email correspondence between the parties plainly demonstrates (*see* Exhibit 2), Plaintiff has been telling Defendants for over a month that its experts have a right to and planned to analyze documents recently produced by Defendants or yet to be produced – BSI did not propose this for the first time this week, as Defendants suggest.

b. <u>Defendants' Position</u>: Connexus and Hydra submit that any additional expert discovery should be limited to the "analysis" that Paul Wagner produced in September 2009 that is described more fully below, except that Connexus and Hydra do not intend to conduct expert discovery concerning the portion of the analysis pertaining to emails that are subject to their FRCP 37 motion (Paper No. 153) until the Court has resolved that motion, among other reasons, because fact discovery is needed concerning these emails first.

Almost three months after the deadline to identify expert witnesses, BSI untimely disclosed Paul Wagner as a "hybrid fact/opinion expert witness" on August 21, 2009, and Connexus and Hydra thereafter filed a motion to preclude Paul Wagner from providing expert testimony. In its opposition, BSI represented to the Court that "Defendants already have sought and received those opinions as to the key issues in this case, including the basis for Mr. Wagner's opinions as to what the emails show, how they are attributable to Defendants, why they are false, how he arrived at those conclusions," (DE 214 at 11-12); "Mr. Wagner will not offer any opinions other than those he has already offered in response to discovery requests and deposition questioning," (DE 215 at 7); "Defendants have *already* received extensive discovery from BSI as to Mr. Wagner's opinions – and Mr. Wagner is designated as a hybrid for the purposes of the testimony he has *already* given to Defendants," (DE 215 at 17); and "Wagner's testimony will concern the information already in Defendants' hands," (DE 215 at 17). Relying on these unequivocal representations to the Court, Connexus and Hydra withdrew their motion after Paul Wagner (BSI's only employee) agreed to appear for a deposition.

Notwithstanding BSI's representations to the Court and the parties set forth above, Paul Wagner/BSI produced voluminous documents the day before his deposition reflecting an additional "analysis" that he had completed <u>before BSI made its representations to the Court</u>

according to sworn deposition testimony from the Paul Wagner himself. Despite this, Connexus and Hydra agreed on September 30, 2009, to take discovery concerning this additional analysis, and even offered to allow BSI's experts to provide reports pertaining to the analysis if BSI would provide expert reports by no later than October 9, 2009. BSI instead waited until October 9, 2009, to respond to this offer, and claimed that the "deadline of October 9, 2009 is not practical" because "that deadline is now upon us."

For the first time this week, BSI claimed that it needed to supplement its expert reports with additional materials not specifically referenced in other correspondence between the parties (BSI did make vague references about supplementation but nothing concrete was ever offered until a few days ago). Connexus and Hydra disagreed, but solely to avoid court intervention, again offered to allow BSI's experts additional time to complete their reports as to BSI's September 2009 "analysis" notwithstanding what they view as the dishonesty associated with its production.

Although the offer by Connexus and Hydra was more than generous under the circumstances, BSI insists that it is entitled to supplement its report concerning a broader range of topics. However, BSI should not be permitted to do so, and the Court should deny the delay that BSI seeks. Foremost, the parties negotiated a September 23, 2009 expert supplementation deadline because of the importance of expert discovery in this case, and it is too late to start another round of expert discovery concerning matters that BSI could have raised months ago. Connexus and Hydra produced the vast majority of the documents that the Court ordered them to produce by no later than August 17, 2009, and BSI concedes that the last documents trickled in on September 3, 2009. And, Connexus and Hydra did <u>not</u> produce <u>any</u> documents responsive to the Court's order thereafter much less in October, but rather produced documents from their

experts pursuant to a subpoena <u>with an October 1, 2009 deadline established by BSI</u> that requested documents that have nothing to do with the merits of BSI's claims, such as draft expert reports and articles written by experts unrelated to this case. Thus, BSI could have included the materials produced over the Summer in its September 23, 2009 supplemental reports – or at a minimum requested additional time to incorporate such materials into a final round of reports. Instead, BSI waited until this week to identify additional issues for supplemental expert discovery even though the supplementation deadline was over a month ago and expert depositions are now substantially complete. The Court should not sanction BSI's delay and allow BSI to add to the pile of 26 expert reports already at issue when BSI has only itself to blame for its delay. However, If the Court is inclined to allow BSI to supplement its reports, then Connexus and Hydra request that the Court order BSI to file an appropriate motion with the Court to supplement its reports so that Connexus and Hydra can fully respond before the Court decides this issue.[1]

---

[1] If Defendants Connexus and Hydra's 37(c) motion is denied, Plaintiff will oppose any efforts by Defendants to seek further discovery because, in an effort to resolve that motion before it was filed, Plaintiff offered to agree to a short period of mutual discovery regarding materials produced by any party after the deadline to serve discovery requests had passed, and Defendants rejected that offer. Moreover, Defendants had ample opportunity to seek deposition testimony regarding those emails after they filed their 37(c) motion, but refused to do so. *See* DE #170 (Plaintiff's Opposition). For the reasons stated in their FRCP 37(c) motion and reply (DE#s 153 and 178), Connexus and Hydra state that it would have been impossible to take discovery concerning the thousands of emails that BSI untimely produced (many of which are more than four years old) in the unilateral timeline selected by BSI. Moreover, as indicated in their FRCP 37(c) motion, Connexus and Hydra requested leave to take additional written discovery concerning the untimely produced emails so that they can prepare for depositions and submit additional expert reports. Further, since the time fact discovery closed, Connexus and Hydra have devoted their responses to addressing 26 expert reports, participating in the depositions of eight experts in this case (most of the deposition shave lasted more than one day and witnesses are located throughout the country), and reviewing voluminous back-up materials produced by the experts. And, to compound the already demanding workload, BSI untimely produced voluminous documents from their experts in close proximity to the depositions of many of their experts (some are still due and owing) which, in turn, caused depositions to be continued to later dates. Finally, Defendant Expert Dr. Fred Cohen, the primary forensic expert for Connexus and Hydra, spent hundreds of hours analyzing the emails produced in June 2008, and given other commitments on this case and others, could not possibly have completed a thiorough analysis of the new emails that BSI produced without notice. Connexus and Hydra will further brief why they would have been unable to complete meaningful discovery concerning the untimely produced emails should the Court ask for such additional information.

Wherefore, the parties respectfully request that the Court grant this Motion and enter the appropriate proposed order. Plaintiff and Defendants have each prepared a proposed order, which are filed concurrently herewith.

| /s/ | /s/ |
|---|---|
| Thomas M. Barba (US DC-MD Bar No. 28487) | Barry J. Reingold (USDC-MD Bar No. 06490) |
| John J. Duffy (US DC-MD Bar No. 28613) | John M. Devaney *(Pro Hac Vice)* |
| Jennie L. Kneedler (US DC-MD Bar No. 28617) | John K. Roche *(Pro Hac Vice)* |
| STEPTOE & JOHNSON LLP | PERKINS COIE LLP |
| 1330 Connecticut Ave NW | 607 14th Street NW, Suite 800 |
| Washington DC 20036 | Washington DC 20005-2003 |
| T: 202-429-3000 | T: 202-434-1613 |
| F: 202-429-3902 | F: 202-434-1690 |
| tbarba@steptoe.com | jroche@perkinscoie.com |
| jduffy@steptoe.com | breingold@perkinscoie.com |
| jkneedler@steptoe.com | jdevaney@perkinscoie.com |

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc., and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*

Of Counsel:
Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
Phone: (312)922-4533
Fax: (312)922-4757
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global, Inc. & Vict. Th. Engwall & Co.*

/s/
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
VENABLE LLP
575 Seventh Street, N.W.
Washington, D.C. 20004
(202) 344-4000
(202) 344-8300 (Facsimile)

Rockville MD  20850  
T: 301-251-9660  
F: 301-251-9610  
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

Dated:  October 30, 2009

*Counsel for Defendants and Third-Party Plaintiffs Connexus Corp. and Hydra, LLC*