IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC. *et al.*, | : |
| Defendants. | : |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

On October 19, 2009, the Court heard oral argument on the motion of Connexus Corp. and Hydra LLC for partial summary judgment on the ground that substantially all of BSI's claims are barred by one-year statutes of limitations. At the hearing, BSI made two arguments for the first time, which give rise to the following questions for briefing. (1) Does the decision in *Master Financial v. Crowder*[1] compel BSI's conclusion that the period of limitations for claims under Maryland's anti-spam statute is three years and not one year?, and (2) If there is a conflict between the Maryland and California statutes of limitations, which state's statute applies to BSI's claims in this case? The answer to these questions is that, even if Maryland's statute of limitations is three years, under controlling and dispositive authorities, California's one-year statute of limitations applies to and bars BSI's claims under both the Maryland and California anti-spam statutes. Since the issue of whether Maryland's period of limitations is one year or three years is therefore moot, Connexus and Hydra will discuss the questions in the reverse order as presented.

---

[1] *Master Financial, Inc. v. Crowder*, 972 A.2d 864 (Md. 2008).

**I. California's One-Year Statute of Limitations Applies to BSI's Claims Under Both Maryland and California Anti-Spam Statutes.**

If, as BSI contends, Maryland's statute of limitations for claims under the anti-spam statute is three years, then it would be in conflict with California's one-year statute of limitations, and this Court would have to resolve the conflict of laws.[2] Under the *Erie* doctrine, a federal court exercising its diversity jurisdiction to decide state law claims applies federal law to issues of procedure and the substantive law of the forum state.[3] In *Klaxon v. Stentor*, the Supreme Court held that, for purposes of the *Erie* doctrine, the substantive law of the forum state includes its conflict of law rules.[4] Accordingly, a federal court sitting in diversity applies the conflicts of law rules of the forum state.[5]

In *Van Dusen v. Barrack*,[6] the Supreme Court held that, when a case is transferred upon the defendant's motion for transfer on the grounds of convenience under 28 U.S.C. § 1404(a), the transferee court must apply the state law that the transferor court would have applied.[7] The Supreme Court reasoned that "[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."[8] The combined effect of *Klaxon* and *Van Dusen* is that, when a diversity action is transferred for convenience, the transferee district court must apply the state conflict of law rules of the forum of the transferor court. For example, in

---

[2] The California statute of limitations applicable to the anti-spam statutory claims was fully briefed in the original and reply memoranda in support of the motion for partial summary judgment.

[3] *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938).

[4] *Klaxon v. Stentor Electrical Mfg. Co.*, 313 U.S. 487, 496 (1941).

[5] *Id.*

[6] *Van Dusen v. Barrack*, 376 U.S. 612 (1964).

[7] *Id.* at 639, followed in *Motor Club of America Ins. Co. v. Hanifi*, 145 F.3d 170, 178-79 (4th Cir. 1998). *Accord Ferens v. John Deere Co.*, 494 U.S. 516 (1990) (extending holding of *Van Dusen* to cases transferred for convenience on motion of plaintiff); *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965-66 (9th Cir. 1993).

[8] *Van Dusen v. Barrack*, 376 U.S. at 639.

*Goad v. Celotex,*[9] the Court of Appeals for the Fourth Circuit affirmed the District Court for the Eastern District of Virginia's dismissal of a diversity action involving a personal injury claim that was transferred from the Eastern District of Texas on the ground that Texas's conflict of law rules required the application of the Texas statute of limitations to the tort claim, under which the claim was time barred.[10]

This case was transferred from the District Court for the Central District of California on the grounds of convenience under 28 U.S.C. § 1404(a).[11] Therefore, the question before this Court, as it would have been for the District Court for the Central District of California if the case had remained there, is as follows: If this case had been filed in California state court, what state's statute of limitations would the California court apply to the claims under the anti-spam statutes? Since California courts have answered this question in many contexts, this Court need not divine the answer. A California court would apply its own one-year statute of limitations to BSI's claims under both the California and Maryland anti-spam statutes.

Relying on *Ashland v. Provence*,[12] California courts have applied California statutes of limitation when the action is in a California forum against California residents, even when the claim arises under a foreign state's law. In *Ashland*, a Kentucky corporation sued a California resident to enforce a promissory note and guaranty. The trial court dismissed the complaint as time-barred under California's four-year statute of limitations. On appeal, the plaintiff contended that Kentucky's twelve-year statute applied, because the defendants executed the note

---

[9] *Goad v. Celotex Corp.*, 831 F.2 508 (4th Cir. 1987).

[10] *Id.* at 509; *accord Nelson v. International Paint*, 716 F.2d at 643.

[11] Beyond Systems, Inc. v. Connexus Corp. et al., C.D. Cal., No. 2:08-cv-01039-RGK-PLA, at DE 110 (Minute Order Granting Motion to Transfer, dated 11/24/08). By agreement of the parties, in lieu of moving to consolidate the transferee case with the existing case, BSI dismissed the transferee case and added the defendants to this case.

[12] *Ashland Chem. Co. v. Provence*, 129 Cal. App. 3d 790 (Cal. Ct. App. 1982).

in Kentucky, promised to pay in Kentucky, and provided in the note that Kentucky law would govern the note. Thus, the California court confronted the question of which state's law should apply to the breach of contract claim arising under Kentucky law: Kentucky's twelve-year statute, or California's four-year statute? Rejecting the traditional rule, under which courts decide conflicts of laws by applying the procedural law of the forum state and the substantive law of the foreign state in which the claim arises,[13] California courts resolve conflicts of laws by applying the governmental interest analysis.[14] Applying that analysis in *Ashland*, the court reasoned that California had an interest in seeing its statute of limitations applied, because the case was in California and against California residents, and that Kentucky had no interest in seeing its statute of limitations applied because there were no Kentucky defendants and Kentucky was not the forum.[15] Under the government interest analysis, the court affirmed application of the California statute of limitations to the Kentucky state law claims.[16]

Following *Ashland*, the federal courts in California in diversity cases have consistently held that California's statute of limitations apply when the action is brought in a California court against California residents, even though the cause of action arises under a foreign state's law.[17]

---

[13] Maryland is one state that applies the traditional substantive/procedural distinction to resolve conflict of laws issues. *See Sokolowski v. Flanzer*, 769 F.2d 975, 978 (4th Cir. 1985).

[14] *Id.* at 793-94.

[15] *Id.* at 794.

[16] *Id.*

[17] *Nelson v. International Paint,* 716 F.2d at 644 (affirming district court's application of California statute of limitations, not Alaska or Texas, in action brought in California forum against California residents by Texas resident for injury that occurred in Alaska); *Greer v. Academy Equipment Rentals*, No. C94 0120 CAL ARB (FSL), 1994 WL 443421, *3-5 (N.D. Cal., Aug. 11, 1994) (applying California statute of limitations in action brought in California forum against California residents); *Eisenberg v. Hughes*, 1 Fed. Appx. 752, 754 (9th Cir. 2001) (affirming district court's application of California statute of limitations in action brought in California forum against California residents).

Recently, in *Target v. Williams*,[18] the District Court for the Central District of California, the same court as the transferor court in this case, summarized well the law of the jurisdiction:

> [F]ollowing *Ashland,* the Ninth Circuit and the district courts have applied California's statute of limitations in cases involving California defendants in California courts. *See e.g. Handel v. Artukovic*, 601 F. Supp. 1421, 1435-36 (C.D. Cal. 1985); *Nelson v. International Paint Co.*, 716 F.2d 640, 644 (9th Cir. 1983).
>
> The parties have identified no case, and the Court could locate none, that applied a statute of limitations other than California's where the defendants were residents of California and California was the forum.
>
> The fact that the claim arose in [a foreign state] is irrelevant because the defendant resides in California and California is the forum.[19]

The Court of Appeals for the Ninth Circuit has observed that the governmental interest test usually leads to the conclusion that California's statute of limitations applies:

> Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law, and especially so where California's statute would bar a claim. California's interest in applying its own law is strongest when its statute of limitations is shorter than that of the foreign state, because a state has a substantial interest in preventing the prosecution in its courts of claims which it deems to be stale. Hence, subject to rare exceptions, the forum will dismiss a claim that is barred by its statute of limitations.[20]

As this case is not a "rare exception," these authorities are dispositive. Here, BSI filed the action in a California district court against Connexus and Hydra, both entities that were organized under Delaware law but have their principal places of business in California. Neither defendant is a

---

[18] *Target Technol. Co. v. Williams Advanced Materials, Inc.,* No. SACV 04-1083 DOC (MLGx), 2008 WL 5002935 (C.D. Cal., Nov. 21, 2008).

[19] *Id.* at *8-9.

[20] *Deutsch v. Turner Corp.*, 324 F.3d 692, 716-17 (9th Cir. 2003), *followed by Koken v. W.C.A. Svce. Corp.*, No. CIV. S-05-01487 FCD DAD, 2006 WL 3087098, * 3-4 (E.D. Cal., Oct. 30, 2006) (holding that California's interest in applying its shorter statute of limitations outweighs foreign state's interest).

5

resident of or has a presence in Maryland, and the forum is not Maryland. Therefore, a California court would apply California's one-year statute of limitations to BSI's claims under California's and Maryland's anti-spam statutes, and this Court must do the same. The Court does not have discretion to choose which state's statute of limitations to apply, contrary to BSI's suggestion at the hearing.[21]

**II.     The Decision in *Master Financial* Does Not Support BSI's Conclusion that the Limitations Period for Claims Under Maryland's Anti-Spam Statute is Three Years; the Period is One Year.**

Even if the Maryland statute of limitations were applicable to any of BSI's claims in this case, the Maryland statute of limitations is one year, notwithstanding *Master Financial*. The issue in *Master Financial*, as in the case of *Williams v. Standard Fed. Savs.*[22], was whether the statute of limitations applicable to claims under the Secondary Mortgage Loan Law (SMLL) was one or three years. The Maryland Court of Appeals agreed with the court's analysis in *Williams* and held that the statute of limitations applicable to SMLL claims is not one year but rather is twelve years. Reliance on *Master Financial* is inappropriate for the same reason that reliance on *Williams* is inappropriate: neither case involved the Maryland anti-spam statute.[23]

Maryland's SMLL and Maryland's anti-spam statute are different statutes with different purposes and different enforcement mechanisms. The purpose of the SMLL is to protect consumers from harm by lenders who make consumer loans with draconian terms, presumably based on the lender's superior bargaining power over borrowers. The SMLL controls the substantive terms of the loans, for example, by establishing maximum rates of interest and limitations on other fees, points, and charges that a lender may impose. If a lender violates the

---

[21] *Klaxon v. Stentor,* 313 U.S. at 496-97.

[22] 545 A.2d 708 (Md. App. 1988).

[23] Md. Code Ann., Com. Law §§ 14-3001-03 (Commercial Electronic Mail).

SMLL, he may not "collect any interest, costs, or other charges with respect to the loan" that are unauthorized by law.[24] The court in *Williams* correctly reasoned that the borrower's rights under the SMLL are "remedial in nature,"[25] because the borrower suffers actual damage when a lender collects interest or other fees, points, and charges that are unauthorized by law.

By contrast, the Maryland Court of Appeals has stated that the purpose of the anti-spam statute is to deter spam:

> This statute was enacted in 2002 by the General Assembly in an effort to curb the dissemination of false or misleading information through unsolicited, commercial e-mail, as a deceptive business practice. Economic Matters Committee, Fl. Rpt., HB 915, at 2. At the time of the statute's enactment, twenty-one other states had already enacted some form of statutory scheme to address the proliferation of 'spam.'"[26]

When a person receives electronic mail in violation of the anti-spam statute, the actual damages suffered are typically *de minimis*, if not nil, as evidenced by BSI's admission that its actual damages from spam BSI received from all sources (not just the defendants in this litigation) over a number of years is $31,000 and that the spam allegedly received from the defendants in this case represents only a tiny fraction of all such spam received. Therefore, to accomplish its goal of deterrence, the principal enforcement mechanism of the anti-spam statute is the penalty. The penalty in section 14-3003(3), upon which BSI relies, is not "remedial in nature," as in *Williams*, but rather is penal in nature, to give the legislatively desired deterrent effect.

No Maryland state court of any level has decided whether the one-year statute of limitations for a suit for a penalty, set forth in Md. Code Ann., Cts. & Jud. Proc. § 5-107, is applicable to claims for penalties under subsection 14-3003(3) of Maryland's anti-spam statute.

---

[24] Md. Code Ann., § Com. Law 12-413.

[25] *Williams*, 545 A.2d at 455-56.

[26] *Beyond Systems, Inc. v. Realtime Gaming Holding Co. LLC*, 878 A.2d 567, 576 (Md. Ct. App. 2004).

7

BSI seeks tens of millions of dollars of damages based on this subsection, whereas its actual damages are allegedly a tiny fraction of $31,000.  Those millions cannot fairly be characterized as anything other than a "penalty."  For this reason and the others stated in the opening and reply briefs, Maryland's one-year period of limitations on a suit for a penalty applies to BSI's claims for penalties under the Maryland anti-spam statute.

Dated:  November 9, 2009

                /s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Connexus Corp. and Hydra LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of November, 2009, a copy of the foregoing *Supplemental Memorandum in Support of Motion for Partial Summary Judgment* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

_____
Ari N. Rothman