UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 8:08-cv-00409-PJM |
| KRAFT FOODS, INC., *et al*. | ) ) | The Honorable Peter J. Messitte |
| Defendants. | ) ) ) | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.     Introduction**

At oral argument on October 19, 2009, the Court requested additional briefing on the effect of the Maryland Court of Appeals ruling in *Master Financial Inc. v. Crowder*, 972 A.2d 864, 877 (Md. 2009), decided during the pendency of the instant motion. Plaintiff Beyond Systems Inc.'s ("BSI") response follows.

On April 3, 2009, Defendants Connexus Corp. and Hydra LLC ("C/H") filed a Motion for Partial Summary Judgment with respect to BSI's Complaint in this case ("Motion"). BSI's Complaint sought actual and statutory damages for violations of Maryland Commercial Electronic Mail Act §§ 14-3001 *et seq.* and California Business & Professions Code § 17529.5, the anti-spam statutes of Maryland and California. C/H sought summary judgment on the grounds that BSI's claims as to some of the emails were barred by the applicable statutes of limitation. In its Memorandum in Opposition to Defendants Connexus Corp. and Hydra LLC's

Motion for Partial Summary Judgment, BSI demonstrated that both Maryland and California courts would apply those states' default three year statutes of limitation to their anti-spam statutes. At the hearing on the instant motion for partial summary judgment on October 19, 2009, Plaintiff noted that in the event of a conflict of laws – which would arise if this Court concluded that the Maryland and California courts would apply different limitation periods to their anti-spam statutes – this Court would have to apply the Maryland statute of limitations to both statutes under the principles set forth in *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) and *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

In their Supplemental Memorandum in Support of Motion for Partial Summary Judgment ("Supplement") Defendants claimed that the present case is governed by *Van Dusen v. Barrack*, 376 U.S. 612 (1964). *Van Dusen* involved transfers between federal courts pursuant to 28 U.S.C. § 1404. Defendants claim that *Van Dusen* applies here because this case involved a transfer. Defendants were actually *dismissed* from the original California suit and added to an existing Maryland suit via Plaintiff's Second Amended Complaint. *Van Dusen* is not applicable to such a set of facts. *See In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1306-07 (9th Cir. 1982) (refusing to apply the law of the transferor state, where transferred case was dismissed and case filed in transferee court was before the court).

## II. Maryland and California Courts Would Both Apply Three Year Statutes Of Limitation To Their Anti-Spam Statutes

Neither the Maryland nor the California anti-spam statutes have specific statutes of limitation attached to them. Rather, both Maryland and California law provide that, in the absence of a dedicated statute of limitations, a three year statute of limitations applies to any

statutory claim.[1]  Although both the Maryland and the California anti-spam statutes provide for the recovery of actual and statutory *damages*, C/H nevertheless argue in their Motion that the anti-spam statutes provide for the imposition of a "penalty" and are subject under Md. Ann. Code, Courts & Judicial Proceedings § 5-107 and Cal. Code of Civil Procedure § 340(a) to one year statutes of limitation.

BSI established in its Opposition to Motion for Partial Summary Judgment that neither the Maryland nor the California highest court would apply their one year "penalty" statute of limitations to statutes like the anti-spam statutes in this case.[2]  More than twenty years ago, the Maryland Court of Special Appeals held, based on the reasoning of the Supreme Court in *Huntington v. Attrill*, 146 U.S. 657, 673-74 (1892), that the one year limitations period under Md. Ann. Code, Courts & Judicial Proceedings § 5-107 was not intended to encompass "a private right of action to enforce a private remedy."  *Williams v. Standard Fed. Sav. & Loan Ass'n,* 545 A.2d 708, 711 (Md. Ct. Spec. App. 1988).  At the October 19, 2009 hearing, BSI noted that after the close of the pleading cycle on the Motion, Maryland's highest court had explicitly adopted the *Williams* construction of the one year statute of limitation.  *Master Financial Inc. v. Crowder*, 972 A.2d 864, 877 (Md. 2009).  Defendants' attempt to avoid the conclusive impact of this decision in their Supplement is unavailing.[3]

---

[1] *See* Md. Ann. Code, Courts & Judicial Proceedings § 5-101; Cal. Code of Civil Procedure § 338(a).

[2] A district court sitting in diversity resolves questions of state law by looking to the decisions of the highest court in the state.  If the highest court has not addressed the issue the district court must make a determination about how the highest court of the state would rule, *Rivera v. Anaya*, 726 F.2d 564, 567 (9th Cir. 1984).  It is not bound by lower court decisions.

[3] Defendants' argument that *Master Financial* does not bind this court because these cases do not concern the anti-spam statute begs the question.  *Master Financial* construes the scope of Maryland's one year statute of limitations and held that it does not include a private right of action to enforce a private remedy.  Both the Maryland and the California anti-spam

The California Supreme Court has yet to address the statute of limitations that applies to anti-spam laws like those in California or Maryland, and thus, it is for this Court to decide how California's highest court would rule. *Rivera v. Anaya*, 726 F.2d 564, 567 (9th Cir. 1984). The Ninth Circuit – the Court with presumed expertise in California law – has repeatedly held that the California Supreme Court would follow the approach set forth in *Huntington*, and apply the one year statute of limitations only when a claim is one for injury to the government rather than a civilian party. *Culver v. Bell & Loffland, Inc.*, 146 F.2d 29, 31 (9th Cir. 1944) (liquidated damages provision is not a penalty); *see also Stone v. Travelers Corp.*, 58 F.3d 434, 438-39 (9th Cir. 1995) (same).

Given the precedent in the Ninth Circuit, the unambiguous language of § 17529.5, the intent of the Legislature to aid consumers with real injury as evidenced by its legislative history, and the recent California Supreme Court holding in *Murphy v. Kenneth Cole Prods., Inc.*, 155 P.3d 284 (2007), it is clear that § 17529.5 does not create a penalty subject to a one year statute of limitations. *See Murphy*, 155 P.3d at 296 ("Where damages are obscure and difficult to prove, the Legislature may select a set amount of compensation without converting that remedy into a penalty.").

### III.   If A Conflict of Laws Exists, the District Court Must Apply the Maryland Statute of Limitations to Maryland Law Claims and Foreign Law Claims Alike

BSI originated the present case, No. 8:08-CV-00409-PJM, with a complaint filed in the District of Maryland against Defendants Kraft Foods Inc., Vict. Th. Engwall & Co. and John Does 1-20. Because this case was brought in the District of Maryland, the *Erie* doctrine requires

---

statutes are private rights of action to enforce private remedies. That a different statute providing a private right of action to enforce a private remedy was involved in the case is irrelevant. Defendant cites no support either in case law or legislative history for its *ipse dixit* that the "intent" of the anti-spam statute somehow brings claims under it within the scope of the one year limitation period.

that the Court apply Maryland's choice-of-law rules. *See Klaxon v. Stentor Elect. Mfg., Co.*, 313 U.S. 487, 496 (1941). A federal court sitting in diversity in Maryland will apply Maryland's statute of limitations because under Maryland choice-of-law rules, the statute of limitations is procedural. *Sokolowski v. Flanzer*, 769 F.2d 975, 977-78 (4th Cir. 1985). Thus, Maryland courts apply Maryland's statute of limitations to claims that arise under the substantive laws of other states. *Fischer v. Viacom International, Inc.*, 115 F. Supp. 2d 535, 538-39 (D. Md. 2000).[4] If, for example, the California Supreme Court had held that the one year statute of limitation applied to the California anti-spam statute, BSI's claim against C/H would nevertheless be subject to the Maryland three year statute of limitation. Because in the present case, both the Maryland and California anti-spam statutes are subject to three year statutes of limitation, no choice-of-law analysis is necessary.

**IV.  Connexus and Hydra Were Dismissed From the Original California Case and Added to the Maryland Case By Amendment to the Complaint and the *Van Dusen* Rule Does Not Apply in Such Circumstances**

In their Supplemental Memorandum, Defendants cite the Supreme Court's decision in *Van Dusen* and cases applying the *Van Dusen* holding to cases involving transfers under 28 U.S.C. § 1404. None of these cases involve the dismissal of claims from the original suit and the addition of the claims in another suit in another federal court, as happened here. The initial case between BSI and C/H originated in California and was transferred from the Central District of California to the District of Maryland as Case No. 8:09-CV-00080-PJM. *See* Ex. 1, Nov. 24, 2008 Order granting Defendants' Motion for Order Transferring Action. The parties then filed jointly under Fed. R. Civ. P. 41(a)(2) to dismiss the Defendants from the transferred case. *See* Ex. 2, Joint Request of Plaintiff, Defendant Connexus Corp. and Defendant Hydra LLC to

---

[4] *See also Gregoriou v. Explosives Experts, Inc.*, 2008 U.S. Dist. LEXIS 66656, *4-5 (D. Md. Aug. 25, 2008); *Doughty v. Prettyman*, 148 A.2d 438, 440 (Md. 1959).

Dismiss Connexus Corp. and Hydra LLC. Plaintiff sought, and was granted, leave to file its Second Amended Complaint, thereby adding Defendants Connexus Corp. and Hydra LLC into the present action. *See* DE # 52. In the case *In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1306-07 (9th Cir. 1982), the Ninth Circuit faced just such a set of facts and held that the *Van Dusen* rule did not apply because the transferred case had been dismissed. The same result is required in the present case. The case now before the Court was not transferred to Maryland, but was originally filed in Maryland, and had additional claims added to it.

**V.     Conclusion**

Because both Maryland and California law would apply the same three year statute of limitations to their anti-spam statutes, no conflict exists. If a conflict did exist, the Maryland statute of limitations would be applied to the claims under both statutes. Where, as here, the case before the Court was not "transferred" from another federal court, the *Van Dusen* rule does not apply. For the foregoing reasons, this Court should deny Defendants' Motion for Partial Summary Judgment.

Dated: November 24, 2009                            Respectfully submitted,

_____
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
(202) 429-3000
Fax:  (202) 429-3902
tbarba@steptoe.com
jduffy@steptoe.com

jkneedler@steptoe.com

Anthony A. Onorato (USDC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
(212) 506-3900
Fax:  (212) 506-3950
tonorato@steptoe.com

*Attorneys for Plaintiff Beyond Systems Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of November 2009, the foregoing *Plaintiff's Opposition to Defendants' Supplemental Memorandum in Support of Motion for Partial Summary Judgment* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants Connexus Corp. and Hydra LLC*

_____
Thomas M. Barba