# EXHIBIT 1

Case 2:08-cv-01039-RGK-PLA  Document 110  Filed 11/24/2008  Page 1 of 4
Case 8:08-cv-00409-PJM  Document 244-1  Filed 11/24/09  Page 2 of 6
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-01039-RGK (PLAx) | Date | November 24, 2008 |
|---|---|---|---|
| Title | BEYOND SYSTEMS, INC. v. CONNEXUS CORP., et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re Motion to Transfer (DE 86)

## I.   FACTUAL BACKGROUND

On February 14, 2008, Beyond Systems, Inc., ("Plaintiff") filed a diversity action in this Court against four defendants: Connexus Corp., Hydra Media Group, Inc. (collectively, "Movants"), MailcompanyX ("MailX"), and Sebastian Barale ("Barale") (inclusively, "Defendants").[1] Plaintiff's claims are for violation of (1) California anti-SPAM law (Cal. Bus. & Prof. Code § 17529.5), and (2) Maryland anti-SPAM law (Md. Comm. Law Code § 14-3002).

In its Complaint, Plaintiff, an internet service provider ("ISP"), alleges Defendants conspired to send and sent over 200,000 email advertisements with forged, false, or misleading header and subject-line information (illegal SPAM) to Plaintiff's customers, causing damaging congestion to Plaintiff's servers and business services. (Compl. ¶50.) Plaintiff seeks injunctive relief, attorney's fees, statutory damages of $1,000 per email, and monetary damages for, among other things, forced upgrades, increased bandwidth utilization, and loss of staff time.

On the same day that Plaintiff filed this action, it filed a separate action in the United States District Court for the District of Maryland asserting "virtually identical" claims against Kraft Foods, Inc. ("Kraft"), and others, under the Maryland anti-SPAM statute. Sometime after August 11, 2008, and in response to a defense interrogatory, Plaintiff notified Defendants that some of the offending SPAM emails at issue in the Maryland action were also at issue in this action.[2] Based on the apparent similarity of claims and evidence, and because the actions were brought by the same Plaintiff, Movants filed this

---

[1] For diversity purposes, Plaintiff is a citizen of Maryland, and Defendants are citizens of California, Delaware, and Nevada.

[2] The two actions have at least 1,000 emails in common. (Reply, 2.)

Motion to Transfer in hopes of consolidating the two actions in Maryland.[3]

Presently before the Court is Movants' Motion Transfer pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court **GRANTS** Movants' Motion.

## II.   JUDICIAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts have discretion to adjudicate motions to transfer according to "individualized case-by-case considerations of convenience and fairness." *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (U.S. 1964); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988).

## III.   DISCUSSION

In order to grant a motion to transfer under § 1404(a), a court must find that: (1) the action might have been brought in the transferee court; and (2) the convenience and the interest of justice factors weigh in favor of transfer.[4] *See Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

Movants contend that the Court should grant their Motion to Transfer because they have satisfied the above-stated requirements. For the following reasons, the Court agrees.

### A.   Plaintiff's Action Might Have Been Brought In Maryland

An action "might have been brought" in a transferee court if (1) the court would have had subject matter jurisdiction, (2) defendants would have been subject to personal jurisdiction, and (3) venue would have been proper. *Hoffman*, 363 U.S. at 343-344.

Here, Movants have demonstrated that this action might have been brought in Maryland district court because they have shown that (1) a Maryland district court would have had diversity subject matter jurisdiction because, at the time of filing, Plaintiff would have been completely diverse from all Defendants and would have alleged damages in excess of $75,000, exactly as pled in this action, (2) a Maryland district court would have had personal jurisdiction over Defendants because they had minimum contacts with Maryland arising from their allegedly sending advertising or solicitous emails to Plaintiff's servers in Maryland over a two to four year time period, and (3) venue in a Maryland district court would have been proper because Plaintiff alleges all injuries occurred to property located in Maryland.[5] Thus, this requirement is satisfied.

---

[3] Defendants MailX and Barale do not oppose this Motion. (Rothman Decl., Ex. 5). It should be noted, however, that the Clerk of the Court entered Default against MailX and Barale on November 3, 2008.

[4] The moving party has the burden of showing that the convenience of the parties and witnesses and the interests of justice require transfer to another district. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

[5] Venue is proper where a substantial part of the events giving rise to a claim occurred, or where a substantial part of the property that is the subject of the action is situated. 28 U.S.C. § 1391(a)(2).

**B.   The Balance of Convenience and Interest of Justice Factors Weigh in Favor of Transfer**

Once a court determines that an action may have been brought in the transferee forum, the final decision to transfer rests on whether a transfer in this case would be convenient and in the interest of justice. *Jones*, 211 F.3d at 498. The Ninth Circuit employs a multi-factor test when determining whether a convenience transfer is appropriate. *Id.*

The factors from the multi-factor test relevant to transfer in this action include (1) convenience of parties and witnesses, (2) interests of justice, (3) plaintiff's choice of forum, (4) ease of access to sources of proof, (5) the state that is most familiar with the governing law, (6) contacts relating to the plaintiff's claims in the chosen forum, (7) differences in the costs of litigation in the two forums, and (8) availability of compulsory process to compel attendance of unwilling non-party witnesses. *Jones*, 211 F.3d at 498-99 (listing factors relevant to this case); *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp.2d 1093, 1109 (C.D. Cal. 2007).

For the following reasons, the Court finds that these factors weigh in favor of transfer.

   1.   *Convenience of the parties and witnesses*

Movants have demonstrated that the convenience of the parties and witnesses weigh in favor of transfer because (1) Plaintiff is a citizen of Maryland, (2) Defendants have agreed to the transfer, (3) all current witnesses are willing to testify at trial in Maryland, and (4) Defendants have agreed to travel to Maryland to testify. Since the non-moving parties have not presented any contradictory arguments or evidence, the Court concludes that this factor weighs in favor of transfer.

   2.   *Interests of justice*

Movants have demonstrated that the interests of justice weigh in favor of transfer because a similar action is currently pending in Maryland district court, involving the same Plaintiff, same claim under Maryland's Anti-SPAM statute, and some of the same evidence. Since the non-moving parties have not presented any contradictory arguments or evidence, the Court concludes that this factor weighs in favor of transfer.

   3.   *Plaintiff's choice of forum*

A plaintiff's choice of forum is generally given significant weight, but such weight is diminished when the forum is not plaintiff's residence. *See New Image, Inc. v. Travelers Indem. Co.*, 536 F. Supp. 58, 59 (E.D. Pa. 1981).

Here, Plaintiff is not a California resident. Thus, the Court finds that Plaintiff's choice of forum should be granted weight, albeit less weight than if Plaintiff were a California resident.

   4.   *Ease of access to sources of proof*

Movants have demonstrated that the ease of access to sources of proof weighs in favor of transfer because Plaintiff alleges that its injury was suffered in Maryland, thus access to evidence of such injury is more easily accessible in Maryland. Since the non-moving parties have not presented any contradictory arguments or evidence, the Court concludes that this factor weighs in favor of transfer.

   5.   *The state that is most familiar with the governing law*

Movants have correctly pointed out that both California and Maryland are familiar with their respective anti-SPAM statutes. Thus, this factor does not weigh against transfer.

6. *Contacts relating to Plaintiff's claims in the chosen forum*

Movants have demonstrated that there are very little contacts between Plaintiff's claims and California. Thus, since the non-moving parties have not presented any contradictory arguments or evidence, the Court concludes that this factor weighs in favor of transfer.

7. *Differences in the costs of litigation in the two forums*

Movants have demonstrated that the differences in the costs of litigation in California and Maryland weigh in favor of transfer because the parties will no longer need counsel in California. Since the non-moving parties have not presented any contradictory arguments or evidence, the Court concludes that this factor weighs in favor of transfer.

8. *Availability of compulsory process to compel attendance of unwilling non-party witnesses*

Movants have demonstrated that the availability of compulsory process to compel attendance of unwilling non-party witnesses weighs in favor of transfer because (1) there are no witnesses who are unwilling to testify at trial, and (2) there are only two non-party witnesses who may only be able to be compelled to testify in California, but Movant does not intend to rely on one of these witnesses. Thus, since the non-moving parties have not presented any contradictory arguments or evidence, the Court concludes that this factor weighs in favor of transfer.

In conclusion, since only one factor weighs against transfer, and the non-moving parties do not oppose transfer, the Court finds that the balance of factors weigh in favor of transfer to Maryland district court.

## IV. CONCLUSION

For the foregoing reasons, Movants' Motion to Transfer is **GRANTED**.

**IT IS SO ORDERED.**

                                                                   :

Initials of Preparer      slw



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive and
Clerk of Court

**To:** Clerk, United States District Court
_____ District of Maryland
101 West Lombard Street
Baltimore, MD 21201-2605

**Re:** Transfer of our Civil Case No. CV 08-01039-RGK (PLAx)
Case Title: BEYOND SYSTEMS, INC. v. CONNEXUS CORP., et al.

Dear Sir/Madam:

**An order having been made transferring the above-numbered case to your district, we are transmitting herewith our file:**

☐ Original case file documents are enclosed in paper format.
☑ Electronic Documents are accessible through Pacer.
☐ Other: _____

Very truly yours,

Clerk, U.S. District Court

Date: 12/01/08                By  Sharon Hall-Brown  (213) 894-5883
                                  Deputy Clerk

*cc:  All counsel of record*

------------------------------------------------------------

### TO BE COMPLETED BY RECEIVING DISTRICT

**Please acknowledge receipt via e-mail to appropriate address listed below and provide the case number assigned in your district:**

☐  CivilIntakecourtdocs-LA@cacd.uscourts.gov   (Los Angeles Office)
☐  CivilIntakecourtdocs-RS@cacd.uscourts.gov   (Riverside Office)
☐  CivilIntakecourtdocs-SA@cacd.uscourts.gov   (Santa Ana Office)

Case Number: _____

Clerk, U.S. District Court

Date: _____   By _____
                               Deputy Clerk

CV-22 (09/08)          TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT