# **<u>Exhibit 1</u>**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | : | |
| | : | |
| Plaintiff, | : | Case No. 8:08-CV-00409-PJM |
| | : | |
| v. | : | The Honorable Peter J. Messitte |
| | : | |
| KRAFT FOODS, INC., et al., | : | Magistrate Judge Charles B. Day |
| | : | |
| Defendants. | : | |

**RESPONSE TO OPPOSITION TO SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

In their Supplemental Memorandum filed after the summary judgment hearing (Paper No. 239), Connexus Corp. and Hydra LLC argued that this case is subject to the doctrine in *Van Dusen* because this case was transferred from the United States District Court of California under 28 U.S.C. § 1404(a). Under the *Van Dusen* doctrine, Connexus and Hydra argued, this Court as the transferee court must apply the conflict of law principles of a California court, and a California court would apply California's one-year statute of limitations to bar both BSI's Maryland and California claims. In its Opposition, BSI does not dispute, and therefore concedes, that the *Van Dusen* doctrine, if applicable to this case, requires this Court to apply California's conflict of law principles and that a California court would apply California's one-year statute of limitations to bar BSI's Maryland and California claims. Rather, BSI argues that *Van Dusen* does not apply to this case on the ground that this case was not transferred from California. BSI contends that the transferee case was dismissed, and this case was originally filed in this judicial district. BSI's argument, if accepted, would require this Court to close its eyes to the procedural

context of the transfer of BSI's claims from California and the lodging of those claims in Maryland. The full context follows.

BSI filed suit against Connexus, Hydra, and other defendants in the United States District Court for the Central District of California on February 14, 2008. By order entered on November 24, 2008, under 28 U.S.C. § 1404(a), the California district court ordered the transfer of the case to this judicial district. (Paper No. 244-1.) On November 26, 2008, in this already pending action against Kraft and others, BSI filed a second amended complaint adding Connexus and Hydra as defendants and asserting claims substantially identical to those asserted against them in the California action. BSI did not dismiss the California action. Instead, the California case was transferred on January 15, 2009, to this judicial district and assigned case number 8:09cv00080. As a result, two identical cases were pending against Connexus and Hydra. The parties therefore jointly requested that the Court dismiss the later-filed complaint as to Connexus and Hydra, although that case continued as to the other defendants. The parties' request, and their underlying agreement, is conditioned upon no impact of dismissal on the parties' rights. In the joint request, attached to BSI's Opposition as Exhibit 2, the parties represented to the Court as follows:

> For the sole purpose of ensuring that Connexus and Hydra are Defendants in only one action before this Court, Plaintiff, Connexus, and Hydra have agreed that Connexus and Hydra should be dismissed as Defendants from 8:09-cv-00080 and proceed as Defendants in 8:08-cv-00409 only. Plaintiff, Connexus, and Hydra have entered into a separate agreement, the terms of which ensure that this dismissal will not affect any of the substantive rights of the parties with regard to claims and defenses which could have been asserted in 8:09-cv00080 and which still might be asserted.

(Paper No. 244-2.) Accordingly, the dismissal of BSI's claims against Connexus and Hydra in the transferee case is a mere formality, to facilitate judicial economy, without prejudice to the

parties' rights and without altering the fact that the claims are in this judicial district because of the transfer.

BSI cites *In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1306-07 (9th Cir. 1982), in support of its contention that *Van Dusen* does not apply to this case. *In re Aircrash* is distinguishable from this case in two material respects. First, a lower court decision noted that the "Multidistrict Litigation Panel ordered all the suits transferred to the Central District of California for pretrial supervision," and thus there is no indication that the district court in *Aircrash* transferred the venue of the case for convenience under 28 U.S.C. § 1404(a) or that there was a consolidation of a transferred case into an existing case, as here. *In re Air Crash in Bali*, 462 F. Supp. 1114, 1116 (C.D. Cal. 1978). Second, the dismissal of the claims in *Aircrash* was not expressly conditioned on the parties' agreement that dismissal would have no impact on the parties' rights with regard to the claims, as happened here. Because of those two material differences, the concerns addressed in *Van Dusen* were not implicated in the *Aircrash* case.

For all of these reasons, *Van Dusen* does apply to this case, and Connexus and Hydra respectfully suggest that the Court must apply California's one-year statute of limitations to all of BSI's claims because the California district court would have done so if the case were not transferred for convenience. Only this result honors the Supreme Court's mandate, as stated in *Van Dusen*, of treating a change of venue under § 1404(a) as, "with respect to state law, but a change of courtrooms." *Van Dusen*, 376 U.S. at 639.

Dated:  November 30, 2009                            Respectfully submitted,

                                                           /s/
                                     J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Connexus Corp. and Hydra LLC*

4