**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:08-cv-00409-PJM |
| | ) | |
| v. | ) | The Honorable Peter J. Messitte |
| | ) | |
| KRAFT FOODS, INC., *et al.* | ) | Magistrate Judge Charles B. Day |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RESPONSE TO DEFENDANT HYDRA'S MOTION FOR RETURN OF
INADVERTENTLY PRODUCED PRIVILEGED FILE**

Pursuant to the Federal Rules of Civil Procedure and the Amended Stipulated Order

Regarding the Confidentiality of Discovery Material, Plaintiff Beyond Systems, Inc. ("BSI")

hereby opposes Defendant Hydra LLC's ("Hydra") Motion for Return of Inadvertently Produced

Privileged File ("Hydra Motion") for the reasons explained more fully below.

**<u>Memorandum of Law</u>**

Plaintiff does not dispute that the subject documents are privileged and/or attorney work

product.  However, Defendant's actions and inactions regarding these documents have resulted

in a waiver of any and all applicable privileges.

The test for the clawback of inadvertently produced privileged documents, for diversity

cases applying Maryland law, is a balancing approach.  *Hopson v. Mayor & City Council of

Baltimore*, 232 F.R.D. 228, 237 (D. Md. 2005) (citing *F.H Chase Inc., v. Clack/Gifford*, 341 F.

Supp. 2d 562, 562 (D. Md. 2004)).  That test weighs the following factors:  "(1) the

reasonableness of the precautions taken to prevent the inadvertent disclosure; (2) the number of

inadvertent disclosures; (3) the extent of the disclosure; (4) any delay in measures taken to

rectify the disclosure; and (5) overriding interests of justice." *F.C. Cycles Int'l, Inc., v Fila Sport, S.p.A.*, 184 F.R.D. 64, 76 (D. Md. 1998) (citing *In re Grand Jury Investigation,* 142 F.R.D. 276, 278-79 (M.D.N.C. 1992)).  After a breach of confidentiality, the privilege holder bears the burden of convincing the court that the above factors weigh against waiver.  *Id.* at 70.

The dispositive factor at issue here is the delay that occurred after these documents were introduced at the deposition of Dr. Cohen on October 9, 2009.  Paragraph 8 of the Confidentiality Order (DE#s 87-3 & 119) makes clear that a clawback request must be made within twenty-one days of discovery of the inadvertent production.[1]  Hydra's argument that discovery of this inadvertent production occurred at some point later than October 9th is supported by neither fact nor law.  Hydra admits it became aware that these documents had been produced on October 9th and provides no explanation for why its "investigation" did not determine that the document was privileged and inadvertently produced until a full month later. *S.E.C. v. Cassano*, 189 F.R.D. 83, 86 (S.D.N.Y. 1999) (There was "no excuse for waiting twelve days" to determine that a single, identified document was privilege and therefore the privilege was waived.)

It seems more likely that Hydra ignored these documents until they were prompted by BSI on November 5, 2009 to produce similar documents also responsive to BSI's outstanding discovery requests.  Hydra Motion Ex. 4.  Unsurprisingly, other courts have held that attempting to use a document at a deposition puts opposing counsel on notice regarding that document. *See Crossroads Sys. (Texas), Inc., v. Dot Hill Sys. Corp.*, 2006 WL 1544621, at *2-5 (W.D. Tex.

---

[1] "If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of inadvertent production, the information for which a claim of inadvertent production is made shall be, including all copies, shall be returned within five (5) business days unless the receiving party intends to challenge the producing party's assertion of inadvertence, privilege or immunity."  DE#s 87-2 ¶ 8 & 119.

2006) ("Dot Hill's failure to take steps to effectuate the return of the email after specifically learning of its production at a deposition dooms its late attempts to assert the privilege."); *F.C. Cycles*, 184 F.R.D. at 78 (holding party put on notice of disclosure when privileged document was marked and used as deposition exhibit); *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, 2001 WL 1286727, at *7 (N.D. Ill. 2001) (same); *Adams Land & Cattle Co. v. Hartford Fire Ins. Co.*, 2007 WL 4522627, at *1 (D. Neb. 2007) (same).

It is remarkable that Hydra even argues that the inadvertent production was not "discovered" on October 9th when Hydra's counsel stated, "I'm worried that something got jammed into the production that shouldn't have" and then asked that the documents not be further used until the issue was resolved.  Hydra Motion Ex. 2.  Hydra's counsel also stated: "I'm not questioning that you got it from us either, unless for some reason you wanted to give out privileged materials."  *Id.*  Furthermore, the documents are clearly marked "Confidential Attorney Work Product – Attorney Client Privilege Applies."  Hydra's claim that it did not have notice on October 9th is simply incredible given that Hydra counsel acknowledged notice at the deposition.  In *Crossroads Systems*, the court found similar facts and rejected the argument that an attorney's unfamiliarity with a document used at a deposition was not notice of the inadvertently produced privilege document:

> Given that the email was addressed to an individual at Huffmanlaw.net and the fact that the email's substance related to infringement or non-infringement of the patents in suit, neither personal knowledge of the part of [the attorney at the deposition] nor the employment of any great sleuthing skills should have been necessary to put Dot Hill on notice that it had produced a document that may have contained privileged communications that were made for the purpose of securing legal advice.

*Crossroads Systems*, 2006 WL 1544621, at *2.

It took Hydra thirty days to request the return of the document.  Since Hydra's November 9th request for return of these documents exceeds the twenty-one day time period stipulated under the Confidentiality Agreement, they should not be allowed to retrieve the documents. Courts have long recognized and enforced such agreements to avoid conflicts precisely like the one presently before the Court.  *Eutectic Corp. v. Metco, Inc*., 61 F.R.D. 35, 43 (E.D.N.Y. 1973) (enforcing clear terms of a protective order:  "The court can perceive no sound reason of public policy to rewrite an agreement which facilitates disclosure, closely protects a legitimate privilege, and contemplates a cooperative effort by both parties"); *Nat'l Indus. Transformers, Inc. v. Atl. Mut. Ins. Co.*, 1993 WL 158373, at *5-6 (S.D.N.Y. 1993) (upholding clawback provision of protective order when producing party complied with three day notice requirement). BSI and Hydra agreed on a specific time period, twenty-one days, so that there could be no confusion as to what period of time would be appropriate for a clawback request and so there would be no need to litigate what would be a "reasonable" period of time for such request. Enforcement of this agreement weighs in the interest of justice as it is patently unjust for the parties to agree upon a deadline for clawing back inadvertently produced documents and then to allow on of the parties to disregard the indisputable terms of that agreement.  Hydra agreed to a twenty-one day deadline.  The court approved this agreement.  Now Hydra is refusing to live up to the clear terms to which it agreed.

Regarding the other factors, Hydra has provided no facts or argument as to the reasonableness of measures it took to avoid this inadvertent production.  *Bensel v. Air Line Pilots Ass'n*, 248 F.R.D. 177, 180 (D.N.J. 2008) (finding privilege was waived, in part, because privilege holder had not submitted evidence regarding the precautions that had been taken to avoid disclosure).  This is a fatal failure to meet the burden imposed by *F.C. Cycles Int'l Inc,* 184

F.R.D. at 70.  BSI contends that the resulting production demonstrates that those measures were grossly inadequate.  The subject spreadsheets were produced on two separate occasions.  First, Hydra provided these spreadsheets to Dr. Cohen and then, later, the documents were also produced to BSI.  Hydra counsel reviewed the production on both occasions.  Had Hydra employed reasonable measures to prevent inadvertent productions, the documents in question should have been identified by Hydra prior to at least one of these productions.  *Parra v. Bashas', Inc*., 2005 WL 6182338, at *6 (D. Ariz. 2005), *rev'd in part on other grounds*, 536 F.3d 975 (9th Cir. 2008) (first act of disclosure was inadvertent but the second was reckless and therefore waived the privilege).  Hydra's failure to catch these documents after two separate screening opportunities indicates that Hydra failed to employ reasonable measures.

Finally, the fact that this document was disclosed to Dr. Cohen weighs strongly in favor of waiver under the interests of justice factor.  The subject spreadsheets were not simply produced to BSI, they were provided to one of Hydra's expert witnesses.  As the Sixth Circuit Court of Appeals recently held, the majority rule is that "Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts."  *Reg'l Airport Auth. of Louisville v. LFG, LLC*, 460 F.3d 697, 717 (6th Cir. 2006), *rehearing denied in part*, (Oct. 3, 2006); *see also In re Pioneer Hi-Bred Intern., Inc*., 238 F.3d 1370, 1375 (Fed. Cir. 2001) ("[D]ocuments and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report.").

Hydra cites to a single district court case as an exception to this majority rule.  *Rhone-Poulenc, Inc. v. Int'l Ins. Co*., No. 94 C 3303, 1997 WL 264299 (N.D. Ill. May, 9, 1997).  *Rhone* held that where there was no evidence that the expert had "taken into account" the privileged

document, there was no waiver.  *Id*. at *8.  Here, Dr. Cohen testified that he received the subject

documents, that they "might have been considered" and that he was uncertain "whether or to

what extent I looked at this."  Hydra Motion, Ex. 2.  Even in his self-serving declaration, Dr.

Cohen's denial of his consideration of these documents is qualified.[2]  BSI contends that it

offends justice to allow Hydra to clawback a document that was provided to, and may have been

considered by one of Hydra's experts.  Fed. R. Civ. P. 26(a)(2)(B) exists precisely to ensure the

production of documents considered by expert witnesses.  Compelling the return of these

documents circumvents the intent of this rule, is contrary to the majority interpretation of this

rule, and provides Hydra's exclusive access to the information contained therein.  This is unjust.

BSI followed the terms of the protective order by not making use of the documents at issue here.

By contrast, when BSI inadvertently produced documents and timely requested their return,

Hydra, rather than reserving the documents, instead quoted the documents in their motion

opposing return.  Thus, Hydra has disregarded the protective order's requirements before and

now seeks to skirt them again.  Therefore, fairness dictates the disclosure of the documents.

 For the foregoing reasons, BSI respectfully requests that the court deny Hydra's motion.

---

[2] "To the best of my knowledge, I did not view the documents…To the best of my knowledge, I was never asked by counsel for Hydra to view or use Exhibits 220, 221, 223 or 224."  Hydra Motion Ex. 3 ¶ 3.

Dated:  December 3, 2009                    Respectfully submitted,

_____
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
T: (202) 429-3000
F: (202) 429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
T: (212) 506-3900
F: (212) 506-3950
tonorato@steptoe.com

*Attorneys for Plaintiff Beyond Systems Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December 2009, the foregoing *Response to Defendant Hydra's Motion for Return of Inadvertently Produced Privileged File* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants Connexus Corp. and Hydra LLC*



_____
Thomas M. Barba