IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | : |
| Plaintiff, | : |
| | : Case No. 8:08-CV-00409-PJM |
| v. | : |
| KRAFT FOODS, INC., et al., | : The Honorable Peter J. Messitte |
| Defendants. | : Magistrate Judge Charles B. Day |

**INTERIM SEALING MOTION AND**
<u>**MOTION TO CHALLENGE CONFIDENTIALITY**</u>

Defendants Connexus Corp. and Hydra LLC file this Interim Sealing Motion and Motion to Challenge Confidentiality because Plaintiff Beyond Systems, Inc. ("BSI") and Third-Party Defendants Joe Wagner and Hypertouch, Inc. are demanding that certain information filed today with Defendants' Summary Judgment Motion be sealed notwithstanding that the Court already found that substantially similar (and in one case identical) information is not "Confidential" under the Confidentiality Order.[1]  The information is in Exhibits 6, 7, 9, 10 and 22 attached to the Summary Judgment Motion, and involves (1) coordination between BSI and Hypertouch to file lawsuits, (2) BSI's and Hypertouch's aggregate/non-specific proceeds from litigation, and (3) BSI's aggregate/non-specific revenue data.  For the reasons explained below, Connexus and Hydra request <u>temporary</u> sealing as required by the Confidentiality Order but also request that the Court order the entire Motion for Summary Judgment and exhibits thereto be filed publicly

---

[1] In response to requests from Connexus and Hydra, BSI and Joe Wagner/Hypertouch withdrew their claims of confidentiality concerning many of the documents they produced and thus the parties were able to minimize the number of issues in this motion.  Thus, the only information subject to this motion is information that BSI and Joe Wagner/Hypertouch still claim is confidential.  Connexus and Hydra will promptly withdraw this motion if the parties are able to resolve the issues identified herein.

after the applicable time period (14 days) for any response expires under Local Rule 105.11. (*See also* DE# 87-3 at ¶ 2.)

## MEMORANDUM OF LAW

The Confidentiality Order allows information to be filed under seal if it reflects "sensitive personal information, trade secrets or other confidential research, development, or commercial information." (DE# 87-3 at ¶ 1(a).) The Confidentiality Order further states that "Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion." (DE# 87-2 at ¶ 2.) However, "the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 4 of this Confidentiality Order" and "[t]he burden of proving the confidentiality of designated information remains with the party asserting such confidentiality." (*Id.* at ¶¶ 2, 4.) The Court should order that all of the information at issue in this motion be filed publicly.

### A.     Efforts to Manufacture Lawsuits.

Exhibits 9 and 22 to Defendants' Summary Judgment Motion reflect specific efforts by BSI and Joe Wagner/Hypertouch to manufacture this and other litigation, and these exhibits are not "Confidential" per this Court's prior orders. Specifically, Connexus and Hydra challenged the confidentiality of six similar exhibits that reflected "discussions between Paul Wagner/BSI and Joe Wagner/Hypertouch concerning their plans to collect and organize email for purposes of manufacturing lawsuits." (DE# 132 at 2.) BSI conceded that five of these exhibits were not "Confidential" and the Court ordered the final document to be filed publicly. (DE# 188 at 2.) The Court also ruled in a separate order that the sending of emails between Joe Wagner/Hypertouch and BSI is not "Confidential." (DE# 142 granting DE# 84.) Exhibits 9 and

22 reflect BSI's efforts to manufacture litigation with Joe Wagner/Hypertouch, and the information in these exhibits is no different than information that the Court already found is not "Confidential." Therefore, the Court should order that Exhibits 9 and 22 be filed publicly.

### B.     Aggregate and Non-Specific Litigation Proceeds.

Exhibits 6 and 10 reflect BSI's and Joe Wagner/Hypertouch's aggregate litigation proceeds, and they do not identify any parties, case names (or even whether the proceeds were received before suit was filed), emails at issue, or anything else that would enable anyone to connect the litigation proceeds to any particular case they initiated or threatened to initiate. And, the Court already has held that there is nothing "Confidential" about aggregate litigation proceeds, as when the Court ordered BSI to produce such information the Court held that "Defendants are correct to note that confidentiality is a non-issue, as Defendants only seek aggregate amounts, not amounts for any particular settlement." (DE# 233 at 2.) Because the litigation proceeds in these exhibits are mere aggregate amounts, they are clearly not "Confidential" under this Court's orders and the Court should order that they be filed publicly.

### C.     Aggregate and Non-Specific Revenue Information.

Exhibits 7 and 10 reflect aggregate revenue information of BSI and Joe Wagner/Hypertouch, and aggregate revenue information does not meet the definition of "sensitive personal information, trade secrets or other confidential research, development, or commercial information" as required by the Confidentiality Order. (DE# 87-3 at ¶ 1(a).) The cited information does not identify the sources of income by customer, or by services or goods sold other than by lumping together oblique and vague categories of alleged income sources. Thus, as with the litigation proceeds, nobody can tell how much revenue BSI or Joe Wagner/Hypertouch generated from whom or any specific source and, as such, it is mere

aggregate information just like litigation proceeds that the Court already held is not "Confidential." (DE# 233 at 2.)  Further, the Court already held that <u>specific</u> loss information detailing BSI's alleged actual damages caused by unlawful emails is not Confidential, and the information in Exhibits 7 and 10 is far more general. (DE# 142, granting DE# 84).  Thus, the Court should order that Exhibits 7 and 10 be filed publicly.

* * *

For these reasons, Connexus and Hydra request that the Court <u>temporarily</u> seal the information at issue in this motion but that the Court order the entire Motion for Summary Judgment and exhibits thereto be filed publicly after the applicable time period (14 days) for any response expires under Local Rule 105.11. (*See also* DE# 87-3 at ¶ 2.)


Dated:  December 18, 2009                                 /s/
                                             J. Douglas Baldridge (US DC-MD Bar No. 11023)
                                             Lisa Jose Fales (US DC-MD Bar No. 08141)
                                             Ari N. Rothman (US DC-MD Bar No. 17560)
                                             VENABLE LLP
                                             575 7th Street, N.W.
                                             Washington, DC  20004-1601
                                             (202) 344-4000 (phone)
                                             (202) 344-8300 (fax)
                                             jdbaldridge@venable.com
                                             ljfales@venable.com
                                             anrothman@venable.com
                                             *Attorneys for Connexus Corp. and Hydra LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of December, 2009, a copy of the foregoing *Interim Sealing Motion and Motion to Challenge Confidentiality* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　Ari N. Rothman