IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

|                     |   |                                |
|---------------------|---|--------------------------------|
| BEYOND SYSTEMS, INC. | : |                                |
|                     | : |                                |
| Plaintiff,          | : | Case No. 8:08-CV-00409-PJM     |
|                     | : |                                |
| v.                  | : | The Honorable Peter J. Messitte |
|                     | : |                                |
| KRAFT FOODS, INC., et al., | : | Magistrate Judge Charles B. Day |
|                     | : |                                |
| Defendants.         | : |                                |
|                     | : |                                |

**MOTION FOR STAY AND
PROTECTIVE ORDER PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

Defendants and Third-Party Plaintiffs Connexus Corp. and Hydra LLC move the Court pursuant to FRCP 26(c) and the Court's inherent powers for an order staying all discovery and holding the case in abeyance pending resolution of pending summary judgment motions they filed that, if granted, will dispose of all of Plaintiff Beyond Systems, Inc.'s ("BSI") claims.[1] "Good cause" exists to enter a stay because it will conserve valuable judicial resources and those of the parties by avoiding costly discovery and related motions practice that will be wholly unnecessary if the summary judgment motions are granted, as none of the discovery contemplated by the parties is relevant to any of the issues in pending motions. For these reasons and as more fully explained in the below memorandum of law, Connexus and Hydra request that the Court grant the relief they seek. Connexus and Hydra file their Local Rule 104 Certificate of Conference contemporaneously herewith.

---

[1]      Fact and expert discovery are closed. However, the parties submitted a Motion for Entry of Case Schedule on October 30, 2009 (DE# 230) requesting that the Court enter certain deadlines, but the filing of the summary judgment motion by Connexus and Hydra and other circumstances described herein, including the passage of time and BSI's untimely production of additional analyses concerning emails at issue, render the dates requested by that motion moot and/or no longer feasible.

## MEMORANDUM OF LAW

### I.    FACTUAL BACKGROUND

BSI filed suit against Connexus and Hydra on February 14, 2008 in the United States District Court for the Central District of California for violations of the California and Maryland email statutes.  The parties engaged in several months of fact discovery after which the litigation was transferred to this judicial district and consolidated with this action in early 2009.  The parties then conducted extensive fact and expert discovery for several additional months.  To date, the parties have produced tens of thousands of documents, conducted at least 57 depositions, exchanged 27 expert reports, and conducted other discovery that has exhausted valuable resources.

Pursuant to the Court's scheduling orders, fact discovery closed in May 2009 and all expert reports were due by September 23, 2009. (DE #s 76-77, 226-227.)  Notwithstanding these Court mandated deadlines, BSI violated these orders by obtaining, generating and producing voluminous documents and a supplemental expert report that will require exclusion under FRCPs 16 and 37 or, at a minimum, further discovery by Connexus and Hydra.  The parties also contemplate discovery concerning third-party claims pending against Joe Wagner/Hypertouch in light of the Court's denial of Joe Wagner/Hypertouch's motion to dismiss, and emails at issue in the case in light of the Court's December 7, 2009 ruling on the FRCP 37(c) motion that Connexus and Hydra filed.

On December 18, 2009, Connexus and Hydra filed a summary judgment motion demonstrating that BSI lacks standing, BSI consented to receive the emails over which it sues (including by entering into an agreement from Joe Wagner/Hypertouch to receive and save tens of thousands of emails at issue), BSI's claims are preempted by CAN-SPAM (the federal

analogue to the state statutes at issue here), and BSI's claims fail as a matter of law. (DE# 257.)

If the motion is granted then it will dispose of all of BSI's claims.  Also pending before the Court

is a motion for partial summary judgment that Connexus and Hydra filed on the ground that a

substantial portion of BSI's claims are barred by applicable statutes of limitation. (DE# 83.)

This motion is fully briefed and ripe for adjudication, and if it is granted then it will dispose of a

substantial portion of BSI's claims even if the broader summary judgment motion is denied.

## II.      ARGUMENT

FRCP 26(c) provides that "[t]he court may, for good cause, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Thus, as BSI's counsel has previously argued, "[a] protective order under Fed. R. Civ. P. 26(c) to

stay discovery pending determination of a dispositive motion is an appropriate exercise of the

court's discretion." *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003) (citations

omitted) (cited by Joe Wagner/Hypertouch at DE# 166 at 2.)  Indeed, "[a] stay of discovery

pending the determination of a dispositive motion is an eminently logical means to prevent

wasting the time and effort of all concerned, and to make the most efficient use of judicial

resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2

(D.D.C. 2001) (internal quotations and citations omitted) (cited by Joe Wagner/Hypertouch at

DE# 166 at 5.)

Good cause exists here to stay all additional discovery and otherwise hold the case in

abeyance until after the Court rules on the pending dispositive motions.  First, the discovery BSI

recently indicated it needs as to recent Hydra emails (identification of advertisers and affiliates,

and image files in the emails) is irrelevant to the issues presented in the summary judgment

motions. (Ex. 1, 12/16/09 T. Onorato Ltr.)  Connexus and Hydra demonstrate in their summary

judgment motions that (1) BSI lacks standing because it is a lawsuit factory and not a legitimate internet service provider that the California or Maryland statutes intended to protect, (2) BSI consented to receive the emails over which it sues, *inter alia*, by setting "spam traps" and agreeing to receive emails from Joe Wagner/Hypertouch, (3) BSI's claims are preempted because BSI cannot prove common law fraud as it is required to do to survive CAN-SPAM's express preemption clause, and (4) many of BSI's claims fail as a matter of law including because they are time-barred and regardless of the content of the emails.  Thus, any discovery pertaining to these issues is either in the sole possession, custody and control of BSI and Joe Wagner/Hypertouch and already produced (standing, consent, preemption), or is irrelevant because BSI's claims fail as a matter of law (preemption, statute of limitations, BSI's claims fail as a matter of law for other reasons).  Therefore, BSI does not need any discovery to respond to the summary judgment motions.

Second, Hydra does not need any discovery concerning new emails that BSI produced (the Court excluded the recently produced emails as to Connexus pursuant to FRCP 37(c)) unless the summary judgment motions are denied given BSI's representations that "BSI provided all of the information that Hydra requested in discovery regarding [the new 18,500] emails by May 22, 2009" and that the emails "will not disrupt the trial because it relies on similar theories of attribution and falsity as those relied on by BSI as to the June 2008 emails at issue" (but Hydra disagrees that BSI produced everything that Hydra requested as to these new emails). (DE# 170 at 7.)

Third, Connexus and Hydra will be prejudiced by wasting unnecessary resources engaging in substantial discovery that will be moot if the summary judgment motions are granted.  Connexus and Hydra already exhausted valuable resources participating in no less than

57 depositions and addressing 27 expert reports, analyzed tens of thousands of documents, and engaged in substantial motions practice on a broad range of discovery issues that has cost tens if not hundreds of thousands of dollars.  Further, the discovery BSI now seeks is overreaching and contrary to applicable rules this Court's orders in all events.  For example, BSI has the temerity to demand discovery <u>about emails that the Court expressly barred BSI from using as evidence</u> at trial after as a sanction for BSI untimely production of them, and seeks discovery about other emails that BSI is <u>not</u> and never was suing Connexus or Hydra over. (Ex. 1, 12/16/09 T. Onorato Ltr. at 7; Ex. 2, 12/7/09 Hrg. Trans. at 35:11-13; 48:23-25.)[2]  Moreover, and although discovery has closed, BSI continues to violate this Court's scheduling orders by obtaining and dumping voluminous documents and supplemental expert analyses after court mandated deadlines, and there is no end in sight as Paul Wagner testified in his November 13, 2009 deposition that "[t]here's more in the hopper." (Ex. 3, 11/13/09 P. Wagner Dep. at 1564:11-23.)  Thus, as BSI's counsel has previously argued to this Court when it sought to stay discovery pending resolution of the dispositive motion it filed for Joe Wagner/Hypertouch, addressing the pending discovery "demands time and resources — time and resources that will be unnecessarily wasted" if the Court grants the pending dispositive motions. (DE# 166 at 5.)  *See also Tilley*, 270 F. Supp. 2d at 735 (entering protective order staying discovery where defendant filed dispositive motion) (cited by Joe Wagner/Hypertouch at DE# 166 at 2); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990) ("The protective order suspended activity until a decision could be made on the summary judgment motion.  The trial court sought to resolve an issue that might preclude the need for the discovery altogether thus saving time and expense.") (cited by Joe

---

[2]      These are just two examples of BSI's ridiculous discovery demands that Connexus and Hydra are not required to respond to at all much less during the pendency of dispositive motions. Connexus and Hydra will further brief the scope of BSI's discovery demands as circumstances warrant.

Wagner/Hypertouch at DE# 166 at 5); *Chavous*, 201 F.R.D. at 2 (D.D.C. 2001) (cited by Joe

Wagner/Hypertouch at DE# 166 at 5.)

Fourth, no prejudice will result to any of the parties.  Indeed, the Court and all parties will

benefit by conserving resources.  Moreover, BSI has investigated the parties and emails at issue

in this lawsuit since at least 2004, waited until 2008 to file suit, and then delayed producing

thousands of emails over which it sues and the bases for suing over thousands of others until

May 2009. (*See, e.g.,* DE# 178 at 5-8.)  BSI cannot possibly complain about the modest stay

Connexus and Hydra seek.

Finally, the Court should stay all discovery and not just discovery pertaining to the third-

party claims because all of the claims will be tried together.  By way of their third-party

complaint, Connexus and Hydra seek indemnification and contribution from Joe

Wagner/Hypertouch because Joe Wagner/Hypertouch sent tens of thousands of the emails at

issue in this case. (DE# 145-2 at 18-21.)  Connexus and Hydra also defend against BSI's claims

based on these same undisputed facts.  Thus, the third-party claims are so intertwined with BSI's

claims and the defenses of Connexus and Hydra that trying all claims together is mandated to

conserve judicial resources and those of the parties.  Indeed, Maryland law expressly

contemplates indemnification claims like those here to be tried simultaneously with the

underlying claims for this very reason. *See, e.g. Max's of Camden Yards v. A.C. Beverage*, 913

A.2d 654, 661 n. 3 (Md. 2006) ("a claim for contribution and/or indemnity can be made in the

underlying plaintiff's action").  And, Joe Wagner/Hypertouch have not sought severance of the

third-party claims under FRCP 14(a)(4) and FRCP 42(b), and any effort to do so would be futile

in all events. *Adams v. NVR Homes, Inc.*, 2000 WL 1859001, **1-2 (D. Md. Dec. 14, 2000)

(declining to bifurcate third-party complaint for indemnification because "the claims, cross-

claims and third-party claims are inextricably connected" and "impleading the Third-Party

Defendants will economize judicial resources and the resources of the Defendants [because the]

third-party claims arise out of the same circumstances underlying the Plaintiff's action");

*Strychasz v. Maron Construction Co., Inc.*, No. Civ. 3:01CV2063, 2002 WL 32500874, *1, 4-5

(D. Conn. July 16, 2002) (denying third-party defendant's motion to sever indemnification

claims because the "similarity of the claims" made it "inefficient to stay proceedings on the third

party complaint pending outcome of the original action, then to commence a separate action if

defendants are found liable" and "[b]oth matters may be simultaneously resolved without

substantial prejudice to any party").  Thus, because <u>all</u> claims will be tried together, <u>all</u> discovery

should be stayed because all discovery will need to be completed before trial.  Alternatively, all

discovery should proceed and not just those pertaining to BSI's claims.

### III.    CONCLUSION

For these reasons, Connexus and Hydra request that the Court stay all remaining

discovery pending the resolution of the dispositive motions pending with the Court.[3]

Respectfully submitted,

Dated:  December 21, 2009

_____/s/_____
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp. and Hydra LLC*

---

[3]       BSI believes Connexus did not produce a small number of "html creatives" pertaining to emails BSI produced in June 2008. (Ex. 1, 12/16/09 T. Onorato Ltr.)  Some of these documents were produced months ago, and Connexus will search for and others (if Connexus has them) irrespective of whether the Court grants this motion.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 21st day of December 2009, a copy of the foregoing *Motion for Stay and Protective Order Pending Resolution of Summary Judgment Motion* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Darrell J. Graham
THE LAW OFFICE OF DARRELL J.
GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc., Joe Wagner/Hypertouch, Inc.*

_____ /s/ _____
Ari N. Rothman