# Exhibit 1

## AGREEMENT AS TO EFFECT OF VOLUNTARY DISMISSAL

This Agreement as to Effect of Voluntary Dismissal (the "Agreement") is made and entered into between and among Beyond Systems, Inc. ("BSI"), Connexus Corp. ("Connexus") and Hydra LLC ("Hydra") (collectively, the "Parties").

WHEREAS, BSI is a plaintiff in an action (*Beyond Systems, Inc. v. Connexus Corp. et al.*, 08-cv-1039 (RGK)(PLAx) (C.D. Cal.) ("California Action")) in which Connexus and Hydra are defendants;

WHEREAS, Connexus and Hydra filed a motion to transfer in the California Action in which they asserted that the California Action should be transferred for the convenience of the parties and witnesses and, therefore, would be properly lodged in the United States District Court for the District of Maryland;

WHEREAS, the Parties agree that, solely for the convenience of the parties and witnesses and without waiving any rights or defenses (other than those waived in paragraph 2, below), the portion of the California Action pertaining to Connexus and Hydra should be transferred and consolidated with the action filed by BSI and pending in the United States District Court for the District of Maryland, namely *Beyond Systems, Inc. v. Kraft Foods, Inc., et al.*, 08-cv-409 (PJM) ("Maryland Action"), and that Connexus and Hydra should be dismissed from the California Action;

WHEREAS, the Parties agree that BSI will seek leave to file an amended complaint in the Maryland Action naming Connexus and Hydra as defendants;

WHEREAS, Connexus and Hydra by entering into this agreement do not admit to any wrongdoing or liability;

WHEREAS, the Parties agree that, if the Court has not granted BSI's request for leave to file an amended complaint by December 1, 2008, BSI will file a new action in the United States District Court for the District of Maryland naming Connexus and Hydra as defendants;

WHEREAS, the Parties agree that, regardless of whether Connexus and Hydra become defendants in the Maryland Action, or in a new action filed by BSI in the District of Maryland, BSI, Connexus, and Hydra will file a stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) in the California Action on or before December 1, 2008, subject to Paragraph 2 below;

WHEREAS, the Parties believe that it is appropriate to agree to the following in order to protect their respective rights given the intention to file a stipulation of dismissal;

NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL CONVENANTS CONTAINED HEREIN AND FOR THE MUTUAL BENEFITS TO BE DERIVED THEREFROM, THE PARTIES AGREE as follows:

1. **Term.** The term of this Agreement shall be from the date of execution of the last signatory to this Agreement ("Effective Date") through and including the completion of any proceedings covered by this Agreement, including any appeals. The term of this Agreement may be extended by written agreement of the Parties.

2. **Claims.** The Parties agree that any statute of limitations, statute of repose, laches, or any other defense based on the passage of time applicable to any claim against Connexus and/or Hydra made by BSI in the initial complaint filed in the California Action is tolled and suspended from February 14, 2008 until the time that Connexus and

Hydra become defendants to an action in the District of Maryland, whether that be in the Maryland Action or a new action filed in the District of Maryland. This tolling and suspension will not expire upon the dismissal of Hydra and Connexus from the California Action. Nothing in this Agreement shall operate to revive or extend the time for filing any claim that was already time-barred or barred by a time-related defense as of the Effective Date. Further, Connexus and Hydra agree that they will not contest the District of Maryland's subject matter jurisdiction, or personal jurisdiction over them, once they are parties to an action in the District of Maryland, nor will they argue that venue is improper. Third, the Parties agree that they will not object to the use of deposition testimony obtained from any witness in the California Action who cannot be compelled to appear in the action in Maryland on the basis that such witness is unavailable. The parties by way of this agreement do not waive any other evidentiary objections to the admissibility of deposition testimony (relevance, for example), and reserve all rights to conduct *de bene esse* depositions after the discovery deadline as circumstances warrant and court rules and orders permit. Fourth, after filing the stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) in the California Action, Plaintiff agrees not to re-file any action against Connexus and/or Hydra based on the same e-mail messages at issue in the California Action in any jurisdiction other than the District of Maryland as contemplated herein.

3. **Agreement Does Not Waive Any Other Defenses.** This Agreement shall not in any manner waive any rights, defenses, arguments, claims or causes of action which any party has against any other party, except as provided in Paragraph 2 of this Agreement.

4. **Agreement Not Admission.** This Agreement shall not be considered or construed as a declaration against interest, an admission of liability, or concession of any kind on the part of any of the Parties and shall not be offered or received into evidence in any litigation among the Parties except as is necessary to enforce the terms of this Agreement.

5. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Maryland, and the Parties hereby agree to submit themselves to the jurisdiction of the federal and state courts within the State of Maryland for the purposes of enforcing the terms of this Agreement. This Agreement may not be altered or amended except in a writing executed by the Parties.

6. **Counterparts.** This Agreement may be executed by transmission of signatures by facsimile, and may be executed in counterparts which shall together form a single Agreement.

7. **No Court Filing Needed.** This Agreement is effective as of the Effective Date without the requirement of filing with a court in advance a complaint covering the subject of this Agreement and without the requirement of endorsement by a court.

8. **Authority.** The undersigned represent that they are fully authorized to enter into the terms and conditions of this Agreement and to execute and bind the Parties they represent.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their counsel on the dates indicated below.

|  |  |  |
|---|---|---|
|  |  | BEYOND SYSTEMS, INC. |
| Date: __11/25__, 2008 | By: | _TMBarba_ (signature)<br>Thomas M. Barba<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Ave., N.W.<br>Washington, D.C. 20036 |
|  |  | CONNEXUS CORP. |
| Date: _____, 2008 | By: | _____<br>J. Douglas Baldridge<br>Venable LLP<br>575 Seventh St., N.W.<br>Washington, D.C. 20004 |
|  |  | HYDRA LLC |
| Date: _____, 2008 | By: | _____<br>J. Douglas Baldridge<br>Venable LLP<br>575 Seventh St., N.W.<br>Washington, D.C. 20004 |

5

BEYOND SYSTEMS, INC.

Date: _____, 2008          By: _____
                                          Thomas M. Barba
                                          STEPTOE & JOHNSON LLP
                                          1330 Connecticut Ave., N.W.
                                          Washington, D.C. 20036


CONNEXUS CORP.

Date: __11/25/08_____, 2008          By: _____
                                          ~~J. Douglas Baldridge~~ Ari Rothman
                                          Venable LLP
                                          575 Seventh St., N.W.
                                          Washington, D.C. 20004


HYDRA LLC

Date: __11/25/08_____, 2008          By: _____
                                          ~~J. Douglas Baldridge~~ Ari Rothman
                                          Venable LLP
                                          575 Seventh St., N.W.
                                          Washington, D.C. 20004

5