UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS CONNEXUS CORP.'S
AND HYDRA LCC'S MOTION FOR STAY AND PROTECTIVE ORDER
PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

Plaintiff Beyond Systems, Inc. ("BSI") opposes Connexus Corp.'s ("Connexus") and Hydra LLC's ("Hydra") (collectively, "C/H") motion to "stay all discovery"[1] ("Defs.' Mot. to Stay") pending resolution of its recently-filed motion for summary judgment.[2] This effort to cut off motions necessary to enforce this Court's discovery orders and to permit the completion of authorized discovery is a fitting capstone to the Connexus/Hydra campaign of contumacy.  At

---

[1] C/H also requests this Court "to hold this case in abeyance," but they do not explain how this differs from the stay they seek.  Defendants' motion relies on Fed. R. Civ. P. 26(c), which addresses protective orders with respect to discovery, and their proposed order seeks only a stay of all discovery, therefore, Plaintiff believes the request for an "abeyance" is redundant or superfluous.

[2] C/H's Motion to Stay Discovery is founded on its Dec. 18, 2009-filed Motion for Summary Judgment, but the title of the instant motion refers to "Dispositive Motions" plural as the basis for a stay.  Defendants mention in passing their pending Motion for Partial Summary Judgment, which contends that the statute of limitations bars, perhaps, *some* of the emails at issue.  C/H's argument with respect to motions pending on dispositive issues therefore does not apply to the Motion for Partial Summary Judgment, and in any event, on Dec. 8, 2009, this Court ordered the addition of over 20,000 emails to the case as to Hydra, most of which were sent to BSI after BSI filed its complaint and which would not be affected by the statute of limitations no matter how it is construed.

bottom, C/H offers no support for this extraordinary request other than the unremarkable observation that *if* this Court grants summary judgment on a issue that would be dispositive of the case, the parties' efforts to continue to prosecute or defend these claims would, in hindsight, have been unnecessary.  This same observation can be made, of course, with respect to almost every case in which a motion for summary judgment has been filed, and if it were sufficient to justify "staying all discovery" the practice would be automatic, which it is not.  C/H does not point to any unique circumstances in this case that would justify a deviation from the general practice that the filing of summary judgment does not result in a "stay of all discovery" or an "abeyance," and Defendants' case law lends no support for the extraordinary relief they seek.

Further, not only is such a stay unwarranted and unsupported by the case law, but a stay of all discovery would prejudice Plaintiff by further delaying or blocking outright its receipt of long-overdue information to which it is entitled (and which this Court has ordered produced) and which it needs to defend against summary judgment, as well as information supporting its own motions for summary judgment and its case at trial.

C/H's request for a stay of all discovery in this case does not represent a good faith proposal to conserve party and judicial resources; rather, it is just the most recent obstruction to BSI's efforts to obtain evidence to which it is entitled under the Federal Rules of Civil Procedure.  As a result of Defendants' tactics, BSI:  (1) has had to file a currently-pending motion to compel expert discovery following C/H's refusal to produce their expert to complete his deposition [DE#246]; (2) has had to file a currently-pending motion to enforce this Court's December 8, 2009 Order concerning discovery owed to BSI since November 2008 [DE#264]; and (3) has been delayed in completing its analysis of "creatives" (*i.e.*, matching images and HTML code from Defendants' files to the emails at issue), which documents Defendants were ordered in July 2009 to produce.  Securing a complete production of those documents is likely to

require Plaintiff to file a motion to enforce this Court's July 2009 order.[3]  In addition, (4) Plaintiff might need to depose Defendants' expert should he serve a second supplemental expert report – another item long past due, and (5) there is also the possibility of the need for Rule 56(e) discovery as well.  At the very least, this substantial remaining discovery – much of it court-ordered – is what Defendants seek to cut off by way of their motion.  The prejudice to Plaintiff is patent.  C/H should not be permitted to further avoid its discovery obligations under the guise of preserving party and judicial resources nor should it be permitted to prevent BSI from obtaining discovery -- *in particular where that discovery is relevant to the summary judgment motions*.

Finally, although C/H seeks in its motion a stay of all discovery in the case, C/H addresses in the last few paragraphs of its motion the possibility that this Court might stay discovery only with respect to the Third-Party Complaint.  Defs.' Mot. to Stay at 6-7.  As C/H must recognize, a stay of discovery with respect to the Third-Party action is justified, even if its request for a stay of all discovery with respect to the underlying case is denied.  In the Third-Party action, Connexus and Hydra seek indemnification/contribution from James Joseph Wagner ("Wagner") and Hypertouch, Inc.("Hypertouch").  Wagner and Hypertouch are not parties in the underlying BSI case, and their liability to C/H, if any, *is entirely contingent* upon a finding of liability as to C/H and damages owed to BSI on the underlying claim.  Without such a finding, the Third-Party action is moot, and therefore no purpose is served in the parties expending resources – and burdening this Court with numerous discovery motions (a near certainty given the history of this litigation) – by discovery going forward in the Third-Party action.[4]

---

[3] On Jan. 7, 2010, the day this opposition was filed, Connexus, but not Hydra, appears to have made a partial production of creatives, but issues as to the completeness and accuracy of their creatives production will remain, notwithstanding.

[4] Discovery on the Third-Party Complaint is in its earliest stage, and no party would be prejudiced if discovery therein were stayed, at the very least pending the resolution of BSI's and C/H's motions for summary judgment.  Wagner and Hypertouch intend to file their own motion

I.      STATEMENT OF FACTS

C/H have throughout the discovery process repeatedly forced BSI to resort to motions practice to enforce C/H's obligation to produce information to which BSI is entitled under the Federal Rules of Civil Procedure. This present effort to stay all discovery represents another effort to prevent BSI from getting information to which it has a right, including information relevant to Plaintiff's and Defendants' motions for summary judgment.

In October 2008 and May 2009, BSI added to this case more than 27,000 emails attributable to Connexus and Hydra,[5] most of which BSI had received since the filing of the initial complaint. C/H repeatedly refused to produce discovery in connection with those emails, taking the position that the emails were not in the case, and filed a Rule 37(c) motion to exclude those emails. On December 7, 2009, Judge Day heard argument on C/H's 37(c) motion and denied it as to 20,331 Hydra emails, confirming that those 20,331 additional emails are properly at issue in the case for purposes of liability and damages as to Connexus and Hydra, along with the 53,000 or so original emails.

Thereafter, on December 8, 2009, BSI sent a letter to Hydra's counsel requesting that Hydra produce the discovery that it had been wrongly withholding since November 2008. Ex. 1, Letter from A. Onorato to A. Rothman, Dec. 8, 2009. On December 8, 2009, BSI also sent an email to Hydra's counsel again requesting complete production of creatives (HTML images), which this Court had ordered Defendants to produce in July 2009, and providing a list of missing images. Ex. 2, Email from A. Onorato to A. Rothman, Dec. 8, 2009. On December 16, 2009, BSI sent an additional letter concerning: (1) Connexus' and Hydra's outstanding production of

---

to bifurcate the trial of the Third-Party complaint and stay discovery in the Third-Party action until the completion of the trial of the underlying claim.

[5] BSI also added 7,457 additional emails attributable to the Kraft Defendants in this action, to which the Kraft Defendants made no objection.

creatives (HTML images) ordered to be produced in July 2009, (2) the discovery Hydra owed to BSI concerning the 20,331 Hydra emails Judge Day ruled into the case, and (3) discovery Connexus owed BSI concerning the emails Judge Day excluded for liability purposes but which remain relevant to the case for purposes of Defendants' affirmative defenses.  Defs.' Mot. to Stay, Ex. 1, Letter from A. Onorato to A. Rothman, Dec. 16, 2009.

Next, on December 21, 2009, Hydra's counsel refused to produce the long-overdue discovery pertaining to the 20,331 emails on the incredible ground that Judge Day's order did not explicitly require C/H to produce the withheld discovery.  L.R. 104.7 Certification to Defs.' Mot. to Stay, Ex. B, Email from A. Rothman to BSI counsel, Dec. 21, 2009.  Hydra had an obligation to respond to the outstanding discovery requests with respect to these emails *prior* to the filing of the Rule 37(c) motion in April 2009, and its obligation was not suspended by the filing of the Rule 37(c) motion.  Moreover, now that Judge Day has for the most part denied their motion, Hydra's refusal to fulfill their discovery obligations has forced BSI to bring this matter before the Court again in a motion to enforce Judge Day's ruling.  [DE#264.]  C/H has also refused to provide discovery on the emails that, although excluded by Judge Day from the case for liability purposes, are still a proper subject of discovery for other purposes relating to C/H's affirmative defenses, such as business practices, with whom they conspire (including the notorious spammer, Alan Ralsky, who was recently criminally convicted of violations of CAN-SPAM), their lack of due care and failure to mitigate.  *See* DE#264.

The discovery that is outstanding as a result of C/H's failure to comply with the Court's July 2009 order on the motion to compel, and the Court's December 2009 order putting emails into the case, is relevant to Plaintiff's opposition to summary judgment, in the least in that it relates to Defendants having sent the emails to BSI as received (as opposed to BSI having altered, duplicated or destroyed the originals as Defendants spuriously allege) (Mot. for Summ.

J. at 8-9, BSI's consent to receive the emails (Mot. for Summ. J. at III.B, 17-19. ), and that BSI cannot show falsity in the emails (Mot. for Summ. J. at III.C.2.iii, 26-32).  Since the emails and the related documents owed to BSI under outstanding discovery requests further evidence C/H's role in sending the emails, that the emails are unsolicited, and that they are replete with false and deceptive attributes, such discovery is relevant to Plaintiff's defense.  For the same and related reasons, such discovery would be relevant should Plaintiff move for summary judgment in its own right – a decision being impacted in part by Defendants' tactics.

Another piece of discovery C/H seeks to cut off concerns their refusal to permit the completion of the deposition and produce pertinent analytical tools of their primary expert witness, Dr. Frederick Cohen.  BSI has had to file a motion to compel on this issue [DE# 246].  C/H rely in their summary judgment motion on Dr. Cohen, *see* Defs.' Mot. for Summ. J. at 7, 8, 28 – and are likely to rely on him in opposition to Plaintiff's response.  This discovery that C/H seeks to cut off by this motion is clearly relevant to Plaintiff's defense.

In addition, unless C/H changes its obstructionist tactics, BSI will be forced to file an additional motion to compel concerning C/H's failure to produce the creative content of the emails, which are supplied to the spammers by C/H.  This Court has already ordered C/H to produce these documents on July 24, 2009.  This discovery that C/H seeks to cut off by this motion is clearly relevant both to a defensive as well as offensive motion for the reasons stated above.

Further, Plaintiff may well need to depose Defendants' expert should he serve a second supplemental expert report.  This discovery that C/H seeks to cut off by this motion is potentially relevant to Plaintiff's defense, depending on what Dr. Cohen might say concerning Plaintiff's matching of the creatives from Defendants' files to the emails at issue, further evidencing that the emails are Defendants.

Finally, there is also the possibility of the need for Rule 56(e) discovery. Defendants have no basis to argue that discovery expressly envisioned by the Federal Rules in connection with summary judgment should be cut off during summary judgment.

## II.     ARGUMENT

Fed. R. Civ. P. 26(c) provides that a court may issue an order to protect a party from an *undue* burden or expense. C/H argues that it has spent substantial resources in connection with discovery, including motions practice (Defs.' Mot. to Stay at 8), but these burdens are not "undue"; rather, they are in the normal course, and with respect to motions practice, the consequence of C/H's own deliberate decision to stonewall its discovery obligations.

In an effort to justify its requested relief, Defendants seek to equate their situation with the situation of Wagner and Hypertouch, which sought and obtained a protective order barring discovery pending the resolution of their motion to dismiss the Third-Party Complaint, but the two situations are not at all comparable.

Overall, Defendants argument fails for at least three reasons.

First, critically, Wagner and Hypertouch sought to dismiss the Third-Party Complaint on the basis of statutory immunity – in this case, under the Communications Decency Act, 47 U.S.C. § 230. Courts have recognized that, where a party seeks dismissal of a claim based on immunity, suspension of discovery serves the purpose of immunity, which is to protect the party not only from an ultimate judgment, but from the costs and burdens of litigation, and immunity determinations should be resolved "at the earliest possible stage of the case." *Nemet Chevrolet v. Consumeraffairs.com, Inc.*, No. 08-2097, 2009 WL 5126224, at 3 (4th Cir. Dec. 29, 2009) (quoting *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1175 (9th Cir.2008) (*en banc*) (immunity to be resolved at the earliest stage because immunity protects websites from

"having to fight costly and protracted legal battles"); citing *Brown v. Gilmore*, 278 F.3d 362, 366 n.2 (4th Cir. 2002) (immunity is an immunity from suit rather than a defense to liability)).

Second, the cases cited by Wagner and Hypertouch in their motion for a protective order barring discovery on the Third-Party Complaint, and now relied upon by C/H, involved motions on a single narrow issue *that the parties agreed would be dispositive*. The motions to stay were filed at the inception of the case before discovery had been taken. None involved a factual situation, such as obtains in the present case: where discovery has commenced and is continuing; where motions to compel are pending; where a motion for summary judgment is pending on some issues – none of which are dispositive on all claims; and where the pending requests, and additional Rule 56(e) discovery, are relevant to the motion for summary judgment itself. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) ("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion. *The court should not, however, stay discovery which is necessary to gather facts in defense of the motion.*") (citations omitted) (emphasis added).

C/H's contention that *none* of the information sought in the pending discovery is relevant to the issues raised in the motion for summary judgment is incorrect. For example, C/H argues that the falsity in the emails is bare error and that Plaintiff cannot demonstrate misrepresentation as a matter of law, nonetheless, it continues to withhold key information requested and ordered by this court to be produced, such as the identification of the senders of the emails. Mot. for Summ. J. at 26-30. C/H also seek summary judgment on the grounds that BSI's claims do not satisfy the requirements of the statute, but withhold pertinent discovery on 20,331 of the emails they are attacking. Mot. for Summ. J. at 17-19, 26-34. Moreover, although C/H relies in its motion for summary judgment on quotations from the depositions of Plaintiff's experts, they

refuse to permit BSI to complete the interrogation of their primary expert Dr. Cohen, a topic which is subject to a currently-pending motion to compel [DE#246].  *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-3 (D.D.C. 2001) ("[A] stay of discovery pending determination of a motion to dismiss 'is rarely appropriate when the pending motion will not dispose of the entire case'") (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion.")).  C/H's pleading is replete with baseless complaints about the discovery that BSI seeks to obtain, but if C/H objects to BSI's discovery requests it has a remedy under FRCP 26(c) directed at the individual request.  C/H cannot obtain a stay of discovery – and by that it means a stay of its obligation to answer BSI's outstanding discovery and a bar to BSI seeking any discovery under FRCP 56 – based on such arguments.

Third, as C/H implicitly recognizes, a stay of discovery pending the resolution of the motion for summary judgment applies, if at all, to the discovery with respect to the Third-Party action, for the same reasons this Court granted Wagner's and Hypertouch's motion for entry of a protective order pending the resolution of their motion to dismiss the Third-Party Complaint.  That is, Wagner and Hypertouch were not defendants in the original complaint, and their liability to C/H for indemnification/contribution depends entirely on C/H's liability to BSI.  C/H should not be permitted, therefore, to seek discovery of third-party defendants during the pendency of the motion that they claim will resolve the question of their liability on the underlying claim, and thus moot the Third-Party action.

In addition, in the discovery C/H has already served on Wagner and Hypertouch, C/H seeks to do two manifestly unjust things which underscore the vexatious and baseless nature of their Third-Party claims.  First, C/H seek to impose an *enormous burden* on Wagner and Hypertouch to conduct their own investigation into the origin of, and falsity in, every email at

- 9 -

issue between *Defendants and BSI*. *E.g*., Ex. 3, (Connexus' First Set of Interrogatories to Hypertouch, Nos. 1 and 3(a)-(h); Hydra's First Set of Interrogatories to Hypertouch, Nos. 1 and 2). Third-Party Plaintiffs are seeking indemnification or contribution for any liability Third-Party Plaintiffs have to BSI. BSI has alleged that all false or deceptive content is the responsibility of Connexus, Hydra and their advertisers and affiliates. Hypertouch has no obligation to undertake its own analysis of the false and/or deceptive content in the emails at issue. Second, C/H attempts to use discovery of Wagner/Hypertouch to *surreptitiously evade* the limitations on discovery in the BSI matter as is made clear by repeated requests for discovery based on emails "BSI produced or will produce and alleges involves Connexus" or discovery directed at the Second Amended Complaint in the *BSI action. E.g.*, Ex. 3, (Connexus' First Set of Interrogatories to Hypertouch, Nos. 1, 2 and 3(a)-(h); Hydra's First Set of Interrogatories to Hypertouch, Nos. 1 and 2). In fact, every one of Connexus Requests for Production to Hypertouch seeks discovery from or related to BSI. Ex. 4, (Connexus' First Requests for Production to Hypertouch, Nos. 1-6; *see also* Hydra's First Requests for Production to Hypertouch, Nos. 11-15). For C/H to use the Wagner/Hypertouch discovery as a back door so that they can evade the discovery limitations in this case is inappropriate, to say the least.

C/H's contention that the cases will be "tried together" begs the question, and does not support C/H's objection to this Court ordering a stay pending resolution of the summary judgment motion only of the discovery on the Third-Party Complaint. Presumably a stay of discovery on third-party claims would be rectified prior to trial. Indeed, C/H's argument on this point undermines its position.

C/H claims:

> By way of their third-party complaint, Connexus and Hydra seek indemnification and contribution from Joe Wagner/Hypertouch because Joe Wagner/Hypertouch sent tens of thousands of the emails at issue in this case. (DE# 145-2 at 18-21.) Connexus and

> Hydra also defend against BSI's claims based on these same *undisputed* facts. Thus, the third-party claims are so intertwined with BSI's claims and the defenses of Connexus and Hydra that trying all claims together is mandated to conserve judicial resources and those of the parties.

Defs.' Mot. to Stay at 8 (emphasis added). Since, according to C/H, the facts are "undisputed," little discovery would seem to be necessary, and indeed, since the facts also constitute C/H's defense to BSI's claims, any discovery needed should already have been done as part of C/H's discovery with respect to BSI's claims against them. Finally, Wagner and Hypertouch have a colorable claim to CDA and statutory immunity, and although this Court denied their motion to dismiss, Wagner and Hypertouch should not be subject to the burdens of discovery by C/H, who contend here that the claims against them will be settled in their favor by their summary judgment motion, thus mooting their claims against Hypertouch in any event.

## CONCLUSION

For the foregoing reasons, Defendants' motion to stay all discovery should be denied.

Respectfully Submitted,

　　　　　　/s/　　　　　　　　　
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
T: 212-506-3900

F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

January 7, 2010

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January 2010, the foregoing *Plaintiff's Opposition to Defendants Connexus Corp.'s and Hydra LLC's Motion for Stay and Protective Order Pending Resolution of Dispositive Motions* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants Connexus Corp. and Hydra LLC*

Thomas M. Barba