IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | : | |
| | : | |
| Plaintiff, | : | Case No. 8:08-CV-00409-PJM |
| | : | |
| v. | : | The Honorable Peter J. Messitte |
| | : | |
| KRAFT FOODS, INC., et al., | : | Magistrate Judge Charles B. Day |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER
ENFORCING THIS COURT'S DECEMBER 7, 2009 RULING
REGARDING EMAILS IN THIS CASE AND FOR SANCTIONS**

Defendants Connexus Corp. ("Connexus") and Hydra LLC ("Hydra") hereby oppose

Plaintiff Beyond Systems, Inc.'s ("BSI") Motion for Order Enforcing This Court's

December 7, 2009 Ruling Regarding Emails In This Case and for Sanctions (DE# 264).

**INTRODUCTION**

The Court should deny BSI's outrageous demand that Connexus defend against and

produce discovery concerning emails that the Court excluded from evidence as a sanction for

BSI's dilatory misconduct.  Contrary to BSI's misrepresentations in its motion, the Court during

the hearing on Connexus's FRCP 37(c) motion expressly excluded "the use of these [emails] as

evidence," did not rule that these emails are at issue in this case for any purpose, and did not

order Connexus to produce discovery about them. (Ex. 1, 12/7/09 Hrg. Trans. at 35:11-13; *see

also* Id. at 48:23-25.)  Indeed, forcing Connexus to defend against and produce discovery about

the excluded emails would turn the Court's sanctions order on its head by rewarding BSI instead

of sanctioning it, and by burdening Connexus with extensive discovery rather than protecting it

from the hardships Connexus sought to avoid by way of its motion.  BSI's demands also

completely ignore the Court's prior orders holding that the discovery BSI seeks is irrelevant. And, BSI's motion is procedurally improper as more fully explained below.

The Court should also deny BSI's requests for discovery concerning the Hydra emails produced after the close of fact discovery ("Hydra Emails"), among other reasons, because the Court did not order Hydra to produce anything, none of the discovery BSI seeks is relevant to Hydra's pending summary judgment motion, BSI's requests ignore the Court's prior orders defining the scope of permissible discovery, and BSI's motion is procedurally improper.

BSI's sanctions request is specious.  Foremost, FRCP 37(b)(2)(C) only applies where a party "fails to obey an order to provide or permit discovery," and there is no such order here.  If anything, BSI has defied court orders by, among other things, (1) demanding that Connexus produce discovery about emails that the Court expressly excluded from evidence in this case, and (2) demanding discovery that the Court already ruled is irrelevant.  Indeed, BSI's motion is so vexatious that the Court should award Connexus and Hydra their reasonable expenses incurred in litigating it pursuant to FRCP 37(a)(5)(B).

For these reasons and as more fully explained below, BSI's motion should be denied, and Connexus and Hydra should be awarded their reasonable expenses in opposing it.

**FACTUAL BACKGROUND**

After the official close of fact discovery on May 15, 2009, BSI produced, among other things, thousands of emails dated 2005 that it claimed involved Connexus and thousands of other emails allegedly involving Hydra, and then declared it was suing over them under the California and Maryland anti-spam statutes.  Pursuant to FRCP 37(c), Connexus moved to exclude from this case the emails alleged against it, among other reasons, because "Connexus should not be forced to continue discovery because BSI is late," "Connexus would need to continue the

discovery that it has taken more than a year to develop as to these new and untimely produced

emails, and would likely need to seek discovery from Kraft witnesses," and "these additional

emails add complexity to the trial." (DE# 153-5 at 14-15.)  Hydra moved to exclude the emails

alleged against it for similar reasons. (Id. at 12-13; 16.)

On November 18, 2009, Connexus and Hydra indicated to BSI they would move for

summary judgment on at least the issues of standing and preemption. (Ex. 2, Email Exchange.)

Connexus and Hydra did so without a ruling on their FRCP 37(c) motion because the arguments

they intended to and later did make did not depend on any additional discovery concerning the

emails in the motion.  Accordingly, Connexus and Hydra explained to BSI that they would seek

to stay all remaining discovery pending resolution of the summary judgment motion because any

discovery concerning the emails would be irrelevant to the issues in the motion. (Id.)

On November 24, 2009, the Court scheduled a hearing on the FRCP 37(c) motion for

December 7, 2009. (DE# 243.)  During the December 7 hearing, Connexus reiterated that the

emails should be excluded for the reasons in its motion including, among others, because of the

discovery that would be needed to defend against them. (Ex. 1, 12/7/09 Hrg. Trans. at 4:6-10;

5:3-4.)  After finding among other things that there was no "substantial justification for [BSI's]

delay," the Court sanctioned BSI as to the Connexus emails and "grant[ed] the relief requested as

to the use of these documents as evidence." (Id. at 35:11-13, 48:23-25.)  The Connexus emails

that the Court excluded are referred to in this opposition as the "Excluded Emails."  The Court

did not exclude the Hydra emails.

Despite the Court's sanctioning BSI by excluding the Excluded Emails from this case,

BSI now claims that it should be rewarded for its dilatory misconduct by receiving discovery

concerning the Excluded Emails because the Court only excluded them for "purposes of

damages" and that the Court did not exclude the Excluded Emails for "all purposes."(DE# 264 at

5-6.)  Although BSI admits that it cannot seek damages for the Excluded Emails, BSI then seeks

to force Connexus to defend against the Excluded Emails by claiming that the emails are

"relevant to Defendants' business practices and with whom they conspire, and their lack of due

care and failure to mitigate." (Id. at 6.)  BSI also seeks a slew of discovery from Hydra that the

Court never ordered and indeed barred BSI from seeking as explained more fully below.  BSI's

motion is ridiculous and should be denied.

## ARGUMENT

### A.      The Court Should Deny BSI's Motion As to the Excluded Emails.

BSI's demand that Connexus must produce discovery concerning the Excluded Emails is

specious.  First, BSI's argument that the Excluded Emails were only excluded "for purposes of

damages" and that the Court did not exclude them from evidence is ludicrous because the Court

"grant[ed] the relief requested as to the use of these documents as evidence." (Ex. 1, 12/7/09

Hrg. Trans. at 35:11-13, 48:23-25 (emphasis added); DE# 264 at 5-6.)

Second – and equally ludicrous – is BSI's argument that, because Connexus requested an

order "[p]recluding BSI from suing" over the Excluded Emails, the Excluded Emails are subject

to discovery and are otherwise at issue in the litigation.  Connexus obviously sought to eliminate

the Excluded Emails for all purposes because if BSI cannot sue over them then the emails and

discovery about them clearly are irrelevant.  Connexus also sought to eliminate the Excluded

Emails for all purposes to guard against unduly burdensome discovery, as Connexus repeatedly

and expressly stated as grounds for its motion that "Connexus should not be forced to continue

discovery because BSI is late," "Connexus would need to continue the discovery that it has taken

more than a year to develop as to these new and untimely produced emails, and would likely

need to seek discovery from Kraft witnesses," "unless the emails are excluded, fact discovery would need to be reopened" and Connexus will be forced to "continue discovery," and "the new emails were processed differently and raise new forensic issues, and it will take substantial time – perhaps months – for Connexus and Hydra to analyze them at a substantial additional cost." (DE# 153-5 at 14-15; DE# 178 at 21.)  The Court clearly understood that Connexus sought exclusion for all purposes and ruled accordingly by excluding "the use of these [emails] as evidence." (Ex. 1, 12/7/09 Hrg. Trans. at 35:11-13; *see also* Id. at 48:23-25.)  Indeed, any other result would force Connexus to engage in the substantial discovery it sought to protect itself from by way of its motion, and reward BSI for its misconduct.

Third, BSI seeks discovery pursuant to FRCP 37(b)(2) which, as BSI admits, allows a party to seek relief where its opponent "fails to obey an <u>order</u> to provide or permit discovery." (DE# 264 at 6.)  Here, the Court did <u>not</u> at the December 7 hearing or elsewhere order Connexus to produce discovery about the Excluded Emails.

Fourth, BSI does not claim that discovery about the Excluded Emails is relevant to the pending summary judgment motion, and the Court already rejected on relevancy grounds BSI's attempt to seek discovery about emails over which it is <u>not</u> suing in all events.  For example, when BSI moved to compel documents identifying "all affiliates" and "all advertisers, middlemen, affiliates or other email-related vendor with whom you had agreements," BSI contended that "It is not appropriate to limit these responses to the e-mails at issue." (DE# 128-4 at 60-63.)  The Court summarily rejected BSI's argument and held that the requested information was not "reasonabl[y] calculated to lead to the discovery of admissible evidence." (DE# 190 at 3.)  BSI also moved to compel documents concerning "emails that will be produced to [Connexus] by Plaintiff in response to the discovery [Connexus] [has] sought in this action," but

the Court rejected BSI's attempt to seek discovery over emails it had not yet sued over and

limited BSI's requests to "e-mails <u>previously</u> identified by Plaintiff as having been transmitted

by Defendants" that BSI is suing over. (DE# 128-4 at 19-20; DE# 190 at 2-3.)  The Court also

denied in total BSI's self-described requests seeking "broader discovery" than the emails over

which it sues. (*See, e.g.,* DE# 128-4 at 44; DE# 190 at 3.)

Fifth, BSI's argument that the requested discovery is relevant to "Defendants' business

practices and with whom they conspire, and their lack of due care and failure to mitigate"

through emails that BSI is not suing over is wrong because the Court has already ruled that BSI

is not entitled to such discovery. (DE# 264-8.)  Specifically, when BSI moved to compel

documents identifying "all affiliates" and "all advertisers, middlemen, affiliates or other email-

related vendor with whom you had agreements," BSI contended that (1) "It is not appropriate to

limit these responses to the e-mails at issue," (2) "Plaintiff is entitled to identify the third parties

with whom the Defendants have contracted and paid compensation in connection with

commercial e-mail advertising, and who are responsible for the sending of all unsolicited

commercial e-mails in violation of the Maryland and California statutes," and (3) the information

was relevant "to the Defendants' affirmative defenses" including due care. (DE# 128-4 at 60-63;

DE# 61 at Affirmative Defense Nos. 9.)  The Court rejected these arguments and held that the

requested information was not "reasonabl[y] calculated to lead to the discovery of admissible

evidence." (DE# 190 at 2.)  And, BSI's new argument that the requested discovery is pertinent to

Connexus's failure to mitigate affirmative defense is absurd because that defense involves <u>BSI's</u>

<u>failure to mitigate its own damages</u>, and thus all of the information is in BSI's exclusive

possession, custody and control. (DE#264 at 8.)  Moreover, the statutes at issue do not make

"business practices" unlawful; rather, the only issue is whether the emails themselves are false within the meaning of the statutes.

Finally, BSI's motion is procedurally improper for several reasons.  Among other things, BSI failed to identify in its motion the requests for which it seeks discovery as required by Local Rule 104(8)(a), failed to file the certification required by Local Rule 104(7)-(8), and failed to follow the procedures set forth in Local Rule 104(8) which requires service of the moving papers and additional meet and confer efforts prior to filing.  Instead, BSI wrote an outlandish letter seeking interrogatory responses in answers to requests for admission, discovery that the Court has already denied as explained herein, new interrogatories directed to counsel, and other discovery that BSI had never previously propounded. (DE# 264-2.)[1]

For these reasons, the Court should deny BSI's motion as to the Excluded Emails.

**B.      The Court Should Deny BSI's Motion As to Hydra Emails.**

The Court should deny BSI's motion as to Hydra Emails.  First, the Court never ordered Hydra to produce anything concerning the Hydra Emails, and with good reason:  BSI produced the emails after the official close of fact discovery in May 2009, and forcing Hydra to engage in discovery at this late stage with dispositive motions pending would reward BSI for its delay and waste tremendous resources for the reasons stated in the pending Motion to Stay. (DE# 263.)

Second, BSI admits in its motion that it is seeking to compel discovery concerning emails it has not attributed to Hydra. (DE# 264 at 3 ("most of the [Hydra Emails] are attributable to Hydra").)  However, this Court already ruled that BSI is not entitled to discovery concerning emails that BSI has not attributed to Hydra:

> The Court is aware that Plaintiff possesses a host of electronic documents
> believed to be "spam" to which Plaintiff is uncertain as to the source.
> Plaintiff produced these documents in response to Defendants' discovery

---

[1]      Connexus produced the creatives BSI requested concerning emails BSI produced in June 2008.

requests.   Defendants are not required to produce documents regarding these materials until the Court is satisfied that Plaintiff has demonstrated a reasonable, good faith belief of Defendants' relationship to these unknown documents.

(DE# 190 at 1.)  BSI clearly is not entitled to discovery pertaining to emails it has not attributed to Hydra.

Third, the discovery that BSI seeks is not relevant to Hydra's summary judgment motion or Hydra's argument that BSI's alleged "falsity in the emails is bare error" because, as even BSI admits, Hydra's argument is purely legal and therefore not dependent on any factual discovery.  (DE# 264 at 6.)  Specifically, Hydra argues in its motion that BSI's theories of falsity are barred as a matter of law because they are preempted by CAN-SPAM's express preemption clause. (DE# 257-1 at 29-34.)  To survive preemption, the Fourth Circuit holds that state law claims involving commercial email like BSI's must be based on actual fraud as opposed to "immaterial," "isolated," "simple," or "bare errors." *Omega World Travel, Inc. v. Mummagraphics*, *Inc.*, 469 F.3d 348, 354-55, 359 (4th Cir. 2006).  And, "[a] 'material' misrepresentation or practice" is one "which is likely to affect a consumer's choice of or conduct regarding a product." (DE# 257-1 at 29-32.)  However, Hydra demonstrated that BSI's allegations of falsity "have nothing to do with a consumer's decision to purchase anything" and, therefore, BSI alleges nothing more than "bare error" and its claims are barred as a matter of law. (Id.)  Because Hydra's summary judgment arguments are purely legal, BSI's argument that it needs discovery to respond to Hydra's summary judgment motion is simply wrong.

Fourth, BSI's argument that the discovery is preventing BSI "from moving for summary judgment itself" to "show that [the emails] are attributable to Hydra and false" is purely academic and was invented solely to survive its motion, as BSI never and still has not indicated it will move for summary judgment much less on what issues. (DE#264 at 6; Ex. 2,

8

Email Exchange.)  In fact, BSI admitted as recently as this past Thursday that it has not yet

decided to move for summary judgment. (DE# 272 at 6.)

Fifth, BSI's motion is procedurally improper for the same reasons as its motion as to

the Excluded Emails as explained above.

Finally, BSI's claim that Hydra is "attempting an end run around Judge Day's [FRCP

37(c)] ruling by filing a contested motion to stay all discovery in this case" (DE# 264 at 7) does

not warrant the relief BSI seeks and is false in all events because Hydra indicated it would seek

to stay discovery before the Court even scheduled oral argument on the FRCP 37(c) motion as

explained above.

For all of these reasons, the Court should deny BSI's motion as to the Hydra Emails.

### C.      BSI's Sanctions Request Should be Denied.

BSI's request for sanctions pursuant to FRCP 37(b)(2)(C) should be denied.  FRCP

37(b)(2)(C) only applies where a party "fails to obey an order to provide or permit discovery."

Here, the Court did not order any discovery to be produced concerning the Excluded Emails.  In

fact, the Court had previously ruled that Connexus and Hydra need not produce discovery that

BSI requests again in this motion as explained above.

BSI's "repeated need to come to the Court to compel discovery" is caused solely by

BSI's inability to seek discovery within the confines of FRCP 26 and this Court's orders, and

Connexus's and Hydra's past decisions to protect themselves from BSI's unreasonable discovery

demands cannot possibly support a sanctions award where, as here, the Court has agreed with

these defendants the vast majority of the time. (DE# 264 at 6.)  Indeed, this Court has never

sanctioned Connexus or Hydra.  The same cannot be said of BSI, as this Court several times

declined to facilitate BSI's vexatious litigation plan by:

- Denying BSI's request for leave to exceed the deposition limit that it made near the end of the original fact discovery deadline and held that "Plaintiff has not established that, with the exercise of due diligence, it could not have moved for an order to take these additional depositions at an earlier time," (Ex. 3, 10/24/08 Order);

- Denying BSI's request for the issuance of letters rogatory concerning the deposition of Sebastian Barale that BSI filed on the eve of the discovery deadline after Connexus and Hydra demonstrated that BSI's request was late and resulted from its dilatory conduct, (DE# 163-2; DE# 187);

- Denying two motions to compel in their entireties, (DEs# 206 & 212);

- Denying numerous document requests that BSI moved to compel, substantially narrowed others because BSI refused to do so itself, admonished BSI for embarking on a "fishing expedition," (DE# 190); and

- Sanctioning BSI for untimely producing the Excluded Emails as described herein.

Thus, Connexus and Hydra rightfully declined to participate in BSI's outlandish litigation plan, and their decision to do so cannot possibly support a sanctions award on this motion.

## D.     **Defendants are Entitled to Reasonable Expenses in Opposing this Motion.**

BSI's motion is so vexatious that Connexus and Hydra should be awarded their reasonable expenses in opposing it.  FRCP 37(a)(5)(B) states that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."  The rule further provides that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

Here, BSI filed its motion without substantial justification and there are no conceivable circumstance that could "make an award of expenses unjust."  In fact, sanctioning BSI is mandated where, as here, BSI misrepresents and ignores this Court's orders, among other ways, by claiming that Connexus is required to produce discovery about emails that the Court expressly

excluded from evidence as a sanction for <u>BSI's misconduct</u>, and by demanding discovery that

the Court already denied.  BSI also ignored wholesale this Court's rules and procedures for filing

motions to compel, including by seeking to invoke FRCP 37(b) knowing that (1) the rule applies

only to "violations of court order[s] to permit or provide discovery," and (2) that no order

compelling Connexus or Hydra to produce discovery exists here. (DE# 264 at 6).  Thus, BSI

should be sanctioned for its utterly frivolous motion that caused the Court, Connexus and Hydra

to waste valuable resources.

## CONCLUSION

For these reasons, the Court should deny BSI's motion and award Connexus and Hydra

their reasonable expenses in opposing it.

Respectfully submitted,

Dated:  January 11, 2010

_____/s/_____

J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
Robert A. Friedman, US DC-MD Bar No. 28864
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com
*Attorneys for Connexus Corp. and Hydra LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of January 2010, a copy of the foregoing *Opposition to Plaintiff's Motion for Order Enforcing This Court's December 7, 2009 Ruling Regarding Emails in this Case and For Sanctions* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com


Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com


Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

_____ /s/ _____
Ari N. Rothman