UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| KRAFT FOODS, INC., *et al.* | ) | |
| Defendants. | ) | |
| CONNEXUS CORP., *et al.*, | ) | |
| Third-Party Plaintiffs, | ) | |
| v. | ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) | |
| Third-Party Defendants. | ) | |

**OPPOSITION OF PLAINTIFF AND THIRD PARTY DEFENDANTS TO INTERIM SEALING MOTION AND MOTION TO CHALLENGE CONFIDENTIALITY**

Come now Plaintiff Beyond Systems, Inc. ("BSI") and Third-Party Defendants James Joseph Wagner ("Wagner") and Hypertouch, Inc. ("Hypertouch"), by and through their undersigned counsel, to submit the following response to Defendants Connexus Corp.'s ("Connexus") and Hydra LLC's ("Hydra") (collectively, "Defendants") Interim Sealing Motion and Motion to Challenge Confidentiality (DE # 260), filed in support of Defendants' Motion for Summary Judgment (DE # 257).

Defendants have challenged the confidentiality of Exhibits 6, 7, 9, 10 and 22 filed with their summary judgment motion:

- Wagner and Hypertouch consent to the release of the contents of Exhibit 9 into the public record.  This document is subject to a protective order in a California state action, *Hypertouch, Inc. v. ValueClick, Inc*., et al., Case No.:  LC081000 (Cal. Superior Ct.).  <u>While Hypertouch consents to the release of these specific pages for the instant purposes, this does not constitute a waiver of any objections to the release of any other information covered by the protective order in the California state action or any other action</u>.

- BSI opposes the release of Exhibits 6, 7 and 22 because they contain confidential settlement amounts, commercial information related to non-public finances, and privileged information.

- Wagner and Hypertouch oppose the release of Exhibit 10 because it contains commercial information related to non-public finances.

For the reasons stated herein, Plaintiff and Third-Party Defendants hereby request this Court deny Defendants' Motion to Challenge Confidentiality.

**A.    Legal Standard**

The Federal Rules of Civil Procedure permit confidential materials to be exempted from public disclosure and be kept under seal via a protective order, as in this case.  Under Fed. R. Civ. P. 26, a court may prevent, *inter alia*, the disclosure of confidential commercial information or improper discovery that would result in a breach of a party's contractual obligations.  In order for a party to maintain materials as confidential "the party seeking confidentiality must make a particularized factual showing of the harm that would be sustained if the court did not grant [or uphold] a protective order."  Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 433 & n.15 (1991) (citing cases).  The party opposing discovery is initially required to demonstrate that the information sought might be

harmful if disclosed and good cause exists to protect the information from disclosure. *Id*. & n. 14 (citing, *e.g.*, *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 683-84 (5th Cir.1985), *cert. denied*, 475 U.S. 1011 (1986)). The party seeking disclosure then must demonstrate that the information sought is both relevant and necessary to the action. *Id*. & n. 16 (citing, *e.g.*, *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 741 (Fed. Cir.1987)). If the party seeking discovery demonstrates both elements, the court then must balance the requesting party's need for information against the injury associated with disclosure. *Id*. at 434 & n.18 ("A number of courts have insisted that the party seeking discovery of confidential information must satisfy an even higher standard; mere relevance to the subject matter of the action is not enough.").

Here, BSI, Wagner and Hypertouch have shown that the materials in this case sought to be sealed – documents containing confidential settlement amounts, commercial information related to non-public finances, and privileged information – deserve confidential treatment because the information sought would be harmful if disclosed and good cause exists to protect the information. Therefore, Connexus' and Hydra's invasive motion should be denied.

**B.     Confidentiality of Information Disclosed in Under-Seal Filings**

   **(1)     BSI will be harmed by disclosure of confidential settlements as this would breach BSI's agreements with the settling parties**

Defendants attached as Exhibit 6 to their motion for summary judgment a copy of *Plaintiff's Amended Objections and Responses to Defendants' Second Set of Interrogatories (Nos. 12-14)*. Plaintiff does not now, and has never, asserted a claim of confidentiality as to the Objections and Responses themselves. The only portion that deserves confidential treatment is the chart attached to the Interrogatory responses which describes gross revenues received by Plaintiff from settlements and/or judgments of claims related to commercial electronic mail,

3

from 2004 to 2009.[1] While this document contains an annualized summary and does not identify the parties involved in each transaction, its publication would still violate the terms of the confidential settlement agreements. Aggregate information still permits an interested party to deduce confidential settlement information and expose BSI to the risk of claims that they have breached other settlement agreements. For instance, in 2006, BSI settled with three parties, where the terms of one settlement agreement were not confidential. In this case, parties to the remaining two confidential settlement agreements could readily deduce from Defendants' proposed public record disclosure the amount of the other party's settlement. Further, BSI's prior litigations are a matter of public record. In a year where only one Defendant was released from a pending suit, it would be possible to deduce that the litigation proceeds contained in the aggregate summary for that year resulted from a settlement with that party. BSI is obligated to rigorously uphold the terms of its confidential agreements, and the release of the annualized summary into the public record could constitute a prohibited disclosure. As a result, BSI stands to immediately be harmed by disclosure of this information as it would open BSI up to attack as having breached its agreements with the settling parties to keep the information confidential. Therefore, good cause exists for the chart attached to Exhibit 6 to be treated as confidential and protected from disclosure.

**(2)   The disclosure of confidential commercial and personal financial information would be competitively harmful and is designed to harass, embarrass and oppress**

Defendants have additionally challenged the confidentiality of Exhibits 7 and 10 to their motion for summary judgment. BSI opposes the release of Exhibit 7 – a document served as an attachment to *Plaintiff's Third Supplemental Response to Defendant Connexus Corp's First Set of Interrogatories* which contains an annualized summary of BSI's profit and loss statements for

---

[1] Plaintiff provided this document pursuant to this Court's Order of October 21, 2009.

the years 2000-2008. Wagner and Hypertouch oppose the release of Exhibit 10 – an excerpt of a deposition of Third-Party Defendant James Joseph Wagner which contains, *inter alia*, testimony regarding financial information related to his personal finances as well as those of his company, Third-Party Defendant Hypertouch, Inc. No legitimate purpose is served by disclosure of confidential commercial and personal financial information, the request for which is designed to harass, embarrass and oppress BSI, Wagner and Hypertouch.

Plaintiff and Third-Party Defendants assert the confidentiality of these documents in accordance with the terms of the Protective Order (DE #87-2 and 119) in this case. The Protective Order provides that:

> One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Materials produced by any party or third party may be designated as CONFIDENTIAL by (i) any party to this Litigation that represents that the material is proprietary as to that party, or (b) any third party that represents that the material is proprietary as to that third party and agrees and is willing to be bound by the terms of this Order.

Protective Order, DE #87-2 at ¶ 1-a.

The documents at issue contain sensitive commercial information – the companies' total profits and losses over a given time period. While profit/loss information is generally sensitive, it is particularly so in the case of small, closely-held corporations. As small private enterprises, Beyond Systems, Inc. and Hypertouch, Inc. are particularly vulnerable to new competitors who might be induced to challenge their business if these potential competitors had accurate profit information. Furthermore, relations with customers could be harmed if those customers were aware of profits and losses. The customer could force concessions if it viewed profit levels as excessive or they might flee to another ISP if losses gave the impression that BSI or Hypertouch

might be forced to discontinue operations. Due to these potential issues, this information is entitled to confidential treatment.

Furthermore, the stipulated California Action protective order explicitly states that this information should be protected.[2] Specifically, "The CONFIDENTIAL INFORMATION subject to protection under this Order reflects, among other things…nonpublic financial information about the Parties." California Action Protective Order, Case No. CV08-01039 RGK at DE 68, Good Cause Statement. Exhibit 7 contains nonpublic financial information of Plaintiff BSI it should be afforded the confidential treatment outlined in the parties' agreements and under Fed. R. Civ. P. 26(c)(1)(G). In fact, the information in Exhibit 7 is more comprehensive than the non-public financial information that Defendants have produced and designated as confidential.

Moreover, public disclosure of the information in Exhibits 7 and 10 serve little if any purpose related to the substantive issues in this case. Seeking to disclose this information is meant to harass, embarrass and oppress as part of Defendants' campaign to smear BSI, Wagner and Hypertouch – a campaign readily visible most recently in Defendants' summary judgment motion itself. BSI, Wagner and Hypertouch would be harmed by disclosure of Exhibits 7 and 10

---

[2] Exhibit 7 was designated as confidential pursuant to the terms of the stipulated protective order that governed the California action between BSI and Defendants prior to its dismissal. The Protective Order states:

> (g) All materials previously produced by a party or third party in the litigation that Beyond Systems initiated in the Central District of California, Case No. CV08-01039 RGK (PLAx) (the "California Action",) that were marked as "CONFIDENTIAL" or otherwise treated as confidential pursuant to the protective order in that case shall be treated as confidential information per this Order, regardless of whether or not such previously produced materials would qualify as confidential information under the terms of this Order.

Protective Order, DE #87-2 at ¶ 1-g.

and good cause exists to maintain their confidentiality.  Therefore, Defendants' motion to unseal these documents should be denied.

### (3) Defendants' effort to compel disclosure of privileged information should not be decided as part of this briefing or should be denied

Contrary to Defendants' assertions in their motion challenging confidentiality that Exhibit 22 somehow reflects a concerted effort of BSI and Hypertouch to collect email for the purposes of litigation – a meritless and meaningless accusation in any event – Exhibit 22 to Defendants' motion for summary judgment is a privileged document and is the subject of a forthcoming motion for return of an inadvertently produced privileged document.

*Typical of Defendants, they seek to end run the rules.  The document is marked privileged; its disclosure was inadvertent; Plaintiff has timely demanded its return (see Exhibit 1, Dec. 23, 2009 Onorato letter to Rothman); Defendants have refused; and rather than withdraw their motion as to this document consistent with their obligation under paragraph 8 of the Protective Order to hold the document as sealed, Defendants seek to have the Court disclose the document*.  This tactic should be rejected and the Court should deny the motion, or in the alternative, the Court should instead hold the issue for consideration in the context of the briefing associated with the forthcoming motion for return of an inadvertently produced privileged document.

This document reflects a mistakenly sent and immediately and successfully retracted email communication between Paul A. Wagner, President of Plaintiff Beyond Systems, Inc. and one of Plaintiff's expert witnesses and counsel.  An attachment to the email contains information created by BSI at the direction of counsel for litigation purposes, including seeking representation.  While the document contemplates possible joint litigation with Hypertouch, BSI created the document at the direction of counsel.  As explained below and more fully in a

7

forthcoming motion, this document was mistakenly provided to Plaintiff's experts and almost immediately directed to be returned. When Plaintiff realized that this document had been produced to Defendants, Plaintiff counsel complied with DE #87-2 and 119 by requesting its return in writing.

Early in this litigation, Paul A. Wagner sent several emails to Plaintiff's retained experts, attaching information for their review. Exhibit 22 was mistakenly attached to one of these emails. Mr. Wagner immediately sent a retraction email to the recipients asking that Exhibit 22 be deleted prior to review[3]. The expert recipients confirmed doing so, but a copy of the document was retained by Plaintiff's counsel, as a copied recipient of the original message, and was inadvertently produced in Plaintiff's production of communications with experts. Plaintiff was unaware that this document had been disclosed prior to its attachment to Defendants' motion. Pursuant to the terms of the Protective Order, Plaintiff immediately requested that counsel return the document and make no further use of it. Defendants refused, challenging its privileged nature, and thus Plaintiff is forced to seek redress from the Court by way of the forthcoming motion. Given the clear privileged and confidential nature of the contents of this document, Defendants' motion to challenge its confidentiality should be denied.

**C. Conclusion**

Disclosure of the subject documents containing confidential settlement terms, nonpublic financial information, and privileged attorney work-product will be harmful to BSI, Wagner and Hypertouch and good cause exists to maintain their confidentiality. Further, there is no harm to Defendants in maintaining the confidential designation. Therefore, the benefit of keeping the information confidential outweighs the benefit of disclosure. For the reasons described above,

---

[3] These retraction efforts have been produced to Defendants in the course of discovery. *See* Ex. 2, Email from Plaintiff Expert Klensin production of email records.

Plaintiff respectfully requests that this Court deny Defendants' Motion to Challenge Confidentiality, and order that the Exhibits at issue therein be permanently sealed.

Date: January 20, 2010

Respectfully Submitted,

/s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*

Of Counsel:
Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)

        Law Office of Michael S. Rothman
        401 E. Jefferson Street, Suite 201
        Rockville MD  20850
        T: 301-251-9660
        F: 301-251-9610
        mike@mikerothman.com

        *Counsel for Plaintiff Beyond Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January 2010, the foregoing *Opposition of Plaintiff and Third Party Defendants to Interim Sealing Motion and Motion to Challenge Confidentiality* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants Connexus Corp. and Hydra LLC*

_____
Thomas M. Barba