IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | |
| Plaintiff, | Case No. 8:08-CV-00409-PJM |
| v. | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | Magistrate Judge Charles B. Day |
| Defendants. | |

# REPLY IN SUPPORT OF MOTION FOR STAY AND PROTECTIVE ORDER PENDING RESOLUTION OF DISPOSITIVE MOTIONS

Defendants and Third-Party Plaintiffs Connexus Corp. and Hydra LLC[1] respectfully file this reply concerning their Motion for Stay and Protective Order Pending Resolution of Dispositive Motions (DE# 263).

## INTRODUCTION

On December 29, 2009 (after Connexus and Hydra filed their motion for stay), the clerk of court docketed an order establishing deadlines concerning third-party discovery that Plaintiff Beyond Systems, Inc. ("BSI") and Third-Party Defendants Joe Wagner and Hypertouch, Inc. ("Hypertouch") suggested. (DE #266; *see also* DE# 238-5.)[2] The deadlines suggested by BSI and Joe Wagner/Hypertouch, and subsequently approved by the Court, expressly contemplate the completion of discovery concerning the third-party claims pending against Joe Wagner/Hypertouch before liability is established on BSI's claims. Because the Court, Joe Wagner/Hypertouch, BSI, Connexus and Hydra all agree that discovery concerning the third-

---

[1] On January 22, 2010, Venable filed a motion seeking leave to withdraw as counsel of record for Hydra because Hydra failed to pay amounts due and owing to Venable for legal services provided in this case. (DE# 280.)

[2] The Court signed the order one business day before Connexus and Hydra filed their motion for stay but the Court did not docket the order until after Connexus and Hydra filed their motion requesting a stay.

party claims should be completed before liability is established on BSI's claims, the only issue this Court needs to decide is whether to stay all discovery or none of it. And, as set forth herein and in the opening motion, the Court should stay all discovery.

## ARGUMENT

Connexus and Hydra agree with BSI and Joe Wagner/Hypertouch that "a stay of discovery pending the resolution of the motion for summary judgment applies" for the "same reasons this Court granted Wagner's and Hypertouch's motion for entry of a protective order pending the resolution of their motion to dismiss the Third-Party Complaint." (DE# 272 at 9.) Indeed, just as Joe Wagner/Hypertouch's liability is "entirely contingent upon a finding of liability" and that "[w]ithout such a finding the Third-Party action is moot," the necessity of remaining discovery for all parties is "entirely contingent" upon the denial of the pending summary judgment motions and "[w]ithout such a finding" all remaining discovery is moot. (DE# 272 at 3.) Thus, the Court should enter the requested stay because (1) contrary to BSI's representations in its opposition to this motion for stay, the December 18, 2009 summary judgment motion will dispose of BSI's entire lawsuit if granted, (2) none of the discovery BSI seeks is relevant to the issues in the pending summary judgment motion, and (3) in light of the foregoing, valuable resources will be wasted if Connexus and Hydra are forced to engage in needless discovery that will be mooted if the summary judgment is granted. Further, the scope of discovery pending against Joe Wagner/Hypertouch does not warrant staying only discovery concerning the third-party claims, and Connexus and Hydra do <u>not</u> seek to stay responding to the Court's Order requiring them to produce documents and in fact have produced responsive documents. Accordingly, the Court should enter the stay Connexus and Hydra seek.

A.     **Connexus and Hydra Seek Dispositive Relief.**

BSI's claim that the requested stay should be denied because "none" of the issues in the December 18, 2009 summary judgment motion filed by Connexus and Hydra are "dispositive on all claims" is categorically false and BSI knows it. (DE# 272 at 8.)  Connexus and Hydra moved for summary judgment on the <u>entirety of BSI's lawsuit</u> on grounds that:  (1) BSI lacks standing because it is not an internet service provider within the purview of either state statute under which it sues but instead is a litigation factory that affirmatively collects emails to seek windfalls in statutory damages, (DE# 257-1 at 12-19); (2) all of BSI's claims are barred because BSI took affirmative steps to capture all the alleged "spam" upon which its claims are based, thereby consenting to its receipt, (Id. at 19-21); and (3) BSI's claims are preempted under binding Supreme Court and Fourth Circuit precedent because BSI cannot prove common law fraud as it must do to survive CAN-SPAM's express preemption clause, (Id. at 21-35).  And, if the Court accepts any <u>one</u> of these arguments, then <u>all</u> of BSI's claims will be extinguished.  Thus, just as in the cases Connexus and Hydra cite in their motion, and that BSI quotes in its opposition, "A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion." (DE# 272 at 8 (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).)

BSI is wrong when it argues that the earlier-filed partial summary judgment motion Connexus and Hydra filed is irrelevant to the instant motion for stay. (DE# 272 at 1.)  As Connexus and Hydra expressly stated in their motion for stay, Connexus and Hydra filed "a motion for partial summary judgment… on the ground that a substantial portion of BSI's claims are barred by applicable statutes of limitation," that the "motion is fully briefed and ripe for adjudication," and that if it is granted then it will dispose of a substantial portion of BSI's claims

3

even if the broader summary judgment motion is denied." (DE# 263 at 3.)  Indeed, if this motion for partial summary judgment is granted, then a full 93% of the emails BSI produced in June 2008 (49,839 of the 53,614) will be eliminated from this case. (DE# 83-2 at 1, 3.)  Thus, the partial summary judgment motion also warrants staying discovery until the motion is decided.

        **B.**      <u>**The Discovery BSI Seeks is Irrelevant to the Pending Dispositive Motions.**</u>

BSI claims it needs discovery to defend against the following summary judgment arguments:  (1) "BSI consent[ed] to receive the emails"; (2) BSI spoliated the emails; (3) "BSI's claims do not satisfy the requirements of the statute[s];" and (4) "BSI cannot show falsity in the emails" or "demonstrate misrepresentation as a matter of law." (DE# 272 at 5-6, 8.)  None of the requested discovery is relevant to the issues presented in the motion or such discovery has already been provided.

First, the only discovery BSI seeks from Connexus involves emails that the Court expressly excluded from evidence in this case as a sanction for BSI's dilatory discovery misconduct. (DE# 264 at 7-8; DE# 272 at 5.)  BSI plainly is not entitled to any discovery concerning these emails for this reason, as forcing Connexus to defend against and produce discovery about the excluded emails would turn the Court's sanctions order on its head by rewarding BSI instead of sanctioning it, and by burdening Connexus with extensive discovery rather than protecting it from the hardships Connexus sought to avoid by way of its motion. And, BSI's demands for discovery concerning the excluded emails also completely ignore the Court's prior orders holding that the discovery BSI seeks is irrelevant as explained in Connexus's opposition to BSI's motion to compel. (DE# 274 at 4-7.)

Second, Connexus and Hydra do not have any additional discovery to produce concerning BSI's consent to receive the emails at issue because that information is in the

4

possession, custody and control of BSI and Joe Wagner/Hypertouch. Connexus and Hydra demonstrated in their summary judgment motion that Paul Wagner, the sole employee of BSI, consented to receive the emails by, among other things, deploying "spam traps" to capture as much email as possible, agreeing to receive all "spam" from his brother Joe Wagner/Hypertouch, publishing email addresses on public websites knowing that alleged "spam" would be sent to such addresses, redirecting emails intended for others to himself knowing that the emails would be "spam," and creating false email accounts that have no corresponding end user knowing that emails would be sent to those accounts. (DE# 257-1 at 7-9, 19-21.) And, critically, BSI's own experts – not any discovery that Connexus and Hydra rely on in their motion – agree that BSI trapped spam. For example, BSI expert Klensin testified:

> Q. Do you know if Beyond Systems used spam traps to reject e-mail?
> A. My general understanding is that Beyond Systems has not decided to reject e-mail but just decided to store it.
> Q. Do you know if Beyond Systems used wild cards to reject e-mails?
> A. My general understanding is that Beyond Systems -- Same answer.
> Q. Do you know if Beyond Systems used wild cards to act as a spam detector?
> A. If by "detector" you mean in real time, I think probably not. But it's the answer to the question you just asked.
> Q. Do you know if Beyond Systems used wild cards to filter spam?
> A. As part of their real-time filtering activity? As I said, I don't believe that they were actively trying to reject spam from those mailboxes.

(DE# 257-1 at 20.) Thus, the undisputed facts evidencing BSI's consent originate from BSI and Joe Wagner/Hypertouch and their experts, and Connexus and Hydra have nothing to produce.

Third, Connexus and Hydra do <u>not</u> seek summary judgment on the ground that, although true, "BSI altered, duplicated or destroyed original emails." (DE# 272 at 5.) Instead, after identifying acts of spoliation in addition to alteration, duplication and destruction of original emails, Connexus and Hydra indicated expressly that:

> Connexus and Hydra will seek <u>separate relief</u> concerning these acts of spoliation but alert the Court about them now to clarify that

5

>Connexus and Hydra are not conceding the admissibility or authenticity of any of the "emails" that BSI produced. Rather, for purposes of this motion only, Connexus and Hydra assume that the emails reflect events that BSI claims they reflect solely to avoid the Court's involvement in these complicated admissibility issues now.

(DE# 257-1 at 11 (emphasis added).) Further, whether Connexus or Hydra "sent" the emails is not at issue in the motion and thus discovery on this topic is irrelevant. And, in all events, BSI does <u>not</u> claim that Connexus and Hydra sent any of the emails, but rather identified Connexus and Hydra as the mere "middleman and/or advertiser" while identifying separate entities as "senders." (Ex. 1, P. Wagner Dep. Ex. 99 at 1-2; Ex. 2, P. Wagner Dep. at 713:5-714:7.) Indeed, a Hydra witness already testified that Hydra did not send any of the Hydra emails BSI produced in June 2008. (Ex. 3, S. Steele Dep. at 92:8-93:17.) Thus, discovery as to BSI's spoliation of evidence and "sending" of emails is irrelevant to the summary judgment motion.

Third, no discovery is needed to respond to the showing in the summary judgment motion that many of BSI's claims fall outside the purview of the statutes at issue because these arguments are <u>purely legal</u>. Specifically, Connexus and Hydra demonstrated, among other things, that (1) BSI's "To" claims fail as a matter of law because the "To" fields pertain to the recipient of the email and the statutes do not address "To" fields, (2) BSI's allegations concerning false domain name registrations fail as a matter of law because domain name registrations are not part of the emails themselves and the California and Maryland statutes regulate only emails, (3) BSI's claims about false statements in the bodies of emails fail as a matter of law because the statutes regulate the headers of emails, and (4) BSI's "From" field claims fail as a matter of law because neither statute prohibits using multiple identities, requires a sender field, or regulates quoted names in conjunction with email addresses or multiple originating IP addresses. These arguments are purely legal and do not depend on any discovery.

6

Likewise, discovery concerning BSI's theories of falsity is irrelevant because Connexus and Hydra argue in their motion that BSI's theories of falsity fail as a matter of law, as they are preempted by CAN-SPAM's express preemption clause. (DE# 257-1 at 29-34.) To survive preemption, the Fourth Circuit holds that state law claims involving commercial email like BSI's must be based on actual fraud as opposed to "immaterial," "isolated," "simple," or "bare errors." *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 354-55, 359 (4th Cir. 2006). And, "[a] 'material' misrepresentation or practice" is one "which is likely to affect a consumer's choice of or conduct regarding a product." (DE# 257-1 at 29-32.) However, Hydra demonstrated that BSI's allegations of falsity – <u>even if the allegations are true</u> – "have nothing to do with a consumer's decision to purchase anything" and, therefore, BSI alleges nothing more than "bare error" and its claims are barred as a matter of law. (DE# 257-1 at 29-32.) Because these summary judgment issues are purely legal and do not depend on any fact discovery, BSI's argument that it needs discovery to respond to the summary judgment motion is simply wrong.

Finally, BSI claims that the stay should be denied because it needs discovery "supporting its own motions for summary judgment," but BSI has not filed any summary judgment motion. (DE# 272 at 2.) Indeed, BSI has not yet determined whether it will do so. (DE# 272-6.) BSI's argument is purely academic, was invented solely to defeat this motion for stay, and does nothing to undercut the reasons why a stay is warranted here.

    **C.**    **The Scope of Discovery Pending Against Third-Party Defendants is Proper.**

Joe Wagner/Hypertouch have not sought a protective order concerning the scope of the discovery pending against him/it and therefore this issue is not before the Court on a properly filed motion. Nonetheless, Connexus and Hydra respond briefly to Joe Wagner/Hypertouch's arguments should the Court decide to address them, and show below that the scope of discovery

pending against Joe Wagner/Hypertouch is proper and does not mandate staying only discovery concerning the third-party claims filed by Connexus or Hydra.

First, the Court already rejected Joe Wagner/Hypertouch's argument that they "should not be subject to the burdens of discovery by C/H" concerning "[Communications Decency Act] and statutory immunity." (DE# 272 at 11.)  Significantly, in denying Joe Wagner/Hypertouch's motion to dismiss, the Court ruled that:

> [T]his is a Motion to Dismiss or Partial Motion to Dismiss, but the allegations are that Joe Wagner, Hypertouch sent BSI virtually all the e-mails to go forward with this lawsuit and that Joe Wagner has admitted on deposition filing at least 16 lawsuits in his personal capacity, and 25 in Hypertouch's name; that according to the third-party plaintiffs, the Communication Decency Act does not preempt claims against such as Hypertouch in this third-party complaint.

(Ex. 4, 10/19/09 Hrg. Trans. at 39:4-11.)  The Court then held that "the ultimate issue, in fact, is whether Hypertouch is an interactive computer service provider under the CDA.  And there's arguments that Hypertouch have added to the original content of the e-mails." (Id. at 39: 16-19.) Thus, "the suggestion is by the third-party plaintiff that all the arguments raised by the third-party defendants are factual issues that cannot be resolved on a Motion to Dismiss, and the Court agrees that the Motion to Dismiss in whole or part is denied, and that discovery should go forward on that point as appropriate." (Id. at 39:20-25.)  Accordingly, there is no question that Joe Wagner/Hypertouch are required to provide discovery concerning their status (or lack thereof) as internet service providers.

Second, the discovery that Joe Wagner/Hypertouch complain about does not "seek" information "from" BSI. (DE #272 at 10.)  Rather, as the very exhibits that BSI and Joe Wagner/Hypertouch attached to their opposition make clear, the requests were propounded "on Third Party Defendant Hypertouch, Inc.," and sought documents in Joe Wagner/Hypertouch's "possession, custody, or control." (DE# 272-3 at 2, 10; DE# 272-4 at 2, 5, 10, 13.)

8

Third, Connexus and Hydra do <u>not</u> seek discovery about <u>all</u> emails "between Defendants and BSI," but rather about emails that Joe Wagner/Hypertouch sent to BSI over which BSI sues Connexus and Hydra. To be sure, Connexus and Hydra advised Joe Wagner/Hypertouch that they seek information <u>only</u> concerning "emails at issue in the litigation that [Joe Wagner/Hypertouch] routed to BSI." (DE # 272 at 9-10; Ex. 5, A. Rothman 11/30/09 Email.)

Fourth, Connexus and Hydra rightfully seek information "related to BSI" – in the possession, custody and control of Joe Wagner/Hypertouch – because this entire case involves the relationship between the Wagner brothers and Joe Wagner/Hypertouch's sending of tens of thousands of emails to BSI. (DE# 272 at 10.) It would be truly bizarre indeed if Connexus and Hydra did not ask for information that Joe Wagner/Hypertouch has about BSI.

Finally, before Joe Wagner/Hypertouch filed their opposition to this motion, Connexus and Hydra expressly agreed to withdraw many of their requests – notwithstanding that they were proper – as to "falsity" in the emails if Joe Wagner/Hypertouch stipulated to not testify about responsive information at trial. (Ex. 5, A. Rothman 11/30/09 Email.) However, Joe Wagner/Hypertouch refuses to indicate whether Joe Wagner/Hypertouch will agree to this proposal. Thus, Connexus and Hydra have no choice but to pursue these requests to avoid being ambushed at trial.

For these reasons, the discovery pending against Joe Wagner/Hypertouch is proper, and it does not mandate merely staying only discovery concerning the third-party claims.

### D.    Response to the Court's July 2009 Order.

Connexus and Hydra do <u>not</u> seek to stay discovery that the Court ordered them to produce in July 2009, and expressly stated in their motion for stay that such discovery will be produced "irrespective of whether the Court grants [the motion for stay]." (DE# 263 at 7.)

Indeed, Connexus and Hydra fully complied with the Order and fully cooperated with BSI to correct any alleged deficiencies.  For example, when BSI indicated its belief that Hydra did not produce certain HTML creatives, Hydra advised that it did not have them in its possession, custody or control. (Ex. 6, Briefing Schedule Email.)  Similarly, when BSI indicated that it believed Connexus did not produce certain HTML creatives, Connexus quickly searched for and produced all of the items in its possession, custody and control and advised BSI that it did not have any of the others that BSI requested. (Ex. 7, 1/7/10 A. Rothman Email.)  Thus, the July 2009 Order does not warrant denying the requested stay.

## CONCLUSION

For these reasons and those fully explained in their opening motion, Connexus and Hydra respectfully request that the Court grant the stay they seek.

Respectfully submitted,

Dated:  January 25, 2010                    /s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
Robert A. Friedman, US DC-MD Bar No. 28864
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com
*Attorneys for Connexus Corp. and Hydra LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 25th day of January 2010, a copy of the foregoing *Reply in Support of Motion for Stay and Protective Order Pending Resolution of Dispositive Motions* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc., and Joe Wagner/Hypertouch, Inc.*

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

                                                /s/
                                       Ari N. Rothman