IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| Defendants. | : |

## HYDRA LLC'S MOTION FOR
## EXTENSION OF TIME TO RESPOND TO PENDING MOTIONS

Defendant and Third-Party Plaintiff Hydra LLC respectfully requests an order allowing it to file (1) its opposition to Joe Wagner/Hypertouch's motion to strike (DE# 268), and (2) its reply to Beyond Systems, Inc.'s ("BSI") and Joe Wagner/Hypertouch's opposition to Hydra's motion to challenge confidentiality (DE# 279), within three weeks after the Court rules on Venable LLP's pending motion to withdraw its appearance as counsel for Hydra (DE# 280). BSI does not consent to the requested relief. However, good cause exists to grant the requested relief for the reasons explained below.

## MEMORANDUM OF LAW

On January 22, 2010, Venable LLP, counsel for Hydra, filed a motion to withdraw its appearance as counsel of record because Hydra failed to pay Venable over $450,000 for services Venable provided to Hydra concerning this litigation. (DE# 280 at 2.) In that motion, Venable explained that – without any notice by Hydra to Venable until after the fact – a California state court appointed a receiver for Hydra, that the court ordered the sale of all of Hydra's assets to a new company formed by Hydra's CEO, and that the new company would not assume any debt

owed to Venable. Counsel for Hydra's receiver confirmed that Hydra has no assets, and Venable learned that Hydra has no employees.

Good cause exists to grant the requested extension. First, Venable cannot confer with Hydra because Hydra does not have any employees, and Venable has no access to any employees of the "new" Hydra. Venable conferred with Hydra's General Counsel, Jared Gordon, respecting every aspect of this litigation, including strategic decisions and authorizations needed to file and respond to motions on Hydra's behalf. And, the pending motions – in particular Joe Wagner/Hypertouch's motion to strike which seeks to dispose of an affirmative defense that Hydra raised – also requires consultation with Hydra because the issues in the motion center on Hydra's advertising network operations. (DE# 268 at 5-11.) However, because Hydra currently has no employees, and because Venable has no access to employees of the "new" Hydra, Venable cannot fully or adequately respond on Hydra's behalf, as Venable cannot consult with Hydra to obtain needed information or authorizations.

Second, and as demonstrated in Venable's motion to withdraw as counsel of record for Hydra, Hydra failed to pay Venable for legal services, thereby entitling Venable to an order allowing it to withdraw its appearance on February 22, 2010 pursuant to Local Rule 101 and Maryland Rule of Professional Conduct 1.16(b)(5). Thus, even if Venable were able to adequately respond on Hydra's behalf, Venable is not required to continue representing Hydra at Venable's expense, and Hydra has not committed to paying Venable for any additional work.

Third, no prejudice will result if the Court grants the requested relief because Connexus, which is also represented by Venable, will timely file its reply to BSI's and Joe Wagner/Hypertouch's opposition to the Connexus/Hydra motion to challenge confidentiality

(DE# 279), and because Connexus will show in its reply that no further briefing is needed to resolve the issues in the motion.

Finally, no prejudice will result respecting Hydra's opposition to Joe Wagner/Hypertouch's motion to strike. Pursuant to Local Rule 101(2)(b), Hydra must, by no later than February 22, 2010, either hire new counsel or be subject to default on claims asserted against it. If Hydra obtains new counsel then no prejudice will result by the modest extension sought, as a hearing on dispositive motions is not scheduled to take place until June 14, 2010. Indeed, BSI conceded that it would "consider extending that counsel the normal courtesies extended to new counsel with respect to short extensions to file responses to pending motions." (Ex. 1, 2/3/10 T. Onorato Email.) And, if Hydra does not obtain new counsel and elects to suffer a default judgment, then the pending motions would be moot.

For these reasons, Hydra respectfully requests an order allowing it to file (1) its opposition to Joe Wagner/Hypertouch's motion to strike (DE# 268), and (2) its reply to Plaintiff Beyond Systems, Inc.'s ("BSI") and Joe Wagner/Hypertouch's opposition to Hydra's motion to challenge confidentiality (DE# 279), within three weeks after the Court rules on Venable's pending motion to withdraw its appearance as counsel for Hydra.

∗ ∗ ∗

Respectfully submitted,

Dated:  February 4, 2010                              /s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
Robert A. Friedman, US DC-MD Bar No. 28864
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 4th day of February 2010, a copy of the foregoing *Hydra LLC's Motion for Extension of Time to Respond to Pending Motions* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants Joe Wagner and Hypertouch, Inc.*

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

              /s/
              Ari N. Rothman