# EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| BEYOND SYSTEMS, INC. )<br><br>Plaintiff, )<br><br>v. )<br><br>KRAFT FOODS, INC., *et al.* )<br><br>Defendants. ) | Case No. 8:08-cv-00409 (PJM) (CBD) |

## DECLARATION OF STEVEN WAGNER PURSUANT TO 28 U.S.C. § 1746

I, Steven Wagner, hereby declare as follows:

1. I am over 18 years of age. I have personal knowledge of the facts set forth below and would competently testify to those facts if called upon to do so.

2. I am an attorney licensed to practice law in the jurisdictions of the District of Colombia (active) and Maryland (inactive). I attended the University of Pennsylvania Law School, receiving my J.D. degree in 1998. From 2000 to 2007, I was an associate attorney at the law firm Chadbourne & Parke LLP in Washington, D.C. Currently, I am an attorney with the World Bank in Washington, D.C.

3. Paul A. Wagner is my brother and is President of Beyond Systems, Inc. ("BSI"), a Maryland-based corporation that is an Internet service provider.

4. I have served as outside counsel for BSI since 1999, and in that role have provided legal advice and counseling on a full range of business matters to BSI during the period 1999 to the present time. BSI has continuously been my client since 1999 and remains my client today.

5.    J. Joseph Wagner is my brother and is President of Hypertouch, Inc. ("Hypertouch"), a California-based corporation that is also an Internet service provider.

6.    I have also served as outside counsel for Hypertouch since 1999, and in that role have provided legal advice and counseling on a full range of business matters to Hypertouch during the period 1999 to the present time. Hypertouch has continuously been my client since 1999 and remains my client today.

7.    In 2002, I recall discussing an oral joint interest agreement among Hypertouch and BSI. The purpose of the joint interest agreement was to permit the parties to share privileged and non-privileged information and legal strategy in connection with lawsuits that were planned to be filed by BSI and/or Hypertouch.

8.    In 2006, I directed Paul Wagner to assemble a document containing information prepared in connection with potential representation of BSI by Chadbourne & Parke LLP. It reflects my mental impressions as an attorney on the subject in the brief and is thus covered by the attorney work product doctrine. It also reflects the mental impressions of Joseph Wagner, reviewed pursuant to the joint interest agreement between the parties.

9.    In late 2007 through early 2008, I directed Paul Wagner to update this privileged document that we had created years earlier. This document was produced in the course of the instant case as KLENSIN 002210-002218, LEVINE 001593-001601, and RESNICK 004412-004420. The document was prepared in anticipation of litigation and in connection with potential representation by Chadbourne & Park LLP, Steptoe & Johnson LLP, and the law practices of Steve Ring and Mike Rothman. The document contains my mental impressions regarding potential litigation. The document also constitutes a communication from potential clients to their potential attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of February, 2010, at ___7 p.m. in Washington___, DC

By: _____

Steven Wagner, Esq.