IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| Defendants. | : |

**REPLY IN SUPPORT OF
MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR HYDRA LLC**

Venable LLP ("Venable") respectfully submits this reply in support of its Motion to Withdraw as Counsel of Record for Hydra LLC ("Hydra") (DE# 280). As set forth below, Plaintiff Beyond Systems, Inc. ("BSI") and Hydra now consent to the relief Venable seeks, and all other conditions precedent to granting Venable's motion have been fulfilled. Thus, Venable respectfully requests that the Court grant Venable's motion without delay. Further, to conserve judicial resources and avoid inconsistent results, Defendant Connexus Corp. ("Connexus") requests that the Court defer ruling on pending motions as to Hydra until at least after the Court considers Connexus's positions on such motions.

    **A.**    **The Court Should Grant Venable's Motion Without Delay.**

All conditions precedent to allow Venable to withdraw as counsel of record for Hydra have been fulfilled, and Venable's motion is ripe for adjudication. First, Venable's motion is now uncontested, as BSI and Hydra consent to the relief Venable seeks, no opposition to Venable's motion was filed, and the due date for any opposition or other response has passed. (DE# 287 at 1; Ex. 1, M. Lubic/A. Rothman Email Exchange.)

Second, all of the requirements in Local Rule 101(2)(b) have been fulfilled. Specifically, the required thirty day waiting period set forth in Local Rule 101(2)(b) has now elapsed (Venable filed its motion on January 22, 2010), and Venable filed its certification and provided Hydra with written notice as required by Local Rule 101(2)(b) as set forth in the opening motion to withdraw. (*See* DE# 280 at 2-3.)

Third, Hydra has advised Venable that it will not retain new counsel. (Ex. 1, M. Lubic/A. Rothman Email Exchange.) Further, Venable has received no instructions or authorizations from Hydra respecting this litigation. Accordingly, Venable cannot practically represent Hydra regardless of the fee dispute.

Finally, Hydra indicated that it "does not have funds to pay counsel." (Id.) Thus, Venable will be prejudiced if it is compelled to continue representing Hydra without compensation, as Hydra already owes Venable $486,531.72.

For these reasons, Venable respectfully requests that the Court enter an order granting Venable's motion without delay.

### B.     Connexus's Position Respecting Pending Motions.

Connexus requests that the Court deny BSI's and Joe Wagner/Hypertouch's demand that the Court grant as to Hydra the pending motions set forth on pages 3 and 4 of BSI's response to Venable's motion. (DE# 287 at 3-4.) Foremost, the Court need not waste resources considering these motions as to Hydra because they will be moot when the relief to which BSI and Joe Wagner/Hypertouch are entitled is entered. Specifically, and as set forth in LR 101(2)(b), BSI's remedy for Hydra's failure to defend against BSI's claims is a default judgment against Hydra, while Joe Wagner/Hypertouch remedy is dismissal of Hydra's third-party claims. Further, given that Hydra's positions are substantially similar (in some cases identical) to the positions

Connexus set forth (or will set forth) in opposition to the pending motions, Connexus could be prejudiced by complications that could arise related to inconsistent outcomes if the Court first resolves these motions against Hydra. Thus, at a minimum, Connexus requests the Court should defer ruling on the pending motions until at least after the Court resolves these motions on the merits as to Connexus.

* * *

For these reasons and for the reasons set forth in Venable's Motion to Withdraw as Counsel of Record for Defendant Hydra LLC, Venable requests that the Court enter an order allowing Venable to withdraw as counsel of record for Hydra. Further, Connexus requests that the Court defer ruling on the pending motions against Hydra until at least the Court resolves these motions on the merits as to Connexus.

Respectfully submitted,

Dated: February 22, 2010
                                             /s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
Robert A. Friedman, US DC-MD Bar No. 28864
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com

*Attorneys for Connexus Corp. and Hydra LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 22nd day of February 2010, a copy of the foregoing *Reply in Support of Motion to Withdraw Appearance as Counsel of Record for Hydra LLC* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants Joe Wagner and Hypertouch, Inc.*

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

                                                                  /s/
                                             Ari N. Rothman