UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 8:08-cv-00409 (PJM)(CBD) | |
| ) | | |
| KRAFT FOODS, INC., *et al.* ) | | |
| ) | | |
| Defendants. ) | | |

**OPPOSITION TO HYDRA LLC'S MOTION FOR EXTENTION OF TIME
TO RESPOND TO PENDING MOTIONS**

Plaintiff Beyond Systems, Inc. and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc. (collectively, "Respondents"), hereby submit their opposition to Defendant and Third-Party Plaintiff Hydra LLC's ("Hydra") Motion for Extension of Time to Respond to Pending Motions ("Mot. to Extend") [DE #286]. Hydra's counsel, Venable LLP ("Venable"), seeks an extension for Hydra until "three weeks after the Court rules on Venable LLP's pending motion to withdraw its appearance as counsel for Hydra" in order that Hydra can then file, if it were to retain counsel and decide to prosecute this action, (1) any opposition to Wagner's and Hypertouch's motion to strike (DE# 268), and (2) any reply to Respondents' opposition to Hydra's motion to challenge confidentiality (DE# 279). Mot. to Extend at 1. However, Hydra has made clear that it will not retain counsel.

Hydra's motion is an abuse of processes and a waste of this Court's time. It should not have been filed and should be denied. Venable seeks an extension on behalf of Hydra to enable Hydra to provide responses to pleadings that Plaintiff and Third Party Defendants have filed

against it, but "Hydra has advised Venable that it will not retain new counsel. (Ex. 1, M. Lubic/A. Rothman Email Exchange.) Further, Venable has received no instructions or authorizations from Hydra respecting this litigation. Accordingly, Venable cannot practically represent Hydra regardless of the fee dispute." [DE # 298 (Feb. 22, 2009)].  Hydra has told Venable that "[t]his litigation has no value to the company so there is no reason for the company to continue litigating."[1]  *Id*. at Ex. 1.  Therefore, no good cause exists and Hydra's motion for more time is a waste of the Court's and the parties' resources.[2]

Venable's request for a contingent extension – until three weeks after the Court rules on its motion to withdraw – will prejudice Plaintiff and Third-Party Defendants Wagner and Hypertouch.  As of tomorrow, February 23, 2010, Respondents are entitled under the local rules to move for, and the Court may enter, a default in the underlying action and a dismissal of Hydra's affirmative claims in the third-party action.  L.R. 101(1)(a); *see* 101(2)(b) ("In the event that within thirty days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it.").  Hydra was notified of this possibility by Venable in its January 22, 2010 withdrawal letter.  *See* Mot. to Withdraw at Ex. 1 [DE #280].  The request for an extension until after Venable's motion has been acted upon implies that Hydra may hire new counsel, but

---

[1] While Hydra has attempted to shield its assets in a sham transaction and claim it has no monies, Zac Brandenburg has been claiming that Hydra has been profitable every year since inception in his "Young Money Secrets" article.  http://www.hydranetwork.com/press/young-money_secrets-behind-zac-brandenbergs-online-ad-network-hydra_2010-01-26.pdf.

[2] Given Hydra's clear intent to not retain counsel, Plaintiff asserts that the filing of this motion was either without client consent, or for a vexatious purpose, and that Plaintiff should be awarded its fees for having to file this opposition.

Hydra has told Venable it is not seeking counsel and that this "litigation has no value to the company" and that it is going to attempt to hide behind a sham assets sale from the CEO to himself. Hydra's strategy to abandon this litigation, right after Judge Day permitted an additional 20,334 Hydra emails into the case, precludes its request for an extension.

Finally, Venable has an ongoing obligation to continue to represent Hydra and respond to the outstanding motions. Pursuant to L.R. 101(2)(a), a corporate litigant's counsel may withdraw its appearance only if an appearance of other counsel has been entered, or withdrawing counsel files a certificate stating:

> (a) the name and last known address of the client, and (b) that the written notice has been mailed to or otherwise served upon the client at least five days previously advising the client of counsel's proposed withdrawal and notifying it that it must have new counsel enter an appearance or be subject to the dismissal of its claims and/or default judgment on claims against it.

Pursuant to the local rule, if, within thirty days of filing of the motion to withdraw, other counsel has not appeared, the Court may take such action it deems appropriate, including granting the withdrawal and dismissing any affirmative claim for relief. *Id.* As of today, Venable is still counsel of record for Hydra and is under an obligation to continue to represent its client until such time as the Court grants its requested relief. In connection with the motions regarding which Hydra seeks an extension, Connexus filed its reply to Respondents' opposition to Hydra's motion to challenge confidentiality [DE #288] on February 8, 2010, and its opposition to Wagner/Hypertouch's motion to strike on February 18 [DE #294]. Hydra could have joined these filings, as it has in virtually every instance in this case, and therefore no good cause exists for the requested extension.

And, despite Venable's claims that it did not have notice of Hydra's sham asset sale until after the fact, Venable states in its motion to withdraw [DE #280] at 2 that it had notice in

3

December 2009.  Mot. to Extend at 1.  Thus, while Venable knew that Hydra was selling its assets, it concedes it did not relate that fact to Plaintiff – and thereby helped Hydra to hide its asset sale.  At the very same time, Defendants' counsel and Hydra were stonewalling discovery – *i.e.*, counsel, actively representing Hydra, affirmatively blocked discovery on the new 20,334 Hydra emails.  Yet, Defendants' counsel now pleads fairness as its rationale for more time for Hydra.  Such fairness was not forthcoming from either counsel or Hydra while Hydra was taking the steps to put itself in this position.

Hydra is also the subject of additional outstanding motions from which counsel is seeking to withdraw, including (1) Plaintiff's Motion for Order Enforcing this Court's December 7, 2009 Ruling Regarding Emails in This Case and for Sanctions (DE# 264); (2) Plaintiff's Motion to Compel the Deposition of Dr. Frederick B. Cohen, Materials Relied On, and for Sanctions (DE #246); and (3) Plaintiff is still waiting on fulfillment of the discovery ordered by this Court in Plaintiff's Motion to Compel granted on July 24, 2009 (DE #190).

Fourth, the motion should be denied because the dates counsel is moving to extend have already elapsed, thus Respondents' concern about a lengthy delay is now a concern about further, lengthy delay: "[S]ince it is not clear whether Hydra will or will not retain counsel and what delays that might cause as new counsel gets up to speed, we believe you are underestimating the potential delay and prejudice of letting Hydra not respond on schedule to the pending motions." Mot. to Extend Ex. 1 (meet and confer exchange, email from T. Onorato to A. Rothman).  In light of these concerns becoming a reality, the requested relief is simply unfair to Respondents.

In light of the prejudice to Respondents of a lengthy delay, Hydra's unseemly actions before this Court and now crystal clear abandonment of this litigation, and lack of good cause, this motion should be denied.

Date: February 22, 2010                    Respectfully Submitted,


                                                             /s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave.
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*

Of Counsel:
Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

5

*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2010, the foregoing *Opposition to Hydra LLC's Motion for Extension of Time to Respond to Pending Motions* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

| | |
|---|---|
| Barry J. Reingold (USDC-MD Bar No. 06490)<br>John M. Devaney (*Pro Hac Vice*)<br>John K. Roche (*Pro Hac Vice*)<br>PERKINS COIE LLP<br>607 14th Street NW, Suite 800<br>Washington DC 20005-2003<br>202-434-1613 (Telephone)<br>202-434-1690 (Facsimile)<br>jroche@perkinscoie.com<br>breingold@perkinscoie.com<br>jdevaney@perkinscoie.com | J. Douglas Baldridge<br>Lisa Jose Fales<br>Ari N. Rothman<br>VENABLE LLP<br>575 7th Street NW<br>Washington, DC 20004<br>(202) 344-4000 (Telephone)<br>(202) 344-8300 (Facsimile)<br>jbaldridge@venable.com<br>ljfales@venable.com<br>anrothman@venable.com |
| Darrell J. Graham<br>Law Offices of Darrell J. Graham, LLC<br>53 W. Jackson Boulevard<br>Suite 1334<br>Chicago, IL 60604 | *Counsel for Defendants Connexus Corp. and Hydra LLC* |

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

Thomas M. Barba