**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| KRAFT FOODS, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |
| CONNEXUS CORP., *et al.*, | ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) ) | |
| Third-Party Defendants. | ) ) | |

**THIRD-PARTY DEFENDANTS' MOTION TO DISMISS
THIRD-PARTY PLAINTIFF HYDRA LLC'S COMPLAINT**

Third-Party Defendants James Joseph Wagner ("Wagner") and Hypertouch, Inc.

("Hypertouch") (collectively, "Movants") hereby move pursuant to Fed. R. Civ. P. 41(b) and

Local Rule 101(2)(b) for the dismissal of the Third-Party Complaint [DE # 74] filed by Hydra

LLC ("Hydra").[1]

On January 22, 2010, Venable LLP ("Venable") moved to withdraw from its

representation of Hydra. [DE #280]. Venable advised Hydra that per the rules of this Court that

---

[1] Plaintiff Beyond Systems, Inc., has filed simultaneously with this motion a motion for entry of default against Hydra in the related action in which Hydra is a Defendant.

Hydra must have new counsel enter an appearance or it would be subject to the dismissal of its claims and/or default judgment on claims against it. [DE #280 at Ex. 1]; *see* L.R. 101(2)(b). As of February 22, 2010, Hydra was obligated to retain new counsel to represent it in this action. *See* L.R. 101(2)(b), 101(1)(a). Hydra failed to do so. In fact, "Hydra has advised Venable that it will not retain new counsel." [DE #298 at 2]. Moreover, Hydra has told Venable that "[t]his litigation has no value to the company so there is no reason for the company to continue litigating." *Id*. at Ex. 1. Under Local Rule 101(2)(b), "[i]n the event that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it." Hydra's claims against Wagner and Hypertouch should be dismissed with prejudice because Hydra has not retained new counsel, has stated affirmatively that it will not do so, and because of Hydra's history of flaunting the rules of this Court.

Hydra's actions and inactions in this matter have made it abundantly clear that its strategy is to abandon this litigation altogether and hide behind a sham asset sale from the CEO to himself. On November 26, 2008, Plaintiff Beyond Systems, Inc. ("BSI") filed its Second Amended Complaint in the related action, naming Hydra LLC as a Defendant, and alleging violations of Maryland's and California's anti-spam statutes. Hydra answered the Complaint and further responded by filing a third-party complaint against Wagner and Hypertouch, asserting a right to contribution or indemnification for liability Hydra and its co-Defendant Connexus Corp. may be determined to have to BSI. Following the denial of Wagner/Hypertouch's motion to dismiss these claims [DE #82], Wagner/Hypertouch answered and counterclaimed. [DE #241].

Hydra makes an enormous amount of money running its spamming operation, sending illegal false and deceptive email advertising that infuriates consumers and businesses everywhere. Hydra currently states on its website that it "earned a position on the prestigious Inc. 500 list for the third consecutive year. Hydra posted three-year revenue growth of 579.1% and is one of only a few dozen firms to ever have earned three consecutive spots on the Inc. 500 list."[2] Hydra showed revenue of $108.6 million on the *Inc*. 2009 list.[3] In order to protect its golden goose, Hydra decided to undertake a sham asset sale from the CEO to himself, change the company name from Hydra LLC to Hydra Group LLC, and then continue to run the same business, from the same offices, through the same website, under the same CEO. On January 19, 2010, three days before Venable's motion to withdraw, "new Hydra" put out a press release stating that it had "purchased the assets of Hydra LLC, including the Hydra Network, one of the largest performance-based ad networks in the internet advertising industry. A newly formed entity comprised of a group of leading edge, online marketing focused investors, Hydra Group also includes original Hydra founder and CEO Zac Brandenberg."[4] As a result, new Hydra is now running old Hydra's same affiliate network, and is conducting the same business through hydranetwork.com. *See also* DE #280 at 1, 2 (stating Venable had contacted Hydra "in December 2009" and was told that a receiver had been appointed for Hydra and had sold the assets from CEO Zac Brandenberg's old company, Hydra LLC, to his new company, Hydra Group LLC); DE #287 at 2 & note 1 (new Hydra spam from the week of February 1); DE #282 at 2-3; DE #295 at note 12 (new Hydra spam from February 18, 2010). While Hydra has attempted to shield its assets in a sham transaction and claim it has no monies, Zac Brandenburg

---

[2] http://www.hydranetwork.com/press/recognition.html.

[3] *See* http://www.inc.com/inc5000/2009/the-full-list.html?o=400.

[4] http://www.prnewswire.com/news-releases/hydra-group-llc-buys-assets-of-hydra-llc-82064337.html.

was, on January 26, 2010, stating that Hydra has been profitable every year since inception in his "Young Money Secrets" article.[5]

Pursuant to Local Rule 101(1)(a), all parties other than individuals must be represented by counsel. As a corporate litigant, Hydra must be represented in order to assert its third-party claims and to defend against the asserted counterclaims. Since Hydra is not represented, and since it has violated Local Rule 101(2)(b) – giving Hydra thirty days from Venable's January 22, 2010 motion to withdraw to have new counsel appear – this Court "may . . . dismiss[] any affirmative claim for relief asserted by the party." Moreover, new counsel *will not be* appearing on behalf of Hydra in this case. Hydra has consented to Venable's withdrawal, stating that "Hydra LLC does not object to the withdrawal of Venable as counsel to Hydra LLC in the BSI Litigation." [DE #298 at Ex. 1]. Further, Hydra's counsel disclosed that "[t]his litigation has no value to the company so there is no reason for the company to continue litigating. Further, the company does not have funds to pay counsel. As a result, the company does not intend to employ new counsel." *Id.* Therefore, this Court should dismiss Hydra's claims under the Local Rules with prejudice. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits."). Furthermore, dismissal with prejudice under Fed. R. Civ. P. 41(b) is warranted. Under Federal Rule of Civil Procedure 41(b), an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with . . . a court order. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a district court may invoke Rule 41(b) *sua sponte*)." *Zeno v. Chevy Chase Bank*, 2009 U.S. Dist. LEXIS 113138, at *3 (D. Md. Dec. 3, 2009). As indicated above, Hydra has explicitly

---

[5] http://www.hydranetwork.com/press/young-money_secrets-behind-zac-brandenbergs-online-ad-network-hydra_2010-01-26.pdf.

stated that this litigation is of no value to the company and it has no intention of litigating it further.  Therefore, this is a clear case for dismissal.

In light of Hydra's discreditable behavior, Movants respectfully request that this Court dismiss with prejudice Hydra's Third-Party Complaint.  Movants further request that this Court award Movants' their attorneys' fees and costs associated with this motion.

Date: February 23, 2010                                   Respectfully submitted,

                                                           /s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February 2010, the foregoing THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THIRD-PARTY PLAINTIFF HYDRA LLC'S COMPLAINT was filed electronically in accordance with the Court's CM/ECF procedures, and was served upon the below-named parties via the Court's electronic filing notification system:

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants/Third-Party Plaintiffs Connexus Corp. and Hydra LLC*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global, Inc. & Vict. Th. Engwall & Co.*

    /s/  Thomas M. Barba
        Thomas M. Barba