UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| ) | |
| KRAFT FOODS, INC., *et al*. ) | |
| ) | |
| Defendants. ) | |

## **PLAINTIFF'S INTERIM MOTION TO SEAL**

Plaintiff Beyond Systems Inc., ("BSI") through its undersigned counsel, hereby requests that this Court seal Exhibits 11, 22, 23, 26, 27, 30, and 31 in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment [DE # 309]. Additionally, counsel requests that the Court keep under seal the unredacted versions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, and the Declaration of Paul A. Wagner in support thereof [redacted versions filed at DE # 309, 309-45].

Exhibits 22, 23, 26, 27, 30 and 31 contain information that Defendants have designated as confidential pursuant to the Protective Order in this case [DE# 87-2]. These documents are: Exhibit 22, a January 3, 2008 Gevalia Marketing Brief; Exhibit 23, a November 1, 2006 Agency Master Agreement between Fosina Marketing and Gevalia; Exhibit 26, a Gevalia Network Keycode identification spreadsheet; Exhibit 27, a Hydra/ Fosina Marketing Group Insertion Order; Exhibit 30, an August 2, 2006 Gevalia E-marketing Rules and Requirements; and Exhibit 31, a March 14, 2006 Gevalia E-

marketing Rules and Requirements. Plaintiff will not speak for Defendants as to why they have designated these documents confidential.

Exhibit 11 is an Annualized Summary of BSI Profits & Losses for 2000-2008. It contains an annualized accounting of BSI's profits and losses. This document was designated confidential under the California Protective Order (DE # 68, C.D. Cal. Case No. 08-cv-01039-RGK PLAx) by Plaintiff because it contains non-public financial information about the Plaintiff. This type of financial information is specifically protected under the order as "[t]he CONFIDENTIAL INFORMATION subject to protection under this order reflects…nonpublic financial information about the Parties" [DE # 68, C.D. Cal. Case No. 08-cv-01039-RGK PLAx]. Furthermore, the current Confidentiality Order makes clear that items deemed confidential under the California protective order are to remain confidential in this action. [DE# 87-2 ¶ 1(g)]. Finally, it is patently obvious that a closely held corporation's annualized profits and losses are fundamentally non-public financial information. Therefore, this material is entitled to confidential treatment.

Secondly, portions of the Declaration of Paul A. Wagner in support of Plaintiff's opposition have been redacted to preserve the confidentiality of the information within. [DE # 309-45]. Some of this information is identical to that found in Ex. 11, and should be held under seal for the same reasons as described above. Additionally, confidential customer identities have also been redacted to protect the privacy of BSI's customers. Customer information is one type of material that was specifically identified as being entitled to confidential treatment in the Protective Order that governed the California Action: "The CONFIDENTIAL INFORMATION subject to protection under this Order

reflects, among other things, the identity of the customers…" and "[t]he CONFIDENTIAL INFORMATION that is subject to this Order is comprised of customer lists and customer information . . . and subscriber information." [2:08-cv-01039-RGK-PLA DE# 68 at ¶ 1]. As noted above, the Protective Order to which all parties stipulated that is currently operative in this Action treats as confidential all material that was treated as confidential under the protective order in the California Action. [DE# 87-2 at ¶ 1(g)]. Moreover, pursuant to this Court's Order of December 9, 2009 [DE # 251] granting Plaintiff's Interim Sealing Motion [DE # 217], customer identifying information has previously been protected from public disclosure by this Court, and therefore this material is entitled to likewise confidential treatment.

Finally, sections of Plaintiff's opposition brief itself [DE # 309] have been redacted because figures from Ex. 11 and the Declaration of Paul A. Wagner are quoted. These figures are confidential for the same reasons cited above for the confidentiality of Ex. 11 and portions of the Declaration of Paul A. Wagner.

For the foregoing reasons BSI respectfully requests that this Court grant this Interim Motion to Seal.

Date: March 5, 2010                                    Respectfully Submitted,


                                                                                     /s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW

Washington DC 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

Of Counsel:
Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
T: 301-540-8180
F: 301-540-8195

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*