UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BEYOND SYSTEMS, INC.** | Case No.: 8:08-cv-00409-PJM |
| Plaintiff, | Judge Peter J. Messitte |
| v. | Magistrate Judge Charles B. Day |
| **KRAFT FOODS INC.,** *et al.* | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR RETURN OF INADVERTENTLY PRODUCED PRIVILEGE
DOCUMENT AND ORDER STRIKING ALL REFERENCE TO SAID DOCUMENT**

### I.   INTRODUCTION

Defendants Kraft Foods, Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc. (referred to herein as "Kraft") hereby submit their opposition to plaintiff Beyond Systems, Inc.'s ("BSI") Motion for Return of Inadvertently Produced Privileged Document and Order Striking All Reference to Said Document (Docket No. 303).  BSI has filed a substantially identical motion (Docket No. 290) against Defendants Connexus Corp. ("Connexus") and Hydra LLC ("Hydra").  In these two motions, BSI seeks the return of a January 22, 2008 document (the "Subject Document") that was produced on multiple occasions to all defendants in this case and was not clawed back in a timely manner.[1]  BSI's untimely clawback demand is based on the erroneous claim that the Subject Document is privileged as a result of a joint

---

[1] A copy of the Subject Document was attached as Exhibit 22 to Connexus and Hydra's Motion for Summary Judgment and as Exhibit A to Connexus' Opposition to BSI's Motion for Return of Inadvertently Produced Privileged Document.  *See* Notice of Filing Document Under Seal (Docket No. 257-31); *see also* Notice of Filing Document Under Seal (Docket No. 305-3).

interest agreement between BSI and Hypertouch, Inc. ("Hypertouch").[2]  BSI also reveals for the first time in its motions that the Subject Document is an updated version of a document listed on BSI's privilege log, which is already the subject of a pending Motion to Compel filed by Kraft on September 2, 2009 (Docket No. 209).[3]

Rather than repeat the arguments raised in Connexus' Opposition (Docket No. 305), Kraft hereby adopts those arguments and raises a few other salient points for the Court's consideration.

## II.   ARGUMENT

### A. BSI Made an Untimely and, At Best, Incomplete Request for Kraft to Return the Subject Document

There is no dispute that BSI waited <u>35 days</u> after its discovery of the allegedly inadvertent production to request that Kraft return the Subject Document.[4]  There is also no dispute that the stipulated Confidentiality Order in this matter requires that a clawback request be made within <u>21 days</u> of discovery of the inadvertent production.[5]  Up to this point, BSI has demanded nothing but the strictest compliance with this 21-day deadline.  Indeed, BSI's own words, stated recently in BSI's opposition to a motion filed by Connexus and Hydra, demonstrate why BSI's instant motion should be denied:

---

[2] Kraft will not rehash the tangled relationship between BSI and Hypertouch other than to note that they are two allegedly separate companies that are actually run as a joint venture by two brothers, Paul and Joe Wagner, for the purpose of manufacturing lawsuits.  *See* Kraft's Motion for Summary Judgment, at 7-12 (Docket No. 283-1).

[3] *See* BSI's Motion for Return of Inadvertently Produced Privileged Document, at n.4 (Docket No. 290); *see also* BSI's Motion for Return of Inadvertently Produced Privileged Document, at n.4 (Docket No. 303).

[4] *See* BSI's Motion for Return of Inadvertently Produced Privileged Document, at 5 (Docket No. 303) ("Plaintiff acknowledges that its notice to Kraft was 14 days outside the 21-day timeline set out in the Confidentiality Order.").

[5] *See* Order, at ¶ 8 (Docket Nos. 87-3 & 119).

> The <u>dispositive factor</u> at issue here is the delay that occurred after these documents were introduced at the deposition of Dr. Cohen on October 9, 2009. Paragraph 8 of the Confidentiality Order (DE#s 87-3 & 119) makes clear that a clawback request must be made within twenty-one days of discovery of the inadvertent production.
>
> * * *
>
> It took Hydra <u>thirty days</u> to request the return of the document. <u>Since Hydra's November 9th request for return of these documents exceeds the twenty-one day time period stipulated under the Confidentiality Agreement, they should not be allowed to retrieve the documents.</u> Courts have long recognized and enforced such agreements to avoid conflicts precisely like the one presently before the Court. [citations omitted] BSI and Hydra agreed on a specific time period, twenty-one days, so that there could be no confusion as to what period of time would be appropriate for a clawback request and so there would be no need to litigate what would be a "reasonable" period of time for such request. Enforcement of this agreement weighs in the interest of justice as <u>it is patently unjust for the parties to agree upon a deadline for clawing back inadvertently produced documents and then to allow on[e] of the parties to disregard the indisputable terms of that agreement</u>. Hydra agreed to a twenty-one day deadline. The court approved this agreement. Now Hydra is refusing to live up to the clear terms to which it agreed.[6]

The only rationale BSI offers for its newfound flexibility on the 21-day deadline is that "there is no indication that Kraft has relied in any way upon the document."[7] Aside from being irrelevant to whether BSI is allowed to ignore the parties' stipulated agreement, this assertion is also not true. In fact, Kraft adopted arguments in Connexus and Hydra's Motion for Summary Judgment that are supported by the Subject Document.[8] In addition, the Subject Document directly and materially supports Kraft's demonstration that Hypertouch and BSI have conspired to further their litigation-based business model by improperly suing the same corporations over

---

[6] *See* BSI's Response to Defendant Hydra's Motion for Return of Inadvertently Produced Privileged File, at 2, 4 (Docket No. 247) (emphasis added).

[7] *See* BSI's Motion for Return of Inadvertently Produced Privileged Document, at 14 (Docket No. 303).

[8] *See* Kraft's Motion for Summary Judgment, at n.14 (Docket No. 283-1) (adopting Connexus' argument that BSI lacks standing because it is a lawsuit factory).

many of the same emails. Thus, not only has Kraft relied on the document in connection with its Motion for Summary Judgment, but it will continue to rely on it for as long as BSI's claims are still pending.

Furthermore, to the extent BSI is suggesting that Kraft has no issue with BSI's claim that the Subject Document is privileged but for the possibility of a waiver, that suggestion is wrong. On the contrary, Kraft has specifically challenged through a Motion to Compel BSI's claim of privilege over a prior version of the Subject Document that appears on BSI's privilege log.[9] Interestingly, when BSI made its clawback request on January 22, 2010,[10] it did not reveal that the Subject Document had any relation to Kraft's pending Motion to Compel and, for a number of reasons, Kraft had no means of independently arriving at that conclusion.

First, the Subject Document is not listed anywhere on BSI's privilege log.[11]

Second, BSI's vague description in its privilege log of the original 2006 document (*i.e.*, "legal draft" and "draft case summary") provides no basis for suspecting that the 2008 version (*i.e.*, the Subject Document) is an update of that document or could possibly fall under the same alleged joint interest agreement.[12]

Third, the Subject Document contains no indication on its face that it is subject to any claim of a joint interest privilege.[13]

---

[9] *See* Defendants' Motion to Compel Plaintiff to Produce Documents Withheld on Alleged Grounds of Privilege, at 6-13 (Docket No. 209); *see also* Defendants' Reply in Support of Their Motion to Compel Plaintiff to Produce Documents Withheld on Alleged Grounds of Privilege, at 8-9 (Docket No. 290-30).

[10] *See* Exhibit 3 to BSI's Motion for Return of Inadvertently Produced Privileged Document (Docket No. 303-3).

[11] *See* Exhibit 12 to BSI's Motion for Return of Inadvertently Produced Privileged Document (Docket No. 290-14).

[12] *Id.*

[13] *See* Notice of Filing Document Under Seal (Docket No. 257-31); *see also* Notice of Filing Document Under Seal (Docket No. 305-3).

And fourth, prior to filing its motions, BSI failed to communicate to Kraft in even the vaguest of terms that it was asserting any joint interest or common interest privilege over the Subject Document such that Kraft would have been alerted to this overlapping issue with respect to its pending Motion to Compel.[14]

In sum, it plainly would not serve the interests of justice to ignore the parties' stipulated agreement and reward BSI for making an untimely clawback request. This is particularly true given that BSI failed to disclose that the original version of the Subject Document is already the subject of Kraft's pending Motion to Compel. In these circumstances, to quote BSI, "justice requires the enforcement of a stipulated agreement."[15]

### B.  The Subject Document Is Not Covered by Any Joint Interest Agreement

BSI claims for the first time in its motions that the Subject Document is privileged as a result of a "joint interest agreement" between BSI and Hypertouch that allegedly included one of their many attorneys, Steve Ring.[16] Kraft will not repeat here the arguments made in its pending Motion to Compel as to why BSI and Hypertouch cannot possibly assert any joint interest or common interest privilege over a 2008 document that contemplates litigation against Kraft.[17] Kraft does note, however, that this assertion of a joint interest agreement is directly contradicted by an affidavit Steve Ring previously filed in this case stating that his "joint

---

[14] *See* Exhibit 3 to BSI's Motion for Return of Inadvertently Produced Privileged Document (Docket No. 303-3).

[15] *See* BSI's Motion for Return of Inadvertently Produced Privileged Document, at 14 (Docket No. 290).

[16] *See* BSI's Motion for Return of Inadvertently Produced Privileged Document, at 3, 6 (Docket No. 290); *see* BSI's Motion for Return of Inadvertently Produced Privileged Document, at 3, 6 (Docket No. 303).

[17] *See* Defendants' Motion to Compel Plaintiff to Produce Documents Withheld on Alleged Grounds of Privilege, at 6-7 (Docket No. 209); *see also* Defendants' Reply in Support of Their Motion to Compel Plaintiff to Produce Documents Withheld on Alleged Grounds of Privilege, at 8-9 (Docket No. 290-30).

representation of Hypertouch" ended in 2006, long before the Subject Document was generated in 2008.[18]

Accordingly, for these reasons and those stated in Kraft's pending Motion to Compel (Docket No. 209) as well as those stated in Connexus' Opposition (Docket No. 305), the Subject Document cannot be covered by any joint interest agreement.

### III.   CONCLUSION

For the reasons stated, Kraft respectfully submits that BSI's motion should be denied in all respects.

Respectfully submitted,

DATED:  March 15, 2010

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1627
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

---

[18] *See* Decl. of Stephen H. Ring, at ¶ 4 (Docket No. 209-24).

Darrell J. Graham (*Pro Hac Vice*)
THE LAW OFFICE OF DARRELL J.
GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334
Chicago, IL  60604
(312) 922-4533
(312) 922-4757 (facsimile)
dgraham@djgrahamlaw.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

Anthony Cavanaugh
Thomas M. Barba
John J. Duffy
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
(202) 429-3000
(202) 429-3902 (facsimile)
acavanaugh@steptoe.com
tbarba@steptoe.com
jduffy@steptoe.com
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
301-563-9249
301-563-9639 (fax)
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson St., Suite 201
Rockville, MD  20850
(301) 251-9660
(301) 251-9610 (facsimile)
mike@mikerothman.com

*Attorneys for Plaintiff Beyond Systems, Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

Attorneys for Defendants Connexus Corp. and Hydra LLC

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1624
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*