## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
                                )
BEYOND SYSTEMS, INC.            )
                                )
        Plaintiff,              )
                                )
        v.                      )        Case No. 8:08-cv-00409 (PJM) (CBD)
                                )
KRAFT FOODS, INC., *et al.*     )
                                )
        Defendants.             )
_____)

### DECLARATION OF JAMES JOSEPH WAGNER PURSUANT TO 28 U.S.C. § 1746

I, James Joseph Wagner, hereby declare as follows:

1.      I am over 18 years of age. I have personal knowledge of the facts set forth below and would competently testify to those facts if called upon to do so.

2.      I am the President of Third-Party Defendant Hypertouch Inc., ("Hypertouch") a California-based Internet service provider, and have served in that capacity since the company's incorporation from a DBA in 1999.

3.      Paul Wagner is my brother, and is President of Beyond Systems Inc. ("BSI"), a Maryland-based corporation that is also an Internet service provider.

4.      Steve Wagner, also my brother, is an attorney.  He has served as outside counsel for Hypertouch since 1999, and has provided advice on various matters during that time.  Steve advised me and Hypertouch while he was a lawyer at the firm of Chadbourne & Parke LLP, and after departing from Chadbourne.

5.      Beginning in 2001, John Fallat, an attorney, also has served as outside counsel to Hypertouch.

6.      BSI and Hypertouch are entirely separate companies.  As part of their independent businesses providing Internet services to their respective customers, Hypertouch and BSI sometimes work together using their distinct geographically distributed networks to support each other.  For example, at times, BSI uses Hypertouch's servers to back up its own computer facilities, which enables BSI to provide continuous service to its customers during service interruptions. BSI performs email archival services for Hypertouch.  Also, each company provides secondary DNS and secondary mail server services on behalf of the other and their customers to maximize reliability and service uptime.

7.      In 2002, Hypertouch and BSI entered into a joint interest agreement, with Steve Wagner as counsel.  The purpose of the joint interest agreement was to permit Hypertouch and BSI to share information and legal strategy in connection with potential lawsuits by Hypertouch and/or BSI.

8.      In 2004, following consultations with their respective attorneys,  Hypertouch and BSI undertook a joint interest agreement that that overlapped with the existing joint interest agreement and permitted the parties to share privileged information and legal strategy in connection with the lawsuits Hypertouch or BSI had filed or was considering.  That agreement has been in continuous effect from 2004 until the present.

9.      In 2006, pursuant to the joint interest agreement between Hypertouch and BSI, I received from Steve Wagner, my attorney, a document prepared by him and Paul Wagner. It contained information prepared in connection with potential representation of BSI by Steve Wagner's then-firm of Chadbourne & Parke LLP.  I reviewed the document and supplied Steve with my thoughts and impressions.

10.     In late 2007 or early 2008, I received from Steve Wagner an updated version of this document, a copy of which I understand was attached to Defendants' Motion for Summary Judgment as Exhibit 22. The document was prepared by BSI and Steve Wagner, and reflected additional information received or uncovered by BSI since 2006.  I did not supply any comments or edits to this document.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of February, 2010, at Lowell, Massachusetts.


By: _____