## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **DECLARATION OF STEVEN E. WAGNER PURSUANT TO 28 U.S.C. § 1746**

I, Steven E. Wagner, state that:

1. Beyond Systems, Inc. ("BSI"), Hypertouch, Inc. ("Hypertouch" and together with BSI, the "Companies" and each a "Company"), and I (as external counsel to each) entered into an oral joint interest agreement in 2002 regarding prospective litigation to be brought by BSI and/or Hypertouch (the "Joint Interest Agreement") as a result of the receipt of tens of thousands of spam emails received on or routed through the servers of each Company. This agreement has been in continuous effect among the above-named parties since 2002.

2. Quoting my previous affidavit dated February 7, 2010, Connexus specifically argues in its opposition that I used the word "discussed" which suggests that a joint interest agreement was discussed but never consummated. In fact, I used the words "I recall discussing an oral joint interest agreement" because the Joint Interest Agreement was an oral agreement that was discussed and agreed upon by the parties thereto, which is why I chose those words rather than the words "signed" or "agreed upon" or "agreed upon in writing" and so forth. I did not

intend to suggest that the agreement was discussed but not consummated, because that was not the case.

3. I recall that the initial idea for a Joint Interest Agreement began after the Companies received similar spam emails or the same email was routed through one Company and was received by the other. Periodically an attorney or law firm, such as Stephen H. Ring and John Fallat, became a party to the Joint Interest Agreement for periods of time, during which each represented one or more of the Companies in litigation, in order that the Companies and its various counsel could communicate regarding litigation or potential litigation while preserving attorney-client privilege. The Joint Interest Agreement among the Companies and me has continuously remained in effect despite the additions or withdrawals of other attorneys.

4. The common interest agreement is in regards to similar, and in some cases the same, spam email that was received on or routed through Hypertouch's servers or BSI's servers and was related to litigation and/or potential litigation regarding such spam emails. In response to Connexus' allegation that the common interest agreement is based upon BSI's "sweeping and vague representations," I disagree and assert that the agreement was appropriately specific, and related to actual and/or imminent specific litigation stemming from similar and/or the same spam email received by or routed through Hypertouch or BSI.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   March 15, 2010

_____
Steven E. Wagner, Esq.

District of Columbia SS
Subscribed and Sworn to before me,
this __15th__ day of __MARCH__, 2010

_____
Sylvia Castro Vidal, Notary Public, D.C.
My commission expries June 30, 2013

- 3 -