UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| KRAFT FOODS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL

Plaintiff submits this reply in support of its Motion to Seal regarding Exhibit 17 (DE# 297), also submitted as Exhibit 7 to Connexus' Motion for Summary Judgment (DE# 257). Exhibit 17, which was served as an attachment to Plaintiff's Third Supplemental Response to Defendant Connexus Corp.'s First Set of Interrogatories, should remain confidential under the protective order in this case.

As previously discussed in Plaintiff and Third Party Defendants' Opposition to Interim Sealing Motion and Motion to Challenge Confidentiality (DE# 279), Exhibit 17 is clearly covered by the Protective Order because it contains an annualized summary of BSI's profit and loss statements for the years 2000-2008. The Protective Order provides that:

> One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Materials produced by any party or third party may be designated as CONFIDENTIAL by (i) any party to this Litigation that represents that the material is proprietary as to that party, or (ii) any third party that represents that the material is proprietary as to that third party and agrees and is willing to be bound by the terms of this Order.

Protective Order, DE# 87-2 ¶ 1-a. The document at issue contains sensitive commercial information – BSI's total profits and losses over a given time period. While profit/loss information is generally sensitive, it is particularly so in the case of small, closely-held corporations. As a small private enterprise, Beyond Systems, Inc. is particularly vulnerable to new competitors who might be induced to challenge its business if these potential competitors had accurate profit information. Moreover, relations with customers could be harmed if those customers were aware of profits and losses. Customers could force concessions if it viewed profit levels as excessive or they might flee to another ISP if losses gave the impression that BSI might be forced to discontinue operations. Due to these potential issues, this information is entitled to confidential treatment.

Furthermore, the stipulated California Action protective order explicitly states that this information is protected. Specifically: "The CONFIDENTIAL INFORMATION subject to protection under this Order reflects, among other things…nonpublic financial information about the Parties." California Action Protective Order, Case No. CV08-01039 RGK at DE# 68, Good Cause Statement. Materials produced and designated under the California order, including the expressly protected non-public financial information in Plaintiff's profit/loss statement, remain protected under the Protective Order in the instant case, which provides:

> (g) All materials previously produced by a party or third party in the litigation that Beyond Systems initiated in the Central District of California, Case No. CV08-01039 RGK (PLAx) (the "California Action",) that were marked as "CONFIDENTIAL" or otherwise treated as confidential pursuant to the protective order in that case shall be treated as confidential information per this Order, regardless of whether or not such previously produced materials would qualify as confidential information under the terms of this Order.

Protective Order, DE# 87-2 ¶ 1-g. Exhibit 7, *i.e.*, the same document as Exhibit 17, was designated as confidential pursuant to the California order. Consequently, Exhibit 17 which

contains the same nonpublic financial information of Plaintiff BSI, should be afforded the confidential treatment outlined in the parties' agreements and under Fed. R. Civ. P. 26(c)(1)(G).

In fact, the information in Exhibit 7/Exhibit 17 is more comprehensive than the non-public financial information that Connexus has produced and designated as confidential. Moreover, public disclosure of the information in Exhibit 17 serves little if any purpose related to the substantive issues in this case and Connexus lacks any good faith basis for demanding its disclosure. Connexus seeks its disclosure as part of its litigation strategy to attempt to harass and embarrass Plaintiff. As such, BSI would be harmed by disclosure of Exhibit 17, good cause exists to maintain its confidentiality, and Plaintiff's motion to seal should be granted.

        Respectfully submitted,

*/s/ Thomas M. Barba*

_____
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
(202) 429-3000
Fax:  (202) 429-3902
tbarba@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave.
New York, NY  10019
(212) 506-3900
Fax:  (212) 506-3950
tonorato@steptoe.com

*Attorneys for Plaintiff BSI*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of March, 2010, the foregoing *Reply in Support of Plaintiff's Motion to Seal* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

| | |
|---|---|
| Barry J. Reingold (USDC-MD Bar No. 06490)<br>John M. Devaney (*Pro Hac Vice*)<br>John K. Roche (*Pro Hac Vice*)<br>PERKINS COIE LLP<br>607 14th Street NW, Suite 800<br>Washington DC 20005-2003<br>202-434-1613 (Telephone)<br>202-434-1690 (Facsimile)<br>jroche@perkinscoie.com<br>breingold@perkinscoie.com<br>jdevaney@perkinscoie.com | J. Douglas Baldridge<br>Lisa Jose Fales<br>Ari N. Rothman<br>VENABLE LLP<br>575 7th Street NW<br>Washington, DC  20004<br>(202) 344-4000 (Telephone)<br>(202) 344-8300 (Facsimile)<br>jbaldridge @venable.com<br>ljfales@venable.com<br>anrothman@venable.com |
| Darrell J. Graham<br>Law Offices of Darrell J. Graham, LLC<br>53 W. Jackson Boulevard<br>Suite 1334<br>Chicago, IL 60604 | *Counsel for Defendant Connexus Corp.* |

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

/s/ Thomas M. Barba

_____
Thomas M. Barba