IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | :<br>:<br>: Case No. 8:08-CV-00409-PJM |
| Plaintiff, | :<br>: |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | :<br>: Magistrate Judge Charles B. Day |
| Defendants. | :<br>:<br>:<br>: |

**CONNEXUS'S OPPOSITION TO JOE WAGNER/HYPERTOUCH'S
MOTION TO BIFURCATE THE THIRD-PARTY TRIAL AND STAY DISCOVERY**

Third-Party Plaintiff Connexus Corp. respectfully files this opposition to Third-Party Defendants' Joe Wagner/Hypertouch's Motion to Bifurcate the Third-Party Trial and Stay Discovery (Paper No. 321).

**INTRODUCTION**

Joe Wagner/Hypertouch sent to Plaintiff Beyond Systems, Inc. ("BSI") 97% of the emails over which BSI sues, and this fact is central to both Connexus's defenses against BSI's claims and to Connexus's third-party claims against Joe Wagner/Hypertouch. Thus, to the extent there is any triable issue (and there should not be as this fact mandates summary judgment in Connexus's favor), Joe Wagner/Hypertouch's request for a separate trial should be denied because one trial will conserve judicial resources and those of the parties, and avoid inconsistent verdicts. Further, no prejudice or delay will result from one trial because little if any additional discovery is needed concerning Connexus's third-party claims. Indeed, Joe Wagner/Hypertouch already admitted that he sent the emails to BSI and Paul Wagner/BSI admitted he agreed to receive them.

Because Joe Wagner/Hypertouch's motion for a separate trial should be denied, Joe Wagner/Hypertouch's request for a stay of discovery concerning Connexus's third-party claims until after the trial on BSI's claims should also be denied, as all remaining discovery must be completed before BSI's trial. However, for the reasons stated in Connexus's motion to stay discovery and reply thereto (Paper Nos. 263 & 281), Connexus agrees to stay all discovery pending resolution of certain dispositive motions identified below.

## **FACTS**

BSI alleges that Connexus sent and/or caused to be sent "commercial e-mail advertisements to Plaintiff's servers" that contained false headers and subject lines, and claims that "the principle harm in spam is receiving the emails in the first place." (Paper No. 52 (Second Amended Complaint) at ¶¶ 48-50, 81; Paper No. 295 at 37.) However, Connexus demonstrated in its summary judgment motion that Joe Wagner/Hypertouch sent to BSI 97% of the emails over which BSI sues Connexus, and Paul Wagner/BSI agreed to receive them. (Paper No. 257-1 at 9, 21; Paper No. 320 at 3.)[1] Accordingly, Connexus defends against BSI's claims on the ground that Joe Wagner/Hypertouch alone – not Connexus – caused BSI's injuries (receipt of the emails) which, in all events, were self-inflicted as Paul Wagner/BSI agreed to receive them. (Paper No. 257-1 at 9, 21; Paper No. 320 at 3.)

Because Joe Wagner/Hypertouch sent to BSI virtually all of the emails, Connexus sued Joe Wagner/Hypertouch for indemnification and contribution, and alleged that "[b]ut for the actions of Joe Wagner/Hypertouch in sending or causing to be sent the Hypertouch Emails, Beyond Systems would not have received the Hypertouch Emails, would have no claim under

---

[1] Connexus previously filed the deposition testimony and other evidence supporting the factual assertions in this opposition. For this reason, and to avoid any burden to the Court associated with duplicative filings, Connexus cites to the record where such evidence can be found. Connexus will promptly re-file this evidence if instructed by the Court to do so.

2

the Maryland or California statutes, and would not have suffered any of its alleged damages claimed in its lawsuit as to the Hypertouch Emails." (Paper No. 63, Third-Party Complaint at ¶25.)  Joe Wagner/Hypertouch subsequently confirmed that he sent (what he refers to as "routed") the emails to BSI. (Paper No. 320-4 at Request No. 1.)  Thus, the predicate to Connexus's consent and related defenses, and to Joe Wagner/Hypertouch's liability in Connexus's third-party claims, are so intertwined that one trial for the reasons set forth below.

## ARGUMENT

**I.    THE COURT SHOULD NOT ORDER SEPARATE TRIALS.**

To determine whether separate trials are warranted, courts consider "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).  Thus, "bifurcation of closely related cases clearly is wasteful of judicial resources and carries with it a high potential for inconsistent results, and the inconsistencies can compound miscarriages of justice." *Russell v. City Ice and Fuel Co. of Point Pleasant*, 539 F.2d 1318, 1320 (4th Cir. 1976).

Maryland allows indemnification claims to be tried simultaneously with the underlying claims to conserve judicial resources. *Max's of Camden Yards v. A.C. Beverage*, 913 A.2d 654, 661 n.3 (Md. 2006) ("a claim for contribution and/or indemnity can be made in the underlying plaintiff's action").  For example, *Adams* declined to bifurcate a third-party complaint for indemnification because "[t]he claims, cross-claims and third-party claims are inextricably connected" and "impleading the Third-Party Defendants will economize judicial resources and the resources of the Defendants [because the] third-party claims arise out of the same

3

circumstances underlying the Plaintiff's action and present the same issues relating to the question of negligence." *Adams v. NVR Homes, Inc.*, 2000 WL 1859001, **1-2 (D. Md. Dec. 14, 2000). Courts from other jurisdictions also follow the rule in Maryland, as *BancMortgage* declined to sever third-party indemnification claims where, as here, defendant claimed that "any damages to [Plaintiff] were caused by [its] own actions" and thus "[s]eparating Plaintiff's claims would ultimately confuse the issue." *BancMortgage Financial Corp. v. The Guarantee Title & Trust Co.*, 2000 WL 1521600, *1-3 (E.D. Pa. Oct. 6, 2000). Likewise, *Strychasz* denied third-party defendant's motion to sever indemnification claims because the "similarity of the claims" made it "inefficient to stay proceedings on the third party complaint pending outcome of the original action, then to commence a separate action if defendants are found liable," and held that "[b]oth matters may be simultaneously resolved without substantial prejudice to any party." *Strychasz v. Maron Construction Co., Inc.*, 2002 WL 32500874, **1, 4-5 (D. Conn. July 16, 2002). And, *Circuit City* denied a motion to sever third-party indemnification claims because severance would require parties to "incur the expense of preparing for two trials involving similar facts and evidence" and "[t]he interests of judicial economy are served by including all parties with potential liability for remediating the Site in one action." *Circuit City Stores, Inc. v. Citgo Petroleum Corp.*, 1994 WL 483463, **1-2, 4-5 (E.D. Pa. Sept. 7, 1994).

  Ordering a single trial is mandated here to conserve resources and avoid inconsistent verdicts. Foremost, Joe Wagner/Hypertouch's sending to BSI of the emails over which BSI sues Connexus is central to Connexus's defenses to BSI's claims and to its third-party claims against Joe Wagner/Hypertouch. Connexus's third-party claims and its defenses in the main action are supported by identical evidence – that Joe Wagner/Hypertouch's conduct is the cause of BSI's self-inflicted damages. A second trial on Connexus's third-party claims will be a complete

repetition of the evidence presented in the trial of the main action. Thus, whereas a single trial will conserve resources by trying only once Joe Wagner/Hypertouch's responsibility for sending the emails, ordering separate trials will guarantee duplicative presentation of the same evidence on the same issue, waste judicial resources and those of the parties, and risk inconsistent verdicts, thereby prejudicing Connexus. Accordingly, Joe Wagner/Hypertouch's request for a separate trial must be denied.

None of Joe Wagner/Hypertouch's arguments warrant separate trials. First, Joe Wagner/Hypertouch's argument that separate trials should be ordered merely because "Hypertouch's liability, if any, is derivative of Connexus' liability to BSI" does not justify a separate trial because Maryland law allows indemnification and contribution claims like those here to be tried with the underlying claims to conserve judicial resources and avoid inconsistent verdicts as Connexus demonstrated above. (Paper No. 321 at 7.) Indeed, indemnification claims are routinely tried with the underlying claims because, as here, they involve common legal and factual issues as shown in the discussion of *Adams*, *BancMortgage, Strychasz* and *Circuit City* above.

Second, Joe Wagner/Hypertouch argue that "trying issues of indemnity and contribution will only add to jury confusion" because "the technical explanation for why many of BSI's emails at issue were routed through Hypertouch is extremely complex," and "the issues of whether Hypertouch and Connexus qualify for immunity under the Communications Decency Act would have to be tried." (Paper No. 321 at 8.) Putting aside what Connexus believes is obvious (that there is no threat of confusion), the jury will consider these identical issues and the identical evidence in the main trial when Connexus presents its consent, causation and related

defenses. Thus, ordering a separate trial would only result in the parties presenting the same evidence twice.

Third, Joe Wagner/Hypertouch's claim that resolution of BSI's claims will be delayed if one trial is held because additional discovery is needed is also wrong. (Paper No. 321 at 6.)  In particular, no additional discovery is needed to establish that Joe Wagner/Hypertouch sent to BSI almost all of the emails over which BSI sues Connexus because the Wagners already admitted this fact in spades. (Paper No. 257-1 at 9, 21; Paper No. 320 at 3; Paper No. 320-4 at Request No. 1.)  Further, most if not all of the discovery that Joe Wagner/Hypertouch seek from Connexus has already been produced in the underlying action, Joe Wagner/Hypertouch is represented by the same attorneys as BSI, and Joe Wagner/Hypertouch has been working on this case since January 2008 as a "consultant," and Joe Wagner/Hypertouch have known about the third-party claims since March 2009. (Paper No. 93 at 6.)  Accordingly, Joe Wagner/Hypertouch has had adequate time and information to evaluate the third-party claims.  Moreover, the vast majority of the emails at issue are dated 2005 and 2006, yet Paul Wagner/BSI waited until years later to bring suit. (Paper No. 83-2 at 3.)  Thus, any delay would be modest compared with Paul Wagner/BSI's self-induced laches.  And, BSI does not oppose a single trial on the basis of any delay and would lack any legitimate ground to do so given its dilatory conduct in filing suit.

Fourth, Joe Wagner/Hypertouch claim that Connexus "filed a baseless pleading for strategic purposes" and "[t]o avoid further expending resources unnecessarily on this absurd finger pointing, Hypertouch is moving concurrently to bifurcate all third-party claims and stay discovery pending resolution of the underlying action." (Paper No. 322 at 2, 17.)  However, these are not grounds for a separate trial particularly given that the Court denied Joe Wagner/Hypertouch's motion to dismiss wherein it made identical accusations.  Rather, these

6

purported grounds amount to nothing more than an admission that Joe Wagner/Hypertouch's motion seeks a separate trial to conceal from the jury that Joe Wagner/Hypertouch is truly responsible for causing BSI to receive the emails.

Finally, all of the cases that BSI cites are easily distinguishable and none of them warrant separate trials. *Rogers*, *Belkin*, *Marryshow, Swagler*, *Thompson* and *Dawson* ordered separate trials to avoid prejudice caused by introducing evidence that was admissible against some parties but not others, while *Beights* ordered a separate trial to avoid "a confusing and inconsistent presentation to a jury." *Swagler v. Harford County*, 2009 WL 3747175, at *1 (D. Md. Nov. 4, 2009); *Cincinnati Ins. Co. v. Belkin Corp.*, 2008 WL 4949783, at *4 (S.D. Ala. Nov. 14, 2008); *Thompson v. Mayor and Town Council of La Plata*, 2001 WL 436158, at *4 (D. Md. Apr. 13, 2001); *Dawson v. Prince George's County*, 896 F. Supp. 537, 540 (D. Md. 1995); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-20 (D. Md. 1991); *Rogers v. Prince George's County*, 1990 U.S. Dist. LEXIS 21011, at *3-4 (D. Md. Feb. 8, 1990); *see also Beights v. W.R. Grace & Co., Inc.*, 67 F.R.D. 81, 86 (W.D. Okla. 1975).  Likewise, *Corvello*, *Eischeid, Slater* and *Scientific-Atlanta* ordered separate trials because issues and/or evidence in one trial had no bearing on issues in the other trial and thus no duplicative presentations of identical evidence resulted. *Eischeid v. Dover Constr., Inc.*, 217 F.R.D. 448, 467 (N.D. Iowa 2003); *Corvello v. N.E. Gas Co., Inc.*, 247 F.R.D. 282, 286 (D. R.I. 2008); *Slater Elec., Inc. v. Indian Head, Inc.*, 1983 U.S. Dist. LEXIS 12446, at *4 (S.D.N.Y. Oct. 24, 1983); *Scientific-Atlanta, Inc. v. Gen. Instrument Corp.*, 1993 WL 56790, at *2 (D. Md. 1993).  And, *McGuire* provided no meaningful basis to order separate trials other than noting "potential prejudice" to defendants. *McGuire v. Bridgeport & Port Jefferson Steamboat Co.*, 2001 U.S. Dist. LEXIS 19753, at *3 (S.D.N.Y Nov. 29, 2001).  By contrast, Joe Wagner/Hypertouch's sending of 97% of the emails to BSI is

consistent with, and admissible and relevant to prove, Connexus's defenses and its third-party claims, and Connexus would be forced to prove this twice if the Court ordered separate trials.

For all of these reasons, Joe Wagner/Hypertouch's request for a separate trial should be denied.

## II.  DISCOVERY SHOULD ONLY BE STAYED PENDING RESOLUTION OF DISPOSITIVE MOTIONS.

Connexus agrees to stay discovery pending resolution of the following dispositive motions already filed with the Court:  (1) Connexus's Motion for Partial Summary Judgment as to its statute of limitations defense, (Paper No. 83); (2) Connexus's Motion for Summary Judgment (Paper No. 257); (3) Joe Wagner/Hypertouch's Motion to Strike Connexus's Communications Decency Act Defense, (Paper No. 268), and (4) Connexus's Motion for Summary Judgment as to Joe Wagner/Hypertouch's counterclaim (Paper No. 294).  The reasons why Connexus agrees to stay discovery pending resolution of these motions are fully explained in its Motion for Stay and reply thereto (Paper Nos. 263 & 281), and include that resources will be wasted by engaging in discovery now if BSI's claims are adjudicated on summary judgment on or after the upcoming hearing.  However, because BSI's claims and Connexus's third-party claims should be tried together, and because the parties already completed most of the discovery needed to adjudicate Connexus's third-party claims, the Court should order the parties to complete all remaining discovery before trial on BSI's claims.  Thus, Connexus only agrees to stay discovery pending resolution of the dispositive motions identified herein.

**CONCLUSION**

For these reasons, Joe Wagner/Hypertouch's request for a separate trial should be denied, and discovery should only be stayed until the Court resolves the pending dispositive motions.

Respectfully submitted,


Dated: April 5, 2010
         /s/
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
Robert A. Friedman, (US DC-MD Bar No. 28864)
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com
*Attorneys for Connexus Corp.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of April, 2010, a copy of the foregoing *Connexus's Opposition to Joe Wagner/Hypertouch's Motion to Bifurcate the Third-Party Trial and Stay Discovery* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system except where otherwise indicated:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants Joe Wagner and Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

Hydra LLC
8800 Wilshire Blvd., 2nd Floor
Beverly Hills, CA 90211
(by regular mail only)

                                /s/
                              Ari N. Rothman