## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### REPLY IN SUPPORT OF PLAINTIFF'S INTERIM SEALING MOTION

Plaintiff submits this reply in support of Plaintiff Beyond Systems Inc.'s ("BSI") Interim Motion to Seal (DE# 311) regarding Exhibit 11, which is identical to Exhibit 7 to Defendant Connexus Corp.'s ("Connexus") Motion for Summary Judgment (DE #257) and Exhibit 17 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment (DE# 295). Exhibit 11 was initially produced as an attachment to Plaintiff's Third Supplemental Response to Defendant Connexus Corp.'s First Set of Interrogatories. This document and its identical copies should remain confidential under the protective order in this case.[1]

As previously discussed in Plaintiff and Third Party Defendants' Opposition to Interim Sealing Motion and Motion to Challenge Confidentiality (DE# 279), Plaintiff's Motion to Seal (DE# 297) and in Plaintiff's Reply in Support of Plaintiff's Motion to Seal (DE# 326), Exhibit 11 is clearly covered by the Protective Order because it contains an annualized summary of BSI's profit and loss statements for the years 2000-2008. The Protective Order provides that:

---

[1] In light of the previous disclosure of the information referenced in the Declaration of Paul A. Wagner, Plaintiff withdraws its request to seal portions of paragraphs 19(a), 19(f), 25, 26, 27, 28, and 29 therein.

> One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Materials produced by any party or third party may be designated as CONFIDENTIAL by (i) any party to this Litigation that represents that the material is proprietary as to that party, or (ii) any third party that represents that the material is proprietary as to that third party and agrees and is willing to be bound by the terms of this Order.

Protective Order, DE #87-2 at ¶ 1-a.  The document at issue contains sensitive commercial information – BSI's total profits and losses over a given time period.  While profit/loss information is generally sensitive, it is particularly so in the case of small, closely-held corporations.  As a small private enterprise, Beyond Systems, Inc. is particularly vulnerable to new competitors who might be induced to challenge its business if these potential competitors had accurate profit information.  Moreover, relations with customers could be harmed if those customers were aware of profits and losses.  Customers could force concessions if it viewed profit levels as excessive or they might flee to another ISP if losses gave the impression that BSI might be forced to discontinue operations.  Due to these potential issues, this information is entitled to confidential treatment.

Furthermore, the stipulated California Action protective order explicitly states that this information should be protected.  Specifically, "The CONFIDENTIAL INFORMATION subject to protection under this Order reflects, among other things…nonpublic financial information about the Parties."  California Action Protective Order, Case No. CV08-01039 RGK at DE 68, Good Cause Statement.[2]  Since Exhibit 11 contains nonpublic financial information of Plaintiff

---

[2] Exhibit 11 was designated as confidential pursuant to the terms of the stipulated protective order that governed the California action between BSI and Defendants prior to its dismissal. The Protective Order states:

> (g) All materials previously produced by a party or third party in the litigation that Beyond Systems initiated in the Central District of California, Case No. CV08-01039 RGK (PLAx) (the "California

BSI, it should be afforded the confidential treatment outlined in the parties' agreements and under Fed. R. Civ. P. 26(c)(1)(G). In fact, the information in Exhibit 11 is more comprehensive than the non-public financial information that Connexus has produced and designated as confidential. Moreover, public disclosure of the information in Exhibit 11 serves little if any purpose related to the substantive issues in this case.  BSI would be harmed by disclosure of Exhibit 11 and good cause exists to maintain its confidentiality.  Therefore, Plaintiff's motion to seal should be granted.

Respectfully submitted,

*/s/ TMBarba*

_____
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
(202) 429-3000
Fax:  (202) 429-3902
tbarba@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019

---

Action",) that were marked as "CONFIDENTIAL" or otherwise treated as confidential pursuant to the protective order in that case shall be treated as confidential information per this Order, regardless of whether or not such previously produced materials would qualify as confidential information under the terms of this Order.

Protective Order, DE #87-2 at ¶ 1-g.


...

       (212) 506-3900
       Fax: (212) 506-3950
       tonorato@steptoe.com

       *Attorneys for Plaintiff Beyond Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2010, the foregoing *Reply in Support of Plaintiff's Interim Sealing Motion* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*

/s/ Thomas M. Barba

Thomas M. Barba