UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

April 12, 2010

**VIA ELECTRONIC FILING**

Anthony F. Cavanaugh, Esquire
Anthony A. Onorato, Esquire
John J. Duffy Esquire
Thomas M. Barba, Esquire
Jennie L. Kneedler, Esquire
Jeffrey Edward McFadden, Esquire
Steptoe and Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, Maryland 20876

Barry J. Reingold, Esquire
John M. Devaney, Esquire
John K. Roche, Esquire
Perkins Coie, LLP
607 14th Street, NW - Suite 800
Washington, DC 20005

Darrell J. Graham, Esquire
Law Office of Darrel J. Graham, LLC
53 W. Jackson Boulevard - Suite 1334
Chicago, Illinois 60604

Ari Nicholas Rothman, Esquire
J. Douglas Baldridge, Esquire
Lisa Jose Fales, Esquire
Robert Andrew Friedman, Esquire
Venable LLP
575 Seventh Street, NW
Washington, DC 20004

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg and Traurig, LLP
2101 L. Street, NW – Suite 1000
Washington, DC 20037

Re:  Beyond Systems, Inc. v. Kraft Foods, Inc., et al.
     Civil Action No. PJM-08-409

Dear Counsel:

Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Plaintiff's Motion to Compel the Deposition of Dr. Frederick B. Cohen, Materials Relied On, and For Sanctions ("Plaintiff's Motion")(Docket Item No. 246). The Court has reviewed Plaintiff's Motion and the opposition, and reply thereto. No hearing is deemed

necessary.  Local Rule 105.6 (D. Md.).  The Court hereby GRANTS IN PART Plaintiff's Motion.

Plaintiff seeks to submit Dr. Frederick B. Cohen to further deposition and to require his production of "all materials, including computer scripts and tools, relied on in conducting his expert analysis and in forming the opinions expressed in his expert reports."  Dr. Cohen has already provided four days of testimony, and Plaintiff seeks an additional two.  Both Plaintiff and Defendants Connexus and Hydra also take liberties to point out bad conduct by either the examining counsel or the deponent during the deposition.  The Court abstains from identifying and sanctioning any bad conduct on this record.

There is great disagreement about the import of Dr. Cohen's computer script called "Hypermail.pl" and how it assisted him in his analysis.  Plaintiff also complains that the script was not produced until the last day of the deposition and that other tools used for analysis have not been produced.  Defendants contend that Dr. Cohen was not required to produce said the script or any tools.  The Court agrees with Defendants' view that a plain reading of Federal Rule of Civil Procedure 26(a) and the relevant case law supports the notion that Dr. Cohen was not required to produce tools used, but only data or other information.  See Scott v. City of New York, 591 F. Supp. 2d 554 (S.D.N.Y. 2008); Snoznik v. Jeld-Wen, Inc., 259 F.R.D. 217 (W.D.N.C. 2009); and, Earp v. Peters, No. 5:07-CV-31-RLV-DCK, 2009 WL 1444707 (W.D.N.C. May 21, 2009).  As Defendants have already produced the underlying data and Dr. Cohen's script, the only question remaining is whether Plaintiff will have additional opportunity to obtain discoverable evidence.

While the Court is inclined to grant Plaintiff additional deposition time, the Court also finds Defendants' approach the more measured one.  Plaintiff shall have one additional day to depose Dr. Cohen, and the scope of examination will be limited to the opinions expressed in his expert reports.  Plaintiff shall be required to reimburse Dr. Cohen for his time at the deposition and any travel costs personal to him.  Plaintiff seeks an order requiring Defendants to reimburse Plaintiff for the costs associated with the filing of Plaintiff's Motion.  The Court does not find the award of such costs appropriate here.

Parenthetically, Fed. R. Civ. P. 37(c) does not apply to the non-production of Dr. Cohen's tools.  Federal Rule of Civil Procedure 26(a) requires certain disclosures of expert testimony including, inter alia, a complete statement of opinions to be expressed, the data or other information considered in forming his opinions, and the exhibits to be used.  While Rule 37(c) provides a sanction for a party's failure to make the required disclosures, Rule 26 does not require the production of "tools."

*Beyond Systems v Kraft, et al.*
April 12, 2010
Page 3 of 3

      Despite the informal nature of this letter, it is nonetheless an Order of the Court, and the Clerk is directed to docket it as such.

                                Very truly yours,

                                /s/

                                Charles B. Day
                                United States Magistrate Judge

CBD/bab