**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____

|                                    |     |                               |
|------------------------------------|-----|-------------------------------|
|                                    | )   |                               |
| BEYOND SYSTEMS, INC.,              | )   |                               |
|                                    | )   |                               |
|    Plaintiff,       | )   |                               |
|                                    | )   |                               |
|      v.   | )   | Case No. 8:08-cv-00409 (PJM)(CBD) |
|                                    | )   |                               |
| KRAFT FOODS, INC., *et al.*,       | )   |                               |
|                                    | )   |                               |
|    Defendants.      | )   |                               |
|                                    | )   |                               |

_____)

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITIONS TO**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Beyond Systems, Inc. ("BSI") respectfully requests leave to submit

supplemental authority in support of its oppositions [DE# 295 & 309] to the Defendants' motions

for summary judgment.  The requested relief is appropriate where, as here, relevant authority is

issued after a party's pleading has been filed.  *Beyond Systems, Inc. v. Kennedy Western*

*University*, No. DKC 2005-2446, 2006 WL 1554847, at *11 (D. Md. May 31, 2006) (granting

BSI's motion for leave to submit supplemental authority).

Both the Kraft Defendants and Defendants Connexus and Hydra[1] cited *Hoang v.*

*Reunion.com, Inc.*, No. C-08-3518 MMC, 2008 WL 4542418 (N.D. Cal., Oct. 6, 2008) as

authority supporting their argument that to avoid federal preemption under the CAN-SPAM Act

a state statute must require, or be construed to require, the plaintiff to plead and prove all of the

_____

[1] After Hydra's counsel moved to withdraw from its representation of Hydra, it
nonetheless filed a motion for summary judgment on behalf of Hydra.  Since that filing, Hydra's
counsel has been permitted to withdraw and Hydra has failed to respond to a motion for entry of
default [DE# 301] and a motion to dismiss its third-party claims [DE# 302].

elements of common law fraud.[2]  In *Hoang*, the court originally found plaintiffs' claims were preempted by CAN-SPAM because plaintiffs did not allege they had relied on and were damaged by the allegedly false statements in the subject emails.  Ex. 1 at *3.  In its opposition to the Kraft Defendants' motion, BSI notified this Court that Judge Chesney, the author of the *Hoang* decision, was reconsidering her position on preemption.  *See* DE# 309 at 34 & 44.  On March 31, 2010, following supplemental briefing, Judge Chesney reversed her original position.  *See Hoang v. Reunion.com, Inc*., No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466 (N.D. Cal. Mar. 31, 2010) (attached hereto as Exhibit 1).  After analyzing the preemption issue in light of the Ninth Circuit's opinion in *Gordon v Virtumundo*, 575 F.3d 1040 (9th Cir. 2009), Judge Chesney ruled that CAN-SPAM "exempt[s] from preemption statutes such as § 17529.5."  Ex. 1 at *19.  Accordingly, the "plaintiffs' failure to allege they relied to their detrimental [sic] on the alleged false statements in defendants' email does not constitute a ground for dismissal of their claim."  *Id*. at *20.

Moreover, whereas Judge Chesney had previously held in *Hoang* that the plaintiffs had failed sufficiently to allege standing because plaintiffs had failed to allege damage from the receipt of the spam, *id*. at *3-4, Judge Chesney has now, in light of *Gordon*, reversed that holding as well.  She has now concluded that "the Court reads *Gordon* as implicitly finding such statute was intended to confer standing based solely on such receipt [of a covered email]."  *Id*. at *8.  Judge Chesney also noted that CAN-SPAM, as a statute, "differs significantly from the

---

[2] Specifically, Kraft cited *Hoang* as support for its argument that "claims under section 17529.5(a) of the California Business & Professions Code must allege all the elements of common law fraud or deceit," and that "BSI must also establish that it has suffered actual harm in reliance on Defendants' alleged misrepresentations in order to prevail on its claims."  DE# 283 at 28-29 & 36.  Connexus/Hydra cited *Hoang* as support for its argument that "BSI cannot show that it suffered damages proximately caused by reliance on any misrepresentation."  DE# 257 at 26.

Washington state statute, both as to the type of conduct regulated thereby and the types of parties who may bring a suit thereunder," *id*. at *10, because, *inter alia*, unlike CAN-SPAM the state statute lacks an "adversely affected" requirement, *id*. at *11.  The court found its analysis of the Washington statute equally applicable to the California statute.  *Id*. at *12 ("Because the two statutes regulate the same conduct and provide, as a statutory matter, standing to a recipient of an e-mail, the Court finds the above analysis is equally applicable to a claim brought under § 17529.5(a) by a plaintiff who alleges he or she has received a covered e-mail.").

Respectfully Submitted,

_____/s/_____
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave.
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180

F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

Date:  April 12, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2010, the foregoing PLAINTIFF'S

MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS

OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT was filed

electronically via the Court's CM/ECF system, and served electronically on the below-named

parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft
Foods Global and Vict. Th. Engwall & Co.*

_____
          /s/
Thomas M. Barba