UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

April 19, 2010

**VIA ELECTRONIC FILING**

Anthony F. Cavanaugh, Esquire
Anthony A. Onorato, Esquire
John J. Duffy Esquire
Thomas M. Barba, Esquire
Jennie L. Kneedler, Esquire
Jeffrey Edward McFadden, Esquire
Steptoe and Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, Maryland 20876

Barry J. Reingold, Esquire
John M. Devaney, Esquire
John K. Roche, Esquire
Perkins Coie, LLP
607 14th Street, NW - Suite 800
Washington, DC 20005

Darrell J. Graham, Esquire
Law Office of Darrel J. Graham, LLC
53 W. Jackson Boulevard - Suite 1334
Chicago, Illinois 60604

Ari Nicholas Rothman, Esquire
J. Douglas Baldridge, Esquire
Lisa Jose Fales, Esquire
Robert Andrew Friedman, Esquire
Venable LLP
575 Seventh Street, NW
Washington, DC 20004

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg and Traurig, LLP
2101 L. Street, NW – Suite 1000
Washington, DC 20037

Re:  <u>Beyond Systems, Inc. v. Kraft Foods, Inc., et al.</u>
     Civil Action No. PJM-08-409

Dear Counsel:

    Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Defendant Hydra LLC's Motion for Return of Inadvertently Produced Privileged File ("Defendant's Motion")(Docket Item No. 240). The Court has reviewed Defendant's

*Beyond Systems v Kraft, et al.*
April 19, 2010
Page 2 of 4

Motion and the opposition, and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). The Court hereby DENIES Defendant's Motion.

Defendant seeks the return of an "inadvertently produced" document. It is undisputed that the document is protected by both the attorney client privilege and the opinion work product doctrine. Under more typical circumstances, the real issue would be whether Defendant has taken sufficient steps to protect the privileged nature of the document and whether Defendant has made a timely demand for its return. Here, however, Defendant's Motion is governed by the plain language of the Amended Stipulated Order Regarding Confidentiality of Discovery Material (the "Confidentiality Order") submitted by the parties on April 8, 2009, and entered by the Court on May 12, 2009. Pursuant to the terms of the Confidentiality Order, Defendant has failed to demand the return of the document in a timely fashion.

The inadvertently produced document is a spreadsheet ("Spreadsheet"), which is the work product of Defendant's General Counsel, Jared Gordon. It reflects his analysis in terms of its composition, layout and detail. The Spreadsheet was affixed with the label, "Hydra – Confidential Attorney Work Product – Attorney-Client Privilege Applies." The Spreadsheet was, without doubt, generated for purposes of the present litigation, in order for Defendant Hydra to obtain and for Mr. Gordon and others provide legal advice.[1]

Defendant hired Dr. Frederick B. Cohen as a consulting expert. Defendant's litigation counsel mistakenly provided Dr. Cohen a compact disc which contained the Spreadsheet. Approximately one year later, Dr. Cohen was identified as a testifying expert. The compact disc and other materials were returned to counsel, screened for purposes of privilege, and later produced in discovery. The produced materials included the privileged Spreadsheet.

On October 9, 2009, at the deposition of Dr. Cohen, Plaintiff's counsel produced the Spreadsheet for inquiry. Dr. Cohen expressed little or no knowledge of its existence or content. Immediately, however, Defendant's counsel expressed alarm and the need to investigate the privileged nature of the Spreadsheet. In doing so, counsel sought and obtained an agreement to have all questions regarding the Spreadsheet held in abeyance. On November 9, 2009, Defendant's counsel formally declared the production to be inadvertent, and demanded the return of the Spreadsheet. Plaintiff views the demand for the return of the Spreadsheet and the assertion of privilege as waived.

---

1   While the parties have not raised this issue in their memoranda, it is interesting to observe that despite the clear identification of the Spreadsheet as being a privileged document, there is no indication that Plaintiff made known to Defendant its receipt of such before its intended use of the Spreadsheet during a deposition.

The pertinent language of the Confidentiality Order is as follows.

> If information subject to a claim of attorney-client privilege, work product or other immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information.  If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within five (5) business days . . . .

The Confidentiality Order speaks to "inadvertently or mistakenly produced information subject to a claim of immunity or privilege" as enjoying the benefit of being "clawed back" by the disclosing party within a certain period.  The critical question is whether the privileged Spreadsheet was "inadvertently produced."

The Spreadsheet has been "inadvertently" disclosed twice.  While difficult to fathom, such mistakes do happen.  For some, it may be debatable whether the disclosure to Dr. Cohen was inadvertent.  On this record, the Court is convinced that it was.  The disclosure to Plaintiff was more clearly inadvertent and important on these facts.  Counsel's immediate reaction and prophylactic efforts during the deposition persuade the Court that Defendant had no intention to produce the Spreadsheet with its opinion work product to opposing counsel.

Defendant remarks that the Confidentiality Order requires the return of the Spreadsheet since it had 21 days after being on notice of its inadvertent production.  Defendant suggests that it did not recognize or understand the full privileged nature of the Spreadsheet until it was allowed to conduct a more fulsome investigation.  After some undefined period, Defendant contends that it promptly made a demand upon adverse counsel in a timely fashion.  This construct strains credulity.  The Spreadsheet is labeled as privileged on its face.  The notice of inadvertent production was objectively apparent during the deposition and subjectively acted upon by counsel during the deposition.  Plaintiff did not agree to some indeterminable period for investigation under the Confidentiality Order.  The language and the import of the Confidentiality Order are clear - - investigate and make a demand for the return of privileged materials within 21 days of discovery.  October 30, 2009 was the point of no return.  By Defendant's untimely action, it waived any claim to the return of the Spreadsheet under the provisions set forth in the Confidentiality Order.

The privilege reviews at bar were conducted by counsel.  Defendant's counsel conducted a privilege review before the Spreadsheet was sent to Defendant's expert, and again before

forwarding discovery to Plaintiff.  Defendant took seriously the need for a privilege review by doing so in both instances, even though said reviews did not detect the presence of the Spreadsheet among the more than 164,000 files.  Defendant did not delegate this responsibility to a paralegal or other staff member.  In retrospect, it is clear that a more meaningful review was required, but counsel's effort should not suggest its approach was done in a cavalier manner.  The failure to have a more effective review process under these circumstances does not equate to a loss of the designation termed "inadvertent."  This is a fact intensive determination, and "perhaps the most important circumstance is the number of documents involved."  See F.H. Chase, Inc. v. Clark/Gilford, 341 F. Supp. 2d 562, 563 (D. Md. 2004).  The Court does not find the precautions taken by Defendant to be grossly negligent or intentional.  F.D.I.C. v. Marine Midland Realty Credit Corp., 138 F.R.D. 479, 482 (E.D. Va. 1991).

       Accordingly, Defendant's Motion is denied.  Plaintiff is not required to return the Spreadsheet.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                        Very truly yours,

                        /s/

                        Charles B. Day
                        United States Magistrate Judge

CBD/bab