IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | |
| Plaintiff, | Case No. 8:08-CV-00409-PJM |
| v. | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | Magistrate Judge Charles B. Day |
| Defendants. | |

**REPLY IN SUPPORT OF CONNEXUS CORP.'S MOTION FOR SUMMARY JUDGMENT CONCERNING JOE WAGNER/HYPERTOUCH'S COUNTERCLAIM**

Pursuant to the Court's Order dated January 20, 2010 (Paper No. 277) and the Joint Motion currently pending with the Court (Paper No. 291), Third-Party Defendant Connexus Corp. respectfully files this reply in support of its Motion for Summary Judgment concerning Joe Wagner/Hypertouch's Counterclaim (Paper No. 294). Connexus's summary judgment motion is included in Paper No. 294 (its Opposition to Joe Wagner/Hypertouch's Motion to Strike).

**ARGUMENT**

Joe Wagner/Hypertouch sent to Plaintiff Beyond Systems, Inc. ("BSI") 97% of the emails over which BSI sues Connexus. (Paper No. 257-1 at 9, 21; Paper No. 320 at 3.)[1] Thus, Joe Wagner/Hypertouch cannot escape liability for his actions through his "indemnification counterclaim" against Connexus for the reasons stated in Connexus's summary judgment motion (Paper No. 294), and none of Joe Wagner/Hypertouch's arguments in his opposition defeat Connexus's motion.

---

[1] Connexus previously filed the deposition testimony and other evidence supporting the factual assertions in this opposition. For this reason, and to avoid any burden to the Court associated with duplicative filings, Connexus cites to the record where such evidence can be found. Connexus will promptly re-file this evidence if instructed by the Court to do so.

First, Joe Wagner/Hypertouch's argument that Connexus is only entitled to summary judgment if it shows that "it is indisputable that Hypertouch can never assert a counterclaim against [Connexus] for the reason that Hypertouch will be primarily liable to BSI" is wrong. (Paper No. 322 at 3)  FRCP 56(c) requires summary judgment where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," and FRCP 56(c) does not otherwise limit the circumstances for granting summary judgment.  And, although Hypertouch is primarily liable for causing BSI to receive the emails, Connexus set forth in its motion three additional independent reasons mandating summary judgment in Connexus's favor. (Paper No. 294.)  Quite simply, Joe Wagner/Hypertouch's suggested limitation on Connexus's summary judgment motion is contrary to FRCP 56 and must be rejected.

Second, Joe Wagner/Hypertouch's admission that BSI "does not seek to impose liability on Hypertouch" proves that Joe Wagner/Hypertouch cannot sustain an indemnification counterclaim as a matter of law. (Paper No. 322 at 3.)  Indemnification "involves the shifting of the entire loss from the party who paid the judgment to the tortfeasor or wrongdoer who should in fairness bear it." *Utica Mut. Ins. v. Way of the Cross Church of Christ, Inc.*, 219 F. Supp. 2d 663, 667 (D. Md. 2002).  Thus, relevant authorities demonstrate that a party seeking equitable indemnification in circumstances similar to those here is sued by the party initiating the underlying claim (usually the original plaintiff), has a judgment entered against it resulting from the underlying claims, and then shifts that judgment to the party from whom indemnity is sought. *Pulte Home Corp. v. Parex, Inc.*, 942 A.2d 722 (Md. 2008) (defendant sought indemnification against co-defendants for plaintiff's claims against defendant); *Bd. of Trustees v. Baltimore County Cmty. Colls.*, 559 A.2d 805 (Md. Ct. Spec. App. 1989) (same); *Pyramid Condo. Ass'n v. Morgan*, 606 F. Supp. 592 (D. Md. 1985) (defendant sought indemnification from third-party

defendants for plaintiff's claims against defendant).  Here, BSI – not Connexus – initiated the underlying claim for which Joe Wagner/Hypertouch seeks indemnification (sending of emails) from Connexus, but BSI is not suing Joe Wagner/Hypertouch.  Thus, Joe Wagner/Hypertouch cannot have a judgment entered against him/it resulting from BSI's underlying claims that it can "shift" to Connexus.  Therefore, Joe Wagner/Hypertouch cannot satisfy a *prima facie* element of an indemnification claim on the undisputed facts of this case, and Connexus is entitled to summary judgment for this reason alone.

Third, Joe Wagner/Hypertouch's argument that he can sustain a "defensive" indemnification counterclaim against Connexus because "indemnification clearly can be asserted as a counterclaim" misses the mark. (Paper No. 322 at 19.)  Although indemnification counterclaims may be brought in certain cases, a counterclaimant cannot maintain an indemnification counterclaim merely as a defense against a complaint seeking only indemnification.  This is so because indemnification is a cause of action requiring the counterclaimant to fulfill the *prima facie* elements of an indemnification claim set forth above and in Connexus's original motion. (Paper No. 294 at 10-11.)  Indeed, none of Joe Wagner/Hypertouch's authorities hold that a "defensive" indemnification counterclaim can be brought against a party filing a complaint seeking only indemnification.  For example, *Logan* did not "allow" a "counterclaim for contribution" because no party brought a contribution counterclaim there, as that case involved whether a bankruptcy trustee had standing to liquidate causes of action that it acquired pursuant to assignments from creditors. *Logan v. JKV Real Estate Servs.*, 414 F.3d 507 (4th Cir. 2005).  The defendants in *Gross* did not bring indemnification counterclaims against an indemnification claim either. *Gross v. Weingarten*, 217 F.3d 208, 211 (4th Cir. 2000) (complaint alleged fraud).  And, the defendant in *Index Fund* did

not respond to an indemnification claim with an indemnification counterclaim but instead sought indemnification against the plaintiff in response to a cross-claim alleged against the defendant by a co-defendant in a securities fraud action. *Index Fund, Inc. v. Hagopian*, 91 F.R.D. 599, 601 (S.D.N.Y. 1981). Thus, Joe Wagner/Hypertouch cannot sustain an indemnification claim in response to Connexus's complaint seeking only indemnification because his claim is a mere defense, none of Joe Wagner/Hypertouch's cases hold otherwise, and Connexus is entitled to summary judgment for this reason alone.[2]

Fourth, Joe Wagner/Hypertouch's argument that "mislabeling a defense" under FRCP 8 is not a "basis for summary judgment" also misses the mark. (Paper No. 322 at 19.) Because Joe Wagner/Hypertouch's indemnification claim fails as a matter of law, and because FRCP 56(c) requires summary judgment where "the movant is entitled to judgment as a matter of law," Connexus is entitled to summary judgment as to Joe Wagner/Hypertouch's counterclaim even if the Court designates Joe Wagner/Hypertouch's counterclaim as an affirmative defense. Indeed, correctly designating Joe Wagner/Hypertouch's counterclaim as an affirmative defense is mandated under FRCP 8 and to conserve judicial resources and those of the parties. By correctly designating Joe Wagner/Hypertouch's "counterclaim" as an affirmative defense, Joe Wagner/Hypertouch will have no counterclaim against Connexus and, therefore, the Court will never need to reach, and the parties will never need to take discovery about, Connexus's affirmative defenses to Joe Wagner/Hypertouch's counterclaims, and the Court need not consider Joe Wagner/Hypertouch's motion to strike Connexus's Communications Decency Act defense.

---

[2] Joe Wagner/Hypertouch misrepresents the holding in *Hypertouch/Kennedy-Western*. (DE# 322 at 4-5.) There, the court did not "reject" the "argument that Hypertouch was a 'professional plaintiff' that entered the ISP business for the purpose of bringing anti-spam lawsuits" but rather held that CAN-SPAM allowed Joe Wagner/Hypertouch to sue notwithstanding this fact. *Hypertouch, Inc. v. Kennedy-Western Univ.*, 2006 WL 648688 at fn 2 (N.D. Cal. 2006). However, this holding is no longer valid because *Gordon* ruled that only *bona fide* ISPs adversely affected by spam have standing to sue, and this holding is binding on the *Hypertouch/Kennedy Western* court. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1055 (9th Cir. 2009).

Further, even if summary judgment is granted, Joe Wagner/Hypertouch will not be prejudiced because he may still defend against Connexus's third-party claim on the ground that Joe Wagner/Hypertouch is not primarily responsible (although the undisputed facts refute any such contention).  Thus, while correctly designating Joe Wagner/Hypertouch's as an affirmative defense will save resources and allow Joe Wagner/Hypertouch to defend against Connexus's indemnification claim, allowing Joe Wagner/Hypertouch to prosecute a duplicative counterclaim will unnecessarily multiply the proceedings and prejudice Connexus.

Finally, Connexus does not contend that "Hypertouch's counterclaim will only accrue if Hypertouch was found to be primarily responsible in the underlying action," and thus whether Joe Wagner/Hypertouch are parties in the "underlying action" and the other arguments on pages 15 through 17 of the Opposition are irrelevant. (Paper No. 322 at 15.)  Instead, Connexus does contend that Joe Wagner/Hypertouch will always be collaterally estopped from bringing his indemnification claim because his right to indemnification will only accrue if a judgment is entered against him resulting from Connexus's third-party claim regardless of whether Connexus's claims are tried in the "underlying action."  And, if Joe Wagner/Hypertouch has a judgment entered against it resulting from Connexus's indemnification claim, then Joe Wagner/Hypertouch's primary responsibility will already have been adjudicated because Connexus must show that Joe Wagner/Hypertouch is primarily responsible to prove indemnification.  Thus, Joe Wagner/Hypertouch's indemnification claim will always be collaterally estopped, Joe Wagner/Hypertouch failed to rebut this argument and therefore concedes it, and Connexus is entitled to summary judgment for this additional reason.

5

**CONCLUSION**

For these reasons and for those set forth in Connexus's motion, Connexus is entitled to summary judgment on Joe Wagner/Hypertouch's indemnification counterclaim, and the Court should correctly designate the counterclaim as an affirmative defense under FRCP 8(c).

Respectfully submitted,

Dated:  April 19, 2010                              /s/
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
Robert A. Friedman, (US DC-MD Bar No. 28864)
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com
*Attorneys for Connexus Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of April, 2010, a copy of the foregoing *Reply in Support of Connexus Corp.'s Motion for Summary Judgment Concerning Joe Wagner/Hypertouch's Counterclaim* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system except where otherwise indicated:

| | |
|---|---|
| Thomas M. Barba<br>John J. Duffy<br>Jennie L. Kneedler<br>STEPTOE & JOHNSON LLP<br>1330 Connecticut Ave NW<br>Washington DC 20036<br>tbarba@steptoe.com<br>jduffy@steptoe.com<br>jkneedler@steptoe.com | John K. Roche<br>Barry J. Reingold<br>John M. Devaney<br>PERKINS COIE LLP<br>607 14th Street NW, Suite 800<br>Washington DC 20005-2003<br>jroche@perkinscoie.com<br>breingold@perkinscoie.com<br>jdevaney@perkinscoie.com |
| Anthony A. Onorato<br>STEPTOE & JOHNSON LLP<br>750 Seventh Ave., Ste. 1800<br>New York, NY 10019<br>tonorato@steptoe.com | Darrell J. Graham<br>THE LAW OFFICE OF DARRELL J. GRAHAM, LLC<br>53 W. Jackson Blvd.<br>Suite 1334<br>Chicago, IL 60604<br>dgraham@djgrahamlaw.com |
| Stephen H. Ring<br>Law Offices of Stephen H. Ring, P. C.<br>506 Main St., Suite 215<br>Gaithersburg, MD 20878-6571<br>shr@ringlaw.us | *Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co*. |
| Mike Rothman<br>Law Office of Michael S. Rothman<br>401 E. Jefferson Street, Suite 201<br>Rockville MD 20850<br>mike@mikerothman.com<br>*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants Joe Wagner and Hypertouch, Inc.* | Hydra LLC<br>8800 Wilshire Blvd., 2nd Floor<br>Beverly Hills, CA 90211<br>(by regular mail only) |

                                            /s/
                                      Ari N. Rothman