UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

April 21, 2010

**VIA ELECTRONIC FILING**

Anthony F. Cavanaugh, Esquire
Anthony A. Onorato, Esquire
John J. Duffy Esquire
Thomas M. Barba, Esquire
Jennie L. Kneedler, Esquire
Jeffrey Edward McFadden, Esquire
Steptoe and Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, Maryland 20876

Barry J. Reingold, Esquire
John M. Devaney, Esquire
John K. Roche, Esquire
Perkins Coie, LLP
607 14th Street, NW - Suite 800
Washington, DC 20005

Darrell J. Graham, Esquire
Law Office of Darrel J. Graham, LLC
53 W. Jackson Boulevard - Suite 1334
Chicago, Illinois 60604

Ari Nicholas Rothman, Esquire
J. Douglas Baldridge, Esquire
Lisa Jose Fales, Esquire
Robert Andrew Friedman, Esquire
Venable LLP
575 Seventh Street, NW
Washington, DC 20004

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg and Traurig, LLP
2101 L. Street, NW – Suite 1000
Washington, DC 20037

Re:   Beyond Systems, Inc. v. Kraft Foods, Inc., et al.
      Civil Action No. PJM-08-409

Dear Counsel:

    Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Defendants Connexus Corporation and Hydra LLC's Interim Sealing Motion and Motion to Challenge Confidentiality ("Defendants' Motion")(Docket Item No. 260). The Court has reviewed Defendants' Motion and the opposition, and reply thereto. No hearing is deemed

necessary.  Local Rule 105.6 (D. Md.).  The Court hereby GRANTS IN PART Defendant's Motion.

Plaintiff and Third-Party Defendants James Joseph Wagner ("Wagner") and Hypertouch, Inc. ("Hypertouch") have designated various documents as "confidential" pursuant to the Protective Order granted by this Court on May 12, 2009.  As stated in Paragraph 4 of the Protective Order, "The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality."  Plaintiff, Wagner and Hypertouch have failed to satisfy their burdens.

| | |
|---|---|
| **Exhibit 6 and 10** | As to Exhibit 6, Plaintiff seeks protection of portions of its Answers to Interrogatories which describe the gross revenues it has received from settlements and/or judgments of claims related to commercial electronic mail, from 2004 to 2009.  Plaintiff contends a disclosure of this information would run afoul of confidential settlement agreements. |
| | Exhibit 10 is an excerpt from the deposition of Wagner regarding his personal financial information as well as corporate financial information for Hypertouch.  Wagner and Hypertouch suggest that the public disclosure of this information serves no legitimate purpose and is merely being used for the purposes of harassment, embarrassment and oppression. |
| | Defendants contend these exhibits reflect "BSI's and Joe Wagner/Hypertouch's aggregate litigation proceeds," without providing other identifiers.  They also note that the Court has previously found, by way of its Order dated October 21, 2009, that the lack of identifiers destroys the need for confidentiality. |
| | Neither Wagner nor Hypertouch have provided any persuasive reason why this generic income information should be shielded from public view.  It is not the sort of "sensitive personal information" or "commercial information" envisioned by the Protective Order or case law.  While the Court understands how the disclosure of this information could be embarrassing, the Court fails to appreciate how the disclosure could be harmful.  Moreover, the Court does not find on this record that Defendants' motivation is to cause embarrassment.  The Court starts from the concern that Plaintiff, Wagner and Hypertouch have failed to demonstrate the necessary entitlement to confidentiality.  Wagner and Hypertouch have made no meaningful attempt or credible argument to show by |

|  |  |
|---|---|
|  | affidavit or concrete examples the likelihood of harm.  See <u>Deford v. Schmid Prod. Co.</u>, 129 F.R.D. 648, 653 (D. Md. 1987).  Defendants' Motion is GRANTED as to Exhibits 6 and 10. |
| **Exhibit 7 and 10** | These exhibits reflect "BSI's and Joe Wagner/Hypertouch's aggregate revenue information" which do not satisfy any of the standards necessary to obtain protection under the Protective Order.  Equally, the gross amounts do not use identifiers to further specify the nature of the revenue information.  Again, Plaintiff, Wagner, and Hypertouch have failed to set forth any concrete examples of the likelihood of harm.  See <u>Deford v. Schmid Prod. Co.</u>, 129 F.R.D. 648, 653 (D. Md. 1987).  Defendants' Motion is GRANTED as to Exhibits 7 and 10. |
| **Exhibit 9** | Wagner and Hypertouch consent to the release of the contents of this exhibit into the public record.  Therefore, as to Exhibit 9, Defendants' Motion is GRANTED. |
| **Exhibit 22** | The Court will defer ruling on this exhibit as it is more properly the subject of a motion for the return of inadvertently produced privileged documents. |

Accordingly, Defendants' Motion is GRANTED IN PART.  Exhibits 6, 7, 9 and 10 to Defendants Connexus and Hydra's Motion for Summary Judgment no longer enjoy the confidentiality afforded by the Protective Order of the Court.  The Court will defer ruling on Exhibit 22.  Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge

CBD/bab