UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

April 23, 2010

**VIA ELECTRONIC FILING**

Anthony F. Cavanaugh, Esquire
Anthony A. Onorato, Esquire
John J. Duffy Esquire
Thomas M. Barba, Esquire
Jennie L. Kneedler, Esquire
Jeffrey Edward McFadden, Esquire
Steptoe and Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, Maryland 20876

Barry J. Reingold, Esquire
John M. Devaney, Esquire
John K. Roche, Esquire
Perkins Coie, LLP
607 14th Street, NW - Suite 800
Washington, DC 20005

Darrell J. Graham, Esquire
Law Office of Darrel J. Graham, LLC
53 W. Jackson Boulevard - Suite 1334
Chicago, Illinois 60604

Ari Nicholas Rothman, Esquire
J. Douglas Baldridge, Esquire
Lisa Jose Fales, Esquire
Robert Andrew Friedman, Esquire
Venable LLP
575 Seventh Street, NW
Washington, DC 20004

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg and Traurig, LLP
2101 L. Street, NW – Suite 1000
Washington, DC 20037

Re:   <u>Beyond Systems, Inc. v. Kraft Foods, Inc., et al.</u>
      Civil Action No. PJM-08-409

Dear Counsel:

      Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Defendants' Motion to Compel Plaintiff to Produce Documents Withheld on Alleged Grounds of Privilege ("Defendants' Motion")(Docket Item No. 209). The Court has reviewed Defendants' Motion and the opposition, and reply thereto. No hearing is deemed

necessary.  Local Rule 105.6 (D. Md.).  The Court hereby GRANTS IN PART Defendants' Motion.

Plaintiff claims that since 2002, it has been a partner in a joint interest agreement with Third Party Defendant Hypertouch, Inc. ("Hypertouch").  Plaintiff asserts this agreement protects from disclosure a number of documents identified on its privilege log.  The Court required Plaintiff to submit said documents for an <u>in camera</u> review.  The Court's ruling on each document is set forth below.

While originally a feature of privilege law between criminal co-defendants, the "joint defense agreement" has been extended beyond the notions of pure defense work, and also includes both civil and criminal proceedings.  <u>In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129 (Under Seal)</u>, 902 F.2d 244, 249 (4th Cir. 1990).  The joint defense agreement, now better titled as the "common interest rule," merely speaks to the ability of multiple entities to share information under the trial and discovery protections of privilege law.  Stated differently, the existence, <u>vel non,</u> of the common interest rule is built upon one or more instances of attorney-client or work product claims, which can then be shared between persons or businesses enjoying a common litigation interest.  As stated by the Court,

> Whether an action is ongoing or contemplated, whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.

<u>Id.</u>  Plaintiff contends that it was pooling legal resources with Hypertouch to target potential defendants.

Plaintiff has provided several statements under oath in an effort to establish the existence and the parameters of its common interest agreement.  Plaintiff's President, Paul Wagner, has supplied an affidavit stating that a common interest agreement was reached with Hypertouch in 2002, through the legal services of his brother, Steven Wagner.  The purpose of the agreement was to allow Plaintiff and Hypertouch to "share information and legal strategy."  At the time, Steven Wagner was the legal representative for both entities.  A careful reading of Steven Wagner's declaration reveals inadequate support for the existence of a common interest agreement.  Specifically, Steven Wagner states, "In 2002, I recall discussing an oral joint interest agreement among Hypertouch and BSI."  He does not state that a common interest agreement was actually reached.

While not required, there has never been a written record of a common interest agreement

over the eight years of intense litigation involving Plaintiff and Hypertouch, despite the close familial relations between the principals, their long association with trial counsel and their mutual but lengthy list of adversaries.  Clarity is also lacking as to: 1) when agreements may have been reached; 2) when they may have terminated; and 3) what subject matters they may have related.  Paul Wagner's view that he "perceived" that a common interest agreement existed since 2002 is not persuasive.  The Court finds that the record as to the creation of a common interest agreement is deficient, and that an open-ended joint defense agreement created in 2002 is without sufficient factual support.

The Declaration of Stephen H. Ring is far more favorable to Plaintiff's assertions.  Mr. Ring states that, "In June, 2004 an oral agreement was reached between BSI, myself and Hypertouch, Inc., for the sharing of privileged and non-privileged information and legal strategy in connection with lawsuits that had been filed, or were planning to be filed, by BSI and by Hypertouch."  He further states that communications regarding Plaintiff and Hypertouch's "joint interests against the same defendant" generally occurred between December 1, 2004 and May 30, 2005.  While Mr. Ring's independent representations of Plaintiff and Hypertouch continued until April 2006, the period of the common interest agreement for a specific litigation purpose was more limited.  The Court finds that to the extent common interest agreement was created, the period of its applicability was December 1, 2004 through May 30, 2005.

Litigation under a common interest agreement may be actual, pending or contemplated against a common adversary.  Gallagher v. Office of Attorney General, 787 A.2d 777, 784-85 (Md. App. 2001).  In both Paul and Steven Wagner's affidavits, they speak to Plaintiff and Hypertouch's contemplated litigation against Kennedy-Western University ("KWU") and Gevalia during the relevant period.  The Court finds that the identification of these targets provides the sort of "palpable threat of litigation" required by some courts.  See In re Santa Fe Intern. Corp., 272 F.3d 705, 711 (5th Cir. 2001).  The Court finds that privileged communications occurring between December 1, 2004 and May 30, 2005, regarding the litigation against KWU and Gevalia, are also protected from discovery under the common interest rule.

As the common interest agreement is dependent upon the pre-existence of the more traditional attorney-client or work product protections, Plaintiff should have identified its reliance on a common interest agreement on its privilege log.  Defendants are entitled to know the basis of Plaintiff's claims more fully.  Here, however, the preservation of privilege under the agreement is sufficient where Plaintiff has properly asserted either attorney- client privilege or work product doctrine.

**Document No. 1:**   A January 2, 2008 email regarding draft case summary from Paul Wagner to attorneys Stephen Ring and Michael Rothman, with copy to Joseph Wagner.  Plaintiff asserts protection under the attorney-client privilege.

This document was shared with a third party. As the Court has determined that no common interest between Plaintiff and Hypertouch existed at the time of this communication, any claim of attorney-client privilege has been waived. Defendants' Motion is GRANTED, Plaintiff shall produce this document.

**Document No. 2:**  An email attachment to Document No. 1. Plaintiff asserts protection under the attorney-client privilege and work product doctrine.

This document was shared with a third party. As the Court has determined that no common interest between Plaintiff and Hypertouch existed at the time of this communication, any claim of attorney-client privilege has been waived. While the Court believes this document may reflect opinion work product of counsel, Defendants' Motion is GRANTED, Plaintiff is ordered to produce a redacted version which does not reflect counsel's mental impressions.

**Document No. 7:**  A March 8, 2005 email regarding Gevalia spam from Joseph Wagner to Paul Wagner and Stephen Ring. Plaintiff asserts protection under the attorney-client privilege.

This document is protected from disclosure by the attorney-client privilege and common interest rule. Joseph Wagner's testimony, to the extent that it touched upon this subject, does not waive the privilege. As the privilege is shared by more than one entity, each entity sharing in the common interest must waive its protection. In re Grand Jury Subpoenas, at 248; U.S. v. Duke Energy Corp., 214 F.R.D. 383, 387 (M.D.N.C. 2003).

While the parties agree that this document was not listed on Plaintiff's privilege log, it is listed on the log attached to Defendants' Motion which was filed with the Court. Nonetheless, the Court accepts Plaintiff's view that this document was the subject of timely privilege discussions. Unlike a similar document which is the subject of this Court's Order under Docket Item No. 188, Plaintiff has now sufficiently demonstrated the existence of the attorney-client privilege, the applicability of the common interest rule and the absence of waiver. Defendants' Motion is DENIED.

*Beyond Systems v Kraft, et al.*
April 23, 2010
Page 5 of 8

**Document No. 8:** A February 3, 2005 email regarding Plaintiff's claims against Verapass from Joseph Wagner to Paul Wagner and Stephen Ring. Plaintiff asserts protection under the attorney-client privilege.

Portions of this document do not relate to the subject of the common interest agreement against KWU and Gevalia. As this document was shared with a third party, those portions which do not relate to the potential claims against KWU and Gevalia no longer enjoy any protections that may have existed under the attorney-client privilege. Defendants' Motion is GRANTED, Plaintiff shall produce a redacted version of this document, revealing all information not covered by the common interest agreement consistent with this opinion.

**Document No. 9:** A February 2, 2005 email regarding Plaintiff's claims against Verapass from Joseph Wagner to Paul Wagner and Stephen Ring. Plaintiff asserts protection under the attorney client privilege and work product doctrine.

Portions of this document do not relate to the subject of the common interest agreement against KWU and Gevalia. As this document was shared with a third party, those portions which do not relate to the potential claims against KWU and Gevalia no longer enjoy any protections that may have existed under the attorney-client privilege. Defendants' Motion is GRANTED, Plaintiff shall produce a redacted version of this document, revealing all information not covered by the common interest agreement consistent with this opinion. Plaintiff shall also redact sections reflecting the opinion work product of counsel.

**Document No. 10:** A December 2, 2004 email regarding KWU and Gevalia spam from Paul Wagner to Joseph Wagner, copying Steven Wagner. Plaintiff asserts protection under the attorney-client privilege and work product doctrine.

This communication does not relate to the solicitation or delivery of legal advice, therefore the majority of it is not protected by the attorney-client privilege. Portions however, are protected from disclosure by the opinion work product rule as it relates to the subject of the common interest as recognized by the Court. Defendants' Motion is GRANTED, Plaintiff shall produce a

        redacted version deleting the opinion work product of counsel.

**Document No. 11:**    A December 2, 2004 email regarding KWU and Gevalia spam from Paul Wagner to Joseph Wagner, copying Steven Wagner. Plaintiff asserts protection under the attorney-client privilege and work product doctrine.

        This document is protected from disclosure by the attorney-client privilege, work product doctrine and common interest rule. Defendants' Motion is DENIED.

**Document No. 17:**    A July 13, 2006 email regarding a draft complaint in BSI v. Kraft from Steven Wagner to Joseph Wagner, copying Paul Wagner. Plaintiff asserts protection under the attorney-client privilege and work product doctrine.

        This document was shared with a third party. As the Court has determined that no common interest between Plaintiff and Hypertouch existed at the time of this communication, claims of attorney-client privilege and work product protection have been waived. The work product doctrine exists for the benefit of counsel. E.I. du Pont de Nemours & Co. v. Forma-Pack Inc., 351 Md. 396, 718 A.2d 1129, 1134 (1998). Here, Steven Wagner as counsel is providing legal work for Plaintiff with the assistance of Dan Balsam. Steven Wagner then intentionally discloses his work product to a third party without the benefit of a common interest agreement. Unlike the earlier identified instances of work product, the disclosure of opinion work product is made directly by counsel. This is not an inadvertent disclosure, therefore no redaction is required. Defendants' Motion is GRANTED, Plaintiff shall produce this document.

**Document No. 18:**    An email attachment to Document #17. Plaintiff asserts protection under the attorney-client privilege and work product doctrine.

        This document was shared with a third party. As the Court has determined that no common interest between Plaintiff and Hypertouch existed at the time of this communication, claims of attorney-client privilege and work product protection have been waived. The work product doctrine exists for the benefit of counsel. E.I. du Pont de Nemours & Co. v. Forma-Pack Inc., 351 Md. 396, 718 A.2d 1129, 1134 (1998). Here, Steven Wagner as

                        counsel is providing legal work for Plaintiff with the assistance of Dan Balsam.  Steven Wagner then intentionally discloses his work product to a third party without the benefit of a common interest agreement.  Unlike the earlier identified instances of work product, the disclosure of opinion work product is made directly by counsel.  This is not an inadvertent disclosure, therefore no redaction is required.  Defendants' Motion is GRANTED, Plaintiff shall produce this document.

**Document No. 19:**    A July 11, 2006 email regarding a draft complaint in BSI v. Kraft from Steven Wagner to Paul Wagner.  Plaintiff asserts protection under the attorney-client privilege and work product doctrine.

                        Plaintiff failed to assert work product protection for this document on its privilege log.  This document was shared with a third party.  As the Court has determined that no common interest between Plaintiff and Hypertouch existed at the time of this communication, claims of attorney-client privilege and work product protection have been waived.  The only issue is whether portions of this document enjoy protection under the attorney-client privilege.  The Court finds that all information below the email headers "subject" and "attach" are not protected.  While Steven Wagner may have an attorney client relationship with Plaintiff and Hypertouch, it has not been demonstrated that this communication from Hypertouch was for the purpose of seeking legal advice.  See In re Allen, 106 F.3d 582, 600 (4th Cir. 1997).  Defendants' Motion is GRANTED, Plaintiff shall produce the information in this document depicted below the email headers.

**Document No. 20:**    An email attachment to Document No. 19.  Plaintiff asserts protection under the attorney-client privilege and work product doctrine.

                        Plaintiff failed to assert a work product protection for this document on its privilege log.  This document was shared with a third party.  As the Court has determined that no common interest between Plaintiff and Hypertouch existed at the time of this communication, claims of attorney-client privilege and work product protection have been waived.  While Steven Wagner may have an attorney-client relationship with Plaintiff and Hypertouch, it has not been demonstrated that this communication from Hypertouch was for the purpose of seeking legal advice.  See In re

<u>Allen</u>, 106 F.3d 582, 600 (4th Cir. 1997).  Defendants' Motion is GRANTED, Plaintiff shall produce this document.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge

CBD/bab