# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____

| | |
|---|---|
| BEYOND SYSTEMS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) |
| KRAFT FOODS, INC., *et al*. | ) |
| | ) |
| Defendants. | ) |

_____)

## OPPOSITION TO WORLD AVENUE USA, LLC'S
## MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF

World Avenue USA, LLC ("World Avenue") has moved this Court for leave to file a brief *amicus curiae* in support of motions for summary judgment filed by Defendants Kraft Foods Global, Inc, and Vict. Th. Engwall & Co., Inc. (collectively, "Kraft") and Connexus Corp. ("Connexus").[1]  World Avenue filed a copy of the brief with its motion.  Plaintiff Beyond Systems Inc. ("BSI") opposes the filing of World Avenue's brief on the grounds that it fails to provide any substantive assistance to the Court's analysis of the central legal issues and is nothing more than a "me too" brief untimely filed by another spammer.

Both this Court and other courts have recognized that "[a]t the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level."[2]  *Bryant v. Better Bus. Bureau of Greater Md., Inc*., 923 F. Supp. 720, 727 (D.

---

[1]  Defendant Hydra LLC jointly filed the summary judgment motion with Connexus, but subsequently, its counsel withdrew and it declined to retain new counsel.  As a result, BSI has moved for an entry of default against Hydra.  *See* DE# 301 & 337 (request for expedited consideration of motion for entry of default).

[2]  The value of *amicus* briefs at the appellate level has also been questioned.  *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (Posner, J.) (denying motion

Md. 1996) (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd* 782 F.2d 1033

(3d Cir.), *cert. denied*, 476 U.S. 1141 (1986)); *see also Strasser v. Doorley*, 432 F.2d 567, 569

(1st Cir. 1970) ("[A] district court lacking joint consent of the parties should go slow in

accepting…an *amicus* brief"); *Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982) (*amicus*

*curiae* intervention at the trial court level "has never been favored in Anglo-American law").   In

this case, World Avenue has nothing to offer to aid this Court in its consideration of the legal and

factual issues raised by Defendants' motions for summary judgment.[3]  Both Kraft and Connexus,

represented by counsel from national law firms, have addressed extensively, and repetitively, all

of the relevant legal issues.  In fact, the briefing on the central issues is so overlapping that Kraft

incorporated by reference 23 pages of argument and cited to another eight pages of alleged facts

from Connexus' and Hydra's brief.  *See* DE# 283 at 7, 24, 25, 37, 35, 36, 28, 31, 41 (adopting by

reference 10-16, 17-19, 19-24, 27-30, 34-36 and citing 3-10, all inclusive)).  World Avenue's

brief essentially rehashes these same arguments again – arguments, such as preemption, which

are already well known to this Court.  World Avenue does not bring any new perspective to the

legal issues—like Kraft and Connexus, it is merely a spammer that BSI has sued.  Finally, World

Avenue's request for leave to file an *amicus* brief is untimely, having been filed after the close of

the extended briefing cycle on these motions.  This alone justifies its rejection, especially given

that World Avenue is well aware of the schedule given that its lawyers receive the ECF

notifications from the Court concerning this case.  *See O Centro Espirita Beneficente Uniao do*

*Vegetal v. Ashcroft*, 282 F. Supp. 2d 1271, 1274 (D.N.M. 2002) (denying motion to enter as

for leave to file *amicus* brief; "In my experience in two decades as an appellate judge, however,
it is very rare for an amicus curiae brief to do more than repeat in somewhat different language
the arguments in the brief of the party whom the amicus is supporting.  Those who pay lawyers
to prepare such briefs are not getting their money's worth.").

   [3] *See Strasser*, 432 F.2d at 569 ("[A]n *amicus* who argues facts should rarely be
welcomed").

*amicus* after parties had "prepared numerous briefs…over a period of more than a year").

Because the filing of the World Avenue brief will not provide any additional aid to this Court in

making its decision, but will require Plaintiff to take on the additional burden of yet another

opposition to essentially the same arguments, World Avenue's request for leave to file an *amicus*

brief should be denied.

## I.      Legal Standard

The *Bryant* court identified three situations in which the filing of an *amicus* at the trial

level might be allowed:  if the *amici* "provide a helpful analysis of the law; if the *amici* "have a

special interest in the subject matter of the suit;" or if "existing counsel is in need of assistance."

*Bryant*, 923 F. Supp. at 728 (citations omitted).  The court cautioned, however, that leave to file

an *amicus curiae* brief should not be granted unless the court "deems the proffered information

timely and useful."  *Id*. (quoting *Yip*, 606 F. Supp. at 1568).  World Avenue's proposed *amicus*

brief meets none of these criteria.

### A.      World Avenue's Brief Does Not Provide a Helpful Analysis of the Law

Perhaps the most important factor in determining whether leave to file should be granted

is whether the proposed *amicus curiae* brief provides a helpful analysis of the issues before the

Court.  *See* 4 Am. Jur. 2d *Amicus Curiae* § 3 ("The criterion for deciding whether to permit filing

of an amicus brief is whether the brief will assist the judges by presenting ideas, arguments,

theories, insights, facts or data that are not to be found in the parties' briefs."); *Ryan v.*

*Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (denying leave

where movant merely "echoed" party's arguments).  World Avenue's proposed brief is anything

but helpful:  it is sloppy, redundant, and misleading.

The one place in which World Avenue makes an argument not already made in full by

the parties to this case is where it offers the novel and simply incorrect claim that the Controlling

the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701 *et seq.*

("CAN-SPAM") preempts Plaintiff's claims based on conflict preemption because CAN-SPAM

contains a consent clause that the Maryland statute does not contain.  World Avenue USA,

LLC's Amicus Curiae Brief Regarding Defendants' Motions for Summary Judgment (hereinafter

"WA Br.") at 2, 8.  World Avenue cites for the consent clause 15 U.S.C. § 7702(d)(2).  WA Br.

at 8.  However, 15 U.S.C. § 7702(d)(2) does not exist; rather, the language quoted by World

Avenue appears in 15 U.S.C. § 7704(d)(2).  While counsel is not inclined to point out simple

typographical errors, here the error is material because World Avenue argues that this provision

is the basis of conflict preemption.  WA Br. at 8.  This is manifestly incorrect.  Section

7704(d)(2) is a proviso that plainly applies only to § 7704(d)(1), requiring warning labels on

commercial electronic mail containing sexually oriented material (which is not at issue in this

litigation).  Indeed, the rules of statutory construction provide that a proviso generally applies

only to the "provision to which it is attached."  *United States v. McClure*, 305 U.S. 472, 478

(1939); *United States v. Morrow*, 266 U.S. 531, 535 (1925); *Gruver v. Sec'y of Health, Educ. &

Welfare*, 426 F.2d 1195, 1199 (D.C. Cir. 1969).  Thus, a consent provision in CAN-SPAM that

World Avenue claims creates a conflict with the Maryland statute only applies to a portion of

CAN-SPAM not at issue here, and therefore no conflict exists.  A brief that miscites the law and

then relies on that error for in its misguided analysis is clearly not a helpful analysis of the law.

Further, the court in *Gordon*, on which World Avenue so heavily relies, found that the

applicable preemption analysis was *express* preemption, not conflict or field preemption.

*Gordon*, 575 F.3d 1040, 1060, 1064 n.23 (9th Cir. 2009); *see also Beyond Systems, Inc. v.

Keynetics, Inc.*, 422 F. Supp. 2d 523, 537-38 (D. Md. 2006).  In short, the World Avenue brief

offers a novel argument of law – novel because it facially has no merit and therefore was not

made by Defendants *in their nearly 100 pages of extensive briefing* – but simply being novel does not equate to being helpful to the Court.

The remainder of the brief contains no independent analysis of the law, and instead just states and then re-states the arguments already made by Defendants in their multiple, lengthy briefs.  For instance, World Avenue and Defendants argue that BSI is precluded from recovery because it allegedly "consented" to receive the emails at issue.  *Compare* WA Br. at 3-4 *with* DE #257 (Connexus Mot. for Summ. J.) at 17-19 *and* DE #283 (Kraft Mot. for Summ. J.) at 27-28. The only noticeable distinction between the arguments is that World Avenue relies on its erroneous interpretation of CAN-SPAM's consent provision, as opposed to the inapposite and irrelevant case law relied upon by Connexus and Kraft.  *See* WA Br. at 4; DE #257 at 17; DE #283 at 27 (incorporating Connexus' argument).  Likewise, World Avenue's and Defendants' preemption arguments are essentially the same.  *Compare* WA Br. at 4 *with* DE# 257 at 20-33 *and* DE# 283 at 28-41.  World Avenue's express preemption argument, that the Maryland statute does not fall within CAN-SPAM's savings clause, is essentially the same as Connexus' and Kraft's.  *See* WA Br. at 5-7; DE# 257 at 20-23; DE# 283 at 28.  If anything, World Avenue's argument is *less developed* than Defendants', since it relies almost exclusively on *Gordon's* holding, whereas Defendants make additional arguments.  WA Br. at 5-7; DE# 257 at 24-33; DE# 283 at 30-41.  While World Avenue offers a different argument than Defendants for conflict preemption (based on its misunderstanding of the CAN-SPAM consent provision), this analysis is not helpful to the Court, as discussed above.

Also illustrative of the repetitive nature of World Avenue's brief is the fact that the only cases cited in the proposed *amici* brief that are not also cited in the previous summary judgment briefs are two cases which were cited by the *Gordon* opinion which stand for the same

propositions regarding preemption that the parties have previously briefed at length.  *See* WA Br. at 4, 7 (citing *Gordon*, and noting that *Gordon* cited *Indus. Truck Ass'n, Inc. v. Henry*, 125 F. 3d 1305 (9th Cir. 1997) and *English v. Gen. Elec. Co.*, 496 U.S. 72, 78-80 (1990)).  World Avenue provides no independent analysis of those cases.

World Avenue simply rehashes the arguments previously raised by Connexus and Kraft, citing the same cases and repeating the same facts.[4]  World Avenue even incorporates by reference the motions it purports to augment, which is clearly indicative of how duplicative and unenlightening World Avenue's proposed brief is.  *See* WA Br. at 4 n.2.  *Amicus* briefs that "essentially [] cover the same ground" as previous pleadings, with "a few additional citations…and slightly more analysis on some points," do not constitute helpful legal analysis.  *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).  This is especially true where, as here, the third party's analysis is actually *less developed* than the parties' analysis.

### B.      World Avenue Does Not Have the Requisite Special Interest in the Subject Matter

The special interest required by courts in determining whether to allow a third party to file an *amicus curiae* brief is often intertwined with the first factor; that is, whether the party possesses an interest such that they can offer a unique and helpful perspective on the issues before the Court.  *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1068 (N.D. Cal. 2005) (courts allow amicus briefs when "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide"); *see, e.g., Bryant*, 923 F. Supp. at 728 (organizations that represented large constituencies of deaf individuals had a "vested interest" in the issues before the court, and were

---

[4] To the extent World Avenue attempts to introduce new facts via an *amicus* brief this practiced is highly disfavored.  *Strasser*, 432 F.2d at 569 ("[A]n amicus who argues facts should rarely be welcomed").

"useful in resolving the issues presented by the parties").  The fact that BSI is also suing World Avenue for sending spam does not invoke the type of special interest in the subject matter contemplated in the case law because it does not allow them to offer a helpful perspective; rather, as a defendant in similar litigation they offer the same perspective as Defendants in this case.

World Avenue's argument that they have a special interest because they have ongoing litigation that is similar to the instant litigation is insufficient to allow this Court to grant their motion for leave.  Even if the special interest factor is satisfied, as they claim, they still fail to satisfy any of the other three factors – most importantly usefulness.

### C.      Existing Counsel is Not in Need of Assistance

World Avenue makes no claim that counsel for the Defendants is incompetent or in need of assistance.  All parties in the instant litigation are represented by large law firms.  *Am. Coll. of Obstetricians & Gynecologists, Pa. Section v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983) (denying leave to file *amicus curiae* brief where no showing that existing counsel needed assistance); *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (permission to file *amicus curiae* granted when "a party is not adequately represented (usually, is not represented at all)").

### D.      World Avenue's Motion for Leave is Untimely

A court will deny a motion for leave to submit an *amicus curiae* brief that is filed after the normal briefing cycle set for the party to be supported.  4 Am. Jur. 2d *Amicus Curiae* § 3. World Avenue filed its motion for leave nearly four months after summary judgment briefing in this case began.  The last summary judgment reply brief in this matter was filed 28 days ago.  As such, World Avenue's request for leave is not timely, especially here where it is well aware of

the activity in the case through receipt of ECF notifications.  *See O Centro Espirita Beneficente Uniao do Vegetal*, 282 F. Supp. 2d at 1274.

>    **E.     World Avenue's Brief is Not Useful to the Court in Deciding the Issues on Summary Judgment**

As discussed above, World Avenue's proposed brief is not useful to the Court in ruling on the motions for summary judgment.  World Avenue does not present any "ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs" with the exception of a baseless conflict preemption argument.  4 Am. Jur. 2d *Amicus Curiae* § 3.  This does not constitute the type of help to the Court to warrant granting its motion.  Rather, the argument is meritless in its misapplication of the affirmative consent clause of CAN-SPAM, as well as poorly presented.  The balance of the brief rehashes the same arguments previously made by Defendants, but in an even less effective manner.

**II.     Conclusion**

For the foregoing reasons, the Court should deny World Avenue's motion for leave to file a brief *amicus curiae*.

Dated: April 26, 2010                         Respectfully submitted,

>                          _____/s/_____
>                          Thomas M. Barba (US DC-MD Bar No. 28487)
>                          John J. Duffy (US DC-MD Bar No. 28613)
>                          STEPTOE & JOHNSON LLP
>                          1330 Connecticut Ave., NW
>                          Washington, D.C.  20036
>                          (202) 429-3000
>                          Fax:  (202) 429-3902
>                          tbarba@steptoe.com
>                          jduffy@steptoe.com
>                          jkneedler@steptoe.com

Anthony A. Onorato (USDC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave.
New York, NY  10019
(212) 506-3900
Fax:  (212) 506-3950
tonorato@steptoe.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 26th day of April, 2010, the foregoing *Opposition to World Avenue USA, LLC's Motion for Leave to File Amicus Curiae Brief* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:


Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com


Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*


_____
Thomas M. Barba