IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | : |
| | : Case No. 8:08-CV-00409-PJM |
| Plaintiff, | : |
| | : |
| v. | : The Honorable Peter J. Messitte |
| | : |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| | : |
| Defendants. | : |

**CONNEXUS'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Defendant Connexus Corp. respectfully files this response to Plaintiff Beyond Systems, Inc.'s ("BSI") Motion for Leave to File Supplemental Authority (Paper No. 336). Although Connexus does not oppose the filing of *Hoang*, BSI's interpretation of *Hoang* and its suggestion that it defeats Connexus's summary judgment motion are both wrong.

First, in applying *Gordon*, *Hoang* does <u>not</u> stand for the proposition that unharmed sham ISPs that configure computers to receive as many emails as possible for lawsuits like BSI have standing just because the words "adversely affected" are in CAN-SPAM but not in the California statute. (Paper No. 336 at 2-3.) Indeed, *Gordon* held that "[t]he CAN-SPAM Act was enacted to protect individuals and legitimate businesses-not to support a litigation mill for entrepreneurs like Gordon." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1057 (9th Cir. 2009). Further, relying on *Gordon*, the *Haselton* court recently held that the plaintiff there lacked standing where it "made no effort to avoid spam" and "configured his e-mail program to collect all e-mails sent to the [plaintiff's] domain." *Haselton v. Quicken Loans, Inc.*, 2010 U.S. Dist. LEXIS 27520, *8

(W.D. Wash. Mar. 23, 2010). Thus, sham ISPs that capture emails and suffer no harm lack standing, *Hoang* does not hold otherwise, and BSI's interpretation of *Hoang* must be rejected.

Second, *Hoang's* holding that the Washington "statute was intended to confer standing based solely on such receipt [of a covered email]" is irrelevant to BSI's standing here because the plaintiff in *Hoang* sued as an individual "recipient" but BSI sues as an Internet service provider. *Hoang v. Reunion.com, Inc.*, 2010 U.S. Dist. LEXIS 34466, **7-8 (N.D.Cal. Mar. 31, 2010) (attached to BSI's motion as Exhibit 1); DE# 309 at 28 (BSI sues only as an ISP). Indeed, "recipients" and ISPs are separate and distinct under the California and Maryland statutes for standing purposes as BSI concedes in its summary judgment oppositions. Md. Comm. Code § 14-3003(3); Cal. Bus. & Prof. Code § 17529.5(b)(1)(A)(ii); DE# 309 at 28 (BSI notes statutory differences between ISPs and recipients); (DE# 309 at 28 (BSI sues only as an ISP)). And, BSI does not sue under the Washington statute in any event. Thus, *Hoang's* holding does not apply to Connexus's standing arguments in its summary judgment motion.

Third, *Hoang's* finding that a plaintiff need not show reliance to survive preemption ignores the Fourth Circuit's holding in *Omega* that plaintiff's claims were preempted by CAN-SPAM where the statute there was "not limited to inaccuracies in transmission information that were material, led to detrimental reliance by the recipient, and were made by a sender who intended that the misstatements be acted upon and either knew them to be inaccurate or was reckless about their truth." *Omega World Travel, Inc. v. Mummagraphics*, *Inc.*, 469 F.3d 348, 353 (4th Cir. 2006). And, nothing in *Hoang* warrants departing from binding precedent.

Finally, *Hoang* confirms that CAN-SPAM saves from preemption only causes of action involving consumer deception even assuming that CAN-SPAM saves more than common law fraud from preemption. Specifically, *Hoang* held that the plaintiff there was required "to prove

that the false or misleading statement is, objectively, the type of statement likely to <u>deceive a reasonable consumer</u>." *Hoang*, \*\*17-18 (emphasis added).  Thus, BSI's claims are preempted even under *Hoang* because the alleged false statements that BSI complains about here are immaterial errors that have nothing to do with consumer deception as Connexus explained in its summary judgment motion and reply. (Paper No. 257-1 at 28-38; Paper No. 320 at 5-8.)

                                                  Respectfully submitted,


Dated:  April 29, 2010                            _____/s/_____

J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
Robert A. Friedman, (US DC-MD Bar No. 28864)
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com
*Attorneys for Connexus Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2010, a copy of the foregoing *Connexus's Response to Plaintiff's Motion for Leave to File Supplemental Authority in Support of Its Opposition to Defendants' Motions for Summary Judgment* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system except where otherwise indicated:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main St., Suite 215
Gaithersburg, MD 20878-6571
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants Joe Wagner and Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

Hydra LLC
8800 Wilshire Blvd., 2nd Floor
Beverly Hills, CA 90211
(by regular mail only)

                                                /s/
                                     Ari N. Rothman