UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BEYOND SYSTEMS, INC.**

   **Plaintiff,**

v.

**KRAFT FOODS INC.,** *et al.*

   **Defendants.**

Case No.: 8:08-cv-00409-PJM

**KRAFT DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF
ITS OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

  Defendants Kraft Foods, Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc. ("Kraft") hereby submit their opposition to Beyond Systems, Inc.'s ("BSI") motion for leave to submit *Hoang v. Reunion.com, Inc.*, No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466 (N.D. Cal. Mar. 31, 2010) as supplemental authority in support of its oppositions to Kraft and Connexus' motions for summary judgment.

    **I.  INTRODUCTION & SUMMARY**

  Supplemental authority should only be considered when a "significant" decision comes to a party's attention after its brief has been filed. *Cf.* Fed. R. App. P. 28(j). The court's order in *Hoang*, however, has no significance as to whether BSI – a litigation factory masquerading as a bona fide Internet service provider ("ISP") – (1) has standing to bring suit under state law, or (2) must prove actual harm in reliance on any alleged misrepresentations in commercial emails.

  As to the first point, plaintiffs in *Hoang* are not ISPs; they are individual consumers claiming to have received spam. Here, BSI concedes that it is not suing as an individual

recipient of any alleged spam, but rather, as an ISP. Accordingly, the court's standing analysis in *Hoang* has no bearing on this case.

More importantly, as to the second point, the Fourth Circuit in *Omega World Travel, Inc. v. Mummagraphics*, has clearly stated that a state law that does not require the elements of common law fraud, including elements of reasonable reliance and damages, must be preempted. 469 F.3d 348, 353 (4th Cir. 2006). Thus, aside from being misguided, the *Hoang* court's analysis is inconsistent with binding Fourth Circuit authority.

## II.   ARGUMENT

**A.   *Hoang*'s Standing Analysis Depends Entirely on the Fact that Plaintiffs Sued as Individual Consumers, Not as Alleged ISPs**

BSI concedes that it is not suing as an "individual recipient" of any alleged spam, but rather, as an ISP. *See* BSI's Opposition to Kraft's Motion for Summary Judgment, at 27 (Docket No. 309). In *Hoang* the four plaintiffs are individual consumers. 2010 U.S. Dist. LEXIS 34466, at *2. The court found that they have standing because they brought suit as individual "recipients" of alleged spam emails under California Business & Professions Code § 17529.5(a). *Id*. at *11-*13. In so holding, the court read the Ninth Circuit's decision in *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009) as implicitly finding that a similar Washington statute was intended to confer standing on an <u>individual consumer</u> "based solely" on their receipt of an email. *Id*. at *8. BSI makes much of this, presumably under the impression that the plaintiff in *Gordon* brought suit only as an ISP. This is incorrect. The plaintiff in *Gordon* brought suit both in his individual capacity <u>and</u> as an ISP. *Gordon*, 575 F.3d at 1045 n.2. Thus, to the extent the Ninth Circuit's decision can be read as conferring standing on Mr. Gordon under state law, it only conferred standing to the extent he sued as an <u>individual recipient</u> of alleged spam. To adopt BSI's argument, and read the Ninth Circuit's opinion as conferring

2

standing on Mr. Gordon to sue <u>as an ISP under state law</u> after the court spent the prior 10 pages excoriating him as a "litigation mill" who could not sue <u>as an ISP under federal law,</u> is to completely misread the opinion and turn the law of federal preemption on its head. *Id*. at 1057. It simply cannot be the case that Congress limited the federal private cause of action to bona fide ISPs that have been adversely affected by spam, yet left the states free to confer standing on phony ISPs whose primary business is the collection of alleged spam for litigation purposes. *Id*. at 1068 (Gould, J., concurring) ("manufactured claims should not be tolerated absent a clear endorsement from Congress.").

In fact, the Ninth Circuit has made it abundantly clear that an ISP cannot bring suit based solely on the receipt of an email. *Gordon* 575 F.3d at 1053 n.11; *ASIS Internet Services v. Azoogle.com, Inc.*, Nos. 08-15979, 08-17779, 2009 WL 4841119, at *1 (9th Cir. Dec. 2, 2009) (unpublished) ("The mere cost of carrying SPAM emails over Plaintiff's facilities does not constitute a harm as required by the [CAN-SPAM Act].").

Accordingly, the *Hoang* decision, which confers standing on four individual consumers to bring suit under state law, is inapposite to this case.

**B.**     **The Fourth Circuit Has Established that State Spam Laws Are Preempted to the Extent They Do Not Require a Plaintiff to Prove All the Elements of Common Law Fraud**

In *Omega World Travel, Inc. v. Mummagraphics*, the Fourth Circuit preempted an Oklahoma anti-spam statute that "seem[ed] to reach beyond common law fraud or deceit" and "[b]y its terms, [was] not limited to inaccuracies in transmission information that were material, led to detrimental reliance by the recipient, and were made by a sender who intended that the misstatements be acted upon and either knew them to be inaccurate or was reckless about their truth." 469 F.3d 348, 353 (4th Cir. 2006) (citing *Rogers v. Meiser*, 68 P.3d 967, 977 (Okla.

3

2003) (requiring those elements for Oklahoma fraud action)). Accordingly, the Fourth Circuit has established that state spam laws are preempted to the extent they do not require a plaintiff to prove all the elements of common law fraud and *Hoang*'s contrary analysis is irrelevant to this Court's resolution of this case.

Moreover, the *Hoang* court's analysis on this issue is highly questionable. Specifically, the court begins by claiming that the Ninth Circuit in *Gordon* never addressed the issue of whether a plaintiff must prove all the elements of fraud in order to bring a claim under a state spam law. *Hoang*, 2010 U.S. Dist. LEXIS at *15. This is curious given that in *Gordon* the Ninth Circuit specifically stated that "[t]he CAN-SPAM Act established a national standard, but left the individual states free to extend <u>traditional tort theories</u> such as claims arising from <u>fraud or deception</u> to commercial e-mail communication." *Gordon* 575 F.3d at 1063 (emphasis added). Then, in the very next paragraph, the court pointedly noted that Mr. Gordon never claimed he was "in any way misled or deceived" by the alleged spam he received. *Id.* Rather than reconcile these statements with its holding, however, the court in *Hoang* simply dismisses them as idle musings from the appellate panel. *Hoang*, 2010 U.S. Dist. LEXIS at *20 n.5. Thus, aside from being irrelevant to this Court in light of *Omega World Travel*, the decision in *Hoang* is also poorly reasoned and unreliable.

**C.    Regardless, Even Under *Hoang* BSI Must Prove Materiality**

The court in *Hoang* recognized that the Ninth Circuit made clear in *Gordon* that materiality was a necessary element of any state law claim. Indeed, the court took pains to distinguish between the alleged material misrepresentations in *Gordon* from those it faced.[1] In

---

[1] Specifically, the court stated: "First, the claim made in *Gordon* and the claims made herein differ considerably. In *Gordon*, the plaintiff alleged the e-mails he received from the defendant, Virtumundo, Inc., stated they were from

4

no sense are the alleged misrepresentations in this case like those in *Hoang*, which dealt with deception of individual consumers, not ISPs. The alleged misrepresentations that BSI claims to be harmed by are those "designed to impede or evade [BSI's] filters." *See* BSI's Opposition to Kraft's Motion for Summary Judgment, at 42 (Docket No. 309). However, any such alleged misrepresentations are clearly immaterial to BSI because BSI does not make any effort to filter supposedly unwanted emails from Kraft. *Id*. at 39 (BSI does not filter because "some of BSI's customers might want emails concerning Gevalia …."). Accordingly, this portion of the *Hoang* opinion supports Kraft's motion for summary judgment. *See also Gordon*, 575 F.3d at 1052 (ISPs who "purposefully avoid taking even minimal efforts to avoid or block spam messages" cannot claim to have been harmed by those emails).

### III.   CONCLUSION

For the reasons stated, Kraft respectfully requests that the Court deny BSI's motion for leave to supplemental authority.

---

addresses such as 'Criminal Justice@vm-mail.com' and 'Public Safety Degrees@vmadmin.com,' information that was, at most, 'incomplete' or 'less than comprehensive.' *See Gordon*, 575 F.3d at 1063-64. Indeed, the use of such addresses is not markedly different from the common business practice of using a 'dba.' Here, by contrast, plaintiffs allege that each plaintiff received an e-mail indicating the sender was an actual person known to such recipient, when, in fact, the e-mails were sent by defendant. (*See, e.g.*, FAC P 48, 49 (alleging plaintiff Matthew Hall, whose former minister was Mike Klump, received from defendant an e-mail indicating it was sent by "mikeklumpp@yahoo.com")).*" Hoang,* 2010 U.S. Dist. LEXIS 34466, at *21-22.

                                                Respectfully submitted,

DATED:  April 29, 2010

/s/ _____

John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1627
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

Darrell J. Graham (*Pro Hac Vice*)
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334
Chicago, IL  60604
(312) 922-4533
(312) 922-4757 (facsimile)
dgraham@djgrahamlaw.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

Anthony Cavanaugh
Thomas M. Barba
John J. Duffy
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
(202) 429-3000
(202) 429-3902 (facsimile)
acavanaugh@steptoe.com
tbarba@steptoe.com
jduffy@steptoe.com
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
301-563-9249
301-563-9639 (fax)
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson St., Suite 201
Rockville, MD  20850
(301) 251-9660
(301) 251-9610 (facsimile)
mike@mikerothman.com

*Attorneys for Plaintiff Beyond Systems, Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Defendants Connexus Corp.*

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1624
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*