UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) | Magistrate Judge Charles B. Day |
| KRAFT FOODS, INC., *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE RULING
IN DE# 344 FINDING NO COMMON INTEREST AGREEMENT**

Pursuant to Local Rule 105(10), Beyond Systems, Inc. ("BSI") moves for reconsideration of this Court's ruling that there was no common interest agreement between attorney Steve Wagner, BSI and Hypertouch, Inc. ("Hypertouch"). DE# 344 at 3.

As a basis for its decision, the Court cited Steve Wagner's first declaration [DE# 209-23] – in support of BSI's opposition to Kraft's motion to compel [DE# 209-21] – which the Court held did not conclusively establish the existence of a common interest agreement because Steve Wagner recalled "discussing" a common interest agreement, but "he does not state that a common interest agreement was actually reached." DE# 344 at 2.

Reconsideration is appropriate because the Court appears to have not considered Steve Wagner's second declaration – in support of BSI's clawback reply [DE# 329] – in which Mr. Wagner explicitly addressed this issue.[1] In that declaration, Steve Wagner explained why he used the term "discussion" in connection with the common interest agreement, stating

---

[1] Plaintiff's Reply to Kraft's Opposition to Plaintiff's Motion for Return of Inadvertently-Produced Privileged Document and Order Striking All Reference to Said Document.

definitively: "I used the words 'I recall discussing an oral joint interest agreement' because the Joint Interest Agreement was an oral agreement that was discussed and agreed upon by the parties thereto, which is why I chose those words rather than the words 'signed' or 'agreed upon' or 'agreed upon in writing' and so forth. *I did not intend to suggest that the agreement was discussed but not consummated, because that was not the case*." DE# 329-2, Declaration of Steve Wagner ¶ 2 (emphasis added). Wagner conclusively explains that the discussion previously referred to in his first declaration was an actual consummation of a common interest agreement, and that such agreement has continuously been in place between BSI and Hypertouch since 2002. *Id.* ¶ 1 ("[BSI], [Hypertouch] … and I (as external counsel to each) *entered into an oral joint interest agreement in 2002* regarding prospective litigation to be brought by BSI and/or Hypertouch [] as a result of the receipt of tens of thousands of spam emails received on or routed through the servers of each Company. *This agreement has been in continuous effect among the above-named parties since 2002*.") (emphasis added); *see also* DE# 317-3, Declaration of Paul Wagner ¶ 7 ("In 2002, Hypertouch and BSI entered into a joint interest agreement, with Steve Wagner as counsel. The purpose of the joint interest agreement was to permit Hypertouch and BSI to share information and legal strategy in connection with potential lawsuits by BSI and/or Hypertouch.").

These declarations conclusively establish that a common interest agreement has in fact existed between BSI and Hypertouch since 2002, and that Steve Wagner did conclusively state that a common interest agreement was reached. Therefore the Court's reliance only on the first Steve Wagner declaration in order to conclude to the contrary that no agreement existed is erroneous and BSI respectfully requests that the order [DE# 344] be reconsidered and reversed as to its ruling that there was no common interest agreement between Steve Wagner, BSI, and

Hypertouch.  Should the Court modify its conclusion regarding the common interest agreement, it should then reconsider its order to compel the production of any documents covered under that agreement.

Date: April 28, 2010                                              Respectfully submitted,

                                                          /s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2010, the foregoing *Plaintiff's Motion for Reconsideration of the Ruling in DE# 344 Finding No Common Interest Agreement* was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

| | |
|---|---|
| Barry J. Reingold (USDC-MD Bar No. 06490) | J. Douglas Baldridge |
| John M. Devaney (*Pro Hac Vice*) | Lisa Jose Fales |
| John K. Roche (*Pro Hac Vice*) | Ari N. Rothman |
| PERKINS COIE LLP | VENABLE LLP |
| 607 14th Street NW, Suite 800 | 575 7th Street NW |
| Washington DC 20005-2003 | Washington, DC 20004 |
| 202-434-1613 (Telephone) | (202) 344-4000 (Telephone) |
| 202-434-1690 (Facsimile) | (202) 344-8300 (Facsimile) |
| jroche@perkinscoie.com | jbaldridge@venable.com |
| breingold@perkinscoie.com | ljfales@venable.com |
| jdevaney@perkinscoie.com | anrothman@venable.com |
| | |
| Darrell J. Graham | *Counsel for Defendant Connexus Corp.* |
| Law Offices of Darrell J. Graham, LLC | |
| 53 W. Jackson Boulevard | |
| Suite 1334 | |
| Chicago, IL 60604 | |

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

Thomas M. Barba