**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| | ) | Judge Peter J. Messitte |
| KRAFT FOODS, INC., *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO THE
MAGISTRATE'S RULING FINDING NO COMMON INTEREST AGREEMENT**

**I.     BACKGROUND**

Beyond Systems, Inc. ("BSI") respectfully submits this objection pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 301(5)(a) to the ruling of Magistrate Judge Day finding no common interest agreement existed between attorney Steve Wagner, BSI and Hypertouch, Inc. ("Hypertouch").[1]  DE# 344 at 2-3.

On April 23, 2010, Magistrate Day held in DE# 344 that attorney Wagner's declaration was insufficient to establish "that a common interest agreement was actually reached" on the basis that Wagner only stated that he recalled "discussing" a common interest agreement. *Id.*

---

[1] On April 29, 2010, Plaintiff filed a similar Motion for Reconsideration with Magistrate Day requesting that he reconsider his ruling finding no common interest agreement on the grounds laid out herein.  Magistrate Day's reconsideration may moot this motion; however, because it is unclear whether a motion for reconsideration under Local Rule 105(10) suspends the 14-day time period for filing a motion under Federal Rule 72, this objection is filed out of an abundance of caution to preserve BSI's right to claim error in a timely manner.  *See* Rule 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.").

Based on this finding of no common interest agreement, Magistrate Day ordered the production of certain documents that Plaintiff contends are privileged. *Id*. at 4-8.

Magistrate Day's ruling is clearly erroneous based upon the declarations filed in support of DE# 209.  To the extent there is any room for misinterpretation of those declarations, later declarations by Steve Wagner[2] and Hypertouch President Joe Wagner, make clear that Magistrate Day did misinterpret the earlier declarations.  First, Magistrate Day did not give any weight to the immediately subsequent statement in attorney Wagner's same declaration that confirmed an agreement had been reached in 2002.  Second, he did not give weight to the testimony of the Plaintiff itself, through its principal, as to the existence of the common interest agreement.  Finally, he apparently did not consider subsequent declarations filed in support of Plaintiff's clawback motions in which attorney Wagner and Joe Wagner, confirmed, unequivocally, that the parties had in fact entered into a common interest agreement.  For these reasons, Magistrate Day's Order was clearly erroneous and Plaintiff respectfully requests that it be reversed.

## II.     ARGUMENT

### A.     Legal Standard for a Motion for Reconsideration Under Fed. R. Civ. P. 72

The clearly erroneous standard applies to Rule 72(a) motions:

> A magistrate judge order on a non-dispositive motion (such as discovery motions) will be set aside only if the district court finds that the determination was "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976,

---

[2] These later declarations were filed in connection with two clawback motions and replies [DE#s 290, 303, 317, 329] filed by Plaintiff prior to the issuance of the Magistrate's Order, and they directly address the principle error in that Order that no common interest agreement existed. *See infra* at 6-7; DE# 329-2, Decl. of Steve Wagner ¶¶ 1, 2 ("discussion" referred to in his first declaration was the actual consummation of the common interest agreement, and that such agreement has continuously been in place between BSI and Hypertouch since 2002).

>108 S. Ct. 487, 98 L. Ed. 2d 485 (1987). A finding is "clearly erroneous" when although there is evidence to support it, the court, on reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).

*Proa v. NRT Mid Atl., Inc.*, 633 F. Supp. 2d 209, 212 (D. Md. 2009). In this case, the clearly erroneous standard is satisfied because there was direct and substantial sworn evidence, from multiple sources, attesting to the existence of the common interest agreement. Magistrate Day clearly committed error in overlooking this evidence and/or finding to the contrary despite this evidence.

    **B.**    **BSI Has Demonstrated That it Entered Into a Common Interest Agreement with Hypertouch and Attorney Steve Wagner**

The purpose of a common interest agreement is to preserve the privileged nature of certain communications while facilitating the exchange of information between parties with mutual interests. 1 Edna Selan Epstein, *The Attorney-Client Privilege and the Work Product Doctrine*, 274 (5th ed. 2007); *see also Fort v. Leonard*, No. 7:05-1028-HFF-WMC, 2006 WL 2708321, at *3 (D.S.C. Sept. 20, 2006). When "two or more clients with a common interest ... are represented by separate lawyers[3], and they agree to exchange information concerning the matter[s], a communication of any such client that qualifies as privileged [and] that relates to the [common interest] matter[s] is privileged as against third persons." Epstein, at 275 (quoting Restatement (Third) of the Law Governing Lawyers § 126(1) (Proposed Final Draft 1996)); *see also Gallagher v. Office of Attorney Gen.*, 787 A.2d 777, 784-85 (Md. Ct. Spec. App. 2001)

---

[3] Having separate attorneys is not a requirement to meet the common interest rule. Some courts have held that using the same attorney is evidence of a common interest. *Cheeves v. Southern Clays, Inc.*, 128 F.R.D. 128, 130 (M.D. Ga. 1989) ("Courts have found a community of interest…where both consult the same attorney.").

- 3 -

("[P]arties with shared interests in actual or pending litigation against a common adversary may share privileged information without waiving their right to assert privilege.") (citing *In re Grand Jury Subpoenas*, 902 F.2d 244, 248-49 (4th Cir. 1990)).

BSI has explained in prior pleadings the nature of the common interest agreement and has demonstrated that BSI and Hypertouch (and therefore their principals Paul Wagner and Joe Wagner) entered into such an agreement in 2002 through the efforts of their mutual attorney Steve Wagner.[4] *See* DE#s 209, 290, 303, 317, and 329.[5] Beginning in 2002, BSI and Hypertouch entered into a common interest agreement that protected their principals and attorneys from waiver of their privileged litigation-related communications. *See In re Grand Jury Subpoenas*, 902 F.3d at 249 ("the joint defense or common interest rule" is "an exception to waiver…"). This agreement was entered into in 2002 with the assistance of attorney Steve Wagner, outside counsel to both BSI and Hypertouch. DE# 209-22 ¶ 7, DE# 209-23 ¶¶ 8-9, DE# 290-11 ¶ 7, DE # 290-12 ¶ 7, DE# 290-13 ¶ 7, DE# 303-9 ¶ 7, DE# 303-10 ¶ 7. DE# 303-11 ¶ 7, DE# 317-3 ¶ 7, DE# 317-4 ¶ 7, DE# 317-5 ¶ 1, DE# 329-3 ¶ 1. Since 2002, other attorneys have entered and exited the common interest agreement between Steve Wagner, BSI and

---

[4] The Fourth Circuit has explained that joint defense and common interest rule are the same concept, and thus the terms are used interchangeably throughout the briefs and supporting declarations. *See In re Grand Jury Subpoenas*, 902 F.2d at 249 ("the joint defense or common interest rule").

[5] DE# 209 is Kraft's Motion to Compel and related pleadings. DE#s 290 and 317 are Plaintiff's Motion for Return of Inadvertently-Produced Privileged Document and Order Striking All Reference to Said Document to Connexus and the reply to Connexus' opposition. DE#s 303 and 329 are Plaintiff's Motion for Return of Inadvertently-Produced Privileged Document and Order Striking All Reference to Said Document to Kraft and the reply to Kraft's opposition.

Hypertouch,[6] but the agreement itself "has continuously remained in place despite the additions or withdrawals of other attorneys." DE#s 317-5 ¶ 3, 329-3 ¶ 3.

      **C.**      **Magistrate Day's Ruling Was Clearly Erroneous Because He Did Not Consider or Give Weight to Three Conclusive Pieces of Evidence**

In the ruling under reconsideration, DE# 344, Magistrate Day held that Steve Wagner's first declaration [DE# 209-23], filed in support of BSI's opposition to Kraft's motion to compel [DE# 209-21], did not conclusively establish the existence of a common interest agreement because Steve Wagner recalled "discussing" a common interest agreement, but "he does not state that a common interest agreement was actually reached." DE# 344 at 2 (referencing DE# 209-23, Decl. of Steve Wagner ¶ 8).

First, attorney Wagner states in the next paragraph of his first declaration: "As part of this joint interest agreement, beginning in 2004, BSI and Hypertouch considered cooperation in joint-litigation." DE# 209-29, Decl. of Steve Wagner ¶ 9. The statement "As part of *this* joint interest agreement" unequivocally indicates that Mr. Wagner, BSI, and Hypertouch did enter into the joint interest agreement that was *discussed* in the previous paragraph. That agreement was entered in 2002, and there is no testimony in the record indicating that this agreement was terminated (it was not) and a *distinct* common interest agreement initiated.[7]

Second, the Magistrate failed to give any weight to the declaration of Paul Wagner filed in support of BSI's opposition to Kraft's motion to compel, stating that BSI and Hypertouch, with Steve Wagner as counsel, entered into a common interest agreement in 2002. Paul Wagner

---

    [6] The Magistrate found, for example, that a common interest agreement existed between attorney Steve Ring, Hypertouch, and BSI from December 1, 2004 until May 30, 2005. DE# 344 at 3.

    [7] Magistrate Day stated that the evidence was "deficient" in part because it was not clear when the agreement "terminated." DE# 344 at 3. There is no such evidence because the agreement remains in effect.

conclusively states, "In 2002, Hypertouch and BSI entered into a joint interest agreement with Steve Wagner as counsel." DE# 209-22, Decl. of Paul Wagner ¶ 7; *see also* DE# 290-10, DE# 303-10, DE# 317-3, DE# 329-3, Decl. of Paul Wagner ¶ 7 ("In 2002, Hypertouch and BSI entered into a joint interest agreement, with Steve Wagner as counsel. The purpose of the joint interest agreement was to permit Hypertouch and BSI to share information and legal strategy in connection with potential lawsuits by BSI and/or Hypertouch."). The Magistrate also held that "Paul Wagner's view that he 'perceived' that a common interest existed since 2002 is not persuasive." DE# 344 at 3. The Magistrate's error here appears to stem from Paul Wagner's statement that "[he] did not perceive" the agreement with Steve Ring "to be separate from the agreement between BSI, Hypertouch, and Steve Wagner." DE# 209-22, Decl. of Paul Wagner ¶ 8. Although standing alone this statement is ambiguous, his statement that the agreement was entered in 2002 is not. Paul Wagner's perception is further clarified in Steve Wagner's second declaration:

> Periodically another attorney or law firm, such as Stephen H. Ring and John Fallat, became a party to the Joint Interest Agreement for periods of time, during which each represented one or more of the Companies in litigation, in order that the Companies and its various counsel could communicate regarding litigation or potential litigation while preserving attorney-client privilege. The Joint Interest Agreement among the Companies continuously remained in effect despite the additions or withdrawals of other attorneys.

DE# 329-2, Decl. of Steve Wagner ¶ 3. Since 2002, BSI and Hypertouch, via counsel Steve Wagner, have maintained a common interest agreement. From time to time, various other counsel have joined and left the agreement, but this core agreement has remained continuously in effect. Paul Wagner's perception that a common interest agreement existed since 2002 was, in fact, correct.

Third, after the motion to compel was filed, but prior to the Magistrate's Order, this common interest agreement issue was again briefed during BSI's motions for return of an inadvertently produced document. DE#s 290, 303, 317, 329. While not a part of the motion to compel, this evidence was before the Magistrate and it conclusively proves that his Order in DE# 344 was erroneous. In support of this clawback briefing, attorney Wagner filed an affidavit which clearly establishes that the agreement was entered into and remains in effect today. DE# 329-2, Decl. of Steve Wagner ¶ 2. Attorney Wagner first states that the "discussion" referred to in his first declaration was the actual consummation of the common interest agreement, and that such agreement has continuously been in place between BSI and Hypertouch since 2002:

> *[BSI], [Hypertouch] … and I (as external counsel to each) <u>entered into an oral joint interest agreement in 2002</u> regarding prospective litigation to be brought by BSI and/or Hypertouch [] as a result of the receipt of tens of thousands of spam emails received on or routed through the servers of each Company. <u>This agreement has been in continuous effect among the above-named parties since 2002.</u>*

*Id*. ¶ 1 (emphasis added). In the next paragraph of this declaration, attorney Wagner explains why he used the word "discussing" in his earlier declaration in connection with the common interest agreement, stating definitively:

> *I used the words 'I recall discussing an oral joint interest agreement' because the Joint Interest Agreement was an oral agreement that was discussed and agreed upon by the parties thereto, which is why I chose those words rather than the words 'signed' or 'agreed upon' or 'agreed upon in writing' and so forth. <u>I did not intend to suggest that the agreement was discussed but not consummated, because that was not the case</u>.*

*Id*. ¶ 2 (emphasis added).

Joe Wagner also submitted declarations in support of these clawback motions that firmly establish that there was a common interest agreement that commenced in 2002. "In 2002,

- 7 -

Hypertouch and BSI entered into a joint interest agreement, with Steve Wagner as counsel."
DE#s 290-13, 303-11, 317-4, 329-4, Decls. of James Joseph Wagner ¶ 7.

## III.  CONCLUSION

The sworn testimony referenced above conclusively establishes that a common interest agreement has in fact existed between BSI and Hypertouch since 2002.  BSI respectfully requests, therefore, that the contrary ruling in the Magistrate's Order [DE# 344] compelling the production of documents covered under that agreement be found clearly erroneous and reversed.

Date: May 7, 2010                               Respectfully submitted,

                                                     /s/
                                                Thomas M. Barba (US DC-MD Bar No. 28487)
                                                John J. Duffy (US DC-MD Bar No. 28613)
                                                STEPTOE & JOHNSON LLP
                                                1330 Connecticut Ave., NW
                                                Washington, D.C.  20036
                                                T: 202-429-3000
                                                F: 202-429-3902
                                                tbarba@steptoe.com
                                                jduffy@steptoe.com

                                                Anthony A. Onorato (US DC-MD Bar No. 28622)
                                                STEPTOE & JOHNSON LLP
                                                750 Seventh Ave., Ste. 1800
                                                New York, NY  10019
                                                T: 212-506-3900
                                                F: 212-506-3950
                                                tonorato@steptoe.com

                                                Of Counsel:

                                                Stephen H. Ring (USDC-MD Bar No. 00405)
                                                Law Offices of Stephen H. Ring, P. C.
                                                20300 Seneca Meadows Parkway, Suite 200
                                                Germantown, MD  20876
                                                T: 301-540-8180
                                                F: 301-540-8195
                                                shr@ringlaw.us

                                                Mike Rothman (USDC-MD Bar No. 14568)

- 9 -

        Law Office of Michael S. Rothman
        401 E. Jefferson Street, Suite 201
        Rockville, MD  20850
        T: 301-251-9660
        F: 301-251-9610
        mike@mikerothman.com

        *Counsel for Plaintiff Beyond Systems, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2010, the foregoing PLAINTIFF'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO THE MAGISTRATE'S RULING FINDING NO COMMON INTEREST AGREEMENT was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C. 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C. 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*


/s/

Mary Sherman