UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| BEYOND SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KRAFT FOODS, INC., et al., <br><br> Defendants. | Case No. 8:08-CV-00409-PJM <br><br> The Honorable Peter J. Messitte <br><br> Magistrate Judge Charles B. Day |

**WORLD AVENUE USA, LLC'S REPLY
IN SUPPORT OF ITS MOTION TO FILE *AMICUS CURIAE* BRIEF**

WORLD AVENUE USA, LLC ("World Avenue") hereby replies to Plaintiff Beyond Systems Inc.'s ("BSI") Opposition (D.E. 345) to the filing of World Avenue's proposed brief *Amicus Curiae* (the "Opposition")*,* and states as follows:

**A.  World Avenue Has the Requisite Special Interest in the Subject Matter to File an *Amicus* Brief**

In the Opposition, BSI concedes that World Avenue has an interest in the Court's determination of the pending motions for summary judgment because World Avenue is a "defendant in similar litigation."  D.E. 345 at 7.  As a general rule, courts will allow an *amicus* brief "when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case)."  *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (citation omitted).  There is no rule that requires an *amicus* to be impartial nor is there any rule that precludes an *amicus* simply because the parties to the case have able counsel.  As such, World Avenue has satisfied any special interest needed to file an *amicus* brief.

### B.     World Avenue's Proposed *Amicus* Brief is Timely

BSI concedes an "important factor in determining whether leave should be granted is whether the proposed *amicus curiae* brief provides a helpful analysis of the issues before the court." D.E. 345 at 3 (citing 4 A. Jur. 2d *Amicus Curiae* § 3). Here, the proposed *Amicus* Brief was filed contemporaneously with other papers filed by the parties with respect to the pending summary judgment motion. *See, e.g.*, D.E. 328 and 333 (filed within a week of one another). This was the very first instance that World Avenue could have determined -- and did determine -- that an *amicus* brief would provide helpful analysis of the issues before the Court.[1]

Moreover, World Avenue is neither a party to the case nor was it ever provided with any deadline to file an *amicus* brief. The sole case cited by BSI on the issue of timeliness is inapposite. In *O Centra Espirita Beneficente Uniao do Vegetal v. Ashcroft*, 282 F. Supp. 2d 1271, 1274 (D.N.M. 2002), the court found the proposed *amicus* brief untimely because the motion at issue had been pending for more than one year and the court had already let the parties present "evidence and arguments at a lengthy hearing." *Id.*; *see also Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1177 (D. Nev. 1999) (finding *amicus* brief untimely when it was filed two months *after* the court entered its order and one and one-half months after judgment was entered). Here, the proposed *Amicus* Brief was filed *before* the court has entered any judgment; indeed, the Court has not yet held a hearing on any summary judgment motion - one is currently

---

[1] As discussed below, this determination was made, in part, because none of the parties to this litigation provided the Court with an analysis of some of the key issues as stake including, without limitation, whether conflict preemption applies.

scheduled for June 14, 2010 (D.E. 285).  As such, BSI's claim that the proposed *Amicus* Brief is untimely is without merit.

C.  **World Avenue's Proposed *Amicus* Brief Provides a Helpful Analysis of the Law and is Useful**

World Avenue's proposed *Amicus* Brief satisfies the standards for allowing an *amicus* brief discussed in *Bryant v. Better Business Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 727 (D. Md. 1996).  World Avenue's proposed *Amicus* Brief is useful to the Court because it provides an examination of the issue of conflict preemption, an issue which has not been briefed but could be dispositive of all issues presented in this case.  Indeed, BSI concedes that the conflict preemption examination is completely absent from any of the briefs submitted by the parties in this litigation.  D.E. 345 at 4-5.

BSI's passing argument that this Court should summarily deny World Avenue's Motion for Leave because the proposed *Amicus* Brief "facially has no merit" is simply wrong.  Relying solely, and narrowly, on statutory construction principles, BSI argues that the consent exemption found in § 7704(d)(2) "applies only to § 7704(d)(1)."  This position, however, is contradicted expressly by established federal case law.  *See U.S. v. Impulse Media Group, Inc.*, 2008 WL 1968307, Case No. C05-1285RSL (W.D. Wash. May 1, 2008).[2]  Citing to § 7704(d)(2), the Court in *Impulse Media Group, Inc.* specifically held as follows:

> "[w]here a recipient has given 'prior affirmative consent' to receipt of a message, certain CAN-SPAM Act requirements, *such as those*

---

[2] BSI's position is also contradicted by the Supreme Court's decision in *Alaska v. United States*, 545 U.S. 75, 106 (2005). In *Alaska*, the Court recognized that provisos may be used to state a general, independent rule, and such are "not always limited in its effect to the part of the enactment with which it is immediately associated; it may apply generally to all cases within the meaning of the language used." *Id.*, citing *McDonald v. United States*, 279 U.S. 12, 21, 49 S.Ct. 582 (1929). Here, legislative inference should be drawn that the prior affirmative consent language was to apply to all emails, not just those with sexually explicit material.

>  *set forth in § 7704(a)(1), are not applicable.  See 15 U.S.C. § 7704(d)(2)."*

(Emphasis added).

This is precisely the position advanced in World Avenue's proposed *Amicus* Brief. This important analysis of the CAN-SPAM Act is not -- and will not -- be made part of the record unless World Avenue is granted leave to file its proposed *Amicus* Brief and is afforded an opportunity to fully brief this issue for the Court including, without limitation, a full and complete analysis of BSI's misguided arguments.[3]  World Avenue has clearly met the threshold of presenting the Court with a helpful analysis of the law on an issue BSI concedes was not fully addressed by other parties and, therefore, the Court should grant World Avenue's motion for leave to file an *amicus* brief.

**D.   Conclusion**

For the foregoing reasons, World Avenue respectfully requests the Court enter an Order granting World Avenue leave to file its proposed *Amicus* Brief and/or deeming it filed to allow this Court to benefit from a full and complete briefing of the important legal points asserted therein including, without limitation, the conflict preemption issue which has not been briefed by any of the parties to this litigation.

---

[3] BSI also argues that the proposed *Amicus* Brief should summarily be rejected due to one typographical error. Contrary to BSI's argument, World Avenue's proposed *Amicus* Brief is not in any way dependant on this single typographical error.  D.E. 345 at 4.  In an abundance of caution, World Avenue hereby amends by interlineation page 8 of its proposed *Amicus* Brief to read "§7704(d)(2)" instead of "§7702(d)(2)."

4

Dated:  May 13, 2010

        Respectfully submitted,

        *Attorneys for World Avenue USA, LLC*

        GREENBERG TRAURIG, LLP

        /s/ Sanford M. Saunders, Jr.
        Sanford M. Saunders, Jr., Esq.
        USDC, MD #4734
        saunderss@gtlaw.com
        GREENBERG TRAURIG, LLP
        2101 L Street, NW, Suite 1000
        Washington, DC 20037
        Telephone:  202-331-3100
        Facsimile:  202-331-3101