IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

BEYOND SYSTEMS, INC.

                      Plaintiff,

    v.

KRAFT FOODS, INC., et al.,

                    Defendants.

Case No. 8:08-CV-00409-PJM

The Honorable Peter J. Messitte

Magistrate Judge Charles B. Day

## CONNEXUS'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE RULING IN DE# 344 FINDING NO COMMON INTEREST AGREEMENT

Defendant Connexus Corp. respectfully files this Opposition to Plaintiff Beyond Systems, Inc.'s ("BSI") Motion for Reconsideration of the Court's ruling that no "open-ended joint defense agreement created in 2002" existed between Paul Wagner/BSI and Joe Wagner/Hypertouch. (Paper No. 344 at 3.)  As explained more fully below, BSI's motion should be denied because there are no "exceptional circumstances" warranting the "extraordinary remedy" of reconsideration under Fourth Circuit precedent.[1]

## FACTS

Paul Wagner/BSI and Joe Wagner/Hypertouch refuse to produce certain discovery in this case reflecting communications between them about their joint litigation efforts on the ground that a common interest agreement existed between these to brothers and a third Wagner brother (Steven Wagner) starting in 2002. (Paper No. 349.)  Paul Wagner/BSI and Joe

---

[1]        Although Connexus was not a party to the briefs underlying the Court's ruling, the existence (or lack thereof) of the alleged common interest agreement between Paul Wagner/BSI and Joe Wagner/Hypertouch at issue in BSI's motion for reconsideration is central to BSI's Motion for Return of Inadvertently Produced Privileged Document (DEs# 290, 303) and Connexus's opposition thereto (DE# 305).  Thus, Connexus files this response to ensure that the Court has a complete record when ruling on BSI's Motion for Return of Inadvertently Produced Privileged Document.

Wagner/Hypertouch also seek to claw back Exhibit 22 to Connexus's summary judgment motion (which also reflects their concerted efforts to manufacture lawsuits) because of the alleged common interest agreement. (Paper Nos. 290, 303.)  Accordingly, and because there is no credible evidence of any common interest agreement, the Kraft defendants moved to compel certain communications that BSI is withholding on the ground of this alleged agreement, and Connexus and Kraft opposed BSI's Motion for Return of Exhibit 22 to Connexus's summary judgment motion. (Paper Nos. 209, 305, 315.)

On April 23, 2010, this Court issued a written order stating "that the record as to the creation of a common interest agreement is deficient, and that an open-ended joint defense agreement created in 2002 is without sufficient factual support." (Paper No. 344 at 3.)  The order also notes that a declaration filed by Steven Wagner "reveals inadequate support for the existence of a common interest agreement" because "[h]e does not state that a common interest agreement was actually reached." (Id. at 2.)  Further:

> While not required, there has never been a written record of a common interest agreement over the eight years of intense litigation involving Plaintiff and Hypertouch, despite the close familial relations between the principals, their long association with trial counsel and their mutual but lengthy list of adversaries. Clarity is also lacking as to: 1) when agreements may have been reached; 2) when they may have terminated; and 3) what subject matters they may have related. Paul Wagner's view that he "perceived" that a common interest agreement existed since 2002 is not persuasive.

(Id. at 2-3.)  Accordingly, the Court ordered BSI to produce certain communications. (Id. at 3-8.) The Court has not ruled on BSI's Motion for Return of Exhibit 22 to Connexus's summary judgment motion.

Now, BSI seeks reconsideration of the finding that the 2002 common interest agreement never existed on the ground that the Court should have reviewed Steven Wagner's declaration filed months later with BSI's reply in support of its Motion for Return of Exhibit 22 to

Connexus's summary judgment motion. (Paper No. 349 at 1-2.)  However, this is not a ground

for reconsideration, and Steven Wagner's declaration does not establish a common interest

agreement under Fourth Circuit precedent anyway.  Thus, BSI's motion should be denied.

### DISCUSSION

"Motions for reconsideration are 'an extraordinary remedy which should be used

sparingly.'" *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, 2010 WL 1529195, at *1 (D.

Md. Apr. 15, 2010) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th

Cir. 1998)).  Thus, BSI must show that "exceptional circumstances" warrant reconsideration.

*Smith v. Bounds*, 813 F.2d 1299, 1303-04 (4th Cir. 1987); *AGV Sports,* 2010 WL 1529195, at *1

("parts of the [FRCP 60(b)] standard may be referenced by a district court in determining

whether it should reconsider an interlocutory order").  BSI's motion should be denied because

there are no "exceptional circumstances" here.

First, BSI's argument that the ruling should be reconsidered because the Court did not

search for or review Steven Wagner's declaration that BSI filed months later in connection with

a separate motion is wrong.  When considering motions, courts consider the opening motion,

opposition, and reply filed pursuant to Local Rule 105(2).  Thus, courts are not required to

affirmatively search every other filing in the docket to find additional information pertaining to

the specific motion under consideration.  Accordingly, even if the Court did not review Steven

Wagner's later filed declaration, the Court was not required to do so and this omission does not

constitute "exceptional circumstances" warranting reconsideration.

Second, a party's failure in a motion for reconsideration to "point to any relevant case

law or evidence that was unavailable at the time of [the] [c]ourt's [o]rder" mandates denying

reconsideration. *AGV Sports*, 2010 WL 1529195, at *2.  Here, BSI does not claim in its motion

that the Steven Wagner declaration was "unavailable" at the time this Court issued its ruling but rather that BSI failed to file it until months later when it moved to claw back Exhibit 22 to Connexus's summary judgment motion. (Paper No. 349 at 1.)  However, nothing stopped BSI from submitting in opposition to Kraft's motion to compel the Steven Wagner declaration that BSI now claims establishes the existence of a common interest agreement (even though it does no such thing).  Thus, BSI has only itself to blame for failing to submit the Steven Wagner declaration, BSI's failure does not constitute "extraordinary circumstances" warranting reconsideration, and its attempt to shift blame to the Court for BSI's failures must be rejected.

Third, Steven Wagner's declaration does not establish the existence of a valid common interest agreement under binding precedent and, therefore, reconsideration would not be warranted even if Steven Wagner's declaration is considered.  The Fourth Circuit only applies the common interest doctrine where information is shared "by agreement relating to some shared actual or imminent, <u>specific litigation</u>." *U.S. v. Duke Energy Corp.,* 214 F.R.D. 383, 388 (M.D.N.C. 2003) (discussing Fourth Circuit's application of the common interest rule) (emphasis added).  Further, courts require an "<u>identical</u>, and not merely similar, legal interest as the client with respect to the subject matter of the communication between the client and its attorney." *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 416 (D. Md. 2005) (emphasis added) (citation and quotations omitted).

Here, Steven Wagner merely states that he and his brothers Joe Wagner/Hypertouch and Paul Wagner/BSI "entered into an oral joint interest agreement in 2002 regarding prospective litigation to be brought by BSI and/or Hypertouch [] as a result of the receipt of tens of thousands of spam emails received on or routed through the servers of each Company," and that "[t]his agreement has been in continuous effect among the above-named parties since 2002." (Paper No.

349 at 2.)  Steven Wagner's sweeping and vague representations do not even come close to meeting the rigorous and specific requirements imposed by the Fourth Circuit for the common interest doctrine to apply.  Indeed, Steven Wagner does not in his declaration or elsewhere identify a single piece of "specific litigation" as required by the Fourth Circuit in *Duke, supra*, or identify any subject matters with requisite specificity for the common interest doctrine to apply. Accordingly, Steven Wagner's declaration does not warrant reconsideration.

Finally, the order should not be reconsidered because the Court's ruling that no common interest agreement existed is also supported by the Court's findings in its order set forth on page 2 above.  Further, and as Connexus deminstrated in opposing BSI's motion for return of Exhibit 22 to Connexus's summary judgment motion, there is not a shred of credible evidence establishing the existence of any common interest agreement because, among other things, there is no written agreement or contemporaneous written communications reflecting the existence of any common interest agreement or its terms, the Wagners' treatment of communications with attorneys and other conduct is inconsistent with the existence of any common interest agreement, and the Wagners' declarations purporting to establish the existence of a joint interest agreement conflict with prior sworn deposition testimony and/or are not credible for other reasons. (Paper No. 305 at 5-11.)  Thus, the Court's finding that "no open-ended joint defense agreement [was] created in 2002" is supported by the record notwithstanding Steven Wagner's self-serving declaration.

## CONCLUSION

For any and all of these reasons, BSI's Motion for Reconsideration should be denied.

Respectfully submitted,

Dated:  May 17, 2010

_____/s/_____
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
Robert A. Friedman, (US DC-MD Bar No. 28864)
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com
*Attorneys for Connexus Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May, 2010, a copy of the foregoing

*Connexus's Opposition to Plaintiff's Motion for Reconsideration of the Ruling in DE# 344*

*Finding No Common Interest Agreement* was filed electronically in accordance with the Court's

CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing

notification system except where otherwise indicated:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main St., Suite 215
Gaithersburg, MD 20878-6571
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc. and
Third-Party Defendants Joe Wagner and
Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J.
GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict.
Th. Engwall & Co.*

Hydra LLC
8800 Wilshire Blvd., 2nd Floor
Beverly Hills, CA 90211
(by regular mail only)

_____ /s/ _____
Ari N. Rothman