UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO KRAFT DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF
ITS OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Beyond Systems, Inc. ("BSI") submits this reply to the Kraft Defendants'

("Kraft") Opposition to Plaintiff's motion for leave to file as supplemental authority the recent

decision *Hoang v. Reunion.com, Inc.*, No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466

(N.D. Cal. Mar. 31, 2010) (*Hoang II*)[1].  In *Hoang II*, the District Court on its own motion

reversed its holding in *Hoang v Reunion.com, Inc.*, No. C-08-3518 MMC, 2008 WL 4542418

(N.D. Cal., Oct. 6, 2008) (*Hoang I*), which Kraft cited in its motion for summary judgment.

Kraft opposes the filing of BSI's supplement ostensibly because *Hoang II* is not a

"significant" decision.  Opp. at 1.  *Hoang II* issued after the close of the pleading cycle on

Kraft's motion for summary judgment, and Kraft relied repeatedly on *Hoang I* in its summary

judgment motion.[2]  In *Hoang II*, the District Court reversed its decision in *Hoang I* in light of the

---

[1] Decision attached to Plaintiff's Motion for Leave to File Supplemental Authority as Exhibit 1 at DE# 336-
1.  Additionally available at 2010 WL 1340535 (N.D. Cal. Mar. 31, 2010).

[2] Kraft cited *Hoang* as support for its argument that "claims under section 17529.5(a) of the California
Business & Professions Code must allege all the elements of common law fraud or deceit," and that "BSI must also
establish that it has suffered actual harm in reliance on Defendants' alleged misrepresentations in order to prevail on

intervening Ninth Circuit decision in *Gordon v. Virtumundo*, 575 F.3d 1040 (9th Cir. 2009).  In

*Hoang II*, the District Court relied on the *Gordon* decision to conclude that:  (1) California's

anti-spam law § 17529.5 is not preempted, (2) reliance and damages are not required, and (3)

with regard to standing, CAN-SPAM "differs significantly from the Washington state statute,

both as to the type of conduct regulated thereby and the types of parties who may bring a suit

thereunder" because, *inter alia*, unlike CAN-SPAM the state statute lacks an "adversely

affected" requirement.  *Hoang II*, 2010 U.S. Dist. LEXIS 34466, at \*10-11, 19-20.  The *Hoang II*

decision construes *Gordon* in the same fashion as BSI construed it in its opposition to Kraft's

motion for summary judgment.

Having raised a perfunctory "objection" to BSI's motion to supplement, Kraft gets down

to the real purpose of its opposition – trying to plug the hole that this "insignificant" *Hoang II*

decision has blown in its arguments.  Kraft's attempt to distinguish the *Hoang II* standing

analysis on the ground that the plaintiff in *Hoang* was an individual, Opp. at 2-3, misses the point

of the District Court's analysis in *Hoang II*, which is that the standing requirements under CAN-

SPAM are significantly narrower than the standing under state statutes, and that the analysis

applied by the *Gordon c*ourt, which rested on extrapolation from the legislative history of CAN–

SPAM, was obviously inapplicable.[3]  *Hoang II*, 2010 U.S. Dist. LEXIS 34466, at \*10, 11 ("At

the same time, although the Washington state statute more broadly allows any 'recipient of a

commercial electronic mail message' to bring a claim thereunder, . . . only a 'provider of Internet

---

its claims."  DE# 283 at 28-29 & 36.  Connexus/Hydra cited *Hoang* as support for its argument that "BSI cannot
show that it suffered damages proximately caused by reliance on any misrepresentation."  DE# 257 at 26.

[3] Kraft asserts its "litigation factory" attack here again.  Opp. at 3, 5.  BSI has amply rebutted this allegation
and shown its "bona fides" as well as the harm it has suffered in its Oppositions and will not repeat its factual
showing here.  Plaintiff does *not* claim to be unharmed or require that the statute lack a harm requirement for it to
assert a claim as an ISP.  Quite the opposite, BSI has been harmed or "adversely affected" by Defendants' spam and
has briefed the evidence of this at length.  *See, e.g*., Pl.'s Opp. to Kraft Mot. for Summ. J. at 4-17, 25-26; Pl.'s Opp.
to Connexus/Hydra Mot. for Summ. J. at 5-16, 23.

access service adversely affected by a violation of [CAN-SPAM]' can bring a private cause of action under CAN-SPAM . . . ." (citing *Gordon*, 575 F.3d at 1048)); *see also Asis Internet Servs. v. Subscriberbase, Inc.*, No. 09-3503 SC, 2010 WL 1267763, at *14 (N.D. Cal. Apr. 1, 2010) ("It would be both unnecessary and disingenuous to attempt to impose parity in the standing provisions between the two statutes [CAN-SPAM and California § 17529], by imposing a narrow reading on Congress's express reservation of this right for the states."); Pl.'s Opp. to Kraft Mot. for Summ. J. at 24-28; Pl.'s Opp. to Connexus/Hydra Mot. for Summ. J. at 16-25.

Kraft's suggestion that state standing requirements are preempted by CAN-SPAM is equally without merit. *E.g.*, *Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *19 (holding because state statutes pertaining specifically to commercial e-mails were in effect before Congress enacted CAN-SPAM, that absence of any language in CAN-SPAM "requiring a showing of actual reliance," and the legislative history identified in *Gordon*, mean that "Congress did not intend to preempt state laws prohibiting fraudulent or deceptive headers, subject lines, or content in commercial e-mails, is properly understood as exempting from preemption statutes such as § 17529.5."); *see also Asis*, 2010 WL 1267763, at *13-14 ("This raises the question: May California issue a statute with prohibitions that are parallel to those found in the CAN-SPAM Act, but which authorizes a broader class of plaintiffs to bring suit, without disturbing 'the fine balance struck by Congress?' . . . . By eschewing the standing requirements of the CAN-SPAM Act, section 17529.5 allows a broader scope of plaintiffs – including Asis and Foggy – to bring suit against email advertisers."). The *Gordon* court necessarily found that the plaintiff had standing under the state statute. *See Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *8 ("the Ninth Circuit necessarily found the plaintiff in *Gordon* had standing to seek relief under the Washington state statute" and that "such statute was intended to confer standing based solely on

such receipt [of a covered email].").  Moreover, to the extent Kraft is arguing that state *standing requirements are preempted* by CAN-SPAM because the federal statute confers standing on a narrower group of ISPs, that argument is as meritless as it is newly minted – preemption is a question of regulation of fraud or deception.  *E.g.*, *Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *19[4].

At 3-4, Kraft attacks *Hoang II's* holding that state statutes do not have to require "common law" fraud to avoid preemption.  BSI has addressed Kraft's arguments at length in its opposition to Kraft's motion for summary judgment and will not repeat them here, but, in short, *Hoang II* correctly finds, consistent with *Gordon* (and, thus, *Mummagraphics*, *see Gordon*, 575 F.3d at 1061), CAN-SPAM and congressional intent, that state statutes which regulate fraudulent or deceptive spam, but which do not require reliance or reliance-based damages, are still grounded in traditional tort theories and safely fit in the preemption savings clause.  *See Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *15-20; *see also Asis*, 2010 WL 1267763, at *11-14; Pl.'s Opp. to Kraft Mot. for Summ. J. at 30-44; Pl.'s Opp. to Connexus/Hydra Mot. for Summ. J. at 29-39.

Finally, Kraft reprises its tired and unpersuasive arguments on the issue of materiality.  Opp. at 4-5 & n.1.  BSI has previously briefed the issue of materiality as it relates to ISPs, as well as the nature of the evidence against Defendants has also been briefed and backed with comprehensive expert support.[5]  Kraft ignores the issue of ISP deception and focuses again on

---

[4] (holding because state statutes pertaining specifically to commercial e-mails were in effect before Congress enacted CAN-SPAM, that absence of any language in CAN-SPAM "requiring a showing of actual reliance" and the legislative history identified in *Gordon*, mean statement that "Congress did not intend to preempt state laws prohibiting fraudulent or deceptive headers, subject lines, or content in commercial e-mails, is properly understood as exempting from preemption statutes such as § 17529.5.").

[5] *E.g.*, Pl.'s Opp. to Kraft Mot. for Summ. J. at 3-4, 18-24, 35-45 & DE#s 309-48 [Klensin Decl.], 309-54 [Levine Decl.], 309-55 [Resnick Decl.], 309-57 [Shin Decl.], [P. Wagner Decl. Filed Under Seal]; Pl.'s Opp. to Connexus/Hydra Mot. for Summ. J. at 1-5, 35-47 & DE#s 295-42 [P. Wagner Decl.], 295-44 [Klensin Decl.], 295-45 [Levine Decl.], 295-46 [Resnick Decl.], 295-48 [Shin Decl.].

hypothetical individual recipients of email, which is not the circumstance presented here or the circumstances anticipated and prohibited by the Maryland and California legislatures when they drafted their state's anti-spam statutes.  Kraft again makes the misleading claim that BSI does not filter, a claim which no matter how many times repeated, remains false.  Opp. at 5; *see* Pl.'s Opp. to Kraft Mot. for Summ. J. at 11-12, 13, 24 & P. Wagner Decl. ¶ 26; Pl.'s Opp. to Connexus/Hydra Mot. for Summ. J. at 11, 26-27, 39 & P. Wagner Decl. ¶¶ 38-39.  In any event, *Hoang II* holds that reliance and damages need not be shown and that holding is not tied to whether the plaintiff is an individual, but rather to the nature of the deception the states are free to outlaw.  *See Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *20 n.5 ("Nor did the Ninth Circuit indicate any disagreement with the district court's statement that 'some [ ] claims [under the Washington state statute] are not preempted,' . . . a proposition that would be incorrect if actual reliance were required to avoid preemption.").

Respectfully submitted,

          /s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave.
New York, NY  10019
T: 212-506-3900

F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

Date:  May 17, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2010, the foregoing PLAINTIFF'S REPLY

TO THE KRAFT DEFENDANTS' OPPOSITION TO THE MOTION FOR LEAVE TO FILE

SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS'

MOTIONS FOR SUMMARY JUDGMENT was filed electronically via the Court's CM/ECF

system, and served electronically on the below-named parties via the Court's electronic

notification system:


Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft*
*Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*


                                        /s/
                              Thomas M. Barba