# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
                                )
BEYOND SYSTEMS, INC.,           )
                                )
    Plaintiff,                  )
                                )
        v.                      )        Case No. 8:08-cv-00409 (PJM)(CBD)
                                )
KRAFT FOODS, INC., *et al*.,    )
                                )
    Defendants.                 )
_____)


### PLAINTIFF'S REPLY TO CONNEXUS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Beyond Systems, Inc. ("BSI") respectfully submits this reply to Connexus Corp.'s ("Connexus") Opposition to Plaintiff's motion for leave to file *Hoang v. Reunion.com, Inc.*, No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466 (N.D. Cal. Mar. 31, 2010) (*Hoang II*) as supplemental authority.[1]  In *Hoang II*, the District Court on its own motion reversed its holding in *Hoang v Reunion.com, Inc.*, No. C-08-3518 MMC, 2008 WL 4542418 (N.D. Cal., Oct. 6, 2008) (*Hoang I*), which Connexus cited in its motion for summary judgment.[2]  *Hoang II* provides relevant interpretations of the *Gordon* decision, on which both Connexus and Kraft heavily rely.  *Hoang II* concludes, based on *Gordon* that:  (1) California's anti-spam law, § 17529.5, is not preempted, (2) reliance and damages are not required, and (3) with regard to

---

[1] Decision attached to Plaintiff's Motion for Leave to File Supplemental Authority as Exhibit 1 at DE# 336-1.  Additionally available at 2010 WL 1340535 (N.D. Cal. Mar. 31, 2010).

[2] Connexus/Hydra cited *Hoang* as support for its argument that "BSI cannot show that it suffered damages proximately caused by reliance on any misrepresentation."  DE# 257 at 26.  Kraft cited *Hoang* as support for its argument that "claims under section 17529.5(a) of the California Business & Professions Code must allege all the elements of common law fraud or deceit," and that "BSI must also establish that it has suffered actual harm in reliance on Defendants' alleged misrepresentations in order to prevail on its claims."  DE# 283 at 28-29 & 36.

standing, that CAN-SPAM "differs significantly from the Washington state statute, both as to the type of conduct regulated thereby and the types of parties who may bring a suit thereunder" because, *inter alia*, unlike CAN-SPAM the state statute lacks an "adversely affected" requirement. *Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *10-11, 19-20.

Connexus, unlike the Kraft Defendants, does not oppose the motion for leave to file *Hoang II* as supplemental authority. Instead, Connexus reargues discredited factual issues from its pleadings in support of its motion for summary.[3] Opp. at 1. Moreover, Connexus does not address the central point addressed by *Hoang II* – that the standing requirements differ significantly under CAN-SPAM from the state statutes at issue, which more expansively embrace ISPs and do not impose additional "adverse effect" or "bona fide" hurdles.[4] *See* Pl.'s Opp. to Connexus/Hydra Mot. for Summ. J. at 16-25; Pl.'s Opp. to Kraft Mot. for Summ. J. at 24-28. The *Hoang II* court found that Washington (and thus California, *id*. at *12) has conferred standing based on different criteria than CAN-SPAM and in broader fashion. *Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *10, 11 ("At the same time, although the Washington state statute more broadly allows any 'recipient of a commercial electronic mail message' to bring a claim thereunder, . . . only a 'provider of Internet access service adversely affected by a violation of [CAN-SPAM]' can bring a private cause of action under CAN-SPAM . . . ." (citing *Gordon*, 575 F.3d at 1048)); *see also Asis Internet Servs. v. Subscriberbase, Inc*., No. 09-3503 SC, 2010 WL

---

[3] Connexus' factual assertion concerning "configuring computers" to receive spam, is false and amply rebutted in Plaintiff's opposition papers. Opp. at 1; *see, e.g.*, Pl.'s Opp. to Connexus/Hydra Mot. for Summ. J. at 10-13, 22, 26-27, 39 & P. Wagner Decl. ¶¶ 38-39; Pl.'s Opp. to Kraft Mot. for Summ. J. at 12, 13, 24, 26 & P. Wagner Decl. ¶ 26.

[4] Connexus asserts its "litigation factory" attack here again. Opp. at 3, 5. BSI has amply rebutted this allegation and shown its "bona fides" as well as the harm it has suffered in its Oppositions and will not repeat its factual showing here. Plaintiff does *not* claim to be unharmed or require that the statute lack a harm requirement for it to assert a claim as an ISP. Quite the opposite, BSI has been harmed or "adversely affected" by Defendants' spam and has briefed the evidence of this at length. *See, e.g*., Pl.'s Opp. to Connexus/Hydra Mot. for Summ. J. at 5-16, 23; Pl.'s Opp. to Kraft Mot. for Summ. J. at 4-17, 25-26.

1267763, at *14 (N.D. Cal. Apr. 1, 2010) ("It would be both unnecessary and disingenuous to attempt to impose parity in the standing provisions between the two statutes [CAN-SPAM and California § 17529], by imposing a narrow reading on Congress's express reservation of this right for the states.").

*Haselton v. Quicken Loans, Inc.*, cited by Connexus, is not on point because defendants in that case "sought dismissal only of plaintiffs' CAN-SPAM Act claim.  Their motion does not address plaintiffs' claim under Washington's Commercial Electronic Marketing Act[.]"  2010 U.S. Dist. LEXIS 27250, at *2.  Thus, the court was not called on to analyze standing under the state statute or the differences between standing under CAN-SPAM and standing under the state statute.  In fact, the very fact that the defendants in *Haselton* did not move for dismissal of the state claims on standing grounds while moving for dismissal of the CAN-SPAM claims for lack of standing just reinforces what we already know – that the respective standing inquiries are independent and distinct.  *See Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *10-11; *Asis*, 2010 WL 1267763, at *13-14 ("This raises the question: May California issue a statute with prohibitions that are parallel to those found in the CAN-SPAM Act, but which authorizes a broader class of plaintiffs to bring suit, without disturbing 'the fine balance struck by Congress?' . . . .  By eschewing the standing requirements of the CAN-SPAM Act, section 17529.5 allows a broader scope of plaintiffs – including Asis and Foggy – to bring suit against email advertisers.").

Connexus also argues that *Hoang II* is not relevant precedent because it concerns "recipient" standing rather than ISP standing.  This, too, misses the point.  *Hoang II* is relevant because it teaches that standing under the California statute is broader than under CAN-SPAM, and one piece of evidence indicative of that greater breadth is the fact that recipients are

permitted to sue, unlike under CAN-SPAM. *See* Pl.'s Opp. to Connexus/Hydra Mot. for Summ.

J. at 18-19; Pl.'s Opp. to Kraft Mot. for Summ. J. at 24-25. Connexus speciously argues that BSI

did not sue under the Washington statute and therefore *Hoang II's* holding does not apply. Opp.

at 2; *see Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *12 (finding its analysis of Washington

statute equally applicable to the California statute); *see Gordon v. Virtumundo, Inc.*, 575 F.3d

1040 (9th Cir. 2009) (acknowledging that Washington's definition of "interactive computer

service [provider]" provides a broader basis for standing; Maryland and Washington use the

same definition of "interactive computer service [provider]").

Finally, Connexus asserts that BSI concedes "'recipients' and ISPs are separate and

distinct under the California and Maryland statutes for standing purposes. . . ." Opp. at 2. BSI

*has not* "conceded" any such thing and Connexus' cites, in keeping with its practice of

misleading cites, offer no support for such alleged concession. *See id.* While it is true that BSI

is suing as an ISP and not a recipient, and that ISPs and recipients are distinct entities – each a

class of plaintiff separately empowered to sue for spam under the Maryland and California

statutes – with regard to *standing*, however, the state statutes require only that the ISP meet the

definition of "interactive computer service provider" / "electronic mail service provider" and

have, like the "recipient," received the spam in order to sue. *See* Pl.'s Opp. to Connexus/Hydra

Mot. for Summ. J. at 16-19; Pl.'s Opp. to Kraft Mot. for Summ. J. at 24-25.

Connexus next attacks *Hoang II* on the merits arguing it is inconsistent with

*Mummagraphics*. Opp. at 2. BSI has fully briefed this, *see* Pl.'s Opp. to Connexus/Hydra Mot.

for Summ. J. at 29-39; Pl.'s Opp. to Kraft Mot. for Summ. J. at 30-44, but, in short, *Hoang II*

correctly finds, consistent with *Gordon* (and, thus, *Mummagraphics*, *see Gordon*, 575 F.3d at

1061), CAN-SPAM and congressional intent, that state statutes which regulate fraudulent or

deceptive spam, but which do not require reliance or reliance-based damages, are still grounded in traditional tort theories and safely fit in the preemption savings clause. *See Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *15-20[5]; *see also Asis*, 2010 WL 1267763, at *11-14.

Finally, while Connexus on the one hand argues *Hoang II* is irrelevant to standing because it involved only consumer recipients, it asserts on the other hand that *Hoang* is very relevant to preemption for the *opposite reason* – because it involved only consumer deception. Opp. at 2-3. *Hoang II* holds that reliance and damages need not be shown and that holding is not tied to whether the plaintiff is an individual, but rather to the nature of the deception the states are free to outlaw. *See Hoang II*, 2010 U.S. Dist. LEXIS 34466, at *20 n.5 ("Nor did the Ninth Circuit indicate any disagreement with the district court's statement that 'some [ ] claims [under the Washington state statute] are not preempted,' . . . a proposition that would be incorrect if actual reliance were required to avoid preemption."). The issue of deception of an ISP as well as the nature of the evidence against Defendants has been briefed and backed with comprehensive expert support,[6] and *Hoang II* simply reinforces Plaintiff's position that reliance and reliance-based damages are not required.

---

[5] *See also id.*, 2010 U.S. Dist. LEXIS 34466, at *19 (holding because state statutes pertaining specifically to commercial e-mails were in effect before Congress enacted CAN-SPAM, that absence of any language in CAN-SPAM "requiring a showing of actual reliance" and the legislative history identified in *Gordon*, mean statement that "Congress did not intend to preempt state laws prohibiting fraudulent or deceptive headers, subject lines, or content in commercial e-mails, is properly understood as exempting from preemption statutes such as § 17529.5.").

[6] *E.g.*, Pl.'s Opp. to Connexus/Hydra Mot. for Summ. J. at 1-5, 35-47 & DE#s 295-42 [P. Wagner Decl.], 295-44 [Klensin Decl.], 295-45 [Levine Decl.], 295-46 [Resnick Decl.], 295-48 [Shin Decl.]; Pl.'s Opp. to Kraft Mot. for Summ. J. at 3-4, 18-24, 35-45 & DE#s 309-48 [Klensin Decl.], 309-54 [Levine Decl.], 309-55 [Resnick Decl.], 309-57 [Shin Decl.], [P. Wagner Decl. Filed Under Seal].

Respectfully submitted,

_____/s/_____
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave.
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

Date:  May 17, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2010, the foregoing PLAINTIFF'S REPLY TO THE KRAFT DEFENDANTS' OPPOSITION TO THE MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*

_____
/s/
Thomas M. Barba