UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BEYOND SYSTEMS, INC.**

    **Plaintiff,**

v.

**KRAFT FOODS INC.,** *et al.*

    **Defendants.**

Case No.: 8:08-cv-00409-PJM

**KRAFT DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE
RULING IN DE# 344 FINDING NO COMMON INTEREST AGREEMENT**

Defendants Kraft Foods, Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc. ("Kraft") hereby submit their opposition to Beyond Systems, Inc.'s ("BSI") Motion for Reconsideration of the Ruling in DE# 344 Finding No Common Interest Agreement.

## I.    INTRODUCTION & SUMMARY

The Court recently ruled on Kraft's Motion to Compel (Docket No. 209) and determined, *inter alia*, that no common interest agreement existed between Hypertouch, Inc. ("Hypertouch"), BSI and attorney Steven Wagner. *See* Court's Order of April 23, 2010, at 2-3 (Docket No. 344) ("Court's Order"). The Court's Order was based, in part, on its finding that the declaration Steven Wagner submitted in opposition to Kraft's Motion to Compel "reveals inadequate support for the existence of a common interest agreement." *Id*. at 2. BSI now moves for reconsideration of the Court's Order based on its contention that the Court was obligated to review a supplemental declaration that Steven Wagner submitted (1) eight months after his original declaration, and (2) as an exhibit to a reply brief filed in support of one of BSI's Clawback

Motions. Kraft submits that BSI is not entitled to reconsideration of the Court's Order for two reasons.

First, BSI cannot demonstrate that its attorney's misunderstanding of BSI's evidentiary burden on Kraft's Motion to Compel and his belated effort to remedy that error eight months later in support of an entirely different motion rises to the level of "extraordinary circumstances" necessary to justify a motion for reconsideration.

Second, the deficiencies in Steven Wagner's original declaration are not the sole basis for the Court's ruling that no common interest agreement existed between Steven Wagner, Hypertouch and BSI. Accordingly, consideration of Steven Wagner's belated supplemental declaration will not affect the Court's Order.

For these reasons, Kraft respectfully requests that the Court deny BSI's motion.

## II.     ARGUMENT

**A.     Standard of Review**

"Motions for reconsideration are 'an extraordinary remedy which should be used sparingly.'" *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, No. RDB-08-3388, 2010 WL 1529195, at *2 (D. Md. Apr. 15, 2010) (quoting *Pacific Ins. Co. v. Am. Natl. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998)). The Court refers to Fed. R. Civ. P. 60(b) to guide its analysis on a motion for reconsideration of an interlocutory order. *Id*. at *1-*2; *Mateti v. Activus Financial, LLC*, No. DKC 2008-0540, 2009 WL 3633339, at *4-5 (D. Md. Oct. 27, 2009). Reconsideration under this standard is only granted "upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979).

Under Rule 60(b), a party may obtain relief from an order based upon

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence …;

(3) fraud ... misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**B.    BSI Cannot Show it is Entitled to Reconsideration of the Court's Order**

BSI does not, nor can it, identify any of the five specific grounds listed in Rule 60(b)(1)-(5) to support its motion. Instead, BSI apparently relies on the catch-all category in Rule 60(b)(6) of "any other reason that justifies relief," which is only invoked in "extraordinary circumstances." *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004).

BSI's version of an "extraordinary circumstance" is that its longtime attorney, Steven Wagner, apparently misunderstood that it was BSI's burden to clearly establish an evidentiary basis for its claims of privilege in response to Kraft's Motion to Compel. *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 267 (D. Md. 2008) (failure to present sufficient evidentiary basis for privilege assertion warrants a ruling that the documents must be produced because of the failure of the asserting party to meet its burden); *Minebea Co., Ltd. v. Papst*, 228 F.R.D. 13, 16 (D.D.C. 2005) (noting that the scope of a common interest agreement must be clear and that "[w]ithout a written agreement, the party's burden of proving that a statement was made in the common interest will undoubtedly be more difficult"). This explains why on **July 31, 2009** Mr. Wagner executed a declaration in support of BSI's Opposition to Kraft's Motion to Compel that, as the Court noted, "reveals inadequate support for the existence of a common interest agreement." *See* Court's Order at 2. Steven Wagner's misunderstanding of BSI's evidentiary burden and his belated effort to remedy that error with a declaration filed on **April 1, 2010** in

support of an entirely different motion does not present an "extraordinary circumstance."[1] In fact, the Fourth Circuit has rejected similar arguments where the parties involved were far more diligent than BSI and had far more at stake than the loss of a simple discovery dispute.

For example, in *RGI, Inc. v. Unified Industries, Inc.*, the Plaintiff brought claims for breach of contract, tortious interference with contract and business conspiracy. 963 F.2d 658, 660 (4th Cir. 1992). Defendants moved for summary judgment on all counts on the grounds that Plaintiff could not prove damages. *Id.* Plaintiff opposed the motion with a single affidavit from its President that "was merely conclusory" on the issue of damages, thus leading the district court to grant summary judgment in the Defendants' favor. *Id.* Plaintiff promptly moved for reconsideration and attached to its motion a more detailed affidavit; however, the district court denied the motion, stating that "no justified reason [had been] shown why the additional material ... was not presented" earlier. *Id.* at 660-61. The Fourth Circuit upheld the district court and rejected Plaintiff's argument that it should have been entitled to submit a more detailed affidavit simply because it "misunderstood" its evidentiary burden in response to Defendants' summary judgment motion. *Id.* at 662; *see also Cray Communications, Inc. v. Novatel Computer Systems, Inc.*, 33 F.3d 390, 395-96 (4th Cir. 1994); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.48[3][c] (3d. Ed. 2010) ("Ignorance of the law is not extraordinary circumstances.").

Here, BSI certainly did not act promptly and has never offered any justification for

---

[1] To the extent BSI attempts to invoke the "mistake, inadvertence, surprise, or excusable neglect" standard found in Rule 60(b)(1), Steven Wagner's misunderstanding of BSI's evidentiary burden does not satisfy that standard either. *Sloan v. Bertelsmann Music Group, Inc.*, 7 F.3d 226, 1993 WL 359470, at *1 (4th Cir. 1993) (unpublished); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.41[1][c] (3d. Ed. 2010) ("Ignorance of the law is not usually grounds for relief from judgment under Rule 60(b)(1)....") (collecting cases).

Steven Wagner's deficient declaration of **July 31, 2009**. Instead, on **April 1, 2010**, Steven Wagner simply filed a supplemental declaration in support of a reply brief to one of BSI's Clawback Motions and apparently expected the Court to wade through the voluminous papers filed in the intervening eight months in order to locate his new declaration before ruling on Kraft's Motion to Compel. These facts do not rise to the level of "extraordinary circumstances." *Cf. Novatel Computer Systems, Inc.*, 33 F.3d at 395-96 (denying motion for reconsideration of summary judgment where party "effectively left to the district judge the unenviable task of poring over the 25 pages of affidavit and the 117 pages of attached exhibits in search of bits of evidence that could preclude summary judgment.").

C. **Regardless, Consideration of Steven Wagner's Supplemental Declaration Will Not Affect the Court's Ruling**

Even if the Court agrees to consider Steven Wagner's belated supplemental declaration, the deficiencies in his original declaration are not the sole basis for the Court's ruling that no common interest agreement existed between Steven Wagner, Hypertouch and BSI. In fact, based on a review of all the evidence BSI submitted, the Court noted a lack of clarity "as to: 1) when agreements may have been reached; 2) when they may have terminated; and 3) what subject matters they may have related." *See* Court's Order at 3. The Court further noted the interesting fact that "there has never been a written record of a common interest agreement over the eight years of intense litigation involving [BSI] and Hypertouch, despite the close familial relations between the principals, their long association with trial counsel and their mutual but lengthy list of adversaries." *Id*. at 2-3. Finally, and most importantly, the Court specifically deemed BSI President Paul Wagner's testimony on the existence of a common interest agreement "not

5

persuasive." *Id*. at 3.[2] Accordingly, consideration of Steven Wagner's belated supplemental declaration will not affect the Court's Order in any event.

### III. CONCLUSION

For the reasons stated, Kraft respectfully requests that the Court deny BSI's motion.

Respectfully submitted,

DATED: May 17, 2010

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1627
(202) 654-9106 (facsimile)
jroche@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham (*Pro Hac Vice*)
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334
Chicago, IL 60604
(312) 922-4533
(312) 922-4757 (facsimile)
dgraham@djgrahamlaw.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

---

[2] Rather than burden the court with repetitive arguments, Kraft hereby adopts the additional arguments raised in Connexus' Opposition (Docket No. 352) as to why Steven Wagner's belated supplemental declaration fails to establish the existence of a common interest agreement.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

Anthony Cavanaugh
Thomas M. Barba
John J. Duffy
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
(202) 429-3000
(202) 429-3902 (facsimile)
acavanaugh@steptoe.com
tbarba@steptoe.com
jduffy@steptoe.com
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
301-563-9249
301-563-9639 (fax)
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson St., Suite 201
Rockville, MD  20850
(301) 251-9660
(301) 251-9610 (facsimile)
mike@mikerothman.com

*Attorneys for Plaintiff Beyond Systems, Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Defendants Connexus Corp.*

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1624
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*