**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| _____ ) | | |
| BEYOND SYSTEMS, INC. ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Case No. 8:08-cv-00409 (PJM)(CBD) | |
| ) | | |
| KRAFT FOODS, INC., *et al.* ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |
| ) | | |
| CONNEXUS CORP., *et al*., ) | | |
| ) | | |
| Third-Party Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| JAMES JOSEPH WAGNER, *et al*., ) | | |
| ) | | |
| Third-Party Defendants. ) | | |
| _____) | | |

## JOINT STIPULATION TO STAY DISCOVERY

Third Party Defendants, Joe Wagner and Hypertouch (jointly, "Hypertouch"), and Third Party Plaintiff, Connexus, respectfully request that this Court grant the parties' Joint Stipulation to Stay Discovery. The parties agree that it is premature to engage in discovery concerning Connexus's third-party complaint and Hypertouch's counterclaim against Connexus until certain motions are resolved, as these motions will substantially affect the scope and timing of discovery. The specific motions are:

- Connexus's Motion for Partial Summary Judgment as to Plaintiff Beyond Systems, Inc.'s ("BSI") claims (DE# 83);

- Connexus's Motion for Summary Judgment as to BSI's claims (DE# 257);

- Connexus's Motion for Stay (DE# 263)

- Kraft's Motion for Summary Judgment as to BSI's claims[1] (DE# 283);

- Hypertouch's Motion to Strike Connexus's Communications Decency Act affirmative defense (DE# 268);

- Connexus's Motion for Summary Judgment as to Hypertouch's counterclaim included in Connexus's Opposition to Hypertouch's Motion to Strike (DE# 294);

- Hypertouch's Motion to Bifurcate and Stay (DE# 321).

Good cause exists to grant this stipulation, as both parties have moved the Court to stay discovery. Hypertouch, in its Motion to Bifurcate the Third-Party Trial and Stay Discovery [DE# 321], requested that the Court stay discovery in the third-party action until such time as the claims in the underlying action are resolved either by motion or trial because the third-party claims are entirely contingent upon and derivative of the underlying claims. Connexus moved to stay discovery [DE #263] until such time as certain pending motions are resolved. While Hypertouch maintains its request that the Court bifurcate the trial of the third-party action and stay discovery until after BSI's case has been tried, it agrees with Connexus that discovery should be stayed at least until the motions set forth above are decided because it would be an inefficient use of resources to continue discovery while these motions are pending, as much of the discovery process going forward depends on the Court's ruling on these motions.

In light of the above and the July 16, 2010, discovery deadline concerning the third-party action, the parties wish to avoid (1) engaging in discovery which might prove unnecessary; (2)

---

[1] The parties agree that this motion is only relevant if the decision supersedes a decision on DE # 257. If DE # 257 is decided, DE # 283 has no bearing on this stipulation.

the expiration of the discovery schedule while the motions are outstanding; and (3) filing discovery motions with the Court concerning the scope of discovery, such as motions to compel, when issues concerning the scope of discovery may be eliminated by pending motions. Therefore, the parties request that the Court stay discovery until the motions set forth above are resolved.  In addition, the parties request that the Court order the parties to meet and confer and then submit a new proposed case schedule to the Court after the resolution of the motions set forth above that would allow both parties to conduct adequate, meaningful discovery, including by filing motions to compel if needed *unless* the Court grants DE #321 (Third-Party Defendants' Motion to Bifurcate and Stay Discovery Pending Resolution of the Underlying Action), in which case the Court need not issue a new discovery schedule because the third-party action will be stayed until the complete resolution of the underlying claims, or *unless* the Court's resolution of the motions set forth above obviates the need for any additional discovery (*e.g.,* if the Court grants the dispositive relief sought).

Dated:  May 19, 2010                              Respectfully submitted,

                                                                             /s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
(202) 429-3000
Fax:  (202) 429-3902
tbarba@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (USDC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave.
New York, NY  10019
(212) 506-3900
Fax:  (212) 506-3950
tonorato@steptoe.com

- 4 -

*Attorneys for Third-Party Defendants James Joseph Wagner and Hypertouch Inc.*


                /s/
_____
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
Robert A. Friedman, (US DC-MD Bar No. 28864)
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
rafriedman@venable.com
*Attorneys for Connexus Corp.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19th day of May, 2010, a copy of the foregoing *Joint Stipulation to Stay Discovery* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system except where otherwise indicated:

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants Joe Wagner and Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

Hydra LLC
8800 Wilshire Blvd., 2nd Floor
Beverly Hills, CA 90211
(by regular mail only)

                                             /s/
Ari N. Rothman