IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC.<br><br>       Plaintiff,<br><br>v.<br><br>KRAFT FOODS, INC., et al.,<br><br>       Defendants. | Case No. 8:08-CV-00409-PJM<br><br>The Honorable Peter J. Messitte<br><br>Magistrate Judge Charles B. Day |

**CONNEXUS'S RESPONSE TO PLAINTIFF'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO THE MAGISTRATE JUDGE'S RULING FINDING NO COMMON INTEREST AGREEMENT**

Defendant Connexus Corp. respectfully files this Response to Plaintiff Beyond Systems, Inc.'s ("BSI") Objection to Magistrate Judge Day's ruling that no "open-ended joint defense agreement created in 2002" existed between Paul Wagner/BSI and Joe Wagner/Hypertouch. (Paper No. 344 at 3.) As explained more fully below, BSI's objection should be rejected because Magistrate Judge Day's ruling is not "clearly erroneous" or "contrary to law" under 28 U.S.C. § 636(b)(1)(A) or FRCP 72(a), but instead is fully supported by the record and binding Fourth Circuit precedent.

**FACTS**

Paul Wagner/BSI and Joe Wagner/Hypertouch refuse to produce certain discovery in this litigation reflecting communications between them about their joint litigation efforts on the ground that a common interest agreement existed between them and a third Wagner brother, Steven Wagner. (Paper No. 349.) Paul Wagner/BSI and Joe Wagner/Hypertouch also seek to claw back Exhibit 22 to Connexus's summary judgment motion (which also reflects their concerted efforts to manufacture lawsuits) because of this alleged common interest agreement.

(Paper Nos. 290, 303.) Accordingly, and because there is no credible evidence of any common interest agreement, the Kraft defendants moved to compel certain communications that BSI is withholding on the ground of this alleged agreement, and Connexus and Kraft opposed BSI's Motion for Return of Exhibit 22 to Connexus's summary judgment motion. (Paper Nos. 209, 305, 315.)[1]

On April 23, 2010, Magistrate Judge Day found in a written order "that the record as to the creation of a common interest agreement is deficient, and that an open-ended joint defense agreement created in 2002 is without sufficient factual support." (Paper No. 344 at 3.) Magistrate Judge Day also noted that a declaration filed by Steven Wagner "reveals inadequate support for the existence of a common interest agreement" because "[h]e does not state that a common interest agreement was actually reached." (Id. at 2.) Further:

> While not required, there has never been a written record of a common interest agreement over the eight years of intense litigation involving Plaintiff and Hypertouch, despite the close familial relations between the principals, their long association with trial counsel and their mutual but lengthy list of adversaries. Clarity is also lacking as to: 1) when agreements may have been reached; 2) when they may have terminated; and 3) what subject matters they may have related. Paul Wagner's view that he "perceived" that a common interest agreement existed since 2002 is not persuasive.

(Id. at 2-3.) Accordingly, Magistrate Judge Day ordered BSI to produce certain communications. (Id. at 3-8.) Magistrate Judge Day has not ruled on BSI's Motion for Return of Exhibit 22 to Connexus's summary judgment motion.

Now, BSI asks this Court to modify or set aside Magistrate Judge Day's finding that the alleged and unproven 2002 common interest agreement never existed on the ground that

---

[1] Although Connexus was not a party to the briefs underlying Magistrate Judge Day's ruling, the existence (or lack thereof) of the alleged common interest agreement between Paul Wagner/BSI and Joe Wagner/Hypertouch at issue in BSI's motion for reconsideration is central to BSI's Motion for Return of Inadvertently Produced Privileged Document (Paper Nos. 290, 303) and Connexus's opposition thereto (Paper No. 305). Thus, Connexus files this response to ensure that the Court has a complete record when ruling on BSI's Motion for Return of Inadvertently Produced Privileged Document.

Magistrate Judge Day should have reviewed a separate Steven Wagner declaration that BSI filed months later with its reply in support of its Motion for Return of Exhibit 22 to Connexus's summary judgment motion. (Paper No. 349 at 1-2.)  However, this is not a ground for modifying or setting aside Magistrate Judge Day's order, and Steven Wagner's subsequent declaration does not establish a common interest agreement under Fourth Circuit precedent anyway.  Thus, this Court should reject BSI's objection.

## DISCUSSION

28 U.S.C. § 636(b)(1)(A) and FRCP 72(a) allows courts to modify or set aside magistrate judge orders only if such orders are "clearly erroneous" or "contrary to law."  Thus, "[u]nder the clearly erroneous standard, the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence.  Nor is it to substitute its own conclusions for that of the magistrate judge.  Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Berman v. Congressional Towers Ltd. P'ship*, 325 F. Supp. 2d 590, 592 (D. Md. 2010) (citations omitted).  Magistrate Judge Day's ruling is not "clearly erroneous" or "contrary to law" for the following reasons.

First, BSI's argument that Magistrate Judge Day's ruling should be modified because Magistrate Judge Day did not search for or review Steve Wagner's declaration that BSI filed months later in connection with a separate motion is wrong.  When considering motions, courts consider the opening motion, opposition, and reply filed pursuant to Local Rule 105(2).  Further, the Fourth Circuit holds that courts are not required to affirmatively search every other filing in the docket to find additional information pertaining to the specific motion under consideration:

> By failing to cite any specific, relevant facts in the supplemental evidentiary materials, Novatel effectively left to the district judge the

3

> unenviable task of poring over the 25 pages of affidavit and the 117 pages of attached exhibits in search of bits of evidence that could preclude summary judgment. Even assuming *arguendo* that the district court had some duty to consider the affidavit and exhibits, it would have remained well within its discretion in refusing to ferret out the facts that counsel had not bothered to excavate.

*Cray Communications, Inc. v. Novatel Computer Systems, Inc.*, 33 F.3d 390, 395-96 (4th Cir. 1994). Here, Magistrate Judge Day did exactly what Local Rule 105(2) requires: "The Court has reviewed Defendants' Motion and the opposition, and reply thereto." (Paper No. 349 at 1.) Accordingly, and in light of the Fourth Circuit's holding in *Cray*, Magistrate Judge Day was not required to review Steven Wagner's declaration filed months later, and his omission does not render the ruling "clearly erroneous" or "contrary to law."

Second, a party's failure in a motion for reconsideration to "point to any relevant case law or evidence that was unavailable at the time of [the] [c]ourt's [o]rder" mandates denying reconsideration. *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, 2010 WL 1529195, at *2 (D. Md. Apr. 15, 2010). Here, BSI does not claim in its motion that the Steven Wagner declaration was "unavailable" at the time Magistrate Judge Day issued his ruling but rather that BSI failed to file it until months after it opposed Kraft's motion to compel. (Paper No. 349 at 1.) Indeed, it pertains to "facts" that BSI claims existed long before Magistrate Judge Day's ruling. Nothing stopped BSI from submitting in opposition to Kraft's motion to compel the Steven Wagner declaration that BSI now claims establishes the existence of a common interest agreement (even though it does no such thing). Thus, BSI has only itself to blame for failing to timely submit the Steven Wagner declaration, BSI's failure does render Magistrate Judge Day's ruling "clearly erroneous" or "contrary to law," and BSI's attempt to shift blame to Magistrate Judge Day for BSI's failures must be rejected.

4

Third, Steven Wagner's declaration does not establish the existence of a valid common interest agreement under binding precedent and, therefore, modifying or setting aside Magistrate Judge Day's ruling would not be warranted even if Magistrate Judge Day was required to consider Steven Wagner's untimely declaration. The Fourth Circuit only applies the common interest doctrine where information is shared "by agreement relating to some shared actual or imminent, <u>specific litigation</u>." *U.S. v. Duke Energy Corp.,* 214 F.R.D. 383, 388 (M.D.N.C. 2003) (discussing Fourth Circuit's application of the common interest rule) (emphasis added). Further, courts require an "<u>identical</u>, and not merely similar, legal interest as the client with respect to the subject matter of the communication between the client and its attorney." *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 416 (D. Md. 2005) (emphasis added) (citation and quotations omitted).

Here, Steven Wagner merely declares that he and his brothers Joe Wagner/Hypertouch and Paul Wagner/BSI "entered into an oral joint interest agreement in 2002 regarding prospective litigation to be brought by BSI and/or Hypertouch [] as a result of the receipt of tens of thousands of spam emails received on or routed through the servers of each Company," and that "[t]his agreement has been in continuous effect among the above-named parties since 2002." (Paper No. 349 at 2.) Steven Wagner's sweeping and vague representations do not even come close to meeting the rigorous and specific requirements imposed by the Fourth Circuit for the common interest doctrine to apply. Indeed, Steven Wagner does not in his declaration or elsewhere identify a single piece of "specific litigation" as required by the Fourth Circuit in *Duke, supra*, or identify any subject matters with requisite specificity for the common interest doctrine to apply. Accordingly, Steven Wagner's declaration does not warrant modifying Magistrate Judge Day's finding that no common interest agreement existed.

Finally, Magistrate Judge Day's order is not "clearly erroneous" or "contrary to law" because his ruling that no common interest agreement existed is also supported by the express findings in his order set forth on page 2 above. Further, Connexus showed in opposing BSI's motion for return of Exhibit 22 to Connexus's summary judgment motion that there is not a shred of credible evidence establishing the existence of any common interest agreement because, among other things, there is no written agreement or contemporaneous written communications reflecting the existence of any common interest agreement or its terms, the Wagners' treatment of communications with attorneys and other conduct is inconsistent with the existence of any common interest agreement, and the Wagners' declarations purporting to establish the existence of a joint interest agreement conflict with prior sworn deposition testimony and/or are not credible for other reasons. (Paper No. 305 at 5-11; *Minebea Co., Ltd. v. Papst*, 228 F.R.D. 13, 16 (D.D.C. 2005) (common interest doctrine "permits an exchange of confidential information when the parties have clearly and specifically agreed in some manner to pool information for a common goal" and "[w]ithout a written agreement, the party's burden of proving that a statement was made in the common interest will undoubtedly be more difficult") (citation and quotations omitted).) Thus, the Magistrate Judge Day's finding that "no open-ended joint defense agreement [was] created in 2002" is supported by the record notwithstanding Steven Wagner's self-serving declaration, and the untimely declaration does not warrant setting aside or modifying Magistrate Judge Day's ruling.

## **CONCLUSION**

For any and all of these reasons, BSI's objection should be rejected.

                            Respectfully submitted,

Dated:  May 21, 2010                            /s/
                                          J. Douglas Baldridge (US DC-MD Bar No. 11023)
                                          Lisa Jose Fales (US DC-MD Bar No. 08141)
                                          Ari N. Rothman (US DC-MD Bar No. 17560)
                                          Robert A. Friedman, (US DC-MD Bar No. 28864)
                                          VENABLE LLP
                                          575 7th Street, N.W.
                                          Washington, DC  20004-1601
                                          (202) 344-4000 (phone)
                                          (202) 344-8300 (fax)
                                          jdbaldridge@venable.com
                                          ljfales@venable.com
                                          anrothman@venable.com
                                          rafriedman@venable.com
                                          *Attorneys for Connexus Corp.*

**CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on this 21st day of May, 2010, a copy of the foregoing *Connexus's Response to Plaintiff's Objection Pursuant to Fed. R. Civ. P. 72 to the Magistrate Judge's Finding No Common Interest Agreement* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system except where otherwise indicated:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main St., Suite 215
Gaithersburg, MD 20878-6571
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants Joe Wagner and Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

Hydra LLC
8800 Wilshire Blvd., 2nd Floor
Beverly Hills, CA 90211
(by regular mail only)

             /s/
             Ari N. Rothman