**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **BEYOND SYSTEMS, INC.** | |
| Plaintiff, | Case No.: 8:08-cv-00409-PJM |
| v. | |
| **KRAFT FOODS INC.,** *et al.* | |
| Defendants. | |

**KRAFT DEFENDANTS' OPPOSITION
TO PLAINTIFF'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72 TO THE
MAGISTRATE'S RULING FINDING NO COMMON INTEREST AGREEMENT**

Defendants Kraft Foods, Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc. ("Kraft") hereby submit their opposition to Beyond Systems, Inc.'s ("BSI") Objections Pursuant to Fed. R. Civ. P. 72 to the Magistrate's Ruling Finding No Common Interest Agreement.

**I.   INTRODUCTION & SUMMARY**

The Court recently ruled on Kraft's Motion to Compel (Docket No. 209) and determined, *inter alia*, that no common interest agreement existed between Hypertouch, Inc. ("Hypertouch"), BSI and attorney Steven Wagner. *See* Court's Order of April 23, 2010, at 2-3 (Docket No. 344) ("Court's Order").[1] The Court's Order was based, in part, on its finding that the declaration Steven Wagner submitted in opposition to Kraft's Motion to Compel "reveals inadequate support

---

[1] Kraft's motion for summary judgment demonstrates that although BSI and Hypertouch purport to be separate companies, they are in fact operated by the Wagner brothers as a joint venture or sister companies for the purpose of manufacturing lawsuits. *See* Kraft's Motion for Summary Judgment, at 7-12 (Docket No. 283-1). Despite that reality, BSI has conducted discovery in this case as though the entities are completely separate from each other. In view of that conduct, BSI cannot now plausibly claim for purposes of Kraft's motion to compel that BSI and Hypertouch are closely linked and protected by a common interest agreement. That approach is a transparent attempt to have it both ways.

for the existence of a common interest agreement." *Id*. at 2.  BSI now objects to the Court's Order based on its contention that the Court (1) misinterpreted BSI's vague and ambiguous declarations regarding the alleged oral common interest agreement, and (2) was obligated to review supplemental declarations that Steven Wagner and Joe Wagner/Hypertouch submitted many months later in support of other motions.  Neither argument, however, establishes that the Court's Order is clearly erroneous or contrary to law.  BSI's objections should therefore be denied.[2]

## II.   BACKGROUND

Paul Wagner/BSI and Joe Wagner/Hypertouch refuse to produce certain discovery in this case reflecting communications between them about their joint litigation efforts on the ground that a common interest agreement existed between these two brothers and a third Wagner brother (Steven Wagner) starting in 2002.  *See* Court's Order at 2.  Paul Wagner/BSI and Joe Wagner/Hypertouch also seek to claw back Exhibit 22 to Defendant Connexus Corp.'s ("Connexus") summary judgment motion (which also reflects their concerted efforts to manufacture lawsuits) because of the alleged common interest agreement.  *See* Docket Nos. 290, 303.  Because there is no credible evidence of any common interest agreement, Kraft moved to compel certain communications between Paul Wagner/BSI and Joe Wagner/Hypertouch that BSI is withholding based on the alleged existence of such an agreement.  For the same reason, Kraft and Connexus opposed BSI's Motion for Return of Exhibit 22 to Connexus's summary judgment motion.  *See* Docket Nos. 209, 305, 315.

---

[2] In addition to being flawed on the merits, BSI's Rule 72 Objections are also procedurally defective in light of BSI's pending Motion for Reconsideration (Docket No. 349).  *See, e.g., Fox Industries, Inc. v. Gurovich*, No. CV 03-5166TCPWDW, 2005 WL 2456896, at *2 (E.D.N.Y. Oct. 5, 2005); *Comeau v. Rupp*, 142 F.R.D. 683, 685 (D. Kan. 1992).

On April 23, 2010, the Court ruled on Kraft's Motion to Compel and found "that the record as to the creation of a common interest agreement is deficient, and that an open-ended joint defense agreement created in 2002 is without sufficient factual support." *See* Court's Order at 3. The Court's Order also notes that a declaration filed by Steven Wagner "reveals inadequate support for the existence of a common interest agreement" because "[h]e does not state that a common interest agreement was actually reached." *Id*. at 2. The Court explained further:

> While not required, there has never been a written record of a common interest agreement over the eight years of intense litigation involving Plaintiff and Hypertouch, despite the close familial relations between the principals, their long association with trial counsel and their mutual but lengthy list of adversaries. Clarity is also lacking as to: 1) when agreements may have been reached; 2) when they may have terminated; and 3) what subject matters they may have related. Paul Wagner's view that he "perceived" that a common interest agreement existed since 2002 is not persuasive.

*Id*. at 2-3. Accordingly, the Court ordered BSI to produce certain communications. *Id*. at 3-8. The Court has not ruled on BSI's Motion for Return of Exhibit 22 to Connexus's summary judgment motion.

## III.   ARGUMENT

### A.   Standard of Review

A district judge may modify or set aside any portion of a magistrate judge's non-dispositive ruling where it has been shown that the magistrate judge's order "is clearly erroneous or is contrary to law." *See* Fed. R. Civ. P. 72(a). Under this standard,

> the reviewing court is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence. "It is not the function of objections to discovery rulings to allow wholesale relitigation of issues resolved by the magistrate judge."

3

*Jarvis v. Enterprise Fleet Services and Leasing Co.*, Civil Action No. DKC 07-3385**,** 2010 WL 1068146, at *12 (D. Md. Mar. 17, 2010) (citations omitted).

B.  **BSI Cannot Demonstrate that the Court's Order is Clearly Erroneous or Contrary to Law**

BSI claims that the Court erred by (1) misinterpreting BSI's vague and ambiguous declarations regarding the alleged oral common interest agreement, and (2) failing to consider a number of declarations that were filed months after briefing was closed on Kraft's Motion to Compel and which allegedly clarify the deficient declarations BSI originally filed.  *See* BSI's Objections, at 5-8 (Docket No. 350).

BSI's first argument, that the Court simply misinterpreted the original declarations filed by Paul and Steve Wagner in opposition to Kraft's Motion to Compel, is belied by BSI's admission that parts of Paul Wagner's original declaration are "ambiguous" and can only be clarified by a declaration Steven Wagner filed eight months later in support of an entirely different motion.  *See* BSI's Objections, at 6 (Docket No. 350).  Indeed, Paul Wagner's original statements about how he "perceive[d]" the alleged common interest agreement indicate an unmistakable lack of clarity in his own mind as to what exactly was encompassed by this supposed agreement.  *See* Decl. of Paul Wagner, at ¶8 (Docket No. 209-22).  If BSI's own principal is unclear as to the scope of the alleged common interest agreement, it certainly cannot be the case that the Court erred in finding no such agreement ever actually existed.  *Jarvis*, 2010 WL at *12 ("the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence").

BSI's second argument, that the Court failed to consider belated declarations filed in support of other motions, essentially amounts to an admission that BSI originally misunderstood its burden in response to Kraft's Motion to Compel and the Court subsequently erred by failing

4

to give BSI a "do-over." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 267 (D. Md. 2008) (failure to present sufficient evidentiary basis for privilege assertion warrants a ruling that the documents must be produced because of the failure of the asserting party to meet its burden); *Minebea Co., Ltd. v. Papst*, 228 F.R.D. 13, 16 (D.D.C. 2005) (noting that the scope of a common interest agreement must be clear and that "[w]ithout a written agreement, the party's burden of proving that a statement was made in the common interest will undoubtedly be more difficult"). However, BSI's attempt to use belated declarations filed in relation to motions other than Kraft's Motion to Compel cannot possibly satisfy Rule 72(a)'s rigorous standards. Indeed, the Fourth Circuit has rejected similar arguments where the parties involved were far more diligent than BSI and had far more at stake than the loss of a simple discovery dispute.

For example, in *RGI, Inc. v. Unified Industries, Inc.*, the Plaintiff brought claims for breach of contract, tortious interference with contract and business conspiracy. 963 F.2d 658, 660 (4th Cir. 1992). Defendants moved for summary judgment on all counts on the grounds that Plaintiff could not prove damages. *Id.* Plaintiff opposed the motion with a single affidavit from its President that "was merely conclusory" on the issue of damages, thus leading the district court to grant summary judgment in the Defendants' favor. *Id.* Plaintiff promptly moved for reconsideration and attached to its motion a more detailed affidavit; however, the district court denied the motion, stating that "no justified reason [had been] shown why the additional material ... was not presented" earlier. *Id.* at 660-61. The Fourth Circuit upheld the district court and rejected Plaintiff's argument that it should have been entitled to submit a more detailed affidavit simply because it "misunderstood" its evidentiary burden in response to Defendants' summary judgment motion. *Id.* at 662; *see also Cray Communications, Inc. v. Novatel Computer Systems, Inc.*, 33 F.3d 390, 395-96 (4th Cir. 1994).

Here, BSI certainly did not act promptly and has never offered any justification for the deficient declarations originally filed in opposition to Kraft's Motion to Compel. Instead, several months after briefing had closed on Kraft's Motion to Compel, BSI filed supplemental declarations related to different motions and apparently expected the Court to wade through the voluminous papers filed in those intervening months in order to locate this new "evidence" before ruling on the Motion to Compel. These facts cannot establish that the Court's Order is clearly erroneous or contrary to law. *Cf. Novatel Computer Systems, Inc.*, 33 F.3d at 395-96 (denying motion for reconsideration of summary judgment where party "effectively left to the district judge the unenviable task of poring over the 25 pages of affidavit and the 117 pages of attached exhibits in search of bits of evidence that could preclude summary judgment.").

**C.     Regardless, Consideration of Any of BSI's Declarations Does Not Establish the Existence of a Common Interest Agreement**

The Fourth Circuit only applies the common interest doctrine where information is shared "by agreement relating to some shared actual or imminent, specific litigation." *U.S. v. Duke Energy Corp.,* 214 F.R.D. 383, 388 (M.D.N.C. 2003) (discussing Fourth Circuit's application of the common interest rule) (emphasis added). Further, courts require an "identical, and not merely similar, legal interest as the client with respect to the subject matter of the communication between the client and its attorney." *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 416 (D. Md. 2005) (emphasis added) (citation and quotations omitted).

Here, the Wagners fail to identify any "specific litigation" or any subject matters with requisite specificity for the common interest doctrine to apply. For example, Steven Wagner's belated declaration merely states that he and his brothers Joe Wagner/Hypertouch and Paul Wagner/BSI "entered into an oral joint interest agreement in 2002 regarding prospective

litigation to be brought by BSI and/or Hypertouch [] as a result of the receipt of tens of thousands of spam emails received on or routed through the servers of each Company," and that "[t]his agreement has been in continuous effect among the above-named parties since 2002." *See* Docket No. 329-2.  Even more ambiguously, the language cited by BSI from Joe Wagner's belated declarations states simply that "[i]n 2002, Hypertouch and BSI entered into a joint interest agreement, with Steve Wagner as counsel." *See* BSI's Objections, at 7-8 (citing Decls. of James Joseph Wagner).  These sweeping and vague representations do not even come close to meeting the rigorous and specific requirements imposed by the Fourth Circuit for the common interest doctrine to apply.  Accordingly, even if the Court were to consider each of the belated declarations cited by BSI, reversal of the Court's Order is not warranted under Rule 72(a).

## IV.   CONCLUSION

For the reasons stated, Kraft respectfully requests that the Court overrule BSI's objections.

Respectfully submitted,

DATED:  May 21, 2010

/s/

John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1627
(202) 654-9106 (facsimile)
jroche@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham (*Pro Hac Vice*)
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334

Chicago, IL  60604
(312) 922-4533
(312) 922-4757 (facsimile)
dgraham@djgrahamlaw.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

Anthony Cavanaugh
Thomas M. Barba
John J. Duffy
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
(202) 429-3000
(202) 429-3902 (facsimile)
acavanaugh@steptoe.com
tbarba@steptoe.com
jduffy@steptoe.com
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
301-563-9249
301-563-9639 (fax)
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson St., Suite 201
Rockville, MD  20850
(301) 251-9660
(301) 251-9610 (facsimile)
mike@mikerothman.com

*Attorneys for Plaintiff Beyond Systems, Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Defendants Connexus Corp.*

/s/

John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1624
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*