# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

_____
                   )

BEYOND SYSTEMS, INC.     )

     Plaintiff,         )

     v.             )     Case No. 8:08-cv-00409 (PJM)(CBD)
                   )     Magistrate Judge Charles B. Day

KRAFT FOODS, INC., *et al*.   )

     Defendants.     )
_____)

## PLAINTIFF'S REPLY TO CONNEXUS CORP.'S OPPOSITION TO MOTION FOR RECONSIDERATION OF THE RULING IN DE# 344 FINDING NO COMMON INTEREST AGREEMENT

Plaintiff Beyond Systems, Inc. ("BSI") replies to the opposition of Defendant Connexus Corp. ("Connexus") to BSI's motion for reconsideration of this Court's ruling that there was no common interest agreement between attorney Steven Wagner, BSI and Hypertouch, Inc. ("Hypertouch").  DE# 344 at 3.

In its opposition, Connexus cites the wrong legal standard – *i.e.*, not the one applicable to reconsideration of an *interlocutory* order, as is the case here, but rather to reconsideration of final judgments.  Connexus' argument that motions for reconsideration are "extraordinary remedies" that require a finding of "exceptional circumstances" (DE# 352, Opp. at 3) is incorrect because this heightened standard applies to final orders, such as judgments challenged under Federal Rules of Civil Procedure 59(e) (motion to alter or amend judgment), or 60(b) (grounds for relief from final judgment, order, or proceeding).  *Am. Canoe Assoc., Inc. v. Murphy Farms, Inc.* 326 F.3d 505, 514 (4th Cir. 2003).  Contrary to Connexus' position, the Fourth Circuit has made

clear that "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Id*.

While the Maryland District Courts have not articulated a distinct standard for the application of Local Rule 105.10 (under which BSI brought the pending motion for reconsideration), they have refused to require that the 60(b) standard be met. As posited by Plaintiff, the standard is discretionary as justice requires. *See Fayetteville Investors v. Commercial Builders, Inc*. 936 F. 2d 1462, 1472 (4th Cir. 1991) (reversing judgment of district court denying motion for reconsideration as erroneous and citing Moore's Federal Practice "after stating that Rule 60(b) is applicable only to a final judgment, order or proceeding, it is plainly said: 'Interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires.'"); *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (applying three-part test including "need to correct clear error or prevent manifest injustice"); *see also Mateti v. Fin., LLC*, No. DKC 2008-0540, 2009 WL 3633339, at *4 (D. Md. Oct. 27, 2009)(court's analysis is not bound by Rule 60(b)).

It simply makes no sense to suggest that a motion to reconsider an interlocutory order concerning a discovery dispute is an "extraordinary remedy" requiring "exceptional circumstances." Applying the correct law demonstrates that this is not the case.

BSI brought the motion for reconsideration to request that this Court correct its prior decision. Connexus' fixation on the later Steven Wagner declaration (DE# 329-2) misses BSI's point that the declarations filed with DE# 209 *themselves* established the existence of a common interest agreement – the later Steven Wagner declaration merely *amplifies* what was previously demonstrated. While this second declaration directly rebuts the conclusion the Court would later

reach – that Steven Wagner's statement that he "recalled discussing" the common interest agreement was not conclusive that there was such an agreement – the very next sentence in Steven Wagner's first declaration filed with DE# 209 states:  "As part of this joint interest agreement…"  (DE# 209-23 ¶ 9).  This establishes that, to Mr. Wagner, the agreement was discussed *and created*.  Steven Wagner's second declaration is but further, conclusive proof that the common interest agreement was created at the earlier point in time, and demonstrates that the decision in DE# 344 was not correct.

Additionally, Paul Wagner's declaration also filed with DE# 209, conclusively states, "[i]n 2002, BSI and Hypertouch entered into a joint interest agreement with Steven Wagner as counsel."  DE# 209-22 ¶ 7.  The Court's statement that Paul Wagner simply "perceived" that a common interest agreement existed (DE# 344 at 3) must be referring to Paul Wagner's declaration (DE# 209-22 ¶ 8) where he stated that "I did not perceive this joint interest agreement [with Steve Ring] to be separate from the agreement between BSI, Hypertouch, and Steven Wagner."  However, although Paul Wagner is expressing his belief that the two agreements were effectively the same, there is *no ambiguity* about that statement when read in conjunction with the previous paragraph where Paul Wagner conclusively states:  "In 2002, Hypertouch and BSI entered into a joint interest agreement, with Steven Wagner as counsel."  *Id.* ¶ 7.  Furthermore, Steven Wagner's second declaration makes it crystal clear that BSI and Hypertouch have maintained their initial common interest agreement, via him, and that other attorneys, such as Steve Ring have entered and exited that agreement from time to time.  DE# 329-2 ¶ 3.  The later Steven Wagner deposition simply confirms that Paul Wagner's perception was correct.

In summary, the Court relied in its decision on its reading of Steven Wagner's declaration as limited to "discussing" the agreement and Paul Wagner's declaration as conveying only a "perception" in holding that a common interest agreement did not exist.  But, these two words are not ambiguous when read, as they should be, in the context of their respective declarations as a whole.  *See Ramey v. Kingsport Publ'g Corp.*, 905 F. Supp. 355, 358 (W.D. Va. 1995) (stating affidavit should be taken as a whole).[1]  Moreover, and contrary to Connexus' contention (Opp. at 3-4), BSI did meet its evidentiary burden in its original opposition to Kraft's motion to compel because the original declarations adequately supported BSI's position that BSI and Hypertouch entered into a common interest agreement, in 2002, via attorney Steven Wagner.  Steven Wagner's second declaration simply verifies what is already evident from the original declarations.

Steven and Paul Wagner's declarations that were submitted with the motion to compel (DE# 209) demonstrate that it was error to hold that there was no common interest agreement between BSI and Hypertouch, via Steven Wagner.  Any ambiguity in those contemporaneous declarations is clarified by reading those declarations as a whole.  Steven Wagner's second declaration simply makes that error even more clear – and also constitutes an expanded factual record, an acknowledged, additional justification for reconsideration under *Potter*.  *See* 199 F.R.D. at 552.  Furthermore, that factual record was expanded prior to the Court's decision and should be considered in order to keep with the Fourth Circuit's direction in *American Canoe* to

---

[1] *Cf. Samantar v. Yousuf*, --- S.Ct. ----, 2010 WL 2160785, at *7 (U.S. June 1, 2010) ("In sum, '[w]e do not ... construe statutory phrases in isolation; we read statutes as a whole.'") (citation omitted); *W. Ref. Yorktown, Inc., v. BP Corp. N. Am., Inc.*, 618 F. Supp. 2d 513, 523 (E.D Va. 2009) (stating contract should be considered as a whole in determining ambiguity of provisions); *Sezov v. Intown Suites Mgmt., Inc.*, No. Civ.A. 3:05-271-CMC**,** 2005 WL 3370617, at * 4 (D.S.C. 2005) (stating document should be read as a whole to avoid ambiguity); *Digamon v. Sullivan*, 813 F. Supp. 404, 409 (D. Md. 1993) (reading statute as a whole to find it was not ambiguous).

reach the correct judgment.  *See* 326 F.3d at 515 (the "ultimate responsibility of the federal courts, at all levels,[is] to reach the correct judgment under law.") (internal citations omitted).

Connexus' opposition also raises arguments beyond the scope of BSI's reconsideration motion where, for example, it universally denies the existence of a common interest agreement regardless of the facts in the declarations.  The Court's order clearly hinged on factual conclusions, as demonstrated by the statement that the "joint-defense agreement created in 2002 is without sufficient factual support."  DE# 344 at 3.  Contrast that statement with the portion of the joint-interest agreement that the Court did recognize, based upon Steve Ring's "far more favorable" declaration.  *Id.* These statements make clear that the Court found the legal requirements of a common interest agreement were fulfilled, but that the Steven Wagner portion of the agreement lacked factual support.  Therefore, Connexus' claims that the BSI-Hypertouch common interest agreement is invalid because it does not relate to "shared actual or imminent, specific litigation" is outside the scope of BSI's reconsideration motion as well as incorrect based on the Court's ruling in DE# 344.  Opp. at 4.  Further, even if it were in the scope and were not already disproven by DE# 344, Connexus misstates the Fourth Circuit standard for the common interest rule.  The test is:

> Whether an action is ongoing or contemplated, whether the jointly interested persons are defendants or plaintiffs, and whether the litigation or potential litigation is civil or criminal, the rationale for the joint defense rule remains unchanged: persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.

*In re Grand Jury Subpoenas*, 902 F.2d 244**,** 249 (4th Cir. 1990).  The requirement that the agreement relate to "shared, actual or imminent, specific litigation" is not part of the Fourth Circuit test, but is a district court construct that is not binding.  *United States v. Duke Energy*

*Corp.*, 214 F.R.D. 383, 388 (M.D.N.C. 2003).  Regardless, the common interest agreement at question hinges on similar and even identical spam emails that were sent to BSI and Hypertouch. DE# 329-2 ¶ 4.  It is not clear how much more could be shared than the very evidence that gives rise to the litigation being contemplated.  *See In Re LTV Sec. Litig.*, 89 F.R.D. 595 (N.D. Tex. 1981) (applying common interest rule to potential co-parties to prospective litigation); *Schanchar v. Am. Acad. of Ophthalmology*, 106 F.R.D. 187, 192 (N.D. Ill. 1985) (applying common interest rule where plaintiffs were pursuing separate actions in different states because "the factual bases for the two cases are sufficiently similar…"); *Transmirra Prods. Corp. v. Monstano Chem. Co.*, 26 F.R.D. 572 (S.D.N.Y. 1960) (applying common interest rule to civil defendants sued in separate actions over same patent).  The sharing that occurred between BSI and Hypertouch all dealt with lawsuits or potential litigation regarding spam that was received by BSI or Hypertouch.  DE# 329-2 ¶ 4.  In many cases, BSI and Hypertouch received the same spam, and in others, they received similar spam from the same exact spammers.  *Id.*  This is completely in line with other courts' applications of the common interest doctrine as cited above. Furthermore, "[c]ourts have found a community of interest … where both consult the same attorney."  *Cheeves v. Southern Clays, Inc.*, 128 F.R.D. 128, 130 (M.D. Ga. 1989).  This is exactly what BSI and Hypertouch have done here.  The common interest agreement most certainly is valid.

Finally, Connexus' spurious credibility attack that it recycles from DE# 305 at 5-11 is fully rebutted in BSI's filing at DE# 317.  However, to summarily dismiss those arguments BSI will briefly summarize its Reply to DE# 305.  First, oral joint interest agreements are perfectly valid and enforceable and Connexsus' implication to the contrary is unfounded.  1 Edna Selan Epstein, *The Attorney-Client Privilege and the Work Product Doctrine*, 274 (5th ed. 2007) (oral

joint interest agreement is valid); *Fort v. Leonard*, 2006 WL 2708321, *3 (D.S.C. Sept. 20, 2006) (same).  Second, as much as Connexus wishes there was evidence of BSI and Hypertouch failing to protect privileged documents covered by the common interest agreement, everything that Connexus cites to is either not privileged or is being challenged as inadvertently produced. Furthermore, the deposition testimony that they claim waives privilege relates to discussions of unprivileged documents.  To the extent that Connexus incorporates its arguments in DE# 305, BSI incorporates its reply at DE# 317.

## CONCLUSION

The declarations of Steven Wagner and Paul Wagner filed in support of DE# 209 indicate that there was a common interest agreement between BSI and Hypertouch, via counsel Steven Wagner, starting in 2002.  Steven Wagner's second declaration is but further, conclusive proof that the common interest agreement was created at the earlier point in time.  As a result, the Court's order to the contrary is incorrect and it should reconsider and revise the previous ruling.


Date: June 4, 2010                    Respectfully submitted,

                            _____/s/_____
                            Thomas M. Barba (US DC-MD Bar No. 28487)
                            John J. Duffy (US DC-MD Bar No. 28613)
                            STEPTOE & JOHNSON LLP
                            1330 Connecticut Ave., NW
                            Washington, D.C.  20036
                            T: 202-429-3000
                            F: 202-429-3902
                            tbarba@steptoe.com
                            jduffy@steptoe.com

                            Anthony A. Onorato (US DC-MD Bar No. 28622)
                            STEPTOE & JOHNSON LLP
                            750 Seventh Ave., Ste. 1800
                            New York, NY  10019
                            T: 212-506-3900

F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June 2010, the foregoing *Plaintiff's Reply to*

*Connexus Corp.'s Opposition to Motion for Reconsideration of the Ruling in DE# 344 Finding*

*No Common Interest Agreement* was filed electronically via the Court's CM/ECF system, and

served electronically on the below-named parties via the Court's electronic notification system:


Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft
Foods Global and Vict. Th. Engwall & Co.*


_____
Thomas M. Barba