**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____
                                    )
BEYOND SYSTEMS, INC.                )
                                    )
        Plaintiff,                  )
                                    )
             v.                     )         Case No. 8:08-cv-00409 (PJM)(CBD)
                                    )         Magistrate Judge Charles B. Day
KRAFT FOODS, INC., *et al*.         )
                                    )
        Defendants.                 )
_____)

**PLAINTIFF'S REPLY TO KRAFT'S OPPOSITION TO MOTION FOR**
**RECONSIDERATION OF THE RULING**
**IN DE# 344 FINDING NO COMMON INTEREST AGREEMENT**

Plaintiff Beyond Systems, Inc. ("BSI") replies to the opposition of Defendants Kraft

Foods, Inc., Kraft Goods Global Inc., and Vict. Th. Engwall & Co., Inc. ("Kraft") to BSI's

motion for reconsideration of this Court's ruling that there was no common interest agreement

between attorney Steven Wagner, BSI and Hypertouch, Inc. ("Hypertouch").  DE# 344 at 3.

In its opposition, Kraft cites the wrong legal standard – *i.e.*, not the one applicable to

reconsideration of an *interlocutory* order, as is the case here, but rather to reconsideration of final

judgments.  Kraft's argument that motions for reconsideration are "extraordinary remedies" that

require a finding of "exceptional circumstances" (Opp. at 2) is incorrect because this heightened

standard applies to final orders, such as judgments challenged under Federal Rules of Civil

Procedure 59(e) (motion to alter or amend judgment), or 60(b) (grounds for relief from final

judgment, order, or proceeding).  *Am. Canoe Assoc., Inc. v. Murphy Farms, Inc.* 326 F.3d 505,

514 (4th Cir. 2003).  Contrary to Kraft's position, the Fourth Circuit has made clear that

"[m]otions for reconsideration of interlocutory orders are not subject to the strict standards

applicable to motions for reconsideration of a final judgment." *Id*.  Kraft's cite to *Mateti v. Financial, LLC* (Opp. at 2) does not alter the Fourth Circuit's conclusion.  *Mateti* clearly recognizes that an interlocutory order is not subject to the Rule 60(b) standard proposed by Kraft. *Mateti v. Fin., LLC*, No. DKC 2008-0540, 2009 WL 3633339, at *4 (D. Md. Oct. 27, 2009) ("In determining whether it should reconsider an interlocutory order, a district court's consideration is not bound by the Rule 60(b) standard.").

While the Maryland District Courts have not articulated a distinct standard for the application of Local Rule 105.10 (under which BSI brought the pending motion for reconsideration), what is clear is that it is not the 60(b) standard, and is discretionary as justice requires – as posited by Plaintiff.  *See Fayetteville Investors v. Commercial Builders, Inc*. 936 F. 2d 1462, 1472 (4th Cir. 1991) (reversing judgment of district court denying motion for reconsideration as erroneous and citing Moore's Federal Practice "after stating that Rule 60(b) is applicable only to a final judgment, order or proceeding, it is plainly said: 'Interlocutory orders and judgments are not within the provisions of 60(b), but are left within the plenary power of the Court that rendered them to afford such relief from them as justice requires.'"); *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (applying three-part test including "need to correct clear error or prevent manifest injustice"); *see also Mateti*, 2009 WL 3633339, at *4.

It simply makes no sense to suggest that a motion to reconsider an interlocutory order concerning a discovery dispute is an "extraordinary remedy" requiring "exceptional circumstances," and the correctly applied law makes clear that, as a legal matter, that is not the case either.

BSI brought the motion for reconsideration to request that this Court correct its prior decision.  Kraft's fixation on the later Steven Wagner declaration (DE# 329-2) misses BSI's

point that the declarations filed with DE# 209 *themselves* established the existence of a common interest agreement – the later Steven Wagner declaration merely *amplifies* what was previously demonstrated.  While this second declaration directly rebuts the conclusion the Court would later reach – that Steven Wagner's statement that he "recalled discussing" the common interest agreement was not conclusive that there was such an agreement – the very next sentence in Steven Wagner's first declaration filed with DE# 209 states:  "As part of this joint interest agreement…"  (DE# 209-23 ¶ 9).  This establishes that, to Mr. Wagner, the agreement was discussed *and created*.  Steven Wagner's second declaration is but further, conclusive proof that the common interest agreement was created at the earlier point in time, and demonstrates that the decision in DE# 344 was not correct.

Additionally, Paul Wagner's declaration also filed with DE# 209, conclusively states, "[i]n 2002, BSI and Hypertouch entered into a joint interest agreement with Steven Wagner as counsel."  DE# 209-22 ¶ 7.  The Court's statement that Paul Wagner simply "perceived" that a common interest agreement existed (DE# 344 at 3) must be referring to Paul Wagner's declaration (DE# 209-22 ¶ 8) where he stated that "I did not perceive this joint interest agreement [with Steve Ring] to be separate from the agreement between BSI, Hypertouch, and Steven Wagner."  However, although Paul Wagner is expressing his belief that the two agreements were effectively the same, there is *no ambiguity* about that statement when read in conjunction with the previous paragraph where Paul Wagner conclusively states:  "In 2002, Hypertouch and BSI entered into a joint interest agreement, with Steven Wagner as counsel."  *Id*. at ¶ 7.  Furthermore, Steven Wagner's second declaration makes it crystal clear that BSI and Hypertouch have maintained their initial common interest agreement, via him, and that other attorneys, such as Steve Ring have entered and exited that agreement from time to time.  DE#

329-2 at ¶ 3.  The later Steven Wagner declaration simply confirms that Paul Wagner's perception was correct.

In summary, the Court relied in its decision on its reading of Steven Wagner's declaration as limited to "discussing" the agreement and Paul Wagner's declaration as conveying only a "perception" in holding that a common interest agreement did not exist.  But, these two words are not ambiguous when read, as they should be, in the context of their respective declarations as a whole.  *See Ramey v. Kingsport Publ'g Corp.*, 905 F. Supp. 355, 358 (W.D. Va. 1995) (stating affidavit should be taken as a whole).[1]  Moreover, and contrary to Kraft's contention (Opp. at 3-5), BSI did meet its evidentiary burden in its original opposition to Kraft's motion to compel because the original declarations adequately supported BSI's position that BSI and Hypertouch entered into a common interest agreement, in 2002, via attorney Steven Wagner; Steven Wagner's second declaration simply verifies what is already evident from the original declarations.

Steven and Paul Wagner's declarations that were submitted with the motion to compel demonstrate that it was error to hold that there was no common interest agreement between BSI and Hypertouch, via Steven Wagner.  Any ambiguity in those contemporaneous declarations is clarified by reading those declarations as a whole.  Steven Wagner's second declaration simply makes that error even more clear – and also constitutes an expanded factual record, an acknowledged, additional justification for reconsideration under *Potter*.  *See* 199 F.R.D. at 552.

---

[1] *Cf. Samantar v. Yousuf*, --- S.Ct. ----, 2010 WL 2160785, at *7 (U.S. June 1, 2010) ("In sum, '[w]e do not ... construe statutory phrases in isolation; we read statutes as a whole.'") (citation omitted); *W. Ref. Yorktown, Inc., v. BP Corp. N. Am., Inc.*, 618 F. Supp. 2d 513, 523 (E.D Va. 2009) (stating contract should be considered as a whole in determining ambiguity of provisions); *Sezov v. Intown Suites Mgmt., Inc.*, No. **Civ.A. 3:05-271-CMC,** 2005 WL 3370617, at * 4 (D.S.C. 2005) (stating document should be read as a whole to avoid ambiguity); *Digamon v. Sullivan*, 813 F. Supp. 404, 409 (D. Md. 1993) (reading statute as a whole to find it was not ambiguous).

Furthermore, that factual record was expanded prior to the Court's decision and should be considered in order to keep with the Fourth Circuit's direction in *American Canoe* to reach the correct judgment. *See* 326 F.3d at 515 (the "ultimate responsibility of the federal courts, at all levels,[is] to reach the correct judgment under law.") (internal citations omitted).

Kraft's opposition also raises arguments about other areas where the Court found a lack of clarity regarding this agreement. Opp. at 5.[2] The declarations plainly state that the agreement was reached in 2002. DE# 209-22 ¶ 7; DE# 209-23 ¶ 8. Furthermore, the declarations make clear that the agreement has not terminated. DE# 329-2 ¶¶ 1, 3. Finally, the subject matter of the agreement is perfectly clear: the thousands of spam emails being sent to BSI and Hypertouch's servers. DE# 209-22 ¶¶ 7, 8; DE# 209-23 ¶ 8; DE# 329-2 ¶¶ 3, 4.

## CONCLUSION

The declarations of Steven Wagner and Paul Wagner filed in support of DE# 209 indicate that there was a common interest agreement between BSI and Hypertouch, via counsel Steven Wagner, starting in 2002. Steven Wagner's second declaration is but further, conclusive proof that the common interest agreement was created at the earlier point in time. As a result, the Court's order to the contrary is incorrect and it should reconsider and revise the previous ruling.

Date: June 4, 2010                                   Respectfully submitted,

                                                    _____/s/_____
                                                    Thomas M. Barba (US DC-MD Bar No. 28487)
                                                    John J. Duffy (US DC-MD Bar No. 28613)
                                                    STEPTOE & JOHNSON LLP
                                                    1330 Connecticut Ave., NW
                                                    Washington, D.C. 20036
                                                    T: 202-429-3000

---

[2] To the extent that Kraft incorporates arguments made by Connexus (Opp. at 6 n.2), BSI herein incorporates its reply to that pleading.

F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of June 2010, the foregoing *Plaintiff's Reply to Kraft's*

*Opposition to Motion for Reconsideration of the Ruling in DE# 344 Finding No Common*

*Interest Agreement* was filed electronically via the Court's CM/ECF system, and served

electronically on the below-named parties via the Court's electronic notification system:


Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft*
*Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*


Thomas M. Barba