## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 08-409** |
| | * | |
| **KRAFT FOODS, INC., et al.** | * | |
| | * | |
| Defendants. | * | |
| * * * * * * * * * * * * * | * | |
| | * | |
| **CONNEXUS CORP., et al.** | * | |
| | * | |
| Third-Party Plaintiffs, | * | |
| v. | * | |
| | * | |
| **JAMES WAGNER, et al.** | * | |
| | * | |
| Third-Party Defendants. | * | |

## **O R D E R**

Upon consideration of the various pending motions in this case and the parties' corresponding oppositions thereto, oral argument having been held thereon, it is for the reasons stated on the record, this 14th day of June, 2010

      **ORDERED**

         1.    Defendants' Motion for Partial Summary Judgment [Paper No. 83] is **GRANTED** in part and **DENIED** in part.  The Motion is **GRANTED** and summary judgment is **ENTERED** on behalf of Defendants Connexus Corp. ("Connexus") and Kraft Foods Inc. ("Kraft") and against Plaintiff Beyond Systems, Inc. ("BSI") as to

        any claims brought under California Business and Professional Code § 17529.5 based on emails that were sent outside the one-year statute of limitations applicable in this matter. A three-year statute of limitations applies as to claims brought under Maryland Commercial Law Code § 14-3002. Accordingly, Defendants' Motion is **DENIED** as to claims brought under that statute;

2. Connexus' Motion for Summary Judgment [Paper No. 257] is **DENIED**;

3. Kraft's Motion for Summary Judgment [Paper No. 283] is **GRANTED** in part and **DENIED** in part. The Motion is **GRANTED** and summary judgment is **ENTERED** on behalf of Kraft and against BSI as to:

   a) any claims based on the same emails that were the subject of Hypertouch Inc.'s ("Hypertouch") June 29, 2006 Settlement Agreement with Kraft; and

   b) any claims based on emails sent directly to Hypertouch after the Settlement Agreement, where Hypertouch failed to notify Kraft within twenty days of receipt, pursuant to section 3(c) of the Settlement Agreement;

   The Motion is **DENIED** in all other respects;

4. Connexus' Motion for Leave to File Supplemental Memorandum of Law [Paper No. 245] is **GRANTED**;

5. Connexus' Motion to Stay Discovery [Paper No. 263] is **MOOT**;

6. Joseph Wagner ("Wagner") and Hypertouch's Motion to Strike Third-Party Plaintiff's Affirmative Defense or for More Definite Statement [Paper No. 268] is **DENIED**;

7. Wagner and Hypertouch's Motion to Seal Certain Exhibits [Paper No. 270] is **GRANTED**;

8. Hydra LLC's Motion for Extension of Time [Paper No. 286] is **MOOT**;

9. BSI's Motions for Return of Inadvertently Produced Privileged Document [Paper Nos. 290 and 303] are **GRANTED**;

10. Connexus' Interim Motion to Unseal [Paper No. 293] is **DENIED**;

11. BSI's Motion to Seal [Paper No. 297] is **GRANTED**;

12. BSI's Motion for Entry of Default as to Hydra LLC [Paper No. 301] is **GRANTED**.  The Clerk of the Court is **DIRECTED** to enter default against Defendant Hydra LLC and in favor of Plaintiff BSI.  BSI is **DIRECTED** to submit appropriate affidavits as to damages, attorneys' fees, costs, and a proposed Final Order of Default Judgment in its favor and against Defendant Hydra LLC;

13. Wagner and Hypertouch's Motion to Dismiss Third-Party Plaintiff Hydra LLC's Complaint [Paper No. 302] is **GRANTED**;

14. Connexus Interim Sealing Motion [Paper No. 307] is **DENIED**;

15. BSI's Interim Motion to Seal [Paper No. 311] is **GRANTED** in part and **DENIED** in part.  The Motion is **DENIED** as to the

       declaration of Paul Wagner, which has previously been filed publicly. The Motion is **GRANTED** in all other respects;

16. BSI's Interim Motion to Seal [Paper No. 319] is **GRANTED**;

17. Wagner and Hypertouch's Motion to Bifurcate the Third-Party Trial and Stay Discovery Pending the Underlying Action [Paper No. 321] is **DENIED**;

18. Wagner and Hypertouch's Interim Motion to Seal [Paper No. 324] is **GRANTED** in part and **DENIED** in part. The Motion is **DENIED** as to the declaration of Paul Wagner, and as to the Opposition Brief itself. The Motion is **GRANTED** in all other respects;

19. World Avenue's Motion for Leave to File Amicus Curiae Brief [Paper No. 333] is **DENIED**; and

20. BSI's Motion for Leave to File Supplemental Authority [Paper No. 336] is **GRANTED**.


                                                  /s/
                         **PETER J. MESSITTE**
                **UNITED STATES DISTRICT JUDGE**