IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., | :  |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC. *et al.*, | : |
| Defendants. | : |

**MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING CONNEXUS'S MOTION FOR SUMMARY JUDGMENT**

At the hearing on June 14, 2010, the Court heard argument on Connexus's motion for partial summary judgment [Paper No. 83] and motion for summary judgment [Paper No. 257]. Due to the length of the hearing, the Court was unable to hear specific argument on an important issue in the parties' briefs [Paper Nos. 239, 244, 245, 254, and 265] and therefore invited a motion to reconsider this issue, as follows:

**Issue:** Does California's one-year statute of limitations apply to all claims in this case, whether they are brought under the California commercial e-mail statute or the Maryland statute?

**Short Answer:** Yes. Under the *Erie* doctrine and other Supreme Court precedent, because the plaintiff filed this case in California, and it was transferred to Maryland only for convenience, this Court must apply the law that the California district court would have applied if the case had remained in that district. The California district court would have applied California's one-year statute of limitations to all commercial e-mail claims, whether the claims are brought under California's or Maryland's statute. The California district court would dismiss as time-barred all claims not brought within one year, and this Court must do the same.

**I.     California's Statute of Limitations Applies to All State Law Claims, Whether Brought Under the California or Maryland Statute.**

   **A.     Under the *Erie* Doctrine, A Federal Court Sitting in Diversity Applies the Law of the Forum State to Substantive Issues.**

Under the *Erie* doctrine,[1] a federal court exercising its diversity jurisdiction to decide state law claims applies federal law to issues of procedure and the law of the forum state to substantive issues.[2]

   **B.     When a Case Is Transferred to Another Venue for Forum Non Conveniens, the "Forum State" for the Purpose of *Erie* is the Forum of the Transferring District Court.**

When a case is transferred from one federal district court to another, the "forum state" for the purpose of the *Erie* doctrine remains the forum of the transferring district court. In *Van Dusen v. Barrack*,[3] the Supreme Court held that, when a case is transferred upon the defendant's motion for transfer on the grounds of convenience under 28 U.S.C. § 1404(a), as here, the transferee court must apply the state law that the transferor court would have applied.[4] The purpose of the rule is to honor the plaintiff's right to choose its forum, and the substantive laws of the forum, and to ensure that the plaintiff's choice is not defeated by a change of venue merely for the convenience of the parties and witnesses.[5] The Supreme Court reasoned that "[a] change

---

[1] *Erie R.R. v. Tompkins,* 304 U.S. 64 (1938).

[2] *Merritt Dredging Co. v. Campbell*, 839 F.2d 203, 205 (4th Cir. 1988).

[3] *Van Dusen v. Barrack*, 376 U.S. 612 (1964).

[4] *Id.* at *639, followed in Motor Club of America Ins. Co. v. Hanifi*, 145 F.3d 170, 178-79 (4th Cir. 1998). *Accord Ferens v. John Deere Co.*, 494 U.S. 516 (1990) (extending holding of *Van Dusen* to cases transferred for convenience on motion of plaintiff)*; Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 965-66 (9th Cir. 1993).

[5] In contrast, if the forum chosen by plaintiff lacks jurisdiction or otherwise is improper, the substantive law of the forum of the transferee court applies. *Myelle v. American Cyanamid Co.*, 57 F.3d 411, 413 (4th Cir. 1995) (when mandatory transfer is made under 28 U.S.C. § 1406(a), for improper venue, substantive laws of transferee district apply).

of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."[6] Here, BSI chose to file its action against Connexus and Hydra in California federal district court. The case was then transferred by order of the District Court for the Central District of California, granting the parties' motion for a venue transfer on the grounds of convenience under 28 U.S.C. § 1404(a).[7] Therefore, under *Van Dusen*, this Court must apply California law as the substantive law of this case, as though this case had remained in the federal district court in California.

      **C.**      **The Forum State's Substantive Law Includes its Conflict of Law Rules.**

For purposes of the *Erie* doctrine, the Supreme Court held in *Klaxon v. Stentor*, the substantive law of the forum state includes its conflict of law rules.[8] Therefore, a federal court sitting in diversity applies the conflicts of law rules of the forum state.[9] For example, in *Goad v. Celotex*,[10] the Court of Appeals for the Fourth Circuit affirmed the District Court for the Eastern District of Virginia's dismissal of a diversity action involving a personal injury claim that was transferred from the Eastern District of Texas on the ground that Texas's conflict of law rules required the application of the Texas statute of limitations to the tort claim, under which the

---

[6] *Van Dusen v. Barrack*, 376 U.S. at 639.

[7] Beyond Systems, Inc. v. Connexus Corp. et al., C.D. Cal., No. 2:08-cv-01039-RGK-PLA, at DE 110 (Minute Order Granting Motion to Transfer, dated 11/24/08). By agreement of the parties, in lieu of consolidating the transferee case with the existing related case brought by BSI against Kraft, BSI dismissed the transferee case and added Connexus and Hydra as defendants to this case. BSI stipulated, and represented to this Court in support of its request for dismissal, that the dismissal would have no affect on the "substantive rights of the parties with regard to claims and defenses." [Paper No. 244-2, attached to this motion for convenience as **Exhibit 1**.] Connexus's statute of limitations defense is one such substantive defense.

[8] *Klaxon v. Stentor Electrical Mfg. Co.*, 313 U.S. 487, 496 (1941).

[9] *Id.*

[10] *Goad v. Celotex Corp.*, 831 F.2d 508 (4th Cir. 1987).

3

claim was time barred.[11]  The Virginia federal district court correctly applied the conflict of law rules of *Texas*, which called for the application of the *Texas* statute of limitations, because the case was transferred to Virginia from a Texas district court on grounds of convenience, as here.[12]

In this case, a conflict of laws arises between Maryland's statute of limitations for commercial e-mail claims (three years) and California's statute of limitations for commercial e-mail claims (one year).[13]  Which statute of limitations applies to BSI's claims?  To answer this question, this Court like the district court in *Goad*, must resolve the conflict of laws by applying California's conflict of laws rules.[14]

### D. Under California's Conflict of Laws Rules, a California Court Would Apply Its Own One-Year Statute of Limitations to All of BSI's Claims, Whether Brought Under the California or Maryland Commercial E-mail Statute.

Under California's conflict of laws rules, a California court would apply its own one-year statute of limitations to all of BSI's claims, both those brought under California's commercial e-mail statute and Maryland's statute.  Relying on *Ashland v. Provence*,[15] California courts have applied California statutes of limitation when the action is in a California forum against California residents, even when the claim arises under a foreign state's law.

In *Ashland*, a Kentucky corporation sued a California resident to enforce a promissory note and guaranty.  The trial court dismissed the complaint as time-barred under California's four-year statute of limitations.  On appeal, the plaintiff contended that Kentucky's twelve-year

---

[11] *Id.* at 509; *accord Nelson v. International Paint*, 716 F.2d at 643.

[12] *Goad v. Celotex Corp.*, 831 F.2d at 509.

[13]  Paper No. 370 at ¶ 2.  Connexus acknowledges this Court's order as the law of the case, without waiving its objection to the ruling.

[14]  The California statute of limitations applicable to the anti-spam statutory claims was fully briefed in the original and reply memoranda in support of the motion for partial summary judgment.

[15] *Ashland Chem. Co. v. Provence*, 129 Cal. App. 3d 790 (Cal. Ct. App. 1982).

4

statute applied, because the defendants executed the note in Kentucky, promised to pay in Kentucky, and provided in the note that Kentucky law would govern the note. Thus, the California court confronted the question of which state's law should apply to the breach of contract claim arising under Kentucky law: Kentucky's twelve-year statute, or California's four-year statute? Rejecting the traditional rule, under which state courts decide conflicts of laws by applying the procedural law of the forum state and the substantive law of the foreign state in which the claim arises,[16] California courts resolve conflicts of laws by applying the governmental interest analysis.[17] Applying that analysis in *Ashland*, the court reasoned that California had an interest in seeing its statute of limitations applied, because the case was in California and against California residents, and that Kentucky had no interest in seeing its statute of limitations applied because there were no Kentucky defendants and Kentucky was not the forum.[18] Under the government interest analysis, the court affirmed application of the California statute of limitations to the Kentucky state law claims.[19]

### E. The Transferring California District Court Would Have Applied California's One-Year Statute of Limitations to All of BSI's Claims, Regardless of Which State's Statute They Arise Under.

The California district court that transferred this case to Maryland would have applied California's one-year statute of limitations to all of BSI's claims, if the case had not been transferred. Following *Ashland*, the federal courts in California in diversity cases have consistently held that California's statute of limitations apply when the action is brought in a

---

[16] Maryland is one state that applies the traditional substantive/procedural distinction to resolve conflict of laws issues. *See Sokolowski v. Flanzer*, 769 F.2d 975, 978 (4th Cir. 1985).

[17] *Id.* at 793-94.

[18] *Id.* at 794.

[19] *Id.*

5

California court against California residents, even though the cause of action arises under a foreign state's law. [20] Recently, in *Target v. Williams*,[21] the District Court for the Central District of California, the same court as the transferor court in this case, summarized well the law of the jurisdiction:

> [F]ollowing *Ashland,* the Ninth Circuit and the district courts have applied California's statute of limitations in cases involving California defendants in California courts. *See e.g. Handel v. Artukovic*, 601 F. Supp. 1421, 1435-36 (C.D. Cal. 1985); *Nelson v. International Paint Co.*, 716 F.2d 640, 644 (9th Cir. 1983).
>
> The parties have identified no case, and the Court could locate none, that applied a statute of limitations other than California's where the defendants were residents of California and California was the forum.
>
> The fact that the claim arose in [a foreign state] is irrelevant because the defendant resides in California and California is the forum.[22]

The Court of Appeals for the Ninth Circuit has observed that the governmental interest test usually leads to the conclusion that California's statute of limitations applies:

> Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law, and especially so where California's statute would bar a claim. California's interest in applying its own law is strongest when its statute of limitations is shorter than that of the foreign state, because a state has a substantial interest in preventing the prosecution in its courts of claims which it deems to be stale.

---

[20] *Nelson v. International Paint,* 716 F.2d at 644 (affirming district court's application of California statute of limitations, not Alaska or Texas, in action brought in California forum against California residents by Texas resident for injury that occurred in Alaska); *Greer v. Academy Equipment Rentals*, No. C94 0120 CAL ARB (FSL), 1994 WL 443421, *3-5 (N.D. Cal., Aug. 11, 1994) (applying California statute of limitations in action brought in California forum against California residents); *Eisenberg v. Hughes*, 1 Fed. Appx. 752, 754 (9th Cir. 2001) (affirming district court's application of California statute of limitations in action brought in California forum against California residents).

[21] *Target Technol. Co. v. Williams Advanced Materials, Inc.,* No. SACV 04-1083 DOC (MLGx), 2008 WL 5002935 (C.D. Cal., Nov. 21, 2008).

[22] *Id.* at *8-9.

> Hence, subject to rare exceptions, the forum will dismiss a claim that is barred by its statute of limitations.[23]

As this case is not a "rare exception," these authorities are dispositive.

Here, BSI filed the action in a California district court against Connexus, an entity with its principal place of business in California. Connexus is not a resident of Maryland and it has no presence in Maryland. Therefore, a California court would apply California's one-year statute of limitations to BSI's claims under California's and Maryland's commercial e-mail statutes, and this Court must do the same. The Court does not have discretion to choose which state's statute of limitations to apply, contrary to BSI's suggestion.[24] To hold otherwise would allow a change of venue under section 1404(a) to cause a change in the law applicable to the case, and the outcome of the case, contrary to the mandate of *Van Dusen*. A change of venue for convenience is "but a change of courtrooms."[25]

## II.    BSI's State Law Claims Are Preempted Because They Are Not "Traditional Torts."

Connexus also asks that the Court reconsider the outcome of its ruling on the issue of preemption under the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701 ("CAN-SPAM"). At the hearing on June 14, 2010, the Court held that fraud is not the only state law claim that survives the preemption clause of CAN-SPAM. Connexus respectfully submits that, applying the Court's holding to the claims made in this case, this Court must conclude that BSI's claims are preempted.

---

[23] *Deutsch v. Turner Corp.*, 324 F.3d 692, 716-17 (9th Cir. 2003), *followed by Koken v. W.C.A. Svce. Corp.*, No. CIV. S-05-01487 FCD DAD, 2006 WL 3087098, * 3-4 (E.D. Cal., Oct. 30, 2006) (holding that California's interest in applying its shorter statute of limitations outweighs foreign state's interest).

[24] *Klaxon v. Stentor,* 313 U.S. at 496-97.

[25] *Van Dusen v. Barrack*, 376 U.S. at 639.

It is well established that Congress intended CAN-SPAM to establish a uniform national standard for controlling commercial e-mail. Congress expressly preempted all state laws regulating commercial e-mail unless the law prohibits "falsity or deception:"

> This Act supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.[26]

In *Omega World Travel, Inc. v. Mummagraphics, Inc.*,[27] the Fourth Circuit Court of Appeals interpreted this provision to preempt all state laws except those that prohibit "traditionally tortious or wrongful conduct."[28] Analyzing Oklahoma's commercial e-mail statute in *Omega*, the court noted that "the language seems to reach beyond common law fraud or deceit." The Oklahoma statute prohibits a person from initiating e-mail that the sender knows or has reason to know "[m]isrepresents any information in identifying the point of origin or the transmission path" of the e-mail message.[29] Here, BSI similarly alleges, "[T]he e-mails received by BSI contained false or misleading information about the origin or the transmission path."[30] The Oklahoma statute also prohibits a person from initiating e-mail that the sender knows or has reason to know "[c]ontains false, malicious, or misleading information which purposely or negligently injures a person."[31] Here, BSI similarly alleges, "[T]he e-mails received by BSI had

---

[26] 15 U.S.C. § 7707(b).

[27] 469 F.3d 348 (4th Cir. 2006).

[28] *Omega*, 469 F.3d at 354.

[29] *Id.* at 353.

[30] Second Am. Compl. ¶ 49.

[31] *Omega*, 469 F.3d at 353.

8

subject lines that have the capacity, tendency, or effect of deceiving the recipient."[32] BSI's allegations, like the language of the Oklahoma statute, reach beyond common law fraud or deceit.

The court in *Omega* further commented that the Oklahoma statute, by its terms, "is not limited to inaccuracies in transmission information that were material, ***led to detrimental reliance*** by the recipient, and were made by a sender who ***intended that the misstatements be acted upon*** and either knew them to be inaccurate or was reckless about their truth."[33] Under Maryland law, traditional torts involving falsity or deception require proof of defendant's intention to mislead plaintiff and to induce plaintiff's action and proof of plaintiff's detrimental reliance.[34] Although the only issue in *Omega* was whether claims based on immaterial inaccuracies were preempted, the Court of Appeals evidently holds in equal regard claims lacking the elements of either sender's intent to induce the recipient's action and the recipient's detrimental reliance on the false matter. Under the court's analysis in *Omega,* any of the three defects would lead to the conclusion that the claim is preempted.

Here, there is no genuine dispute that Connexus did not intend to induce BSI to act and that BSI did not detrimentally rely on the allegedly false matter in the e-mails. The e-mails were not intended for any particular human being but rather were misaddressed and addressed to random e-mail addresses, BSI did not attempt to purchase any goods offered in the e-mails, none

---

[32] Second Am. Compl. ¶ 51.

[33] *Omega*, 469 F.3d at 353 (emphasis added).

[34] *Ellerin v. Fairfax Savings, F.S.B..*, 652 A.2d 1117, 1123-25 (Md. 1995) (under Maryland law, defendant's false statement is insufficient to establish fraud or deceit; proof of plaintiff's deliberate intent to mislead is necessary); *Lloyd v. General Motors Corp.*, 916 A.2d 257, 273 (Md. 2007) (negligent misrepresentation under Maryland law requires proof of defendant's intention for plaintiff to act on statement and plaintiff's justifiable detrimental reliance).

of BSI's alleged customers complained about any of the e-mails, and Paul Wagner of BSI testified that he affirmatively searched the e-mails looking "for something I regard as false or misleading." (See citations to record at pages 24 to 25 of Connexus's Motion for Summary Judgment [Paper No. 257].) As a matter of law, BSI's commercial e-mail claims do not meet the standards of a "traditional tort" under Maryland law, and therefore the claims are preempted.

WHEREFORE, Connexus Corp. respectfully moves for an order modifying paragraph 1 of the Order entered June 16, 2010 [Paper No. 370] to provide for the entry of summary judgment in its favor on all of BSI's claims under Maryland law. In the alternative, Connexus Corp. respectfully requests an order modifying paragraph 1 of the Order entered June 16, 2010 [Paper No. 370] to provide that summary judgment is granted as to any claims brought under California Business and Professional Code § 17529.5 or Maryland Commercial Law Code § 14-3002 if those claims are based on e-mails that were sent outside the one-year statute of limitations. Connexus also moves for an order modifying paragraph 2 of the Order dated June 16, 2010 [Paper No. 370] to grant summary judgment in Connexus's favor on the ground that BSI's claims are preempted.

Dated:  June 28, 2010                                          /s/
                                                J. Douglas Baldridge, US DC-MD Bar No. 11023
                                                Lisa Jose Fales, US DC-MD Bar No. 08141
                                                Ari N. Rothman, US DC-MD Bar No. 17560
                                                VENABLE LLP
                                                575 7th Street, N.W.
                                                Washington, DC  20004-1601
                                                (202) 344-4000 (phone)
                                                (202) 344-8300 (fax)
                                                jdbaldridge@venable.com
                                                ljfales@venable.com
                                                anrothman@venable.com

                                                *Attorneys for Connexus Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of June, 2010, a copy of the foregoing MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING CONNEXUS'S MOTION FOR SUMMARY JUDGMENT was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

                                          /s/
                                    Ari N. Rothman