UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Beyond Systems, Inc. ("BSI"), opposes DE# 371, Defendant's Motion for Partial Reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("Motion for Partial Recons.").[1] The Court should deny Connexus' motion because it does not meet the standard for a motion for reconsideration; it is literally a mere restatement of arguments made at length in prior pleadings. BSI has addressed the arguments made in Defendant's present Motion in its opposition to summary judgment and subsequent supplemental pleadings, but reasserts them here for the Court's convenience. *See* DE# 96, 244, 295.

Defendant Connexus Corp.'s ("Connexus") verbatim restatement of its previously made arguments fails again. Connexus cites the *Van Dusen* case, but, as demonstrated before, and again below, *Van Dusen* does not apply here because the present case against the Defendants was

---

[1] Hydra, the other defendant-party to the motion for summary judgment defaulted. This Court granted BSI's Motion for Entry of Default and directed the Clerk of Court to enter default against Hydra. DE# 370 ¶ 12. Hydra's default leaves Connexus as the Defendant asserting this motion to reconsider.

initiated in Maryland and the Maryland statute of limitations of three years applies to Plaintiff's claims.[2]

Connexus' request for the Court to reconsider its ruling on preemption should also be rejected. Defendant offers nothing but a reiteration of its argument which this Court has rejected in both the *Beyond Systems, Inc. v. Keynetics* case and in the present case, and *Omega* does not require a different holding.

## I.     INTRODUCTION

Following briefing by both parties and oral argument on June 14, 2010, the Court ruled that a three-year statute of limitations would apply to Plaintiff's claims under the Maryland Commercial Electronic Mail Act, Md. Comm. Law §§ 14-3001 *et seq.*, and that a one-year statute of limitations would apply to Plaintiff's claims under the California Business & Professions Code § 17529.5.  DE# 370 ¶ 1.

On June 28, 2010, Connexus filed a motion which seeks to persuade this Court to grant a partial reconsideration of the Court's order and extend the one-year statute of limitations that this Court concluded applied to BSI's claims against Connexus under California's anti-spam law to all of BSI's claims against Connexus, whether they were brought under the California or the Maryland anti-spam statute.  DE# 371.

Defendant claims that the Court "invited a motion to reconsider" the issue of "whether California's one-year statute of limitations applies to all claims in this case," but the Court did no such thing.  Motion for Partial Recons. at 1.  Arguments on whether the Maryland statute of limitation or the California statute of limitation should apply to all of Plaintiff's claims were fully briefed, including in supplementary material submitted shortly after the initial summary

---

[2] *Van Dusen v. Barrack*, 376 U.S. 612 (1964).

judgment hearing on this issue on October 19, 2009, and those materials were before this Court when it ruled on the applicability of statutes of limitation at the June 14, 2010 hearing.

Regardless, whether "invited" or not, Defendant's motion still must meet the standard for reconsideration under the Federal Rules and the District of Maryland's case law. A motion to reconsider an interlocutory order is appropriate, for instance, in light of an intervening change in controlling law; to account for new evidence; to correct a clear error of law; to prevent manifest injustice; or when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. . . . Such problems rarely arise and the motion to reconsider should be equally rare." *Nat'l Cas. Co. v. Lockheed Martin Corp.*, 2010 WL 1490027, at *2 (D. Md. Apr. 12, 2010)). None of these circumstances apply here, and Defendant does not argue that any of the above bases (or any basis, for that matter) applies to justify this motion per the Federal Rules. Rather, Connexus simply repeats previously made arguments, which the Court clearly previously understood when it issued a ruling. Defendant's motion should be denied on that basis alone.

In addition, Defendant's motion should be denied on the merits. Because this diversity action originated in Maryland, Maryland substantive law applies. Under Maryland law, a three-year statute of limitation applies.

Finally, the Court has correctly rejected Defendant's misinterpretation of *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348 (4th Cir. 2006), and held that Plaintiff's claims are not preempted by CAN-SPAM. That ruling should not be disturbed.

## II.  ARGUMENT

### A.  If the Court Reconsiders Its Prior Ruling the Court Must Apply the Maryland Statute of Limitations to All of the Plaintiff's Claims in This Maryland-Initiated Case.

Defendant's argument that the California statute of limitations should apply to all of Plaintiff's claims because this case was transferred from the Central District of California fails.[3] Defendant's argument is based on yet another blatant misrepresentation to this Court regarding the procedural history of the instant case.  Motion for Partial Recons. at 3 (stating that this case was transferred from the Central District of California); DE# 239 at 3 (same).  Contrary to Defendant's version of the procedural history, BSI originated the present case, No. 8:08-CV-00409-PJM, with a complaint filed in the District of Maryland against Defendants Kraft Foods Inc., Vict. Th. Engwall & Co. and John Does 1-20.  While there was a case transferred from the Central District of California, Case No. 8:09-CV-00080-PJM, the Defendants (Connexus and Hydra LLC) were dismissed from that case, terminating any relationship between the transferred case and the instant case.  Case No. 09-CV-00080 (PJM) at DE# 116.

BSI originated this case, No. 8:08-CV-00409 (PJM)(CBD), with a complaint filed in the District of Maryland against Kraft.  Plaintiff later added Connexus (and the now-defaulted Hydra) by amendment to its Complaint.  DE# 52.  Because this case was brought in the District of Maryland, the *Erie* doctrine requires that the Court apply Maryland's choice-of-law rules.  *See Klaxon v. Stentor Elect. Mfg., Co.*, 313 U.S. 487, 496 (1941).  A federal court sitting in diversity in Maryland will apply Maryland's statute of limitations because under Maryland choice-of-law-rules, the statute of limitations is procedural.  *Sokolowski v. Flanzer*, 769 F.2d 975, 977-78 (4th

---

[3] If the Court reconsiders its ruling on which state's statute of limitations applies to the California or Maryland claims, it would have to conclude that the Maryland statute of limitations applies to all of the claims, as discussed below.

Cir. 1985). Thus, Maryland courts apply Maryland's statute of limitations to claims that arise under the substantive laws of other states. *Fischer v. Viacom Int'l, Inc.*, 115 F. Supp. 2d 535, 538-39 (D. Md. 2000).

In its Motion for Partial Reconsideration, Defendant cites the Supreme Court's decision in *Van Dusen* and cases applying the *Van Dusen* holding to cases involving transfers under 28 U.S.C. § 1404. None of these cases involve the dismissal of claims from the original suit and the addition of the claims in another suit in another federal court, as happened here. The initial case between BSI and Defendants originated in California and was transferred from the Central District of California to the District of Maryland as Case No. 8:09-CV-00080 (PJM).[4] *See* 8:09-CV-00080 (PJM) at DE# 110. The parties then filed jointly under Fed. R. Civ. P. 41(a)(2) to dismiss the Defendants from the transferred case. *See* Motion for Partial Recons. at Exhibit 1. Plaintiff sought, and was granted, leave to file its Second Amended Complaint, thereby adding Defendants Connexus Corp. and Hydra LLC into the present action. *See* DE# 52.

In the case *In re Aircrash in Bali, Indonesia on April 22, 1974*, 684 F.2d 1301, 1306-07 (9th Cir. 1982), the Ninth Circuit faced just such a set of facts and held that the *Van Dusen* rule did not apply because the transferred case had been dismissed. *Id.* The same result is required in the present case. Similarly, in *Baird v. Bell Helicopter Textron*, 491 F. Supp. 1129, 1133 (N.D. Tex. 1980), a case was originally filed in California. It was then voluntarily dismissed and subsequently re-filed in the Northern District of Texas. *Id.* The Court applied Texas law, noting

---

[4] Defendant relies on the stipulation requesting the dismissal of the transferred case, which "ensure[d] that this dismissal will not affect any of the substantive rights of the parties." Motion for Partial Recons. at 3 n.7 (citing DE# 114 at 1). That stipulation is irrelevant to the instant motion since the stipulation did not state that the case would be treated as if it had been transferred and consolidated; and regardless, it speaks of preserving "substantive rights" and the issue here involves procedural rules. *See Sokolowski v. Flanzer*, 769 F.2d 975, 977-78 (4th Cir. 1985) (under Maryland law, statute of limitations is procedural). Connexus did not raise the statute of limitations in its Answer to the Complaint in the California case. It only added the statute of limitations in its answer to the Second Amended Complaint filed in the pre-existing Maryland proceeding that added it and Hydra to the Kraft case.

that by following that course, the parties avoided "the choice of law complexities inherent in a transfer under 28 U.S.C. § 1404(a)." *Id.* Like those cases, the case now before the Court was not transferred to Maryland, but was originally filed in Maryland, and had additional claims added to it. Thus, the holding in *Van Dusen* is not applicable.

### B. Under Maryland Law, the Court Must Apply a Three-Year Statute of Limitations.

Maryland substantive law applies in this Maryland-originated diversity action. As previously addressed by Plaintiff, Maryland law provides that, in the absence of a dedicated statute of limitations, a three-year statute of limitations applies to any statutory claim. *See* Md. Ann. Code, Courts & Judicial Proceedings § 5-101. BSI has established in DE# 96 and #244 that Maryland's highest court would *not* apply its one-year "penalty" statute of limitations to statutes like the anti-spam statutes in this case. The Maryland Court of Special Appeals has established that the one-year limitations period under Md. Ann. Code, Courts & Judicial Proceedings § 5-107 was not intended to encompass "a private right of action to enforce a private remedy." *Williams v. Standard Fed. Sav. & Loan Ass'n*, 545 A.2d 708, 711 (Md. Ct. Spec. App. 1988). Maryland's highest court has recently explicitly adopted that construction of the one-year statute of limitation. *Master Fin. Inc. v. Crowder*, 972 A.2d 864, 877 (Md. 2009). Thus, if the Court decides to proceed under Maryland law which is applicable in this diversity action, the three-year statute of limitations must be used.[5]

If the Court decides to apply the California statute of limitations, applicable California law requires that the Court apply the three-year statute of limitations. *See* DE# 96, 244. Plaintiff is aware that the Ninth Circuit in an unpublished opinion, containing no analysis, ruled that California would apply a one-year statute of limitations. *Hypertouch, Inc. v. Azoogle.com, Inc.*,

---

[5] Plaintiff urges the Court to apply the Maryland statute of limitations to all of Plaintiff's claims. *See* DE# 244.

No. 09-15943, 2010 U.S. App. LEXIS 14121, at *3-4 (9th Cir. July 9, 2010).  However, Plaintiff disagrees with that non-binding authority, as it is contrary to Ninth Circuit precedent and California precedent.  The Ninth Circuit has repeatedly held that the California Supreme Court would apply the one-year statute of limitations only when a claim is one for injury to the government rather than a civilian party.  *Culver v. Bell & Loffland, Inc.*, 146 F.2d 29, 31 (9th Cir. 1944) (liquidated damages provision is not a penalty); *see also Stone v. Travelers Corp.*, 58 F.3d 434, 438-39 (9th Cir. 1995) (same).  This is the same reasoning as applied by the Maryland courts cited *supra*. [6]

### C. The Court Should Not Modify Its Preemption Ruling.

Defendant urges this Court to reconsider its ruling that Plaintiff's claims are not preempted by CAN-SPAM.  Defendant merely repeats the same arguments presented in its lengthy briefing and extensive oral argument on the issue.  Connexus raises no new law or any basis to justify seeking reconsideration of this Court's preemption ruling.  This Court rejected the same preemption argument Defendant again serves up here in *Beyond Systems, Inc. v. Keynetics Corp.*, 422 F. Supp. 2d 523, 538 (D. Md. 2006), as well as at oral argument. Ex. 1, June 14, 2010 Hrg. Tr. at 108:12-15.

Defendant again misrepresents the holdings in *Mummagraphics* and *Gordon* as a basis for its preemption argument.  As discussed previously, those opinions do not find – or even

---

[6] Further, the decision of the California Supreme Court in *Murphy* supports rather than undercuts that conclusion.  *See Murphy v. Kenneth Cole Prods., Inc.*, 155 P.3d 284, 296 (Cal. 2007) ("Where damages are obscure and difficult to prove, the Legislature may select a set amount of compensation without converting that remedy into a penalty."); *see also* DE# 96, 244.  The *Azoogle* court's reliance on *Murphy* for the opposite conclusion ignores the *Murphy* court's holding in favor of dicta.  The court held that recovery beyond actual damages was allowed without converting it to a penalty.  *Murphy*, 155 P.3d at 297.  More importantly, the *Azoogle* court ignored the *Murphy* court's analysis, which explained that the primary goal of its examination was to determine the legislative intent with respect to the appropriate statute of limitations, and if the plain language of the statute revealed whether the legislature intended a cause of action for statutory damages to be treated as remedial or penal, that settled the matter.  *Murphy*, 155 P.3d at 289-90.  The court stated: "the Legislature certainly knows how to impose a penalty when it wants to, having established penalties in many . . . statutes by using the word 'penalty.'"  *Murphy*, 155 P.3d at 292.  Here, the legislative history identified by Plaintiff shows the intent was not penal, but remedial.

imply – that CAN-SPAM preempts all state law claims that do not prove the elements of common law fraud.  Rather, those courts held only that state law claims based on mere "immaterial errors" in commercial email are preempted.  *See Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 353 (4th Cir. 2006); *Gordon*, 575 F.3d at 1061-62; *see also Hoang v. Reunion.com, Inc*., No. C-08-3518 MMC, 2010 U.S. Dist. LEXIS 34466, at *15-20 (N.D. Cal. Mar. 31, 2010); *Asis Internet Servs. v. Subscriberbase, Inc*., No. 09-3503 SC, 2010 WL 1267763, at *11-14 (N.D. Cal. Apr. 1, 2010); *Beyond Systems, Inc.*, 422 F. Supp. 2d at 538.

Connexus further argues that Plaintiff's claims are preempted because they are similarly worded to the language of the Oklahoma statute at issue in *Mummagraphics*.  Motion for Partial Recons. at 8-9.  Defendant admits that "the only issue in *Omega* was whether claims based on immaterial inaccuracies were preempted," yet it continues to rely on dicta in *Mummagraphics*, instead of the court's holding.  Motion for Partial Recons. at 9.  This is so because the holding clearly supports BSI's argument that its claims are not preempted by CAN-SPAM.

BSI has previously refuted Defendant's nonsensical argument that it is necessary for BSI, an ISP, to prove that it was misled by the spam at issue.  DE# 295 at 38.  ISPs are companies that act as the mailmen of the Internet.  ISPs do not "read" the mail; ISPs do not make purchases, and therefore do not rely on the content of advertising to make buying decisions.  A fraud standard simply makes no sense when applied to an ISP because an ISP does not "rely" on the emails in the sense of a buying calculation, but instead relies on representations made about, inter alia, the source of the message and identity of the sender.  Further, while neither intent nor even knowledge are required under the statutes at issue since fraud allegations are not necessary, the evidence shows that Defendant has both.  Defendant regularly receives reports from its third-party monitors LashBack and UnSubCentral (not including what it receive in complaints from

individuals, ISPs and its advertisers) of thousands of violations of law. *See* DE# 295 at 47. Connexus, for example, received for the period of March 31, 2008, through September 16, 2008, a total of 3,250 reported possible violations of federal law, including: 1,699 reports of "Suppression List Abuse," 1,081 reports of "Failure to Unsubscribe," 140 reports of "No Postal Address," 59 reports of "Bad Unsubscribe," 24 reports of "Deceptive Subject Lines," and 247 reports of "Deceptive From Lines." *See id.* at 47-48. Thus, if intent and/or knowledge are required, which they are not, the evidence shows that Defendant had both.

For these reasons and the reasons discussed in DE# 295, the Court's ruling that BSI's claims are not preempted by CAN-SPAM should not be disturbed.

Date:  July 15, 2010               Respectfully submitted,

                                          /s/
                                    Thomas M. Barba (US DC-MD Bar No. 28487)
                                    John J. Duffy (US DC-MD Bar No. 28613)
                                    Scott Bielicki (US DC-MD Bar No. 29162)
                                    STEPTOE & JOHNSON LLP
                                    1330 Connecticut Ave., NW
                                    Washington, D.C.  20036
                                    T: 202-429-3000
                                    F: 202-429-3902
                                    tbarba@steptoe.com
                                    jduffy@steptoe.com
                                    sbielicki@steptoe.com

                                    Anthony A. Onorato (US DC-MD Bar No. 28622)
                                    STEPTOE & JOHNSON LLP
                                    750 Seventh Avenue
                                    New York, NY  10019
                                    T: 212-506-3900

F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2010, the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendant Connexus Corp.*

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

                                                /s/
                                   Thomas M. Barba