IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KRAFT FOODS, INC. *et al.*, <br><br> Defendants. | Case No. 8:08-CV-00409-PJM <br><br> The Honorable Peter J. Messitte |

**CONNEXUS CORP.'S OPPOSITION TO
MOTION FOR RECONSIDERATION**

BSI has asked the Court to reconsider its ruling that BSI's claims arising from violations of California law are subject to California's one-year statute of limitations (as Connexus argued), not its three-year statute of limitations (as BSI argued). (BSI's motion to reconsider is Paper No. 372.) Defendant Connexus Corp. hereby opposes the motion because (1) it was untimely filed, and (2) even if it were timely filed, BSI admittedly provides no argument or authorities in support of its motion, as required by Local Rule 105(1). BSI states that it intends to present its argument later, in opposition to Connexus's motion for reconsideration. But Connexus's motion raises the issue of which statute of limitations applies to BSI's *Maryland* law claims, not its *California* law claims, and BSI's argument about the statute of limitations applicable to its *California* law claims would be non-responsive to Connexus's motion and therefore insufficient to meet BSI's obligation as a movant.

1. **BSI's Motion to Reconsider was Untimely Filed.**

Local Rule 105(10) states, "Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to reconsider any order issued by the Court shall be filed with the Clerk not later

than fourteen (14) days after entry of the order." The Court entered its order on June 14, 2010. (Paper No. 370.) BSI filed its motion to reconsider on June 30, 2010. (Paper No. 372.) BSI's motion to reconsider was filed out of time.[1]

### 2. BSI Provides No Support For Its Motion.

Local Rule 105(1) requires that a motion be accompanied by memorandum "setting forth the reasoning and authorities in support of it." Here, BSI has not provided any reasoning or authorities in support of its motion and request for relief, instead stating it intends to argue its motion in opposition to Connexus's motion for reconsideration. (Connexus's motion to reconsider is Paper No. 371.) The problem with this approach is that Connexus's motion for reconsideration does not raise the issue of which statute of limitations applies to BSI's *California* law claims. Connexus's motion to reconsider raises the issue of which statute of limitations applies to BSI's *Maryland* law claims. Connexus argues that BSI's *Maryland* law claims are subject to the California statute of limitations because the California district court in which BSI originally filed this action would have applied California's statute of limitations to BSI's *Maryland* law claims, and this Court is bound by precedent to do the same because the California district court transferred this case for convenience. In contrast, Connexus did not raise any issue in its motion to reconsider regarding this Court's ruling on the statute of limitations applicable to BSI's *California* law claims; Connexus agreed with this portion of the Court's ruling. Accordingly, any argument in BSI's opposition pertaining to the length of the statute of limitations applicable to BSI's *California* law claims would be non-responsive to Connexus's

---

[1] Even if BSI's motion were treated as a motion to amend or modify an order under Rule 60(b) of the Federal Rules of Civil Procedure, BSI has failed to argue "exceptional circumstances" for modifying the order and one or more ground for relief enumerated in Rule 60(b). *Ekweani v. Bd. of Educ. of Howard County*, 2009 WL 2578985 (D. Md. Aug. 17, 2009) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 393 (1993) and *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n5 (4th Cir. 2008)) (holding that plaintiff failed to show exceptional circumstances sufficient to show relief from judgment).

motion and would be stricken.  BSI cannot rely on its future opposition to Connexus's motion to reconsider to support its motion and request for relief.

For these reasons, Connexus respectfully requests that the Court deny BSI's Motion to Reconsider.

Dated:  July 16, 2010                                                          /s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Connexus Corp.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of July, 2010, a copy of the foregoing CONNEXUS CORP.'S OPPOSITION TO MOTION FOR RECONSIDERATION was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD 20850
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

/s/
Ari N. Rothman