UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BEYOND SYSTEMS, INC.**

   **Plaintiff,**

  v.

**KRAFT FOODS INC.,** *et al.*

   **Defendants.**

Case No.: 8:08-cv-00409-PJM

**KRAFT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Kraft Foods, Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc. ("Kraft") hereby submit their opposition to Plaintiff Beyond Systems, Inc.'s ("BSI") Motion for Reconsideration (Docket No. 372).

In sum, BSI asks the Court to reconsider it determination that BSI's claims arising from violations of the California Business & Professions Code § 17529.5 are subject to California Code of Civil Procedure § 340(a)'s one-year statute of limitations. June 14, 2010 Hrg. Tr. at 40: 16-21; *see also* Order, at ¶ 1 (Docket No. 370).

BSI does not offer any argument in support of its motion, but simply cites to its previous filings that rely on Ninth Circuit authorities which BSI believes support its theory that "claims under California's anti-spam statute are subject to the three-year statute of limitations set forth in California Code of Civil Procedure § 338(a)." *See* BSI's Motion for Reconsideration, at 2 (citing Docket Nos. 96 & 244).

There are many problems with BSI's motion,[1] but two are dispositive. First, in a case coincidentally involving Hypertouch, Inc., the Ninth Circuit recently confirmed that claims under California's anti-spam statute are "subject to California Code of Civil Procedure § 340(a)'s one-year statute of limitations." *Hypertouch, Inc. v. Azoogle.com, Inc.*, No. 09-15943, 2010 WL 2712217, at *1 (9th Cir. July 9, 2010) (unpublished). Second, even in the absence of this recent Ninth Circuit authority, it is improper to file a motion for reconsideration that does nothing more than rehash old arguments. *Mascone v. American Physical Soc., Inc.*, No. RWT 07-966, 2009 WL 3156538, at *3 (D. Md. Sept. 25, 2009) ("a motion for reconsideration is not a proper vehicle for an entreaty for the Court to change its mind, which is what Plaintiff is attempting to do here by rehashing the arguments made in the motions, supporting memoranda, and oral arguments before the Court at the summary judgment hearing."). Here, BSI does not even bother to reproduce its old arguments, it simply directs the Court to read BSI's old briefs.[2] One can scarcely imagine a more frivolous basis for demanding reconsideration.

Accordingly, for the reasons stated, BSI's Motion for Reconsideration should be denied in its entirety.

---

[1] *See, e.g.,* Defendant Connexus Corp.'s Opposition to Motion for Reconsideration (Docket No. 377) (pointing out that BSI's motion violates local rules).

[2] BSI's recently filed opposition to Defendant Connexus Corp.'s Motion for Reconsideration does nothing more than cite to the same Ninth Circuit authority already relied upon – and rejected by this Court – in BSI's prior briefing. *See* BSI's Opposition, at 6-7 (Docket No. 375).

          Respectfully submitted,

DATED: July 19, 2010

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1627
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

Darrell J. Graham (*Pro Hac Vice*)
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334
Chicago, IL  60604
(312) 922-4533
(312) 922-4757 (facsimile)
dgraham@djgrahamlaw.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

Anthony Cavanaugh
Thomas M. Barba
John J. Duffy
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
(202) 429-3000
(202) 429-3902 (facsimile)
acavanaugh@steptoe.com
tbarba@steptoe.com
jduffy@steptoe.com
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
301-563-9249
301-563-9639 (fax)
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson St., Suite 201
Rockville, MD  20850
(301) 251-9660
(301) 251-9610 (facsimile)
mike@mikerothman.com

*Attorneys for Plaintiff Beyond Systems, Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Defendants Connexus Corp.*

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1624
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*