UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | |
| **Plaintiff,** | Case No.: **8:08-cv-00409-PJM** |
| v. | |
| KRAFT FOODS INC., *et al.* | |
| **Defendants.** | |

**KRAFT DEFENDANTS' MOTION FOR CERTIFICATION**
**UNDER 28 U.S.C. § 1292(b) AND MEMORANDUM IN SUPPORT**

Pursuant to 28 U.S.C. § 1292(b), Defendants Kraft Foods, Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc. ("Kraft") hereby move for certification of the following questions to the Fourth Circuit for immediate appeal:

(1)  Does the federal CAN-SPAM Act, 15 U.S.C. §7707(b)(1), preempt state law claims involving unsolicited commercial email ("UCE"), except claims for common law fraud?  In other words, to avoid preemption, must the plaintiff prove all of the elements of common law fraud under state law?

(2)  If all of the elements of common law fraud are not required to be proven, then at a minimum to avoid preemption, must plaintiff at least prove the following elements of fraud under state law:  (a)  intent to defraud, (b) a material misrepresentation, and (c) plaintiff's justifiable reliance?

**I.      INTRODUCTION & SUMMARY**

On January 29, 2010, Kraft filed its Motion for Summary Judgment (Docket No. 283) ("Kraft's Motion") on Plaintiff Beyond Systems, Inc.'s ("BSI") claims under California Business

& Professions Code § 17529.5 and Maryland Commercial Law Code § 14-3002. One of Kraft's

principal arguments was that the federal CAN-SPAM Act preempts state law claims involving

UCE, except claims for common law fraud. *See* Kraft's Motion, at 28-37.

On June 14, 2010, the Court issued an order partially granting and partially denying

Kraft's Motion (Docket No. 370) ("Court's MSJ Order"). During oral argument, the Court also

ruled that BSI is not required to prove all the elements of common law fraud in order to prevail

on its state law UCE claims. *See* Transcript of Motion Proceedings, at 94:12 – 95:10.

Whether BSI is required to prove all the elements of common law fraud, or, at minimum,

intent to defraud and justifiable reliance, is a controlling question of law as to which there is

substantial ground for difference of opinion, as evidenced by the Fourth Circuit's opinion in

*Omega World Travel, Inc. v. Mummagraphics*, and those of other courts. 469 F.3d 348, 353 (4th

Cir. 2006). For example, in a case coincidentally involving Hypertouch, Inc., the Ninth Circuit

recently affirmed that plaintiffs must plead all the elements of fraud. *Hypertouch, Inc. v.

Azoogle.com, Inc.*, No. 09-15943**,** 2010 WL 2712217, at *1 (9th Cir. July 9, 2010) (unpublished)

("We agree with the district court that the causes of action [under California Business and

Professions Code § 17529.5(a)] as pled sound in fraud" and Hypertouch must "plead all of the

allegations sufficiently to set forth a claim of fraud."). Moreover, numerous trial courts agree

with this analysis. *ASIS Internet Services v. Optin Global, Inc.*, No. C-05-05124 JCS, 2008 WL

1902217, at*19 (N.D. Cal., Apr. 29, 2008) ("the CAN-SPAM Act … permits state law to

regulate the use of electronic messages only to the extent those regulations are based on

traditional principles of fraud"); *Ferron v. Echostar Satellite, LLC,* No. 2:06-cv-00453, 2008 WL

4377309, at *6 (S.D. Ohio Sept. 24, 2008) (agreeing that plaintiff had no evidence "that would

support a fraud claim."); *Kleffman v. Vonage Holdings Corp.*, No. CV 07-2406GAFJWJX, 2007

WL 1518650, at *3 (C.D. Cal. May 23, 2007) (Congress "left states room only to extend their

*traditional* fraud prohibitions to the realm of commercial emails") (emphasis in original);

*Hypertouch v. Valueclick*, Case No. LC081000, at 13 (Cal. Sup. Ct., May 4, 2009) (CAN-SPAM

preempts all state law claims except for those sounding in "common law fraud") (filed in this

matter at Doc. No. 283-32).

Furthermore, as described below, BSI cannot possibly prove either intent to defraud or

justifiable reliance with respect to 99% of the emails that are still actionable against Kraft after

the Court's MSJ Order.

Accordingly, Kraft respectfully requests that the Court certify the above-stated questions

to the Fourth Circuit for immediate appeal.

## II.    ARGUMENT

### A.    Standard for Certification Under § 1292(b)

Under 28 U.S.C. § 1292(b), a district court judge may certify a question for interlocutory

appeal where (1) an order of the Court "involves a controlling question of law"; (2) there is

"substantial ground for difference of opinion"; and (3) immediate appeal "may materially

advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

### B.    The Court's MSJ Order Involves a Controlling Question of Law

"[A] controlling question of law is one that 'has the potential of substantially accelerating

disposition of the litigation.'" *In re Microsoft Corp. Antitrust Litigation*, 274 F. Supp. 2d 741,

742 (D. Md. 2003) (quoting 19 James Wm. Moore et al., *Moore's Federal Practice* § 203.31[3]

(3d ed.2003)).

Whether BSI must prove all the elements of common law fraud, or at minimum the

elements of "intent to defraud" and "justifiable reliance," is a pure issue of law that will

substantially accelerate the disposition of this litigation because, as described further below, BSI cannot prove those two elements of common law fraud with respect to 99% of the emails that are still actionable against Kraft.

**C.      There is Substantial Ground for Difference of Opinion**

A substantial ground for difference of opinion is established by citation to persuasive authorities that differ from the conclusion reached by the district court.  *Moffett v. Computer Sciences Corp.*, Civil No. PJM 05-1547, 2010 WL 348701, at *2 (D. Md. Jan. 22, 2010).

In *Omega*, the Fourth Circuit preempted an Oklahoma UCE statute that "seem[ed] to reach beyond common law fraud or deceit" and "[b]y its terms, [was] not limited to inaccuracies in transmission information that were <u>material</u>, led to <u>detrimental reliance</u> by the recipient, and were made by a sender who <u>intended</u> that the misstatements be acted upon and either <u>knew</u> them to be inaccurate or was <u>reckless</u> about their truth."  469 F.3d at 353 (citing *Rogers v. Meiser*, 68 P.3d 967, 977 (Okla. 2003) (requiring those elements for Oklahoma fraud action) (emphasis added)).  The Fourth Circuit also cited to Restatement §§ 525 and 538 in support of these conclusions.  *Id*.  Section 525 addresses "Liability for Fraudulent Misrepresentation," and states that

> One who fraudulently makes a misrepresentation of fact, opinion, intention or law <u>for the purpose of inducing another to act or to refrain from action in reliance upon it</u>, is subject to liability to the other in deceit for pecuniary loss caused to him by his <u>justifiable reliance</u> upon the misrepresentation.
>
> Restatement (Second) of Torts § 525 (1977) (emphasis added).
>
> Section 538 addresses addresses "Materiality of Misrepresentation" and states that

"[r]eliance upon a fraudulent misrepresentation is not <u>justifiable</u> unless the matter misrepresented is material."  *Id*. § 538 (emphasis added).

This demonstrates that the Fourth Circuit has established that state UCE laws are preempted to the extent they do not require a plaintiff to prove all the elements of common law fraud, or, at minimum, the elements of "intent to defraud" and "justifiable reliance."  As described above, the Ninth Circuit and numerous trial courts have also ruled that plaintiffs must prove the elements of fraud in order to prevail on a state law UCE claim.  *Hypertouch, Inc.,* 2010 WL at *1 ("We agree with the district court that the causes of action [under California Business and Professions Code § 17529.5(a)] as pled sound in fraud" and Hypertouch must "plead all of the allegations sufficiently to set forth a claim of fraud."); *see also ASIS Internet Services*, 2008 WL at*19; *Ferron,* 2008 WL at *6; *Kleffman*, 2007 WL at *3 *Valueclick*, Case No. LC081000, at 13 (filed in this matter at Doc. No. 283-32).

Accordingly, Kraft respectfully submits there is substantial ground for difference of opinion as to the above-stated questions.

**D.      Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation**

If the Fourth Circuit determines that BSI must prove all the elements of common law fraud, BSI will have to establish:  (1) misrepresentation; (2) Kraft's knowledge of falsity; (3) Kraft's intent to defraud; (4) BSI's justifiable reliance; and (5) resulting damage to BSI proximately caused by any misrepresentation.  *Scofield v. Critical Air Medicine, Inc.,* 45 Cal. App. 4th 990, 1010 n.19 (1996); *Suburban Prop. Management, Inc. v. Johnson,* 236 Md. 455, 460 (1964).  Based on the undisputed facts described below, BSI cannot possibly prove either (1) Kraft's intent to defraud, or (2) BSI's justifiable reliance.  Therefore, if the Fourth Circuit concludes that BSI must prove all the elements of common law fraud, (or at least Kraft's "intent to defraud" and BSI's "justifiable reliance") that will materially advance the ultimate termination of the litigation by requiring this Court to enter summary judgment in Kraft's favor on 99% of

the emails still actionable against Kraft. *Sobel v. Hertz Corp.*, No. 03:06-CV-00545-LRH-VPC, 2007 WL 4287473, at *1 (D. Nev. Dec. 5, 2007) (certification granted where immediate appeal had potential to resolve "the vast majority" of the case); *Winnett v. Caterpillar, Inc.*, No. 3:06-cv-00235, 2007 WL 2123905, at *6 (M.D. Tenn. July 20, 2007) (certification granted where immediate appeal had the potential to resolve 80% of claims).

1.      **The Undisputed Facts Show That BSI Cannot Prove Kraft's Intent to Defraud or its Own Justifiable Reliance**

There is no dispute that BSI is suing as an Internet Service Provider ("ISP"), as opposed to an "individual recipient" of any alleged UCE. *See* BSI's Opposition to Kraft's Motion for Summary Judgment, at 27 (Docket No. 309). There is also no dispute that the only thing ISPs can "rely" on to their detriment when receiving an email is information in the header that is "designed to impede or evade their filters." *Id*. at 42.

The Court's MSJ Order establishes that the only emails that are still actionable against Kraft are those "sent directly to BSI," *i.e.,* those that were not "sent directly to Hypertouch." *See* Transcript of Motion Proceedings, at 68:5-7; *see also* Court's MSJ Order, at ¶ 3. There can be no dispute that 99% of the emails "sent directly to BSI" contain the word "Gevalia" in their "from" lines. *See* Declaration of John Evans, at ¶ 5 (8,352 of the 8,466 remaining email transmissions include "Gevalia" in the "from" line).

The presence of the word "Gevalia" in the "from" line undisputedly enhances BSI's ability to filter these allegedly unwanted Gevalia emails. *See* Deposition of Paul Wagner, at 229:4-230:8 (June 15, 2009) (filed under seal in this matter at Doc. No. 283-8). Therefore, because Kraft has provided a simple means for ISPs – like BSI – to filter these emails, no reasonable jury could find that Kraft acted with any intent to defraud BSI. Furthermore, BSI cannot possibly establish any "justifiable reliance" in accepting these emails since it made a

6

conscious decision to accept them, rather than simply filtering them out as it could have so easily done if it truly did not want to receive Gevalia emails. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1052 (9th Cir. 2009) (an ISP who "purposefully avoid[s] taking even minimal efforts to avoid or block spam messages" cannot then sue over those very same emails).

These conclusions are consistent with the California Supreme Court's recent ruling that the California UCE statute does not "prohibit every practice that might <u>decrease</u> the effectiveness of spam filters." *Kleffman v. Vonage Holdings Corp.*, 49 Cal. 4th 334, 349 (2010) (not unlawful to send commercial e-mail advertisements from multiple domain names for the purpose of bypassing spam filters) (emphasis added). It follows then that emails that are designed to <u>increase</u> the effectiveness of spam filters – like those with "Gevalia" in the "from" line – cannot possibly be actionable under state law.

Accordingly, if the Fourth Circuit answers either of the certified questions in the affirmative, Kraft will be entitled to summary judgment on 99% of the remaining emails at issue because BSI cannot possibly prove Kraft's "intent to defraud" or its own "justifiable reliance" with respect to those emails.

### III.   CONCLUSION

For the reasons stated, Kraft respectfully requests that the Court certify the above-stated questions to the Fourth Circuit for immediate appeal.

Respectfully submitted,

DATED:  August 2, 2010                          /s/

John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1627
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

Darrell J. Graham (*Pro Hac Vice*)
THE LAW OFFICE OF DARRELL J.
GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334
Chicago, IL  60604
(312) 922-4533
(312) 922-4757 (facsimile)
dgraham@djgrahamlaw.com

*Attorneys for Defendants Kraft Foods Inc.,*
*Kraft Foods Global Inc., and Vict. Th. Engwall*
*& Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

Anthony Cavanaugh
Thomas M. Barba
John J. Duffy
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
(202) 429-3000
(202) 429-3902 (facsimile)
acavanaugh@steptoe.com
tbarba@steptoe.com
jduffy@steptoe.com
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
301-563-9249
301-563-9639 (fax)
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson St., Suite 201
Rockville, MD  20850
(301) 251-9660
(301) 251-9610 (facsimile)
mike@mikerothman.com

*Attorneys for Plaintiff Beyond Systems, Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Defendants Connexus Corp.*

/s/

John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1624
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

9