UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

August 3, 2010

**VIA ELECTRONIC FILING**

Anthony F. Cavanaugh, Esq.
Jennie L. Kneedler, Esq.
John J. Duffy, Esq.
Thomas M. Barba, Esq.
Steptoe and Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Anthony Adrian Onorato, Esq.
Steptoe and Johnson, LLP
750 Seventh Avenue
New York, NY 10019

Michael S. Rothman, Esq.
Law Office of Michael S. Rothman
401 East Jefferson Street, Suite 201
Rockville, MD 20850

Stephen H. Ring, Esq.
Stephen H. Ring, PC
506 Main Street, Suite 215
Gaithersburg, MD 20878

Barry J. Reingold, Esq.
John M. Devaney, Esq.
John K. Roche, Esq.
Perkins Coie, LLP
607 14th Street, NW, Suite 800
Washington, DC 20005

Darrell J. Graham, Esq.
Law Office of Darrell J. Graham, LLC
53 West Jackson Boulevard, Suite 1334
Chicago, IL 60604

Ari N. Rothman, Esq.
J. Douglas Baldridge, Esq.
Lisa J. Fales, Esq.
Venable, LLP
575 Seventh Street, NW
Washington, DC 20004

Sanford M. Saunders, Jr., Esq.
Nicoleta Burlacu, Esq.
Greenberg Traurig, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037

Re: <u>Beyond Systems, Inc. v. Kraft Foods, Inc., et al.</u>
    Civil Action No.: PJM-08-409

Dear Counsel:

The Court has received Plaintiff's Motion for Reconsideration of the Ruling in Docket Item No. 344 Finding No Common Interest Agreement ("Plaintiff's Motion") (Docket Item No. 349). The Court has reviewed Plaintiff's Motion and all related briefings, including Connexus's and Kraft's Oppositions, and Plaintiff's replies thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons stated below, the Court DENIES Plaintiff's Motion.

*Beyond Systems, Inc. v. Kraft Foods, Inc., et al.*
Page 2 of 10
August 3, 2010

## I. Parties' Arguments

In the Court's Order finding no common interest agreement ("Court's Order") (Docket Item No. 344), this Court previously determined that no "open-ended joint defense agreement created in 2002" existed between Paul Wagner of Beyond Systems Inc. ("BSI") and Joe Wagner of Hypertouch. This order was the result of Defendants' Motion to Compel Plaintiff to Produce Documents Withheld on Alleged Grounds of Privilege ("Underlying Motion") (Docket Item No. 209). Arguing that a broad common interest agreement exists between BSI and Hypertouch, Plaintiff moves for reconsideration pursuant to Local Rule 105.10 (D. Md.).

Plaintiff claims that the Declaration of Steven Wagner, March 15, 2010, ("Steven Wagner's Second Declaration") (Docket Item No. 329-2), conclusively proves that a common interest agreement was continuously in existence since 2002. Plaintiff states that the purpose of the common interest agreement "was to permit Hypertouch and BSI to share information and legal strategy in connection with potential lawsuits by BSI and/or Hypertouch." Plaintiff asserts that the Court mistakenly failed to consider Steven Wagner's Second Declaration in making its initial ruling. Lastly, Plaintiff instructs that the appropriate standard for the Court's reconsideration is "as justice requires," the legal standard applicable to reconsideration of an interlocutory order. Defendants Connexus and Kraft both oppose Plaintiff's Motion, arguing that a common interest agreement does not exist between BSI and Hypertouch. Both argue that Plaintiff has not met its burden in asking for a reconsideration of the Court's Order; that Plaintiff has not demonstrated that "exceptional circumstances" exist warranting reconsideration. Additionally, Defendants argue that the Court was not required to review Steven Wagner's Second Declaration, and even if it did, that the declaration did not establish a common interest agreement.

## II. Plaintiff has not Satisfied its Burden and Met the Standard for a Motion for Reconsideration of an Interlocutory Order

The Court's Order is an interlocutory order. Contrary to Defendant's claims, Federal Rule of Civil Procedure 60(b) does not apply to interlocutory orders. Instead, reconsideration of an interlocutory order is within the plenary powers of the Court and can be made "as justice requires." 7 James Wm. Moore et al., Moore's Federal Practice ¶ 60.20 (2d ed. 1966). Federal Rule of Civil Procedure 7 permits a party broad relief including requesting that the court reconsider an order it previously issued. Fed. R. Civ. P. 7; Potter v. Potter, 199 F.R.D. 550, 552 (D. Md. 2001). Local Rule 105.10 also provides for this kind of relief. Local Rule 105.10 (D. Md.).

In the District of Maryland, reconsideration is appropriate only if it satisfies one of the three grounds: (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. Potter, 199 F.R.D. at 552 n.1; see also

*Beyond Systems, Inc. v. Kraft Foods, Inc., et al.*
Page 3 of 10
August 3, 2010

Jackson v. Geren, 2008 WL 7728653, at *1 (D. Md. 2008).[1]   This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing and interlocutory order.  Am. Canoe Assn. Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003).  Plaintiff has not met its burden under the Fourth Circuit's test.

First, Plaintiff does not point the Court to any intervening changes in the controlling law. See Shields v. Shelter, 120 F.R.D. 123, 126 (D. Colo. 1988); see also Above the Belt, Inc., v. Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Second, Plaintiff incorrectly presents Steven Wagner's Second Declaration as "newly discovered evidence."  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982)).  Steven Wagner's Second Declaration, dated March 15, 2010, was available at the time of the Court's Order.[2] Plaintiff merely neglected to present it to the Court for consideration.  Additionally, Steven Wagner's Second Declaration does not "point to any…evidence that was unavailable at the time of [the] [c]ourt's [o]rder."  AGV Sports Group, Inc. v. Protus IP Solutions, Inc., 2010 WL 1529195, at *2 (D. Md. Apr. 15, 2010).[3]  Instead, Plaintiff reiterates arguments that this Court previously rejected, which is insufficient for a valid motion for reconsideration.  Furthermore, a party may not rely on new evidence to amend a previous judgment unless there is a valid reason the party did not present the evidence earlier.  Id.  For the purposes of Plaintiff's Motion, Steven Wagner's Second Declaration is new evidence.  Plaintiff, however, does not establish "a 'legitimate justification for not presenting' the evidence during the earlier proceeding."  Id. (citing Small v. Hunt, 98 F.3d 789, 798 (4th Cir. 1996)).  Thus, Plaintiff's Motion is not justified on this ground because Plaintiff neither presents new evidence that was previously unavailable nor does it provide an acceptable excuse for not presenting Steven Wagner's Second Declaration earlier.

Third, Plaintiff claims that its request is justified because there is a "need to correct clear error or prevent manifest injustice."  Plaintiff argues that the manifest injustice was the Court's failure to review Steven Wagner's Second Declaration which was originally filed on April 1, 2010, with respect to a different motion.  Steven Wagner's Second Declaration was not filed with the Underlying Motion.  When a court reviews an interlocutory motion, the burden is on the party

---

[1] This three-part test is analogous to three grounds that the Fourth Circuit recognized for amending a judgment under Rule 59(e). The three grounds for Rule 59(e) are: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997)); see also Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005).
[2] Plaintiff filed Steven Wagner's Second Declaration on April 1, 2010 in support of its Reply to Defendants' Opposition to Plaintiff's Motion for Return of Inadvertently Produced Privileged Document and Order Striking All Reference to Said Document ("Plaintiff's Clawback Reply") (Docket Item No. 329).  The Court's Order was dated April 23, 2010.
[3] The District of Maryland defined "unavailable" by referencing the Rule 60(b)(2) standard: "newly discovered evidence that, with reasonable diligence, could not have been discovered...".  Id. (quoting Fed. R. Civ. P. 60(b)).

*Beyond Systems, Inc. v. Kraft Foods, Inc., et al.*
*Page 4 of 10*
*August 3, 2010*

to present evidence that supports its position. This Court should not have to search the docket for additional filings. Plaintiff failed to provide the Court with all supporting evidence for its motion.

### III. There is no Broad Common Interest Agreement between BSI and Hypertouch

Even if Plaintiff's Motion was warranted, the Court reaffirms its ruling because there is no broad common interest agreement between BSI and Hypertouch. Plaintiff again fails to persuasively demonstrate that a common interest agreement existed between BSI and Hypertouch beyond the limited joint privileged communications discussed in the Court's Order.

The common interest rule applies when parties share a common interest in litigation. In re Grand Jury Subpoenas, 89-3 and 89-4, John Doe 89-129 (Under Seal), 902 F.2d 244, 249 (4th Cir. 1990). The Fourth Circuit explained that the purpose of this rule is to allow for more effective communication between persons, and their respective attorneys, to prosecute or defend claims. Id. The District of Maryland requires that a common interest agreement be "legal in nature…'as opposed to a commercial interest'" in order for the privilege to apply. Neuberger Berman Real Estate v. Lola Brown Trust, No.1B, 230 F.R.D. 398, 416 (D. Md. 2005) (quoting Duplan Corp. v. Deering Milliken, 397 F. Supp. 1146, 1164 (D.S.C. 1974)).

> *a. Plaintiff does not establish that there was a written common interest agreement between BSI and Hypertouch*

Plaintiff bases its claim that a broad common interest agreement was created on evidence of similar spam emails, which were sent to both BSI and Hypertouch. Plaintiff argues that this Court should infer that, because both companies received similar spam emails, litigation was being contemplated. However, Plaintiff's evidence merely shows "a joint business strategy" that includes "a concern about litigation." Id. Like the defendants in Neuberger, the agreement in this case is more analogous to a joint business strategy—it is not legal in nature. Steven Wagner's Second Declaration does not establish an "identical…legal interest…with respect to the subject matter of the communications." Id. (stating that an identical legal interest is required by the District of Maryland in the absence of common ownership or control of the parties to the agreement).

Plaintiff bolsters its claims that BSI and Hypertouch share a common legal interest, by the fact that both companies consult the same legal representative—Steve Wagner. However, in the District of Maryland: "[e]mploying joint counsel may be evidence that a common interest exists, but it does not create one…". Neuberger, 230 F.R.D. at 417. Cheeves v. S. Clays, Inc., 128 F.R.D. 128 (D. Ga. 1989) stands "for the proposition that even when two parties employ the same attorney and share information with each other, if there is no common legal interest or fiduciary duty, the doctrine does not apply." Neuberger, 230 F.R.D. at 417. (citing Cheeves, 128 F.R.D. at 131)).

*Beyond Systems, Inc. v. Kraft Foods, Inc., et al.*
Page 5 of 10
August 3, 2010

      To show a common legal interest exists, the District of Maryland requires the proponent of the agreement to "establish that when communications were shared among individuals with common legal interests, the act of sharing was part of an ongoing common legal enterprise." Neuberger, 230 F.R.D. at 416. An ongoing common legal enterprise is established either when there is common ownership/control or when the court determines that the third party shares an identical legal interest as the client. Id. Since Plaintiff does not claim there is a common ownership/control, to show an identical legal interest Plaintiff must address "… not… when documents were generated, but … the circumstances surrounding the disclosure of privileged documents to a jointly interested third party." In re Grand Jury Subpoenas, 902 F.2d at 249. Plaintiff does not directly address or specifically establish when and under what circumstances the documents were disclosed from one party to the other for legal purposes.

      b. *Plaintiff does not establish that there was an oral common interest agreement between BSI and Hypertouch*

      Additionally, Plaintiff fails to address the fact that there never was a written record of a common interest agreement. Instead, Plaintiff asks the Court to adopt a broader privilege based upon an oral joint interest agreement. "An oral agreement whose existence, terms and scope are proved by the party asserting it, may be enforceable as well." Minebea Co. v. Papst, 228 F.R.D. 13, 16 (D.D.C. 2005). The existence of an oral agreement can be conclusively proved in two ways. First, the party asserting the oral agreement can show that the parties voted or otherwise agreed to take a specific litigation stance. United States v. Duke Energy, 214 F.R.D. 383, 391 (M.D.N.C. 2003). Second, the party asserting the oral agreement can show that the communications between the parties "were only with respect to the agreed common shared litigation interest." Id. The burden is on the party asserting the oral agreement "to come forward with specific facts showing these matters." Id.

      Plaintiff does present "specific facts" that carry the burden for an oral common interest agreement. Id. Plaintiff fails to direct the Court to evidence showing that BSI and Hypertouch voted or otherwise agreed to take a specific litigation stance. The evidence that Plaintiff points to, that the companies shared the same legal representative and received similar spam emails, is not sufficient. Nor did Plaintiff show that the communication between the Wagner brothers, on behalf of BSI and Hypertouch, was *only* with respect to the agreed common shared litigation interest. It was incumbent upon Plaintiff to present specific facts showing these interactions. "Conclusory statements and ambiguous evidence will not satisfy that burden." Id. Plaintiff fails to show that Steven Wagner's Second Declaration addresses this Court's previously noted lack of clarity surrounding the "existence, terms and scope" of an oral common interest agreement. Id.

      c. *The declarations that Plaintiff presents do not establish a common interest agreement between BSI and Hypertouch.*

      Neither of the Wagner declarations sufficiently establishes a broad common interest agreement was created between BSI and Hypertouch. Plaintiff argues that "the declarations filed

*Beyond Systems, Inc. v. Kraft Foods, Inc., et al.*
*Page 6 of 10*
*August 3, 2010*

with Docket Item No. 209 [Underlying Motion] *themselves* established the existence of a common interest agreement – the later Steven Wagner declaration [Steven Wagner's Second Declaration] merely *amplifies* what was previously demonstrated." However, this Court remains unconvinced. Steven Wagner's Second Declaration has not been illuminating.

Second, motions for reconsideration of interlocutory orders, cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment…". Pacific, 148 F.3d at 403. Steven Wagner's Second Declaration was available at the time of the Court's Order, but was not submitted in the Underlying Motion. Thus, Plaintiff may not use Steven Wagner's Second Declaration to show that a common interest agreement was continuously in existence since 2002.

### IV. CONCLUSION

Plaintiff fails to establish any of the three grounds accepted by the District of Maryland as justifications for reconsideration of an interlocutory order. Even if Plaintiff could overcome this procedural hurdle, Plaintiff also fails to show that Steven Wagner's Second Declaration demonstrates the existence a broad common interest agreement. For the foregoing rationale, the Court DENIES Plaintiff's Motion. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

Very truly yours,

_____/s/_____
Charles B. Day
United States Magistrate Judge

CBD/ec