UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**BEYOND SYSTEMS, INC.**

    **Plaintiff,**

v.

**KRAFT FOODS INC.,** *et al.*

    **Defendants.**

Case No.: 8:08-cv-00409-PJM

**KRAFT DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

Defendants Kraft Foods, Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc. ("Kraft") hereby submit this reply in support of their motion for certification pursuant to 28 U.S.C. § 1292(b). *See* Docket No. 383.

## I.    ARGUMENT

**A.    There is Substantial Ground for Difference of Opinion Over This Controlling Question of Law**

Whether Plaintiff Beyond Systems, Inc. ("BSI") is required to prove all the elements of common law fraud, or, at minimum, intent to defraud and justifiable reliance, is a controlling question of law as to which there is substantial ground for difference of opinion, as evidenced by the Fourth Circuit's opinion in *Omega World Travel, Inc. v. Mummagraphics*, and those of the other courts cited in Kraft's motion. 469 F.3d 348, 353-54 (4th Cir. 2006) (citing the elements of fraud under state law). BSI never addresses *Omega*'s discussion of the elements of fraud in its opposition, but instead simply relies on this Court's summary judgment ruling to support its view that the Fourth Circuit's fraud discussion was mere dicta. *See* BSI Opposition, at 3-4 (Docket No. 391). Of course, every party that moves for certification under § 1292(b) has an

interpretation of the law that differs from the district court's on the issue at hand, so BSI adds nothing to the debate by reiterating this Court's disagreement with Kraft on this issue.

As for the lower court opinions cited in Kraft's motion, BSI's only substantive response is to suggest that they cannot reflect a substantial ground for difference of opinion because none of them arose in the Fourth Circuit. *See* BSI Opposition, at 5. This argument fails for at least two reasons. First, it ignores the fact that as recently as January of this year this Court relied on decisions outside the Fourth Circuit to support a finding of substantial grounds for difference of opinion under § 1292(b). *Moffett v. Computer Sciences Corp.*, Civil No. PJM 05-1547, 2010 WL 348701, at *2 (D. Md. Jan. 22, 2010) (Messitte, J.). Second, the *Wachovia* case that BSI cites for this proposition dealt with an issue of Alabama law, which explains why the court was only interested in differing opinions from *Alabama* courts. *Stephens v. Wachovia Corp.*, No. 3:06CV246, 2008 WL 1820928, at *4 (W.D.N.C. Apr. 21, 2008). Here, Kraft asks for certification of a preemption issue arising under federal law, which is clearly not an issue germane only to courts within this circuit.

Finally, BSI casts an unfounded aspersion by claiming that Kraft's motion misrepresents the Ninth Circuit's holding in *Hypertouch, Inc. v. Azoogle.com, Inc.*, No. 09-15943, 2010 WL 2712217, at *1 (9th Cir. July 9, 2010) (unpublished). *See* BSI Opposition, at 6. BSI's overheated response is perhaps understandable in light of the awkward fact that its sister company (with whom BSI also shares attorneys) apparently agrees with Kraft that state unsolicited commercial email ("UCE") claims must satisfy the elements of common law fraud. *Id.* at 7 ("Hypertouch brought the burden of Rule 9(b)'s particularity requirement on itself."). Even so, Kraft clearly did not misrepresent anything when it stated that "the Ninth Circuit recently affirmed that plaintiffs must plead all the elements of fraud" under state UCE laws. *See*

Kraft's Motion, at 2 (citing *Hypertouch,* 2010 WL at *1 ("We agree with the district court that the causes of action [under California Business and Professions Code § 17529.5(a)] as pled sound in fraud" and Hypertouch must "plead all of the allegations sufficiently to set forth a claim of fraud.")). Furthermore, BSI's claim that the Ninth Circuit viewed Hypertouch's heightened pleading requirements under § 17529.5 as a purely self-inflicted wound is nonsense, as indicated by the following:

> Not only does the California statute speak in terms of commercial e-mail advertisements that contain "falsified," "misrepresented," "forged," or misleading information, *see* Cal. Bus. & Prof.Code § 17529.5(a)(2)-(3), terms common to fraud allegations, but Hypertouch's own complaint repeatedly describes the advertisements and their content as "fraudulent."

*Id.* (emphasis added). Moreover, it should go without saying that a plaintiff is either required to prove the elements of fraud under a particular statute or it is not; neither Hypertouch nor any other plaintiff can fundamentally alter the elements of a statutory claim simply through its own careless pleading.

Accordingly, BSI has failed to rebut Kraft's showing of a substantial ground for difference of opinion on this controlling legal issue.

**B.   Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation**

As noted in Kraft's motion, the presence of the word "Gevalia" in the "from" line of 99% of the remaining emails undisputedly gave BSI a simple means of filtering these allegedly unwanted emails. *See* Kraft Motion, at 6-7 (Docket No. 383). BSI does not squarely address these facts, but instead takes issue with Kraft's discussion of the elements of fraudulent intent and justifiable reliance, and further makes the conclusory claim that an interlocutory appeal will

3

not advance the ultimate termination of this litigation. *See* BSI's Opposition, at 8-10. BSI's arguments are unconvincing for a number of reasons.

First, BSI stipulated that the only thing an Internet Service Provider ("ISP") can "rely" on to its detriment when receiving an email is information in the header that is "designed to impede or evade their filters." *See* BSI's Opposition to Kraft's Motion for Summary Judgment, at 42 (Docket No. 309). Given that BSI itself framed the debate in these terms, it must address its inability to show justifiable reliance based on the fact that it chose not to deploy the simple means of filtering these emails that Kraft made available to ISPs like BSI. It is no response at all for BSI to avoid this issue by pretending that Kraft devised this filtering-based standard for reliance. *See* BSI's Opposition, at 8 ("Although Kraft has invented its own legal standards as to what 'intent to defraud' and 'justifiable reliance' would mean …."). It is also no response for BSI to pretend that it has no obligation to employ reasonable filtering mechanisms before it can bring suit. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1052 (9th Cir. 2009) (an ISP who "purposefully avoid[s] taking even minimal efforts to avoid or block spam messages" cannot then sue over those very same emails).

Second, BSI never addresses the California Supreme Court's recent ruling that § 17529.5 does not "prohibit every practice that might <u>decrease</u> the effectiveness of spam filters." *Kleffman v. Vonage Holdings Corp.*, 49 Cal. 4th 334, 349 (2010) (not unlawful to send commercial e-mail advertisements from multiple domain names for the purpose of bypassing spam filters) (emphasis added). The obvious corollary is that emails designed to <u>increase</u> the effectiveness of spam filters – like those with "Gevalia" in the "from" line – cannot possibly demonstrate any fraudulent or misleading intent by the sender or the advertiser. BSI never responds to this common sense argument, but instead pretends that its litany of other complaints (about emails it

could have easily avoided if it had any genuine interest in doing so) are somehow indicative of Kraft's intent to visit harm on BSI and its customers.

Finally, BSI contends that because discovery is closed and the Court has issued summary judgment rulings that this case is not in a good procedural posture for certification. *See* BSI Opposition, at 9-10. However, that argument has no force because it is often the case that issues are certified under § 1292(b) after the close of discovery and a summary judgment ruling by the district court. *Chesapeake Paper Products Co. v. Stone & Webster Engineering Corp.*, 51 F.3d 1229, 1237 (4th Cir. 1995) ("a party that believes the district court committed error in denying summary judgment may move the court to certify the denial for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)."). Furthermore, as discussed in Kraft's motion, if the Fourth Circuit answers either of the certified questions in the affirmative, Kraft will be entitled to summary judgment on 99% of the remaining emails at issue because BSI cannot possibly prove Kraft's "intent to defraud" or its own "justifiable reliance" for the reasons described above. Aside from greatly reducing either party's incentive to go forward with the cost of a trial, this will also greatly expedite any eventual trial because, as things now stand, BSI has to put on evidence regarding the allegedly unlawful elements of 8,968 separate emails. *See* Declaration of John Evans, at ¶ 5 (Docket No. 383-1). This exercise will take weeks, if not months, to accomplish. However, if Kraft obtains summary judgment, no more than 114 emails will remain at issue for trial. *Id.* Hence, certification to the Fourth Circuit has the potential to greatly reduce the burden on this Court, thereby satisfying the final prong of the § 1292(b) analysis. *Sobel v. Hertz Corp.*, No. 03:06-CV-00545-LRH-VPC, 2007 WL 4287473, at *1 (D. Nev. Dec. 5, 2007) (certification granted where immediate appeal had potential to resolve "the vast majority" of the case); *Winnett*

*v. Caterpillar, Inc.*, No. 3:06-cv-00235, 2007 WL 2123905, at *6 (M.D. Tenn. July 20, 2007) (certification granted where immediate appeal had the potential to resolve 80% of claims).

## II.   CONCLUSION

For the reasons stated above and in Kraft's motion for certification, Kraft respectfully requests that the Court certify the following questions to the Fourth Circuit for immediate appeal:

(1)  Does the federal CAN-SPAM Act, 15 U.S.C. §7707(b)(1), preempt state law claims involving unsolicited commercial email ("UCE"), except claims for common law fraud?  In other words, to avoid preemption, must the plaintiff prove all of the elements of common law fraud under state law?

(2)  If all of the elements of common law fraud are not required to be proven, then at a minimum to avoid preemption, must plaintiff at least prove the following elements of fraud under state law:  (a)  intent to defraud, (b) a material misrepresentation, and (c) plaintiff's justifiable reliance?

Respectfully submitted,

DATED:  September 7, 2010

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1627
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

Darrell J. Graham (*Pro Hac Vice*)
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334

Chicago, IL  60604
(312) 922-4533
(312) 922-4757 (facsimile)
dgraham@djgrahamlaw.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

Anthony Cavanaugh
Thomas M. Barba
John J. Duffy
Anthony A. Onorato
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
(202) 429-3000
(202) 429-3902 (facsimile)
acavanaugh@steptoe.com
tbarba@steptoe.com
jduffy@steptoe.com
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
301-563-9249
301-563-9639 (fax)
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson St., Suite 201
Rockville, MD  20850
(301) 251-9660
(301) 251-9610 (facsimile)
mike@mikerothman.com

*Attorneys for Plaintiff Beyond Systems, Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Defendants Connexus Corp.*

/s/
_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C. 20005-2003
(202) 434-1624
(202) 654-9106 (facsimile)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*