**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____
                                          )
BEYOND SYSTEMS, INC.,                     )
                                          )
        Plaintiff,                        )
                                          )
                v.                        )        No. 8:08-cv-00409 (PJM)(CBD)
                                          )
KRAFT FOODS, INC., *et al*.,              )
                                          )
        Defendants.                       )
_____)

**PLAINTIFF BEYOND SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION TO**
**CONNEXUS CORP.'S JOINDER AND RESPONSE TO KRAFT DEFENDANTS'**
**MOTION FOR CERTIFICATION**

Plaintiff Beyond Systems, Inc. ("BSI") submits this memorandum in opposition to the

Joinder and Response to Kraft Defendants' Motion for Certification under 28 U.S.C. § 1292(b)

filed by Defendant Connexus Corp. ("Connexus") [DE# 392] ("Def.'s Joinder").

**I.      INTRODUCTION**

Connexus seeks to join Kraft's piecemeal interlocutory review of this Court's recent

determination that the federal CAN-SPAM statute does not preempt BSI's claims under the

Maryland and California statutes.  To the extent that Connexus joins Kraft's motion for

certification, DE# 383, BSI incorporates its opposition to that motion, DE# 391.  Additionally,

Connexus seeks to certify questions for appeal that it did not even raise in its summary judgment

motion.  Connexus moved for preemption based solely upon its theory that CAN-SPAM

preempts all state laws other than common law fraud.  This Court squarely rejected that

argument, and now Connexus seeks to certify questions of preemption based upon "mere falsity

or bare error," and on whether BSI must prove certain fraud elements even though it need not prove fraud.  Connexus cannot appeal issues that it did not raise before the trial court.

Additionally, Connexus has not – and similar to the Kraft Defendants – cannot justify a departure from the basic rule that a case or controversy is not ripe for appellate review until after final judgment is entered.  Because Connexus fails to justify such extraordinary relief, this Court should deny Connexus' motion.

## II.     ARGUMENT

### A.     Connexus Seeks To Appeal Issues Not Raised In Its Summary Judgment Motion.

Connexus' summary judgment motion argued that "BSI's Claims Are Preempted Because They Do Not Involve Fraud" and that "BSI cannot prove any of the required elements of common law fraud much less all of them which it must do."  DE# 257 at 26.  Connexus argued preemption on the basis of its mistaken belief that "BSI cannot prove common law fraud as it must do to survive CAN-SPAM's express preemption clause."  *Id*. at 4; *see also id*. at 19-29.  Now that this Court has ruled that Connexus' position is incorrect, Connexus seeks to appeal "questions which are <u>not</u> limited to issues involving common law fraud."  Def.'s Joinder at 1 (emphasis in original).

This remarkable tactic of appealing issues not raised on summary judgment – and essentially making a second summary judgment motion to this Court on issues Plaintiff was not required to address previously – must be rejected.  The Supreme Court has made clear that "[o]rdinarily an appellate court does not give consideration to issues not raised below."  *Hormel v. Helvering*, 312 U.S. 552, 556 (1941).[1]  The Fourth Circuit has continuously followed this

---

[1] While *Hormel* does state that there may be instances to consider questions of law which were neither pressed or passed upon down below, those are "exceptional cases or particular circumstances."  *Hormel*, 312 U.S. at 556.

precedent.  *See Young v. FDIC*, 103 F.3d 1180, 1194 (4th Cir. 1997) (holding failure to raise

issue before district court waives right to appeal the issue); *Domino Sugar Corp. v. Sugar*

*Workers Local Union 392*, 10 F.3d 1064, 1068 (4th Cir. 1993) (holding company could not

appeal an issue that it did not raise at the district court).  Connexus admits that it first raised the

issue of preemption requiring proof of a traditional tort such as deceit or negligent

misrepresentation in its motion for reconsideration.[2]  Now, Connexus seeks to raise a second new

argument as well – that mere falsity or bare error is preempted by federal law.  Connexus did not

raise either issue to this Court in its summary judgment motion, provides no explanation for why

it did not or could not previously raise them, and provides no extraordinary circumstances to

warrant departure from long-standing precedent.  Therefore, Connexus should not be permitted

to seek leave to appeal those additional questions.  *Id.*

Moreover, Connexus claims that based on its new theory, there are no contested material

facts which would preclude summary judgment.  In other words, Connexus impliedly seeks

summary judgment anew in its joinder by contending its issues will be dispositive, Def.'s Joinder

at 4, 7, which implies, in turn, that there are no disputed material facts.  Obviously, BSI could not

contest facts on issues that Connexus did not previously raise.  Connexus provides no authority

for such an uncountenanced and audacious gambit and ignores well-settled law requiring that a

party raise an issue in the trial court in order to appeal that issue.

---

Connexus makes no showing as to why its case is exceptional or particular.  It simply lost on summary judgment and now seeks to raise new issues on appeal.

[2] While Connexus did touch upon falsity and bare error, it quite clearly did so as part of its "fraud is required" argument.  *See* DE# 257 at 29 ("To survive preemption, the Fourth Circuit holds that state law claims must be based upon *actual fraud* as opposed to "immaterial" "isolated" "simple" "or bare errors.") (emphasis added).  Furthermore, this sub-section of Connexus' brief is titled "BSI's Claims Are Preempted Because They Do Not Involve Fraud." *Id.* at 22.

For these reasons alone, putting aside Connexus' failure to satisfy any of the three requisite prongs for § 1292 certification, its motion must be denied.

**B.      The Relief Afforded By 28 U.S.C. § 1292(B) Is Extraordinary, And Its Standards Are Thus Narrowly Construed And Applied.**

Even if Connexus' issues are not waived, it carries a heavy burden in seeking certification.  "This section [1292(b)], a '. . . narrow exception to the longstanding rule against piecemeal appeals, is limited to exceptional cases.'"  *CoStar Group, Inc. v. LoopNet, Inc.*, 172 F. Supp. 2d 747, 750 (D. Md. 2001) (quoting *Beck v. Commc'ns Workers of Am.*, 468 F. Supp. 93, 95-96 (D. Md. 1979)).  Because the "immediate appeal of a certified question is an extraordinary remedy[,]" *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *2 (4th Cir. Apr. 26, 1989), the Fourth Circuit has cautioned that § 1292(b) appeals should be granted sparingly and § 1292(b)'s requirements strictly construed.  *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

A party requesting certification must demonstrate that (1) the interlocutory order "involves a controlling question of law"; (2) as to which there is "substantial ground for difference of opinion"; and (3) immediate appeal "may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "All three elements must be satisfied for certification."  *Lizarbe v. Rondon*, No. PJM 07-1809, 2009 WL 2487083, at *1 (D. Md. Aug. 12, 2009) (denying 1292(b) motion where defendant could not point to "any 'substantial ground for difference of opinion.'") (Messitte, J.).  Even if the moving party satisfies the required conditions under § 1292(b), it is still entirely within the district court's discretion to deny certification. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.").  A district court's denial of a motion to certify an order for interlocutory review is not reviewable by the appellate court.  *See* 28 U.S.C. § 1292(b).

Connexus, just as Kraft did before it, fails to satisfy the criteria for certification, and falls far short of the "exceptional" circumstances required to circumvent the normal appellate review process.

**C.     Connexus Fails To Establish That Its Questions Involve A Controlling Issue Of Law Over Which There Is Substantial Ground For Difference Of Opinion.**

Connexus has not shown that a substantial ground for difference of opinion exists.  It ignores the explicit findings of this Court, does not discuss the plain language of the CAN-SPAM statute and its underlying legislative history, and misreads the case law.  Even then, Connexus still fails to illuminate the source of any substantial disagreement between this Court's preemption ruling and Fourth Circuit authority.  Moreover, the appellate court would benefit from seeing the federal preemption issue based on a complete record including evidence admitted at trial.

"[I]t is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute."  *Flor v. BOT Fin. Corp.*, 79 F.3d 281, 284 (2d Cir. 1996) (citation omitted).  Importantly, however, "[n]either disagreement as to the interpretation of persuasive authority, nor a claim that a district court's decision is incorrect, suffice to establish a substantial ground for a difference in opinion."  *Aspen Ford Inc. v. Ford Motor Co.*, No. CV-01-4677 (CPS), 2008 WL 163695, at *3 (E.D.N.Y. Jan. 15, 2008).  Yet these are precisely the untenable grounds on which Connexus' motion proceeds.

Simply stated, Connexus seeks an appeal on a falsity or bare error issue it has not previously raised, and it seeks to re-litigate individual elements of its previous fraud argument and thereby backdoor the fraud elements into an appeal without addressing why, in fact, there exists grounds for substantial disagreement – particularly in light of the fact that this Court has

now ruled twice on the preemption question and reached the correct conclusion in each instance. In any event, its mere falsity, bare error, materiality, and intent issues are all questions of fact that it did not raise in its summary judgment motion and as to which BSI had no opportunity to contest the factual underpinnings or brief and argue the law.  Connexus could not possibly prevail upon those issues at summary judgment – much less on appeal.

This Court initially addressed the preemption issue over four years ago and held that CAN-SPAM does not preempt Maryland's anti-spam statute.  *Beyond Systems, Inc. v. Keynetics Inc.*, 422 F. Supp. 2d 523, 537-38 (D. Md. 2006).  And of course just recently, following extensive briefings in two different motions for summary judgment, the Court again considered the preemption question in this case and reached the same conclusion.  In so doing, the Court considered, and rejected, the core of Connexus' preemption argument:  that the Fourth Circuit's decision in *Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 353 (4th Cir. 2006), should cause the Court to depart from its earlier decision in *Keynetics*.  *See* June 14, 2010 Hrg. Tr. at 94:22-25; 95:15-16 ("That the gist of the statute is because there's misleading information in the transmission and not you have to rely on it.  You don't have to show damages with regard.  That's why you put statutory damages in. . . .  I don't think *Omega* says anything different, quite frankly, as I looked at it.").  Seeking to incorporate certain elements of fraud is no more persuasive than Connexus' previous attempts to read common law fraud into cases and statutes where it simply does not exist.

CAN-SPAM is a deceptive practices statute, not an anti-fraud statute, and a preemption exemption narrowed to common law fraud – or certain elements of fraud – is utterly inconsistent with the intended purposes and express language of the CAN-SPAM Act.  Equally inconsistent is Connexus' new argument that even if fraud is not preempted, BSI still must prove materiality,

detrimental reliance, and intent if not the remainder of common law fraud.  Because the statute's

purpose is to stop deceptive practices, not remediate the victims of such practices, *see* S. Rep.

No. 108-102 at 1 (2003), *reprinted in* 2003 U.S.C.C.A.N. 2348, proof of reliance is not required.

Nothing in the plain language of CAN-SPAM or its legislative history suggests to the contrary.

*See* DE# 295, BSI's Opp. to Mot. Summary J. at 30-34., 37-39.

     *Omega* does not address any of this, in large part because the question presented did not

require it to.  Nonetheless, Connexus once again contends that *its interpretation* of *Omega* is

*correct*.  But as it failed to do in its summary judgment papers, Connexus again fails here to

identify where, in *Omega*, the Fourth Circuit held that any of the elements of common law fraud

are the sole survivors of CAN-SPAM's preemption exemption clause.  And more importantly for

purposes of this motion, it fails to identify where there is any substantial ground for difference of

opinion on the issue; Connexus' disagreement with this Court does not constitute substantial

disagreement.  On the contrary, the Fourth Circuit in *Omega*, later joined by the Ninth Circuit in

*Gordon v. Virtumundo, Inc.*, 575 F.3d 1040 (9th Cir. 2009), held only that state law claims based

on mere "immaterial errors" in commercial email are preempted.  *See Omega*, 469 F.3d at 353;

*Gordon*, 575 F.3d at 1061-62.  These holdings are *consistent* with the language of CAN-SPAM's

savings clause, which protects from preemption those state statutes that prohibit falsity or

deception in commercial email.

     Furthermore, rather than substantial disagreement, the consensus (should extra-Circuit

cases be relevant to this Court's consideration of this § 1292(b) motion) in the most recent – and

like this Court's latest ruling, post-*Omega* and post-*Gordon* – district court decisions, is against

finding preemption.  *See Hoang v. Reunion.com, Inc.*, No. C-08-3518 MMC, 2010 WL 1340535

(N.D. Cal. Mar. 31, 2010) (Chesney, J.); *Asis Internet Servs. v. SubscriberBASE, Inc.*, No. 09-

3503 SC, 2010 WL 1267763 (N.D. Cal. Apr. 1, 2010) (Conti, J.); DE# 336, Plaintiff's Motion

for Leave to File Supplemental Authority analyzing *Hoang* and *Asi*s; *see also Asis Internet*

*Servs. v. Consumerbargaingiveaways*, 622 F. Supp. 2d 935 (N.D. Cal. 2009) (pre-dating *Gordon*,

but rejecting argument that common law fraud alone survives CAN-SPAM preemption); *Asis*

*Internet Servs. v. Vistaprint USA, Inc.*, 617 F. Supp. 2d 989 (N.D. Cal. 2009) (same).

In fact, in *Hoang*, Judge Chesney, who had previously concluded that common law fraud

alone survives preemption, expressly noted that she was wrong – reversing course *in light of*

*Gordon* – and concluded that common law fraud is not the standard by which CAN-SPAM's

preemption exemption is to be understood.  *Hoang*, 2010 WL 1340535, at *6-7 (vacating earlier

order dismissing complaint for failure to plead reliance as required under common law fraud

because Congress was presumably aware that numerous state consumer protection laws do not

require plaintiffs to prove actual reliance and because "the legislative history identified in

*Gordon*, specifically, the statement that Congress did not intend to preempt state laws prohibiting

fraudulent or deceptive headers, subject lines, or content in commercial e-mails, is properly

understood as exempting from preemption statutes such as § 17529.5.").

As for the bypassed, unpublished cases Connexus cites in its motion purporting to find

the same shadow of traditional tort in *Omega*, BSI has already explained why those decisions say

nothing of the kind and are inapposite.  *See* DE# 309, BSI Opp. to Kraft Defs.' Mot. Summary J.

at 31.  Connexus' citation to the unpublished California Superior Court decision in *Hypertouch v.*

*Valueclick* is no less unavailing; the decision carries no persuasive authority.  That trial court

decision, currently on appeal, is unciteable even in California state court.  *See* Cal. Ct. R. 8.1115.

Neither the California Supreme Court nor the Courts of Appeal have addressed whether CAN-

SPAM preempts claims under California's statute.  And as to the preemption of Maryland law,

Connexus points to *no authority whatsoever*, let alone authority purporting to constitute a substantial difference of opinion with the preemption rulings of this Court.

Left with nothing, Connexus, following Kraft's lead, resorts to misrepresenting case law to this Court. The recent unpublished Ninth Circuit decision in *Hypertouch, Inc. v. Azoogle.com, Inc.*, No. 09-15943, 2010 WL 2712217 (9th Cir. July 9, 2010), did not hold that common law fraud alone survives preemption. In fact, the panel did not address preemption at all. Rather, the court concluded, particular to that case, that under Ninth Circuit precedent, the "causes of action *as pled* sound in fraud" and therefore triggered the heightened pleading requirements of Rule 9(b). *Azoogle*, 2010 WL 2712217, at *1 (emphasis added). In other words, because "Hypertouch's own complaint repeatedly describes the advertisements and their content as 'fraudulent,'" Hypertouch brought the burden of Rule 9(b)'s particularity requirement on itself. *See id*. The Ninth Circuit panel agreed with the district court that "the allegations of the complaint were pled with no degree of particularity" and therefore affirmed the dismissal of the complaint. *See id*. The panel designated its opinion as unpublished and, under the local rules of that court, "[u]npublished decisions and orders . . . are not precedent . . . ." Ninth Circuit Rule 36-3(a).

Connexus has failed to show a substantial ground for difference of opinion. Connexus relies on no Fourth Circuit authority, inapposite cases, and cases lacking persuasive authority. *See Ryan, Beck & Co. v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) (holding no substantial grounds for difference of opinion where cited case were inapposite or lacked persuasive authority).[3]

---

[3] The Court may also consider the likelihood of reversal on appeal and if it sees no merit, deny the 1292(b) motion. *See, e.g.*, *FDIC v. First Nat'l Bank*, 604 F. Supp. 616, 622 (E.D. Wis. 1985) ("[T]he unlikelihood that either of the subject rulings will be reversed on appeal necessitates that the present motions for certification be denied and that

In addition, Connexus also claims this issue will be dispositive.  However, this reasoning presupposes that there are no material questions of fact.  And, even if the legal premise were correct *and* appealable – which it is not – BSI has provided substantial evidence in its summary judgment opposition to show that the falsity or deception in the Connexus emails was purposeful and material. DE# 295 at 35-37, 40-45, 47-48.

**D.  Connexus Also Fails To Establish That Its Questions May Materially Advance The Ultimate Termination Of The Litigation.**

Connexus has failed to show that this issue is extraordinary, as well as that there is substantial ground for disagreement and that its newly proposed issues are dispositive. Connexus also fails to satisfy the third prong of § 1292(b) certification.  Contrary to Connexus' assertions, certification to the Fourth Circuit will not materially advance the ultimate termination of this litigation for at least three reasons.

First, Connexus incorrectly assumes that a ruling agreeing with Kraft's or its preemption arguments means that this Court would then apply *Connexus proposed standards* for proving "materiality, justifiable reliance" and "intent."  *See* Def.'s Joinder at 6-7.  Although Connexus has invented its own legal standards as to what "materiality, justifiable reliance," and "intent" would mean in this context, it cites no law in support of those standards.  *See* Def.'s Joinder. Instead, Connexus claims that the fact that Paul Wagner was eventually able to successfully link Connexus to these emails means that there could not have been material misrepresentations; *i.e.*, only if it is impossible to connect the emails to Connexus can the falsity be material.  In fact, the very fact that it was difficult for Mr. Wagner to link the emails to Connexus because of the falsity therein speaks directly to the materiality of the deception.  Whether or not the

---

the prosecution and defense of this case now proceed toward some final disposition.").  For all of the reasons set forth above, there is no meaningful likelihood of success on appeal.

misrepresentations are material – if such question must be answered – is question of fact for a jury to decide, not Connexus, and wholly inappropriate for summary judgment.

As to Connexus' proposed standard for the element of reliance, such a standard would be misplaced, in part because Connexus has not and cannot establish that its proposed standards would apply to an ISP – an entity that does not read email or make purchasing decisions, but, nonetheless was expressly given the ability to bring suit by the legislatures of Maryland and California.

Second, assuming *arguendo* that the element of intent would be required to avoid preemption, BSI has asserted throughout this litigation that Connexus' intent is evidenced by its knowledge as to the violations of the Maryland and California statutes and its active and knowing participation in the dissemination of its spam – including in creating, overseeing, deploying, sending, monitoring and paying and being paid for successful spam. *See* DE# 295, BSI's Opp. to Mot. Summ. J. at 1-4, 31-38, 40-45, 47-48. These facts also raise genuine issues of material fact as to the mere falsity or bare error questions. If Connexus' actions were intentional, they are not mere falsity or bare error. Connexus receives notice from its monitoring company LashBack as to, for example, "False Subject Lines," *id*. at 41-42, as well as from the thousands of complaints and opt-out requests it receives, *id*. at 47-48. The falsity in the emails that Connexus oversees is purposeful falsity meant to impair the ability to identify or contact the sender, which is additional evidence of intent as well as reliance. *Id.* at 35-40. Thus, a fact-finder would still be required to determine these issues of fact and whether, under these facts, BSI has demonstrated that Connexus violated the statutes. And any Connexus-crafted legal standards to be applied to the facts of this case post-appeal would not "terminate" this litigation. Regardless, intent is not required under the statutes and this argument remains a mere hypothetical.

Third, the "determination of whether an interlocutory appeal may materially advance the ultimate termination of litigation properly turns on pragmatic considerations." *FDIC v. First Nat'l Bank*, 604 F. Supp. 616, 620 (E.D. Wis. 1985).  For example, the Court may consider "the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief." *Id.*  Here, the litigation has been ongoing for over two years.  Fact discovery closed in May 2009, and expert discovery closed in September 2009.  The parties have filed and fully briefed three dispositive motions with the Court to narrow the issues for trial.  The Court has ruled on two of the three motions.  The parties continue to prepare for trial.  Because Connexus may still appeal from a final judgment any issue included in its interlocutory appeal, permitting such an appeal raises the strong possibility of unnecessary delay in a case already rife with delay as a result of Defendants' tactics necessitating nearly 400 filings with this Court.  As the Court made clear at the hearing on Connexus' motion for summary judgment, this case is ready for trial, and "[i]f it appears that an interlocutory appeal will delay a trial rather than expedite or eliminate it, leave to appeal should be denied."  Federal Procedure, Lawyers' Edition § 3:213, at 735 (West 2003).

One final, additional consideration:  were this Court to grant certification at this stage, that the appellate court would not have the benefit of a full evidentiary record including the emails, whether the falsity and deception was more than mere falsity or bare error, and the whole of Defendants' conduct.  With a complete record before it, the appellate court would be in a better position to address the interests of the States and whether they actually interfere with the federal scheme codified in the CAN-SPAM Act.

III.     **CONCLUSION**

For the foregoing reasons this Court should deny Connexus' Motion for Joinder and

Response to Kraft's Motion for Certification Under 28 U.S.C. § 1292(b).


Date: September 7, 2010                              Respectfully submitted,

                                                     _____/s/_____
                                                     Thomas M. Barba (US DC-MD Bar No. 28487)
                                                     Jeffrey E. McFadden (US DC-MD Bar No. 8738)
                                                     John J. Duffy (US DC-MD Bar No. 28613)
                                                     Scott Bielicki (US DC-MD Bar No. 29162)
                                                     STEPTOE & JOHNSON LLP
                                                     1330 Connecticut Ave NW
                                                     Washington DC 20036
                                                     T: 202-429-3000
                                                     F: 202-429-3902
                                                     tbarba@steptoe.com
                                                     jmcfadden@steptoe.com
                                                     jduffy@steptoe.com
                                                     sbielicki@steptoe.com

                                                     Anthony A. Onorato (US DC-MD Bar No. 28622)
                                                     STEPTOE & JOHNSON LLP
                                                     750 Seventh Ave., Ste. 1800
                                                     New York, NY  10019
                                                     T: 212-506-3900
                                                     F: 212-506-3950
                                                     tonorato@steptoe.com

                                                     Of Counsel:

                                                     Stephen H. Ring (USDC-MD Bar No. 00405)
                                                     Law Offices of Stephen H. Ring, P. C.
                                                     20300 Seneca Meadows Parkway, Suite 200
                                                     Germantown MD 20876
                                                     T: 301-540-8180
                                                     F: 301-540-8195
                                                     shr@ringlaw.us

                                                     Mike Rothman (USDC-MD Bar No. 14568)
                                                     Law Office of Michael S. Rothman
                                                     401 E. Jefferson Street, Suite 201

Rockville MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2010, the foregoing PLAINTIFF

BEYOND SYSTEMS, INC.'S MEMORANDUM IN OPPOSITION TO CONNEXUS CORP.'S

JOINDER AND RESPONSE TO KRAFT DEFENDANT'S MOTION FOR CERTIFICATION

was filed electronically in accordance with the Court's CM/ECF requirements, and served upon

the below-named parties via the Court's electronic notification system:

| | |
|---|---|
| Barry J. Reingold | J. Douglas Baldridge |
| John M. Devaney | Lisa Jose Fales |
| John K. Roche | Ari N. Rothman |
| PERKINS COIE LLP | VENABLE LLP |
| 607 14th Street NW, Suite 800 | 575 7th Street NW |
| Washington, D.C.  20005-2003 | Washington, D.C.  20004 |
| (202) 434-1613 (Telephone) | (202) 344-4000 (Telephone) |
| (202) 434-1690 (Facsimile) | (202) 344-8300 (Facsimile) |
| jroche@perkinscoie.com | jdbaldridge @venable.com |
| breingold@perkinscoie.com | ljfales@venable.com |
| jdevaney@perkinscoie.com | anrothman@venable.com |

Darrell J. Graham                                          *Counsel for Defendant Connexus Corp.*
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft*
*Foods Global and Vict. Th. Engwall & Co.*

 

 

_____/s/_____
Emily Flanigan