# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393
FAX (301) 344-0394

September 10, 2010

**<u>VIA ELECTRONIC FILING</u>**

Anthony A. Onorato, Esquire
John J. Duffy Esquire
Thomas M. Barba, Esquire
Scott T. Bielicki, Esquire
Jeffrey Edward McFadden, Esquire
Steptoe and Johnson
1330 Connecticut Avenue, NW
Washington, DC 20036

Michael S. Rothman, Esquire
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, Maryland 20850

Stephen Howard Ring, Esquire
Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878

Barry J. Reingold, Esquire
John M. Devaney, Esquire
John K. Roche, Esquire
Perkins Coie, LLP
607 14th Street, NW - Suite 800
Washington, DC 20005

Darrell J. Graham, Esquire
Law Office of Darrel J. Graham, LLC
53 W. Jackson Boulevard - Suite 1334
Chicago, Illinois 60604

Ari Nicholas Rothman, Esquire
J. Douglas Baldridge, Esquire
Lisa Jose Fales, Esquire
Robert Andrew Friedman, Esquire
Venable LLP
575 Seventh Street, NW
Washington, DC 20004

Sanford M. Saunders, Jr., Esquire
Nicoleta Burlacu, Esquire
Greenberg and Traurig, LLP
2101 L. Street, NW – Suite 1000
Washington, DC 20037

Re:   <u>Beyond Systems, Inc. v. Kraft Foods, Inc., et al.</u>
        Civil Action No. PJM-08-409

Dear Counsel:

        Pursuant to the referral of this case to me for resolution of discovery disputes, the Court has received Plaintiff's Motion for Order Enforcing this Court's December 7, 2009 Ruling Regarding Emails in this Case and for Sanctions ("Plaintiff's Motion")(ECF No. 264).  The Court has reviewed Plaintiff's Motion and the opposition, and reply thereto.  No hearing is deemed necessary.  Local Rule 105.6 (D. Md.).  The Court hereby DENIES Plaintiff's Motion.

Plaintiff 's Motion is premised upon the Court's ruling regarding three sets of emails sought in discovery.  The first category has been known as the "Hydra 2008-2009 emails."  On December 7, 2009, the Court had a hearing regarding Defendants and Third-Party Plaintiffs Connexus Corp. and Hydra LLC's "Motion for Relief Pursuant to Federal Rule of Civil Procedure 37(C)" (ECF No. 153).  Following the hearing, the Court denied Defendants' Motion to preclude Plaintiff from suing over the Hydra 2008-2009 emails.  Defendants never sought to seek the prevention of discovery regarding these emails, nor did the Court speak to the failure of Defendants to produce discovery on this issue during the hearing.  Accordingly, the Court cannot issue sanctions for Defendants' alleged failure to comply with the Court's Order.

For a different reason, the Court ruled against Plaintiff regarding the 2005 Ralsky-Connexus emails.  While Defendants' Motion only sought to preclude suit upon these communications, the Court's ruling clearly stated that there was no "substantial justification for the delay" in Plaintiff's production of materials in discovery.  Following the arguments, the Court also decided to preclude the use of said "documents as evidence."  The Court never ordered production of discovery on the matter during the hearing, accordingly the Court will not issue sanctions for Defendants' alleged failure to comply with its December 7, 2009 Order.

Lastly, the Court will deny Plaintiff's Motion with respect to the 2005 MCX Connexus Kraft emails.  Defendants' Motion once again only sought to preclude suit upon these communications and, again, the Court's ruling clearly stated that there was no "substantial justification for the delay" in Plaintiffs production of materials in discovery.  However, this time following the arguments, the Court merely stated that it would "grant the relief requested." While Defendants' Motion merely spoke to precluding suit regarding these emails, Defendants' written briefings clearly sought to cut off all discovery regarding these documents.  As the Court did not make the import of its ruling clear during the hearing, it does so now.  Plaintiff is prohibited from conducting discovery regarding these emails or from using such for any evidentiary purpose.  The Court never ordered production of discovery of this matter during the hearing and accordingly will not issue sanctions for Defendants' alleged failure to comply with its December 7, 2009 Order.

As the Court finds that there is no substantial justification for the filing of Plaintiff's Motion, sanctions are appropriate.  Defendants shall have ten (10) days from the entry of this order to file an appropriate affidavit in support of an award for attorney's fees and costs, and Plaintiff shall have ten (10) days following the filing of said affidavit to file any opposition thereto.

*Beyond Systems v Kraft, et al.*
September 10, 2010
Page 3 of 3

Despite the informal nature of this letter, it is an Order of the Court and Clerk is directed to docket it as such.

Very truly yours,

/s/

Charles B. Day
United States Magistrate Judge

CBD/bab