IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| Defendants. | : |

**DECLARATION OF ARI N. ROTHMAN**
**IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND COSTS**

I, Ari N. Rothman, being over the age of eighteen (18), declare:

1.  I am an attorney at the law firm of Venable LLP. I am counsel of record for Connexus Corp. in the above-captioned action, and I have personal knowledge of the matters set forth herein unless stated otherwise.

2.  On September 10, 2010, Magistrate Judge Day in a written order denied Plaintiff's Motion for Order Enforcing this Court's December 7, 2009 Ruling Regarding Emails in this Case and for Sanctions ("Motion") and granted Connexus's request for attorneys' fees and costs incurred in opposing Plaintiff's Motion. [ECF No. 401.] Magistrate Judge Day then granted Connexus "ten (10) days from the entry of this order to file an appropriate affidavit in support of an award for attorney's fees and costs." [ECF No. 401 at 2.] Thus, I submit this declaration in support of Magistrate Judge Day's award of attorneys' fees and costs.

3.  For the reasons set forth below, I estimate that Connexus is entitled to $3,820.50 pursuant to the Court's September 10, 2010 Order.

4. Connexus agreed to pay Venable an hourly fee for services rendered in this case. Thus, Venable maintains contemporaneous time records reflecting hours worked on this particular matter and uses those records to invoice Connexus.

5. I reviewed the applicable invoice sent to Connexus only (not Hydra) for work performed in January 2010 and determined that Connexus (not Hydra) was billed for hours worked in the chart below in connection with litigating Plaintiff's Motion. The specific tasks included reviewing and analyzing Plaintiff's motion, reviewing and analyzing the cases cited by Plaintiff in its motion, reviewing the transcript of the hearing on Connexus's motion, reviewing communications among counsel and filings with the court that were relevant to Connexus's opposition (several of which were cited in the opposition), and drafting the opposition. After the order issued, I prepared this declaration, researched and reviewed cases and this Court's local rules concerning the applicable standards for fees awards, reviewed applicable billing records, and prepared the applicable billing records for filing with the Court. Work for September will be invoiced to Connexus after the September billing cycle closes. The specific breakdown of work that Connexus seeks to recover is as follows:

| Attorney | Hours Billed (Month/Year) |
|---|---|
| Andrew Bigart | 2.7 (January 2010) |
| Ari Rothman | 11.7 (January 2010) |
| Ari Rothman | 3.0 (September 2010) |

6. A true and correct redacted copy of the relevant invoice for January 2010 sent to Connexus only (not Hydra) is attached hereto as Exhibit 1. A true and correct

redacted copy of my time entries in connection with this declaration and related work completed in September 2010 for Connexus is attached hereto as Exhibit 2.

7. I reviewed the factors governing the reasonableness of the attorneys' fees and costs that this Court applied in *Hobby Works, Inc. v. Protus IP Solutions, Inc.*, Case No. DKC-08-1618, 2010 U.S. Dist. Lexis 3977 (Jan. 15, 2010), and I noted that this Court granted a similar amount of fees in connection with a shorter submission than the opposition to Plaintiff's Motion. The specific factors this Court considered were: "(1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectation at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; (12) attorneys' fees awards in similar cases."

8. I also reviewed "Guidelines Regarding Hourly Rates" which is found in Appendix B to the Local Rules of this Court which states that "Lawyers admitted to the bar for less than five (5) years: $150-190" and "Lawyers admitted to the bar for five (5) to eight (8) years: $165-250" per hour.

9. Based on the above, Connexus seeks $225 per hour for my time, which is less than the hourly rate actually charged to Connexus for my time. I graduated from law school in May 2002, I was admitted to the bar in November 2002 (Ohio), and I drafted

3

the opposition to Plaintiff's Motion in January 2010. Thus, I had been admitted to the bar for more than seven years when I litigated Plaintiff's motion. Further, several of the factors that this Court applied in *Hobby Works* support this request.

    a. <u>Time and Labor Expended</u>: Connexus seeks less than the amount it actually incurred for the time and labor that Venable attorneys expended to litigate Plaintiff's Motion. Connexus seeks less than the hourly rate it was actually charged in connection with litigating Plaintiff's Motion. Connexus seeks reimbursement for fewer hours than it actually incurred in connection with litigating Plaintiff's Motion. The amount of time expended was required because I needed to review the extensive discovery record and filings in this case (some of which are cited in Connexus's opposition) to ensure a complete response to BSI's motion.

    b. <u>Amount in Controversy and Results Obtained</u>: The opposition to Plaintiff's motion delivered a complete and unqualified victory for Connexus and eliminated the discovery and other costs that Connexus would have incurred if the Court had granted Plaintiff's Motion. Connexus would have incurred tens of thousands of dollars in attorneys' fees and costs in connection with discovery related to the emails at issue in Plaintiff's Motion, and would have had to defend against the emails and issues they raised at trial, if the Court had granted Plaintiff's Motion.

    c. <u>Customary Fee</u>: The hourly rates Connexus seeks under the Maryland Guidelines is less than the fee customarily charged to Connexus and clients like Connexus that I represent.

    d. <u>Time Limitations</u>: I drafted the motion within the time limitations set forth by the Court. Plaintiff filed the Motion on December 23, 2009 [ECF No. 264], I started working on it on January 2, 2010, and I filed the opposition on January 11, 2011 [ECF No. 274].

    e. <u>Experience, Reputation and Ability of the Attorney; Nature and Length of Relationship Between Attorney and Client</u>: I have been representing online advertising networks and companies involved in on-line advertising like Connexus in litigation and non-litigation matters since 2005. I represented Connexus (then Netblue) in separate litigation in 2007 (before Plaintiff sued Connexus in this case). At the time I opposed Plaintiff's motion, I had adequate knowledge of the client, and skills and experience, to litigate Plaintiff's Motion.

    f. <u>Novelty and Difficulty of the Questions Raised; Skill Required</u>: This case involves complex and novel questions of law, as well as technical issues pertaining to tens of thousands of emails. It also involves lengthy exchanges between counsel on various issues (many of them discovery

related). For this reason I have been deeply involved in this case since its inception, and I drafted and argued the FRCP 37(c) motion which underlies Plaintiff's Motion because it involved detailed knowledge of the discovery history of this case and other case-specific information. Because of my knowledge base and for continuity of the issues, I drafted the opposition to Connexus's motion.

    g.    <u>Attorney's Opportunity Costs:</u> During the time I litigated Plaintiff's Motion, I had other billable work that I could have performed for clients that agreed to pay Venable an hourly rate higher than the rate in the Maryland Guidelines and the rate charged to Connexus.

Thus, Connexus seeks $3,307.50 for my time (14.7 hours X $225).

10. Connexus seeks $190 per hour for Andrew Bigart's time, which is less than the hourly rate charged to Connexus for Andrew's time. Andrew informed me that he was admitted to the bar in October 2006 (Virginia). Andrew Bigart researched certain issues in connection with Plaintiff's Motion in January 2010. Thus, Andrew Bigart had been admitted to the bar for more than four years when he litigated Plaintiff's Motion. The factors set forth in paragraph 7 herein support this request for many of the same reasons they support Connexus's request for $225 for my time. Thus, Connexus seeks $513 for Andrew Bigart's time (2.7 hours X $190).

11. In light of the above, Connexus seeks a total of $3,820.50 in connection with litigating Plaintiff's Motion.

12. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 20th day of September, 2010, in Washington, District of Columbia.

*/s/ Ari N. Rothman*

Ari N. Rothman, US DC-MD Bar No. 17560