**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BEYOND SYSTEMS, INC., | : |
| | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| | : |
| v. | : The Honorable Peter J. Messitte |
| | : |
| KRAFT FOODS, INC. *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

**CONNEXUS CORP.'S REPLY TO PLAINTIFF BEYOND SYSTEMS, INC.'S
MEMORANDUM IN OPPOSITION TO CONNEXUS CORP.'S JOINDER AND
RESPONSE TO KRAFT DEFENDANTS' MOTION FOR CERTIFICATION**

Connexus Corp. ("Connexus") respectfully files this reply to Plaintiff Beyond Systems, Inc.'s ("BSI") Memorandum in Opposition to Connexus Corp.'s Joinder and Response to Kraft Defendants' Motion for Certification [ECF No. 399].

## INTRODUCTION

BSI argues that this Court should deny certification because (1) Connexus did not raise the issues it seeks to appeal in its summary judgment motion, and (2) BSI's claims must be tried before resolving the issues Connexus raised. BSI is wrong. Foremost, this Court need not consider whether Connexus raised the issues it seeks to appeal because it is within the jurisdiction of the Fourth Circuit to decide which issues it will hear. Further, and in all events, Connexus raised the issues it seeks to appeal in its summary judgment motion and elsewhere. And, even if Connexus did not raise them in its motion, the issues Connexus seeks to appeal arise directly from the Court's express rulings underlying its denial of Connexus's summary judgment motion and are appealable for this reason alone.

Finally, the issues Connexus presents are pure questions of law and no trial is needed to resolve them.

**DISCUSSION**

**A.      The Fourth Circuit May Consider the Issues Presented by Connexus.**

BSI argues that the Court should deny certification because "Connexus seeks to certify questions for appeal that it did not even raise in its summary judgment motion," and that no circumstances exist under *Hormel* that would allow the Fourth Circuit to review "questions of law which were neither pressed [n]or passed upon down below." [ECF No. 399 at 1-2.]  This Court need not – and should not – reach BSI's argument because the Fourth Circuit holds that "the matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals." *United States v. Heater*, 63 F.3d 311, 332 (4th Cir. 1995).  Thus, this Court should allow the Fourth Circuit to determine whether it will hear the issues Connexus raised.

Connexus raised the issues it seeks to appeal in all events.  Connexus seeks to certify questions to the Fourth Circuit involving whether, under the Fourth Circuit's decision on *Omega*, CAN-SPAM preempt[s] state law claims alleging mere falsity or bare error in the headers and identifying information in emails, and whether BSI must prove, among other things, material inaccuracies in emails to survive preemption. [ECF No. 392.]  Although Connexus argued in its summary judgment motion that BSI's claims are preempted because BSI cannot prove common law fraud, the issues Connexus seeks to appeal were also raised by Connexus independent of its common law fraud argument, including in its summary judgment reply (ignored by BSI), during the hearing on

2

Connexus's summary judgment motion (ignored by BSI), and in its motion for reconsideration (conceded by BSI). [ECF No. 320 at 9; Ex. 1, 6/14/10 Hrg. Trans at 99:1-8; 104:5-105:1; ECF No. 371 at 7-10; ECF No. 385 at 7-8; ECF No. 399 at 3.]

Even assuming that Connexus did not raise the issues it seeks to appeal, the Fourth Circuit may still consider them because these issues were "passed upon" by this Court.  After the Supreme Court held in *Hormel* (cited by BSI) that reviewing courts may consider issues "neither pressed nor passed upon by the court or administrative agency below" under certain circumstances, the Supreme Court then confirmed this rule in *Williams* and further held that "this rule operates (as it is phrased) in the disjunctive, permitting review of an issue not pressed so long as it has been passed." *Hormel v. Helvering*, 312 U.S. 552, 557 (1941); *United States v. Williams*, 504 U.S. 36, 41 (1992). Thus, appellate courts, including the Fourth Circuit, consider issues merely "passed upon" (*i.e.,* ruled upon or raised) by lower courts. *See, e.g., McDougall v. Dunn*, 468 F.2d 468, 476 (4th Cir. 1972) (identifying circumstances where appellate courts "consider questions neither ***pressed nor passed*** upon below" and deciding issue raised by lower court) (emphasis added); *United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1328 (10th Cir. 2003) ("when the district court *sua sponte* raises and explicitly resolves an issue of law on the merits, the appellant may challenge that ruling on appeal on the ground addressed by the district court even if he failed to raise the issue in district court"); *Blackmon-Malloy v. United States Capitol Police Board,* 575 F.3d 699, 707-708 (D.C. Cir. 2009) (considering issue ruled upon by lower court but not raised by parties).

Here, the Court ruled that "[i]t's really just falsity in the header and the identifying information, that that's the nature of the statute and not a requirement of fraud

with reliance to detriment or anything like that.  That the gist of the statute is because there's misleading information in the transmission and not you have to rely on it." (6/14/10 Hrg. Trans. at 94:18-25.)  And, the issues Connexus raised in its Joinder are directly responsive to this ruling, including whether CAN-SPAM "preempt[s] state law claims alleging mere falsity or bare error in the headers and identifying information in emails." [ECF No. 392 at 1-2.]  Thus, this Court "passed upon" the issues Connexus seeks to appeal and the Fourth Circuit may properly consider them.

Finally, the Fourth Circuit holds that:

> Rules of practice and procedure are devised to promote the ends of justice, not to defeat them.  A rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with this policy.  Orderly rules of procedure do not require sacrifice of the rules of fundamental justice.

*McDougall*, 468 F.2d at 476 (citations and quotations omitted).  Denying certification merely on the ground that the issues in Connexus's Joinder were neither raised nor passed upon below would result in manifest injustice because answers to these controlling questions of law are needed to determine how to try a case that threatens to put Connexus out of business.

**B.**      **The Issues Raised by Connexus Are Ripe for Review.**

BSI argues that fact issues preclude the Fourth Circuit from considering the issues Connexus seeks to appeal. [ECF No. 399 at 3, 6.]  BSI is wrong.  The issues Connexus seeks to appeal on their face are pure questions of law that determine BSI's burden at trial and require no factual record.  Accordingly, the Fourth Circuit may properly consider the issues Connexus raises without a trial record.

## CONCLUSION

For these reasons and those set forth in Connexus's Joinder, Connexus requests that the Court submit to the Fourth Circuit for immediate appeal the questions posed by Connexus in addition to the questions posed by Kraft.


Dated:  September 24, 2010

_____/s/_____
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Connexus Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of September, 2010, a copy of the foregoing

CONNEXUS CORP.'S REPLY TO PLAINTIFF BEYOND SYSTEMS, INC.'S

MEMORANDUM IN OPPOSITION TO CONNEXUS CORP.'S JOINDER AND RESPONSE

TO KRAFT DEFENDANTS' MOTION FOR CERTIFICATION was filed electronically in

accordance with the Court's CM/ECF procedures and served upon the below-named counsel via

the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jennie L. Kneedler
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington, DC  20036
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main St., Suite 215
Gaithersburg, MD  20878-6571
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.,*
*Hypertouch, Inc. and Joe Wagner*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, DC  20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J.
GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334
Chicago, IL  60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict.*
*Th. Engwall & Co.*

_____/s/_____
Ari N. Rothman