## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
                              )
BEYOND SYSTEMS, INC.          )
                              )
    Plaintiff,            )
                              )
        v.                )    Case No. 8:08-cv-00409 (PJM) (CBD)
                              )    Judge Peter J. Messitte
KRAFT FOODS, INC., *et al*.   )
                              )
    Defendants.           )
_____)

### PLAINTIFF'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO THE SEPTEMBER 10, 2010 RULING OF THE MAGISTRATE JUDGE DENYING PLAINTIFF'S MOTION FOR AN ORDER ENFORCING THIS COURT'S DECEMBER 7, 2009 RULING REGARDING EMAILS IN THIS CASE AND FOR SANCTIONS, AND AWARDING SANCTIONS AGAINST THE PLAINTIFF

Plaintiff Beyond Systems, Inc. ("BSI") submits this objection pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 301(5)(a) to the September 10, 2010 order of the Magistrate Judge, denying BSI's December 23, 2009 Motion to Enforce ("Motion") and subjecting BSI to sanctions for filing the Motion. BSI submits, respectfully, that the Magistrate erred in denying the Motion, and certainly erred in sanctioning BSI for filing the Motion, since the Motion was "substantially justified." To explain BSI's justification for filing the Motion, we need to provide factual background to put BSI's actions into their proper factual context.

## I.    FACTUAL BACKGROUND

During the period for fact discovery in the present action, Plaintiff served multiple discovery requests upon Defendants for information related to the "emails at issue," *i.e.*, the emails upon which BSI had relied originally in bringing suit against Defendants and which Plaintiff had produced to Defendants in June 2008 ("Original Emails"). Defendants responded to

Plaintiff's discovery and produced certain categories of information related to these emails. Defendants refused to produce other types of information responsive to Plaintiff's discovery requests, and in response Plaintiff filed a motion to compel their production.[1]  Plaintiff's motion to compel was granted in part by the Magistrate on July 24, 2009.  DE# 128, 190.

BSI produced to Connexus and Hydra in October 2008, and May 2009, additional emails that Defendants had sent to BSI after the filing of BSI's Complaint, or emails that had recently been attributed to Defendants ("Additional Emails").  Plaintiff's expectation, grounded in the federal discovery rules, was that Defendants would supplement the discovery responses that they had made, or had been ordered to make by the Magistrate Judge with respect to the Original Emails, to provide similar information with respect to the Additional Emails.[2]  Plaintiff's attorney repeatedly sought to obtain supplemental discovery from the Defendants, and Defendants' attorney repeatedly refused to provide it on the alleged basis of its alleged untimeliness.  In short, Defendants gambled that they could exclude the Additional Emails and thus avoid having their discovery obligations, so they filed a motion and told BSI that they would not produce during the pendency of that motion.

On June 2, 2009, Connexus and Hydra filed a joint Motion for Relief Pursuant to Fed. R. Civ. P. 37(c) [("Motion to Exclude) DE# 170] to exclude the Additional Emails from the case because BSI's production of the emails to Defendants was allegedly untimely.  On December 7,

---

[1] Defendants produced some discovery related to the "original" emails at issue, but refused to produce other types of requested information, including information relevant to the October 2008 Hydra emails, such as senders of emails, log files, URLs and re-directs, image files, and advertisement creatives and templates, among other things. *See* DE# 128.

[2] "A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court."  Fed. R. Civ. P. 26(e).

2009, Magistrate Day heard oral argument on Defendants' Motion to Exclude, and ruling from the bench, denied the Motion to Exclude with respect to the two sets of Hydra emails totaling 20,331 emails, and granted the Motion with respect to two sets of Connexus emails.  *See* Ex. 1, December 7, 2009 Hrg. Tr. at 30:11-19 and 60:21-23; *id.* at 35:5-13 and 48:19-24.  In granting the Motion to Exclude as to the Connexus emails, the Magistrate held that there was no justification for BSI's delay in producing the emails and, consequently, he "grant[ed] the relief requested."  *Id.* at 35:5-13 and 48:19-24.   The Motion to Exclude contained a proposed order that provided, in relevant part, that "BSI is ***precluded from suing over*** the '2005 Ralsky-Connexus Emails,' [and] the '2005 MCX-Connexus-Kraft Emails'."  DE# 153-34 (Proposed Order).[3]

        Immediately after the denial of the Motion to Exclude with respect to the Hydra emails, BSI renewed its efforts to obtain from Defendants supplemental discovery with respect to this portion of the Additional Emails.  This included the several categories of documents that the Magistrate Judge had ***ordered*** Defendants to produce in response to Plaintiff's motion to compel as to all of the ***"emails at issue" and "campaigns in issue."***  DE# 190 at Topics 2, 3, 7, 8, and 14.  On December 8, 2009, BSI sent a letter to Hydra counsel requesting that Hydra produce by January 6, 2010, 30 days from Judge Day's ruling, the discovery that Defendants had been withholding for over a year.  Two days later, Defendants admitted that the Rule 37(c) decision resulted in the need for substantial discovery regarding the emails at issue.  ("Connexus and Hydra will seek to stay all discovery pending resolution of the summary judgment motions.

---

[3] In Defendants' attempt at meeting and conferring, they also stated that "Pursuant to LR 104, this email serves as an effort to meet and confer concerning the order that Connexus and Hydra will ask the Court to enter pursuant to FRCP 37(c): ***Precluding BSI from suing over*** or using in hearings, motions or trial the "Hydra 2008-2009 Emails," the "2005 Ralsky-Connexus Emails," the "2005 MCX-Connexus-Kraft Emails" (as to Connexus), and the "Hydra-AccelerateBiz October 2008 Emails" because the emails and the bases for suing over them were not timely disclosed;"  *See* Ex. 2, May 26, 2009 email from A. Rothman.

There is a substantial amount of discovery that needs to be completed including but not limited to (1) the emails at issue in light of the Court's ruling on the FRCP 37 motion."). Ex. 3 at 8, 12/10/2009 email from A. Rothman. Defendants admitted that the Rule 37 outcome created a discovery obligation, but opposed producing the discovery because they believed their summary judgment motion would be dispositive. *Id.*

On December 16, 2009, BSI sent a follow-up letter concerning the discovery Hydra owed to BSI concerning the 20,331 Hydra emails. On December 21, 2009, Hydra's counsel indicated Hydra would continue its unjustified refusal to comply with (1) its independent obligations under the federal discovery rules, and (2) the July 24, 2009 order to compel discovery on certain matters as to "all emails at issue" to produce the long-overdue discovery pertaining to these emails. *See* Ex. 2, December 21, 2009 email from A. Rothman.

On December 23, 2009, justifiably frustrated by Defendants' *more than a year long stall* in producing clearly appropriate discovery on the grounds that the emails were not properly at issue in the case, and then continuing without any valid basis to refuse to produce despite the Magistrate's December 7th ruling ***finding the additional Hydra emails were properly at issue*** as to liability and damages, and as such subject to Defendant's discovery obligations, including the Magistrate's July 24, 2009 order requiring the production of certain information as to the "emails at issue," BSI filed its motion asking the Court to enforce these obligations. Plaintiff's motion also sought discovery on the Connexus emails, which were excluded for liability purposes, but which were a likely source of information about Defendants' business practices, the identity of co-conspirators, and Defendants' lack of due care and failure to mitigate (*each of which is an affirmative defense asserted by Defendants*). DE# 264.

On September 10, 2010, the Magistrate Judge denied Plaintiff's motion and awarded sanctions against BSI, finding that Plaintiff's Motion to Enforce had no "substantial justification."

## II.   ARGUMENT

### A.   Legal Standard For Reversal Of A Magistrate's Order Under Federal Rule Of Civil Procedure 72.

The clearly erroneous standard applies to Rule 72(a) motions:

> A magistrate judge order on a non-dispositive motion (such as discovery motions) will be set aside only if the district court finds that the determination was "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987).  A finding is "clearly erroneous" when although there is evidence to support it, the court, on reviewing the entire evidence, is left with *the definite and firm conviction that a mistake has been committe*d.  *United States v. United States Gypsum Co*., 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948) (emphasis added); *Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).

*Proa v. NRT Mid Atl., Inc*., 633 F. Supp. 2d 209, 212 (D. Md. 2009).

### B.   BSI's Effort To Force Compliance With Defendants' Discovery Obligations Concerning The Hydra Emails Was "Substantially Justified."

The Magistrate Judge denied Plaintiff's effort to force Defendants under Rule 37(b) to comply with their discovery obligations with respect to the Hydra emails. The Magistrate stated that in Defendants' Rule 37(c) motion, "Defendants never sought to seek the prevention of discovery regarding these emails nor did the Court speak to the failure of Defendants to produce discovery on this issue during the hearing.  Accordingly, the Court cannot issue sanctions for Defendants alleged failure to comply with the Court's Order."  DE# 401 at 2.  The Magistrate Judge appears to have reasoned that Rule 37(b) required the existence of a preexisting "discovery order" before discovery could be compelled or sanctions could be imposed, and that, therefore,

BSI's motion under Rule 37(b) for production of discovery with respect to the Hydra Emails and for sanctions for Defendants' unreasonable refusal to do so was not "substantially justified."[4] BSI submits that this conclusion was "clearly erroneous" and "contrary to law."

Courts have repeatedly recognized that they have broad authority to sanction improper conduct in discovery. The absence of a formal order compelling discovery did not preclude the court from imposing default as a sanction. *Unifi Export Sales, LLC v. Mekfir Int'l. Corp.*, 233 F.R.D. 443, 445 (M.D.N.C. 2005) ("Rule 37 does not require that there be a violation of a court order for sanctions to be imposed."). The Magistrate ignored the fact that BSI explicitly sought sanctions not only under Rule 37(b) but also under the Court's "inherent power" to control discovery. BSI Motion at 1, 4. *See, e.g.*, *In re WRT Energy Sec. Litig.*, 246 F.R.D. 185, 194 (S.D.N.Y. 2007) ("Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs."). BSI's request for Court intervention to force the supplementation of discovery with respect to the Hydra emails was certainly "substantially justified." Defendants had refused, for over a year as to some emails, to produce any discovery on the grounds that these emails were not property in the case. When the Magistrate ruled that they were in the case, Defendants' sole reason for not producing the discovery was that they had not been *explicitly* ordered to do so, even though they admitted that the ruling would require substantial discovery on the emails at issue. Ex. 3 at 8, December 10, 2009 email from A. Rothman. However, when Judge Day ruled the Hydra emails

---

[4] In the Rule 37 context, courts have adopted the Supreme Court's definition of substantially justified. Substantially justified means more than "merely undeserving of sanctions for frivolousness," *Pierce v. Underwood,* 487 U.S. 552, 565 (1988) (citing, *inter alia, Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir.1985)). A position is "substantially justified if 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact'." *Throckmorton v. U.S. Dept. of Health & Human Services*, 932 F.2d 295, 299 (4th Cir. 1990) (quoting *Pierce* at n. 2), *McConnell v. Griffith*, No. 5:08-CV-113, 2009 WL 2378674 at *2 (N.D. W.Va. July 31, 2009) (applying *Pierce* definition of substantially justified to Rule 37 sanctions).

were at issue, then discovery that Hydra had refused to produce as to emails at issue – pending

its motion to exclude – necessarily because due without force of an explicit order.[5]  The Federal

Rules are self-starting and impose an inherent obligation.[6]  Such a response from Hydra is

completely the opposite of the behavior required by the revised federal discovery rules.

Hydra's response – as voiced by counsel – had to do with the fact that it knew it would be

withdrawing from this litigation.  Cynically, while refusing discovery, Hydra was selling its

assets and seeking to dump its obligations.  On January 22, 2010, Venable moved to withdraw

from its representation of Hydra.  DE# 280.  Venable stated it had contacted Hydra "in

December 2009" and was told that a receiver had been appointed for Hydra and had sold the

assets from CEO Zac Brandenberg's old company, Hydra LLC, to his new company, Hydra

Group LLC.  *Id.*  The motion also stated that the new Hydra entity would not assume any debt

owed to Venable.  *Id.*  Thus, Plaintiff's motion was more than substantially justified in light of

the fact that Hydra was surreptitiously transferring its assets and knowingly defying the Court's

December 7th ruling, as well as the July 2009 ruling on the motion to compel.

Defendants' naked refusal to produce discovery without even a fig leaf of justification

was the sort of bad faith behavior for which sanctions are appropriate, and for which BSI's

motion to compel the production of this discovery and for sanctions was substantially justified.

The Magistrate's decision to sanction BSI rested on an incorrectly narrow reading of the

---

[5] "Under Rule 26(e), a party may not free itself of the burden fully to comply with its duty to supplement by placing a heretofore unrecognized duty of repeated requests for information on its adversary." from 8A Wright & Miller, Federal Practice and Procedure § 2049.1 (3d. ed 2010),*citing AVX Corp. v. Cabot Corp.,* 251 F.R.D. 70 (D. Mass. 2008).

[6] "The duty to supplement … disclosures and responses is a continuing duty and no motion to compel further supplementation is required. Supplementation should not be confused with motions to compel for incomplete discovery responses. The duty to supplement responses is continuing."  6 James Wm. Moore, Moore's Federal Practice § 26.131 (3d ed. 2010).

requirements of Rule 37(b), and an apparent rejection of BSI position that the Magistrate's decision in response to Defendant 37(c) motion was an "order" that implicitly and necessarily required the supplemental discovery that Defendant's contumaciously refused to produce and so was an order that could properly be the subject of a 37(b) motion to enforce. Although BSI believes, for the reasons given previously, that the Magistrate's position was contrary to law, but in any event, BSI's interpretation of the impact of the Magistrate's 37(c) decision was not unreasonable, and so its filing of its 37(b) motion seeking the enforcement of that "order" was substantially justified.

      **C.**      **BSI's Effort To Obtain Relevant Information With Respect To The Connexus Emails Was Proper And Not Precluded By The Magistrate's Oral Ruling On The Exclusion Of These Emails For Liability Purposes.**

      Defendants asked the Magistrate Judge in their Motion to Exclude to order that "BSI is *precluded from suing over* the "2005 Ralsky-Connexus Emails," [and] the "2005 MCX-Connexus-Kraft Emails. DE# 153-34 (Proposed Order). The Magistrate Judge conceded in his order that Defendants' Motion to Exclude "merely spoke to precluding suit regarding these emails, that the Court merely stated that it would "grant the relief requested" and that the "Court did not make the import of its ruling clear during the hearing."  DE# 401 at 2.  Although with respect to the 2005 Ralsky-Connexus Emails, the Magistrate stated in the Rule 37(c) hearing transcript that he precluded the use of the "documents as evidence," BSI did not seek to enforce discovery with any intention of using the emails themselves as evidence, but only to gather with respect to those emails collateral information that would bear on various affirmative defenses of the Defendants.  Discovery with respect to these emails was proper even if the emails were not themselves to be part of the case for any purpose.  For this reason, the motion was substantially justified because materials concerning these emails are relevant to issues in this case, including Defendant's affirmative defenses, and because, at the least, Plaintiff should be permitted to

clarify the Court's ruling since the Magistrate stated that the "Court did not make the import of its ruling clear during the hearing."  DE# 401 at 2.

Because the materials are relevant – and Defendant does not contest that they are relevant to its defenses – and because reasonable people could readily conclude that the Court had not ruled the emails out of the case for all purposes – especially because Defendant did not seek that relief – Plaintiff's motion was substantially justified, and sanctions were inappropriate.

## III.    CONCLUSION

For the foregoing reasons, the Magistrate's Order of September 10, 2010, should be reversed as to the imposition of sanctions.  Further, Connexus should be ordered to supplement all outstanding discovery requests as to the 2005 Ralsky-Connexus Emails and 2005 MCX-Connexus-Kraft Emails.

Date: September 27, 2010                            Respectfully submitted,

                                      _____/s/_____
                                      Thomas M. Barba (US DC-MD Bar No. 28487)
                                      John J. Duffy (US DC-MD Bar No. 28613)
                                      STEPTOE & JOHNSON LLP
                                      1330 Connecticut Ave., NW
                                      Washington, D.C.  20036
                                      T: 202-429-3000
                                      F: 202-429-3902
                                      tbarba@steptoe.com
                                      jduffy@steptoe.com

                                      Anthony A. Onorato (US DC-MD Bar No. 28622)
                                      STEPTOE & JOHNSON LLP
                                      750 Seventh Ave., Ste. 1800
                                      New York, NY  10019
                                      T: 212-506-3900
                                      F: 212-506-3950
                                      tonorato@steptoe.com

                                      Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, MD  20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September 2010, the foregoing PLAINTIFF'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO THE SEPTEMBER 10, 2010 RULING OF THE MAGISTRATE JUDGE DENYING PLAINTIFF'S MOTION FOR AN ORDER ENFORCING THIS COURT'S DECEMBER 7, 2009 RULING REGARDING EMAILS IN THIS CASE AND FOR SANCTIONS, AND AWARDING SANCTIONS AGAINST THE PLAINTIFF was filed electronically via the Court's CM/ECF system, and served electronically on the below-named parties via the Court's electronic notification system:

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney (*Pro Hac Vice*)
John K. Roche (*Pro Hac Vice*)
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

_____
Thomas M. Barba