IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC., | : | |
| | : | |
| Plaintiff, | : | Case No. 8:08-CV-00409-PJM |
| | : | |
| v. | : | The Honorable Peter J. Messitte |
| | : | |
| KRAFT FOODS, INC. *et al.*, | : | Magistrate Judge Charles B. Day |
| | : | |
| Defendants. | : | |

**CONNEXUS CORP.'S RESPONSE TO BEYOND SYSTEMS, INC.'S
OBJECTION TO
<u>MAGISTRATE JUDGE DAY'S SEPTEMBER 10, 2010, SANCTIONS ORDER</u>**

Defendant Connexus Corp. opposes Plaintiff Beyond Systems, Inc.'s ("BSI") Objection to Magistrate Judge Day's September 10, 2010 Order.  Specifically, the Order, which sanctions BSI for filing a frivolous motion to compel discovery, is not "clearly erroneous" or "contrary to law" under 28 U.S.C. § 636(b)(1)(A) or FRCP 72(a).  Thus, this Court should affirm the Order, deny BSI's request for discovery, and award Connexus its fees and costs for opposing BSI's Objection.

**FACTS**

After the official close of fact discovery as to BSI's claims in May 2009 (discovery remains as to third-party claims against Hypertouch), BSI produced thousands of emails dated 2005 that it claimed involved Connexus and then declared it was suing over them under the California and Maryland anti-spam statutes.  These emails are known as the "2005 Ralsky-Connexus emails" and "2005 MCX Connexus Kraft emails."  Pursuant to FRCP 37(c), Connexus moved to preclude BSI from suing over these emails because they were untimely produced. [ECF No. 153-5.]  Connexus also expressly in its

motion sought to exclude the emails from the case for all purposes and discovery about them because, among other reasons, "Connexus should not be forced to continue discovery because BSI is late," "Connexus would need to continue the discovery that it has taken more than a year to develop as to these new and untimely produced emails," and "these additional emails add complexity to the trial." [Id. at 14-15.]

On December 7, 2009, Magistrate Judge Day held a hearing on Connexus's FRCP 37(c) Motion. During that hearing, Connexus reiterated that the untimely produced emails should be excluded entirely because of the discovery that would be needed if the emails remained in the case. (Ex. 1, 12/7/09 Hrg. Trans. at 4:6-10; 5:3-4.) After finding that there was no "substantial justification for [BSI's] delay," Magistrate Judge Day sanctioned BSI by (1) precluding BSI from suing over them, (2) "grant[ing] the relief requested as to the use of these documents as evidence" as to the 2005 Ralsky-Connexus emails, and (3) "grant[ing] the relief requested" as to the 2005 MCX Connexus Kraft emails. (Id. at 35:11-13, 48:23-25 (emphasis added).) These emails are referred to herein as the "Excluded Emails." Notably, BSI did not object to Magistrate Judge Day's findings or imposition of sanctions. Magistrate Judge Day did not order Connexus to produce anything during the hearing.

Despite that Magistrate Judge Day during the hearing sanctioned BSI for BSI's dilatory discovery misconduct and did not compel Connexus to produce anything, BSI then filed a motion to compel discovery entitled "Motion for Order Enforcing This Court's December 7, 2009 Ruling Regarding Emails In This Case and For Sanctions" ("Motion to Compel") [ECF No. 264]. This Motion to Compel sought discovery concerning the Excluded Emails on grounds that Magistrate Judge Day during the

hearing only excluded the Excluded Emails for "purposes of damages," did not exclude the Excluded Emails for "all purposes," and ordered Connexus to produce discovery concerning the Excluded Emails. [ECF No. 264 at 5-8.] BSI also argued that the emails are "relevant to Defendants' business practices and with whom they conspire, and their lack of due care and failure to mitigate." (Id. at 6.) Connexus opposed each of BSI's arguments. [ECF No. 274 at 4-7.]

On September 10, 2010, Magistrate Judge Day issued a written order confirming, as Connexus requested in its FRCP 37(c) motion and as it argued in its opposition to BSI's motion, that BSI is "prohibited from conducting discovery regarding these emails or from using such for any evidentiary purpose." [ECF No. 401 at 2.] Magistrate Judge Day then sanctioned BSI because "there is no substantial justification for the filing of Plaintiff's Motion." [Id.] Tellingly, Magistrate Judge Day shortly thereafter in the *BSI/World Avenue* litigation then sanctioned BSI two additional times for filing briefs without "substantial justification." [*BSI/World Avenue* ECF Nos. 441 at 1; 444 at 2.]

Now, BSI seeks to reverse the Order and compel Connexus to produce discovery concerning the Excluded Emails. For the reasons set forth below, this Court should affirm Magistrate Judge Day's Order and deny the relief BSI seeks.[1]

**ARGUMENT**

**A.    This Court Should Affirm the Order and Deny the Relief Sought.**

28 U.S.C. § 636(b)(1)(A) and FRCP 72(a) allows courts to modify or set aside magistrate judge orders only if such orders are "clearly erroneous" or "contrary to law." Thus, "[u]nder the clearly erroneous standard, the reviewing court is not to ask whether

---

[1] This response is limited only to BSI's arguments as to Connexus. Thus, Connexus does not concede any fact or statement made in BSI's Objection as to Hydra, and objects to BSI's attempts to conflate Hydra issues with those concerning Connexus.

3

the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." *Berman v. Congressional Towers Ltd. P'ship*, 325 F. Supp. 2d 590, 592 (D. Md. 2010) (citations omitted). Magistrate Judge Day's Order finding BSI lacked any "substantial justification"[2] to file its motion is neither "clearly erroneous" nor "contrary to law," and this Court should reject BSI's Objection.

First, BSI's argument that Magistrate Judge Day erred by excluding the Excluded Emails for all purposes because Connexus did not seek this relief is wrong. In its FRCP 37(c) motion, Connexus expressly sought to eliminate the Excluded Emails for <u>all purposes</u> to guard against unduly burdensome discovery, as Connexus expressly stated as grounds for its motion that "Connexus should not be forced to continue discovery because BSI is late," "Connexus would need to continue the discovery that it has taken more than a year to develop as to these new and untimely produced emails," "these additional emails add complexity to the trial," and Connexus will be forced to "continue discovery." [ECF No. 153-5 at 14-15; ECF No. 178 at 21.] And, Magistrate Judge Day expressly acknowledged in his Order that Connexus sought to exclude the emails for all purposes, writing "Defendants' written briefings clearly sought to cut off all discovery regarding these documents." [ECF No. 401 at 2.]

Further, BSI concedes in its Objection that Connexus in its FRCP 37(c) motion sought to preclude BSI from suing over the Excluded Emails. [ECF 401 at 8.] Thus,

---

[2] FRCP 37(a)(5)(B) states that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." The rule further provides that "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

4

Connexus obviously sought to eliminate the Excluded Emails for all purposes because if BSI cannot sue over them then the emails and discovery about them clearly are irrelevant. Indeed, before the December 7 hearing, Magistrate Judge Day had already rejected BSI's attempts to obtain discovery about emails over which it was not suing on the ground that such discovery was not relevant. [ECF No. 128-4 at 19-20, 44, 60-63; ECF No. 190 at 2-3.]  At bottom, Connexus sought to exclude the Excluded Emails for all purposes, Magistrate Judge Day clearly understood that Connexus sought to do so and ruled accordingly, and BSI had no justification – much less substantial justification – to file its motion.

Second, BSI's argument that it was substantially justified in filing its motion because discovery concerning the Excluded Emails is relevant to Connexus's defenses is also wrong.  Foremost, Magistrate Judge Day rejected BSI's arguments even before the December 7 hearing when he denied BSI's motion to compel concerning emails over which BSI is not suing. [ECF No. 128-4 at 19-20, 44, 60-63; ECF No. 190 at 2-3.]  For example, when BSI moved to compel documents identifying "all affiliates" and "all advertisers, middlemen, affiliates or other email-related vendor with whom you had agreements," BSI contended that (1) "It is not appropriate to limit these responses to the e-mails at issue," (2) "Plaintiff is entitled to identify the third parties with whom the Defendants have contracted and paid compensation in connection with commercial e-mail advertising, and who are responsible for the sending of all unsolicited commercial e-mails in violation of the Maryland and California statutes," and (3) the information was relevant "to the Defendants' affirmative defenses" including due care. [ECF No. 128-4 at 60-63.]  Magistrate Judge Day rejected these arguments and held that the requested

5

information was not "reasonabl[y] calculated to lead to the discovery of admissible evidence," and BSI did not contest these findings. [ECF No. 190 at 2.] Further, BSI's argument that discovery concerning the Excluded Emails speaks to Connexus's defenses is irrelevant because Magistrate Judge Day excluded the emails as a sanction for BSI's dilatory misconduct, and BSI does <u>not</u> contest Magistrate Judge Day's ruling in this regard. Thus, even if discovery about the emails was relevant (and it is not), discovery about them would be improper in light of BSI's misconduct.

Third, BSI's request in its Objection that "Connexus should be ordered to supplement all outstanding discovery requests" concerning the "Excluded Emails" [ECF No. 404 at 9] should be denied, as it is a mere repeat of its procedurally improper attempt to convert Magistrate Judge Day's December sanctions order *against* BSI into an order compelling production *in favor* of BSI. As Magistrate Judge Day found in his Order, "[t]he Court never ordered production of discovery of this matter during the hearing." [ECF No. 401 at 2.] Indeed, the *only* motion heard on December 7 was the motion for FRCP 37(c) sanctions against BSI; it was BSI who was sanctioned, not Connexus; and BSI never moved to compel pursuant to applicable Federal or Local Rules anyway. BSI's request must be rejected.

Finally, BSI's argument that "Defendants admitted that the Rule 37 outcome created a discovery obligation, but opposed producing the discovery because they believed their summary judgment motion would be dispositive" is wrong and does not justify BSI's filing of a frivolous motion anyway. [ECF No. 404 at 4]. Connexus never agreed to conduct discovery concerning the Excluded Emails and indeed expressly objected to doing so, including in its FRCP 37(c) motion and on the very first page of the

email that BSI claims proves Connexus's agreement to engage in discovery concerning the Excluded Emails. [ECF No. 404-3 at 2.]

### B. BSI Should be Sanctioned.

BSI should be ordered to pay Connexus its attorneys' fees and costs associated with litigating BSI's Objection. Magistrate Judge Day sanctioned BSI after finding "no substantial justification for the filing of Plaintiff's Motion." [ECF No. 401 at 2.] Likewise, BSI's Objection merely repeats its old arguments that Magistrate Judge Day flatly rejected and sanctioned, and BSI lacked any basis to file it. Accordingly, BSI should be ordered to pay Connexus its attorneys' fees and costs associated with litigating this Objection. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (courts have the inherent authority to assess attorney's fees against party for litigation misconduct); *In re Weiss*, 111 F.3d 1159, 1171 (4th Cir. 1997) (same).

### CONCLUSION

For any and all of these reasons, BSI's objection should be rejected and the Court should award Connexus its attorneys' fees and costs associated with litigating the Objection.

Dated: October 8, 2010

/s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of October, 2010, a copy of the foregoing CONNEXUS CORP.'S OPPOSITION TO RESPONSE TO BEYOND SYSTEMS, INC.'S OBJECTION TO MAGISTRATE JUDGE DAY'S SEPTEMBER 10, 2010, SANCTIONS ORDER was filed electronically in accordance with the Court's CM/ECF procedures and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Scott Bielicki
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington, DC  20036
tbarba@steptoe.com
jduffy@steptoe.com
sbielicki@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main St., Suite 215
Gaithersburg, MD  20878-6571
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc., Hypertouch, Inc. and Joe Wagner*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, DC  20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd., Suite 1334
Chicago, IL  60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

                                                    /s/
                                              Ari N. Rothman