**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____
                                          )
BEYOND SYSTEMS, INC.                      )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )      Case No. 8:08-cv-00409 (PJM) (CBD)
                                          )      Judge Peter J. Messitte
KRAFT FOODS, INC., *et al.*               )
                                          )
        Defendants.                       )
_____)

**PLAINTIFF'S REPLY TO CONNEXUS CORP.'S RESPONSE TO PLAINTIFF'S**
**OBJECTION TO THE SEPTEMBER 10, 2010 RULING OF THE MAGISTRATE**

Plaintiff Beyond Systems, Inc. ("BSI") submits this reply to Connexus Corp.'s

("Connexus") response ("Response") to BSI's objection pursuant to Federal Rule of Civil

Procedure 72(a) and Local Rule 301(5)(a) to the September 10, 2010 order of the Magistrate

Judge.  In his September 10th Order,  the Magistrate Judge denied BSI's December 23, 2009

Motion to Enforce ("Motion to Enforce") Connexus' discovery obligations and subjected BSI to

sanctions for filing the Motion.  Connexus' Response actually supports BSI contention that BSI

was substantially justified in filing its Motion to Enforce and that the Magistrate Judge's award

of sanctions was clearly in error.

I.      **ARGUMENT**

        A.      **BSI's Conclusion That Neither Connexus' Motion Nor The Magistrate**
                **Judge's Order Precluded Discovery On The Excluded Emails For Other**
                **Purposes Was Not Unreasonable.**

        Connexus claims that it sought in its Fed. R. Civ. P. 37(c) motion [DE# 153] to exclude

the contested emails for *all* purposes, but the proposed order attached to its motion states merely

that: "BSI is precluded from suing over the '2005 Ralsky-Connexus emails,' [and] the '2005

MCX-Connexus-Kraft Emails'."  DE# 153-34 (Proposed Order).  BSI construed Connexus'
37(c) motion and the Magistrate Judge's bench order partially granting it as excluding the emails
from the corpus of emails upon which BSI could seek damages.  Magistrate Day himself admits
that his order, which merely granted the relief requested by Connexus, was not clear.  DE# 401 at
2.  Connexus cites in its Response a single sentence on page fourteen of the extensive
memorandum of law it submitted in support of its 37(c) motion, which sentence Connexus now
suggests more accurately defines the relief it desired than did the explicit language it used in its
proposed order.  BSI's motion was not unreasonable, however,  because it relied on the language
that Connexus asked the Magistrate Judge to adopt and which the Magistrate Judge did in effect
adopt.  The proposed order speaks for itself and says nothing about excluding the emails for all
purposes.  DE# 153-34.  This lack of clarity as to whether the emails were excluded as to
damages or excluded for all purposes – including as evidence relevant to Connexus' affirmative
defenses of due care and failure to mitigate – provides BSI with substantial justification for
seeking discovery on the emails in question.

Connexus also contends that the Magistrate Judge had long ago excluded discovery on
emails on which BSI was not suing, citing to seven pages of BSI's March 11, 2009 motion to
compel and two pages of the Court's July 24, 2009 order regarding that motion.  DE# 128, 190.
An honest reading of the May 15, 2009 motion to compel and the ensuing order reveals that in
the midst of a contentious and complex discovery dispute, the Magistrate Judge limited the scope
of certain discovery requests and compelled discovery on a wide range of other items.  *Id.*
Connexus' response vastly oversimplifies what took place,  and its interpretation of the
Magistrate Judge's prior holding is completely inconsistent with the plain language of the order.
To the extent that the Magistrate Judge' prior order limited discovery to the emails at issue, it did

so with respect to discovery requests that may have sought information as to *all* of the affiliates and advertisers with whom Hydra and Connexus worked, which included advertisers and affiliates that might never have sent spam to BSI.  DE# 128-3 at 44, 60-63, DE# 190.   When, in July 2009, the Magistrate Judge limited discovery to the emails at issue, he was excluding discovery on parties and subjects that lacked a direct connection to BSI,  but he *explicitly allowed discovery* on "emails believed to have been transmitted by Defendants and received by Plaintiff."  DE# 190 at 2.  The Magistrate was not limiting discovery only to emails that BSI was allowed to sue over, as Connexus wrongly states, but to emails that had been "transmitted by Defendants and received by the Plaintiffs" – which is the case with all of the Rule 37 emails at issue here.  Therefore, the Magistrate Judge's DE# 190 order does not exclude discovery as to the emails that were part of the Rule 37 order now at issue; rather, it compels that exact discovery.  As such, BSI was substantially justified in seeking discovery on those emails, even after BSI was not allowed to recover damages on them.  Unlike the discovery excluded in DE# 190, the emails in the Rule 37 order were all transmitted between the Defendants and BSI.

Additionally, Connexus' contention that BSI's inability to sue on the contested emails makes them irrelevant is unsupported and unsupportable.  BSI has explained multiple times that these emails relate directly to affirmative defenses raised by Connexus and are therefore absolutely relevant.  *See* DE# 404 at 4, DE# 264.  The fact that BSI was not able to sue on the emails did not mean that that discovery about them could not lead to admissible evidence.

**B.     Connexus Has Admitted The Rule 37 Order Created A Discovery Obligation.**

At the same time that Connexus stretches and twists an old discovery dispute to say what it does not say, Connexus denies the clear and plain meaning of the language that it used in connection with this present dispute.  Connexus' counsel wrote in an email during a meet and

confer on BSI's proposed Motion to Enforce that: "There is a substantial amount of discovery that needs to be completed including but not limited to (1) the emails at issue in light of the Court's ruling on the FRCP 37 motion." DE# 264-3 at 9. Connexus went on in that same email to state "none of this discovery will be needed unless the forthcoming summary judgment is denied … our firm view is that all remaining discovery should be deferred pending resolution of the summary judgment motion." (emphasis in original). *Id.* Connexus explicitly acknowledged that the Court's ruling triggered a discovery obligation and then refused to provide that discovery. The admission by Connexus substantially justifies BSI's motion to enforce the order that Connexus stated created an obligation – an obligation which Connexus refused to meet.

Furthermore, there is nothing procedurally improper about the action BSI took. Connexus admitted that it had a discovery obligation and BSI expected Connexus would provide discovery on the emails in accordance with previous produced and compelled discovery. BSI already had a motion to compel in effect and both sides agreed that the Fed. R. Civ. P. 37(c) ruling resulted in the need for additional discovery. While BSI could have moved to compel again, when considering Connexus admission about the ruling triggering a discovery obligation, BSI was substantially justified in seeking to enforce what both sides had agreed, per the email cited above, was the import of that order. Connexus' admission and concurrent refusal to comply with the inherent obligations of the order substantially justifies BSI's motion.

### C.     At The Time Of The Motion to Enforce, Connexus Was Conflated With Hydra.

In a footnote, Connexus accuses BSI of conflating Hydra issues with Connexus issues. It is impossible not to conflate Hydra and Connexus issues prior to Hydra's default because prior to that time, Hydra and Connexus acted in almost perfect concert. At the time that BSI made its underlying motion, Hydra and Connexus were represented by the same counsel, filed all of their

pleadings jointly, and their counsel spoke for both clients whenever discussing the case.  On December 23, 2009, when BSI filed the subject motion, Hydra and Connexus were conflated.  In fact, even the response to BSI's motion was jointly filed on behalf of both Defendants.  DE# 274. While it is convenient now for Connexus to disavow responsibility for "Hydra issues,"  at the time of BSI's motion, the two parties were acting in near perfect concert and BSI's motion must be considered in light of this undeniable fact.

## II.    <u>CONCLUSION</u>

Despite admitting to BSI that the Rule 37 order created a discovery obligation, Connexus refused to produce that discovery and now claims that an earlier discovery dispute on a different issue and a passing reference in a supporting memorandum contradict the actual language of a prior order and its Rule 37 motion.  As further support, Connexus relies on Magistrate Day's order, made some nine months after BSI's motion was filed, even though that very order admits that "it did not make the import of its [earlier] ruling clear."  DE#  401 at 2.  Connexus' response only serves to provide further proof that BSI was substantially justified in bringing its motion to enforce.  Therefore,  Magistrate Day's order for sanctions should be reversed and Connexus should be ordered to supplement all outstanding discovery requests as to the 2005 Ralsky-Connexus emails and the 2005 MCX-Connexus-Kraft emails.


Date: October 25, 2010                    Respectfully submitted,


                                          _____/s/_____
                                          Thomas M. Barba (US DC-MD Bar No. 28487)
                                          John J. Duffy (US DC-MD Bar No. 28613)
                                          Scott Bielicki (US DC-MD Bar No. 29162)
                                          STEPTOE & JOHNSON LLP
                                          1330 Connecticut Ave NW
                                          Washington DC 20036
                                          T: 202-429-3000
                                          F: 202-429-3902

tbarba@steptoe.com
jduffy@steptoe.com
sbielicki@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown MD 20876
T: 301-540-8180
F: 301-540-8195
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of October, 2010, the foregoing PLAINTIFF'S REPLY TO CONNEXUS CORP.'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE SEPTEMBER 10, 2010 RULING OF THE MAGISTRATE was filed electronically in accordance with the Court's CM/ECF requirements, and served upon the below-named parties via the Court's electronic notification system:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
(202) 434-1613 (Telephone)
(202) 434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

*Counsel for Defendant Connexus Corp.*

_____/s/_____
Thomas M. Barba