UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND  20770
301-344-0632

M E M O R A N D U M

TO:             Counsel of Record

FROM:       Judge Peter J. Messitte

RE:             Beyond Systems, Inc. v. Kraft Foods, Inc., et al.
                    Civil Case No. 08-409

DATE:       December 23, 2010

******

Before the Court is Connexus Corporation's ("Connexus") Cross-Motion for Summary Judgment as to Wagner/Hypertouch's Counterclaim of Indemnification [Paper No. 294]. For the reasons stated below, the Court will **GRANT** the Motion, but will treat Hypertouch, Inc. ("Hypertouch") and James Joseph Wagner's ("Wagner") Counterclaim as if it had been properly pled as a defense.

Plaintiff Beyond Systems, Inc. ("BSI") filed this lawsuit against Kraft Foods, Inc. ("Kraft") in February 2008. Connexus and Hydra LLC ("Hydra") were added as co-Defendants later that year.

On March 6, 2009, Connexus and Hydra filed a Third-Party Complaint against Hypertouch and Wagner [Paper No. 63]. In their Third-Party Complaint, Connexus and Hydra seek indemnification and contribution against Hypertouch and Wagner, who, according to Connexus and Hydra, were responsible for BSI's alleged receipt of the e-mail messages at issue in this case.

On November 16, 2009, Hypertouch and Wagner filed a Counterclaim of Indemnification Against Connexus and Hydra [Paper No. 241], in which they assert as follows: "To the extent that Third-Party Defendants are found liable for any cause of action as to the [e-mails at issue], Hypertouch and Wagner are entitled to indemnification from Connexus and Hydra under Maryland law and/or such other common law principles as the Court may find applicable."

In the instant Cross-Motion for Summary Judgment [Paper No. 294], Connexus argues that: (1) the "counterclaim" asserted by Hypertouch and Wagner is in fact a *defense*; (2) the Hypertouch/Wagner Counterclaim of Indemnification fails as a matter of law because Hypertouch and Wagner have not been sued by BSI and therefore have no potential judgment against them that they can "shift" to Connexus; and (3) Hypertouch and Wagner must be collaterally estopped from suing Connexus for indemnification because a party's right to

indemnification does not accrue until after judgment has been entered against it, and a judgment against Hypertouch and Wagner could be entered only if they—and not Connexus, the party they seek to sue—were found to be primarily responsible for the e-mails at issue in this litigation.

In response, Hypertouch and Wagner assert that: (1) they cannot be collaterally estopped from bringing their Counterclaim because they are not parties to the underlying case and thus cannot be found liable in it; (2) they have properly asserted a counterclaim for indemnification; and (3) they have properly alleged all of the elements of a claim for indemnification.

The Court agrees with Connexus that Hypertouch and Wagner's Counterclaim is more properly characterized as a defense. Accordingly, the Court will **GRANT** Connexus Corporation's Cross-Motion for Summary Judgment as to Wagner/Hypertouch's Counterclaim of Indemnification [Paper No. 294]. However, pursuant to Federal Rule of Civil Procedure 8(c)(2), the Court will treat Hypertouch and Wagner's pleading as if it had been properly pled as a defense. Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated . . . ."). Because Hypertouch and Wagner asserted their Counterclaim in the same brief in which they asserted their Answer, the Court will consider the entire document as the parties' Answer to the Third-Party Complaint, and no further briefing is required.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

                                                                       /s/
                                        PETER J. MESSITTE
                                UNITED STATES DISTRICT JUDGE