**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| CONNEXUS CORP., *et al.*, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**JOINT STATUS REPORT**

Pursuant to Section 8 of this Court's Order of December 27, 2010 (ECF No. 412), the

parties submit the following joint status report:

**A.      Status of Discovery**

Discovery concerning Plaintiff Beyond Systems, Inc.'s ("BSI") claims is closed with

limited exceptions set forth below in Section B.  Fact discovery as to Defendant/Third-Party

Plaintiff Connexus Corp.'s ("Connexus") claims against Third-Party Defendants Joe Wagner and

Hypertouch, Inc. ("Hypertouch") started for a brief period prior to when the Court stayed

discovery pending resolution of certain motions.  Most of the fact discovery and all of the expert

discovery as to this phase of the case remains to be completed.

**B.     Discovery-Related Matters That Remain Outstanding**

The following discovery-related matters remain outstanding as to BSI's claims:

1.     Remaining deposition time for Connexus's expert, Dr. Cohen. *See* ECF No. 335 ("Plaintiff shall have one additional day to depose Dr. Cohen, and the scope of examination will be limited to the opinions expressed in his expert reports.  Plaintiff shall be required to reimburse Dr. Cohen for his time at the deposition and any travel costs personal to him.").

2.     Production of all documents per this Court's orders at ECF Nos. 344, 386 and 412.

3.     Disclosures of Paul Wagner and any other applicable witness per Standing Order 2010-05.

4.     Pursuant to the parties' teleconference of January 14, 2011, BSI's potential production of the emails requested during Paul Wagner's November 13, 2009, deposition.  If BSI declines to produce the files then Connexus likely will move to compel which, in turn, necessarily will result in an extension of the deadlines associated with Connexus's expert report in Item No. 6.

5.     Deposition of BSI expert John Levine concerning his December 2, 2009 supplemental report.  Connexus's counsel stated his belief that this deposition could be conducted telephonically.

6.     Connexus's expert report concerning Paul Wagner's attribution analysis (which can only be completed following the production of Item No. 4 above), and deposition of Connexus' expert concerning that report.

Pursuant to this Court's Order (ECF No. 367), discovery as to Connexus's third-party claims was stayed pending resolution of motions resolved by this Court in its December 27, 2010

order (ECF No. 412).  Each party's responses to the first set of written discovery as to Connexus's third-party claims were served.  The parties will now revisit those responses and amend and/or supplement as necessary because each party contends that the responses are inadequate.  Each party will then file motions to compel if needed.  The parties will then engage in discovery concerning Connexus's third-party claims per the deadlines below.

        **C.**        **The Parties' Proposed Schedule for the Completion of Discovery, Filing of Additional Dispositive Motions, and Any and All Other Proposed Deadlines**

Defendant and Third-Party Plaintiff Connexus Corp. will file by no later than January 21, 2011, a motion seeking to stay of this litigation until after the August 2011 trial in the *Beyond Systems, Inc./World Avenue* litigation pending in this Court, and requests that the Court defer entering any scheduling order until resolution that that motion.  It is Defendants' position, specifically, that if this Court enters judgment in World Avenue's favor on the ground that BSI lacks standing as a legitimate Internet service provider, BSI lacks standing because it is not a Maryland resident, or that Joe Wagner/Hypertouch caused BSI's injuries, then judgment will be mandated in Connexus's favor because the facts and legal issues are identical in both this litigation and the BSI/World Avenue litigation.  Thus, a stay is warranted to conserve judicial resources and those of the parties until these dispositive issues are tried, and because Connexus's view is that no party will be prejudiced if the Court enters the stay sought by this motion.  The Kraft Defendants consent to the requested relief.  BSI opposes the stay.  It is BSI's position that this case should move forward, that speculation concerning the possible outcome of a jury trial seven months in the future is not a sound basis to delay prosecution of this matter, and that the remaining schedule, now that this Court has resolved all outstanding motions, does not suggest that significant judicial resources will be required to ready the case for trial.

If the Court denies the request for a stay then the parties propose the following deadlines set forth below. The deadlines as to fact discovery, expert discovery, and dispositive motions as to Connexus's third party claims are based largely on dates that Third-Party Defendants Joe Wagner and Hypertouch proposed, and Magistrate Judge Day ordered, at ECF Nos. 238 and 266, except that they account for the passage of time due to the stay referenced above. Other deadlines are consistent with this Court's initial scheduling order at ECF No. 20 where indicated below.

| EVENT | DATE/DEADLINE |
|---|---|
| Amended/supplemental objections to first round of discovery | February 1, 2011 |
| Meet and Confer to discuss and resolve objections concerning responses to first round of discovery, and discuss due date for substantive responses | February 4, 2011 |
| BSI's Payment of Fees and Costs per orders at ECF Nos. 401 and 412, and Connexus's unopposed fees declaration at ECF No. 402 | February 4, 2011 |
| Completion of discovery as to BSI's claims as outlined in Section B of the parties' Joint Status Report | April 1, 2011 |
| Disclosures of Paul Wagner and any other applicable witness per Standing Order 2010-05 | April 22, 2011 |
| Deadline for fact depositions as to Connexus's third-party claims; third-party fact discovery cut-off | July 1, 2011 |
| Connexus's Rule 26(a)(2)/LR 104.10 (as amended by Standing Order 2010-5) disclosures as to Connexus's third-party claims | July 29, 2011 |
| Joe Wagner/Hypertouch's Rule 26(a)(2)/LR 104.10 (as amended by Standing Order 2010-5) disclosures as to Connexus's third-party claims | August 26, 2011 |
| Connexus's rebuttal Rule 26(a)(2)/LR 104.10 disclosures as to Connexus's third-party claims | September 9, 2011 |

| EVENT | DATE/DEADLINE |
|---|---|
| Deadline for expert depositions as to Connexus's third-party claims and any expert depositions concerning the disclosures of Paul Wagner and any other applicable witness per Standing Order 2010-05 | October 7, 2011 |
| Status Report Due per ECF No. 20 | October 7, 2011 |
| Dispositive motions deadline | October 21, 2011 |
| Scheduling Conference | To be set by the Court after ruling on dispositive motions per ECF No. 20 |
| Motions in Limine, pretrial conference, and trial | To be set by the Court per ECF No. 20 |

Dated: January 18, 2011

Respectfully submitted,

/s/ Thomas M. Barba
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave NW
Washington DC 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY 10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

/s/ Darrell J. Graham (with permission)
Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL 60604
Phone: (312)922-4533
Fax: (312)922-4757
dgraham@djgrahamlaw.com

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney *(Pro Hac Vice)*
John K. Roche *(Pro Hac Vice)*
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
T: 202-434-1613

Of Counsel:
Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main St., Suite 215
Gaithersburg, MD  20878-6571
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

F: 202-434-1690
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global, Inc. & Vict. Th. Engwall & Co.*

          /s/ Ari N. Rothman (with permission)
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
VENABLE LLP
575 Seventh Street, N.W.
Washington, D.C.  20004
(202) 344-4000
(202) 344-8300 (Facsimile)

*Counsel for Defendant Connexus Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2011, the foregoing Joint Status Report was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic notification system:

| | |
|---|---|
| Barry J. Reingold (USDC-MD Bar No. 06490)<br>John M. Devaney (*Pro Hac Vice*)<br>John K. Roche (*Pro Hac Vice*)<br>PERKINS COIE LLP<br>607 14th Street NW, Suite 800<br>Washington DC 20005-2003<br>202-434-1613 (Telephone)<br>202-434-1690 (Facsimile)<br>jroche@perkinscoie.com<br>breingold@perkinscoie.com<br>jdevaney@perkinscoie.com | J. Douglas Baldridge<br>Lisa Jose Fales<br>Ari N. Rothman<br>VENABLE LLP<br>575 7th Street NW<br>Washington, DC  20004<br>(202) 344-4000 (Telephone)<br>(202) 344-8300 (Facsimile)<br>jbaldridge @venable.com<br>ljfales@venable.com<br>anrothman@venable.com |
| Darrell J. Graham<br>Law Offices of Darrell J. Graham, LLC<br>53 W. Jackson Boulevard<br>Suite 1334<br>Chicago, IL 60604 | *Counsel for Defendant Connexus Corp.* |

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

/s/ Jennifer M. Newton

Jennifer M. Newton