IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY PENDING RESOLUTION OF DISPOSITIVE ISSUES IN BSI/WORLD AVENUE LITIGATION**

Defendant and Third-Party Plaintiff Connexus Corporation submits this Memorandum of Law in support of its Motion for Stay.

**BACKGROUND**

Plaintiff Paul Wagner/Beyond Systems, Inc. ("BSI") claims that Connexus and the Kraft Defendants in this case, and the World Avenue Defendants in a related case pending in this Court, were somehow involved in sending over 120,000 allegedly unlawful emails. Discovery revealed in both cases that Joe Wagner/Hypertouch is responsible for sending almost all of the emails to Paul Wagner/BSI, and that the Wagner brothers are mere lawsuit factories without any legitimate business purposes. Further, in both cases, none of the emails were sent to any identifiable living person, much less any Maryland resident. (ECF No. 257-1 at 27; Ex. 1, 11/29/10 Hrg. Trans. at 55:8-18.) Thus, Defendants in both cases defend on grounds that (1) Paul Wagner/BSI lacks standing because it is not a *bona fide* Internet service provider, (2) Paul Wagner/BSI lacks standing because BSI is not a Maryland recipient/resident in that none of the emails were sent to any Maryland resident, and (3) Paul Wagner/BSI's brother Joe

Wagner/Hypertouch caused Paul Wagner/BSI's alleged injuries by sending the emails to Paul Wagner/BSI. Defendants in both cases (except Kraft) asserted third-party claims against Joe Wagner/Hypertouch for indemnification and contribution because he/it sent the emails to BSI.

On November 29, 2010, this Court bifurcated BSI's claims in the BSI/World Avenue case by scheduling a trial in August 2011 on the following issues: (1) "whether Plaintiff Beyond Systems, Inc. is a *bona fide* 'interactive computer service provider' entitled to bring suit under the Maryland Commercial Electronic Mail Act," (2) "whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute," and (3) "the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc." (BSI/World Avenue ECF No. 544.) The Court stayed all proceedings in the BSI/World Avenue case with limited exceptions, and explained that bifurcation would allow the Court to "make a decision about whether the suit can even go forward. And then we won't have all the discovery on all the individual e-mails at this point, because this is really becoming unmanageable, this case." (Ex. 1, 11/29/10 Hrg. Trans. at 91:1-4.) The Court stated that trying preliminary issues could avoid trial on "68,000 claims [that] were made and that's going to take a long time to go to a trier of fact" because each email will have to be treated as a single violation and proven accordingly at trial. (*Id.* at 91:5-9; 92:6-16.)

As explained below, the Court should enter the stay Connexus seeks for the same reasons it bifurcated BSI's claims and stayed all other matters in the BSI/World Avenue litigation.

2

## ARGUMENT

"A district court has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Popoola v. MD-Individual Practice Assoc, Inc.*, 2001 WL 579774, at *2 (D. Md. May 23, 2001) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Indeed, "[a] stay may be justified when a similar action is pending in another court." *Id.* (internal citation omitted).

The Court should stay this litigation until after the trial in the related BSI/World Avenue case because the outcome of that trial may dispose of BSI's claims against Connexus and the Kraft Defendants in this case. Specifically, Maryland law allows a defendant "to preclude the plaintiff from relitigating an issue that the plaintiff previously litigated unsuccessfully against other defendants" where, among other things, the issue decided in the prior suit was identical to the one presented in the present suit and the plaintiff previously was given a fair opportunity to be heard on the issue. *Rourke v. Amchem Prods., Inc.*, 863 A.2d 926, 933, 938 (Md. 2004); *Leeds Fed. Savings & Loan Assoc. v. Metcalf*, 630 A.2d 245, 250 (Md. 1993).

Defendants here and in the BSI/World Avenue case defend against BSI's claims on grounds that BSI lacks standing because it is not a *bona fide* Internet service provider or Maryland resident/recipient, and that Joe Wagner/Hypertouch caused BSI's injuries as explained above. The facts and law concerning these defenses are identical in both cases except that Defendants here have additional evidence to present should their case proceed to trial. And, the issues to be tried are dispositive. (Ex. 1, 11/29/10 Hrg. Trans. at 90:20-92:16.) Thus, if this Court enters judgment in World Avenue's favor on the ground that BSI lacks standing as a *bona fide* Internet service provider, BSI lacks standing because it is not a Maryland resident/recipient,

or that Joe Wagner/Hypertouch caused BSI's injuries, then judgment also will be mandated in favor of Defendants here. *Leeds*, 630 A.2d at 251 (Md. 1993).[1]

Because the results of the BSI/World Avenue trial may foreclose BSI from pursuing its claims against Connexus, the Court should enter the stay Connexus seeks to avoid wasting valuable judicial and party resources and resulting prejudice. The parties agree that months of extensive fact and expert discovery, and discovery and dispositive motions practice remain to be completed in this case. (ECF No. 414.) However, none of the discovery or other tasks will be needed if the Court disposes of BSI's claims after the August 2011 trial. Indeed, Connexus agrees with previous representations to this Court made by counsel for Paul Wagner/BSI and Joe Wagner/Hypertouch that discovery "demands time and resources ― time and resources that will be unnecessarily wasted" if the Court grants dispositive relief. (ECF No. 166 at 5.)

Further, Joe Wagner/Hypertouch is engaging in the same sanctionable and vexatious litigation misconduct that resulted in no less than seven sanctions orders being imposed on his brother Paul Wagner/BSI. (ECF Nos. 248, 401; WA ECF Nos. 441, 444, 468, 484, 502.) Most recently in this case, Magistrate Judge Day sanctioned Paul Wagner/BSI for seeking to compel discovery about emails that Magistrate Judge Day expressly barred BSI from using as evidence at trial. (ECF Nos. 248, 401.) Joe Wagner/Hypertouch's proclivity to join his brother's bad faith litigation tactics are evidenced by numerous discovery requests he/it served seeking information having nothing to do with whether Joe Wagner/Hypertouch transmitted the emails to his brother but rather seeking discovery to support Paul Wagner/BSI's claims, and that Magistrate Judge

---

[1] By contrast, a finding in the BSI/World Avenue case that Paul Wagner/BSI has standing, and/or that Joe Wagner/Hypertouch did not cause Paul Wagner/BSI to receive the emails, will not bind Connexus or foreclose Connexus from defending on these grounds because Connexus will not have been heard on these issues. *Rourke*, 863 A.2d at 933, n.5 ("Under no branch of collateral estoppel would an existing judgment have preclusive effect against a person who was not a party, or in privity with a party, in the action leading to the judgment."). If BSI's suit against it proceeds to trial, then Connexus will present additional evidence and witnesses that World Avenue does not have and necessarily will not present during the August 2011 trial, such as expert testimony from Dr. Fred Cohen who will show that BSI handling of emails and other practices were inconsistent with normal ISP practices.

Day has already ruled are not within the proper scope of discovery and/or that Connexus already produced in all events. (Ex. 2, Joe Wagner/Hypertouch Sample Discovery Requests; ECF No. 190 (denying in part BSI's motion to compel); ECF Nos. 206, 212 & 401 (denying BSI's motions to compel)). Indeed, Connexus has produced tens of thousands of documents to Paul Wagner/BSI's counsel (who also represents Joe Wagner/Hypertouch), and along with its former co-defendant Hydra conducted at least 57 depositions and exchanged 27 expert reports. And, while Joe Wagner/Hypertouch seeks overbroad and irrelevant discovery, it is simultaneously refusing to provide relevant and substantive discovery, thereby forcing meet and confers and in advance of motions to compel. (ECF No. 414 at 4.) These abuses underscore the need to stay the proceedings so that the Court, Connexus and others do not unnecessarily waste resources addressing vexatious litigation tactics.

  Finally, no prejudice will result to any of the parties. Although Paul Wagner/BSI and Joe Wagner/Hypertouch's position is "that this case should move forward" (ECF No. 414 at 3), Paul Wagner/BSI's actions show he/it has no interest in moving this case forward. For example, BSI investigated the parties and emails at issue in this lawsuit since at least <u>2004</u>, waited until <u>2008</u> to file suit, and delayed producing thousands of emails over which it purported to sue until May 2009 which ultimately resulted in the imposition of sanctions by Magistrate Judge Day. (ECF No. 248.) Further, the Wagners obtained a stay of discovery while Joe Wagner/Hypertouch's motion to dismiss was pending which the Court denied outright. (ECF No. 126, 186.) Moreover, there is no allegation that Connexus continues to harm Paul Wagner/BSI by sending allegedly unlawful emails, and the passage of time alone does not outweigh the prejudice that will result to Connexus if Connexus is forced to waste resources litigating a case that may become moot in just a few short months.

## CONCLUSION

For these reasons, Connexus requests that the Court enter the stay in this litigation until after the August 2011 trial in the BSI/World Avenue litigation.

Respectfully submitted,

Dated:  January 21, 2010                                  /s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp.*