# Exhibit 1

```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
 2                          SOUTHERN DIVISION

 3
      BEYOND SYSTEMS, INC.,       :   Civil Action No.
 4
                Plaintiff,        :   PJM 08-921
 5
          v.                      :
 6
      WORLD AVENUE, LLC,          :   Greenbelt, Maryland
 7
                Defendant.        :   Monday, November 29, 2010
 8
      _____/    2:00 P.M.
 9

10

11              TRANSCRIPT OF MOTION PROCEEDINGS
              BEFORE THE HONORABLE PETER J. MESSITTE
12                 UNITED STATES DISTRICT JUDGE

13    APPEARANCES:

14

15    FOR THE PLAINTIFF:   STEPHEN HOWARD RING, ESQUIRE
                           Stephen H. Ring, PC
16                         506 Main Street, Suite 215
                           Gaithersburg, Maryland  20878
17                         301-563-9249
                           and
18                         MICHAEL STEPHEN ROTHMAN, ESQUIRE
                           Law Office of Michael S. Rothman
19                         401 E. Jefferson Street, Suite 201
                           Rockville, Maryland  20850
20                         301-251-9660

21

22

23

24    OFFICIAL COURT REPORTER:   LINDA C. MARSHALL,(301) 344-3229

25           COMPUTER-AIDED TRANSCRIPTION OF STENOTYPE NOTES
```

```
 1   FOR THE DEFENDANT:   SANFORD M. SAUNDERS, JR., ESQUIRE
                          NICOLETA BURLACU, ATTORNEY-AT-LAW
 2                        Greenberg Traurig, LLP
                          2101 L Street, NW, Suite 1000
 3                        Washington, D.C.  20037
                          202-331-3130
 4                        and
                          John L. McManus, Esquire
 5                        Kenneth A. Horky, Esquire
                          Greenberg Traurig, PA
 6                        401 E Las Olas Boulevard, Suite 2000
                          Fort Lauderdale, Florida  33301
 7                        954-768-8291

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   Third Party Complaint and World Avenue's Motion for Partial
 2   Summary Judgment.  One deals with the alleged non-residency of
 3   plaintiff in this case and the other, the alleged immunity of
 4   Hypertouch.
 5              One thing that's not been clear to me in, perhaps, all
 6   the BSI litigation and this case in particular is who are
 7   specific Maryland addressees or recipients of these e-mails?
 8              And let me start with you, Mr. Saunders, this time.
 9   Is there anybody in Maryland who was ever intended originally to
10   get any of these alleged spams?
11              MR. SAUNDERS:  No, there's not one live person that's
12   attached to these e-mail addresses, Your Honor.
13              THE COURT:  Mr. Ring, who are the Maryland -- don't
14   tell me about BSI.  Tell me about the people that BSI is
15   supposed to be serving here.
16              MR. RING:  I think Mr. Saunders is correct.  There are
17   no human beings individually assigned e-mail addresses.  There
18   is only BSI as I understand it.
19              THE COURT:  Then why are they even entitled to -- if
20   there is no Maryland person who is getting this, why are they
21   entitled to be here?
22              MR. RING:  The statute has two prongs and it creates
23   cause of action for two groups of people.  One would be
24   recipients and the other would be ISPs.  Sometimes an ISP can be
25   a recipient.  It might dead-end at for instance X, Y, Z; 1, 2, 3
```

```
 1   Motions to Reconsider.  I mean, it just explodes with paper.  I
 2   have never been in a case with this many docket entries in my
 3   life.  So I don't know what the answer is.
 4          We would like shorter discovery, frankly.  We have
 5   almost enough.  We think we're still owed materials, but we
 6   don't want it to go on forever.
 7          THE COURT:  I have a short answer to this.
 8          MR. SAUNDERS:  Your Honor, if I may, this is, one,
 9   very convenient.  Say, oh, we think we're already done because
10   they've gone off and taken about ten depositions.  They have
11   deposed a bunch of people.  They said -- if they thought they
12   were almost done, they just named six new defendants.  They just
13   stood up here and talked about all the issues they need to go
14   into about successors, et cetera.
15          So they can't have it both ways, but what they did was
16   file, in essence, 70,000 fraud claims.  So we have to be able to
17   dig into that.
18          THE COURT:  I have a thought.  I have a thought that
19   may resolve this, and the thought is this.
20          We're going to bifurcate and we'll put all damages
21   issues into a separate trial, and we'll stop discovery on the
22   70,000 and we'll look at the issues of the whole arrangement of
23   BSI.  That is, is BSI bona fide a resident of the State of
24   Maryland.  And is there, in fact, a scheme between Hypertouch
25   and BSI.  And we will try those issues to an advisory jury and
```

1  I'll make a decision about whether the suit can even go forward.
2  And then we won't have all the discovery on all the individual
3  e-mails at this point, because this is really becoming
4  unmanageable, this case.
5            It's true 78, 68,000 claims were made and that's going
6  to take a long time to go to a trier of fact, and defendants are
7  entitled to discovery as to the 68,000.  Every single claim
8  represents presumably a separate claim for damages that's filed
9  by the plaintiff.  It's no small potatoes.
10           You brought the suit, Mr. Ring.  You're going to have
11 to stand or fall with the suit that you brought, but you can't
12 say that they're obliged to take your representation about
13 whether or not it's misleading.  But that said, the easy answer
14 here may be, let's see whether BSI even has the right to go
15 forward in this case.  That issue has still not been tried
16 anywhere.  As I understand it, the arbitrator decided on the
17 papers.
18           Let's see when you put your best case forward to a
19 trier of fact whether they agree that you've got a bona fide
20 residence here, whether they agree that Mr. Joe Wagner, in fact,
21 is doing anything other than manufacturing or sending these
22 e-mails to his brother to allow these suits to be brought.
23           And if you get past that burden and you're
24 legitimately here, then we'll see where we are.  That will take
25 care of the issue of discovery on the 70,000 or so e-mails for

1    the time being.
2            MR. RING:  Your Honor, does the discovery as to the
3    newly added entities, whether they should be consolidated,
4    whether they are agents of each other or whatever, does that get
5    put on the back burner?
6            THE COURT:  Well, I suppose it probably should,
7    shouldn't it?  I mean, we're going to see whether you have a
8    right to be here at all.  That's really what the issue is right
9    now.  What difference does it make, even if they are involved in
10   spam activities, if you don't have a bona fide residence, if
11   you've got somebody who is really, in effect, contributing to
12   the, quote/unquote, injury that BSI suffers, you may come back
13   with a verdict that says you really don't belong in court at
14   all.  And so it doesn't matter what they've done.  You may have
15   to go after them somewhere else.  Somebody else will have to go
16   after them.
17           MR. RING:  And our time line will be?
18           THE COURT:  Well, let's talk about that.  I mean,
19   we're faced with just that issue, but I've got to put some
20   manageability in this case because it just grows and grows.  And
21   there's no way in which we can find out whether in fact what we
22   need to do.  And I don't know what you do when you finally get
23   to the 70,000 or so requests, but that's the way we're going to
24   do it.  We will limit discovery to the issue of the bona fide
25   vel non residency of the plaintiff and whatever relationship