**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CONNEXUS CORP., *et al*., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES JOSEPH WAGNER, *et al*., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**PLAINTIFF AND THIRD-PARTY DEFENDANTS'
OPPOSITION TO CONNEXUS' MOTION TO STAY [DE 415]**

Plaintiff Beyond Systems, Inc. ("BSI") and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc. (collectively, "Hypertouch") oppose Connexus' motion to stay this litigation (DE 415).

**I.      INTRODUCTION**

Connexus moves to stay this litigation on the basis that issues to be tried in an August mini-trial in another case before this Court, *Beyond Systems, Inc. v. World Avenue*, might possibly be decided in a way favorable to World Avenue, and by extension, Connexus argues, to it. This Court has ordered that it will consider three issues at the mini-trial: (1) BSI's status as

an ISP, (2) BSI's Maryland residency, and (3) the nature of the relationship between BSI and Hypertouch, Inc.[1]  Because Connexus believes it might be able to leverage any favorable ruling in *World Avenue*, it believes this litigation should be halted.

This litigation should not be stayed.  First, staying litigation based on what might transpire in another case six months from now – not including whatever time the Court needs to consider the issues following the mini-trial – is speculative, assumes all issues will be resolved in Defendant's favor, and is prejudicial to Plaintiff's case.  Following this Court's resolution of all outstanding motions on December 23, 2010 (DE 412), Plaintiff's case against Connexus and Kraft is nearly ready for trial, with only the few outstanding discovery items (listed at section B of the parties' Joint Status Report (DE 414) filed Jan. 18, 2011) remaining.  To now put the case on hold for *six or more months* is prejudicial to Plaintiff's timely pursuit of its claims, especially after this case was *already previously stayed for at least six months* from June 2010 to December 2010 pending resolution of Connexus' unsuccessful summary judgment motion.[2]  The bulk of discovery remaining pertains to Connexus' third-party claim for indemnification / contribution against Hypertouch.  In effect, Connexus complains that the claims *it filed* are the primary

---

[1] Of note, on January 18, 2011, the California Court of Appeal ruled in Hypertouch's favor, reversing summary judgment, and holding that the California anti-spam law is not preempted by CAN-SPAM, that fraud is not required, and that California law does not require that plaintiffs show knowledge on the part of spamming defendants.  *See* Ex. A.  In addition, the court wrote: "Hypertouch, Inc. provides electronic mail service to approximately 100 customers located inside and outside of California, including internet start-up companies, corporations, charitable organizations and various people related to the President of Hypertouch, Joseph Wagner." *Id*.

[2] Connexus moved for a stay on December 21, 2009.  (DE 263.)  Third-Party Defendants Wagner and Hypertouch moved to bifurcate/stay in March 2010.  (DE 321).  Then, in May 2010, the parties entered a joint stipulation to stay because there were various motions, including multiple motions for summary judgment, outstanding.  (DE 356.)  The three of these pleadings were ruled upon on the same day in June 2010.  The Court denied Connexus' motion to stay as moot (DE 370), denied Third-Party Defendants' motion to bifurcate/stay (DE 370), and the stipulation was entered.  (DE 367.)

burden on the parties and the Court, but those third-party liability claims will not necessarily be resolved by any decision in the *World Avenue* case, and halting discovery will only serve to push back the underlying case's trial schedule well into 2012 (based on the parties' January 18, 2011-filed schedule), or even into 2013.[3]

Second, Connexus acts as if the discovery that Third-Party Defendants need to take in order to defend against Connexus' claims is somehow unfair or improper, while disregarding that it filed that third-party action. Discovery to defend against its claims is not unfair, and a stay barring discovery necessary to defend against a claim is disfavored. *See infra* II.B. Plus, the first round of discovery in the third-party action has already been served, and responses have already been exchanged as of March 2010, but have been stayed since that time.

A stay will also prevent Hypertouch from filing a motion for summary judgment on the issue of its ISP status and accordingly its immunity under state law and the Communications Decency Act. Following the Court's invitation to file a summary judgment motion following its denial of Hypertouch's motion to dismiss on this issue, the stay will prejudice Hypertouch from having this motion before the Court.

---

[3] On January 18, 2011, the parties agreed in the Joint Status Report to a case schedule that included a February 1, 2011 date to supplement previous responses and objections to the first round of discovery and a February 4, 2011 meet and confer on those responses. However, Connexus has now stated that it will not conduct discovery without guidance from the Court. *See* Ex. B. Connexus alleges there is still a stay in place even though this Court effectively lifted the stay on Dec. 23, 2010 when it resolved all outstanding motions in the case, including denying Connexus' summary judgment motion as well as any and all other motions that were the predicate for the stay in DE 356. Connexus also contests that the Court has necessarily deferred entering the parties' Joint Status Report and the schedule therein. There has been no indication from the Court that it is deferring entering the schedule, and thereby giving Connexus the benefit of a *de facto* stay while it moves for a stay. Third, the filing of a motion to stay does not entitle a party to decline to engage in ongoing litigation pending the resolution of that motion. BSI and Hypertouch request that the Court, if necessary, clarify that it has not deferred entering the schedule, or that it simply enter the schedule, and order Connexus to move forward with the case it filed.

3

Moreover, there are central issues at play in this litigation that are not at issue in World Avenue, including BSI's status as an "Electronic mail service provider" under California law – a separate issue for the jury from ISP status, as well as issues which could be resolved in multiple ways that will not affect this action – including if the Court were to determine that Hypertouch is somehow responsible for the emails sent by others including Connexus, the third-party action would still have to be tried to determine to what extent Hypertouch might then be liable for contribution or indemnification to Connexus. Therefore, if the case were stayed, the discovery on the third-party issues would then still need to be taken before resolving that case – discovery which could be ongoing and would be nearly completed by the time of the end of the *World Avenue* mini trial.

Further, Connexus' request for a stay does not represent a good faith proposal to conserve judicial resources; rather, it is just the most recent obstruction to BSI's efforts to try this case. First, Connexus misrepresents the transcript, alleging that Judge Messitte referred to the logistics of having to try 68,000 emails in support of its argument for a stay. Mot. at 2 ("The Court stated that trying preliminary issues could avoid trial … because each email will have to be treated as a single violation and proven accordingly at trial"). Rather, Judge Messitte was referring to the discovery necessary to enable that trial, which discovery is nearly complete as stated above, and made no comment with regard to each email being treated as a single violation and proven accordingly. *See* Ex. 1 to Mot. to Stay at 91:5-9; 92:6-16. Second, whatever the challenges facing the parties and the Court in adjudicating en masse or individually 68,000 statutory violations, that is not a reason to halt preparation of the case for that trial – especially because what remains discovery-wise generally pertains to Connexus' third-party claims which do not

4

bear on trying the falsity in the emails at issue. The 68,000 emails are merely a reminder of how rampant and egregious is Connexus' violation of the anti-spam laws.

Third, this Court has ordered that it will empanel an advisory jury on August 4, 2011, for purposes of trying the *World Avenue* defendants' defenses. The use of an advisory jury where a party to the case has invoked its right to a trial by jury is contrary to Fed. R. Civ. P. 39. As such, any decision this Court makes as it relates to BSI's status as an ISP, BSI's Maryland residency, and/or BSI's relationship with Hypertouch must be considered as if it were summary judgment. That is, because BSI (and Hypertouch) have a right to trial by jury, the Court can only find against BSI if it finds there are no disputed issues of fact, but it has already ruled that BSI's status as an ISP is a disputed fact issue that must go to a jury, and an advisory jury cannot be substituted for a true jury, at least on that issue. *See* DE 370; June 14, 2010 Hrg. Trans. at 68:5-69:8.

## II. ARGUMENT

Connexus, as it has throughout the course of this litigation, conveniently ignores the fact that *it sent all the emails at issue*, and all the false and deceptive emails at issue *have been attributed to it*. Somehow, Connexus believes it is the victim when it is responsible for the 28,137 spam at issue which it put into the Internet stream of commerce. Connexus was paid to do this, and in turn paid other spammers for their assistance. This case should not be stayed to permit Connexus another free ride, like the one it takes on the backs of businesses and consumers forced to pay for and deal with its "trash folder" emails.

Connexus seeks a stay of this entire action – the underlying case, and the third-party action which it filed against Hypertouch. Except for the limited issues identified in the parties'

5

Joint Status Report at section B, the underlying case is nearly ready for trial following this Court's resolution of all outstanding motions on December 23, 2010 (DE 412).

> **A.  The Case Should Not Be Stayed on the Basis That Issues Might Be Decided in Connexus' Favor Six Months From Now in the *World Avenue* Case, Especially Where a Stay Likely Pushes the Trial in This Case Into 2013.**

Connexus claims that any decision by this Court as a result of the mini-trial is necessarily dispositive of all issues in this case. This is not correct, at least because this Court could rule (1) in BSI's favor, in which case the stay will require the re-commencement in the Fall of discovery in the third-party action pushing the case well into 2012; (2) the Court could rule in a way concerning the relationship between BSI-Hypertouch that leaves the third-party action open and then requiring discovery; or (3) it could rule there are disputed fact issues as it already has vis-à-vis BSI as an ISP in this litigation, or that the issues are not dispositive in the *Connexus* matter – such as BSI's status as an "Electronic mail service provider" under California law. Delaying this case for six or more months because Connexus assumes it will prevail – just as it incorrectly assumed it would prevail on its summary judgment motion which was the principal basis of the last stay – is not warranted. And, if World Avenue does not prevail in a way that might aid Connexus, then this case must pick up where it left off. If, hypothetically, this Court were to find against World Avenue in September 2011, and this case were to then re-commence, based on the currently proposed schedule, it would be May 2012 before the dispositive motions deadline, and perhaps 2013 before a trial date.[4]

Connexus cites *Popoola v. MD-Individual Practice Assoc., Inc.* as support for a stay where similar issues are pending in another court. However, first, Connexus has never raised the defense that BSI is not a Maryland resident. Second, in *Popoola*, the stay was predicated on the

---

[4] A delayed trial date, until perhaps 2013, also prejudices BSI because both Kraft and Connexus continue currently to send their illegal spam to BSI's customers, which will not stop until BSI goes to trial and gets an injunction.

fact that the Fourth Circuit was poised to rule on the same issue – where ERISA preempted the Maryland HMO Act – in another case, whereas, here, no such controlling, appellate ruling is afoot. *See* No. Civ.A.DKC 2000-2946, 2001 WL 579774, at *2 (D. Md. May 23, 2001). Third, this Court has already ruled in the *Connexus* case that the issue of BSI as an ISP is to go to a jury and an advisory jury, as further explained below, cannot be substituted on this issue. Finally, a ruling on the BSI-Hypertouch routing relationship does not necessarily resolve any of the claims in this litigation because (a) there are emails at issue that *were not routed from Hypertouch*, and (b) any ruling could leave Connexus' own third-party indemnification/contribution claim alive. Therefore, there is no reason to believe that the issues in this case will be resolved, even assuming World Avenue "prevails" at the advisory jury mini-trial.[5]

    **B.**     **Connexus Has Already Claimed the Facts Are "Undisputed" Thus Obviating its Need for Discovery in the Third-Party Action, and Nothing About the Substance of the Case Has Changed to Warrant its Revised Position.**

Connexus has asserted third-party claims against Hypertouch, alleging a right to contribution or indemnification. Stays are disfavored, in particular where discovery is necessary to gather facts to defend against a motion. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion."). The basis for this claim is that Connexus was not the sender or was not the primary sender of the emails. Hypertouch has a right to discovery to defend against this claim. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) ("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion. *The court should not, however, stay*

---

[5] Connexus purports to brief the Court on *res judicata*. BSI believes that such briefing is not called for at this time. A stay is in the Court's discretion, and for all the reasons stated herein, it should be denied.

fact that the Fourth Circuit was poised to rule on the same issue – where ERISA preempted the Maryland HMO Act – in another case, whereas, here, no such controlling, appellate ruling is afoot. *See* No. Civ.A.DKC 2000-2946, 2001 WL 579774, at *2 (D. Md. May 23, 2001). Third, this Court has already ruled in the *Connexus* case that the issue of BSI as an ISP is to go to a jury and an advisory jury, as further explained below, cannot be substituted on this issue. Finally, a ruling on the BSI-Hypertouch routing relationship does not necessarily resolve any of the claims in this litigation because (a) there are emails at issue that *were not routed from Hypertouch*, and (b) any ruling could leave Connexus' own third-party indemnification/contribution claim alive. Therefore, there is no reason to believe that the issues in this case will be resolved, even assuming World Avenue "prevails" at the advisory jury mini-trial.[5]

    **B.**     **Connexus Has Already Claimed the Facts Are "Undisputed" Thus Obviating its Need for Discovery in the Third-Party Action, and Nothing About the Substance of the Case Has Changed to Warrant its Revised Position.**

Connexus has asserted third-party claims against Hypertouch, alleging a right to contribution or indemnification. Stays are disfavored, in particular where discovery is necessary to gather facts to defend against a motion. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) ("the Court ordinarily should not stay discovery which is necessary to gather facts in order to defend against the motion."). The basis for this claim is that Connexus was not the sender or was not the primary sender of the emails. Hypertouch has a right to discovery to defend against this claim. *See Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) ("A protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion. *The court should not, however, stay*

---

[5] Connexus purports to brief the Court on *res judicata*. BSI believes that such briefing is not called for at this time. A stay is in the Court's discretion, and for all the reasons stated herein, it should be denied.

*discovery which is necessary to gather facts in defense of the motion.*") (citations omitted) (emphasis added).

Connexus argues that judicial resources will be conserved, however, what remains in the underlying case and in the third-party action is discovery that implicates judicial resources, at most, tangentially. Further, Connexus states that "[t]he parties agree that months of *extensive* fact and expert discovery" is needed. Mot. at 4 (emphasis added). This spin directly contradicts Connexus' previous position in this litigation with regard to the third-party action. In its last motion to stay this case, Connexus claimed:

> By way of their third-party complaint, Connexus and Hydra seek indemnification and contribution from Joe Wagner/Hypertouch because Joe Wagner/Hypertouch sent tens of thousands of the emails at issue in this case. (DE# 145-2 at 18-21.) Connexus and Hydra also defend against BSI's claims based on these same *undisputed* facts. Thus, the third-party claims are so intertwined with BSI's claims and the defenses of Connexus and Hydra that trying all claims together is mandated to conserve judicial resources and those of the parties.

(DE 263 Defs.' Mot. to Stay at 8 (emphasis added)). Since, according to Connexus, the facts are "undisputed," little discovery would be necessary, and indeed, since the facts also constitute Connexus' defense to BSI's claims, any discovery needed should already have been done as part of Connexus' discovery with respect to BSI's claims against them, and that discovery is almost complete as stated in the parties' Joint Status Report to the Court of January 18, 2011.

Finally, Connexus, never content to take the high road when the low road is available, raises previous discovery squabbles in this case. BSI believes that this Court would prefer to be spared the invective, and will only state that this Court has resolved all such issues.

### C. The Court Has Already Ruled That the Issue of BSI as an ISP Is an Issue for the Jury in the *Connexus* Litigation.

Fed. R. Civ. P. 39(c)(1) provides that in action *not triable of right by jury*, the court may try issues with an advisory jury. A court's decision whether to do so is entirely discretionary; courts may empanel an advisory jury in order to maximize efficiency and convenience. *Starr Int'l Co. v Am. Int'l Group, Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009). This Court has ordered in another case on its docket involving BSI as plaintiff and different defendants that it will empanel an advisory jury on August 4, 2011, for purposes of trying those defendants' defenses. The use of an advisory jury where a party to the case has invoked its right to a trial by jury is contrary to Fed. R. Civ. P. 39. As such, any decision this Court makes as it relates to BSI's status as an ISP, BSI's Maryland residency, and/or BSI's relationship with Hypertouch must be considered as if it were on summary judgment. That is, the Court is responsible to make findings of fact and conclusions of law, and may only decide the ISP/residency/relationship issues as a matter of law if there is no triable issue of fact. *See Mitchell v. Visser*, 529 F. Supp. 1034, 1036 (D. Kan. 1981) (stating that when advisory jury is used, ultimate responsibility for findings of fact and conclusions of law remains with District Court). Otherwise, the Court would be usurping the jury's providence to decide contested issues of fact. *See Am. River Transp. Co. v Paragon Marine Servs.*, 213 F. Supp. 2d 1035 (E.D. Mo. 2002), *aff'd*, 329 F.3d 946, 947 (8th Cir. 2003) (holding although judge appointed advisory jury under Fed. R. Civ. P. 39, judge had to prepare findings of fact and conclusions of law and had discretion to accept or reject, in whole or in part, jury's verdict and findings).

As a result, this Court would have to find that there are no disputed issues of fact in order to render as a matter of law a determination on the questions presented. This will necessarily take time, therefore the notion that the case will only be stayed for six months until the mini-trial

understates the delay. The case would effectively be stayed for some additional weeks, if not months, until the Court rendered a decision. *See Mallory v Citizens Utilities Co.*, 342 F.2d 796, 797-98 (2d Cir. 1965) (holding that when advisory jury is used, review on appeal is from court's judgment as though no jury had been present; but where court entered judgment pursuant to advisory verdict without any clarifying statements and improperly admitted and prejudicial testimony had been allowed, case was remanded for the making of findings of fact, conclusions of law, and entry of judgment thereon).

Finally, this Court has already ruled that the issue of whether BSI is an ISP is a jury question in the *Connexus* litigation. *See* DE 370; June 14, 2010 Hrg. Trans. at 68:5-69:8. In this case, where BSI has a right to trial by jury, BSI submits that the use of an advisory jury to assist the Court in making findings of fact on an issue it has already found must go to the jury is contrary to its prior ruling, and contrary to Rule 39(c). *See Pradier v Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981) (holding where District Court improperly substituted advisory jury for jury trial and entire trial took place with understanding that jury's verdict would be advisory only, entire case must be remanded for retrial before regular jury). Therefore, this should not be a consideration with regard to staying this case.

**III.     CONCLUSION**

For the foregoing reasons, Connexus' Motion to Stay should be denied.

Date:  February 7, 2011                                  Respectfully submitted,

                                                          /s/
Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (US DC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Avenue
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com
*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*

Of Counsel:
Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland  20878
T: 301-563-9249
F: 301-563-9639
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com
Counsel for Plaintiff Beyond Systems, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of February, 2011, the foregoing PLAINTIFF AND THIRD-PARTY DEFENDANTS' OPPOSITION TO CONNEXUS' MOTION TO STAY [DE 415] was served via ECF on the below-named parties:

| | |
|---|---|
| Barry J. Reingold<br>John M. Devaney<br>John K. Roche<br>PERKINS COIE LLP<br>607 14th Street NW, Suite 800<br>Washington, D.C. 20005-2003<br>(202) 434-1613 (Telephone)<br>(202) 434-1690 (Facsimile)<br>jroche@perkinscoie.com<br>breingold@perkinscoie.com<br>jdevaney@perkinscoie.com | J. Douglas Baldridge<br>Lisa Jose Fales<br>Ari N. Rothman<br>VENABLE LLP<br>575 7th Street NW<br>Washington, D.C. 20004<br>(202) 344-4000 (Telephone)<br>(202) 344-8300 (Facsimile)<br>jdbaldridge @venable.com<br>ljfales@venable.com<br>anrothman@venable.com |
| Darrell J. Graham<br>Law Offices of Darrell J. Graham, LLC<br>53 W. Jackson Boulevard<br>Suite 1334<br>Chicago, IL 60604<br><br>*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.* | *Counsel for Defendant Connexus Corp.* |

                                                           /s/
                                                  Jennifer M. Newton