IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | |
| Plaintiff, | Case No. 8:08-CV-00409-PJM |
| v. | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | Magistrate Judge Charles B. Day |
| Defendants. | |

**REPLY IN SUPPORT OF ITS MOTION FOR STAY PENDING RESOLUTION OF DISPOSITIVE ISSUES IN BSI/WORLD AVENUE LITIGATION**

Defendant and Third-Party Plaintiff Connexus Corporation ("Connexus") submits this Reply to Paul Wagner/BSI's and Joe Wagner/Hypertouch's opposition to Connexus's Motion for Stay Pending Resolution of Dispositive Issues in BSI/World Avenue Litigation, and states that the arguments in the opposition do not warrant denying the stay Connexus seeks.

First, BSI failed to show any potential prejudice that may result if the Court enters the requested stay. *United States v. William F. Wilke, Inc.*, 685 F. Supp. 936, 938 (D. Md. 1988) (entering stay where prejudice to party opposing stay did not outweigh prejudice to party seeking stay).  For example, BSI's claim that a stay will harm BSI by delaying trial is not credible because BSI allegedly received the emails in 2005 and then waited three years to file suit, a decision which resulted in the entry of summary judgment against it for failing to comply with California's statute of limitations. (ECF No. 370.)  Further, BSI's argument assumes that a trial will occur in this case, yet no trial will occur if this Court finds that BSI lacks standing as an Internet service provider or otherwise cannot maintain suit.  BSI does not contest this point but instead merely states that "such briefing is not called for at this time." (ECF No. 417 at 7.)  Yet,

the preclusive effect of findings against BSI in the *World Avenue* case is exactly why the Court should enter a stay here.[1]

Second, Joe Wagner/Hypertouch failed to show any prejudice and instead argues that the stay will cause harm by delaying his/its ability to complete discovery and move for summary judgment. Joe Wagner/Hypertouch's argument is ridiculous. If the Court finds that BSI lacks standing or that BSI otherwise lacks capacity to maintain its claims then dismissal will be mandated in Connexus's favor. In turn, Connexus's third-party claims against Joe Wagner/Hypertouch will be moot, and Joe Wagner/Hypertouch will not have to use any resources engaging in discovery or motions practice. In fact, a stay will only help Joe Wagner/Hypertouch.

Third, Connexus will be harmed without a stay because it will be forced to engage in expensive discovery that will be moot if the Court finds that BSI lacks standing to maintain its claims. The joint scheduling order submitted to the Court on January 18, 2011 (ECF No. 414) includes several months of extensive fact and expert discovery, and discovery and dispositive motions practice remain to be completed. This, in turn, will require extensive use of resources. Thus, the prejudice to Connexus without a stay clearly and convincing outweighs any potential prejudice to BSI and Joe Wagner/Hypertouch if a stay is entered.

Finally, BSI raises arguments that are totally irrelevant to whether a stay should be granted. For example, this Court's decision to use an advisory jury in the World Avenue case – which BSI did not contest during the hearing when this Court indicated it would empanel an

---

[1] BSI claims that "Connexus continue[s] currently to send [its] illegal spam to BSI's customers." (ECF No. 417 at 6.) Thus, Connexus requested on February 13, 2011, that BSI produce these emails because Connexus undertook actions to stop the emails and had not received complaints of any recent emails until now. BSI produced to Connexus 15 alleged recent emails last night at 8:45 p.m. Connexus is currently investigating whether the emails actually involve Connexus and/or its affiliates, and other circumstances surrounding these emails, but cannot validate or refute BSI's claims because its investigation is incomplete.

advisory jury – has no bearing on whether a stay should be entered.  BSI's citation to the *Hypertouch v. Valueclick* decision, in addition to being irrelevant, falsely suggests that the California appellate court found that Hypertouch is a *bona fide* ISP.  As BSI's counsel knows because it represents Joe Wagner/Hypertouch in that action, whether Hypertouch is an Internet service provider was not before the court (trial remains to be completed in that case).  Indeed, most of BSI's opposition is filled with nothing other than useless distractions that do nothing to rebut Connexus's showing that a stay is warranted here.

For the reasons stated in its motion and accompanying memorandum of law, as well as the reasons herein, Connexus respectfully requests that this Court grant its motion for stay.

Respectfully submitted,

Dated:  February 25, 2011                                /s/                                          
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 25th day of February 2011, a copy of the foregoing *REPLY IN SUPPORT OF ITS MOTION FOR STAY PENDING RESOLUTION OF DISPOSITIVE ISSUES IN BSI/WORLD AVENUE LITIGATION* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
tbarba@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P. C.
506 Main St., Suite 215
Gaithersburg, MD 20878
shr@ringlaw.us

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc., Joe Wagner/Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th St., NW, Suite 800
Washington, DC  20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
THE LAW OFFICE OF DARRELL J. GRAHAM, LLC
53 W. Jackson Blvd.
Suite 1334
Chicago, IL  60604
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

              /s/
              Ari N. Rothman