IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| Defendants. | : |

## MOTION TO LIFT STAY FOR LIMITED DISCOVERY AND RELATED RELIEF

Defendant and Third Party Plaintiff Connexus Corp. seeks an order immediately lifting the current stay of this case (ECF No. 419) to obtain evidence that is materially relevant to Connexus's defenses and third-party claims against Joe Wagner/Hypertouch before the evidence is destroyed, and for related relief set forth below.

Steven Ring, counsel for Plaintiff Paul Wagner/Beyond Systems, Inc. and Third Party Defendant Joe Wagner/Hypertouch in this and the recently settled *BSI/World Avenue* litigation, and World Avenue and its counsel, Greenberg Traurig, LLC, refuse to disclose whether World Avenue and its counsel, via the BSI/World Avenue settlement agreement or otherwise, are required to destroy or have destroyed evidence produced and/or ordered to be produced by Paul Wagner/BSI and Joe Wagner/Hypertouch, Inc. in the *BSI/World Avenue* litigation. These materials, hereinafter "BSI/World Avenue Materials," are central to Connexus's defenses and third-party claims in this case, responsive to existing discovery requests, responsive to forthcoming requests concerning Connexus's third-party claims, and subject to a subpoena that Connexus informed World Avenue's counsel it would serve long before the BSI/World Avenue Settlement occurred. Further, Connexus must seek these materials from World Avenue and its

counsel, among other reasons, because Paul Wagner/BSI and Joe Wagner/Hypertouch stated they will not produce them, and the circumstances described below, which include twelve sanction orders issued against the Wagners for failing to comply with court orders and discovery obligations, proves that the Wagners will not produce the materials even if this Court orders them to do so.  Connexus seeks these materials now because the absence of simple confirmation – despite repeated requests – that World Avenue and its counsel are retaining evidence can only mean that such evidence has been or soon will be destroyed.  Time is therefore of the essence.

In light of the above, Connexus Corporation seeks an order immediately lifting the current stay of this case for the sole purposes of (1) obtaining the BSI/World Avenue Materials from World Avenue and its counsel before such evidence is destroyed, and (2) seeking discovery from Paul Wagner/BSI, Joe Wagner/Hypertouch, Steven Ring, World Avenue, and World Avenue's counsel concerning the location, retention, disposition, and/or destruction of the BSI/World Avenue Materials.  Connexus also requests that the Court issue preservation orders requiring World Avenue and its counsel to preserve the BSI/World Avenue Materials.

Connexus files herewith its Local Rule 104.7 Certification and proposed order.[1]

## BACKGROUND

This case, and the recently settled *BSI/World Avenue* litigation, both involve allegations by Paul Wagner/BSI that Connexus and World Avenue sent and/or caused to be sent unlawful emails to BSI in violation of Maryland Commercial Law Code § 14-3002. (ECF No. 52; WA ECF No. 177.)[2]  Both cases involve third-party claims against Paul Wagner/BSI's brother Joe

---

[1]  Paul Wagner/BSI may not use evidence in support of its/his case that it failed to timely disclose in response to Connexus's discovery requests. FRCP 37(c).  Thus, pursuant to FRCP 37(c), Connexus will object to the admission of any evidence (whether obtained through this motion or otherwise) that Paul Wagner/BSI seeks to admit which should have been timely produced in response to Connexus's prior discovery responses.

[2]  "WA ECF No." denotes the document number designated by the court's electronic filing system in the *BSI/World Avenue* litigation (Case No. 8:08-cv-00921).

Wagner/Hypertouch, as discovery revealed that Joe Wagner/Hypertouch sent to Paul Wagner/BSI the majority of the emails over which Paul Wagner/BSI sues. (ECF No. 145-2; WA ECF No. 86.)  Both cases involve identical contested issues, including the three issues that this Court ordered to be tried in the *BSI/World Avenue* litigation:  (1) "whether Plaintiff Beyond Systems, Inc. is a *bona fide* 'interactive computer service provider' entitled to bring suit under the Maryland Commercial Electronic Mail Act," (2) "whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute," and (3) "the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc." (WA ECF No. 544 at 2.)  Thus, in its order staying this case pending the August 2011 mini-trial on the foregoing issues in the *BSI/World Avenue* litigation, this Court found that "the *World Avenue* trial will address critical issues of standing that could very well preclude BSI from pursuing its claims in the present action—particularly those brought pursuant to the MD-CEMA statute." (ECF No. 419 at 2.)

Until recently, counsel for World Avenue and Connexus exchanged information pertinent to their cases to assist each other in defending their clients against Paul Wagner/BSI's claims and prosecuting third-party claims against Joe Wagner/Hypertouch, including pursuant to a subpoena World Avenue served on Connexus. (Ex. 1, World Avenue/Connexus subpoena.)  When it became clear that World Avenue obtained substantial information pertinent to this case, this case had been stayed by this Court's orders. (ECF Nos. 367, 419.)  Thus, Connexus could not serve a subpoena on World Avenue, but indicated to World Avenue in May 2011 that it would do so when and if the Court lifted the stay. (Ex. 2, 5/16/11 Email from A. Rothman to S. Saunders.)

In August 2011, Connexus learned that Paul Wagner/BSI, Joe Wagner/Hypertouch, and World Avenue settled the *BSI/World Avenue* litigation.  At that point, it became clear to

Connexus that it would need to issue the subpoena because discovery would shortly resume in this case.  Further, recent filings in the *BSI/World Avenue* litigation contained discovery responses and documents that Connexus requested in this case but which Paul Wagner/BSI and Joe Wagner/Hypertouch did not produce, and which is relevant to Connexus's third-party claims against Joe Wagner/Hypertouch.  Accordingly, counsel for Connexus repeatedly attempted to communicate with World Avenue's counsel to discuss the forthcoming subpoena, but counsel on August 23, 2011, stated she was unable to discuss the BSI/World Avenue litigation or Connexus's subpoena. (Ex. 3, Forbes Decl. at ¶ 3; Ex. 4, 8/18/11 A. Rothman Email.)

Upon learning that World Avenue's counsel would not speak with Connexus, Connexus immediately sent an email asking Paul Wagner/BSI, Joe Wagner/Hypertouch, and the World Avenue entities, as well as counsel for each of the foregoing, to preserve materials relating to the *BSI/World Avenue* litigation. (Ex. 5, 1st M&C Email Chain at 4.)  Counsel also asked them to confirm that they will preserve such materials. (Id.)  Nobody responded. (Id.)

On August 30, 2011, Connexus requested a conference pursuant to Local Rule 104.7, and asked for confirmation that World Avenue and its counsel preserved materials pertinent to the *BSI/World Avenue* litigation and that none of them would be destroyed. (Id. at 3.)  Nobody provided responsive information. (Id.)  Instead, on the morning of the September 6, 2011 counsel for World Avenue issued its first written communication in response to Connexus's recent inquiries which states in full:

4

>Ari:
>
>We are in receipt of your emails to counsel in the BSI v Kraft litigation. At this stage, the issue appears to be whether you can issue an additional discovery subpoena(s). World Avenue does not take a position at this point and has nothing to add on the issue. Accordingly, we decline the invitation to participate in the call. We will await direction, in our non-party status, from the Court.
>
>Best,
>
>Sandy

(Id. at 1-2.)

Seeing no information regarding whether World Avenue and its counsel destroyed or retained documents, Connexus's counsel indicated that "[t]he issue for today is slightly different, namely, whether we are entitled to immediately lift the stay to issue subpoenas and conduct discovery because information regarding the BSI/World Avenue litigation has been or will be destroyed either pursuant to the BSI/World Avenue settlement or otherwise." (Id. at 1.) Connexus's counsel then indicated that "[n]o relief will be needed, at this stage, as to your law firm or your clients if your law firm and your clients confirm that they retained all of the materials in the BSI/World Avenue litigation and have no plans to destroy, transfer, convey, or do anything else that will make it more difficult for Connexus to obtain the documents." (Id.) World Avenue's counsel failed to respond to this inquiry.

Counsel for Connexus, Kraft, Paul Wagner/BSI, and Joe Wagner/Hypertouch convened by telephone at 1:30 p.m. on September 6, 2011. During that call, Steve Ring admitted that he knew whether World Avenue and its counsel destroyed the materials Connexus seeks, but refused to divulge that knowledge and deferred to the email from World Avenue quoted above. (Ex. 6, 9/6/11 M&C Hrg. Trans. at 8:6-18; 18:10-18.) Counsel for Connexus then exhaustively attempted to elicit such information from Steve Ring, and to seek cooperation to avoid court

5

intervention. (Id. at 18:19-21:15.)  Steve Ring refused to undertake any efforts that would resolve the dispute, and repeatedly directed Connexus to counsel for World Avenue with full knowledge that World Avenue refused to disclose the status of the BSI/World Avenue Materials. (Id. at 10:12-13; 11:20; 18:19-21:15.)

In a last ditch effort to avoid judicial intervention, Connexus's counsel on September 6, 2011, once again emailed World Avenue's counsel and Steve Ring, and asked them to agree to disclose whether World Avenue and its counsel is required to destroy the BSI/World Avenue Materials. (Ex. 7, 2nd M&C Email Chain at 1.)  Both refused, thereby necessitating this motion.

## ARGUMENT

### I. Connexus is Entitled to the BSI/World Avenue Materials.

Federal Rule of Civil Procedure 26 states that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." FRCP 26(b)(1). Supreme Court precedent holds that "relevant information" should be construed very broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Further, "[t]he burden is on the party resisting discovery to explain specifically why its objections, including those based on irrelevance, are proper given the broad and liberal construction of federal discovery rules." *Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009).  Paul Wagner/BSI and Joe Wagner/Hypertouch cannot meet their burden, and Connexus is entitled to the BSI/World Avenue Materials.

First, the BSI/World Avenue Materials are discoverable because they pertain to the three issues which this Court ordered to be tried in the *BSI/World Avenue* litigation and which this

6

Court found, in turn, are relevant to this case as shown above. Indeed, Magistrate Judge Day compelled production of such discovery in the *BSI/World Avenue* litigation after finding them responsive to the three issues that were to be tried in the *BSI/World Avenue* litigation. (*See, e.g.,* Ex. 8, 2/16/11 Hrg. Trans. at 33:11-37:25; 52:1-54:17; Ex. 9, 7/15/11 Hrg. Trans. at 58:8-69:2.) And, Connexus will seek the same World Avenue mini-trial that this Court ordered in the *BSI/World Avenue* litigation.

Further, Paul Wagner/BSI and Steve Ring agree that materials exchanged in both cases are discoverable in each, as Ring wrote:

> [W]e ask that World Avenue likewise produce all documents it obtained from non-parties in this litigation, including documents obtained from defendants in the Kraft or Connexus suits, that pertain to the Trial Issues. It is apparent that World Avenue has interacted extensively with multiple defendants in the Kraft case, including Kraft Foods and Planet Revenue/Barale. (WA 624-2 at 1.)

Indeed, Paul Wagner/BSI repeatedly argued that this and the *World Avenue* litigation are interchangeable. (WA ECF Nos. 611 at 11; 638-1 at 1, 6; 638-15 at 2; 676 at 3; 666-25 at 4.)

Second, filings in the *BSI/World Avenue* litigation contain information which materially differs from information Paul Wagner/BSI provided in his/its discovery responses in this case, thereby triggering his/its duty to supplement pursuant to FRCP 26(e). As one example only, Paul Wagner/BSI produced to World Avenue revenue information which materially differs from the revenue information Paul Wagner/BSI provided to Connexus for the same time period. (*Compare* Ex. 10, BSI Response to Interrogatory No. 5 to Ex. 11, WA ECF No. 646-1 at 13.) Although Connexus agreed to accept a summary of revenues, Connexus never agreed to accept a summary which overstates earnings, and misstates losses. As another example, Paul Wagner/BSI produced to World Avenue information respecting BSI's litigation proceeds which differs from the information Paul Wagner/BSI produced in this case. (*Compare* Ex. 12, BSI

Response to Interrogatory 12 to Ex. 11, WA ECF No. 646-1 at 13).[3] Thus, pursuant to FRCP 26(e), documents produced and/or ordered to be produced in the *World Avenue* litigation concerning revenue and litigation proceeds, such as tax returns and financial statements, must be preserved and produced at least because they contain corrective information responsive to Connexus's (and Kraft's) discovery requests in this case. (Ex. 13, BSI Response to RFP Nos. 54, 62; Ex. 14, BSI Response to RFP No. 75; Ex. 8, 2/16/11 Hrg. Trans. at 52:1-54:17; Ex. 9, 7/15/11 Hrg. Trans. at 40:21-45:8.)

       Third, the *BSI/World Avenue* litigation suggests that Paul Wagner/BSI now possesses documents that it claimed it did not possess previously. Paul Wagner/BSI represented that it had no documents or communications with any of its Internet service providers. (Ex. 14, Paul Wagner/BSI Response to RFP No. 78.) However, Paul Wagner/BSI now possesses such documents, and documents like the ones concerning Verizon attached hereto as Exhibit 15 must now be produced under FRCP 26(e). Paul Wagner/BSI represented that it had no documents concerning shared access to computer equipment with Joe Wagner/Hypertouch or anyone else, but filings in the *World Avenue* litigation suggest that discovery respecting this issue was produced. (*Compare* Ex. 14, Paul Wagner/BSI Response to RFP No. 79 to Ex. 16, WA ECF No. 666-8 at 10.) Joe Wagner/Hypertouch represented to Connexus that it produced all Joe Wagner deposition transcripts, but World Avenue filings show that Joe Wagner/Hypertouch did not even fully search for them until recently, stating "[w]e have produced several transcripts of such prior testimony, but will continue to check archives." (*Compare* Ex. 17, 5/8/09 Email from J. Kneedler to A. Rothman with Ex. 18, WA ECF No. 624-3 at 10.) Thus, Joe Wagner/Hypertouch must produce any additional found transcripts.

---

[3]     The Court initially ruled that information concerning Paul Wagner/BSI's litigation proceeds are not discoverable, but then ordered such information be produced in its October 21, 2009 Order at ECF No. 233.

8

Fourth, documents generated recently in the *BSI/World Avenue* litigation are also responsive to other Connexus requests, such as Paul Wagner/BSI's deposition transcripts from the *BSI/World Avenue* litigation which are responsive to Connexus RFP No. 69. (Ex. 13, BSI Response to RFP 69.)[4] Paul Wagner/BSI must produce these documents and others pursuant to its continuing duty to supplement under FRCP 26(e).

Fifth, the discovery deficiencies enumerated above are based solely on documents and discovery responses publicly filed in the *BSI/World Avenue* litigation. Given these deficiencies, a full and complete production of the BSI/World Avenue materials is needed so that Connexus can investigate and remedy Paul Wagner/BSI's discovery failures, and ensure it receives everything to which it is entitled as many of these materials – for example <u>accurate</u> information reflecting revenues and litigation proceeds – should have been produced long ago.

Finally, the BSI/World Avenue Materials are responsive to forthcoming discovery concerning Connexus's third-party claims against Joe Wagner/Hypertouch. At the hearing denying Joe Wagner/Hypertouch's motion to dismiss, this Court ordered that discovery proceed regarding relationship between Paul Wagner/BSI and Joe Wagner/Hypertouch, and Joe Wagner/Hypertouch's status as an ISP. (Ex. 19, 10/19/09 Hrg. Trans. at 37:2-40:1.) Discovery as to this phase of the case remains to be conducted. Thus, Connexus will seek, among other things, past deposition transcripts of Joe Wagner/Hypertouch which will speak to these issues (such as the one referenced in WA ECF No. 624-3 at 10); communications between Joe Wagner/Hypertouch and Paul Wagner/BSI concerning manufacturing of lawsuits (such as WA ECF Nos. 687-17 and 691-6 at 3-9); and documents regarding the domain hypertouch.com (such

---

[4] Although Paul Wagner/BSI objected to the discovery request seeking this information, Paul Wagner/BSI subsequently withdrew his/its objections and produced transcripts. (ECF No. 390.)

as those at WA ECF Nos. 737, 688-2 at 7) which Joe Wagner/Hypertouch controls and which appear in almost all of the emails over which Paul Wagner/BSI sues.

## II. Connexus Must Obtain the Discovery from World Avenue and its Counsel.

Connexus must seek the documents from World Avenue and its counsel, and cannot trust that Paul Wagner/BSI and Joe Wagner/Hypertouch will produce them. Foremost, Paul Wagner/BSI and Joe Wagner/Hypertouch will not produce the BSI/World Avenue Materials, as counsel for Paul Wagner/BSI and Joe Wagner/Hypertouch stated that their clients will object to the discovery sought by this motion. (Ex. 6, 9/6/11 Meet and Confer Trans. at 21:16-22:13.) Moreover, Paul Wagner/BSI and Joe Wagner/Hypertouch will not produce the World Avenue/BSI Materials even if this Court compels them to do so as demonstrated by their repeated violations of court orders. In sanctioning Paul Wagner/BSI for "failure to follow the Local Rules and to make a merit-based [discovery] [m]otion," Magistrate Judge Day noted that "[t]he Court is deeply troubled by Plaintiff's seeming refusal to heed the Court's instruction and course correct." (ECF No. 683.) Magistrate Judge Day also sanctioned Paul Wagner/BSI for failing to comply with the Court's order limiting the scope of Paul Wagner's hybrid expert report, finding that Paul Wagner/BSI "was provided in my ruling, which provided the formula for the ruling and it provided the case law in support of that ruling. The draft in here of a noncompliant report has resulted in a monumental waste of judiciary sources and the litigation time on this issue." (Ex. 9, 7/15/11 Hrg. Trans. at 24:19-24; 26:3-9.) Rather than wasting time moving to compel the materials and seeking enforcement of orders that surely will be violated, the parties and the Court may conserve judicial resources by allowing Connexus to issue appropriate subpoenas to obtain the materials from World Avenue/BSI without delay.

Paul Wagner/BSI and Joe Wagner/Hypertouch cannot be trusted to meet their discovery obligations or accurately disclose the existence of information for additional reasons.  First, Paul Wagner/BSI and his/its family members have been sanctioned no less than twelve times for failing to comply with court orders and basic discovery obligations, and for engaging in other misconduct which, in turn, suggests that the Wagners will not produce the BSI/World Avenue Materials even if they are ordered to do so. (ECF Nos. 248, 401; WA ECF Nos. 441,444, 468, 484, 502, 605, 606, 711; Ex. 9, 7/15/2011 Hrg. Trans. at 26:3-9; Ex. 20, 7/30/10 Sanctions Order at 8-9.)  For example, Magistrate Judge Key sanctioned William Wagner, represented by BSI's counsel Steve Ring, in connection with a subpoena that World Avenue served when Ring falsely represented that responsive documents did not exist when in fact they did exist:

> Respondent's repeated failure to disclose these responsive documents amounts to an intentional misrepresentation to this Court suggestive of bad faith…Given the revelation of responsive documents during the deposition, Respondent's repeated failure to disclose their existence, and his refusal even now to adequately excuse that failure, this Court finds it appropriate to award Petitioner costs and attorneys' fees related to responding to this instant renewed motion for sanctions.

(Ex. 20, 7/30/10 Sanctions Order at 8-9.)  Magistrate Judge Day also found "[c]onsiderable effort was required to address the many meritless allegations by Plaintiff's that responsive documents had not been produced," and that "this Court acknowledges that the effort to get the cooperation of Plaintiff in discovery is not insignificant." (BSI/World Avenue ECF Nos. 683 at 6; 762 at 5.) Connexus cannot rely on parties or counsel to comply with their discovery obligations where, as here, two judges independently found that they engaged in sanctioned misconduct.

Second, Paul Wagner/BSI admitted to destroying the original emails over which BSI sues. (Ex. 21, P. Wagner Dep. at 119:7-120:9; 1018:6-1019:10; 1030:2-1031:8; Ex. 22, BSI Response to Interrogatory No. 1(i).)  Paul Wagner/BSI also admitted that he failed to retain images associated with the emails over which he sues. (Id.)  And, Paul Wagner/BSI and his

11

brother Joe Wagner/Hypertouch have no document retention policies. (Ex. 23, J. Wagner Dep. at 214:19-215:9; Ex. 22, BSI Response to Interrogatory No. 1(i).) Connexus has no reason to trust that the Wagners will preserve the documents they are required to preserve.

Third, Steve Ring admitted that he knows whether World Avenue and its counsel destroyed the materials Connexus seeks, but he refuses to disclose his knowledge as shown above. Ring's refusal can only mean that Paul Wagner/BSI and Joe Wagner/Hypertouch knowingly required World Avenue and its counsel to destroy evidence that is harmful to Paul Wagner/BSI and Joe Wagner/Hypertouch but helpful to defendants in this case. Regardless, Connexus cannot trust a party or lawyer to fulfill its discovery obligations where, as here, it requires destruction of materially relevant evidence.

### III. The Court Should Issue a Preservation Order and Allow the Requested Discovery to Occur Immediately.

As demonstrated herein and by the attached email communications and transcript of the September 6, 2011, telephonic meet and confer, counsel for Paul Wagner/BSI, Joe Wagner/Hypertouch, and World Avenue refuse to confirm whether World Avenue and its counsel are preserving or destroying evidence pertinent to this case. (Ex. 5, 1st M&C Email Chain; Ex. 7, 2nd M&C Email Chain; Ex. 6, 9/6/11 M&C Trans.) The absence of a simple confirmation that World Avenue and its counsel are preserving the BSI/World Avenue Materials can only mean that the materials have been or soon will be destroyed (Connexus also explained that such a confirmation would obviate the need for this motion). Thus, time is of the essence.

This Court has the power to preserve evidence and issue orders in furtherance thereof. *United Med. Supply Co., Inc. v. United States*, 73 Fed. Cl. 35, 36 (2006). The party "seeking a preservation order must demonstrate that it is necessary and not unduly burdensome." *Id.* (quoting *Pueblo Laguna v. United States*, 60 Fed. Cl. 133 (2004)). Necessity is shown where,

"absent a court order, there is a significant risk that relevant evidence will be lost or destroyed." *Id.* at 37. This can be shown "by demonstrating . . . that the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place." *Id.*

Here, the preservation order and related relief is necessary for the same reasons that Connexus is entitled to seek the materials from World Avenue and its counsel as explained above. Further, Connexus's request for preservation is not overbroad or unduly burdensome. Connexus merely asks World Avenue and its counsel to preserve what they already have.

## CONCLUSION

For these reasons, Connexus respectfully requests that the Court grant the relief it seeks.

Respectfully submitted,

Dated:  September 9, 2011                              /s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp.*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of September 2011, a copy of the foregoing *Motion to Lift Stay for Limited Discovery and Related Relief* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system unless otherwise indicated:

Thomas M. Barba
John J. Duffy
Jeffrey Edward McFadden
Scott T Bielicki
Roger William Yoerges
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036


Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main St., Suite 215
Gaithersburg, MD  20878

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850


*Counsel for Plaintiff BSI, Inc.,*
*Joe Wagner/Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th St., NW, Suite 800
Washington, DC  20005-2003


Darrell J. Graham
Roeser Bucheit & Graham LLC
20 N. Wacker Dr.
Suite 1330
Chicago, IL  60606

*Counsel for Defendants Kraft Foods Inc. &*
*Vict. Th. Engwall & Co.*


Sanford M Saunders , Jr.
Nicoleta Burlacu (Timofti)
Greenberg Traurig LLP
2101 L St NW Ste 1000
Washington, DC  20037
(also by federal express)

*Counsel for World Avenue USA, LLC and*
*World Avenue Holdings, LLC*


                                                /s/
                                         Ari N. Rothman