IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | |
| Plaintiff, | Case No. 8:08-CV-00409-PJM |
| v. | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | Magistrate Judge Charles B. Day |
| Defendants. | |

**CONNEXUS'S RESPONSE TO REQUEST FOR CONFERENCE (ECF NO. 420)**

In response to BSI/Hypertouch Parties' request for a conference at ECF No. 420, Defendant and Third-Party Plaintiff Connexus Corporation requests that the Court schedule discovery and pretrial deadlines, and a mini-trial, limited to the three issues that the Court ordered to be tried in the related World Avenue litigation at World Avenue ECF No. 544 ("Mini Trial Issues").

On November 29, 2010, this Court bifurcated BSI's claims in the *BSI/World Avenue* litigation by scheduling a trial on the following issues: (1) "whether Plaintiff Beyond Systems, Inc. is a *bona fide* 'interactive computer service provider' entitled to bring suit under the Maryland Commercial Electronic Mail Act," (2) "whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute," and (3) "the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc." (BSI/World Avenue ECF No. 544.) The Court stayed all other proceedings in the BSI/World Avenue case with limited exceptions, and explained that bifurcation would allow the Court to "make a decision about whether the suit can even go forward. And then we won't have all the discovery on all the individual e-mails at this point,

because this is really becoming unmanageable, this case." (Ex. 1, 11/29/10 Hrg. Trans. at 91:1-4.) The Court stated that trying preliminary issues could avoid trial on "68,000 claims [that] were made and that's going to take a long time to go to a trier of fact" because each email will have to be treated as a single violation and proven accordingly at trial. (*Id.* at 91:5-9; 92:6-16.) BSI did not object to the Court's decision to bifurcate the action. The Court then stayed all proceedings in this matter pending the resolution of the World Avenue Mini-Trial, finding that "the *World Avenue* trial will address critical issues of standing that could very well preclude BSI from pursuing its claims in the present action—particularly those brought pursuant to the MD-CEMA statute." (ECF No. 419 at 2.)

Just as in the *World Avenue* litigation, determining the threshold Mini-Trial Issues during a focused four-day trial will conserve resources of the Court, the jury, and the parties by avoiding lengthy discovery and trial on tens of thousands of emails if the Court, through the assistance of an advisory jury, finds that BSI lacks standing to sue and/or is otherwise precluded from maintaining its claims. Further, each of the reasons that the BSI/Hypertouch Parties offer in support of scheduling a full trial on the merits now is wrong.

First, substantial discovery remains to be completed regarding BSI's claims and Connexus's defenses before this case is trial ready. The items set forth on the parties' Joint Status Report include fact and expert discovery respecting the attribution of tens of thousands of emails to Connexus. (ECF No. 414 at ¶¶ 4, 6.) Two experts, Dr. Cohen (located in California) and Dr. Levine (located in New York), need to be deposed on attribution and other issues. (Id. at ¶¶ 1, 5.) Paul Wagner must produce his hybrid/expert report, and respond to written discovery and appear for a deposition regarding the report under Local Rule 104(10). (Id. at ¶ 3.) Connexus expects that this report and related discovery, in turn, will require motions practice and

result in delay given Paul Wagner/BSI's violations of court orders associated with his/its hybrid report in the World Avenue litigation which, in turn, resulted in sanctions being imposed against him. (Ex. 2, 7/15/11 Hrg. Transcript at 20-26.)  Thus, any trial date on the full merits of this case would need to take into account the time needed to seek judicial enforcement.

Further, recent filings in the *World Avenue* litigation reveal that BSI provided materially inaccurate and incomplete discovery responses and document productions in response to requests Connexus previously served.  Accordingly, BSI will need to supplement its discovery responses pursuant to FRCP 26(e), and allow Connexus and its experts time to analyze them and decide how to proceed.  However, only limited discovery concerning the Mini-Trial Issues will be needed, thereby eliminating certain discovery and corresponding motions practice if the Court orders a Mini-Trial.

Second, Magistrate Judge Day granted Connexus leave to seek, pursuant to FRCP 37(c), exclusion of evidence that Paul Wagner/BSI failed to disclose in discovery in support of his/its claims. (Ex. 3, 12/7/09 Hrg. Trans at 58:21-60:23.)  However, Connexus need not file this motion until, if at all, after any trial on the Mini-Trial Issues because it relates solely to BSI's claims in support of the 29,000 emails over which it sues.

Third, substantial discovery remains to be completed regarding Connexus's third-party claims and Joe Wagner/Hypertouch's defenses. According to Joe Wagner/Hypertouch, who is represented by the same counsel as Paul Wagner/BSI:

> To prepare for the third-party case against Hypertouch, Connexus and Hypertouch would need to engage in extensive and time consuming discovery. Specifically, the issues relating to Connexus' primary liability to BSI including its role in the advertisement in and initiation and transmission of the emails at issue, relationships with affiliates and advertisers, and internal business practices, as well as relating to Hypertouch's Internet services provision, business practices, and professional relationship with Plaintiff BSI will all need to be extensively explored in the discovery process… Hypertouch's defense preparation will also involve the retention of experts, requiring additional rounds of expert discovery, reports and depositions.

(ECF No. 321 at 8.) Connexus and Joe Wagner/Hypertouch conducted little fact discovery, and no expert discovery, concerning Connexus's third-party claims. Given this, and Joe Wagner/Hypertouch's and its counsel's refusal to comply with discovery as reflected in the dozen sanction orders issued against them and BSI, time is needed to complete discovery. The needed time and use of judicial resources, however, will be reduced if the Court first schedules a trial regarding the Mini-Trial Issues."

Fourth, each of the 29,000 Connexus emails – in addition to the thousands of Kraft emails – must be tried separately as this Court already found. Indeed, according to BSI's operative complaint, "[e]ach e-mail is a separate violation" and thus each email represents two causes of action: one under the California statue (unless time-barred) and the other under the Maryland statute. (ECF No. 52 at ¶¶ 73, 88.) And, the BSI/Hypertouch Parties provide no reasons why this Court should reverse its finding that each of the emails must be tried separately. (Ex. 1, 11/29/10 Hrg. Trans. at 91:5-9.) Nor do the BSI/Hypertouch Parties cite any support for the proposition that the jury can find Connexus liable for each of the 29,000 emails by "try[ing] before the jury exemplars of emails from each category." Moreover, BSI must prove that

4

Connexus was somehow involved in each email (BSI admitted in discovery that Connexus did not send any of them but rather one or more of Connexus's independent contractors did), and this cannot possibly be accomplished by asking the jury to consider mere "exemplars" as BSI suggests. However, the Court, jury, and parties need not reach these issues, or address motions in limine, jury instructions, *voir dire* questions, or other pretrial and trial matters, if the Court finds that BSI cannot pursue its claims in the first place after trying the Mini-Trial Issues.

For the foregoing reasons, Connexus requests that the Court schedule a mini-trial on the Mini-Trial Issues, and order the parties to submit a schedule with proposed discovery and related deadlines within ten days of the entry of the Court's order directing the parties to do so. Connexus will file a motion seeking bifurcation to further explain its positions for the Court's benefit if the Court orders Connexus to do so.

                                                                        Respectfully submitted,

Dated: September 15, 2010                            /s/
                                                     J. Douglas Baldridge, US DC-MD Bar No. 11023
                                                     Lisa Jose Fales, US DC-MD Bar No. 08141
                                                     Ari N. Rothman, US DC-MD Bar No. 17560
                                                     VENABLE LLP
                                                     575 7th Street, NW
                                                     Washington, DC  20004-1601
                                                     (202) 344-4000 (phone)
                                                     (202) 344-8300 (fax)
                                                     jdbaldridge@venable.com
                                                     ljfales@venable.com
                                                     anrothman@venable.com
                                                     *Attorneys for Connexus Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of September 2011, a copy of the foregoing *Connexus's Response to Request for Conference (ECF No. 420)* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jeffrey Edward McFadden
Scott T Bielicki
Roger William Yoerges
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036


Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main St., Suite 215
Gaithersburg, MD  20878

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850


*Counsel for Plaintiff BSI, Inc.,
Joe Wagner/Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th St., NW, Suite 800
Washington, DC  20005-2003


Darrell J. Graham
Roeser Bucheit & Graham LLC
20 N. Wacker Dr.
Suite 1330
Chicago, IL  60606

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*


Sanford M Saunders , Jr.
Nicoleta Burlacu (Timofti)
Greenberg Traurig LLP
2101 L St NW Ste 1000
Washington, DC  20037

*Counsel for World Avenue USA, LLC and World Avenue Holdings, LLC*


_____/s/_____
Ari N. Rothman