## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| _____ | ) | |
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| CONNEXUS CORP., *et al.*, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION TO
## RECONSIDER THIS COURT'S RULING OF SEPTEMBER 19, 2011

Plaintiff Beyond Systems, Inc. ("BSI") requests that the Court reconsider its ruling of September 19, 2011, which directed that the parties participate in a mini-trial in June 2012 on three defense issues, but precluded BSI from trying the merits of its case.

### Introduction

Much may be disputed in this case, but there are two things that cannot be challenged: (1) the state anti-spam statutes in Maryland and California strictly prohibit, and provide substantial penalties for the transmission of, false and deceptive e-mails, and (2) BSI claims that tens of thousands of e-mails sent by or at the direction of Defendants fall within the Maryland

and California anti-spam statutes.  It is this latter, indisputable point that BSI has been seeking the opportunity to prove since this case was filed three years ago.

Defendants argue that even if their e-mails violate the law, BSI has no right to recover because it is not *bona fide* provider of Internet Services and has no "standing" under the Maryland or California statutes to seek relief.  This issue, Defendants argue, is both a threshold one and dispositive of BSI's statutory claims.

Discovery in this case, however, was not limited to any threshold issues.  Rather, full fact and expert discovery has taken place on every issue in the case, including on whether Defendants' e-mails violate the laws of Maryland and California.

There may be some clean-up discovery to complete, but this case is now ready for a trial on the merits, which BSI has requested.  In its ruling on September 19, the Court decided, however, that only Defendants' "threshold" defenses should proceed to trial.  That might have made sense if this case had, from the outset, been structured to deal first with "jurisdictional issues."  But that is not how this case progressed, and to limit a trial only to defenses is – and there is no other way to put it – fundamentally unfair.  Moreover, the inequity of the Court's new schedule is further compounded when one imagines that, given the Court's trial calendar, BSI is unlikely to get *its* day in court until 2013, more than five years after this case was filed.

Respectfully, the Court should reconsider this ruling.

## Brief Background

1.      The Court conducted a telephonic scheduling conference with the parties on September 19, 2011.  Over BSI's objection, the Court ruled that the case would proceed to a mini-trial in June 2012, limited to three defense issues that the Court had previously planned to try in litigation between BSI and another defendant, World Avenue:  (1) "whether Plaintiff

2

Beyond Systems, Inc. is a bona fide 'interactive computer service provider' entitled to bring suit under the Maryland Commercial Electronic Mail Act," (2) "whether Plaintiff Beyond Systems, Inc. is a bona fide resident of the state of Maryland within the meaning of the MD-CEMA statute," and (3) "the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendant Hypertouch, Inc."  (BSI/World Avenue DE 544.)

2.      This case is in a very different posture from the *BSI v. World Avenue* case.  Here, with the exception of certain, agreed-upon tasks that are not yet completed, full, unfettered discovery took place and has been closed since May 2009.  And unlike the *World Avenue* litigation, Defendants in this case filed a motion for summary judgment nearly two years ago on, among other defense issues, the question whether BSI was a *bona fide* Internet Service Provider.

3.      After lengthy briefing and oral argument on Defendants' motion, the Court held that there were triable issues of fact on BSI's status as an ISP, as well as on the question whether the e-mails at issue violated the Maryland and California statutes.

4.      The case was then stayed pending a mini-trial on this, and two other issues, in litigation between BSI and World Avenue, another alleged spammer.  That mini-trial was mooted by the settlement of that case.

## Argument

1.      BSI understands the Court's concern about allowing a case to proceed under circumstances where the plaintiff may not have "standing" and thus fully appreciates the Court's desire to resolve the "ISP" issue (although BSI disagrees that this issue is legally supportable under the state anti-spam statutes implicated in this case).  But the ISP issue is no different from issues in *any* case that, if decided in favor of a defendant, will preclude recovery.

2.      That the Court *denied* Defendants' motion on the ISP issue on the ground that there are triable issues of fact, however, should not logically lead to further proceedings that are strictly restricted to this defense issue.  Rather, as in most all cases, this defense issue should be tried along with the issues of liability that BSI has been attempting to prosecute here for the past three years.  It is fundamentally unfair to structure a trial, as the Court has done here, that favors only Defendants while deferring to some undetermined time Plaintiff's right to try *its* claims to verdict.

3.      Here, Defendants moved for summary judgment on a dispositive issue; they lost that motion.  Now it is time for a trial on *all* of the triable issues, which includes, most importantly, whether Defendants' e-mails violate the Maryland and California statutes and whether BSI should be compensated in accordance with the unambiguous requirements of the two state statutes at issue.

4.      If the specter of some unmanageable mega-trial involving the introduction of tens of thousands of e-mails is compelling the Court to delay BSI's right to a trial on the merits, BSI has proposed a solution that is entirely consistent with the Court's desire to bring this case to closure through the device of a mini-trial.

5.      The two anti-spam statutes here can be violated in three ways – by sending commercial emails containing:  (1) a third party's domain name without permission; (2) false/misleading/misrepresentative/forged information in the header, about the origin, or the transmission path; and (3) misleading Subject lines.  BSI is easily able to place each of the e-mails into one of these three categories.  Once having done so, BSI can expeditiously try between two and five examples from each of the three categories, and it can do so in one trial day.  To the extent that the jury finds that these exemplar e-mails violate the law, there should be

no need to try the thousands of other e-mails, unless Defendants could distinguish the exemplars from the thousands of other false e-mails.  And even if some distinction could be drawn between the exemplars and the other e-mails from which they were taken, Defendants would be free to try to do so when damages are calculated.

6.      Most importantly, even if a trial of 10 to 15 exemplars would not decide the full extent of Defendants' total liability, verdicts on the exemplars would indisputably go a long way toward providing the parties with a sound basis for settling, something that mini-trials are designed to do.

7.      BSI respectfully submits that its proposal – trying exemplars in the *same* mini-trial that Defendants have proposed – is not only a fairer way to proceed, but it is, on balance, superior to what the Court has ordered.  Under the Court's plan, the parties would proceed to trial in June 2012 on the three issues advanced by Defendants.  If Defendants prevail (assuming that the Court is not persuaded that the ISP issue is an invalid one), then the trial of this case would be over.  But if the Defendants lose, then further proceedings will still have to take place in which BSI would finally be permitted to try the merits of its claim.  Resolution of the case would thus be dragged out for perhaps another six months to a year (or maybe more), depending on the Court's trial calendar.

8.      BSI's proposal would prevent this unnecessary delay, and it would come at the minor cost of a mere additional day of trial in June, a trial that, when concluded, will bring the parties closer to resolution than would a trial limited to defense issues that may, in the end, dispose of nothing.

9.      To be sure, Defendants prefer to put off any trial on the merits of BSI's claims in this case.  If they lose, they face substantial liability.  But Defendants had their chance under the

rules of procedure to stop this case when they moved for summary judgment on their purportedly dispositive defenses. They were unsuccessful then, and there is no sound or just reason to allow Defendants to continue to prosecute their defenses *to the exclusion of all else*, while Plaintiff is forced to wait on the sidelines until all defenses are resolved.

10.     Finally, discovery has been closed since May 2009, and the Court's oral ruling on September 19 suggested that discovery – even on Defendants' mini-trial issues – should be re-opened. This litigation should not be turned into a battle of attrition, and giving Defendants carte blanche to take more discovery will do just that. Defendants have historically attempted to twist virtually every issue to "relate to BSI's ISP status" and/or "BSI's relationship with Hypertouch"; there is, at bottom, no effective constraint on the breadth of the discovery that they will pursue, if only to drive up the cost of this litigation.

The critical fact is that Connexus and Kraft have vigorously contested BSI's ISP status and thoroughly investigated BSI's relationship with Hypertouch, and they have taken voluminous discovery while discovery was open. There is no basis for re-opening that discovery now, even if trial will not occur until June 2012.

11.     In short, after 425 docket entries, two stays totaling more than a year, voluminous discovery, and 19 days of deposition of Plaintiff and its witnesses, discovery should be limited to those issues that remained open per the parties' January 2010 Joint Status Report [DE 414].

## Conclusion

For the foregoing reasons, Plaintiff requests that the Court reconsider its ruling of September 19, 2011, and revise it to allow BSI to try to verdict the merits of its statutory claims using a set number of exemplar e-mails from each of the three categories of violations that the law establishes.

Date:  September 23, 2011                    Respectfully submitted,


                                             _____/s/_____
                                             Thomas M. Barba (US DC-MD Bar No. 28487)
                                             Roger W. Yoerges (US DC-MD Bar No. 14088)
                                             Jeffrey McFadden (US DC-MD Bar No. 8738)
                                             John J. Duffy (US DC-MD Bar No. 28613)
                                             STEPTOE & JOHNSON LLP
                                             1330 Connecticut Ave., NW
                                             Washington, D.C.  20036
                                             T: 202-429-3000
                                             F: 202-429-3902
                                             tbarba@steptoe.com
                                             ryoerges@steptoe.com
                                             jmcfadden@steptoe.com
                                             jduffy@steptoe.com

                                             Anthony A. Onorato (US DC-MD Bar No. 28622)
                                             STEPTOE & JOHNSON LLP
                                             750 Seventh Avenue
                                             New York, NY  10019
                                             T: 212-506-3900
                                             F: 212-506-3950
                                             tonorato@steptoe.com

                                             *Counsel for Plaintiff Beyond Systems, Inc. and
                                             Third-Party Defendants James Joseph Wagner and
                                             Hypertouch, Inc.*

                                             Stephen H. Ring (USDC-MD Bar No. 00405)
                                             Law Offices of Stephen H. Ring, P.C.
                                             506 Main Street, Suite 215
                                             Gaithersburg, Maryland  20878
                                             T: 301-563-9249
                                             F: 301-563-9639
                                             shr@ringlaw.us

                                             Mike Rothman (USDC-MD Bar No. 14568)
                                             Law Office of Michael S. Rothman
                                             401 E. Jefferson Street, Suite 201
                                             Rockville, MD  20850
                                             T: 301-251-9660
                                             F: 301-251-9610
                                             mike@mikerothman.com

                                             *Counsel for Plaintiff Beyond Systems, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of September, 2011, the foregoing PLAINTIFF

AND THIRD-PARTY DEFENDANTS' MOTION TO RECONSIDER THIS COURT'S

RULING OF SEPTEMBER 19, 2011 was served via ECF on the below-named parties:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
(202) 434-1613 (Telephone)
(202) 434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

Darrell J. Graham
Law Offices of Darrell J. Graham, LLC
53 W. Jackson Boulevard
Suite 1334
Chicago, IL 60604

*Counsel for Defendant Connexus Corp.*

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

_____
                /s/
        Jennifer M. Newton