IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC. | : | |
| Plaintiff, | : | Case No. 8:08-CV-00409-PJM |
| v. | : | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : | Magistrate Judge Charles B. Day |
| Defendants. | : | |

**CONNEXUS'S OPPOSITION TO PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION TO RECONSIDER THIS COURT'S RULING OF SEPTEMBER 19, 2011**

The Court should deny Plaintiff and Third-Party Defendants' Motion to Reconsider because Plaintiff Beyond Systems, Inc. ("BSI") and Third-Party Defendants Joe Wagner and Hypertouch, Inc. merely repeated old arguments that this Court already fully considered and rejected, and because they failed to meet their burden to show that "exceptional circumstances" warrant reconsideration of this Court's ruling ordering the June 2012 Mini-Trial. The Court should also deny BSI's request for a one-day trial on "exemplar" emails because (1) injecting into the Mini-Trial even one of the emails over which BSI sues will unnecessarily complicate the clear focus of the trial by requiring additional documentary evidence, testimony, witnesses, and other things (like jury instructions, *voir dire* questions, etc.) on issues wholly unrelated to whether BSI has standing to pursue its claims in the first place, (2) there is no authority to adjudicate tens of thousands of emails and claims by trying only a tiny fraction of them and thus trying "exemplars" will serve no purpose, and (3) adding these additional issues during a full day of a four-day trial will deprive Connexus of a full and fair opportunity to defend itself. Rather, the Court should enter the scheduling order attached hereto as Exhibit 1 which includes, pursuant

to this Court's instructions provided during the September 19, 2011 telephonic hearing, a period for the parties to meet and confer about, and then brief, whether the judge or jury should decide the Mini-Trial issues, and limits discovery and all other proceedings to the Mini-Trial issues.

## ARGUMENT

### A.    Legal Standard.

"Motions for reconsideration are 'an extraordinary remedy which should be used sparingly.'" *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, 2010 WL 1529195, at *1 (D. Md. Apr. 15, 2010) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).  Thus, BSI must show that "exceptional circumstances" warrant reconsideration. *Smith v. Bounds*, 813 F.2d 1299, 1303-04 (4th Cir. 1987); *AGV Sports,* 2010 WL 1529195, at *1. Further, a motion for reconsideration should be denied if "it merely reargue[s] the legal issues that were, or could have been advanced [previously]." *Berman v. Congressional Towers Ltd. P'ship*, 325 F. Supp. 2d 592, 595 (D. Md. 2004).

### B.    This Case Is Not Ready for Trial on the Merits.

BSI's claim that "this case is now ready for a trial on the merits" is merely repeating the same argument it made in its request for conference and during the telephonic hearing on September 19, 2011, does not constitute "exceptional circumstances" warranting reconsideration, and is wrong in all events because substantial discovery unrelated to the Mini-Trial remains as Connexus explained in its response to BSI's request for conference (ECF No. 425).  Among other things, out-of-state experts must be deposed on attribution and other issues, Paul Wagner (BSI's sole shareholder) must produce his hybrid/expert report which will cover tens of thousands of emails and then be deposed and respond to written discovery, additional fact discovery regarding attribution must take place, and Connexus will file its brief seeking

exclusion of evidence that BSI failed to disclose in discovery in support of his/its claims pursuant to Magistrate Judge Day's order allowing Connexus to do so. Substantial discovery also remains regarding Connexus's third-party claims against Joe Wagner and Hypertouch, Inc. According to Joe Wagner/Hypertouch, who is represented by the same counsel as BSI:

> To prepare for the third-party case against Hypertouch, Connexus and Hypertouch would need to engage in extensive and time consuming discovery. Specifically, the issues relating to Connexus' primary liability to BSI including its role in the advertisement in and initiation and transmission of the emails at issue, relationships with affiliates and advertisers, and internal business practices, as well as relating to Hypertouch's Internet services provision, business practices, and professional relationship with Plaintiff BSI will all need to be extensively explored in the discovery process… Hypertouch's defense preparation will also involve the retention of experts, requiring additional rounds of expert discovery, reports and depositions.

(ECF No. 321 at 8.) However, Connexus and Joe Wagner/Hypertouch conducted little fact discovery, and no expert discovery, concerning Connexus's third-party claims. Quite simply, this case is nowhere close to being "ready for a trial on the merits."

### C. Trying the Mini-Trial Issues First Is Not "Fundamentally Unfair."

BSI's claim that the Mini-Trial is "fundamentally unfair" because the Court will only reach the merits of BSI's claims after the Mini-Trial is merely repeating the argument it made in its request for conference and during the telephonic hearing on September 19, 2011, does not constitute "extraordinary circumstances" requiring reconsideration, and is wrong in all events. First, determining whether BSI has standing before reaching the merits of BSI's claims will conserve judicial resources as this Court already found here and in the *World Avenue* litigation, as it would allow the Court to "make a decision about whether the suit can even go forward. And then we won't have all the discovery on all the individual e-mails at this point, because this is really becoming unmanageable, this case." (ECF No. 425-1, 11/29/10 Hrg. Trans. at 91:1-4.) Indeed, it would be "fundamentally unfair" to force the Court and the jury to sit through a trial

about the merits (or lack thereof) of BSI's claims, and force Connexus to continue costly discovery about BSI's claims, if BSI has no right to pursue them in the first place.

Second, determining whether BSI has standing will, in turn, determine whether the Court has subject matter jurisdiction to adjudicate BSI's claims, as "[t]he question of standing ultimately asks whether litigants are 'entitled to have the court decide the merits of the dispute.'" *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 994 (D. Md. 2002) (quoting *Warth v. Seldin,* 422 U.S. 490, 498 (1975)); *Long Term Care Ptnrs., LLC v. United States*, 516 F.3d 225, 231 (4th Cir. 2008) ("[S]tanding implicates this court's subject matter jurisdiction").  Thus, determining BSI's standing before reaching the merits makes complete sense because this Court cannot reach the merits of BSI's claims if BSI lacks standing to pursue them.

Third, BSI's complaint that it would be "inequitable" to wait to try its claims in 2013 is inconsistent with its own conduct.  The vast majority of the emails over which BSI sues are dated 2005, but BSI waited three years after allegedly receiving them to file this lawsuit.  BSI cannot now complain that an additional period of months will somehow cause irreparable injustice. Moreover, given the substantial amount of discovery that must be completed before this case is trial ready, a trial date of 2013 would result even if the Court adds "exemplars" to the issues to be tried.  There is no "unfairness" in scheduling the Mini-Trial.

       **D.**     <u>**Only Mini-Trial Discovery Must Proceed**</u>**.**

Additional discovery is required for the Mini-Trial, and BSI and Joe Wagner/Hypertouch failed to show any burden that would result in a case seeking tens of millions of dollars in statutory damages alone.  Connexus has no intention to conduct any discovery outside the scope of the Mini-Trial, and if Connexus does so then BSI and/or Joe Wagner/Hypertouch may seek a protective order and sanctions against Connexus.  Further, as explained above, almost no

discovery took place on Connexus's third-party claims against Joe Wagner/Hypertouch which, in turn, relates in part to the third Mini-Trial issue (the nature of the relationship between BSI and Joe Wagner/Hypertouch).  This, in turn, addresses whether Paul Wagner/BSI and Joe Wagner/Hypertouch manufactured this and other lawsuits – one of the precise issues in Connexus's third-party claims.  Further, as Connexus explained in its motion seeking to lift the stay (which is now moot given the Court's September 19 ruling that discovery may proceed immediately), recent filings in the recently settled *World Avenue* litigation reveal that BSI provided materially inaccurate and incomplete discovery responses and document productions in response to requests Connexus previously served as to the Mini-Trial issues. (ECF No. 424 at 7-9.)  Thus, BSI must supplement its discovery responses pursuant to FRCP 26(e), and allow Connexus and its experts time to analyze them and respond.

E.       **The Court Should Not Try "Exemplars" During the Mini-Trial.**

BSI's claim that it is entitled to try email "exemplars" is merely repeating the argument it made in its request for conference and during the telephonic hearing on September 19, 2011, does not constitute "extraordinary circumstances" requiring reconsideration, and is wrong in all events.  BSI failed for the third time to show how trying "exemplars" would benefit the Court or jury, or how doing so would otherwise facilitate resolution of this case.  BSI – also for the third time – failed to cite any authority holding that mere "exemplars" would somehow satisfy BSI's burden to show that, as it alleges in its complaint, "[e]ach e-mail is a separate violation." (ECF No. 52 at ¶¶ 73, 88.)  Thus, BSI failed – for the third time – to show why this Court should reverse its finding that each of the emails must be tried separately. (ECF No. 425-1, 11/29/10 Hrg. Trans. at 91:5-9.)

Moreover, there is not enough time to complete discovery between now and June 2012 on BSI's claims, and there is not enough time during the four-day Mini-Trial to devote a full day to "exemplars." Regardless of whether there is one email, 10 emails, or as here 29,000 emails as to Connexus alone (thousands more remain as to Kraft), injecting any of BSI's claims into the Mini-Trial will necessarily add witnesses, documentary evidence, and other things and thus defeat the purpose of ordering a Mini-Trial to begin with: saving judicial and party resources. Indeed, in addition to showing how each email violates each state statute, BSI needs to show that each email is authentic, how it came to possess each email, Connexus's attribution (or lack thereof) to each of them, and the alleged roles of various third parties in the emails – all of which the parties vigorously dispute. While BSI says it needs one day to try exemplars, Connexus will need far more than that at which point there would be no time to try the Mini-Trial issues, thereby depriving Connexus of the opportunity to defend itself.

## **CONCLUSION**

The Court should deny the Motion to Reconsider and enter the scheduling order attached hereto as Exhibit 1 which Connexus drafted per the Court's instructions at the September 19, 2011 telephonic hearing. If, however, the Court is inclined to reverse its decision and try exemplars, then Connexus requests a late 2013 trial date and that the Court order the parties to meet and confer about discovery and other deadlines in advance of such a trial.

\* \* \*

                                           Respectfully submitted,

Dated: September 27, 2011                               /s/

                                           J. Douglas Baldridge, US DC-MD Bar No. 11023
                                           Lisa Jose Fales, US DC-MD Bar No. 08141
                                           Ari N. Rothman, US DC-MD Bar No. 17560
                                           VENABLE LLP
                                           575 7th Street, NW
                                           Washington, DC  20004-1601
                                           (202) 344-4000 (phone)
                                           (202) 344-8300 (fax)
                                           jdbaldridge@venable.com
                                           ljfales@venable.com
                                           anrothman@venable.com
                                           *Attorneys for Connexus Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of September 2011, a copy of the foregoing *Connexus's Opposition to Plaintiff and Third-Party Defendants' Motion to Reconsider This Court's Ruling of September 19, 2011* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jeffrey Edward McFadden
Roger William Yoerges
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036


Anthony A. Onorato
STEPTOE & JOHNSON LLP
750 Seventh Ave., Suite 1800
New York, NY  10019

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main St., Suite 215
Gaithersburg, MD  20878

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson St., Suite 201
Rockville, MD  20850


*Counsel for Plaintiff BSI, Inc.,*
*Joe Wagner/Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th St., NW, Suite 800
Washington, DC  20005-2003


Darrell J. Graham
Roeser Bucheit & Graham LLC
20 N. Wacker Dr., Suite 1330
Chicago, IL  60606

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

                /s/
Ari N. Rothman