**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| KRAFT FOODS, INC., *et al.*, | ) | |
| Defendants. | ) | |
| CONNEXUS CORP., *et al.*, | ) | |
| Third-Party Plaintiffs, | ) | |
| v. | ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) | |
| Third-Party Defendants. | ) | |

**PLAINTIFF AND THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO RECONSIDER THIS COURT'S RULING OF SEPTEMBER 19, 2011**

BSI seeks nothing more than to be given the chance to have a fact-finder decide, in the context of the June 2012 mini-trial, whether Defendants' e-mails constitute unlawful spam. Under no circumstances does Connexus want that to happen, but the reasons that it gives for opposing such a trial are without merit.[1]

1. <u>There is no need in this case for massive, additional discovery for a mini-trial on the merits.</u>  In the *World Avenue* litigation, the decision to have a mini-trial was based in part on

---

[1] BSI need not show "exceptional circumstances" in support of its motion to reconsider the current schedule. Under Fed. R. Civ. P. 16, "[a] schedule shall not be modified except upon a showing of good cause and upon leave of the district court . . . ." Fed. R. Civ. P. 16(e).

1

the fact that the litigation was not near completion – no merits depositions had been taken of the principle representatives of any of the defendants, or of plaintiff, or of any of the expert witnesses.

Unlike in *World Avenue*, whatever may be said about the question of whether the e-mails in this case violate Maryland and California law has indisputably been the subject of extensive fact and expert discovery in this case. Indeed, any suggestion that insufficient discovery has taken place in this case ignores the fact that:

- Connexus served 3 sets of interrogatories, totaling 15 requests with at least 21 subparts;

- Connexus served 5 sets of requests for production, totaling 90 document requests to which BSI produced over 20,000 documents;

- Connexus served 116 requests for admission;

- Connexus took 19 days of deposition of fact and expert witnesses, including 6 days with Paul Wagner and more than 2 days with Joe Wagner; and,

- Connexus served 4 subpoenas for documents and depositions.[2]

The issue for the jury is straightforward: are the e-mails that Defendants transmitted false in one of the three, specific respects that are expressed in the state anti-spam statutes? And on that issue, there is nothing more to discover. Defendants obviously know as much about their own e-mails as any party possibly could. Moreover, BSI's experts are prepared now – as their reports and depositions conclusively show – to testify how Defendants' e-mails are false. Excluding this merits-based issue from the mini-trial will thus not save the parties from having to engage in unmanageable discovery. That discovery has been done, notwithstanding the smokescreen that Connexus attempts to create here.

---

[2] What discovery does remain, per the parties agreed-upon Status Report (DE 414), is shown in Exhibit 1, attached to this Reply.

2.      <u>Connexus seems to argue that trial of exemplars would be a waste of time. Nothing could be further from the truth.</u>  87% of the emails at issue against Connexus were sent by one spammer whose falsity and misrepresentations are easily summed up.  That spammer, Sebastian Barale and his company MailCompanyX (MCX), for example, used thousands of fake names in the From: field.  If the jury concludes that none of the exemplars violates the law – *i.e.*, that email falsely claiming to be from, for example, the "Apple Store," or from randomly generated, human-sounding but fictitious, names like Zachary Stout, then those falsity claims would effectively be eliminated.  If the jury concludes that all or even some of the exemplars violates the law, then the parties will be in an ideal position to resolve the Defendants' liability for the remainder of the e-mails.  That would hardly seem to be a waste of time.[3]

3.      <u>Finally, Connexus's argument that a day long trial on the merits will somehow deprive it of its right to defend makes no sense.</u>  Connexus argues that a day of trial devoted to whether a sample of emails violates the anti-spam statutes will somehow deprive it of a full and fair opportunity to litigate.  According to Connexus, not only does BSI need to prove that the e-mails violate the law, but also that "each email is authentic, how it came to possess each email, Connexus's attribution (or lack thereof) to each of them, and the alleged roles of various third parties in the emails – all of which the parties vigorously dispute."  (Opp. at 6.)  It is not clear what point Connexus is trying to make here.  BSI does not propose to limit Defendants' right to defend the merits of BSI claims.  If Connexus can prove that it had nothing to do with the exemplar e-mails or that they are not false, then it would be free in the mini-trial to do so.

---

[3] Connexus argues that BSI has not provided authority to support the proposal that the Court try exemplar emails, but, as this Court well knows, there are many instances involving multiple claims or multiple claimants (*e.g.*, products liability cases involving pharmaceuticals or asbestos exposure and thousands of claimants) in which courts will often conduct exemplar or bellwether trials that are intended to provide the Court and the parties with a sound basis for resolving the overall dispute.  That is what BSI is proposing here.

Alternatively, if Connexus is arguing that proof of the origin and authenticity of the exemplar e-mails would be too time-consuming, BSI submits that any experienced litigant would need about five minutes per email to do so, assuming that these matters are genuinely disputed.  For the example of the MCX emails, it would take minutes to show the Jury the discussions between the Connexus affiliate manager and MCX, how Connexus continued to use MCX after it had received complaints the illegality of MCX sent spam. None of this, however, has any bearing on Connexus's right to a fair trial.

**Conclusion**

The Court should modify its ruling of September 19, 2011, and enter a scheduling order that allows BSI to try to verdict the merits of its statutory claims using an established number of exemplar e-mails from each of the three categories of violations that the Maryland and California statutes establish.


Date:  September 30, 2011                                      Respectfully submitted,


         /s/                                                                    *Of Counsel:*
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)          Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey McFadden (D. Md. Bar No. 8738)           Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)             506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                            Gaithersburg, Maryland  20878
1330 Connecticut Ave., NW                        T: 301-563-9249
Washington, D.C.  20036                          F: 301-563-9639
T: 202-429-3000                                  shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com                               Mike Rothman (USDC-MD Bar No. 14568)
ryoerges@steptoe.com                             Law Office of Michael S. Rothman
jmcfadden@steptoe.com                            401 E. Jefferson Street, Suite 201
jduffy@steptoe.com                               Rockville, MD  20850
                                                 T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)        F: 301-251-9610
STEPTOE & JOHNSON LLP                            mike@mikerothman.com
750 Seventh Avenue
New York, NY  10019                              *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2011, the foregoing PLAINTIFF AND THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO RECONSIDER THIS COURT'S RULING OF SEPTEMBER 19, 2011 was served via ECF on the below-named parties:

| | |
|---|---|
| Barry J. Reingold<br>John M. Devaney<br>John K. Roche<br>PERKINS COIE LLP<br>607 14th Street NW, Suite 800<br>Washington, D.C. 20005-2003<br>(202) 434-1613 (Telephone)<br>(202) 434-1690 (Facsimile)<br>jroche@perkinscoie.com<br>breingold@perkinscoie.com<br>jdevaney@perkinscoie.com | J. Douglas Baldridge<br>Lisa Jose Fales<br>Ari N. Rothman<br>VENABLE LLP<br>575 7th Street NW<br>Washington, D.C. 20004<br>(202) 344-4000 (Telephone)<br>(202) 344-8300 (Facsimile)<br>jdbaldridge @venable.com<br>ljfales@venable.com<br>anrothman@venable.com |
| Darrell J. Graham<br>Law Offices of Darrell J. Graham, LLC<br>53 W. Jackson Boulevard<br>Suite 1334<br>Chicago, IL 60604<br><br>*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.* | *Counsel for Defendant Connexus Corp.* |

                                                    /s/
                                         Jennifer M. Newton