# **Exhibit 3**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | : | |
| | : | |
| Plaintiff, | : | Case No. 8:08-CV-00409-PJM |
| | : | |
| v. | : | The Honorable Peter J. Messitte |
| | : | |
| KRAFT FOODS, INC., et al., | : | Magistrate Judge Charles B. Day |
| | : | |
| Defendants. | : | |
| | : | |

### CONNEXUS'S OBJECTIONS TO SCHEDULING ORDER
### PROPOSED BY PLAINTIFF AND THIRD-PARTY DEFENDANTS

Defendant Connexus Corp. objects to the scheduling order proposed by Plaintiff Beyond Systems, Inc. and Third-Party Defendants Joe Wagner and Hypertouch, Inc. because it is inconsistent with the Court's rulings in this case and the *BSI/World Avenue* litigation, and for other reasons set forth below.

- The Mini-Trial issues on the proposed BSI/Hypertouch Order materially differ from those that the Court ordered on September 19, 2011, in this case, and previously in the *BSI/World Avenue* litigation at ECF No. 544. For example, Joe Wagner/Hypertouch seek to try whether he/it is immune from Connexus's third-party claims under the Communications Decency Act rather than limiting the third Mini-Trial issue to the relationship between Paul Wagner/BSI and Joe Wagner/Hypertouch.[1]

- The BSI/Hypertouch Order seeks to eliminate all written discovery, but Defendants need discovery concerning the Mini-Trial issues as explained in Connexus's Opposition to the Motion for Reconsideration at ECF No. 432. Most of the discovery that occurred previously related to the emails over which BSI sue.

---

[1] The BSI/Hypertouch Order attempts to remove "bona fide" from the first two Mini-Trial Issues but it is unclear why, as BSI must fulfill the bona fide requirements to maintain standing as this Court already ruled. Connexus prefers the Court's prior articulation of the Mini-Trial Issues because it is clearly states BSI's burden to prove standing. Thus, Connexus objects to the deletion to the extent it seeks to change BSI's burden.

- The BSI/Hypertouch Order misstates the discovery that Connexus conducted to date.  No meaningful discovery has taken place with respect to Joe Wagner/Hypertouch.  Connexus did not reach its numerical limit on interrogatories as to BSI or Hypertouch (and BSI agrees – see ECF No. 434 at 2), or reach its numerical limit on depositions.  Requests for admission seeking to authenticate documents do not count toward the numerical limit of requests for admission under LR 104(1) and will expedite trial.  Exceeding the numerical limits for the sole purpose of finishing discovery as to the Mini-Trial issue is warranted in all events given rulings and circumstances that occurred since the time those requests were served in 2008.

- The BSI/Hypertouch Order precludes Defendants from deposing any third-party witnesses like Steven Wagner (who helped manufacture these lawsuits), parties with discoverable information or that were involved in destroying it (see ECF No. 424), or persons who otherwise conspired with Paul Wagner/BSI and Joe Wagner/Hypertouch manufacture lawsuits.

- The BSI/Hypertouch Order seeks depositions of Defendants.  This Court already ruled at World Avenue ECF No. 573 that such depositions are improper in the context of the Mini-Trial.

- Joe Wagner/Hypertouch seek to try whether he/it is immune which is the central issue in Connexus's third-party claims, but simultaneously seeks to prohibit Connexus from seeking discovery on this issue and stay "all activity" in the "Third-Party action."

Respectfully submitted,

Dated:  October 17, 2011

_____/s/_____
J. Douglas Baldridge, US DC-MD Bar No. 11023
Lisa Jose Fales, US DC-MD Bar No. 08141
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, NW
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp.*