# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CONNEXUS CORP., *et al.*, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S
## MOTION TO QUASH OR MODIFY SUPOENAS ISSUED BY CONNEXUS

For some time, Defendant Connexus has been trying to discover what has taken place between and among BSI, Hypterouch, and World Avenue in their separate litigation, *Beyond Systems, Inc. v. World Avenue USA, LLC, et al.*, Case No. 8:08-cv-00921-PJM. Now that that case has been resolved by a Confidential Settlement Agreement, Connexus wants to obtain all discovery that took place in that litigation, all documents "referenced" on the docket in that case, and all documents regarding the settlement, including the settlement agreement itself. (*See*, *e.g.*, Exhibit 1, attached hereto (subpoena *duces tecum* served on World Avenue USA, LLC)). This Court should quash the subpoenas to the extent that Connexus seeks the production of (1) the

BSI/Hypertouch/World Avenue Settlement Agreement (*see* Ex. 1 at 4, ¶ 8), (2) documents relating to that agreement (*see id.*, ¶¶ 8, 9, and 11), and (3) "documents and communications pertaining to the disposition, return, retention and/or destruction of any documents produced in the World Avenue Litigation (*see id*. ¶ 10). Furthermore, because the parties have substantially different positions on whether discovery is or should be closed in this case and on the acceptable scope of remaining discovery if discovery is allowed at all, the Court should suspend the enforcement of remainder of the Connexus subpoenas until it enters its new Scheduling Order.

## ARGUMENT

### I.

Rule 45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure provides that a court, on motion, must quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Fed. R. Civ. P. 45(c)(3)(A)(iii). Moreover, parties may move to quash or modify a subpoena served on a third party so long as the moving party "claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed. App'x 740 (4th Cir. Jan. 4, 2005); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459 (3d ed.2008).

Here, BSI and Hypertouch ended their litigation with World Avenue by way of a Confidential Settlement Agreement. As with many settlement agreements that are reached every day in courts throughout the country, the parties to the *World Avenue* settlement agreement were motivated to settle on the terms to which they agreed by virtue of their stipulation to keep in confidence the settlement terms and the negotiations and communications leading up to it. Courts recognize the intrinsic value of keeping settlement agreements confidential and have been

solicitous of a settling party's expectation that the confidentiality of settlement agreement will be honored. *See Minogue v. Modell*, No. 03-CV-3391, 2011 WL 1308554, at *4 (D. Md. 2011) (internal citations omitted) (recognizing that courts have granted protective orders to protect confidential settlement agreements); *Prosurance Group, Inc. v. Liberty Mut. Group, Inc.*, No. 10-CV-02600, 2011 WL 704456 at *1 (N.D. Cal. Feb. 18, 2011) (internal citations omitted) (same); *U.S. E.E.O.C. v. ABM Industries, Inc.*, No. 1:07-CV-01428, 2010 WL 582049 at *1 (E.D. Cal. Feb. 12, 2010) (internal citations omitted) (same). In other words, confidential settlement agreements and the documents and communications leading up to them should be considered as "other protected matter" under Rule 45(c)(3)(A)(iii).

In its subpoenas *duces tecum*, Connexus seeks precisely the documents that the parties to the *World Avenue* settlement agreed to maintain in strict confidence:

> 8. The settlement agreement, and all related agreements, schedules, and exhibits, pertaining to the resolution of the World Avenue Litigation.
>
> 9. All documents reflecting consideration exchanged or to be exchanged under the settlement pertaining to the resolution of the World Avenue Litigation.
>
> 10. All documents and communications pertaining to the disposition, return, retention and/or destruction of any documents produced in the World Avenue Litigation.
>
> 11. All documents and communications relating to any restrictions, prohibitions, and/or conditions imposed on World Avenue (including its counsel) resulting from and/or attendant to the settlement of the World Avenue Litigation.

To allow Connexus to have these documents, which have no bearing whatsoever on Connexus's defenses to BSI's claims under the Maryland or California anti-spam statutes, would be undermine severely one, if not completely disregard, of the principal considerations that the parties to the settlement had taken into account when they decided on the terms to which they agreed. This Court should quash ¶¶ 8-11 of the Connexus subpoenas.

II.

The remainder of the Connexus subpoenas seeks, in a nutshell, the entire record in the *World Avenue* litigation, including all written and deposition discovery and every document ever produced in that litigation, ostensibly "limited" to documents and discovery that were requested or produced "after the Court ordered the Mini-Trial" in *World Avenue* or that otherwise "pertain" or "relate" to the Mini-Trial issues, regardless of when they were sought or produced, *see* Ex. 1 at 4, ¶¶ 1-6.

The parties here have very different views about the extent and scope of discovery that should take place between now and the trial that the Court has set for June 2012, and they have exchanged proposed scheduling orders that reflect those substantial differences, both of which are now before the Court. Given the broad scope of the Connexus subpoenas, it would seem prudent for the Court to suspend enforcement of ¶¶ 1-7 until such time that the disputes about the scope of permissible discovery are resolved by the Court. This is particularly warranted in light of the fact that many of the documents exchanged between the parties in the *World Avenue* litigation were produced, as in this case, under a confidentiality agreement.

**CONCLUSION**

For these reasons, the Court should quash ¶¶ 8 through 11 of the Connexus subpoenas and suspend enforcement of the remainder of the subpoenas until such time as a Scheduling Order is entered. A proposed Order is attached.

Date: October 20, 2011                                     Respectfully submitted,


        /s/                                                    *Of Counsel:*
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)        Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey McFadden (D. Md. Bar No. 8738)         Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)           506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                          Gaithersburg, Maryland 20878
1330 Connecticut Ave., NW                      T: 301-563-9249
Washington, D.C. 20036                         F: 301-563-9639
T: 202-429-3000                                shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com                             Mike Rothman (USDC-MD Bar No. 14568)
ryoerges@steptoe.com                           Law Office of Michael S. Rothman
jmcfadden@steptoe.com                          401 E. Jefferson Street, Suite 201
jduffy@steptoe.com                             Rockville, MD 20850
                                               T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)      F: 301-251-9610
STEPTOE & JOHNSON LLP                          mike@mikerothman.com
750 Seventh Avenue
New York, NY 10019                             *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| | ) | |
| KRAFT FOODS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CONNEXUS CORP., *et al.*, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## **ORDER**

Upon consideration of the Plaintiff and Third-Party Defendants' Motion for to Quash or Modify the Connexus Subpoenas, any Opposition thereto, and any Reply in support thereof, it is this _____ day of _____ hereby:

**ORDERED**, that Plaintiff and Third-Party Defendants' Motion **BE** and hereby is **GRANTED**. The Connexus supoenaa shall not be enforced as to items 8-11 thereof and the remainder of the subpoenas shall be suspended until the Court enters a new Scheduling Order.

**IT IS SO ORDERED.**

                                              SIGNED:

                                              _____
                                              Peter J. Messitte
                                              United States District Judge

Date: _____

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2011, the foregoing PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION FOR A PROTECTIVE ORDER was served via ECF on the below-named parties:

| | |
|---|---|
| Barry J. Reingold<br>John M. Devaney<br>John K. Roche<br>PERKINS COIE LLP<br>607 14th Street NW, Suite 800<br>Washington, D.C.  20005-2003<br>(202) 434-1613 (Telephone)<br>(202) 434-1690 (Facsimile)<br>jroche@perkinscoie.com<br>breingold@perkinscoie.com<br>jdevaney@perkinscoie.com | J. Douglas Baldridge<br>Lisa Jose Fales<br>Ari N. Rothman<br>VENABLE LLP<br>575 7th Street NW<br>Washington, D.C.  20004<br>(202) 344-4000 (Telephone)<br>(202) 344-8300 (Facsimile)<br>jdbaldridge @venable.com<br>ljfales@venable.com<br>anrothman@venable.com |
| Darrell J. Graham<br>Law Offices of Darrell J. Graham, LLC<br>53 W. Jackson Boulevard<br>Suite 1334<br>Chicago, IL 60604<br><br>*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.* | *Counsel for Defendant Connexus Corp.* |

/s/
Jennifer M. Newton
