UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 8:08-cv-00409 (PJM) (CBD) |
| | ) |
| KRAFT FOODS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| CONNEXUS CORP., *et al.*, | ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES JOSEPH WAGNER, *et al.*, | ) |
| | ) |
| Third-Party Defendants. | ) |

**PLAINTIFF'S AND THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT OF THE
MOTION TO QUASH OR MODIFY SUBPOENAS ISSUED BY CONNEXUS [DE# 439]**

Plaintiff Beyond Systems, Inc. ("BSI") and Third-Party Defendants Dr. James Joseph Wagner and Hypertouch, Inc. (collectively, "Hypertouch") submit this Reply to Defendant Connexus Corp.'s ("Connexus") opposition [DE# 442] ("Opp.") to Plaintiff's Motion to Quash or Modify Subpoenas Issued by Connexus [DE# 439].

**I.   INTRODUCTION**

On September 20, 2011, Connexus issued overly broad subpoenas to non-parties World Avenue Holdings, LLC and its attorneys, Greenberg Traurig, LLP (collectively "World Avenue"), to produce documents relating to a separate litigation, in which they were defendants

1

in a suit brought by BSI – *i.e.*, *Beyond Systems, Inc. v. World Avenue USA, LLC, et. al*., Case No. 8:08-cv-00921-PJM.  That litigation was resolved through a confidential settlement agreement.  The subpoenas seek:  (1) documents from World Avenue that can be obtained, if appropriate, from the parties in this case; (2) documents covered by a protective order entered by this Court in the World Avenue Litigation; (3) the confidential Settlement Agreement entered into between BSI, Hypertouch, and World Avenue and documents relating to that agreement; (4) documents and communications pertaining to the disposition, return, retention and/or destruction of any documents produced in the World Avenue Litigation; and (5) all discovery that took place and all documents "referenced" on the docket in the World Avenue Litigation.  On October 20, 2011, BSI filed its Motion To Quash.  [DE# 439].

On October 27, 2011, Connexus filed an opposition to that motion [DE# 442], and subsequently filed a motion to compel World Avenue and Greenberg [DE# 441-2] to produce the documents required by the subpoenas, which motion is nearly identical to its opposition to BSI's and Hypertouch's Motion to Quash.

On November 11, 2011, World Avenue and BSI filed briefs opposing Connexus' motion to compel.  [DE# 449 and 450].

Connexus' subpoenas should be quashed to the extent that they demand the settlement agreement and documents relating to the agreement, as well as documents pertaining to the disposition of documents in the World Avenue litigation.  In all other respects, the discovery sought by Connexus should be denied for the reasons stated in DE# 449 and 450.

## II. ARGUMENT

A. <u>BSI and Hypertouch Have Standing to Challenge the Subpoenas.</u>

As a preliminary matter, Connexus makes several assertions in its brief regarding a September 6, 2011 meet and confer between the parties in support of its Opposition. Rather than engage in a point-by-point response, movants instead believe the Court can read the transcript and draw its own conclusions. (In particular, see Exhibit 1, Sept. 6, 2011 call trans. at 5-6, 7, 8, 9, 12, 13.)

Connexus' assertion at 9-10 of its Opposition that BSI and Hypertouch do not have standing to quash the subpoenas it issued to World Avenue is wrong. In the 4th Circuit, a party has standing to challenge a subpoena issued to a nonparty if "the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed. App'x 740, 744 (4th Cir. 2005). As signatories to the confidential settlement agreement sought by the subpoenas, BSI and Hypertouch have an interest in maintaining the confidentially of the agreement and the corresponding negotiations. *See Richardson v. Sexual Assault/Spouse Abuse Research Ctr., Inc.*, 270 F.R.D. 223, 226 n.2 (D. Md. 2010) (granting motion to quash when movant's assertions of privilege and confidentiality were sufficient to give standing to challenge subpoenas); *O'Neal v. Capital One Auto Fin., Inc.*, No. 3:10-cv-40, 2011 WL 2649711, at *3 (N.D. W.Va. July 6, 2011) (finding party had standing when subpoenas concerned confidential documents under a protective order in another proceeding and quashing subpoenas); *EEOC v. Lexus Serramonte*, 237 F.R.D. 220, 223 (N.D. Cal. 2006) (plaintiff had standing to challenge subpoena seeking confidential documents); *see also AGV Sports Grp., Inc. v. Protus IP Solutions, Inc.*, No. RDB-018-3388, 2010 WL 1529195, at *5 (D. Md. Apr. 15, 2010) (party's motion to quash subpoena to non-party granted where documents sought from non-party were

documents under protective order in separate proceeding). Therefore, BSI and Hypertouch have standing based on their "personal right or privilege" in the settlement agreement and documents related to it.

In addition, BSI and Hypertouch have standing to object on grounds of relevance, and have raised this objection, as well as others, in their motion filed in opposition to Connexus' motion to compel World Avenue / Greenberg Traurig [DE# 450]. *See Fuerth v. Winarsky*, No. RWT-04-3823, 2006 WL 1896094, at *2 (D. Md. Apr. 18, 2006) (granting motion to quash where discovery "sought by the subpoena [was] irrelevant to the instant case"); *see also EEOC*, 237 F.R.D. at 223 (granting motion to quash where plaintiff argued that subpoena sought irrelevant information). Here, Connexus contends the settlement agreement – *the entire document, all schedules, all related documents, etc. -- all* need to be produced so that Connexus can discover one piece of information -- the consideration received by BSI. The information Connexus seeks, including the consideration paid under a confidential settlement agreement, has absolutely nothing to do with the three mini-trial issues of ISP status, residency, and the "relationship with Hypertouch."

C.  <u>Connexus' Non-Party Subpoenas Should be Quashed Because They Will Not Lead to Relevant Evidence and Request Confidential Information</u>.

   1.  Courts Apply a Presumption Against Production of Confidential Information, Including Settlement Agreements, By Non-Parties.

Confidential settlement agreements and the documents and discussions related to them are "other protected matter" under Fed. R. Civ. P. 45(c)(3)(A)(iii-iv). "To protect a person subject to or affected by a subpoena, which may include a party even if the subpoena was not directed at that party, the Court has the discretion to quash or modify a subpoena." *Richardson*, 270 F.R.D. at 225. When hearing a motion to quash a subpoena, a court

> is required to apply the balancing standards: relevance, need, confidentiality and harm. Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit. *In addition, other factors to be considered in the balancing test are of particular interest when the party subpoenaed to produce documents is a non-party*.

*Fuerth*, 2006 WL 1896094, at *2. Applying this balancing test, "[i]n the context of evaluating subpoenas issued to third parties, a court will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance." *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). Thus, a subpoena was found to be "inherently burdensome" when it sought confidential information having nothing to do with the subject of the litigation, and therefore "burden outweighs any relevance or need for the information sought." *Winarsky*, 2006 WL 1896094, at *2. That is the case here with the subpoena for irrelevant documents issued to third parties World Avenue and Greenberg Traurig. *Accord Abbott Diabetes Care Inc. v. Roche Diagnostics Corp.*, No. C05-03117 MJJ, 2007 WL 2255236, at *4 (N.D. Cal. Nov. 19, 2007) (balancing parties' interest in maintaining confidentiality against the relevance of a settlement agreement and ordering the agreement produced in redacted form).

    2.    The Settlement Agreement and Related Documents Are Not Likely to Lead to Relevant Evidence at the Mini-Trial.

Connexus has not shown that the settlement agreement contains any information that would constitute evidence in this case or anything that would likely lead to evidence relevant to the three mini-trial issues – the only permissible discovery in this case – and certainly nothing that could not be obtained elsewhere. Connexus maintains that the settlement agreement and corresponding communications are discoverable because they "reflect consideration provided . . . to BSI. . . resulting from the BSI/World Avenue Litigation." Opp. at 5. This alone reflects the

sheer over-breadth of the subpoenas. In order to discover the consideration received by BSI, Connexus is requesting "all related agreements, schedules, and exhibits pertaining to the resolution of the World Avenue Litigation." Even by Connexus' own rationale for the subpoenas, this request is overly broad on its face. Further, Connexus states that the Court has previously granted motions to compel the amount of consideration received by BSI in settlements, (Opp. at 5) but that is incorrect. This Court has not required BSI to provide copies of confidential settlement agreements themselves in order to allow Connexus to determine the amount of compensation that BSI has received, and it has not required BSI to provide any information relating to or documents reflecting the consideration that has been exchanged with respect to any particular settlement agreement. It has only required BSI to produce information reflecting revenues that BSI has generate from litigation in the aggregate, and this is very different. [DE# 233 at 2.]

Connexus also contends that it needs the settlement agreement – as well as the documents sought in requests 10 and 11 – to discover the disposition of responsive documents, and raises a completely unfounded fear that it is "deeply concerned that [BSI/Hypertouch and World Avenue] may have already destroyed documents." Opp. at 6. To justify this claim, it conflates and takes out of context a number of unrelated statements made by various attorneys at various times. World Avenue has stated that it has taken steps to fulfill its obligations under the Protective Order, which is a public document, and which requires that, at the conclusion of the case, World Avenue return to BSI confidential documents produced by BSI and covered by the Protective Order, or destroy them.[1] BSI has stated that it has retained copies of all of the

---

[1] The Protective Order also requires BSI to return to World Avenue documents produced by World Avenue and covered by the Protective Order, but these documents are not relevant to Connexus' defense in the present case.

documents it produced to World Avenue (including the documents covered by the Protective Order), and World Avenue has affirmed that it has retained copies of all of the documents involved in the *World Avenue* litigation, except those confidential documents produced by BSI covered by the Protective Order.  As such, no documents have been lost, as copies of all documents have been retained by BSI and/or World Avenue, and to the extent that Connexus seeks BSI documents designated as confidential by BSI under the terms of the Protective Order, BSI is the proper, and only, party from whom to seek said documents.

        3.        Subpoenas Should Not Seek Documents From Strangers to the Litigation If the Documents Could Be Obtained From Parties to the Case.

A party should not be permitted to seek documents from a non-party until it is clear that those documents cannot be obtained from other parties to the case.  Discovery can be limited if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C).  Moreover, Fed. R. Civ. P. 45(c)(1) provides that, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing *undue burden or expense* on a person subject to the subpoena."

In the Fourth Circuit, "the current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs." *Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 n.9 (M.D.N.C. 2002).  *See also Ambu, Inc. v. Kohlbrat & Bunz Corp.*, No. 5:99CV20 MCK, 2000 WL 17181, at *7 (W.D.N.C. Jan. 6, 2000) ("It is correct that discovery must be sought first from parties before burdening third parties."). Connexus cites cases (Opp. at 6-7) that state there is no *absolute* rule that a party must seek discovery first from a party before it seeks discovery from a non-party, but Rule 45(c)(1), the

overwhelming weight of precedent, and common sense dictate the governing rule that discovery from a non-party is to be avoided if the documents can be obtained from a party.  It is worth noting that, unlike cases in which the non-party had a role in the subject matter of the litigation, World Avenue's only involvement is as a prior defendant in similar litigation brought by BSI. *See also Viacom Int'l, Inc. v. YouTube, Inc*., No. C 08-80129 SI, 2008 WL 3876142, at *2-3 (N.D. Cal. Aug.18, 2008) (where there is well-defined set of documents that can be requested from a party instead of a non-party, they should be requested from party).

      4.      The Policy of Encouraging Settlements Supports Maintaining the Confidentiality of Settlement Agreements.

Courts have repeatedly issued orders to maintain the confidentiality of a settlement agreement.  BSI and Hypertouch ended their litigation with World Avenue by way of a settlement agreement that the parties agreed would be kept confidential.  The parties to the *World Avenue* settlement agreement were motivated to settle by virtue of their stipulation to keep in confidence the settlement terms and the negotiations and communications leading up to it. Courts in this circuit have repeatedly recognized that the public has an interest in protecting the confidentiality of settlement agreements, and that maintaining the confidentiality of settlement agreements in litigation is essential to the goals of increasing judicial economy by having parties settle their disputes without taking up valuable court time.  *See Stephens v. County of Albermarle*, 422 F. Supp. 2d 640, 644 (W.D. Va. 2006) ("[C]onfidentiality may be of paramount concern to the parties, especially where one side fears that publicity of a settlement might encourage further litigation.  Subjecting a settlement to terms of confidentiality can play an important role in allaying those concerns, thereby facilitating settlement and avoiding protracted litigation."); *Minogue v. Modell*, No. 03-CV-3391, 2011 WL 1308553, at *4 (D. Md. Mar. 30,

2011) (recognizing courts have granted protective orders to protect confidential settlement agreements).

Courts have also denied motions to compel the production of settlement agreements in discovery for precisely the same reason. *See Cason v. Builders Firstsource-Se. Grp., Inc.*, 159 F. Supp. 2d 242, 249 (W.D.N.C. 2001) (holding that "there are significant policy reasons for promoting fair, speedy, and confidential settlements . . . Such results will be more difficult to attain if [the parties] believe that such settlement agreements might be subject to disclosure to third parties . . . These concerns outweigh Plaintiff's need for any information which might be contained in the settlement documents alone."); *see also Wolfe v. Nat. Med. Care, Inc.,* No. 2:07-0115, 2009 WL 1755127, at *4 (S.D. W.Va. June 17, 2009) (reversing finding of magistrate judge requiring production of settlement agreement and finding agreement was neither admissible nor likely to lead to discovery of admissible evidence).

D.  Movants Should Not Be Sanctioned for Raising Valid Objections to Defendant's Overbroad Subpoenas.

Finally, Connexus makes a frivolous request for sanctions using the inherent authority of the court to regulate its own proceedings.[2]  Opp. at 14.  However, "the court's inherent power is narrower [than its authority to impose sanctions under Rule 11] in that the misconduct required is almost always something more egregious than that required for other types of sanctions." *Sanford v. Commonwealth of Virginia*, 689 F. Supp. 2d 802, 813 (E.D. Va. 2010).  As it is outside the normal Rules of Civil Procedure, this power should only be used to sanction actions that are taken in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Blue v. United*

---

[2] Only two out of the twelve sanction orders identified by Connexus in their Exhibit 10 to the Opposition Motion concern the present matter.  These two orders stemmed from related motions regarding discovery.  The rest of the orders were in the separate *World Avenue* litigation and have no bearing on the present case.

*States Dept. of Army*, 914 F.2d 525, 533 (4th Cir. 1990); *see also Royal Ins. v. Lynnhaven Marine Boatel, Inc.*, 216 F. Supp. 2d 562, 567 (E.D. Va. 2002) (same); *In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d 651, 664 (E.D. Va. 1999) (same). "The Court should exercise restraint in exercising their inherent powers because they are potent yet shielded from democratic controls." *Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 459 (D. Md., 2001). As the numerous arguments and case citations above demonstrate, BSI and Hypertouch's Motion to Quash the subpoenas assuredly has a firm legal basis and justification, and is certainly not the kind of "abusive litigation practice," *Roadway Express v. Piper*, 447 U.S. 752, 765 (1980), or "the egregious flouting of court orders," *Sanford*, at 814, that might be sanctioned under the Court's inherent power.

Moreover, requests for sanctions such as this are disfavored in this Court. *See* L.R. 105.8 ("The Court expects that motions for sanctions will not be filed as a matter of course. The Court will consider in appropriate cases imposing sanctions upon parties who file unjustified sanctions motions.").

**CONCLUSION**

For the foregoing reasons, BSI and Hypertouch's motion should be granted.

Date:  November 14, 2011                    Respectfully submitted,


             /s/                                                *Of Counsel:*
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)     Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey McFadden (D. Md. Bar No. 8738)      Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)        506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                       Gaithersburg, Maryland  20878
1330 Connecticut Ave., NW                   T: 301-563-9249
Washington, D.C.  20036                     F: 301-563-9639
T: 202-429-3000                             shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com                          Mike Rothman (USDC-MD Bar No. 14568)
ryoerges@steptoe.com                        Law Office of Michael S. Rothman
jmcfadden@steptoe.com                       401 E. Jefferson Street, Suite 201
jduffy@steptoe.com                          Rockville, MD  20850
                                            T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)   F: 301-251-9610
STEPTOE & JOHNSON LLP                       mike@mikerothman.com
750 Seventh Avenue
New York, NY  10019                         *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November, 2011, the foregoing PLAINTIFF'S AND THIRD-PARTY DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO QUASH OR MODIFY SUBPOENAS ISSUED BY CONNEXUS was served via the Court's CM/ECF system on the below-named parties:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C. 20005-2003
(202) 434-1613 (Telephone)
(202) 434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr.
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C. 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*

                                          /s/
                                        Jennifer M. Newton