IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | : |
| | : |
| | : Case No. 8:08-CV-00409-PJM |
| Plaintiff, | : |
| | : |
| v. | : The Honorable Peter J. Messitte |
| | : |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| | : |
| Defendants. | : |
| | : |
| | : |

## ORDER

Upon consideration of Plaintiff Beyond Systems, Inc.'s Motion to Strike Affirmative Defenses Related to "ISP" Standing and for Alternative Relief ("Motion"), Defendant Connexus Corp.'s Opposition thereto, and any Reply in support thereof, it is this _____ day of _____ hereby **ORDERED**:

1.  BSI's Motion is **DENIED**.

2.  The Court, not a jury, shall determine the three Mini-Trial issues set forth in ECF No. 440.

3.  In determining whether Plaintiff Beyond Systems, Inc. is a *bona fide* "interactive computer service provider" entitled to bring suit under the Maryland Commercial Electronic Mail Act ('MD-CEMA'), Md. Code Ann., Com. Law §§ 14-3001 et seq., and/or whether Plaintiff Beyond Systems, Inc. is a bona fide 'electronic mail service provider' entitled to bring suit under California Business and Professions Code §§ 17529.1 *et seq.*, the trier of fact may consider the following non-exhaustive factors:

    a.  BSI's sources of revenues (litigation vs. non-litigation revenues);

    b.  Time spent on litigation endeavors versus other alleged business activities;

  c. Number of anti-spam and similar lawsuits (*i.e.*, junk-fax suits) filed;

  d. Customer base and how BSI acquired those customers;

  e. Marketing efforts;

  f. Types of services provided;

  g. Location/types of offices (use of residences vs. use of leased/owned commercial office space);

  h. Organization/configuration of computer equipment;

  i. Types and uses of software used to deliver/transfer emails;

  j. Existence/Non-Existence of privacy policies, terms of service, and customer agreements;

  k. Hiring and use of employees;

  l. Bookkeeping/billing practices;

  m. Accounting practices;

  n. Implementation of security/fire prevention methods;

  o. Use of "wildcard" email addresses;

  p. Reasons for email archiving;

  q. Efforts to prevent/stop receipt of alleged spam (*i.e.*, use of spam filters, blocking efforts); and

  r. Customer complaints.

4. In determining whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute, the trier of fact may consider the following non-exhaustive factors:

  a. Office locations and types (*e.g.*, mailbox vs. storefront), and

        corresponding zoning laws (*e.g.,* residential, business);

    b.    Physical locations from which BSI directs, controls, and coordinates its ISP and other business activities;

    c.    Compliance with applicable license and zoning requirements;

    d.    The physical locations from which BSI officers/employees control, direct and coordinate BSI business activities;

    e.    The physical locations of BSI computer equipment used for ISP purposes;

    f.    Locations from which BSI accesses computer equipment used for ISP purposes;

    g.    Addresses used in domain name registrations;

    h.    Amount of time BSI employees/officers are physically present in Maryland conducting BSI business;

    i.    Amount of time BSI employees are physically present outside of Maryland conducting BSI business;

5.    In determining the nature of the relationship between Plaintiff Beyond Systems, Inc. and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc., the trier of fact may consider the following non-exhaustive factors:

    a.    How and why Joe Wagner/Hypertouch forwards/routes emails to Paul Wagner/BSI;

    b.    How and why Joe Wagner/Hypertouch forwards/routes emails to others in the same manner as Joe Wagner/Hypertouch forwards/routes emails to Paul Wagner/BSI;

    c.    Efforts by Paul Wagner/BSI and Joe Wagner/Hypertouch to bring lawsuits

      involving alleged unlawful emails;

   d.   All lawsuit coordination activities, including joint defense and joint representation agreements;

   e.   ISP services provided by Paul Wagner/BSI to Joe Wagner/Hypertouch;

   f.   Payments by Paul Wagner/BSI to Joe Wagner/Hypertouch for ISP services;

   g.   ISP services provided by Joe Wagner/Hypertouch to Paul Wagner/BSI;

   h.   Payments by Joe Wagner/Hypertouch to Paul Wagner/BSI for ISP services; and

   i.   Exercise of dominion and control over hypertouch.com.

**IT IS SO ORDERED.**

                                                  SIGNED:

                                                  _____
                                                  Peter J. Messitte
                                                  United States District Judge

Date: _____