**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 8:08-cv-00409 (PJM)(CBD) |
| KRAFT FOODS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| CONNEXUS CORP., *et al.*, | ) ) ) | |
| Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) ) ) | |
| Third-Party Defendants. | ) ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
SUMMARY JUDGMENT ON THE MINI-TRIAL ISSUE OF RESIDENCY**

Plaintiff Beyond Systems, Inc. ("BSI") moves for summary judgment on mini-trial issue number two concerning the Maryland residency of BSI. *See* DE 440. As a matter of law, BSI is a corporate resident of the state of Maryland for all purposes, including for purposes of the Maryland Commercial Electronic Mail Act ("MD-CEMA"). Moreover, there are no contested, relevant facts requiring resolution. Therefore, the Court should grant summary judgment to BSI on this issue, thus streamlining the June 19, 2012 mini-trial.

**A.     Introduction**

During a conference with the parties on September 19, 2011, the Court ordered that this proceeding be bifurcated, and that a four day mini-trial would proceed on three issues. Plaintiff's Motion for Summary Judgment concerns the second issue, namely "whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute."  DE 440.[1]  As explained below, this Court should grant summary judgment, because the state of incorporation is dispositive as to corporate residency, and in any event, the uncontested facts show that BSI is a corporate resident of Maryland because, *inter alia*, since its inception in 1996, it has paid corporate income taxes exclusively to Maryland and Montgomery County, maintained its principal office in Maryland, and maintained the corporation's equipment in Maryland, including the servers that received all of the emails at issue.

---

[1] MD-CEMA provides a right of action to "the recipient" of deceptive email, a third party without whose permission the third party's Internet domain name or electronic mail address was used, and "an interactive computer service provider" ("ICSP") to collect damages and attorneys' fees.  Md. Comm. L. § 14-3002 & 3003 (West 2011).  BSI is an ICSP under MD-CEMA because it is an "information service, system, or access software provider that provides or enables computer access by multiple users to a computer service" and "a service or system that provides access to the Internet."  *Id*. § 14-3001(c)(1) & (2).  Wagner Decl. ¶¶ 3-13, 23, 25-29.  <u>Nothing in the statute requires an ICSP to be a resident of Maryland in order to sue for violations of the statute.</u>  Thus, while BSI questions the legal premise underlying the second mini-trial issue, the purpose of this motion is to show that BSI is, in fact, entitled to summary judgment on the question of its Maryland residency, irrespective of the connection of that residency to the MD-CEMA statute.

Similarly, the California anti-spam statute also permits Electronic Mail Service Providers as well as any recipient of spam with a California email address to sue the senders and advertisers of deceptive email, and hold them strictly liable.  *See Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 821-22 (2011).

**B.   Summary Judgment On Residency Is Proper Because BSI Is A Corporate Resident of Maryland.**

   **1.   Statement of undisputed facts**

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." BSI is a Maryland resident as a matter of law because it is a Maryland corporation. Further, there are no contested, relevant facts concerning BSI's status as a Maryland corporate taxpayer and purveyor of Internet services from facilities in Maryland. The facts clearly and irrefutably show that this is not a situation such as the Court posited where any person might "come to Maryland, put a server either in a friend or relative, or stranger's house for rent, have a mail drop and all use Maryland as their residence for purposes of bringing an action in this state." *Beyond Sys., Inc. v. World Ave., LLC*, Hrg. Trans. at 59:18-21 (Nov. 29, 2010). BSI has been incorporated in Maryland since 1996, long before the anti-spam statute was enacted, has always and exclusively paid its corporate income taxes, personal property taxes and unemployment insurance in Maryland, and has always maintained servers and other equipment in Maryland. Simply put, there is no "coming to the nuisance of spam" here, if that were even a relevant consideration, which, according to the Maryland Legislature, it is not.

The undisputed facts are as follows:

1.   BSI has been incorporated in Maryland for 15 years, since it was first founded in 1996. Declaration of Paul A. Wagner ("Wagner Decl.") ¶¶ 2, 14 (and exhibits thereto).

2.   BSI has always been a Maryland corporation. *Id.*

3.   BSI was incorporated and operating as an ICSP for six years before the Maryland anti-spam law was enacted in 2002. *Id.* ¶ 15.

4. Since 1996, BSI has filed all of its corporate federal, Maryland state, and Montgomery County income tax returns as a Maryland resident and never elsewhere. *Id.* ¶ 20 (and exhibit thereto).

5. BSI has always paid Maryland and Montgomery County corporate income and personal property taxes. *Id.* ¶ 21 (and exhibit thereto).

6. BSI also regularly makes required payments to the Maryland Unemployment Insurance Fund, and makes no such payments to the District of Columbia or any other state. *Id.* ¶ 22 (and exhibit thereto).

7. BSI's corporate address, and Principal Office,[2] as shown in all public filings, has always been a Maryland address from its inception in 1996 to the present. *Id.* ¶ 18.

8. At present, BSI's Principal Office is 9501 Anchorage Place, Bethesda, Maryland 20817. This is also the address of its resident agent Alton Burton, CPA, and the address on file with the Maryland State Department of Assessments and Taxation. *Id.* ¶ 19 (and exhibit thereto).

9. Since 1996, BSI has had a Maryland registered agent. *Id.* ¶ 17 (and exhibit thereto).

10. Since its founding, BSI has at all times maintained computer equipment at its locations in Maryland; since 1997, BSI has at all times maintained one or more mail servers at its locations in Maryland. *Id.* ¶ 23.

---

[2] "Principal Office" is defined as "The place in this State filed or recorded with the Department as the principal office of a corporation or domestic limited partnership; or If there is no principal office designated, the main office of the corporation or domestic limited partnership in this State for the transaction of business." Md. Corp. & Assoc. § 1-101(r). BSI's 9501 Anchorage Place address is the place in Maryland that is recorded with the State Department of Assessments and Taxation as the principal office of the corporation. Wagner Decl. ¶ 19.

11. BSI was first located at 1612 Sherwood Road, Silver Spring, Maryland 20902. Since 2007, BSI has also maintained servers and equipment at 38 Maryland Avenue, Unit 333 Rockville, Maryland 20850. *Id.* ¶ 24.

12. BSI owns five servers at the Silver Spring address, and three at the Rockville address. BSI also provides server co-location services to corporate and non-profit clients at the Silver Spring address. *Id.* ¶ 25.

13. BSI has maintained a variety of additional computer equipment at those locations including several workstations, laptops, hubs, switches, backup drives and other media, print servers, printers, scanners, battery backups, cables, tools, A/V equipment, and server racks. *Id.* ¶ 26.

14. BSI received all the emails that give rise to its claims against Defendants in this action on its mail servers located in Maryland at either the Silver Spring or the Rockville address. *Id.* ¶ 27.

15. BSI's domains, including in the emails at issue, are registered with registrars using a Maryland address, which address appears in the public WHOIS registry. *Id.* ¶ 28.

**2. BSI, as a Maryland corporation, is a Maryland resident.**

Based on the undisputed facts recited above, BSI is a Maryland resident for all purposes. It is well-settled that the state of incorporation is the controlling fact when ascertaining a corporation's residency. *See, e.g.*, *Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496, 503 (1894) ("[A] domestic corporation is both a citizen and an inhabitant of the state in which it is incorporated."); *King v. Johnson Wax Assoc., Inc.*, 565 F. Supp. 711, 715 (D. Md. 1983) ("A corporation is an inhabitant only of the state of its incorporation."); *Smith v. Arundel Coop., Inc.*, 660 F. Supp. 912, 913 (D.D.C. 1987) ("Defendant has been properly established in accordance

with Maryland's laws, and unless and until such time as Maryland revokes its charter for failure to pay taxes, defendant is properly deemed a resident of that state.").[3]

Maryland law is certain: if a company is incorporated in Maryland, it is a state "resident." A "Maryland Corporation" means "a corporation organized and existing under the laws of the State." Md. Corp. & Assoc. § 1-101(p). BSI has been incorporated in Maryland since 1996. Wagner Decl. ¶¶ 2, 14 (and exhibits thereto). Similarly, "resident entity" in the Maryland tax code is defined as an "entity that is formed under the laws of the State."[4] Md. Tax-General § 10-912(a)(4)(i) (West 2011). A corporation's "principal office" is the "place in this State filed or recorded with the Department as the principal office of a corporation or domestic limited partnership; or if there is no principal office designated, the main office of the corporation or domestic limited partnership in this State for the transaction of business." Md. Corp. & Assoc. § 1-101(s). BSI has at all times since its founding in 1996 designated a "principal office" in Maryland. Wagner Decl. ¶¶ 16, 19. This alone is sufficient to qualify BSI as a Maryland resident. *See O'Toole Tire Co. v. John B. Gaither, Jr., Inc.*, 216 Md. 54, 58

---

[3] *See also Flowers Indus., Inc. v. Fed. Trade Comm'n*, 835 F.2d 775, 777 (11th Cir. 1987) (noting that unless Congress modifies venue statute to broaden meaning of "residence" the well-settled meaning applies: a corporation resides in its state of incorporation); *Aro Mfg. Co. v. Auto. Body Research Corp.*, 352 F.2d 400, 404 (1st Cir. 1965) ("A corporation is a resident of the state in which it is incorporated."); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 458 (S.D.N.Y. 2005) ("The traditional definition of residence for a corporation is the place of incorporation."); *Fletcher Cyclopedia of the Law of Corporations* § 4025 ("The legal existence, the home, the domicile, the habitat, the residence, and the citizenship of the corporation is generally deemed to be in the state by which it was created.").

[4] "or (ii) is formed under the laws of another state and is qualified by or registered with the Department of Assessments and Taxation to do business in the State." Md. Tax-General § 10-912(a)(4)(ii) (West 2011).

(1958) ("It is generally held that the residence of a corporation is the jurisdiction designated as its principal office in its articles of incorporation.") (collecting cases).[5]

It is beyond dispute that BSI has been a Maryland corporation for 15 years (six years before the anti-spam statute was even enacted), paid Maryland taxes for 15 years, and operated a business with its Principal Office in Maryland for 15 years.  Should this Court nonetheless determine that more is required to establish Maryland residency as a matter of law, then the fact that the emails were all sent by Defendants into Maryland and received on servers there – and BSI has had mail servers in Maryland since 1997 – should make clear that BSI is a Maryland resident and Maryland-based entity.

Further, the Maryland Court of Appeals has stated that a remedial statute such as MD-CEMA is to be given a liberal construction favoring its policy goals.[6]  MD-CEMA has been analogized to the Maryland Consumer Protection Act, *see MaryCLE v. First Choice Internet*,

---

[5] *See also* 18A Am. Jur. 2d Corporations § 257 ("The place designated in a charter or certificate of incorporation as the principal place of business of a particular corporation is controlling as to the residence of that entity."); 18 C.J.S. Corporations § 147 (2011) ("Where the principal place of business, or the domicile, of a corporation is fixed by its charter, articles, or certificate of incorporation, such instrument is the best evidence of its domicile, and, together with evidence showing that the corporation actually maintained an office and transacted business at the place therein specified, is sufficient to establish the residence of the corporation.").

[6] Under *Erie*, the federal courts in diversity apply state substantive law, including state law rules of construction.  *See, e.g.*, *Grossberg v. Travelers Indem. Co. of Am.*, No. 3:11cv223–DWD, 2011 WL 5520984, at *3 (E.D. Va. Nov. 14, 2011) (applying Virginia rules of construction); *Leeds, Inc. v. Aetna Cas. & Sur. Co.*, 40 F. Supp. 966, 969 (D. Md. 1941) (applying Maryland rules of construction).  As the court stated in applying Virginia's rules of construction in *Auxo Med., LLC v. Ohio Nat'l Life Assurance Corp.*, "federal courts ought to tread lightly when interpreting state statutes, carefully construing state laws 'from the perspective of the highest state court, rather than from the court's own perspective.' *Compton v. Nationwide Mut. Ins. Co.*, 480 F. Supp. 1254, 1256 (W.D. Va. 1979) (citing *Kline v. Wheels by Kinney, Inc.*, 464 F.2d 184 (4th Cir. 1972)).  Where no guidance exists from the [state's highest court], decisions from the [state's] lower courts must be given due consideration. *Id.* (citing *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S. Ct. 1776, 18 L. Ed. 2d 886 (1967))." No. 3:11cv259–DWD, 2011 WL 5549052, at *8 (E.D. Va. Nov. 15, 2011).

166 Md. App. 481, 528 (2006), and the Maryland Consumer Protection Act has a "remedial policy of protecting the public against deceptive commercial practices." *See MRA Prop. Mgt., Inc. v. Armstrong*, --- A.3d ----, 2011 WL 5042388, at *12 (Md. Oct. 25, 2011).  Recently, the Maryland Court of Appeals opined on the definition of "resident" in the context of another remedial statute – the Maryland Development Disabilities Law, which left "resident" undefined. *See Cathey v. Bd. of Review Dept. of Health & Mental Hygiene*, --- A.3d ----, 2011 WL 5042384, at *4 (Md. Oct. 25, 2011).  In that case, the court considered an Administrative Law Judge's finding that "resident" should be equated with "domicile."  The court stated:  "We have previously held that statutes 'are remedial in nature if they are designed to . . . introduce regulations conducive to the public good.'  If statutes are remedial because they authorize regulations conducive to the public good, then manifestly we should interpret those regulations liberally as well, to 'suppress the evil and advance the remedy.'"  *Cathey*, 2011 WL 5042384, at *4 (internal citations omitted).  Applying these principles of statutory construction to the statute at issue, the court then rejected the finding that "resident" should be equated with "domicile." *Id*. at *5.  The court held instead, in light of the remedial purpose of the statute, that "resident" should be construed liberally as a "better way to 'advance the remedy.'"  *Id*. at *6.

Consistent with the statute's broad remedial purpose, courts have permitted plaintiffs to sue under MD-CEMA with even minimal ties to the state.  In *MaryCLE*, the plaintiff MaryCLE, LLC was a non-ICSP Maryland corporation which listed its principal place of business as Washington, D.C.  166 Md. App. at 489.  A second plaintiff, MaryCLE's ICSP, NEIT Solutions, was an ICSP incorporated in Maryland, but leased computer servers located in Colorado.  *Id.* For both plaintiffs, being incorporated in Maryland, with little more, was enough to proceed under the MD-CEMA.  *Id.* at 513 n.26 (holding Maryland is state in which MaryCLE suffered

injury despite opening some emails in Washington, D.C.). Unlike in *MaryCLE*, where plaintiffs had only limited physical presence in Maryland, and the servers that received the emails at issue were located in Colorado, here BSI has extensive ties to Maryland and its mail servers are in Maryland, as described above. The indicia of residency sufficient to permit the *MaryCLE* plaintiffs to sue under MD-CEMA pale in comparison to those of BSI, leaving no doubt that BSI more than satisfies any MD-CEMA residency requirement as a matter of law.

### 3. **The personal domicile, mailbox, or any other fact concerning the individual operating a corporation, has no bearing whatsoever on the *corporation's* residency.**

Paul Wagner's personal residence in Washington, D.C. and other such alleged facts may well be contested, but they are completely irrelevant to the issue this Court is being asked to consider regarding BSI's <u>corporate residency</u>. It is black letter law that "a corporation is a distinct legal entity, separate and apart from its stockholders . . . where a corporation takes title to real property, it holds that property in its own name and right, and a stockholder, as such, does not hold legal title." *Dean v. Pinder*, 538 A.2d 1184, 1189 (Md. 1988).

On-point is the controlling authority recently issued from the Maryland Court of Appeals, *Gosain v. Cnty. Council of Prince George's Cnty.*, 22 A.3d 825, 833 (Md. 2011). In that case, the court made an important observation in holding that the payment of taxes and place of domicile of the individual owner of the corporation was completely irrelevant to the issue of the corporation's residency for purposes of challenging a land use regulation, because the corporation is a distinct legal entity. *Id*. at 832. The issue for the court was whether the petitioners who operated gasoline service stations in Prince George's County had standing to maintain an action for judicial review of a final administrative decision by the Prince George's County Council. *Id*. at 826. The issue depended on the interpretation of Article 28, § 8-106(e),

which permitted review by "any person or taxpayer in Prince George's County." *Id*. at 827. The court ultimately ruled that both individual petitioners lacked standing because:

> [N]either resided or had a property interest in a residence in Prince George's County, nor owned or leased any real property in the County, nor paid property taxes to the County. The two corporations, Sona Auto Care, Inc., and MNA, LLC, owned the two service station properties and the businesses. The corporations, not the petitioners, paid property taxes to Prince George's County. Neither corporation, however, was a party to this litigation.

*Id*. at 832. The court made clear in rejecting "the attempt to blur the distinction between the corporations and the individuals owning the corporations" that the facts concerning the individuals' taxpaying and residency had no bearing on the corporations' taxpaying and residency, and consequently, the corporations' ability to seek review. *Id*. at 833 (citing *Dean*, 312 Md. at 164; *Windsor Hills Improvement Assoc. v. Mayor & City Council of Baltimore*, 195 Md. 383, 394, 73 A.2d 531, 535 (1950) (refusing to blur distinction between corporation and its members for purposes of standing analysis)).

## **Conclusion**

For the foregoing reasons, this Court should grant summary judgment to BSI on the issue of the corporation's Maryland residency.

Date:  December 22, 2011                           Respectfully submitted,

<table>
<tr><td>

_____/s/_____
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)
Jeffrey E. McFadden (D. Md. Bar No. 8738)
John J. Duffy (D. Md. Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C.  20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
ryoerges@steptoe.com
jmcfadden@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (D. Md. Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Avenue
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*

</td><td>

*Of Counsel:*

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland  20878
T: 301-563-9249
F: 301-563-9639
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

</td></tr>
</table>