IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC. | |
| Plaintiff, | Case No. 8:08-CV-00409-PJM |
| v. | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | Magistrate Judge Charles B. Day |
| Defendants. | |

**CONNEXUS CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RELIEF CONCERNING BEYOND SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT ON THE MINI-TRIAL ISSUE OF BSI'S CORPORATE RESIDENCY**

Defendant Connexus Corp. hereby files this Memorandum of Law in Support of its Motion for Relief Concerning Beyond Systems, Inc.'s Motion for Summary Judgment on the Mini-Trial Issue of BSI's Corporate Residency.

**INTRODUCTION**

Connexus Corp. seeks an order summarily denying BSI's "Motion for Summary Judgment on the Mini-Trial Issue of BSI's Corporate Residency" without requiring any substantive response from any defendant just as this Court ordered when it denied BSI's summary judgment motion on this very same issue in the related BSI/World Avenue Litigation (World Avenue ECF No. 701). Foremost, this Court already ruled no less than four times that the trier of fact must resolve BSI's *bona fide* Maryland residency status, denied two summary judgment motions on this very issue, and indicated twice that it would not consider summary judgment motions on this issue. In light of these rulings, and because BSI's motion merely rehashes old arguments that the Court already rejected, BSI's motion is yet another motion for reconsideration that fails to show extraordinary circumstances warranting reversal of this

Court's prior orders. Thus, the Court should deny BSI's motion without requiring any response from any defendant. Alternatively, pursuant to FRCP 56(d), Connexus requests that the Court allow it to file its opposition to BSI's Motion within thirty (30) days after the close of fact discovery, as substantial discovery remains to be completed before Connexus can provide a full response to BSI's motion.

## DISCUSSION

### I. The Court Should Summarily Deny BSI's Motion

This Court already ruled no less than four times that the trier of fact must resolve whether BSI is a *bona fide* Maryland resident, and summarily denied both World Avenue's and BSI's summary judgment motions on this very issue. First, after extensive briefing and oral argument, this Court during a hearing on November 29, 2010, denied World Avenue's Motion for Partial Summary Judgment concerning BSI's residency because material factual disputes precluded entering summary judgment in World Avenue's favor. (Ex. 1, 11/29/10 Hrg. Trans. at 82:7-86:4.) The Court also expressly indicated it would not consider any additional dispositive motions: "I'm not going to entertain other Motions for Summary Judgment either. We're going to try this case." (Id. at 85:7-8.)

Second, the Court on November 30, 2010, confirmed its ruling made during the November 29, 2010, hearing and ordered the following issue to be tried in the BSI/World Avenue Litigation: "whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute." (WA ECF No. 544.)

Third, the Court summarily denied BSI's summary judgment motion filed in the BSI/World Avenue litigation which sought to establish, as a matter of law, that BSI is a "*bona fide* resident of Maryland within the meaning of MD-CEMA." (WA ECF Nos. 697-1, 701.) The

2

Court did not require World Avenue to respond to the merits of BSI's motion, and repeated that it would not consider any additional dispositive motions. (WA ECF No. 701.)

Finally, following a telephonic hearing in this case on September 19, 2011, the Court confirmed that BSI's residency status requires resolution by the fact finder and ordered the following issue to be tried in this case: "whether Plaintiff Beyond Systems, Inc. is a *bona fide* resident of the state of Maryland within the meaning of the MD-CEMA statute." (ECF No. 440.)

Given this Court's prior orders, BSI must show "extraordinary circumstances" justify consideration of BSI's latest motion which asks the Court – for the third time – to determine whether BSI is a *bona fide* resident of Maryland as a matter of law. *Smith v. Bounds*, 813 F.2d 1299, 1303-04 (4th Cir. 1987); *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, No. RDB-08-3388, 2010 WL 1529195, at *1 (D. Md. Apr. 15, 2010) ("[m]otions for reconsideration are 'an extraordinary remedy which should be used sparingly'") (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Here, however, BSI failed to provide a single reason why this Court should reverse its prior orders, much less show "exceptional circumstances" that would warrant reversal of this Court's rulings. Rather, BSI merely repeats the arguments it already made previously which the Court rejected, thereby mandating summary denial of its motion for this reason alone. *Berman v. Congressional Towers Ltd. P'ship*, 325 F. Supp. 2d 592, 595 (D. Md. 2004) (motion for reconsideration should be denied if "it merely reargue[s] the legal issues that were, or could have been advanced [previously]").

Moreover, while BSI purports to establish it is a *bona fide* Maryland resident with standing to sue under MD-CEMA, BSI in actuality completely fails to address whether it is <u>*bona fide*</u> and instead focuses on other technicalities associated with what it calls "corporate residency." Indeed, BSI refuses to acknowledge that its <u>*bona fide*</u> Maryland residency status is

3

an issue to be tried in June, as it only uses the phrase "*bona fide*" once in passing its entire motion. Thus, BSI's motion serves only to waste judicial and party resources briefing an issue that will not dispose of any issue in the case much less any issue set for trial in June 2012 and should be denied for this independent reason.

## II. Alternatively, the Court should Allow Connexus to Respond to BSI's Motion After Discovery Closes

Based on the record developed thus far, Connexus disputes that BSI is a *bona fide* Maryland resident with standing to sue under MD-CEMA, and especially disputes BSI's claim that "[t]he facts clearly and irrefutably show that this is not a situation such as the Court posited where any person might " 'come to Maryland, put a server either in a friend or relative, or stranger's house for rent, have a mail drop and all use Maryland as their residence for purposes of bringing an action in this state.'" (ECF No. 457-1 at 3 (citing 11/29/10 World Ave. Hrg. Trans. at 59:18-21)). For example, the following email excerpt from Paul Wagner/BSI to his/its brother Joe Wagner/Hypertouch shows that BSI parked computer equipment at a residence owned by his parents so that Paul Wagner, who resides in Maryland, could sue over them using BSI as a front:

> Joe,
>
> I plan to leave the little Mac at the parents' house for the time being, for the MD spam law protection afforded there. (I realize that MD law theoretically should protect any domain name registered in MD, regardless of where a particular server is located, but a DC locale might add unnecessary complexity in appearances.)

(Ex. 2, P. Wagner/J. Wagner Email Chain at 1.) Paul Wagner also, under oath, identified "1837 R Street NW, Washington DC 20009" as BSI's place of business when he sued various companies in small claims court for junk faxes and other things. (Ex. 3, P. Wagner/BSI Small Claims Filings at 2, 4.) These two facts alone defeat BSI's motion. Regardless, if the Court is

4

inclined to consider BSI's motion then the Court should allow Connexus to oppose it within thirty days after the close of discovery because substantial discovery remains before Connexus may fully oppose BSI's motion.

FRCP 56(d) states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Here, Connexus cannot present facts essential to justify its opposition because substantial additional discovery remains to be completed before Connexus can fully respond. For example, BSI has not responded to an interrogatory asking it to "[e]xplain why you contend you are, and have been since 1997, a *bona fide* resident of Maryland, and identify all facts and documents which support your contention that you are a *bona fide* resident of Maryland." (Ex. 4, Rothman Decl. at ¶ 2.) Moreover, on the eve of the winter holidays, BSI started producing voluminous documents purportedly related to residency status and other Mini-Trial Issues. (Ex. 4, Rothman Decl. at ¶ 3.) Indeed, Connexus's counsel today received another document production from BSI. (Id.) Connexus must determine whether follow-up written, deposition, written, and/or expert discovery is needed, and then complete such discovery to complete the record before responding to BSI's motion, and Connexus cannot feasibly do so by January 9, 2011, the date Connexus's response is currently due.

Finally, Connexus also disputes the law upon which BSI relies to support its summary judgment motion. As one example only, BSI's claims that "Nothing in the statute requires an ICSP to be a resident of Maryland in order to sue for violations of the statute." (ECF No. 457-1 at 2.) However, under the express language of the statute, an email can only violate MD-CEMA

if it is either "from a computer in the State" (BSI makes no such allegation) or "is sent to an electronic mail address that the sender knows or should have known is held by a <u>resident of the State</u>" (BSI claims the emails were sent to BSI and thus BSI must be a Maryland resident to sue under the statute). MD-CEMA §14-3002(b)(1) (emphasis added).  Thus, Connexus requests an opportunity to present the Court with a correct and complete legal analysis applied to a fully developed factual record after the close of discovery so that the Court may make an informed decision on BSI's dispositive motion.

## CONCLUSION

For all of these reasons, Connexus requests that the Court enter an order summarily denying BSI's "Motion for Summary Judgment on the Mini-Trial Issue of BSI's Corporate Residency" without requiring any substantive response from any defendant.  Alternatively, Connexus requests that the Court allow it to file its opposition to BSI's Motion within thirty (30) days after the close of fact discovery.

Respectfully submitted,

Dated:  January 6, 2012
/s/
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Connexus Corp.*