# EXHIBIT 1

```
 1                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND
 2                          SOUTHERN DIVISION

 3
      BEYOND SYSTEMS, INC.,       :   Civil Action No.
 4
                Plaintiff,        :   PJM 08-921
 5
           v.                     :
 6
      WORLD AVENUE, LLC,          :   Greenbelt, Maryland
 7
                Defendant.        :   Monday, November 29, 2010
 8
      _____/    2:00 P.M.
 9

10

11             TRANSCRIPT OF MOTION PROCEEDINGS
            BEFORE THE HONORABLE PETER J. MESSITTE
12                UNITED STATES DISTRICT JUDGE

13    APPEARANCES:

14

15    FOR THE PLAINTIFF:   STEPHEN HOWARD RING, ESQUIRE
                           Stephen H. Ring, PC
16                         506 Main Street, Suite 215
                           Gaithersburg, Maryland  20878
17                         301-563-9249
                           and
18                         MICHAEL STEPHEN ROTHMAN, ESQUIRE
                           Law Office of Michael S. Rothman
19                         401 E. Jefferson Street, Suite 201
                           Rockville, Maryland  20850
20                         301-251-9660

21

22

23

24    OFFICIAL COURT REPORTER:   LINDA C. MARSHALL,(301) 344-3229

25         COMPUTER-AIDED TRANSCRIPTION OF STENOTYPE NOTES
```

```
 1   FOR THE DEFENDANT:   SANFORD M. SAUNDERS, JR., ESQUIRE
                          NICOLETA BURLACU, ATTORNEY-AT-LAW
 2                        Greenberg Traurig, LLP
                          2101 L Street, NW, Suite 1000
 3                        Washington, D.C.  20037
                          202-331-3130
 4                        and
                          John L. McManus, Esquire
 5                        Kenneth A. Horky, Esquire
                          Greenberg Traurig, PA
 6                        401 E Las Olas Boulevard, Suite 2000
                          Fort Lauderdale, Florida  33301
 7                        954-768-8291

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1        As the Court well knows, there is an issue as to and

2   we have pled, there is the issue as to whether Hypertouch is a

3   bona fide Internet service provider.  We have pled that.  We

4   have set forth sufficient -- we have set forth a series of facts

5   to make a plausible cause of action against Hypertouch and

6   satisfy the Twombley standard.

7        THE COURT:  All right.  Let me deal with these two

8   motions now.  One is World Avenue's Motion for Partial Summary

9   Judgment to Paper Number 266, and Hypertouch's Motion to Dismiss

10  Third-Party Complaint, Paper Number 263.

11       With regard to the Motion for Partial Summary Judgment

12  filed by World Avenue, the essential allegation is that under

13  the Maryland Anti-Spam Law that the sender has to have sent the

14  alleged offending material to a resident of the State of

15  Maryland.  And there's a challenge as to whether in fact BSI is

16  a bona fide resident of the State of Maryland.

17       There's some facts suggesting that they may be in the

18  sense that there is some physical presence in the State of

19  Maryland with regard to some equipment.  They do maintain a mail

20  drop, which they had used as their principal place of business

21  for up to a certain point in time, and now apparently their

22  accountant and resident agent as the principal place of

23  business, that office.

24       On the other hand, they are incorporated here and pay

25  taxes here.  That is certainly a problematic issue and I know

1   it's proposed that the Court make that determination now as a
2   jurisdictional matter.  Certainly, it's disputed as to whether
3   they are a bona fide resident.
4           The other issue has to do with Hypertouch's role in
5   this case.  And the idea that Mr. Joseph Wagner has not been
6   deposed yet surprises me, frankly.  The idea that counsel could
7   not tell me the extent to which Joseph Wagner was dealing spam
8   to other servers is also a matter which surprises me after
9   having been at this activity as long as they have.
10          Certainly, the defendants are entitled to know just
11  exactly what Joseph Wagner and Paul Wagner have in mind when
12  they have constructed obviously a continuing relationship.
13  Hypertouch has been involved in other litigation and they are
14  certainly funneling a lot this alleged spam to BSI in Maryland.
15  And it certainly would be interesting to know the extent to
16  which similar things are being done to other servers in other
17  states by Hypertouch, or whether their main activity is to send
18  this kind of material out to BSI so that they can sue here.
19          And again, it's not clear to me that it would not be
20  so easy, it would not be easy for other people to receive, to
21  keep a limited presence in the State of Maryland with some
22  physical equipment and then be in a distant state, and as
23  Mr. Saunders said, play the lottery under Maryland Anti-Spam
24  Law.  Those issues are problematic.
25          Now, let me make a general statement about where we

1 are in this case to get it going.  The time has come in my view
2 to test the bona fides of the plaintiff's activities.  The time
3 has come to try these issues.  The issues of whether they are in
4 fact in business of manufacturing harm to themselves, whether
5 they are bona fide residents in Maryland or whatever.
6 　　　　　So many of these cases have gone back and forth.
7 You've spent reams of documents and reams of evidence on trying
8 to ask the Court as a matter of law to determine that this case
9 can or cannot go forward because there's no bona fide residency
10 because Hypertouch is in effect really manufacturing any injury
11 that occurs here.  And we are so back and forth on all these
12 things.
13 　　　　　There's certainly issues about whether the defendants
14 are not engaged in activity by putting up all sort of layers of
15 possible defense and changing their name.  I mean, everybody
16 here is trying to avoid any kind of decision on the ultimate
17 merits.
18 　　　　　I'm going to deny both these motions, both
19 Hypertouch's Motion to Dismiss, because I think their status as
20 a bona fide operator is clearly in play here.  I'm going to deny
21 World Avenue's Motion to Dismiss on residency.  Not to say that
22 it isn't an important injury and, ultimately, for the Court that
23 this perhaps might be an advisory opinion that the Court will
24 get from the trier of fact.
25 　　　　　My strong feeling about this case given the long

1  delays, and the back and forth on both sides and that there's
2  gamesmanship on both sides, I'm not saying it's all plaintiff or
3  defendant, but I certainly see it by this document. I started
4  by reciting the number of motions, the number of document
5  entries. And this is crazy, this is crazy and it's not going to
6  go on any further in this court.
7  These motion are denied and I assure you, I'm not
8  going to entertain other Motions for Summary Judgment either.
9  We're going to try this case. I'm going to push everybody to
10 try it and we'll see where we come out. We'll see whether BSI
11 and whether Hypertouch really survive as bona fide entities
12 here. And if they do, we'll see whether in fact the World
13 Avenue entities survive as well.
14 But the time has come to put an end to all these
15 pre-trial motions. We're going to set this matter in for trial.
16 You can file whatever you want, but do not expect to have
17 hearings on further motions with respect to these responsive
18 parties. We'll make ruling on the papers, but there'll be no
19 further hearings in the matter until we get to the matter for
20 trial.
21 All these issues are going to be tried at one point.
22 You either settle this case or you're going to go to trial, and
23 we're going to get one final read on where BSI is and indeed
24 where the World Avenue people are.
25 But that's the way I feel about this case. The paper

1    is just overwhelming and it's really not fair to others in the
2    court system to have to deal with this kind of back and forth
3    thrusting and paring.  So that motion, those two motions are
4    denied.
5              And as I said, I don't know if you have some further
6    discovery.  I mean, I'm not sure where we are in terms of the
7    discovery deadline here.  Have we set up a discovery schedule?
8    It's been extended several times, and you're asking for further
9    discovery now with the deadline to end in December,
10   December 22nd?
11             Mr. Saunders, are there further discovery to be held
12   in this case?
13             MR. SAUNDERS:  Yes, Your Honor.  There's tremendous
14   discovery to be done.  We have a Motion to Compel the deposition
15   of Mr. Paul Wagner.  One of the main stumbling blocks there is
16   we filed a Motion to Compel further answers to our
17   interrogatories and Magistrate Day essentially gave BSI the
18   choice of either submitting to answering those questions in
19   deposition or revising the interrogatory answers.  He strongly
20   urged going the deposition route to both parties because he
21   thought that the interrogatories would just lead to more and
22   more motions, and the depositions would take care of it.
23             THE COURT:  And so what's the resolution?
24             MR. SAUNDERS:  Well, the issue with that, Your Honor,
25   is that what Magistrate Judge Day specifically told us we can do