IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| Defendants. | : |

**CONNEXUS CORP.'S OPPOSITION TO
BEYOND SYSTEMS, INC.'S MOTION TO AMEND THE SCHEDULING ORDER**

Connexus Corp. opposes Plaintiff Beyond Systems, Inc.'s ("BSI") Motion to Amend the Scheduling Order (ECF No. 469) because BSI failed to show that good cause warrants the relief it seeks, and because any additional discovery delays will prejudice Connexus's discovery efforts and trial preparation. Thus, the Court should deny BSI's motion, order that BSI immediately produce all hybrid expert and expert reports, and rule on any motions to compel as it sees fit.

**DISCUSSION**

Connexus agrees that BSI must show "good cause" to obtain the relief it seeks, and further agrees with the standard for good cause BSI articulates at pages three and four of its Memorandum of Law. Connexus further notes that "a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril[.]" *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002). As shown below, the Court should deny BSI's motion because BSI failed to show good cause.

BSI attempts to show good cause by claiming it needs "definitive guidance from this Court as to the applicability and scope of the legal standards governing the three Mini-Trial issues," and that such guidance will come from the Court during the upcoming March 8, 2012, hearing. (ECF No. 469-1 at 2.)  BSI's need for "definitive guidance" did not constitute "good cause" under FRCP 16 to enter the stay of discovery it requested in its motion to strike at ECF No. 452, and it does not constitute good cause now to delay service of its expert disclosures or hearings on any motion to compel.  As Connexus demonstrated in its opposition to BSI's motion to strike, the standards and related factors for each of the three Mini-Trial issues are clear from the proceedings in this case and in others, and in deciding these issues the Court should consider the factors it already articulated along with the factors the Ninth Circuit found dispositive in *Gordon v. Virtumundo, Inc.,* 575 F.3d 1040, 1067-68 (9th Cir. 2009). (ECF No. 456 at 7-10.)  To assist the Court and BSI, Connexus submitted a proposed order setting forth additional non-exhaustive factors. (ECF No. 456-4.)  Because the standards for determining the Mini-Trial Issues are clear, the Court should reject BSI's argument that it needs "additional guidance" before it can complete expert discovery and comply with its discovery obligations.

BSI also failed to show how serving its expert disclosures will prejudice it other than by possibly having to supplement the disclosures after the March 8 hearing.  Yet, BSI claims it will take only three days to submit its reports from the date of the Court's ruling on BSI's motion to strike. (ECF No. 469-1 at 2.)  If BSI can fully complete its disclosures just three days after the court provides whatever "guidance" BSI believes may come out of the March 8 hearing, then surely it will not take more than three days to supplement its disclosures after the hearing.  Thus, according to BSI's own logic, no prejudice will result if BSI is compelled to comply with the

current deadlines, and BSI cannot plausibly argue prejudice will result from rule-required supplementation.

By contrast, any additional delay will prejudice Connexus.  Any motion to compel that Connexus may file will relate to discovery that it served promptly after the Court lifted the discovery stay at the September 19, 2011, hearing and thereafter.  Although the parties continue to work through some remaining issues, Connexus will have no choice but to seek judicial assistance if the parties cannot resolve these final issues.  Connexus will then need to incorporate the compelled materials into its discovery and trial plans, and provide the materials to its busy experts so that reports can be completed.  There is no reason why Connexus should wait even longer to obtain the discovery it needs and then cram it into a busy pretrial period between March and June 2012.

Delaying expert disclosures also will prejudice Connexus.  Pursuant to the Court's instructions during the September 19, 2011 hearing, Connexus submitted to the Court a carefully devised scheduling order that required BSI to serve all hybrid expert reports by no later than November 28, 2011 (Connexus subsequently agreed to postpone the deadline to January 17, 2012), and to serve all expert reports by no later than February 17, 2012.  Connexus selected these deadlines to allow sufficient time for its experts to complete responsive reports by March 23, 2012, and to allow Connexus sufficient time to conduct depositions (and in the case of the hybrid reports, serve and receive follow-up discovery responses).  The Court entered the order Connexus submitted at ECF No. 440.  Now, if BSI's motion is granted, Connexus's experts will have less time to respond.  Thus, BSI's proposed motion serves only to jam Connexus and its experts by piling on additional discovery during an already hectic pretrial period, and the Court should deny BSI's motion for this reason alone.

**CONCLUSION**

For these reasons, the Court should deny BSI's motion.

Respectfully submitted,

Dated:  January 17, 2012                             /s/
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Attorneys for Connexus Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of January 2012, a copy of the foregoing *Connexus Corp.'s Opposition to Beyond Systems, Inc.'s Motion to Amend Scheduling the Order* was filed electronically in accordance with the Court's CM/ECF procedures, and served upon the below-named counsel via the Court's electronic filing notification system:

Thomas M. Barba
John J. Duffy
Jeffrey E. McFadden
Roger W. Yoerges
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
tbarba@steptoe.com
jduffy@steptoe.com
jmcfadden@steptoe.com
ryoerges@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY  10036
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, MD  20878
shr@ringlaw.com

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
mike@mikerothman.com

*Counsel for Plaintiff BSI, Inc.,*
*Joe Wagner/Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street, N.W., Suite 800
Washington, D.C.  20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
ROESER BUCHEIR & GRAHAM LLC
20 N. Wacker Drive
Suite 1330
Chicago, IL  60606
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc.*
*& Vict. Th. Engwall & Co.*

                    /s/
Ari N. Rothman