# Exhibit 1

## Ingebritson, Lauren E.

| | |
|---|---|
| **From:** | McFadden, Jeffrey <JMcFadden@steptoe.com> |
| **Sent:** | Monday, January 30, 2012 3:36 PM |
| **To:** | Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony |
| **Cc:** | Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'; Golodny, Andrew; Brower, Nathaniel; Newton, Jennifer |
| **Subject:** | RE: BSI v. Kraft; Meet & Confer 11/15/11 |

Dear Lauren,

Thank you for participating in Wednesday's meet and confer, and for drafting your summary of that meeting, to which we would add the following point regarding no. 10 below – i.e., we assume that you would agree to modify any deadline for filing our motion to compel until after you have completed your production.  Please confirm whether you will agree to this.

As a housekeeping matter, in response to the issue you raised on our call earlier regarding gaps in BSI's production, we have reviewed and do not see the same gap you reference (BSI0046998 – BSI0047159).  BSI0046998 is the final page of a PDF file beginning BSI0046975.  BSI0046999 through BSI047158 comprise 16 pdf files, and BSI0047159 was a zip collection of video files.  All of the pdf files were produced on a single disc (labeled with the range of BSI0045425 – BSI0047156).  The video files were produced on another disc (labeled with the range BSI0047159 – BSI0047163).  It is not immediately clear to us how you could be missing these files since it seems that what was delivered to you was the master copy from which all other copies, including our archive version (which contains the files you reference), were made.  However, in the event they are indeed missing, we included them with last Friday's production.

In response to your request regarding confirmation that all under seal filings relating to Mini Trial issues have been produced, BSI has produced to you all documents it produced to World Avenue post-minitrial order, as well as pre-minitrial order insofar as they have a potential relevancy to the minitrial issues, regardless of confidentiality status.  Therefore, any document filed under seal at any of those docket entries which was produced by BSI post-order or which has any bearing on minitrial issues has already been produced.  Insofar as any documents filed under seal at those docket entries relate to the World Avenue defendants, BSI will not produce these documents consistent with our agreement with you.  The single exception to this is the unredacted 2006 litigation plan memorandum, which BSI has already produced to you in redacted form per order of this Court.  The order compelling its production in World Avenue specifically limited its use to that case alone.

Thanks,

Jeff

---

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Monday, January 30, 2012 11:14 AM
**To:** McFadden, Jeffrey; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'; Golodny, Andrew; Brower, Nathaniel; Newton, Jennifer
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Jeff,

Can you please confirm that you have produced all under seal filings related to the Mini-Trial Issues in the World Avenue Litigation?

Thanks,

Lauren


**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** Ingebritson, Lauren E.
**Sent:** Wednesday, January 25, 2012 8:06 PM
**To:** 'McFadden, Jeffrey'; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com';
Golodny, Andrew; Brower, Nathaniel; Newton, Jennifer
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Jeff,

Thank you for participating in today's meet and confer.  To confirm the substance of our conversation:

1.   You agreed to supplement your response to Connexus's Interrogatory No. 5 regarding BSI's revenue to include BSI's 2011 gross revenue and to include the relevant information from your interrogatory responses to World Avenue.  You will not provide any information relating to BSI's revenue from the World Avenue settlement.  You will get back to us as to whether you will provide us with a copy of BSI's 2011 tax returns once prepared and filed.
2.  You will supplement BSI and Hypertouch's responses to Connexus's First Mini-Trial Interrogatories no later than February 10, 2012.
3.  You will review Connexus's Second Mini-Trial Document Requests and confirm whether you have produced all responsive documents.
4.  You will produce 4 additional Hypertouch emails relating to its relationship with BSI either today or tomorrow.
5.  With regard to your responses to Connexus's Second Set of Mini-Trial Interrogatories to BSI and Hypertouch and First Set of Mini-Trial Interrogatories to Joe Wagner, you will get back to us on your position regarding the witnesses you identified that you had previously agreed not to call at trial.
6.  We are standing on our objections to your Request No. 3 and Interrogatory No. 4.
7.  We agreed to produce written communications with third parties as stated in response to Request No. 2.  Once you have had an opportunity to review those documents, you will get back to us on your position regarding the related oral communications that were the subject of Interrogatory No. 2.
8.  You will get back to us on your proposal for a mutually applicable agreement regarding each parties' disclosure of impeachment documents.
9.  We agreed to supplement our response to Interrogatory No. 12.
10. We agreed to complete our document production by February 10, 2012 and will endeavor to produce documents to you before then to the extent possible.
11. You agreed to extend Connexus's deadline for motions to compel until after we have received further responses from you as indicated during our call and further meet and confer to address pending discovery issues. y

Finally, can you please confirm that you have produced all under seal filings related to the Mini-Trial Issues in the World Avenue Litigation, including ECF Nos. 689, 692, 695, 720, and 756 ?

Thanks,

Lauren

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Wednesday, January 25, 2012 12:56 PM
**To:** Rothman, Ari N.; Ingebritson, Lauren E.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com';
Golodny, Andrew; Brower, Nathaniel; Newton, Jennifer
**Subject:** Re: BSI v. Kraft; Meet & Confer 11/15/11

Sure.

---

**From**: Rothman, Ari N. [mailto:ANRothman@Venable.com]
**Sent**: Wednesday, January 25, 2012 11:55 AM
**To**: McFadden, Jeffrey; Ingebritson, Lauren E. <leingebritson@venable.com>; Onorato, Tony
**Cc**: Forbes, Elizabeth E. <EEForbes@Venable.com>; McCann, Margaret A. <mamccann@venable.com>;
'JRoche@perkinscoie.com' <JRoche@perkinscoie.com>; 'saunderss@gtlaw.com' <saunderss@gtlaw.com>;
'timoftin@gtlaw.com' <timoftin@gtlaw.com>; Golodny, Andrew; Brower, Nathaniel; Newton, Jennifer
**Subject**: RE: BSI v. Kraft; Meet & Confer 11/15/11

Can we move the call to 2:15 please

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Wednesday, January 25, 2012 1:27 PM
**To:** Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com';
Golodny, Andrew; Brower, Nathaniel; Newton, Jennifer
**Subject:** Re: BSI v. Kraft; Meet & Confer 11/15/11

Is this the same dial-in we are using today?

---

**From**: Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent**: Friday, January 20, 2012 08:20 AM
**To**: McFadden, Jeffrey; Rothman, Ari N. <ANRothman@Venable.com>; Onorato, Tony
**Cc**: Forbes, Elizabeth E. <EEForbes@Venable.com>; McCann, Margaret A. <mamccann@venable.com>;
'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com' <saunderss@gtlaw.com>;
'timoftin@gtlaw.com' <timoftin@gtlaw.com>; Golodny, Andrew; Brower, Nathaniel; Newton, Jennifer
**Subject**: RE: BSI v. Kraft; Meet & Confer 11/15/11

Please use the following dial-in: 866.740.1260, access code 3448260.

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Friday, January 20, 2012 10:19 AM
**To:** Rothman, Ari N.; Ingebritson, Lauren E.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com';

Golodny, Andrew; Brower, Nathaniel; Newton, Jennifer
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Please circulate a dial-in. Thanks.

---

**From:** Rothman, Ari N. [mailto:ANRothman@Venable.com]
**Sent:** Friday, January 20, 2012 10:02 AM
**To:** McFadden, Jeffrey; Ingebritson, Lauren E.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Jeff,

Let's proceed with the M&C that we requested so that we can close the loop on the issues we identified and then set something up after we see the letter.  Depending on the issues in the letter, we might be able to provide at least some feedback.

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Friday, January 20, 2012 10:00 AM
**To:** Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

My apologies.  A miscommunication on our end.  We'll get it to you shortly.   Perhaps we should push the M&C to this afternoon or Monday morning so that you have time to consider it.

Jeff

---

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Friday, January 20, 2012 9:50 AM
**To:** McFadden, Jeffrey; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Jeff,

We have not received a letter from you.  Can you please resend the letter by email?

Thanks,

Lauren


**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Friday, January 20, 2012 9:41 AM
**To:** Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony

**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Thanks, Lauren.  We ask that you be prepared to discuss the issues we raised in our recent deficiency letter to you.

Jeff

---

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Thursday, January 19, 2012 5:52 PM
**To:** McFadden, Jeffrey; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Jeff,

10:30 tomorrow morning is great.  Please use the following dial-in: 866.740.1260, access code 3448260.  We would like to address the following non-exhaustive list of topics in tomorrow morning's call.

1. Please confirm that BSI, Joe Wagner, and Hypertouch have produced all documents each indicated they would produce.
2. We'd like to address gaps in the Bates numbers on the Hypertouch documents, such as Hyp-WAUSA-0019119 through 22474.  Some of those documents were produced but others were not (the bates numbers for the mini-trial production end at Hyper000475).
3. We would also like to address BSI's and Hypertouch's responses to Connexus's interrogatories, including:
   a. BSI's supplemental response to Interrogatory No. 5 regarding BSI's revenue, income, and profits: We would like BSI to supplement its response for the years 2010 and 2011, including revenues received from settlements and/or judgments derived from all actual or threatened litigation, including any revenues received as a result of the World Avenue settlement.  We are not requesting that the World Avenue settlement amount be broken out from the total figure, but we do seek your confirmation that it will be included in the total figure.
   b. We were unable to locate any of BSI's interrogatory responses to World Avenue that would also be responsive to Connexus's Mini-Trial Interrogatory Nos. 1, 3, and 5.  Please let us know if you will provide a response to these interrogatories.
   c. BSI's interrogatory responses to World Avenue do answer, in part, Connexus's Mini-Trial Interrogatory No. 2, but there are still portions of that interrogatory that are unanswered.  Please let us know if you can incorporate the relevant World Avenue responses into your response to Connexus's interrogatory and provide an answer to the unanswered portions.  For example, your responses to World Avenue do not identify the persons who received services from BSI and Hypertouch, but who did not pay for such services.
   d. We were unable to locate any of Hypertouch's interrogatory responses to World Avenue that would also be responsive to Connexus's Mini-Trial Interrogatory Nos. 1 and 3.  Please let us know if you will provide a response to these interrogatories.
   e. Hypertouch's and Joe Wagner's interrogatory responses to World Avenue do answer, in part, Connexus's Mini-Trial Interrogatory No. 2 to Hypertouch, but again, portions of that interrogatory are still unanswered.  Please let us know if you can incorporate the relevant World Avenue responses into your response to Connexus's interrogatory and provide an answer to the unanswered portions.

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601

PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Thursday, January 19, 2012 4:06 PM
**To:** Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Lauren,

On what, exactly, do you want to meet and confer?

How about 10:30 tomorrow morning?


Jeff

---

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Thursday, January 19, 2012 3:56 PM
**To:** McFadden, Jeffrey; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Jeff,

Can you please let us know if you or someone else on you team is available to do this meet and confer this afternoon or sometime tomorrow?

Thanks,

Lauren


**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** Ingebritson, Lauren E.
**Sent:** Wednesday, January 18, 2012 12:31 PM
**To:** 'McFadden, Jeffrey'; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Jeff,

Please let us know if you are available to meet and confer tomorrow or Friday, and if so, what time.

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Wednesday, January 11, 2012 12:58 PM
**To:** Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com'; 'timoftin@gtlaw.com'
**Subject:** Re: BSI v. Kraft; Meet & Confer 11/15/11

Dear Lauren,

The only slight modification I would make to your very accurate note is that the trigger date for the discovery hearing and the submission of expert reports would the date the court rules on the motion or motions heard March 8, not March 8 itself.

Regards.

Jeff

---

**From**: Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent**: Wednesday, January 11, 2012 09:27 AM
**To**: McFadden, Jeffrey; Rothman, Ari N. <ANRothman@Venable.com>; Onorato, Tony
**Cc**: Forbes, Elizabeth E. <EEForbes@Venable.com>; McCann, Margaret A. <mamccann@venable.com>; JRoche@perkinscoie.com <JRoche@perkinscoie.com>; 'saunderss@gtlaw.com' (saunderss@gtlaw.com) <saunderss@gtlaw.com>; 'timoftin@gtlaw.com' <timoftin@gtlaw.com> <timoftin@gtlaw.com>
**Subject**: RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Jeff,

Thank you for participating in this morning's meet and confer.  To confirm our call, you stated that you are not interested in moving the trial date and will file a motion to modify the scheduling order with the court either this week or next.  You are willing to work through discovery disputes, but object to the Court hearing any motion to compel arguments or submitting any hybrid or expert reports until after the March 8 hearing.  You will complete your production of documents by the end of this week, and we will conduct any necessary meet and confer during the second half of next week.  You agreed to extend our deadline to serve any motion to compel relating to our first and second document requests and first set of interrogatories concerning the mini-trial issues from January 17 until January 24.  Please let me know if I have missed anything.

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Tuesday, January 10, 2012 4:24 PM
**To:** Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Thanks.

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Tuesday, January 10, 2012 4:23 PM
**To:** McFadden, Jeffrey; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Please use the following dial in: 866.740.1260, access code 3448260.  Thanks.


**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Tuesday, January 10, 2012 4:20 PM
**To:** Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Lauren,

I am available tomorrow morning at 10 a.m.  You can call me at 202.429.8022 or circulate a dial in.

Regards.


Jeff

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Tuesday, January 10, 2012 4:16 PM
**To:** McFadden, Jeffrey; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Jeff,

Are you available to discuss these issues tomorrow at 10:00 am or anytime Thursday before 3:00 pm?  We'd like to discuss your response below and whether we may be able to agree, at least in part, on the relief you intend to seek.  Our firm view is that we cannot compress motions practice, hybrid reports, and the remaining discovery into three months and we cannot make that demand on the Court or our experts.  We may be able to agree on the relief if the Court is willing to continue the trial date.

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Tuesday, January 10, 2012 1:12 PM
**To:** Ingebritson, Lauren E.; Rothman, Ari N.; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Ari and Laura:

   Please find below our particularized responses to the issues you have raised concerning BSI's recent productions.  As a general matter, and with regard to the threats regarding motions practice set out in your email below and in your email of December 23, we would point out again, as we did during one of our first meet and confers on the production of documents from the World Avenue litigation, that many, if not all of our disputes over the breadth and relevance of requests purportedly related to the three mini-trial issues arise from the lack of a definitive ruling from the Court on the legal efficacy or parameters of those issues as they relate to the Maryland and California anti-spam statutes.  Your initial response to our position in that regard was to say that those issues should be teed up for disposition without further delay.  We agreed, and did so by way of our motion to strike and our motion for summary judgment on residency.  Now that the Court has scheduled a hearing for March 8, 2011 on our motion to strike (and will likely hear the residency MSJ at the same time),  it can no longer plausibly be maintained that clear guidance already exists as to 1) the breadth and relevance of Defendants' numerous discovery requests and 2) the timing of hybrid and expert reports.  We therefore renew our position that the scheduling order in this case should be modified such that there will be no further motions practice on discovery issues, and no submission of hybrid or expert reports, until the Court has ruled on the motion to strike and residency MSJ.  We have every reason to believe that those rulings will come either from the bench on March 8, or mid-March at the latest, leaving the parties with sufficient time to resolve any remaining discovery disputes (of which there should be few given the enormous amount of discovery BSI has already provided) and complete expert discovery.  It simply does not make sense for any party to go to the time and expense of motions practice and expert discovery until the Court has ruled on the two pending motions.

   As for your concern regarding the World Avenue subpoena, BSI has now made several rounds of productions of documents from the World Avenue litigation.  To the extent you continue to demand documents included by World Avenue on its trial exhibit list, those documents (which were almost exclusively produced by BSI in the first instance) have been produced to you in the latest rounds of production.  If you should identify specific documents that are absent from BSI's productions, you should notify us accordingly, but failing that, we believe that we have complied with our agreement to produce relevant documents from the World Avenue litigation, and that the documents you seek are in already in your possession.  As for the production of the World Avenue settlement agreement and related documents, we have repeatedly made clear our position.

On a related note, if you nonetheless believe that there remain discovery issues that can only be resolved through motions practice, we would be happy to look at your motion to compel and work with you to resolve the issues it raises during the pendency of rulings on the motion to strike and residency MSJ. But for the reasons set forth above, we are going to seek, later this week or early next week, relief from the Court on the scheduling of any discovery-related motions practice and BSI's submission of hybrid and expert reports in light of the hearing set for March 8. Please let us know if you consent to such relief so that we may so note your position in our papers. As always, we are available to discuss any of these issues with you by phone or in person.

Here, then, are the particularized responses that we trust will resolve all of your remaining questions regarding BSI's production.

- BSI0024143-145 is missing from the 12/15/11 production. Would you please produce?
  - For reasons unknown to us, that particular document as received from the client was generating processing errors, and so we removed it from the 12/15 production because it required additional processing effort. We believed the production was run entirely without it, but evidently the Bates number we first attempted to assign it persisted as a gap. The document was later produced on 12/22 as BSI0035259-261. We have already supplied a placeholder document for the missing range and apologize for the inconvenience.

- BSI0034137-38 appear to be webpages, scripts, and images related solely to the emails at issue in the World Avenue litigation. Would you please confirm?
  - These files were produced to you because of our agreement to provide you with all documents produced by BSI to World Avenue after the Court's entry of the minitrial order.

- BSI0035671-72 is a notice of a disclosure concerning John Levine, but the disclosure was not produced. Is the disclosure at BSI0035673-680 and/or BSI0035681-689? If so then would you please send is legible copies, as something appears to have went wrong when these documents were copies (we can't read them). If not then would you please produce the disclosure, and in all events, legible copies of BSI0035673-680 and BSI0035681-689?
  - BSI0035673-680 is indeed the First Supplemental Report of John Levine, and BSI0035681-689 is the First Report of John Levine. The documents appear normally and legibly for us at Steptoe, but we have already re-produced them to you in attempts to resolve the issue you are having.

- BSI0035717-719 appears to be the disclosure for P. Wagner's hybrid/expert report in World Avenue, but we're not sure whether the final report was produced. Is it BSI0038241? If so then would you please confirm; if not then please produce his final report.
  - Yes, BSI0038241 is Paul Wagner's final hybrid report.

- There seems to be a substantial number of documents missing. According to the document production index, BSI produced documents starting BSI-JiCos-018074 on April 11, 2011 through BSI-JiCos-127078. This represents over 100,000 documents/files. By contrast, BSI's production to Connexus in the entire litigation in this case occupies less than 50,000 bates numbers and contains many duplicate documents. What is the basis to withhold the productions made in World Avenue?
  - That is correct; however, there were several collections of files produced in the World Avenue case which represented a very large portion of the range – namely, BSI-JiCos-036223 through BSI-JiCos-117508. These documents are nearly 6 gigabyte collections of curl files and domain lookups related to the World Avenue emails at issue. Given (a) that these documents have absolutely no bearing on the three minitrial issues and are only being produced because we agreed to turn over everything produced post-minitrial order; (b) their massive size and volume; and (c) our desire not to make these productions to you unwieldy, we produced these collections of files as single zip files, which is the format in which they were produced to World Avenue, without re-numbering the tens of thousands of individual files. These files can be found in our production at BSI0034140-BSI0034144. As such, there is a range of over 80,000 pages which will not appear in our production to you, but nevertheless have already been produced to you.

<span style="color:red">o As a point of information, the spreadsheet you reference was not a complete inventory, and in actuality BSI's production in WA extended through BSI-JiCos-129404.</span>

- The document production for Joe Wagner/Hypertouch seems small.  Are there more documents to be produced?
  - <span style="color:red">We have produced all documents that were produced by Hypertouch post-minitrial order in accordance with our agreement, and we will produce this week  additional documents which are relevant to the three minitrial issues that were produced pre-order.</span>


Regards,

Jeff

---

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Monday, January 09, 2012 4:36 PM
**To:** Rothman, Ari N.; McFadden, Jeffrey; Onorato, Tony
**Cc:** Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Tony and Jeff,

Can you please provide us with a response to Ari's email below?  Also, please let us know before 5:00 tomorrow whether you have completed your document production in response to our first and second set of requests concerning the mini-trial issues.  We intend to move forward with a motion to compel against BSI and Joe Wagner/Hypertouch if we do not hear back from you, and comply with Magistrate Judge Day's order on the motion to compel enforcement of the World Avenue subpoenas.

Thanks,

Lauren


**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** Rothman, Ari N.
**Sent:** Tuesday, January 03, 2012 9:27 AM
**To:** McFadden, Jeffrey; Onorato, Tony
**Cc:** Ingebritson, Lauren E.; Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Tony and Jeff,

In addition to the issues in my emails below, would you please correct/advise as to the following:

- BSI0024143-145 is missing from the 12/15/11 production.  Would you please produce?
- BSI0034137-38 appear to be webpages, scripts, and images related solely to the emails at issue in the World Avenue litigation.  Would you please confirm?
- BSI0035671-72 is a notice of a disclosure concerning John Levine, but the disclosure was not produced.  Is the disclosure at BSI0035673-680 and/or BSI0035681-689?  If so then would you please send is legible copies, as something appears to have went wrong when these documents were copies (we can't read them).  If not then would you please produce the disclosure, and in all events, legible copies of BSI0035673-680 and BSI0035681-689?
- BSI0035717-719 appears to be the disclosure for P. Wagner's hybrid/expert report in World Avenue, but we're not sure whether the final report was produced.  Is it BSI0038241?  If so then would you please confirm; if not then please produce his final report.
- There seems to be a substantial number of documents missing.  According to the document production index, BSI produced documents starting BSI-JiCos-018074 on April 11, 2011 through BSI-JiCos-127078.  This represents over 100,000 documents/files.  By contrast, BSI's production to Connexus in the entire litigation in this case occupies less than 50,000 bates numbers and contains many duplicate documents.  What is the basis to withhold the productions made in World Avenue?
- The document production for Joe Wagner/Hypertouch seems small.  Are there more documents to be produced?

Please let us know your views.  Thanks.

---

**From:** Rothman, Ari N.
**Sent:** Thursday, December 29, 2011 8:25 AM
**To:** 'McFadden, Jeffrey'; 'Onorato, Tony'
**Cc:** Ingebritson, Lauren E.; Forbes, Elizabeth E.; McCann, Margaret A.; 'JRoche@perkinscoie.com'; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Jeff and Tony,

Yesterday we received a CD with documents numbered BSI0043662 through BSI0044102.  These are deposition transcripts but without exhibits. When will you produce the exhibits?

Also, enclosed with the CD was the attached letter which appears to the a duplicate of the letter we received with the three CDs last week.  Did you intend to include a different letter and/or documents in addition to BSI0043662 through BSI0044102 with the production from yesterday?

Please let me know.

Thanks,

Ari

---

**From:** Rothman, Ari N.
**Sent:** Friday, December 23, 2011 3:56 PM

**To:** 'McFadden, Jeffrey'; Onorato, Tony
**Cc:** Ingebritson, Lauren E.; Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com; 'saunderss@gtlaw.com' (saunderss@gtlaw.com); 'timoftin@gtlaw.com' (timoftin@gtlaw.com)
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Jeff,

I respectfully disagree that any of the issues I identified are premature.  You committed to complete your client's productions as to Connexus's first requests by no later than December 15 (after blocking all efforts by Connexus to obtain them from World Avenue starting months ago), and represented that those productions would resolve Connexus's second document requests and first set of interrogatories.  It is now December 23, and we still not have everything you committed to produce.  Among other things, the issues in my December 19 email below remain even in light of the documents we received today except that we received some under seal filings, Alton Burton's deposition transcript, and four Hypertouch documents.

We will proceed as follows:

<u>Connexus 1st RFP to BSI, Joe Wagner, and Hypertouch; Motion to Enforce World Avenue Subpoenas</u>:  We're going to move to compel everything that you committed to produce in your November 15, 2011, but have not yet produced.  Given that none of the information produced thus far reflects litigation proceeds resulting from the World Avenue Settlement Agreement (or if it does we can't tell and you have refused to provide this information in response to my email below), we're going to move to compel that information also.  Finally, because we lack a complete production, we're going to move to compel the requests concerning the disposition of documents, and continue our efforts to compel compliance with the World Avenue subpoenas.  This will happen before January 17.

<u>Connexus 1st Interrogatories to BSI and Hypertouch</u>:  We did not see the World Avenue interrogatory responses that you claimed are fully responsive to the interrogatories we served, and we're entitled to substantive responses to all outstanding interrogatories in all events.  We will serve a motion to compel before January 17.

<u>Connexus 2nd RFP to BSI and Hypertouch</u>:   Given the incomplete production, we have no choice but to move to compel all responsive documents, and will do so before January 17.

<u>Hybrid Reports</u>:  We agreed to an extension until January 17, 2012, for production of these reports and intend to honor that extension.  We expect to receive all hybrid reports on January 17, and will promptly seek relief if we do not receive them (and all back-up) by that time.

If you would like to address any of these issues then let me know, but at this point we cannot hold up motions practice while waiting for further conferences.

We reserve all rights, including to seek exclusion of evidence pursuant to FRCP 37(c).

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Wednesday, December 21, 2011 5:26 PM
**To:** Rothman, Ari N.; Onorato, Tony
**Cc:** Ingebritson, Lauren E.; Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com
**Subject:** RE: BSI v. Kraft; Meet & Confer 11/15/11

Dear Ari,

Sorry for not getting back to you sooner.  All of this seems a little premature.  As you say, you are still reviewing our production, and we are still producing documents.  We strove mightily to get everything out the door by December 15, but I hope you can appreciate the size of the undertaking and the need for a little more time to get you the rest.  In that regard, we should be sending you most, if not all of the remaining production tomorrow.  So I would suggest that we revisit these issues, to the extent any remain, after you have completed your review of our production.

Regards.


Jeff

**From:** Rothman, Ari N. [mailto:ANRothman@Venable.com]
**Sent:** Monday, December 19, 2011 1:21 PM
**To:** McFadden, Jeffrey; Onorato, Tony
**Cc:** Ingebritson, Lauren E.; Forbes, Elizabeth E.; McCann, Margaret A.; JRoche@perkinscoie.com
**Subject:** FW: BSI v. Kraft; Meet & Confer 11/15/11

Jeff and Tony,

We received a document production on December 10 (BSI0021197 through BSI0022772) and on December 16 (BSI0022773 through BSI0034139; Neil Krawetz video deposition and back-up materials).  I'd like to address with you this week some potentially problematic issues associated with these productions that require immediate attention, as we can't wait until mid-January to resolve them:

- We did not receive any deposition transcripts from depositions in the World Avenue litigation taken in 2011 except for the video of Neil Krawetz (we need the written transcript, exhibits, and his final signed reports – we see drafts but can't tell whether they are final) and the Paul Wagner deposition from July 2011 that you produced previously.  Thus, we're missing Joe Wagner's deposition transcript and exhibits, Steve Wagner's deposition transcript and exhibits (assuming he was deposed), and all other deposition transcripts and exhibits that were generated in 2011.  When will these be produced?

- Are there any videotaped inspections other than those we produced to you in connection with our requests for admission, and those you produced on December 15 at BSI0022773?

- We cannot determine which documents, if any, reflect consideration received or to be received, either directly or indirectly, by Paul Wagner/BSI and Joe Wagner/Hypertouch

resulting from the World Avenue settlement.  When you last spoke you indicated that you did not know whether the financial documents BSI committed to produce would reflect such information.  Thus, would you please identify by bates-numbers the documents reflecting this information?  Alternatively, would you please advise whether none were produced so that we know how to proceed?

- Where are the documents that Joe Wagner/Hypertouch committed to produce?  We do not have any documents with bated-numbers reflecting that Joe Wagner/Hypertouch produced any except to the extent Krawetz considered them.

- Tony's December 15, 2011, letter says that your clients "reserve the right to produce additional documents, including expert materials and discovery responses, of which we are finalizing our review."  Our understanding is that your clients would produce all documents we requested (other than those to which your clients objected) by no later than December 15, 2011.  Other than the documents identified in this email, what other documents remain to be produced and when can we expect to receive them?

- Would you please identify the bates-numbers of the under seal filings in the World Avenue litigation?

- With possibly one or two exceptions, the documents with produced on December 15 all seem to have been produced in the World Avenue litigation.  Are there documents that BSI and Joe Wagner/Hypertouch were ordered to produce relating to the mini-trial issues but did not produce in the World Avenue litigation?  If so then we need those.

- Tony's December 15, 2011, letter says that "there are and will be certain gaps because not every document produced in the World Avenue production falls within the categories of documents we agreed to produce, which, as you will recall, comprise all documents produced to World Avenue post-mini-trial order, and the documents produced to World Avenue pre-mini-trial-order that relate to the three mini trial issues which have not already been produced to Connexus/Kraft."

  A document production index produced last week with the Krawetz materials (attached) shows that documents we identified as missing and which BSI did not produce are responsive and should be produced.  For example, we identified BSI-JiCos-017993 through 127753 and BSI-JiCos-127810-128148 as missing, but the index shows that all documents bates-numbered BSI-JiCos-018074 and higher were produced in April 2011 and later (post-mini-trial-order).  Would you please produce all documents bates-numbered BSI-JiCos-018074 and higher, or confirm that you produced them on December 15?

- We also identified BSI-JiCos-017349-17858, BSI-JiCos-017866-67, and BSI-JiCos-017876-17989, and these documents appear to be responsive because they relate to ISP

status.  Would you please produce these or confirm that you produced them on December 15?

We are continuing to review the document productions to determine whether we will need to take any further action, and will notify you promptly of any additional issues we believe need to be addressed as we come across them.  Meanwhile, would you please let us know when you are available to discuss the issues identified in this email or when we can expect a written response?

Thanks.

Ari

---

**From:** Ingebritson, Lauren E.
**Sent:** Friday, December 16, 2011 1:02 PM
**To:** Rothman, Ari N.
**Subject:** FW: BSI v. Kraft; Meet & Confer 11/15/11

Email re scope of 12/15 production.

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Tuesday, November 15, 2011 1:07 PM
**To:** Rothman, Ari N.; Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** BSI v. Kraft; Meet & Confer 11/15/11

Counsel for Defendants –

Thank you for taking the time to participate in this morning's meet and confer.  I trust the following fairly summarizes that discussion.  If I have missed anything, please let us know.

We committed to produce the documents BSI produced, or was ordered to produce, to World Avenue bearing on the mini-trial issues by Dec. 15.  We agreed to produce, at Ari's request, the tax returns and financial documents produced or ordered to be produced in the WA litigation by Dec. 10.

With regard to withdrawal of the motion to compel, Connexus declined to withdraw the motion, but agreed that it would take no further action on the motion at this time, and would withdraw the motion if the tax returns and financial documents are produced by Dec. 10.  We agreed to that approach.

With regard to the other issue outstanding in the motion to compel -- 3rd party ISP communications -- we indicated that those documents were included in the production sent on November 11 and that we were not aware of any other such documents.  Counsel for Connexus indicated that this should resolve that issue.

With regard to the 6 bullet points from Ari's 11/14 email:

1. We agreed to produce the documents produced by World Avenue related to the mini-trial issues, but would, as agreed by the parties, exclude documents concerning World Avenue's business practices.  Defendants agreed we will produce these documents by Dec. 15.

2. We agreed to produce the deposition transcripts and exhibits of the witnesses deposed in World Avenue after the Court ordered the mini-trial, except for Paul Wagner's July 2011 deposition transcript which has been produced.  Defendants agreed we will produce these documents by Dec. 15.

3. We agreed to produce the expert reports and deposition transcripts of experts relating to the mini-trial issues in World Avenue with the exception, as agreed by the parties, of the materials of World Avenue's expert that do not relate to the mini-trial issues.  Defendants agreed we will produce these documents by Dec. 15.

4. We agreed to produce the discovery requests and responses made in World Avenue relating to the mini-trial issues. Defendants agreed we will produce these documents by Dec. 15.

5. We agreed to produce the under seal filings related to the mini-trial issues.  I noted BSI's understanding that many of the sealed items in that case were sealed at BSI's request, and that we would produce any such documents by Dec. at.  I also noted that if there are documents that were, in fact, sealed at WA's request, we will need to consult with World Avenue as to whether we can obtain WA's permission to produce those.  But we agreed, assuming we obtained such permission, to produce any such documents by Dec. 15.  Although we did not discuss this on the call, BSI expects that the documents designated confidential under the World Avenue protective order will remain designated confidential under the Kraft protective order.  If Defendants have any objection to this please advise us as soon as practicable.

6. We agreed to produce the videotaped inspections, or any tape of any such videotaping, that occurred in World Avenue after the Court ordered the mini-trial.  Regarding the videotaped inspections, neither side yet knows if these tapes are the same or different from tapes have already been produced to Connexus.  We agreed that we would make this determination, if possible, by the end of this week and inform Connexus whether the tapes are different; if they are different, they will be produced by Dec. 15; if they are not, our understanding is that we will not re-produce these tapes.

In addition, the parties agreed to stay the time for filing a motion to compel related to the above production until Dec. 15.

Finally, counsel for Connexus clarified that Connexus is not seeking every document that was filed in the WA case.   We assume that Kraft is of the same view.  We will review the document requests to determine whether we have any additional follow up issues on this point.

Regards.

Jeff McFadden

---

**From:** Rothman, Ari N. [mailto:ANRothman@Venable.com]
**Sent:** Monday, November 14, 2011 8:46 AM
**To:** McFadden, Jeffrey; Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

10:30 a.m. tomorrow is fine.  I'll try to join but others might have to handle due to travel.  We'll circulate a dial-in.

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Monday, November 14, 2011 8:40 AM
**To:** Rothman, Ari N.; Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

You don't understand our position.  I have a huge client meeting today that will go most of the day and would ask that we set this call for tomorrow morning at 10:30 a.m.

Thanks.

---

**From:** Rothman, Ari N. [mailto:ANRothman@Venable.com]
**Sent:** Monday, November 14, 2011 8:38 AM
**To:** McFadden, Jeffrey; Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

Whether your clients will produce the following in response to Connexus's mini-trial document requests:

- Documents produced by World Avenue related to the Mini-Trial issues, such as documents World Avenue generated that refute BSI's status as a *bona fide* ISP as opposed to documents concerning World Avenue's business practices (Connexus does not seek information concerning World Avenue's business practices);

- All deposition transcripts and exhibits of each witness deposed in the *World Avenue Litigation* after the Court ordered the Mini-Trial, except for Paul Wagner's July 2011 deposition transcript which has been produced;

- All expert reports and deposition transcripts, produced, requested to be produced, and ordered to be produced relating to the Mini-Trial Issues in the *World Avenue Litigation*;

- All discovery requests and responses made by any party in the *World Avenue Litigation* relating to the Mini-Trial Issues;

- All under seal filings related to the Mini-Trial Issues in the *World Avenue Litigation*; and

- All videotaped inspections that occurred in the *World Avenue Litigation* after the Court ordered the Mini-Trial.

We understand your position to be that you will not produce any of these things, but would like confirmation especially if we're wrong so that we don't waste the Court's or your time (there is some ambiguity in the email exchanges and the filings from Friday).  If you'd like to give us your position in email then we're fine with that, but since you offered to discuss today we figured we might as well do that to put finality on this issue one way or the other.  Please let us know your preference.

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Monday, November 14, 2011 8:26 AM
**To:** Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us';
Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com';
'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

What do we need to discuss besides a deadline for production and the third-party ISP communication issue?

---

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Sunday, November 13, 2011 5:33 PM
**To:** McFadden, Jeffrey; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba,
Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com';
'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

Dear Jeff,

Please let us know if you are still available tomorrow to discuss the concerns raised my email below.  We are available
anytime before 4:30 p.m.

Thanks,

Lauren

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Thursday, November 10, 2011 5:27 PM
**To:** Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us';
Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com';
'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** Re: BSI - Jury Issues

Given how long you waited to respond in light of our service deadline, we are already in the process of serving our
opposition. I am not available tomorrow to discuss the points you raise below but could do so on Monday.

In the meantime, we will be producing documents tomorrow and will continue with the production on a rolling basis. I
am not aware of any third-party ISP communications not produced in the WA litigation, but will re-confirm.

---

**From**: Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent**: Thursday, November 10, 2011 03:12 PM
**To**: McFadden, Jeffrey; Onorato, Tony; Duffy, John; 'mike@mikerothman.com' <mike@mikerothman.com>; Yoerges,
Roger; 'shr@ringlaw.us' <shr@ringlaw.us>; Barba, Thomas
**Cc**: Fales, Lisa J. <LJFales@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>; Forbes, Elizabeth E.
<EEForbes@Venable.com>; Rothman, Ari N. <ANRothman@Venable.com>; 'dgraham@rbglegal.com'
<dgraham@rbglegal.com>; 'jdevaney@perkinscoie.com' <jdevaney@perkinscoie.com>; 'jroche@perkinscoie.com'
<jroche@perkinscoie.com>; McCann, Margaret A. <mamccann@venable.com>

**Subject**: RE: BSI - Jury Issues

Jeff,

We appreciate that you've eliminated the dispute as to our entitlement to BSI's revenue back-up information and ISP communications.  However, we can't withdraw the motion yet because your email is not entirely clear whether you will be producing all of the documents at issue in our motion to compel.  For example, you have not clearly agreed to produce all third-party ISP communications to the extent they exist but were not produced in the World Avenue litigation. You also have not given us a reasonable date by which you will complete your production of these documents. Just so our position is clear, we do not agree to a rolling production through March 2012 of the documents we're seeking to compel (or those in our first mini-trial requests).   We might be willing to hold your opposition deadline in abeyance if you confirm that you will produce all documents at issue in our motion to compel and give us a firm and prompt deadline by which everything we asked for will be produced.  Short of that, we'll need to proceed with our motion because, as you know, all we have is Paul Wagner's July 2011 deposition transcript and exhibits, notwithstanding our extensive efforts to obtain mini-trial discovery since August.

Thanks,

Lauren


**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com


**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Thursday, November 10, 2011 6:41 AM
**To:** McFadden, Jeffrey; Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

Dear Counsel,

Further to our email below, by which we confirmed that we will produce to Connexus 1) all documents produced by BSI or any non-party after the Court ordered the mini-trial in the WA litigation, 2) all documents produced by BSI or any non-party before the Court ordered that mini-trial that relate to the mini-trial issues, and 3) all documents that the Court ordered BSI, Joe Wagner, or Hypertouch to produce in that litigation concerning the mini-trial issues, it should now be clear that such production will include the documents you seek in your motion to compel related to 1) BSI revenue back-up information and 2) ISP communications. Specifically, BSI has agreed to produce to Connexus those revenue backup documents it was ordered to produce, and did produce, in the WA litigation, including BSI's ledger and unredacted tax returns for tax years up to 2009.  In addition, subject to our on-going review as we roll out the production to you, we are also reviewing bank statements, checks sent to BSI during the relevant period, and checks sent out by BSI during the relevant period.  We also have the documents produced by the third parties in the WA litigation, and will promptly produce those as well.

Given that this production will fully address the issues raised in your motion to compel, we ask that Connexus withdraw the motion. We are available to discuss this request this morning should you so desire.


Jeff McFadden

**From:** McFadden, Jeffrey
**Sent:** Friday, November 04, 2011 6:05 PM
**To:** Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

Dear Counsel,

Following up on our meet and confer of this past Wednesday, and for the sake of efficiency, we provide the responses to which we committed forwarding to you by close of business today below, along with any clarification as to what was agreed to during that call.

**From:** Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent:** Wednesday, November 02, 2011 9:05 PM
**To:** McFadden, Jeffrey; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

Dear Counsel,

This email is to confirm the substance of our meet and confer this morning.

Burden of Proof
You stated your position that Defendants carry the burden of proof on the mini-trial issues and that Defendants should submit their expert reports first.  Our position is that Plaintiff carries the burden of proof on all issues.  We agreed to brief the issue to the Judge in conjunction with the briefs regarding whether a judge or jury determines the mini-trial issues.

We have circulated a revised draft joint motion to modify the scheduling order.

Jury Trial Issues
We agreed that mini-trial issue 2 is an issue for the judge to decide.  It is your position that issues 1 and 3 are most likely jury issues.  Connexus believes issues 1 and 3 are also likely issues for the judge.  As agreed, you sent us a copy of the case you believe supports your position.  We will review and get back to you.  In the event we cannot reach full agreement, we agreed to the following briefing schedule on this and the burden of proof issue:

Plaintiff/Third-Party Defendants' opening brief: November 18
Defendants' opening brief:  December 12
Plaintiff/Third-Party Defendants' reply:  December 23

As we discussed on the call on Wednesday, and as reflected in our revisions to the draft joint motion to modify the scheduling order, our brief will also include argument regarding the extent which the mini-trial issues were required to be proved under the Maryland and California anti-spam statutes.

BSI's Responses to First RFAs re: Mini-Trial Issues
Connexus reiterated its position that BSI's objections are improper.  You stated the basis for your objections, and agreed to discuss further with your client and let us know by close of business on Friday, November 4 whether you could admit the authenticity of the videos that are the subject of the RFAs.

21

In our discussion on this issue on Wednesday's call, you offered to modify your request such that it sought an admission to the effect that the video at issue is a depiction of the identified residence and that it is an authentic, edited version of the video.

Rather than try to respond to this request as articulated on the call, we would ask you to provide to us in writing the precise, revised admission you seek, and we will then promptly consider and respond to the revised request.

<u>Confidentiality of Paul Wagner Deposition</u>
You agreed to de-designate the deposition by Tuesday, November 8.

Correct.

<u>Plaintiff/Third-Party Defendants' Document Production</u>
You agreed to produce the following categories of documents: (1) all documents produced by any party/non-party after the Court ordered the mini-trial; (2) all documents produced by any party/non-party before the mini-trial was ordered that relate to the mini-trial issues; (3) all documents that the Court in the World Avenue Litigation ordered BSI, Joe Wagner, and Hypertouch to produce concerning the Mini-Trial Issues.

This is generally correct, although we don't believe that we discussed, or agreed to, production of the documents World Avenue produced to BSI in that litigation.

You agreed to let us know by COB Friday whether you will also agree to produce all deposition transcripts of all witnesses deposed in the World Avenue litigation as limited by RFP Nos. 1 and 3, expert reports and hybrid expert reports as limited by RFP No. 3.  We inadvertently neglected to mention videotaped inspections (RFP No. 2), actual discovery/interrogatory/RFA responses (RFP No. 4), and under seal filings/exhibits (RFP No. 5), and ask that you please let us know on Friday whether you're willing to produce those.

You generally raised the issue of deposition transcripts and expert reports on the call, but there was no discussion of what limitations were to be placed on those requests, let alone limitations purportedly set forth in the RFPs you reference above.  And you are correct that there was no discussion of the remaining requests you identify above.  As an initial matter, the "limitations" set forth in RFP Nos. 1 and 3 are inconsistent because RFP No. 3 contains no limitations at all.  As discussed on the call, we are only now beginning our review of the various materials produced in the WA case.  Thus, we are not now in a position to determine the extent to which the materials you request are or are not related to the three mini-trial issues and the extent to which redaction will be required.  We will provide an update on our review of these materials by the end of next week.

Further, with respect to RFP No. 2, it is our understanding that you already have copies of the four inspections that took place.

You agreed to begin making a rolling production of documents next week, but would not commit to a date by which you will have produced all documents.  This is problematic for us given the substantial amount of information we'll need to review before completing discovery (depositions, discovery and expert reports), and the local rules require us to compel production of all responsive documents by the end of this month.  One way to solve this issue is for you to consent to allow World Avenue to produce everything we requested, which apparently it was prepared to do until it had a discussion with Steptoe or Ring.  If you're willing to do this, and if World Avenue has everything or most of what we requested, then court intervention will be avoided.  Similarly, Ring -- who is counsel in the World Avenue case and this one -- must have reviewed the documents produced and prepared them for production so there's no reason why those can't be produced immediately.  The bottom line is that we need -- and are entitled to -- a full production well before the discovery cut-off as Magistrate Judge Day already ruled.  Thus, we'll have no choice but to proceed with motions practice if we do not timely receive everything that we requested.

We would only say in response to this point that the substantial volume of materials you claim you need to review is of your own making, and that we are not aware of any end-of-month deadline for the discovery you seek.  As we said on the call, we will work as quickly as we can to roll out to you a set of materials from a case that went on for at least three and a half years containing more than 700 docket entries in which Steptoe had no previous involvement, but must now review in the ordinary course of the litigation.  It is not our intention to cause any undue delay with respect of your discovery requests.  Thus, any motions practice by you based on your subjective views as to the timeliness of our efforts would be completely unjustified.

You will not voluntarily produce the World Avenue settlement agreement or related communications (RFP Nos. 6 - 9).  We will move to compel them.

We look forward to hearing from you on Friday.

Thanks,

Lauren

---

**From:** Ingebritson, Lauren E.
**Sent:** Tuesday, November 01, 2011 2:57 PM
**To:** McFadden, Jeffrey; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** RE: BSI - Jury Issues

Dear Counsel for BSI, Hypertouch, and Joe Wagner,

In addition to addressing briefing on the jury issues per ECF No. 440, we would like to also address the following topics in tomorrow's meet and confer, and answer any questions you may have about our positions.

First, the Scheduling Order at ECF No. 440 does not include Connexus's expert report deadlines.  We would like to discuss adding this item into the scheduling order to provide certainty (alternatively we'll proceed under the deadline in FRCP 26).

Second, Plaintiff's responses and objections to Connexus's First RFAs concerning the mini-trial issues are inadequate because they are non-responsive to the requests.  Is BSI willing to stipulate to the authenticity of the videos?  If not then we will move under Rule 36(a)(6) to determine the sufficiency of your answers and objections.  We will also move under Rule 37(c)(2) for the reasonable expenses we will incur.

Third, Plaintiff marked the entirety of Paul Wagner's July 2011 deposition transcript and exhibits (BSI0020090-BSI0020216) as Confidential.  Connexus intends to challenge the confidentiality designations because they are over broad.  We will not file any motion if you timely de-designate the transcripts and exhibits, and ask that you provide a date certain by when you will do so.

Finally, Connexus is entitled to the production of all documents requested in its first request for documents concerning the mini-trial issues, and will promptly seek to compel their production if we cannot resolve the following issues:

(1) We request a date by when BSI, Joe Wagner, and Hypertouch will produce the documents each party agreed to produce.  We propose 11/4/11.

(2) BSI (Request Nos. 1 through 5) and Hypertouch (Request Nos. 1 and 2) improperly limited the scope of their production to documents "produced to World Avenue on the three mini-trial issues following the Court's order setting a mini-trial in that case."  Connexus requested and is entitled to:

-- All responsive documents regardless of who produced them.

-- All documents that were requested and ordered to be produced, not just those documents that BSI, Hypertouch, and Joe Wagner produced.

-- As to BSI Request Nos. 3 through 5, and Hypertouch Request Nos. 1 and 2, all documents pertaining to the Mini-Trial regardless of when they were produced, requested, or ordered to be produced.

Please advise whether BSI, Joe Wagner, and Hypertouch will produce all requested documents.

(3) Is Joe Wagner withholding any documents on the ground that the requests "are requests for Documents in Hypertouch's possession"?

(4) Regardless of his objections, does Joe Wagner possess any responsive documents that are in his possession, custody and control but which are not in Hypertouch's possession, custody and control?

(5) As to all requests, including those where BSI, Joe Wagner, and Hypertouch indicated it would produce some responsive documents but not others (BSI Request Nos. 1 through 5; Hypertouch Request Nos. 1 and 2), we request that you confirm that BSI and Hypertouch are refusing to produce responsive documents on grounds of all of the general objections and objections included in each response, or identify the specific objections upon which BSI and Hypertouch are relying to withhold production so that we may limit the Court's involvement as much as possible.

We look forward to speaking with you tomorrow.

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Tuesday, November 01, 2011 12:07 PM
**To:** Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'; McCann, Margaret A.
**Subject:** Re: BSI - Jury Issues

10 a.m.

888-439-7610
202-429-8022-#

Thanks.

---

**From**: Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent**: Tuesday, November 01, 2011 06:47 AM
**To**: McFadden, Jeffrey; Onorato, Tony; Duffy, John; 'mike@mikerothman.com' <mike@mikerothman.com>; Yoerges, Roger; 'shr@ringlaw.us' <shr@ringlaw.us>; Barba, Thomas
**Cc**: Fales, Lisa J. <LJFales@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>; Forbes, Elizabeth E. <EEForbes@Venable.com>; Rothman, Ari N. <ANRothman@Venable.com>; 'dgraham@rbglegal.com' <dgraham@rbglegal.com>; 'jdevaney@perkinscoie.com' <jdevaney@perkinscoie.com>; 'jroche@perkinscoie.com' <jroche@perkinscoie.com>; McCann, Margaret A. <mamccann@venable.com>
**Subject**: RE: BSI - Jury Issues

Dear Counsel for BSI,

Can you please provide us with a time that you are available to meet and confer tomorrow morning?

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

---

**From:** Ingebritson, Lauren E.
**Sent:** Monday, October 31, 2011 10:01 AM
**To:** 'McFadden, Jeffrey'; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'
**Subject:** RE: BSI - Jury Issues

Dear Jeff,

The deadline is not, as you call it, a "non-sensical" deadline imposed by me, but a court imposed deadline as ordered by the Judge. You overlooked ECF No. 440. Regardless, we are available to meet and confer on Wednesday if that is your earliest availability. Please provide us with a time that you are available on Wednesday morning.

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

**From:** McFadden, Jeffrey [mailto:JMcFadden@steptoe.com]
**Sent:** Thursday, October 27, 2011 6:53 PM
**To:** Ingebritson, Lauren E.; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'
**Subject:** Re: BSI - Jury Issues

Dear Laura,

Whatever deadline you purport to impose is non-sensical given that we have yet to meet and confer. Why would we file a brief without doing so? We are available next Wednesday to discuss.

Also, we do not represent Steve Wagner and cannot accept service of a subpoena on his behalf.

Jeff

**From**: Ingebritson, Lauren E. [mailto:leingebritson@venable.com]
**Sent**: Thursday, October 27, 2011 03:05 PM
**To**: McFadden, Jeffrey; Onorato, Tony; Duffy, John; 'mike@mikerothman.com' <mike@mikerothman.com>; Yoerges, Roger; 'shr@ringlaw.us' <shr@ringlaw.us>; Barba, Thomas
**Cc**: Fales, Lisa J. <LJFales@Venable.com>; Baldridge, J. Douglas <JBaldridge@Venable.com>; Forbes, Elizabeth E. <EEForbes@Venable.com>; Rothman, Ari N. <ANRothman@Venable.com>; 'dgraham@rbglegal.com' <dgraham@rbglegal.com>; 'jdevaney@perkinscoie.com' <jdevaney@perkinscoie.com>; 'jroche@perkinscoie.com' <jroche@perkinscoie.com>
**Subject**: RE: BSI - Jury Issues

Dear Counsel for BSI, Hypertouch, and Joe Wagner,

We did not receive any notification that you filed your brief yesterday re: determination of the mini-trial issues in accordance with the schedule set by the court in ECF No. 440, and conclude this is because you did not file a brief.  Please let us know by close of business tomorrow when you are available to meet and confer on the relief Connexus will seek in light of your failure to file an opening brief.

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

**From:** Ingebritson, Lauren E.
**Sent:** Monday, October 17, 2011 5:21 PM
**To:** 'McFadden, Jeffrey'; Onorato, Tony; Duffy, John; 'mike@mikerothman.com'; Yoerges, Roger; 'shr@ringlaw.us'; Barba, Thomas
**Cc:** Fales, Lisa J.; Baldridge, J. Douglas; Forbes, Elizabeth E.; Rothman, Ari N.; 'dgraham@rbglegal.com'; 'jdevaney@perkinscoie.com'; 'jroche@perkinscoie.com'
**Subject:** BSI - Jury Issues

Dear Counsel for BSI,

Please let us know if you are available to meet and confer about the jury issue on Friday.  We are available anytime except 2:30 to 4:00.

Thanks,

Lauren

**Lauren E. Ingebritson** | Associate | **Venable LLP**
575 7th Street, NW, Washington, DC 20004-1601
PH 202.344.8260 | FX 202.344.8300
leingebritson@venable.com | www.venable.com

******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
******************************************************************
******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
******************************************************************

******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
******************************************************************
******************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
******************************************************************

******************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication

(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
   ************************************************************************
   ************************************************************************

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
   ************************************************************************


   ************************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
   ************************************************************************
   ************************************************************************

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
   ************************************************************************


   ************************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
   ************************************************************************
   ************************************************************************

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
   ************************************************************************


   ************************************************************************
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue

Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of

professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue Code or by any other applicable tax authority; or (b) promoting, marketing or recommending to another party any tax-related matter addressed herein. We provide this disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this
disclosure on all outbound e-mails to assure compliance with new standards of
professional practice, pursuant to which certain tax advice must satisfy requirements as to
form and substance.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Treasury Circular 230 Notice: Any tax advice contained in this communication
(including any attachments) was not intended or written to be used,
and cannot be used, for the purpose of (a) avoiding penalties that may be imposed under the Internal Revenue
Code or by any other applicable tax authority; or (b) promoting, marketing or
recommending to another party any tax-related matter addressed herein. We provide this

disclosure on all outbound e-mails to assure compliance with new standards of professional practice, pursuant to which certain tax advice must satisfy requirements as to form and substance.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*