# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
　　　　　　　　　　　　　　　　　　)
BEYOND SYSTEMS, INC.,　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　　Case No. 8:08-cv-00409 (PJM)(CBD)
　　　　　　　　　　　　　　　　　　)
KRAFT FOODS, INC., *et al.*,　　　 )
　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　 )
_____)
　　　　　　　　　　　　　　　　　　)
CONNEXUS CORP.,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Third-Party Plaintiff,　　　 )
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
JAMES JOSEPH WAGNER, *et al.*,　　)
　　　　　　　　　　　　　　　　　　)
　　　Third-Party Defendants.　　　)
_____)

### BEYOND SYSTEMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CONNEXUS CORP.'S FIRST SET OF INTERROGATORIES CONCERNING MINI-TRIAL ISSUES

Beyond Systems, Inc. ("BSI") hereby submits its supplemental objections and responses to Connexus Corp.'s ("Connexus") First Set of Interrogatories Concerning Mini-Trial Issues to Beyond Systems, Inc. (Nos. 1, 2, 3, and 5).

### GENERAL OBJECTIONS

1.　　　In light of the Court's order that discovery shall be limited to the mini-trial issues, BSI objects on the ground that these interrogatories are overly broad.  Motions practice on the scope of the mini-trial issues has been fully briefed and is set for hearing on March 8, 2012.

19.     BSI objects to the Interrogatories to the extent that they may be construed as calling for information already in Connexus's possession, custody, or control, or that is available from public sources, on the grounds that such a request is unduly burdensome and oppressive, and as such, exceeds the bounds of permissible discovery.

20.     BSI objects to the Interrogatories to the extent that they may be construed as calling for information that cannot be disclosed without violating the Protective Order in World Avenue Litigation, the Settlement Agreement executed in that matter, and the Court Order adopting the Settlement Agreement.

21.     BSI objects to the Interrogatories on the ground that Connexus has already exceeded the number of interrogatories permitted under the Federal Rules of Civil Procedure.

22.     BSI objects to the Interrogatories on the ground that the third-party action is stayed and thus Interrogatories to or about Hypertouch which seek discovery related to Hypertouch's business and/or unrelated to the mini-trial are improper.

23.     BSI reserves the right to supplement its objections and/or responses to the Interrogatories.

24.     Each of the foregoing General Objections is incorporated into each response below whether or not repeated in each instance.

<u>**RESPONSES TO INTERROGATORIES**</u>

<u>**INTERROGATORY No. 1:**</u>

For each lawsuit, potential lawsuit, and/or threatened lawsuit concerning alleged, suspected, and/or actual unlawful email involving you on the one hand, and Joe Wagner and/or Hypertouch on the other hand in any capacity (such as a recipient, consultant, ISP, plaintiff), regardless of whether you, Joe Wagner, and Hypertouch all were named parties, identify where

applicable the location of the court, the name of the court, the case number, the judge(s), the

plaintiff(s), the defendant(s)/possible defendant(s), the date when the lawsuit was initiated, how

the lawsuit/threatened lawsuit was resolved, and your role and the role of Joe Wagner,

Hypertouch, and Steve Wagner. Include in your response all lawsuits, potential lawsuits, and/or

threatened lawsuits where you sued and/or threatened to sue the same parties that Joe Wagner

and/or Hypertouch sued and/or threatened to sue, such as World Avenue (see, e.g., World

Avenue ECF No. 590 at 5) and Kennedy-Western.

**ORIGINAL RESPONSE TO INTERROGATORY No. 1:**

BSI objects to this Interrogatory on the ground that discovery in this case closed in May

2009.

BSI further objects to this Interrogatory on the ground that Connexus has already

exceeded the number of interrogatories permitted under the Federal Rules of Civil Procedure.

BSI further objects to this Interrogatory on the ground that it is duplicative and redundant

of discovery already previously served in this case by Connexus.

BSI further objects to this Interrogatory on the ground that BSI is a separate corporate

entity from Hypertouch, and BSI has no control over or authority to respond on behalf of

Hypertouch.

BSI further objects to this Interrogatory on the ground that it is overly broad and unduly

burdensome, and not limited to the three issues ordered by the Court to be litigated at the

minitrial per DE 440.

BSI further objects to this Interrogatory on the ground that it is compound, and divided

into discrete subparts which are not factually subsumed and necessarily related to the primary

question and thus represents multiple interrogatories.

BSI further objects to this Interrogatory on the ground that on July 15, 2011, Judge Day ruled that Hypertouch's business was not an issue for the August World Avenue mini-trial and therefore this Interrogatory seeks discovery beyond what is permissible under the scheduling order.

BSI further objects to this Interrogatory on the ground that it is vague and ambiguous, including as to "potential lawsuit, and/or threatened lawsuit," "concerning alleged, suspected, and/or actual unlawful email," "involving you and Paul Wagner or BSI in any capacity (such as a recipient, consultant, ISP, plaintiff)," "how the lawsuit/threatened lawsuit was resolved," and "your role and the role of Paul Wagner, BSI and Steve Wagner."

BSI further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

BSI further objects to this Interrogatory on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

BSI further objects to this Interrogatory on the ground that it seeks information that is confidential, subject to a protective order, and/or which the Court limited to use in the World Avenue Litigation only.

BSI further objects to this Interrogatory on the ground that the requested information is, at least in part, in Connexus's possession and/or publicly available to Connexus.

BSI further objects to this Interrogatory to the extent it seeks information that is not in BSI's possession, custody, or control.

Subject to and without waiving the foregoing objections, BSI states as follows: The extraordinary breadth of this Interrogatory, especially in light of the limited mini-trial issues this

7

Court has ordered, requires that the Court provide the parties guidance. The parties are presently engaged in briefing the Court on the scope of the mini-trial issues, with Plaintiff's opening brief due to be submitted on November 18, 2011. Until the Court rules on the contours of the elements of the statutes at issues and the mini-trial issues, Plaintiff cannot reasonably respond to this Interrogatory, and thus objects for the reasons stated above, including but not limited to that the Interrogatory is vague, ambiguous, and overbroad. Plaintiff expressly reserves the right to amend and/or supplement this response.

**SUPPLEMENTAL RESPONSE:**

BSI has already provided information responsive to this Interrogatory in the table reflecting the litigation history of both BSI and Hypertouch produced to Defendants.  *See* Exh. 1, Steve Wagner Dep., World Avenue, document beginning at BSI0044488.  BSI continues to stand by its objections, including its objection that the Interrogatory is vague, ambiguous, and overly broad in seeking information concerning "potential" and/or "threatened" litigation and "your role and the role of Joe Wagner, Hypertouch, and Steve Wagner."  Subject to these objections and all other previously made objections, BSI provides the following supplemental response:

Because of the sophisticated measures that spammers engage in in an attempt to disguise their identity, evade spam countermeasures, and prevent their being tracked, the investigation required to successfully prosecute BSI's claims concerning unlawful email messages sent to it by the spammers (including Defendants' affiliates) is extremely burdensome and difficult.  *See* Plaintiff's Opposition to Motion for Relief Pursuant to Federal Rule of Civil Procedure 27(c), Exh. 1, Decl. of Paul A. Wagner (ECF No. 170).  As stated in that Declaration, spammers such as Connexus can own thousands of domains, often under anonymous registrations, and

determining which domains are associated with particular spammers therefore requires substantial research and investigation.  In some cases, proving that a particular email is actionable may involve demonstrating that the spammer falsely used a particular domain name in transmitting the message, and this investigation is likewise time consuming.

While larger ISPs might have sufficient resources to conduct such investigations internally, smaller ISPs like BSI and Hypertouch face an immense burden in conducting the analysis necessary to hold the spammers who flood their networks with unlawful email accountable under laws that prohibit the sending of false, deceptive or misleading commercial email, making cooperation all but essential.  Consistent with Hypertouch's status as an ISP to ISP service partner of BSI's, both entities have in many cases received similar spam from the same spammer, including Defendants and their affiliates, and both BSI and Hypertouch have an interest in investigating this spam and endeavoring to stop it at its source.  In the course of each company's research, both Joe Wagner and Paul Wagner have obtained knowledge and developed methodologies useful in linking particular domains to spammers and thereby making it possible to attribute spam to a particular defendant.  In light of this, Paul Wagner and Joe Wagner have periodically "consulted" with each other with respect to litigation by sharing information and search terms relevant to identifying spam, assessing the falsity contained therein, and attributing it to particular defendants by researching, among other things, the domains found therein and the click through paths leading to the sender, sponsoring ad network, and/or advertiser.

Steve Wagner has been counsel to Hypertouch since 1999.  Steve Wagner has been counsel to BSI since 1999.  Steve Wagner Dep., World Avenue, 56:16-57:3, Jul. 6, 2011.  In that capacity, he has at times over the intervening years provided counsel to each entity, including with respect to litigation concerning unlawful commercial email.

9

As BSI objected in its initial response to this Interrogatory, the information sought herein is redundant with information that has already been provided to Defendants in the materials produced in this litigation and obtained in depositions of Paul Wagner, including:

- Paul Wagner Dep. 667:18-671:5, 679:3-680:16, 684:2-685:11, 687:5-688:2, June 5, 2009

- Paul Wagner Dep. 14:6-15:15, 89:13-91:2, 96:15-101:9, May 11, 2009

- Paul Wagner Dep. 379:1-6, 409:4-17, May 1, 2009

- Paul Wagner Dep. 341:12-342:21, June 15, 2009

- James Joseph Wagner Dep., World Avenue, 199:15-201:17, 255:21-257:6, 271:22-273:10, July 8, 2011

- James Joseph Wagner Dep., World Avenue, Exh.'s 11-12, 15, documents beginning at BSI0044121; BSI0044123; BSI0044129.

- HYPER000476; HYPER000477; HYPER000509; HYPER000510; HYPER000511.

**INTERROGATORY No. 2:**

Identify all persons and entities that received any service from you and Hypertouch, including the nature of the service, when each service was provided, and how much each person/entity paid for such service.

**ORIGINAL RESPONSE TO INTERROGATORY No. 2:**

BSI objects to this Interrogatory on the ground that discovery in this case closed in May 2009.

BSI is a bona fide resident of Maryland for the reasons set forth in Plaintiff's Motion for Summary Judgment on the Mini-Trial Issue of BSI's Corporate Residency (ECF No. 457), the Memorandum of Law in support of that Motion, and the Declaration of Paul Wagner accompanying that Motion.  BSI states that all facts and documents set forth in that Motion, Memorandum, Declaration and Exhibits support BSI's status as a bona fide resident of Maryland.  Accordingly, BSI incorporates that Motion, Memorandum and accompanying Declaration in this Response, as well as all documents referenced therein and/or attached to the Motion as exhibits.

In addition to the depositions of Paul Wagner, Joseph Wagner, and prior pleadings and affidavits filed in this case, Plaintiff identifies the documents attached as Exhibit 1 as a supplemental response to this request.  Plaintiff expressly reserves the right to supplement this response following the Court's ruling on Plaintiff's Motion to Strike (set for hearing on March 8, 2012) and/or Plaintiff's Motion for Summary Judgment, which rulings Plaintiff expects will clarify the scope of the residency issue.

AS TO FORM AND OBJECTIONS ONLY

Date:  February 10, 2012                                  Respectfully submitted,


_____/s/_____
Thomas M. Barba (D. Md. Bar No. 28487)          *Of Counsel:*
Roger W. Yoerges (D. Md. Bar No. 14088)
Jeffrey E. McFadden (D. Md. Bar No. 8738)          Stephen H. Ring (USDC-MD Bar No. 00405)
John J. Duffy (D. Md. Bar No. 28613)          Law Offices of Stephen H. Ring, P.C.
STEPTOE & JOHNSON LLP          506 Main Street, Suite 215
1330 Connecticut Ave., NW          Gaithersburg, Maryland  20878
Washington, D.C.  20036          T: 301-563-9249
T: 202-429-3000          F: 301-563-9639
F: 202-429-3902          shr@ringlaw.us
tbarba@steptoe.com

ryoerges@steptoe.com
jmcfadden@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (D. Md. Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Avenue
New York, NY  10019
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of February, 2012, the foregoing BEYOND SYSTEMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CONNEXUS CORP.'S FIRST SET OF INTERROGATORIES CONCERNING MINI-TRIAL ISSUES was served via Federal Express on the below-named parties:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
(202) 434-1613 (Telephone)
(202) 434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

Darrell J. Graham
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Suite 1330
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com

*Counsel for Defendant Connexus Corp.*

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global, Inc. and Vict. Th. Engwall & Co., Inc.*

_____/s/_____
Jennifer M. Newton

## **VERIFICATION**

I, Paul A. Wagner, declare and state:

I am President of BEYOND SYSTEMS, INC. and am authorized to sign this verification as to BEYOND SYSTEMS, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CONNEXUS CORP.'S FIRST SET OF INTERROGATORIES CONCERNING MINI-TRIAL ISSUES in the case of *Beyond Systems, Inc. v. Kraft Foods, Inc.*, et al, Case No. 08-CV-00409 (PJM)(CBD), filed in the United States District Court for the District of Maryland.

All matters set forth herein are within my personal knowledge, and I am the only person at Beyond Systems, Inc. who has knowledge of all such matters.  The information contained within these responses is drawn from pertinent business records and from my own knowledge and information, and based thereon I believe the information contained in these responses is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on February 10, 2012 in the District of Columbia.

_____

Paul A. Wagner

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____
)
BEYOND SYSTEMS, INC.,                )
)
    Plaintiff,                            )
)
         v.                            )    Case No. 8:08-cv-00409 (PJM)(CBD)
)
KRAFT FOODS, INC., *et al.*,          )
)
    Defendants.                          )
_____)
)
CONNEXUS CORP.,                      )
)
    Third-Party Plaintiff,               )
)
         v.                            )
)
JAMES JOSEPH WAGNER, *et al.*,        )
)
    Third-Party Defendants.              )
_____)

**HYPERTOUCH, INC.'S SUPPLEMENTAL RESPONSES AND**
**OBJECTIONS TO CONNEXUS CORP.'S FIRST SET OF**
**INTERROGATORIES CONCERNING MINI-TRIAL ISSUES**

    Hypertouch, Inc. ("Hypertouch") hereby submits its supplemental objections and

responses to Connexus Corp.'s ("Connexus") First Set of Interrogatories Concerning Mini-Trial

Issues to Hypertouch, Inc. (Nos. 1-3).

**GENERAL OBJECTIONS**

    1.    Hypertouch objects to the Interrogatories' extraordinary breadth, which,

especially in light of the limited mini-trial issues this Court has ordered, require that the Court

provide the parties guidance.  Motions practice on the scope of the mini-trial issues has been

fully briefed and is set for hearing on March 8, 2012. Until the Court rules on the contours of the

18.     Hypertouch objects to the Interrogatories to the extent they may be construed as calling for information which constitutes or contains trade secret, proprietary, confidential, or commercially sensitive information, or other information, the disclosure of which would result in substantial injury to Hypertouch.

19.     Hypertouch objects to the Interrogatories to the extent they may be construed as calling for information already in Connexus's possession, custody or control, or that is available from public sources, on the grounds that such a request is unduly burdensome and oppressive, and as such, exceeds the bounds of permissible discovery.

20.     Hypertouch objects to the Interrogatories to the extent they may be construed as calling for information that cannot be disclosed without violating the Protective Order in World Avenue Litigation, the Settlement Agreement entered in that matter, and the Court Order adopting the Settlement Agreement.

21.     Hypertouch objects to the Interrogatories on the ground that the third-party action is stayed and thus Interrogatories to or about Hypertouch which seek discovery related to Hypertouch's business and/or unrelated to the mini-trial are improper.

22.     Hypertouch reserves the right to supplement its objections and/or responses to the Interrogatories.

23.     Each of the foregoing General Objections is incorporated into each response below whether or not repeated in each instance.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY No. 1:

For each lawsuit, potential lawsuit, and/or threatened lawsuit concerning alleged, suspected, and/or actual unlawful email involving you and Paul Wagner or BSI in any capacity

(such as a recipient, consultant, ISP, plaintiff) regardless of whether you and Paul Wagner/BSI both were named parties, identify where applicable the location of the court, the name of the court, the case number, the judge(s), the plaintiff(s), the defendant(s)/possible defendant(s), the date when the lawsuit was initiated, how the lawsuit/threatened lawsuit was resolved, and your role and the role of Paul Wagner, BSI and Steve Wagner. Include in your response all lawsuits, potential lawsuits, and/or threatened lawsuits where BSI sued and/or threatened to sue the same parties that you sued and/or threatened to sue, such as World Avenue (see, e.g., World Avenue ECF No. 590) at and Kennedy-Western.

## ORIGINAL RESPONSE TO INTERROGATORY No. 1:

Hypertouch objects to this Interrogatory on the ground that discovery in this case closed in May 2009.

Hypertouch further objects to this Interrogatory on the ground that Connexus has already exceeded the number of interrogatories permitted under the Federal Rules of Civil Procedure.

Hypertouch further objects to this Interrogatory on the ground that it is duplicative and redundant of discovery already previously served in this case by Connexus.

Hypertouch further objects to this Interrogatory on the ground that it is overly broad and unduly burdensome, and not limited to the three issues ordered by the Court to be litigated at the mini-trial per DE 440.

Hypertouch further objects to this Interrogatory on the ground that it is compound, and divided into discrete subparts which are not factually subsumed and necessarily related to the primary question and thus represents multiple interrogatories.

Hypertouch further objects to this Interrogatory on the ground that Hypertouch is a separate corporate entity from BSI, and Hypertouch has no control over or authority to respond on behalf of BSI.

Hypertouch further objects to this Interrogatory on the ground that on July 15, 2011, Judge Day ruled that Hypertouch's business was not an issue for the August World Avenue mini-trial and therefore this Interrogatory seeks discovery beyond what is permissible under the scheduling order.

Hypertouch further objects to this Interrogatory on the ground that it is vague and ambiguous, including as to "potential lawsuit, and/or threatened lawsuit", "concerning alleged, suspected, and/or actual unlawful email", "involving you and Paul Wagner or BSI in any capacity (such as a recipient, consultant, ISP, plaintiff)", "how the lawsuit/threatened lawsuit was resolved", and "your role and the role of Paul Wagner, BSI and Steve Wagner."

Hypertouch further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Hypertouch further objects to this Interrogatory on the ground that it seeks documents protected from disclosure by the attorney-client privilege and/or the attorney work product doctrine.

Hypertouch further objects to this Interrogatory on the ground that it seeks information that is confidential, subject to a protective order, and/or which the Court limited to use in the World Avenue Litigation only.

Hypertouch further objects to this Interrogatory on the ground that the requested information is, at least in part, in Connexus's possession and/or publicly available to Connexus.

7

Hypertouch further objects to this Interrogatory to the extent it seeks information that is not in Hypertouch's possession, custody, or control.

Subject to and without waiving the foregoing objections, Hypertouch states as follows: The extraordinary breadth of this Interrogatory, especially in light of the limited mini-trial issues this Court has ordered, requires that the Court provide the parties guidance. The parties are presently engaged in briefing the Court on the scope of the mini-trial issues, with BSI's opening brief due to be submitted on November 18, 2011. Until the Court rules on the contours of the elements of the statutes at issues and the mini-trial issues, Hypertouch cannot reasonably respond to this Interrogatory, and thus objects for the reasons stated above, including but not limited to that the Interrogatory is vague, ambiguous, and overbroad. Hypertouch expressly reserves the right to amend and/or supplement this response.

**SUPPLEMENTAL RESPONSE:**

Information responsive to this Interrogatory in the table reflecting the litigation history of both BSI and Hypertouch has already been produced to Defendants.   *See* Exh. 1, Steve Wagner Dep., World Avenue, document beginning at BSI0044488.   Hypertouch continues to stand by its objections, including its objection that the Interrogatory is vague, ambiguous, and overly broad in seeking information concerning "potential" and/or "threatened" litigation and "your role and the role of Paul Wagner, BSI, and Steve Wagner."   Subject to these objections and all other previously made objections, Hypertouch provides the following supplemental response:

Because of the sophisticated measures that spammers engage in in an attempt to disguise their identity, evade spam countermeasures, and prevent their being tracked, the investigation required to successfully prosecute claims concerning unlawful email messages sent to it by the spammers (including Defendants' affiliates) is extremely burdensome and difficult.  *See*

8

Plaintiff's Opposition to Motion for Relief Pursuant to Federal Rule of Civil Procedure 27(c), Exh. 1, Decl. of Paul A. Wagner (ECF No. 170).  As stated in that Declaration, spammers such as Connexus can own thousands of domains, often under anonymous registrations, and determining which domains are associated with particular spammers therefore requires substantial research and investigation.  In some cases, proving that a particular email is actionable may involve demonstrating that the spammer falsely used a particular domain name in transmitting the message, and this investigation is likewise time consuming.

        While larger ISPs might have sufficient resources to conduct such investigations internally, smaller ISPs like Hypertouch and BSI face an immense burden in conducting the analysis necessary to hold the spammers who flood their networks with unlawful email accountable under laws that prohibit the sending of false, deceptive or misleading commercial email, making cooperation all but essential.  Consistent with Hypertouch's status as an ISP to ISP service partner of BSI's, both entities have in many cases received similar spam from the same spammer, including Defendants and their affiliates, and both BSI and Hypertouch have an interest in investigating this spam and endeavoring to stop it at its source.  In the course of each company's research, both Joe Wagner and Paul Wagner have obtained knowledge and developed methodologies useful in linking particular domains to spammers and thereby making it possible to attribute spam to a particular defendant.  In light of this, Paul Wagner and Joe Wagner have periodically "consulted" with each other with respect to litigation by sharing information and search terms relevant to identifying spam, assessing the falsity contained therein, and attributing it to particular defendants by researching, among other things, the domains found therein and the click through paths leading to the sender, sponsoring ad network, and/or advertiser.

Steve Wagner has been counsel to Hypertouch since 1999.  Steve Wagner has been counsel to BSI since 1999.  Steve Wagner Dep., World Avenue, 56:16-57:3, Jul. 6, 2011.  In that capacity, he has at times over the intervening years provided counsel to each entity, including with respect to litigation concerning unlawful commercial email.

As Hypertouch objected in its initial response to this Interrogatory, the information sought herein is redundant with information that has already been provided to Defendants in the materials produced in this litigation and obtained in depositions of Paul Wagner, including:

- Paul Wagner Dep. 667:18-671:5, 679:3-680:16, 684:2-685:11, 687:5-688:2, June 5, 2009

- Paul Wagner Dep. 14:6-15:15, 89:13-91:2, 96:15-101:9, May 11, 2009

- Paul Wagner Dep. 379:1-6, 409:4-17, May 1, 2009

- Paul Wagner Dep. 341:12-342:21, June 15, 2009

- James Joseph Wagner Dep., World Avenue, 199:15-201:17, 255:21-257:6, 271:22-273:10, July 8, 2011

- James Joseph Wagner Dep., World Avenue, Exh.'s 11-12, 15, documents beginning at BSI0044121; BSI0044123; BSI0044129

- HYPER000476; HYPER000477; HYPER000509; HYPER000510; HYPER000511

**INTERROGATORY No. 2:**

Identify all persons and entities that received any service from you and Paul Wagner/BSI, including the nature of the service, when each service was provided, and how much each person/entity paid for such service.

AS TO FORM AND OBJECTIONS ONLY

Date: February 10, 2012                           Respectfully submitted,


_____ /s/ _____
Thomas M. Barba (D. Md. Bar No. 28487)            *Of Counsel:*
Roger W. Yoerges (D. Md. Bar No. 14088)
Jeffrey E. McFadden (D. Md. Bar No. 8738)         Stephen H. Ring (USDC-MD Bar No. 00405)
John J. Duffy (D. Md. Bar No. 28613)              Law Offices of Stephen H. Ring, P.C.
STEPTOE & JOHNSON LLP                             506 Main Street, Suite 215
1330 Connecticut Ave., NW                         Gaithersburg, Maryland  20878
Washington, D.C.  20036                           T: 301-563-9249
T: 202-429-3000                                   F: 301-563-9639
F: 202-429-3902                                   shr@ringlaw.us
tbarba@steptoe.com
ryoerges@steptoe.com                              Mike Rothman (USDC-MD Bar No. 14568)
jmcfadden@steptoe.com                             Law Office of Michael S. Rothman
jduffy@steptoe.com                                401 E. Jefferson Street, Suite 201
                                                  Rockville, MD  20850
Anthony A. Onorato (D. Md. Bar No. 28622)         T: 301-251-9660
STEPTOE & JOHNSON LLP                             F: 301-251-9610
750 Seventh Avenue                                mike@mikerothman.com
New York, NY  10019
T: 212-506-3900                                   *Counsel for Plaintiff Beyond Systems, Inc.*
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of February, 2012, the foregoing HYPERTOUCH, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CONNEXUS CORP.'S FIRST SET OF INTERROGATORIES CONCERNING MINI-TRIAL ISSUES was served via Federal Express on the below-named parties:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
(202) 434-1613 (Telephone)
(202) 434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Suite 1330
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com

*Counsel for Defendants Kraft Foods
Inc., Kraft Foods Global, Inc. and Vict.
Th. Engwall & Co., Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus
Corp.*

          /s/
Jennifer M. Newton

36

## VERIFICATION

I, James Joseph Wagner, declare and state:

I am President of HYPERTOUCH, INC. and am authorized to sign this verification as to

HYPERTOUCH, INC.'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO

CONNEXUS CORP.'S FIRST SET OF INTERROGATORIES CONCERNING MINI-TRIAL

ISSUES in the case of *Beyond Systems, Inc. v. Kraft Foods, Inc.*, et al, Case No. 08-CV-00409

(PJM)(CBD), filed in the United States District Court for the District of Maryland.

All matters set forth herein are within my personal knowledge, and I am the only person

at Hypertouch, Inc. who has knowledge of all such matters.  The information contained within

these responses is drawn from pertinent business records and from my own knowledge and

information, and based thereon I believe the information contained in these responses is true and

correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.  Executed on February 10, 2012 in Lowell, Massachusetts.


_____
James Joseph Wagner