IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BEYOND SYSTEMS, INC.** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 08-409** |
| | * | |
| **KRAFT FOODS, INC., et al.** | * | |
| | * | |
| Defendants. | * | |

## ORDER

Upon consideration of Plaintiff Beyond Systems, Inc.'s Motion to Strike Affirmative Defenses Related to "ISP" Standing and for Alternative Relief [Paper No. 452] and Defendants Connexus Corp. and Kraft Foods, Inc.'s Opposition thereto, it is, for the reasons stated on the record on March 14, 2012

**ORDERED**

1. Beyond Systems, Inc.'s Motion to Strike Affirmative Defenses Related to "ISP" Standing and for Alternative Relief [Paper No. 452] is **DENIED**;

2. The jury, acting in either an advisory capacity or on the merits, as will be decided by the Court in due course, shall return verdicts on the issues presented at the mini-trial;

3. Beyond Systems, Inc. (hereinafter "BSI") shall promptly send a request for admissions to Connexus Corp. and Kraft Foods Inc. (hereinafter "Defendants") regarding those elements of its status as an "interactive computer service provider" under the Maryland Commercial Electronic Mail Act, Md. Code. Ann., Com. Law §§ 14-3001 *et seq.*, and an

"electronic mail service provider" pursuant to the California Business and Professions Code §§ 17529.1 *et seq.*, that it believes are required to state a claim upon which relief can be granted. Defendants shall respond in the ordinary course;

4. With respect to the mini-trial, the first phase will be limited to whether BSI satisfies the requirements of an "interactive computer service provider" under Maryland law and an "electronic mail service provider" under California law, according to BSI's theory of those requirements. Counsel shall make opening and closing statements in the first phase, and the jury will return a special verdict as to whether BSI has satisfied the requirements;

5. During the second phase of the mini-trial, which shall commence immediately after the first is concluded, the same jury will consider Defendants' theory of the case as to whether BSI has (1) established itself as an "interactive computer service provider" and "electronic mail service provider" under Maryland and California law, and (2) is a resident of the state of Maryland within the meaning of the Maryland Commercial Electronic Mail Act. Counsel shall make opening and closing statements in the second phase, and the jury will return special verdicts as to whether BSI has satisfied those requirements.

6. In determining whether BSI is an "interactive computer service provider" and "electronic mail service provider" under Maryland and California law,

the jury may consider the following non-exhaustive factors relative to BSI's operations:

i. Sources of revenues (litigation vs. non-litigation revenues),

ii. Time spent on litigation endeavors versus other alleged business activities,

iii. Number of anti-spam and similar lawsuits (i.e., junk-fax suits) filed,

iv. Customer base and how BSI acquired those customers,

v. Marketing efforts,

vi. Types of services provided,

vii. Location and type of offices (use of residences vs. use of leased/owned commercial office space),

viii. Organization and configuration of computer equipment,

ix. Types and uses of software used to deliver/transfer emails,

x. Existence or non-existence of privacy policies, terms of service, and customer agreements,

xi. Hiring and use of employees,

xii. Bookkeeping and billing practices,

xiii. Accounting practices,

xiv. Implementation of security/fire prevention methods,

xv. Use of "wildcard" email addresses,

xvi. Reasons for email archiving,

    xvii. Efforts to prevent or stop receipt of alleged spam (i.e., use of spam filters and blocking efforts),

   xviii. Customer complaints,

     xix. The nature of the relationship between BSI and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc., including:

1. How and why James Wagner/Hypertouch, Inc. forwards or routes emails to Paul Wagner/BSI,

2. How and why James Wagner/Hypertouch, Inc. forwards/routes emails to others in the same manner as James Wagner/Hypertouch, Inc. forwards/routes emails to Paul Wagner/BSI,

3. Efforts by Paul Wagner/BSI and James Wagner/Hypertouch, Inc. to bring lawsuits involving alleged unlawful emails,

4. All lawsuit coordination activities, including joint defense and joint representation agreements,

5. Internet Service Provider services provided by Paul Wagner/BSI to James Wagner/Hypertouch, Inc.,

6. Payments by Paul Wagner/BSI to James Wagner/Hypertouch, Inc. for Internet Service Provider services,

       7. Internet Service Provider services provided by James Wagner/Hypertouch, Inc. to Paul Wagner/BSI;

       8. Payments by James Wagner/Hypertouch, Inc. to Paul Wagner/BSI for Internet Service Provider services, and

       9. Exercise of dominion and control over hypertouch.com;

7. In determining whether BSI is a resident of the State of Maryland for purposes of the Maryland Commercial Electronic Mail Act, the jury may consider the following non-exhaustive factors as to BSI:

    i. Office locations and types (e.g., mailbox vs. storefront), and corresponding zoning laws (e.g., residential, business),

    ii. Physical locations from which BSI directs, controls, and coordinates its Internet Service Provider activities and other business activities,

    iii. Compliance with applicable license and zoning requirements,

    iv. The physical locations from which BSI officers/employees control, direct, and coordinate BSI business activities,

    v. The physical locations of BSI computer equipment used for Internet Service Provider purposes,

    vi. Locations from which BSI accesses computer equipment used for Internet Service Provider purposes,

    vii. Addresses used in domain name registrations,

    viii. Amount of time BSI employees/officers are physically present in Maryland conducting BSI business, and

        ix. Amount of time BSI employees are physically present outside of Maryland conducting BSI business;

8. The Pre-Trial Conference has been set for June 14, 2012. The parties shall comply with Local Rule 106, as modified by the Court's Order in Docket Number 440, in preparing for that Conference.

                                                                             /s/
                                        **PETER J. MESSITTE**
                              **UNITED STATES DISTRICT JUDGE**

**March 19, 2012**