IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., | : |
| Plaintiff, | : Case No. 8:08-CV-00409-PJM |
| v. | : The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | : Magistrate Judge Charles B. Day |
| Defendants. | : |

**DEFENDANT CONNEXUS CORP.'S MOTION TO CONFIRM AND ENFORCE THE COURT'S ORDER
ON GREENBERG TRAURIG DEPOSITION AND FOR RELATED RELIEF**

Defendant Connexus Corp. requests an order confirming this Court's ruling from the bench during the March 2, 2012 hearing, that Greenberg Traurig must appear for a deposition concerning its return <u>and</u> destruction of documents relevant to the June 2012 Mini-Trial. The specific deposition topics and related document requests Connexus will serve with a subpoena *duces tecum* are attached hereto as Exhibit 1. Connexus files this motion now because, as shown below, Greenberg Traurig indicated it will not respond to certain questions during the deposition Connexus is attempting to schedule.

Good cause exists to grant Connexus's motion. Consistent with statements made by this Court during the March 2 hearing, Connexus understands that it has been given "the keys to th[e] kingdom" to depose Greenberg Traurig concerning the return and destruction of documents relevant to the June 2012 Mini-Trial so that it has "the ability to determine that what it received or has not received is still out there. And if not, then who is responsible for its disappearance." Despite this Court's statements and the obvious goal of its ruling, Greenberg Traurig argues that the Court restricted the scope of the deposition to only documents returned by Greenberg Traurig

to Plaintiff Beyond Systems, Inc. ("BSI") and has made clear its representative will not answer questions regarding destruction of documents. Greenberg Traurig also indicated that, without a court order or BSI's agreement, it will not answer any questions reflecting communications with BSI and its sister company Hypertouch related to the destruction of relevant documents on the ground that such discussions occurred during settlement discussions. BSI will not agree and contends that allowing Connexus to proceed with the deposition and this motion would result in a "complete and utterly baseless sideshow." (Ex. 4, M&C Email Chain.)

In this instance, there is no practical difference between the return of documents and the destruction of documents. Both actions rendered it impossible for Connexus to verify the completeness of BSI's discovery productions, and discovery concerning both are necessary to allow Connexus to perform such a verification. Thus, limiting the deposition to questions regarding the return of documents would defeat the Court's stated purpose for the deposition by eliminating a substantial amount of relevant information respecting the disposition of documents relevant to the June 2012 Mini-Trial.

Connexus is entitled to seek discovery concerning whether BSI and Hypertouch requested, demanded, or otherwise communicated about the destruction and return of relevant documents, as these facts are inextricably intertwined with the issues at hand. There is no dispute that Greenberg Traurig destroyed and returned documents relevant to the Mini-Trial. If Connexus, as it believes it can do and to a large extent has already done, establishes that Greenberg Traurig destroyed documents in response to demands from BSI and Hypertouch, then Connexus is entitled to seek an appropriate remedy at trial against BSI and Hypertouch. Connexus must, as the Court phrased it, "we get to the bottom of this problem," determine the appropriate remedy and present it to the trial judge. It can only do so by first seeking full

discovery from a neutral third party – here Greenberg Traurig – so that the record can be fully developed.  And, the Court should not prevent Connexus from discovering these facts merely because they occurred during settlement discussions, especially where, as here, the facts regarding the destruction of relevant documents occurred while BSI knew that Connexus would need such documents for this case.  Otherwise, any party could prevent its adversary from discovering facts regarding destruction of evidence by merely cloaking those facts in the guise of settlement discussions.

For these reasons and those set forth in the Memorandum of Law below, Connexus's motion should be granted.  Connexus submits its LR 104.7 certification herewith.

## **MEMORANDUM OF LAW**

On March 2, 2012, this Court conducted a hearing on various discovery motions related to Connexus's efforts to obtain discovery via subpoenas respecting Greenberg Traurig's destruction and return to BSI of documents concerning the June 2012 Mini-Trial in this case. During that hearing, Greenberg Traurig admitted that it destroyed some documents in August 2011 after receiving notice of the subpoenas on May 16, 2011 while this case was stayed. (Ex. 2, 5/16/11 A. Rothman/S. Saunders Email; Ex. 3, 3/2/12 Hrg. Trans. at 23:19-24:15.)  In addition, Greenberg Traurig admitted that it returned documents to BSI after Connexus served the subpoenas. (Ex. 3, 3/2/12 Hrg. Trans. at 24:19-25:25.)  As a result, the Court then ordered Greenberg Traurig to appear for a deposition so that Connexus could determine whether BSI's production of documents to Connexus in this case is complete:

> The problem right now is that to the extent that there [are] questions about what is missing, what has been destroyed, Connexus is in a spot where World Avenue is pointing the finger at BSI and BSI very may well point the finger back at World Avenue.  I am not saying that that is happening, but when the cookies come up missing, if there is more than one kid in the house, it wasn't me, it wasn't me, the famous it wasn't me person, and it should not be on Connexus.

\* \* \*

Well, it very well may be that Connexus is going to be able to get some answers pursuant to the court order. That is, we didn't have this, never had it. We had that, but we destroyed it before the subpoena arrived, or after the subpoena arrived, we sent it over to BSI. And the rest of the stuff – the rest of the conflict may be resolved as we get through the motion to compel thicket. I don't know. But there is going to be a little extra pain still until you all – until we get to the bottom of this problem.

\* \* \*

But Connexus still needs the ability to determine that what it received or has not received is still out there. And if not, then who is responsible for its disappearance? So Connexus needs to depose someone from your shop, Mr. Saunders. They will have the keys to that kingdom.

(Ex. 2, 3/2/12 Hrg. Trans. at 45:12-17; 50:2-10: 50:20-51:3.)

Based on the above and other statements at the hearing, Connexus contends that the Court ordered Greenberg Traurig to appear for a deposition to address the return and destruction of documents relevant to the Mini-Trial. By contrast, Greenberg Traurig understands that this Court limited the scope of the deposition to only the return of relevant documents and not the destruction of such documents. In fact, the information regarding the return of documents and information regarding the destruction of documents are two critical components necessary to accomplish one goal—allowing Connexus to piece together whether BSI's production is complete, and determine what documents are missing and who is responsible for their disappearance. Connexus is entitled to discovery on these issues for the following reasons.

First, allowing Connexus to depose Greenberg Traurig concerning the return of documents while prohibiting it from obtaining facts relevant to the destruction of documents would defeat the Court's stated purpose of the deposition. There is no dispute that World Avenue – apparently at BSI's insistence – destroyed some documents after Connexus put Greenberg Traurig on notice that Connexus would seek such documents via subpoenas and

returned others after Connexus served the subpoenas. (Ex. 2, 5/16/11 A. Rothman/S. Saunders Email; Ex. 3, 3/2/12 Hrg. Trans. at 23:19-24:15; 24:19-25:25.)  There is also no dispute that the destruction of relevant documents occurred while Greenberg Traurig – and more importantly BSI – knew that Connexus would need them for its case. (Ex. 2, 5/16/11 A. Rothman/S. Saunders Email; ECF No. 424-7; ECF No. 441-2 at 135; ECF Nos. 424-8 at 2-5; 441-2 at 132-136.)  And, there is no dispute that the destruction and return of documents left Connexus powerless to verify the completeness of BSI's (and Hypertouch's) document productions. (Ex. 3, 3/2/12 Hrg. Trans. at 45:12-17; 50:2-10: 50:20-51:3.)  Connexus must depose Greenberg Traurig concerning the return and destruction of documents including why the documents were destroyed so that Connexus, as the Court phrased it, can "get to the bottom of this problem" and not just part of the problem.

Second, fact discovery remains open in this case.  FRCP 26(b)(1) expressly permits discovery concerning "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  While the parties may dispute whether this Court expressly granted Connexus the right to depose Greenberg Traurig concerning the destruction of documents, there can be no dispute that the Court did not prohibit Connexus from taking deposition discovery within the scope of FRCP 26(b)(1) which, here, includes the destruction of relevant documents. Thus, Connexus would be entitled to depose Greenberg Traurig about the destruction of documents in all events.

Third, Greenberg Traurig's contention that facts related to its destruction and return of documents occurred during settlement negotiations does not preclude Connexus from obtaining facts relating to document destruction.  Under this logic, Greenberg Traurig – and more

importantly BSI – could shield and prevent material information concerning the destruction of relevant evidence merely by cloaking such information in the guise of "settlement discussions." As Connexus demonstrated in its briefs leading up to the hearing, Connexus is entitled to learn facts through discovery respecting the return and destruction of documents irrespective of whether they related to settlement discussions. (ECF No. 441-2 at 10-13.)

Fourth, it makes no difference whether Greenberg Traurig destroyed some documents while on notice of the subpoenas as opposed to after receiving the subpoenas. FRCP 26(b)(1) does not differentiate between notice and receipt of subpoenas for discovery purposes. Further, the Court should not penalize Connexus because it acted diligently to obtain the requested information including months before the case settled:

- May 16, 2011: Connexus put Greenberg Traurig on notice that it would seek documents via subpoenas in the event Connexus needed to do so (*e.g.,* if the BSI/World Avenue case settled). (Ex. 2, 5/16/11 A. Rothman/S. Saunders Email.) Connexus could not serve subpoenas on May 16 because the Court stayed this case. (ECF No. 419.)

- August 5, 2011 (at the latest): World Avenue settled the BSI/World Avenue Litigation. (WA ECF No. 767.)

- August 18, 2011: Connexus affirms that it will issue subpoenas seeking documents relevant to this litigation. (ECF No. 424-7.) This case remained stayed.

- August 23, 2011: Connexus informed Greenberg Traurig and BSI that it would issue subpoenas and asked for confirmation that no documents would be destroyed. (ECF No. 441-2 at 135.)

- August-September, 2011: Connexus continues its efforts to ascertain the disposition of documents and filed a motion to lift the stay in this case. (*See, e.g.,* ECF Nos. 424-8 at 2-5; 441-2 at 132-136.)

- September 19, 2011: Court lifts stay in this case during a telephonic hearing.

- September 27, 2011: Connexus serves the World Avenue and Greenberg Traurig subpoenas. (ECF No. 441-2 at 24-51.)

Finally, in response to Connexus's request that BSI meet and confer about this motion, BSI's counsel stated "We have no interest in discussing this with you and every interest – if you insist on wasting our time with yet another motion – in pointing out to Magistrate Judge Day what a complete and utterly baseless sideshow this is." (Ex. 4, Meet and Confer Email Chain.) Connexus has already demonstrated, and the Court has already ruled, that Connexus is entitled to discover the extent to which Greenberg Traurig and its client World Avenue destroyed relevant documents, whether at BSI's behest or otherwise.  There is no reason to burden the Court by repeating those arguments. (*See* ECF No. 441-2 at 14-15.)  Connexus will, of course, explain its reasons in a supplemental filing should the Court order Connexus to do so.

For these reasons, the Court should enter an order requiring Greenberg Traurig to appear for a deposition concerning its return <u>and</u> destruction of documents relevant to the June 2012 Mini-Trial.  The specific deposition topics and related document requests are attached hereto as Exhibit 1.

                                               Respectfully submitted,

Dated:  April 10, 2012                                    /s/
                                                         J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C.  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of April, 2012, a copy of the foregoing *Defendant Connexus Corp.'s Motion to Confirm and Enforce the Court's Order on Greenberg Traurig Deposition and for Related Relief* was filed electronically in accordance with the Court's CM/ECF procedures, and served electronically on the below-named parties by the Court's electronic notification system:

Thomas M. Barba
John J. Duffy
Jeffrey E. McFadden
Roger W. Yoerges
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
tbarba@steptoe.com
jduffy@steptoe.com
jmcfadden@steptoe.com
ryoerges@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY  10036
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, MD  20878
shr@ringlaw.com

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
mike@mikerothman.com

*Counsel for Plaintiff BSI, Inc.,
Joe Wagner/Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street, N.W.
Suite 800
Washington, D.C.  20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
ROESER BUCHEIR & GRAHAM LLC
20 N. Wacker Drive
Suite 1330
Chicago, IL  60606
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc.
& Vict. Th. Engwall & Co.*

                    /s/
Ari N. Rothman