# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| ) | |
| KRAFT FOODS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| CONNEXUS CORP., *et al.*, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES JOSEPH WAGNER, *et al.*, ) | |
| ) | |
| Third-Party Defendants. ) | |

### PLAINTIFF BEYOND SYSTEMS, INC.'S OPPOSITION TO DEFENDANT CONNEXUS CORP.'S MOTION FOR PROTECTIVE ORDER CONCERNING MAILCOMPANYX DISCOVERY

Plaintiff Beyond Systems, Inc. ("BSI"), files this opposition to Defendant Connexus Corp.'s ("Connexus") Motion for a protective order concerning MailCompanyX discovery (DE # 499). Defendant's Motion should be denied.

### ARGUMENT

Defendant's motion to exclude the report of one of Plaintiff's experts, David Shin (attached to Defendant's motion at DE # 499-4), misconstrues the purpose of Shin's testimony. Defendant's motion is premised on the repeated argument that "BSI seeks to use the MailCompanyX computer files and its expert David Shin to inject into the Mini-Trial the issue of

1

whether Connexus is liable to BSI for emails that MailCompanyX allegedly sent to BSI." That is not the purpose for which BSI intends to use Mr. Shin's testimony. Indeed, BSI agrees that whether Connexus is liable for emails MailCompanyX sent to BSI is not relevant to the issues scheduled to be tried during the June 2012 Mini-Trial. Shin is not, however, going to testify about liability; rather, his testimony about the emails in the MailCompanyX database is intended to rebut Defendants' position that BSI affirmatively sought out unwanted spam emails, one of the factors that the Court has identified as potentially relevant during Phase II of the upcoming mini-trial. BSI does not agree, as the Court appreciates, that BSI's alleged use of so-called "spam traps" is relevant to BSI's eligibility to be a plaintiff under the Maryland and California anti-spam laws. But Defendants do, and their own words make that indisputable:

- "The facts and circumstances in this case are that BSI and Hypertouch deploy spam traps." *See* Ex. 1, Excerpt of Expert Report of Willis Marti, served on counsel for Plaintiff on April 9, 2012.

- "The Wagner brothers set up a daisy-chain operation where both BSI and Hypertouch would troll for email using spam traps . . . ." Kraft Defendants' Response to BSI's Motion to Strike (DE # 455).

- "Put another way, the email addresses are 'spam traps' set up by BSI to collect as much alleged UCE as possible." Kraft Defendants' Reply In Support of Motion for Summary Judgment (DE # 327).

- "Among other things, Paul Wagner/BSI deployed 'spam traps' to capture as much email as possible by creating email accounts that have no corresponding end user . . . ." Defendants' Motion for Summary Judgment (DE # 257).

- "BSI consented to receive the emails over which it sues, inter alia, by setting "'spam traps' and agreeing to receive emails from Joe Wagner/Hypertouch." Defendants' Motion for Stay and Protective Order Pending Resolution of Dispositive Motion (DE # 263).

- "Were they [BSI] running deliberate spam traps?" *See* Ex. 2, Question by Counsel for Connexus during Deposition of John C. Klensin, September 24, 2009.

- "How would we be able to tell in this case based on the information that has been presented, whether or not plaintiff set up a spam trap, using your definition?" *See* Ex. 3, Question by Counsel for Connexus during Deposition of Peter W. Resnick, October 14, 2009.

- "A honeypot is a system designed to attract and collect malicious activity." *See* Ex. 4, Initial Expert Report of Dr. Neal Krawetz, March 31, 2010.

If Defendants are going to make this an issue, then Plaintiff is entitled to rebut it, and *that* is what Shin's report does.

In Section F of his report, Shin did a search for various domain names in the MailCompanyX database, a database owned by Sebastian Barale, a notorious spammer. The results of his search in table form are reproduced below:

| Domain Name | Number of Email Addresses Found on the Barale Server | MySQL Search Query |
|---|---|---|
| Venable.com | 502 | select * from mail.MasterList where email like '%Venable.com' |
| Perkinscoie.com | 1,002 | select * from mail.MasterList where email like '%Perkinscoie.com' |
| Hypertouch.com | 854 | select * from mail.MasterList where email like '%Hypertouch.com' |
| Kraft.com | 3,101 | select * from mail.MasterList where email like '%Kraft.com' |

These results show hundreds of email addresses belonging to Defendants' law firms, as well as email addresses that belong to BSI (those using the "hypertouch.com" domain), that "somehow found their way" into Barale's database. Assuming that Defendants' law firms are not themselves using spam traps, a reasonable inference can be drawn by the fact-finder in this case that spammers such as Barale obtain these email addresses through nefarious means, not because they are affirmatively planted in Barale's database by BSI. Shin's mini-trial report supports that very important fact. As Shin states in his rebuttal to Defendant's expert "to the extent Mr. Marti asserts that those [BSI-owned] domains/email addresses are present on the server as a result of affirmative action by BSI, I see no evidence of that." *See* Ex. 5. In short, Shin's report (and thus his testimony) directly rebuts one of Defendants' principal assertions in this case.

## Conclusion

BSI has no intention of using Shin during the mini-trial testify on issues of liability or damages, and there is thus no reason for Defendants to have to "present trial evidence on tens of thousands of individual emails" at the mini-trial. BSI will use Shin to rebut the Defendants' argument that BSI is not entitled to "bona fide ISP status" because it acted inappropriately in some fashion in receiving Connexus' spam, and, as such, there is no basis to exclude or strike his report.

Date:  April 26, 2012                                   Respectfully submitted,

        /s/                                        *Of Counsel:*
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)          Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey E. McFadden (D. Md. Bar No. 8738)        Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)             506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                            Gaithersburg, Maryland  20878
1330 Connecticut Ave., NW                        T: 301-563-9249
Washington, D.C.  20036                          F: 301-563-9639
T: 202-429-3000                                  shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com                               Mike Rothman (USDC-MD Bar No. 14568)
ryoerges@steptoe.com                             Law Office of Michael S. Rothman
jmcfadden@steptoe.com                            401 E. Jefferson Street, Suite 201
jduffy@steptoe.com                               Rockville, MD  20850
                                                 T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)        F: 301-251-9610
STEPTOE & JOHNSON LLP                            mike@mikerothman.com
1114 Avenue of the Americas
New York, NY  10036                              *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and
Third-Party Defendants James Joseph Wagner
and Hypertouch, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of April, 2012, the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER CONCERNING MAILCOMPANYX DISCOVERY was served via the Court's CM/ECF system on the below-named parties:

| | |
|---|---|
| Barry J. Reingold<br>John M. Devaney<br>John K. Roche<br>PERKINS COIE LLP<br>607 14th Street NW, Suite 800<br>Washington, D.C. 20005-2003<br>(202) 434-1613 (Telephone)<br>(202) 434-1690 (Facsimile)<br>jroche@perkinscoie.com<br>breingold@perkinscoie.com<br>jdevaney@perkinscoie.com | J. Douglas Baldridge<br>Lisa Jose Fales<br>Ari N. Rothman<br>VENABLE LLP<br>575 7th Street NW<br>Washington, D.C. 20004<br>(202) 344-4000 (Telephone)<br>(202) 344-8300 (Facsimile)<br>jdbaldridge@venable.com<br>ljfales@venable.com<br>anrothman@venable.com |
| Darrell J. Graham<br>ROESER, BUCHEIT & GRAHAM LLC<br>20 N. Wacker Dr., Ste. 1330<br>Chicago, IL 60606<br>(312) 922-1200<br>dgraham@rbglegal.com | *Counsel for Defendant Connexus Corp.* |
| *Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.* | |

                                                      /s/
                                          Jennifer M. Newton