**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 8:08-CV-00409-PJM |
| | ) | |
| KRAFT FOODS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**NON-PARTY GREENBERG TRAURIG'S RESPONSE TO CONNEXUS CORP.'S**
**MOTION TO CONFIRM AND ENFORCE THE COURT'S ORDER ON GREENBERG**
**TRAURIG DEPOSITION AND FOR RELATED RELIEF**

Non-party, Greenberg Traurig, LLP ("GT"), pursuant to Fed. R. Civ. P. 26(c) and 45, hereby responds to Defendant, Connexus Corp.'s ("Connexus") Motion to Confirm and Enforce the Court's Order on Greenberg Traurig Deposition and For Related Relief [ECF# 500]. In support thereof, GT states:

## I.  INTRODUCTION

The Court granted Connexus the opportunity to depose GT on the limited issue of what Beyond Systems, Inc. ("BSI") confidential materials were returned to BSI pursuant to the Protective Order [DE 94, p. 7, ¶ 7 and DE 97] and Settlement Agreement so that Connexus can "have some ability to determine what has been produced [by BSI] and whether that has been fully compliant."  Mar. 2 Hearing Transcr. p. 46:1-5, attached as Ex. 1.  On the issue of disclosure of the Settlement Agreement, the Court unequivocally found that  the agreement itself is not "reasonably calculated to lead to the discovery of admissible evidence" and limited disclosure of its terms to the financial payments paid or payable to BSI and any other payee. *Id.*

p. 43:8-22.  Now, Connexus seeks to depose GT on broader issues.  Non-party GT disagrees with Connexus' broad interpretation of the Court's Order regarding the GT deposition and opposes the expansion of the Connexus subpoena.

In particular, Connexus seeks to depose GT on (a) all documents transmitted and destroyed (*see* categories 1-4 of the Deposition Topics, ECF 500-2); (b) the settlement discussions related to the destruction and return of the confidential materials (*see* categories 5, 6 and 8 of the Deposition Topics, ECF 500-2); and (c) discussions regarding the negotiation and implementation of the Protective Order (*see* category 7 of the Deposition Topics, ECF 500-2). However, Connexus fails to demonstrate why the Court should exercise its discretion and order a non-party law firm, whose client settled parallel litigation with BSI more than eight months ago, to disregard the confidentiality of the Settlement Agreement endorsed by the Court [DE 769] and appear for a deposition on information, in part, that just as easily could be provided by BSI. Connexus does not argue, because it cannot, that the issue of alleged destruction of BSI's confidential materials is relevant to the subject matter of the June 2012 Mini-Trial or how it is reasonably calculated to lead to the discovery of admissible evidence.  While GT is willing to appear at a mutually agreeable time for the Court ordered deposition on the issue of what BSI confidential materials were returned pursuant to the Protective Order and the Settlement Agreement, it seeks the Court's protection from a broader deposition.

Further, GT proposes that before Connexus conducts a deposition regarding what GT believes it returned to BSI, Connexus should inspect the boxes that GT sent BSI.  BSI has represented to GT that the boxes remain intact and that no materials have been removed or altered.  BSI has also agreed to allow Connexus to inspect the contents of the boxes.  By inspecting the contents, Connexus can accomplish its goal of determining with certainty what

was received or has not received from BSI and is still available, if anything. Connexus' Motion at pp. 1, 4. The GT deposition could then be focused, consistent with the Court's Order, on any questions regarding the specific documents returned. As noted above, BSI has agreed to allow Connexus to inspect the contents and Connexus has contacted BSI directly to schedule the inspection. *See* Ex. 2, Apr. 24 - 26 Saunders - McFadden - Markowska email exchange. Since Connexus will have unlimited access to the boxes, the need for and the scope of the GT deposition should be narrowed, not expanded from the Court's original decision - the identification of  BSI confidential materials returned pursuant to the Protective Order entered in the World Avenue litigation.

## II.   ARGUMENT

   1. **The Broad Scope of Connexus'** ***Duces Tecum*** **Subpoena Is Not Relevant to The June 2012 Mini-Trial Nor Reasonably Calculated to Lead to the Discovery of Admissible Evidence and Thus Is Non-Discoverable**

Connexus seeks to depose GT on discussions that took place during the settlement negotiations with BSI. Federal Rule of Evidence 408 by its terms renders settlement negotiations inadmissible except under circumstances not argued by Connexus to be applicable here. Connexus argues that the issue of discovery of BSI's confidential materials pursuant to the Protective Order and Settlement Agreement is relevant because it will allow "Connexus to piece together whether BSI's production is complete, and determine what documents are missing and who is responsible for their disappearance." Connexus' Motion at p. 4. Putting aside this argument's assumption that something is really missing, this Court previously rejected Connexus' request to compel production of the Settlement Agreement in its entirety. Instead the Court directed that GT disclose the settlement amount and the payees. *See supra* at 1. Connexus

has failed to identify why the Court should modify its prior ruling and allow it to take discovery of other settlement terms and the negotiations surrounding them.

The general rules regarding the scope of discovery are grounds for denying Connexus' expanded approach. Because the settlement materials are inadmissible themselves, they are only discoverable under the Federal Rule of Civil Procedure 26(b)(1) if they are relevant or reasonably calculated to lead to the discovery of other evidence that would be admissible at trial. *Equal Rights Ctr. v. Archstone-Smith Trust*, 251 F.R.D. 168, 170 (D. Md. 2008). The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which limits discovery to "any matter, not privileged, that is relevant to the claim or defense of any party." This language was intended to narrow the scope of discovery and limit it to the claims and defenses raised in the pleadings. *Datascope Corp.*, 2007 WL 1450367 at *1. The Rule allows for broader discovery of matters relevant to the subject matter of the action upon a showing of good cause by the moving party. Connexus fails to articulate good cause or how expanding the scope of the GT deposition would shed light on any discoverable evidence. Thus, any settlement discussions regarding the destruction of BSI's confidential materials pursuant to the Protective Order and the Settlement Agreement, as well as the issue of the negotiation two years earlier during the World Avenue Litigation of the Protective Order entered by the Court, are not discoverable on the grounds that they are not relevant to the issues of June 2012 Mini-Trial.

Furthermore, Connexus fails to demonstrate *how* the information it seeks is reasonably calculated to lead to the discovery of admissible evidence. *Archstone-Smith Trust*, 251 F.R.D. at 171. It argues that deposing GT regarding settlement discussions will allow it to (1) "get to the bottom of this problem," (2) "fact discovery remains open in this case" and destruction of BSI's confidential materials pursuant to the Protective Order and the Settlement Agreement is

within the scope of Fed. R. Civ. P. 26(b)(1), and (3) it "is entitled to learn facts through discovery respecting the return and destruction of documents irrespective of whether they relate to settlement discussions."[1]   Connexus Motion at pp. 4-6.   These points are conclusory arguments, and this Court has rejected "conclusory assertions of relevance" in holding that settlement related documents and information were not subject to discovery. *See Johns Hopkins Univ. v. Datascope*, No. WDQ-05-0759, 2007 WL 1450367, at \*2 (D. Md. May 16, 2007). Thus, it should do so again here.[2]  *See Archstone-Smith Trust*, 251 F.R.D. at 172.

Therefore, the Court should deny Connexus' request to depose GT on the issue related to the destruction of BSI's confidential materials and settlement discussions related to this or any other issue.[3]

### 2.   Information Sought By Connexus Is Obtainable Through a Less Burdensome and Expensive Source and the Burden and Expense Outweighs Its Likely Benefits

GT extensively prepared for the scheduled Mini-Trial, while simultaneously negotiating settlement of the *BSI v. World Avenue* litigation, only to be dragged into a discovery dispute by Connexus.  As the Court previously noted, the cost of same is extensive and is salt in the wound for World Avenue. *See* Ex. 1, March 2 Hearing Transcr. at p. 43:8-22. While the Court allowed

---

[1] As stated during conversations with Connexus' counsel and represented in this filing, GT does not object to being deposed on the issue of return of BSI's confidential materials.  However, an extended ins cope of GT deposition becomes moot because BSI has agreed to produce the returned documents for Connexus' inspection and copying..

[2] The Advisory Committee's notes to the 2000 amendment of Rule 26 make clear that discovery must focus on "the actual claims and defenses involved in the action" and that parties have "no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."  *See* Rule 26, Advisory Committee Notes, 2000 Amendment; *Johns Hopkins Univ. v. Datascope Corp.*, 2007 WL 1450367, at \*1 (D. Md. 2007) (denying the plaintiff's motion to compel given its failure to demonstrate that the requests fall within the scope of discovery under Rule 26) (emphasis added).  Here, the alleged destruction of BSI's confidential materials is not relevant to any of the claims or defenses involved in the action and the June 2012 Mini-Trial.

[3] Judge Messitte already held that the Settlement Agreement is not discoverable when it ordered that the only information to be disclosed is the settlement amount.  The Court ruled that determining what documents still exist is relevant for deposition - not the circumstances of destruction of BSI's confidential documents.  *See* Ex. 1, Hearing Transcr. p. 45:12-14.

discovery regarding existing documents, it did not determine that destruction of documents BSI designated as confidential earlier in the case is relevant to the June 2012 Mini-Trial.  Therefore, the Court should not force World Avenue to endure any more cost than necessary and exercise its discretion pursuant to Rule 26(b)(2)(C) in limiting the discovery Connexus may seek from GT.  *See Thompson v. United States Dept. of Hous. and Urban Dev.*, 219 F.R.D. 93, 98 (D. Md. 2003).

Here, GT offered to appear as directed by the Court to be deposed on the limited issue of the return of BSI's confidential materials.  Connexus can focus the deposition by inspecting the boxes returned to BSI.  BSI has agreed to produce the documents and has represented that nothing has been removed.  Connexus has contacted BSI to schedule the inspection of the context of the boxes.  *See* Ex. 2.  Connexus' access to the content of the boxes undercuts its request to expand the scope of the GT deposition.  Further, any other issue related to the confidential materials produced by BSI can be explored with BSI. *See Carl Zeiss Stiftung v. Zeiss*, 40 F.R.D. 318, 328 (D.D.C. 1966), *aff'd*, 384 F.2d 979 (D.C. Cir. 1967).   Because Connexus will review the documents and materials returned, the information sought by Connexus is clearly obtainable from another, less-onerous source, namely a party to the case, the burden and expense of Connexus' third party discovery demands on GT outweighs its likely benefit.  Therefore, the Court should deny Connexus' Motion to expand the scope of its discovery. *See Archstone-Smith Trust*, 251 F.R.D. at 172.

**WHEREFORE,** Greenberg Traurig, LLP respectfully requests the Court deny Connexus Corp.'s request to depose GT on the issue of the destruction of BSI's confidential materials pursuant to the Protective Order and Settlement Agreement and the settlement discussions related to this issue or the issue of negotiation and enforcement of the Protective Order, and for any further relief that this Court deems just and proper.

Dated:  April 27, 2012

Respectfully submitted,
GREENBERG TRAURIG, LLP

_____/s/_____

Sanford M. Saunders, Jr., Esq.
USDC, MD #4734
saunderss@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
Telephone:  202-331-3100
Facsimile:  202-331-3101