IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., | |
| Plaintiff, | Case No. 8:08-CV-00409-PJM |
| v. | The Honorable Peter J. Messitte |
| KRAFT FOODS, INC., et al., | Magistrate Judge Charles B. Day |
| Defendants. | |

**DEFENDANT CONNEXUS CORP.'S REPLY TO GREENBERG TRAURIG'S OPPOSITION TO MOTION TO CONFIRM AND ENFORCE THE COURT'S ORDER ON GREENBERG TRAURIG'S DEPOSITION AND FOR RELATED RELIEF**

Connexus respectfully files this reply to Greenberg Traurig's Opposition to Connexus's Motion to Enforce this Court's Order on the Greenberg Traurig Deposition and for Related Relief. Plaintiff Beyond Systems, Inc. ("BSI") did not oppose Connexus's motion; thus, only Greenberg Traurig's opposition is at issue.

A.   **Federal Rule of Evidence 408 Does Not Apply Here.**

Greenberg Traurig's argument that FRE 408 precludes Connexus from seeking discovery concerning the destruction of documents relevant to the June 2012 Mini-Trial is wrong for two reasons. First, FRE 408 governs admissibility of certain evidence at trial, not the scope of pretrial discovery. Rather, FRCP 26(b)(1) governs whether Connexus is entitled to discovery concerning the destruction of documents, and the rule's plain language unequivocally entitles Connexus to it:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Thus, Connexus agrees with Greenberg Traurig's later statement that "[t]he scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1)." (ECF No. 503 at 4.)

Second, Connexus does not seek disclosure of the "Settlement Agreement in its entirety." (ECF No. 503 at 3.) Connexus seeks only information concerning the destruction and return of documents relevant to the June 2012 Mini-Trial. If Connexus is missing information because BSI, by way of the BSI/World Avenue Settlement Agreement, required Greenberg Traurig to destroy evidence at a time when BSI knew that Connexus would need such evidence for its case (which appears to have occurred as Connexus already demonstrated), then the applicable portions of the settlement agreement and discussions are discoverable to that limited extent. *Thermal Design, Inc. v. Guardian Building Prods., Inc.*, 270 F.R.D. 437 (E.D. Wis. 2010) ("Most cases find that a settlement agreement is discoverable despite a confidential designation, especially when there is a protective order in place to prevent unauthorized disclosure."); *Am. Guarantee & Liability Ins. Co. v. CTA Accoustics, Inc.*, 2007 WL 1099620, at *4 (E.D. Ky. Apr. 10, 2007) (settlement agreement is discoverable if it is relevant, and "the agreement is not protected from discovery simply because it has been denominated 'confidential' by the parties"); *Conopco, Inc. v. Wein*, 2007 WL 1040676, at *5 (S.D.N.Y. Apr. 4, 2007) ("the simple fact that the parties to the settlement agreement agreed to its confidentiality does not shield it from discovery") (internal quotations and citations removed). In other words, such disclosure is needed so that Connexus can "determine that what it received or has not received is still out there. And if not, then who is responsible for its disappearance." (ECF No. 500-4, 3/2/12 Hrg. Trans. at 45:12-15.) Otherwise, any party could conceal the details concerning its destruction of evidence by merely cloaking such details in the guise of settlement discussions. FRE 408 does not support concealing this information from Connexus; FRCP 26 does not support concealing

this information from Connexus; and nothing in Greenberg Traurig's opposition supports concealing this information from Connexus.

### B. Greenberg Traurig Failed to Meet its Burden to Resist the Discovery Connexus Seeks.

Greenberg Traurig's arguments that Connexus must show "good cause" to obtain the discovery it seeks, and that Connexus must show "how the information it seeks is reasonably calculated to the discovery of admissible evidence," badly miss the mark. (ECF No. 503 at 4.) The opposite is true: "The burden is on the party resisting discovery to explain specifically why its objections, including those based on irrelevance, are proper given the broad and liberal construction of federal discovery rules." *Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009). Greenberg Traurig is resisting the discovery. Greenberg Traurig must show that the discovery Connexus seeks is not discoverable. Greenberg Traurig failed to do so. And, even if Connexus must show that it is entitled to discovery concerning the disposition of relevant documents, Connexus already did so. Otherwise this Court would never have ordered the Greenberg Traurig deposition in the first place.

### C. Connexus is Entitled to the Discovery It Seeks from Greenberg Traurig.

Greenberg Traurig argues that "any other issue related to the confidential materials produced by BSI can be explored with BSI" including Greenberg Traurig's destruction of evidence. However, the case law is that "production from a third party will be compelled in the face of an argument that the 'same' documents could be obtained from a party, because there is reason to believe that the files of the third party may contain different versions of documents, additional material, or perhaps, significant omissions." *Viacom Int'l, Inc. v. YouTube, Inc.*, 2008 WL 3876142, at *3 (N.D. Cal. Aug. 18, 2008) (internal quotations and citations omitted). Given that BSI apparently required the destruction of documents relevant to Connexus's defense in this

3

case, Connexus requires disinterested third-party testimony to fully understand the scope of such destruction. And, in all events, the case law does not require Connexus to merely rely on its adversary's representations.

### D. Connexus's Review of Returned Documents.

Connexus intends to review the documents claimed to be returned by Greenberg Traurig to BSI before Connexus deposes Greenberg Traurig. Connexus's review of such documents will not reveal the extent to which Greenberg Traurig destroyed documents or why. For this and the other reasons already in the record, Connexus needs to depose Greenberg Traurig respecting the destruction of documents.

### CONCLUSION

For these reasons and those set forth in its opening motion, Connexus requests that the Court enter an order "requiring Greenberg Traurig to appear for a deposition concerning its return and destruction of documents relevant to the June 2012 Mini-Trial."

Respectfully submitted,

Dated: April 30, 2012

/s/
J. Douglas Baldridge (US DC-MD Bar No. 11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
VENABLE LLP
575 7th Street, N.W.
Washington, D.C. 20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com
*Attorneys for Connexus Corp.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of April, 2012, a copy of the foregoing *Defendant Connexus Corp.'s Reply to Greenberg Traurig's Opposition to Motion to Confirm and Enforce the Court's Order on Greenberg Traurig's Deposition and for Related Relief* was filed electronically in accordance with the Court's CM/ECF procedures, and served electronically on the below-named parties by the Court's electronic notification system:

Thomas M. Barba
John J. Duffy
Jeffrey E. McFadden
Roger W. Yoerges
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
tbarba@steptoe.com
jduffy@steptoe.com
jmcfadden@steptoe.com
ryoerges@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, MD 20878
shr@ringlaw.com

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
mike@mikerothman.com

*Counsel for Plaintiff BSI, Inc., Joe Wagner/Hypertouch, Inc.*

John K. Roche
Barry J. Reingold
John M. Devaney
PERKINS COIE LLP
607 14th Street, N.W.
Suite 800
Washington, D.C. 20005-2003
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
ROESER BUCHEIR & GRAHAM LLC
20 N. Wacker Drive
Suite 1330
Chicago, IL 60606
dgraham@djgrahamlaw.com

*Counsel for Defendants Kraft Foods Inc. & Vict. Th. Engwall & Co.*

Sanford M. Saunders, Jr., Esq.
GREENBERG TRAURIG, LLP
2101 L Street, NW, Suite 1000
Washington, DC 20037
saunderss@gtlaw.com

*Greenberg Traurig, LLP*

/s/
Ari N. Rothman