**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 8:08-cv-00409 (PJM) (CBD) Judge Peter J. Messitte |
| KRAFT FOODS, INC., *et al.*, | ) ) | |
| Defendants. | ) ) ) | |
| CONNEXUS CORP., *et al.*, | ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| JAMES JOSEPH WAGNER, *et al.*, | ) ) | |
| Third-Party Defendants. | ) ) | |

**PLAINTIFF'S FED. R. CIV. P. 72 OBJECTION TO THE MAGISTRATE'S
ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
<u>CONCERNING THE EXPERT TESTIMONY OF DAVID SHIN</u>**

Plaintiff Beyond Systems, Inc. ("BSI") respectfully submits this objection pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 301(5)(a) to the ruling of Magistrate Judge Day (DE # 507) granting Defendant Connexus Corp.'s ("Connexus") Motion for a protective order concerning MailCompanyX discovery (DE # 499). The Magistrate's entire, paperless ruling states that "[t]he expressed intent for the use of information which is the subject of the motion, is not directly relevant to the three items at issue in the currently scheduled mini-trial."

This is clearly in error. The material that BSI seeks to use is a directly related rebuttal to an argument <u>raised by Defendants</u> as to why BSI is not a *bona fide* ISP.

## ARGUMENT

Defendant's Motion for a protective order (DE # 499) essentially seeks to prevent BSI from using testimony of one of its experts, David Shin, at the upcoming mini-trial. Mr. Shin is a Director in KPMG's Forensic Technology Services practice and submitted a report (attached to Defendant's motion at DE # 499-4) on BSI's behalf analyzing a database from MailCompanyX, Inc., and its former CEO Sebastian Barale, a known spammer. BSI intends to use Mr. Shin's testimony to rebut Defendant's position that BSI affirmatively sought out unwanted spam emails, one of the <u>non-exhaustive</u> list of factors that the Court has identified as potentially relevant to BSI's ISP status during the second phase of the upcoming mini-trial. For the Magistrate to not only rule that the rebuttal of this argument is not "directly relevant," but to also rule out the expert testimony in the context of a non-exhaustive list of potentially relevant factors – *i.e.*, to pre-ordain the testimony as irrelevant when the scope of Phase II of the mini-trial is loosely defined, is clearly in error.

### A.     Legal Standard Under Fed. R. Civ. P. 72

A "clearly erroneous" standard applies to Rule 72(a) motions: "[a] magistrate judge order on a non-dispositive motion (such as discovery motions) will be set aside only if the district court finds that the determination was 'clearly erroneous or 'contrary to law.' A finding is "clearly erroneous" when, although there is evidence to support it, the court, on reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Proa v. NRT Mid Atl., Inc.*, 633 F. Supp. 2d 209, 212 (D. Md. 2009) (internal citations omitted). The Magistrate's decision to grant Defendant's motion and exclude Shin's testimony is clearly

erroneous because it will prevent BSI from presenting evidence refuting a part of Defendants' case – that BSI is not a *bona fide* ISP in part because it sought out spam emails.

**B.     Shin Will Not Testify on Merits or Damages Issues at the Mini-Trial**

Defendant's motion misconstrues the purpose of Shin's testimony because it is premised on the argument that "BSI seeks to use the MailCompanyX computer files and its expert David Shin to inject into the Mini-Trial the issue of whether Connexus is liable to BSI for emails that MailCompanyX allegedly sent to BSI." Mot. at 1.  That is not the purpose for which BSI intends to use Mr. Shin's testimony.  Indeed, BSI agrees that Defendant's liability for emails MailCompanyX sent to BSI is not relevant to the mini-trial.  Shin is not, however, going to testify about liability; rather, his testimony is intended to rebut Defendants' contention that BSI affirmatively sought out unwanted spam emails.  Defendants claim that BSI used "spam traps" or "honey pots," or otherwise took steps to affirmatively seek out spam, and that this is disqualifies BSI from being a *bona fide* ISP.  BSI does not agree, as the Court appreciates, that BSI's alleged use of so-called "spam traps" is relevant to BSI's eligibility to be a plaintiff under the Maryland and California anti-spam laws.  But that is Defendants' and their proposed experts' argument.  In their own words:

- "The facts and circumstances in this case are that BSI and Hypertouch deploy spam traps." *See* Ex. 1, Excerpt of Expert Report of Willis Marti, served on counsel for Plaintiff on April 9, 2012.

- "The Wagner brothers set up a daisy-chain operation where both BSI and Hypertouch would troll for email using spam traps . . . ." Kraft Defendants' Response to BSI's Motion to Strike (DE # 455).

- "Put another way, the email addresses are 'spam traps' set up by BSI to collect as much alleged UCE as possible." Kraft Defendants' Reply In Support of Motion for Summary Judgment (DE # 327).

- "Among other things, Paul Wagner/BSI deployed 'spam traps' to capture as much email as possible by creating email accounts that have no corresponding end user . . . ." Defendants' Motion for Summary Judgment (DE # 257).

- "BSI consented to receive the emails over which it sues, inter alia, by setting "'spam traps' and agreeing to receive emails from Joe Wagner/Hypertouch." Defendants' Motion for Stay and Protective Order Pending Resolution of Dispositive Motion (DE # 263).

- "Were they [BSI] running deliberate spam traps?" *See* Ex. 2, Question by Counsel for Connexus during Deposition of John C. Klensin, September 24, 2009.

- "How would we be able to tell in this case based on the information that has been presented, whether or not plaintiff set up a spam trap, using your definition?" *See* Ex. 3, Question by Counsel for Connexus during Deposition of Peter W. Resnick, October 14, 2009.

- "A honeypot is a system designed to attract and collect malicious activity." *See* Ex. 4, Initial Expert Report of Dr. Neal Krawetz, March 31, 2010.

If Defendants are going to make this an issue, then Plaintiff is entitled to rebut it, and *that* is what Shin's report does.

In Section F of his report, Mr. Shin did a search for various domain names in the MailCompanyX database, a database owned by Sebastian Barale, a notorious spammer employed by Connexus. The results show hundreds of email addresses belonging to Defendants' law firms – including those of counsel for Kraft, Mr. Roche and Mr. Graham, and the Chairman of Venable, among others – as well as email addresses that belong to BSI (those using the "hypertouch.com" domain), that "somehow found their way" into Barale's database. Assuming that Defendants' law firms are not themselves using spam traps, a reasonable inference could be drawn by the fact-finder in this case that spammers such as Barale obtain these email addresses through nefarious means, not because they are affirmatively planted in Barale's database by BSI. Shin's mini-trial report supports that very important fact. As Mr. Shin states in his rebuttal to Defendant's expert "to the extent Mr. Marti [Defendant's expert] asserts that those [BSI-owned] domains/email addresses are present on the server as a result of affirmative action by BSI, I see

no evidence of that." *See* Ex. 5. In short, Shin's report (and thus his testimony) directly rebuts one of Defendants' assertions in this case. BSI has no intention of using Shin during the mini-trial testify on issues of liability or damages, and there is thus no reason for Defendants to have to "present trial evidence on tens of thousands of individual emails" at the mini-trial.

The Magistrate ruled that the Shin testimony is not "directly relevant" to any of the issues, however, Plaintiff has explicitly shown how it is relevant to at least one of Defendants' arguments relating to the non-exclusive list of *bona fide* ISP factors, and therefore, the Magistrate's ruling is clearly erroneous.

## CONCLUSION

It was clearly erroneous for Magistrate Judge Day to rule that Shin's testimony "is not directly relevant" to the mini-trial. BSI will use Shin to rebut the Defendants' argument that BSI is not entitled to "bona fide ISP status" because it acted inappropriately in some fashion in receiving Connexus' spam, and, as such, there is no basis to grant a protective order precluding his expert report.

Date:  May 9, 2012                                                        Respectfully submitted,

_____/s/_____                *Of Counsel:*
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)          Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey E. McFadden (D. Md. Bar No. 8738)        Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)             506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                            Gaithersburg, Maryland  20878
1330 Connecticut Ave., NW                        T: 301-563-9249
Washington, D.C.  20036                          F: 301-563-9639
T: 202-429-3000                                  shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com                               Mike Rothman (USDC-MD Bar No. 14568)
ryoerges@steptoe.com                             Law Office of Michael S. Rothman
jmcfadden@steptoe.com                            401 E. Jefferson Street, Suite 201
jduffy@steptoe.com                               Rockville, MD  20850
                                                 T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)        F: 301-251-9610
STEPTOE & JOHNSON LLP                            mike@mikerothman.com
1114 Avenue of the Americas
New York, NY  10036                              *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of May, 2012, the foregoing PLAINTIFF'S OBJECTION PURSUANT TO FED. R. CIV. P. 72 TO THE MAGISTRATE'S ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER CONCERNING MAIL COMPANYX DISCOVERY was served via the Court's CM/ECF system on the below-named parties:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
(202) 434-1613 (Telephone)
(202) 434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*

                                                    /s/
                                         Jennifer M. Newton