UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BEYOND SYSTEMS, INC.

    Plaintiff,

v.

KRAFT FOODS INC., *et al.*

    Defendants.

Case No.: 8:08-cv-00409-PJM

The Honorable Peter J. Messitte

**DEFENDANT KRAFT FOODS INC'S OPPOSITION
TO PLAINTIFF'S OBJECTION TO THE MAGINSTRATE'S PROTECTIVE ORDER
CONCERNING THE EXPERT TESTIMONY OF DAVID SHIN**

Defendants Kraft Foods Inc., Kraft Foods Global, Inc., and Vict. Th. Engwall & Co. (collectively, "Kraft") oppose Plaintiff Beyond Systems Inc.'s ("BSI") Objection to Magistrate Judge Day's May 3, 2012 Order (ECF No. 507) precluding discovery concerning MailCompanyX and excluding the expert testimony of David Shin.  For the reasons discussed below, the Order is not "clearly erroneous" or "contrary to law" under 28 U.S.C. § 636(b)(1)(A) or FRCP 72(a).  The discovery BSI seeks and evidence it wishes to introduce during the Mini-Trial relate solely to issues of liability, is irrelevant to the threshold issues to be tried during the Mini-Trial, and its introduction at trial would be a waste of time and resources, serving only to confuse the jury and unnecessarily prolong the proceedings.  Indeed, forcing Kraft to engage in substantial discovery now will jeopardize its ability to fully prepare for the Mini-Trial which is

scheduled to begin in just a few weeks.  This Court should affirm Magistrate Judge Day's Order.[1]

## BACKGROUND

**A.     The Mini-Trial Proceedings In This Case.**

As set forth in its October 20, 2011 and subsequent Scheduling Orders, this Court ordered that the matters to be tried in the upcoming Mini-Trial are limited to threshold issues regarding BSI's right to bring its claims under the statutes at issue.  In doing so, the Court excluded from consideration in the Mini-Trial issues relating to Defendants' alleged liability under the statutes, ordering that "[d]iscovery and motions practice as to all issues not within the scope of the Mini-Trial are hereby stayed."  (ECF No. 440.)  The Court subsequently issued an order (EFC No. 492) confirming the scope of the Mini-Trial and setting forth the relevant evidentiary inquiries.  The subsequent order did not change the scope of the Mini-Trial or make relevant to the Mini-Trial any issue associated with the source of or liability for the emails over which BSI sues.

**B.     Relevant World Avenue Mini-Trial Proceedings.**

This Court explained the basis for bifurcation in the related World Avenue litigation, in which the Court phased the litigation in similar fashion.  Consistent with its Scheduling Order

---

[1]     Although Magistrate Judge Day's Order was issued from a motion filed by Kraft's Co-Defendant, Connexus Corp., the Order applies equally to Kraft because Kraft is participating in the same discovery process and Mini-Trial scheduled to begin on June 19, 2012.  Therefore, Kraft is an interested party and that this Court should allow it to address the issues raised by BSI's objection.  As co-defendants, Kraft and Connexus are similarly-situated with respect to the Mini-Trial issues, and throughout the case have coordinated their discovery and other efforts to reduce costs and lessen the burden on both the Court and the parties by avoiding unnecessary duplication.  And as the Court is aware, counsel for Connexus was granted leave to withdraw as counsel on May 8, 2012 (ECF No. 509), and Connexus presently does not have an attorney of record.  Accordingly, to the extent BSI objects to Kraft's filing of a response to its appeal, such objection is without merit and should be rejected.  Indeed, while Kraft will be prejudiced if it is not entitled to object to BSI's appeal, BSI will suffer no prejudice.

here, the Court in World Avenue limited the matters to be tried in the first phase of the case to three discrete issues focused on whether BSI had the right to sue: (1) whether BSI is an "interactive computer service provider" under the Maryland anti-spam statute and whether it is an "electronic mail service provider" under the California anti-spam statute; (2) whether BSI is a *bona fide* Maryland resident such that it can maintain suit under the Maryland anti-spam statute; and (3) the nature of the relationship between BSI and its sister company, Hypertouch, Inc. (World Avenue ECF No. 544.)  As it explained there, the Court bifurcated the case to save judicial and party resources associated with conducting discovery and trying the issue of liability for tens of thousands of emails – discovery and evidence that would be moot if BSI lacked standing to sue.  Accordingly, by bifurcating the action, the Court observed that "we won't have all the discovery on all the individual e-mails at this point, because this is really becoming unmanageable . . . Every single claim represents presumably a separate claim for damages that's filed by the plaintiff.  It's no small potatoes." (Ex. 1, 11/29/10 World Avenue Hrg. Trans. at 90:20-91:4.)

In reaching its decision, the Court ruled that the ultimate issue of whether Defendants engaged in unlawful spam activities was irrelevant to the Mini-Trial.  As the Court explained:

> MR. RING: Your Honor, does the discovery as to the newly added entities [defendants], whether they should be consolidated, whether they are agents of each other or whatever, does that get put on the back burner?\
>
> THE COURT:  Well, I suppose it probably should, shouldn't it?  I mean, we're going to see whether you have a right to be here at all.  That's really what the issue is right now.  ***What difference does it make, even if they are involved in spam activities****, if you don't have a bona fide residence, if you've got somebody who is really, in effect, contributing to the, quote/unquote, injury that BSI suffers, you may come back with a verdict that says you really don't belong in court at all.
>
> And so ***it doesn't matter what they've done****.  You may have to go after them somewhere else.  Somebody else will have to go after them.

(*Id*. at 92:2-16 (emphasis added).)

The Court went on to reject a similar argument to that BSI makes here in support of its

appeal:

> THE COURT: I'm not sure what you're asking.  You want to find out what the relationship of one of the newly named defendants is to one of the original named defendants?
>
> MR. RING: The relationships is [sic] one thing, **but the identity of their marketers, the advertising content, all the day-to-day operation of what we call their spam-based marketing operation**.   There's a trove of information we have not been given, and that would move this case along. That's what we need.
>
> THE COURT:   **That doesn't really go to the issue that I want to focus on**, which is whether you have a bona fide residence and whether Hypertouch and BSI are in the business of bringing these suits.  That's all we're going to try in June.  You don't need to get those answers right now. It's not pending right now. It's something you're asking for.  No, we'll defer on that.  **That's the kind of discovery which we'll wait on.**

(*Id*. at 107:2-107:18 (emphasis added).)

Notwithstanding the Court's order, BSI subsequently sought in the World Avenue

litigation – much as it does here – discovery as to whether the defendants had sent the emails to

BSI.  As it does here, BSI argued the discovery was relevant to the Mini-Trial because the

defendants had challenged BSI's status as a service provider, contending that BSI manufactured

the claims for the emails received, and that Hypertouch, Inc., sent the emails to BSI.  (World

Avenue ECF No. 568 at 3.)  BSI reasoned that "the emails in fact were both 'manufactured' and

'sent' by Defendants and their marketers, rather than by Hypertouch." (*Id*.)

World Avenue opposed such discovery because "[t]he essence of BSI's argument is that

it should be able to take depositions and discovery on who 'sent' the 70,000 E-Mails At Issue"

which fell outside of the scope of the Mini-Trial.  (World Avenue ECF No. 569.)  The Court

agreed.  Denying BSI's request, the Court ruled that "[s]uch discovery is precisely of the sort the Court seeks to preclude until after the conclusion of the first phase of the trial."  (World Avenue ECF No. 573.)

### C.    MailCompanyX Computer Files and David Shin Expert Testimony.

Despite this Court's clear directives regarding bifurcation of this action and the limited scope of discovery for the Mini-Trial, BSI is attempting the same end-run around the Court's orders to inject into the Mini-Trial evidence pertaining to the issue of liability through the expert testimony of David Shin and discovery respecting certain computer files involving MailCompanyX.  Specifically, Shin opines that computer files purportedly obtained from MailCompanyX contain some of the same identifying characteristics as emails over which BSI is suing.  (ECF No. 499-4 (Shin Report at ¶¶ 21-36).)  During a telephonic meet and confer with BSI's counsel, BSI's counsel explained that Shin's opinions are relevant to BSI's status as an "interactive computer service provider" and "electronic mail service provider," arguing that data on the MailCompanyX computer files shows that BSI did not consent to receive the emails over which it sues.

Putting aside the logical flaws of BSI's position, its argument is no different than the one the Court rejected in World Avenue.  Because the MailCompanyX computer files and Shin's testimony pertain only to the issue of Defendants' alleged liability, the Court should affirm Magistrate Judge's order precluding discovery regarding the MailCompanyX computer files and Shin's testimony until after the Mini-Trial.

# ARGUMENT

**A.      Legal Standard.**

28 U.S.C. § 636(b)(1)(A) and FRCP 72(a) allow courts to set aside magistrate judge

orders only if such orders are "clearly erroneous" or "contrary to law."  "Under the clearly

erroneous standard, [a] reviewing court is not to ask whether the finding is the best or only

conclusion permissible based on the evidence.  Nor is it to substitute its own conclusions for that

of the magistrate judge.  Rather, the court is only required to determine whether the magistrate

judge's findings are reasonable and supported by the evidence." *Berman v. Congressional*

*Towers Ltd. Partnership*, 325 F. Supp.2d 590, 592 (D. Md. 2010 (citations omitted)).

With respect to the ruling at hand, Rule 26(c) affords judges broad discretion to craft

protective orders as "justice requires to protect a party… from undue burden or expense…."

Protective orders are particularly appropriate where, as here, the contemplated discovery relates

to issues that are not relevant to the pending proceeding.  *Montoya, et al. v. S.C.C.P. Painting*

*Contractors, Inc., et al.*, 530 F.Supp.2d 746, 751 (D. Md. 2008) (entering order precluding

merits discovery not relevant to class certification); *Dashiel v. Montgomery County*, 131 F.R.D.

102, 103 (D. Md. 1989) (protective order staying discovery appropriate where pending

summary judgment motion could dispose of litigation).

**B.      MailCompanyX Computer Files and Shin's Expert Opinions Are Outside
the Scope of the Mini-Trial.**

Magistrate Judge Day's ruling that evidence pertaining to MailCompanyX computer files

and Shin's expert opinions fall outside the scope of and are not relevant to the issues to be

tried during Mini-Trial was neither clearly erroneous nor contrary to law.  To the contrary, BSI's

pursuit of such discovery is no more than a thinly veiled attempt to introduce issues of liability

and damages at the Mini-Trial, which the Court has already ruled are outside the scope of the

6

matters to be tried.  Moreover, BSI's contention that the MailCompanyX computer files and

Shin's opinions are relevant to demonstrate BSI did not request the emails at issue are irrelevant

to the Mini-Trial issues and wholly without merit, as this Court previously ruled in the World

Avenue Litigation.  Finally, forcing Kraft to engage in substantial discovery now will jeopardize

its ability to fully prepare for the Mini-Trial which is scheduled to begin in just a few weeks.

1.      **Liability and Damages.**

BSI has consistently taken the position that the MailCompanyX computer files are

relevant to the substantive elements of its claims in that they allegedly link Defendants to the

emails at issue, not BSI's standing to bring its claims in the first place.  For example, during

efforts to obtain discovery from MailCompanyX and its principal Sebastian Barale, BSI

described the Barale testimony it sought – and, by implication, the MailCompanyX computer

servers – as:

> highly relevant to the facts in this case because it will, among other
> things, confirm that Sebastian Barale and his then-company, MailCompanyX
> ("MCX"), sent more than 30,000 of the e-mails at issue in the case for
> defendant Connexus Corporation ("Connexus").

(ECF No. 162 at 1).  According to BSI, the MailCompanyX computer files would "confirm that

Mr. Barale and MCX were acting at Connexus's direction when they sent over 30,000 of the e-

mails at issue, ***thereby proving Connexus's liability for those e-mails***." (*Id*. at 3 (emphasis

added).)  The MailCompanyX computer files are irrelevant to any other issue in this litigation.

On February 17, 2012, Shin issued an expert report purportedly directed to the June

2012 Mini-Trial.  Shin claims he examined MailCompanyX computer files and a substantial

number of the emails at issue in this case.  (ECF No. 499-4 (Shin Report ¶¶ 2, 22).)  Shin further

states that some data on MailCompanyX computer files matches data in emails at issue that

were allegedly received by BSI. (*Id*. ¶¶ 22-30.)  Notably, Shin does ***not*** opine that BSI is an

"interactive computer service provider" under the Maryland statute, or an "electronic mail service provider" under the California statute.  Nor does Shin opine on whether BSI is a *bona fide* Maryland resident or on the nature of the relationship between BSI and Hypertouch.  Accordingly, neither the MailCompanyX files nor Shin's testimony as to the data they contain are relevant to the Mini-Trial issues.

**2.      BSI's Claim That Shin's Testimony Is Necessary To Rebut Defendants' Argument That It Took Steps To Attract Spam Is Meritless.**

BSI's claim that the evidence and testimony at issue rebuts Defendants' argument that BSI sought out commercial emails on which to sue is without merit.  Notably, nowhere does Shin opine, as BSI pretends, that the MailCompanyX data he reviewed demonstrates that BSI did not employ spam-traps or otherwise seek out spam.  The sum total of the section of Shin's report on which BSI relies (ECF No. 499-4 (Shin Report ¶¶ 55)) consists instead of two sentences and a four-row table stating the unremarkable observation that the MailCompanyX data contains other domain names in addition to BSI's, including the domains of two of Defendants' law firms. The fact, however, that MailCompany X's owner Sebastian Barale – whom BSI itself refers to as a "notorious spammer" (ECF No. 502 at 6) – may have sent commercial emails to other domains besides BSI is hardly sufficient to dispute or otherwise support an inference rebutting Defendants' allegation that BSI used spam-traps and other means to attract commercial emails. It is certainly not sufficient to support the burdensome discovery BSI wishes to pursue, or to expand the scope of the Mini-Trial to include such evidence.  This Court already rejected similar arguments in the World Avenue litigation, where BSI attempted to show that "the emails in fact were both 'manufactured' and 'sent' by Defendants and their marketers, rather than by Hypertouch." (World Avenue ECF No. 568 at 3.)  There is no distinction between the discovery that BSI sought and the Court precluded in the World Avenue litigation on the one hand, and

the MailCompanyX computer files and Shin's testimony on the other.  Consistent with its ruling

in the World Avenue case, the Court should preclude all discovery related to the

MailCompanyX computer files and the expert testimony of David Shin.

> **C.    The MailCompanyX Computer Files and Shin's Opinions Open the Door to
> Extensive Additional Discovery and a Mini-Trial within the Mini-Trial.**

Absent a protective order, Defendants will be forced to engage in substantial and

burdensome discovery to test the opinions of Shin and present trial evidence on tens of

thousands of individual emails.  Defendants will need to depose Shin, and each of the thousands

of emails he examined and the purportedly corresponding data points on the MailCompanyX

computer files will have to be analyzed and presented at the Mini-Trial.  The fact finder will

have to assess each email and data point to determine whether the data on the server and in the

emails actually match.  Experts will need to testify, among other things, when each data point

was placed on the MailCompanyX computer files, how each data point came to be on the

MailCompanyX computer files, and whether each data point was placed on the server in 2005

or at any time before the last "written" dates.  Such a result clearly contradicts and defeats the

stated purpose of the Mini-Trial, and will force the Court and the parties to waste significant

resources trying Connexus's liability despite the very real possibility that the Mini-Trial will

completely dispose of the case.  The burden and prejudice to Kraft will be compounded if Kraft

is forced to engage in substantial discovery while preparing for trial which is scheduled to begin

in just a few short weeks.

**<u>CONCLUSION</u>**

For the foregoing reasons, the Court should affirm Magistrate Judge Day's Order

precluding all discovery concerning the MailCompanyX computer files identified in BSI Expert

David Shin's February 2012 expert report and all expert testimony from David Shin.

9

Respectfully submitted,


Dated:  May 17, 2012                          _____/s/_____
                                              J. Douglas Baldridge, US DC-MD Bar No. 11023
                                              Ari N. Rothman, US DC-MD Bar No. 17560
                                              VENABLE LLP
                                              575 7th Street, N.W.
                                              Washington, DC  20004-1601
                                              (202) 344-4000 (phone)
                                              (202) 344-8300 (fax)
                                              jdbaldridge@venable.com
                                              anrothman@venable.com


                                              John K. Roche (USDC-MD Bar No. 17531)
                                              John M. Devaney (*Pro Hac Vice*)
                                              PERKINS COIE LLP
                                              700 13th Street, N.W., Suite 600
                                              Washington, D.C. 20005-3960
                                              (202) 434-1627
                                              (202) 654-9106 (facsimile)
                                              jdevaney@perkinscoie.com
                                              jroche@perkinscoie.com

                                              Darrell J. Graham (*Pro Hac Vice*)
                                              THE LAW OFFICE OF DARRELL J. GRAHAM,
                                              LLC
                                              53 W. Jackson Blvd., Suite 1334
                                              Chicago, IL  60604
                                              (312) 922-4533
                                              (312) 922-4757 (facsimile)
                                              dgraham@djgrahamlaw.com


                                              *Attorneys for Defendants Kraft Foods Inc., Kraft*
                                              *Foods Global Inc., and Vict. Th. Engwall & Co.,*
                                              *Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of May, 2012, a copy of the foregoing DEFENDANT KRAFT FOODS INC'S OPPOSITION  TO PLAINTIFF'S OBJECTION TO THE MAGINSTRATE'S PROTECTIVE ORDER CONCERNING THE EXPERT TESTIMONY OF DAVID SHIN was filed electronically in accordance with the Court's CM/ECF procedures, and served electronically on the below-named parties by the Court's electronic notification system except where indicated below:

Thomas M. Barba                                                David Graff
John J. Duffy                                                      Connexus Corp.
Jeffrey E. McFadden                                        david.graff@theepicmediagroup.com
Roger W. Yoerges                                            (by email only)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
tbarba@steptoe.com
jduffy@steptoe.com
jmcfadden@steptoe.com                                _____/s/_____
ryoerges@steptoe.com                                    Ari N. Rothman

Anthony A. Onorato
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY  10036
tonorato@steptoe.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, MD  20878
shr@ringlaw.com

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
mike@mikerothman.com

*Counsel for Plaintiff BSI, Inc.,*
*Joe Wagner/Hypertouch, Inc.*