**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| | ) | Judge Peter J. Messitte |
| KRAFT FOODS, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| CONNEXUS CORP., *et al*., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES JOSEPH WAGNER, *et al*., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS FED. R. CIV. P. 72
OBJECTION TO THE MAGISTRATE'S ORDER GRANTING
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER CONCERNING
THE EXPERT TESTIMONY OF DAVID SHIN**

Defendant Kraft Foods, Inc. ("Kraft") has failed to advance any argument demonstrating

that the substance of Mr. Shin's report and proposed testimony are not relevant to the Mini-Trial

issues. Defendant inaccurately asserts that Mr. Shin's testimony will be directed at establishing

Defendants' substantive liability for the emails BSI received—which it will not—and raises the

false specter that Plaintiff will use Mr. Shin's testimony as a back door to introduce thousands of

emails into evidence at the Mini-Trial. Both contentions are baseless. In fact, as BSI has

repeatedly explained to counsel for Kraft (formerly counsel for Connexus), BSI has *no intention*

1

of introducing individual emails stored on the Barale server at the Mini-Trial, and Mr. Shin's

testimony will be limited to the narrow and focused issue of whether the evidence shows that

BSI in fact, *as the Defendants have repeatedly alleged*, affirmatively sought out the spam that it

received.

Plaintiff's actual and stated intention regarding Mr. Shin's testimony at trial is this:

Mr. Shin will show the jury that the wide range of user addresses contained in the Barale

database (including email addresses belonging to defense counsels' firms) are wholly

inconsistent with spam-trapping.  BSI will not, as Defendant asserts, be introducing particular

emails in the Barale database into evidence.  Thus, Defendant's claim that allowing Mr. Shin's

testimony will require that "each of the thousands of emails he examined and the purportedly

corresponding data points on the MailCompanyX computer files will have to be analyzed and

presented at the Mini-Trial," Def. Opp. 9, is simply untrue, and therefore so is Kraft's claim that

allowing Mr. Shin to testify at the Mini-Trial will require extensive additional discovery in this

case.

For these reasons and those stated in BSI's motion, the Court should overrule Magistrate

Judge Day's Order precluding Mr. Shin's testimony at the Mini-Trial.

Date:  May 18, 2012                              Respectfully submitted,


_____/s/_____                               *Of Counsel:*
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)          Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey E. McFadden (D. Md. Bar No. 8738)        Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)             506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                            Gaithersburg, Maryland  20878
1330 Connecticut Ave., NW                        T: 301-563-9249
Washington, D.C.  20036                          F: 301-563-9639
T: 202-429-3000                                  shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com                               Mike Rothman (USDC-MD Bar No. 14568)
ryoerges@steptoe.com                             Law Office of Michael S. Rothman
jmcfadden@steptoe.com                            401 E. Jefferson Street, Suite 201
jduffy@steptoe.com                               Rockville, MD  20850
                                                 T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)        F: 301-251-9610
STEPTOE & JOHNSON LLP                             mike@mikerothman.com
1114 Avenue of the Americas
New York, NY  10036                              *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and
Third-Party Defendants James Joseph Wagner
and Hypertouch, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2012, the foregoing PLAINTIFF'S REPLY

IN SUPPORT OF ITS FED. R. CIV. P. 72 OBJECTION TO THE MAGISTRATE'S ORDER

GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER CONCERNING THE

EXPERT TESTIMONY OF DAVID SHIN was served via the Court's CM/ECF system (except

as indicated below) on the below-named parties:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington, D.C.  20005-2003
(202) 434-1613 (Telephone)
(202) 434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

VIA FEDERAL EXPRESS
David Graff, Esq.
512 7th Avenue
12th Floor
New York, NY 10018
david.graff@theepicmediagroup.com

*General Counsel to Connexus Corp.*
(Not admitted in the District of Maryland)

/s/
Jennifer M. Newton

4