## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____
)
BEYOND SYSTEMS, INC.,                         )
)
    Plaintiff,                               )
)
       v.                                  )     Case No. 8:08-cv-00409 (PJM) (CBD)
)     Judge Peter J. Messitte
KRAFT FOODS, INC., *et al.*,                  )
)
    Defendants.                              )
_____)
)
CONNEXUS CORP., *et al.*,                      )
)
    Third-Party Plaintiffs,                  )
)
       v.                                  )
)
JAMES JOSEPH WAGNER, *et al.*,                )
)
    Third-Party Defendants.                  )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1: MOTION TO PRECLUDE PLAINTIFF FROM REFERRING TO CONNEXUS AND KRAFT EMAILS AS "SPAM" OR "UCE"

Plaintiff Beyond Systems, Inc. ("BSI"), opposes Defendants' Joint Motion *In Limine* (DE # 528) to preclude BSI from (1) referring to the emails at issue in this case as either "spam" or "UCE"; (2) using the word "SPAM" in a document bates-label or; (3) referring to any of the Defendants as "spammers." Rule 403 will not be violated by referring to the emails in an anti-spam case as spam. The motion should be denied in its entirety for the reasons stated below.

### ARGUMENT

1. Defendants first try to argue that "spam" does not have a precise definition. Defendants are attempting to create uncertainty where there is none – spam has a common and

agreed-upon definition.  "Spam is defined as an unsolicited, often commercial, message

transmitted through the Internet as a mass mailing to a large number of recipients."  *Verizon*

*Online Services, Inc. v. Ralsky*, 203 F. Supp. 2d 601, 606 (E.D. Va. 2002).  *See Phillips v.*

*Netblue, Inc.*, No. C-05-4401 SC, 2007 WL 528722, at *5 (N.D. Cal. 2007) ("The word 'spam'

is one of common usage, with a commonly understood meaning."); *Oxford English Dictionary*,

Online Version, http://oed.com/view/Entry/185525 (accessed June 4, 2012) ("Unsolicited

electronic mail, especially when sent to individuals as part of a mass-mailing.").  Defendants

criticize BSI for analogizing spam to junk mail and telemarketing, yet the law review article

relied on in their Motion cites a source describing spam as "the Internet's version of junk mail,

telemarketing calls during dinner, crank phone calls, and leaflets pasted around town, all rolled

up into a single annoying electronic bundle."  Adam Hamel, *Will the Can-Spam Act of 2003*

*Finally Put a Lid on Unsolicited Email?*, 39 New Eng. L. Rev. 961, 963 n.19 (2005).

Defendants' Motion also misstates the Maryland Court of Appeals case it cites as "referring to

spam generally as unsolicited commercial emails."  Mot. at 2.  In fact, after discussing the

history of the term, the Court stated, "[b]ecause the term [spam] has been widely adopted by

Internet users, legislators, and legal commentators, we use the term herein, along with its useful

derivatives 'spammer' and 'spamming.'"  *Beyond Sys. Inc. v. Realtime Gaming Holding Co.,* 878

A.2d 567, 577 n.12 (Md. 2005).  Additionally, the article and the case both refer to "unsolicited

commercial email" which is curious, as that is one of the Defendants' proposed forbidden

phrases (the Motion seeks to preclude *both* terms).  In short, there is nothing from a definitional

standpoint that should prevent either "spam" or "unsolicited commercial email" from being used

by either party at trial.

2.  Federal Rule of Evidence 403 also will not be violated by using the terms "spam" or "UCE" in a case brought under the anti-spam statutes of Maryland and California.  In a decision considering the use of the word "spam" in the context of the federal CAN-SPAM statute and the California anti-spam law, the Northern District of California rejected the very same argument from Connexus (formerly NetBlue) concerning the use of the word "spam" on the purported ground that it would be unfairly prejudicial:

> Analogously, when a defendant is charged with murder, the government tries to prove that the defendant committed the murder, and the defendant tries to refute that accusation.  It does not, in the latter example, make the government's use of the word "murder" unfairly prejudicial simply because the word has a negative connotation; its negative connotation has the same source as the prohibition against the behavior it describes.  As the First Circuit put it, "Rule 403 is not contravened by evidence that might show only that the defendant is guilty of the crime charged." *U.S. v. Monahan*, 633 F.2d 984, 985 (1st Cir.1980) . . .  The CAN-SPAM Act, itself, uses the word.

*Phillips v. Netblue*, 2007 WL 528722, at *5.

Similarly, the California anti-spam statue includes a definition for "unsolicited commercial e-mail advertisement" at Cal. Bus. & Prof. Code § 17529.1(o), followed by numerous invocations of the phrase.  In a trial where the statutory definitions are at the very center of the case, it would be odd to preclude the plaintiff from referring to terms defined by statute because of their "prejudice" to Defendants.

There are a number of similar examples from other contexts rejecting various attempts to preclude use of the words commonly used to describe proscribed actions:  *see, e.g.*, *United States v. Macklin*, 104 F.3d 1046, 1049 (8th Cir. 1997) (collecting cases allowing use of the words "mope," "criminal," "drug dealer," "hoodlum," "contract hit," "mob murder," "hot papa," and "boss"); *United States v. Mitchell*, 752 F. Supp. 2d 1216, 1222 (D. Utah 2010) (finding use of the

term "scum-sucking slugs" in media reports not unfairly prejudicial);  *Fernandez v. Gerry*, Civ.

No. 06-cv-281-SM, 2008 WL 2775477, at *5 (D.N.H. 2008) (allowing "use of the word 'murder'

to characterize the charged conduct in a trial for second-degree murder").  Indeed, it would be an

absurd situation if undesirable conduct in the criminal or civil statutes could not be referred to by

their common names at trial because of prejudice to defendants.  *See People of Territory of*

*Guam v. Torre*, 68 F.3d 1177, 1180 (9th Cir. 1995) ("[T]here is no rule of evidence or ethics that

forbids the prosecutor from referring to the crime by its common name when examining a

witness."); *United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, Civ. No. No. 95-

1231(RCL), 2007 WL 842077, at *2 (D.D.C. 2007) ("In a case of theft, the Court would not ban

the word 'thief,' a title generally not held in high regard.").

        3.    Moreover, from a purely practical standpoint, the filings, documents, and expert

reports in this case are replete with references to the word "spam."  A word count of the Expert

Report of Defendants' Expert Willis Marti shows that the word spam is used 116 times.  In the

Court's Order at DE # 498, "spam" appears three times among the list of factors for the jury's

consideration in phase two.  It would simply be unworkable for the parties and the witnesses to

be prohibited form uttering the word "spam" during a trial when so many of the exhibits and

testimony contain the word.  *See Phillips v. Netblue*, 2007 WL 528722, at *5 ("[U]se of the word

[spam] would assist the jury to make sense of the complicated technical testimony.").  Indeed,

one of Defendants' arguments at the upcoming mini-trial is that BSI is not a *bona fide* ISP

because it allegedly affirmatively sought out spam emails.   The Court should therefore follow

the *Netblue* decision and rule that use of the terms "spam" and "UCE" "would have a

significantly probative aspect which is not substantially outweighed by the danger, if any, of it

having an unfairly prejudicial effect." *Phillips v. Netblue*, 2007 WL 528722, at *5.

Accordingly, Defendants' Motion should be denied.

Date:  June 5, 2012                          Respectfully submitted,


_____/s/_____                    *Of Counsel:*
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)      Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey E. McFadden (D. Md. Bar No. 8738)    Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)         506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                         Gaithersburg, Maryland  20878
1330 Connecticut Ave., NW                     T: 301-563-9249
Washington, D.C.  20036                       F: 301-563-9639
T: 202-429-3000                               shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com
ryoerges@steptoe.com                          Mike Rothman (USDC-MD Bar No. 14568)
jmcfadden@steptoe.com                         Law Office of Michael S. Rothman
jduffy@steptoe.com                            401 E. Jefferson Street, Suite 201
                                              Rockville, MD  20850
                                              T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)     F: 301-251-9610
STEPTOE & JOHNSON LLP                          mike@mikerothman.com
1114 Avenue of the Americas
New York, NY  10036                           *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com


*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2012, the foregoing PLAINTIFF'S

OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1: MOTION TO PRECLUDE

PLAINTIFF FROM REFERRING TO CONNEXUS AND KRAFT EMAILS AS "SPAM" OR

"UCE" was served via the Court's CM/ECF system on the below-named parties:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
700 Thirteenth Street N.W.
Washington, D.C.
20005-3960
(202) 654-6200 (Telephone)
(202) 654-6211 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Peter S. Roeser
John E. Bucheit
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
(312) 922-1200 (Telephone)
dgraham@rbglegal.com
proeser@rbglegal.com
jbucheit@rbglegal.com

*Counsel for Defendants Kraft Foods Inc.,*
*Kraft Foods Global Inc., and Vict. Th.*
*Engwall & Co., Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus*
*Corp.*

_____
/s/
Jennifer M. Newton

7