UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BEYOND SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| ) | Judge Peter J. Messitte |
| KRAFT FOODS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| CONNEXUS CORP., *et al.*, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES JOSEPH WAGNER, *et al.*, ) | |
| ) | |
| Third-Party Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE NO. 2: MOTION TO PRECLUDE
PLAINTIFF'S EXPERTS FROM RENDERING LEGAL OPINIONS**

Plaintiff Beyond Systems, Inc. ("BSI") opposes Defendants' joint Motion in Limine to Preclude Plaintiff's Experts from Rendering Legal Opinions (DE #529). Defendants' motion should be denied, because the Defendants have not shown that Plaintiff's experts have proffered a legal opinion or will offer such an opinion at trial. Expert opinion concerning what characteristics render an entity a provider of interactive computer or electronic mail services according to usage in the information service industry is not an impermissible legal conclusion, notwithstanding that the statutes at issue incorporate these terms. The central issue in this case—

what factors are germane to establishing that an entity is a provider of interactive computer or electronic mail services—is a question that is predominantly technical and factual, not legal. Because this issue concerns technical concepts that have an accepted meaning within the information service industry, it is proper for the Court to admit expert testimony explicating that meaning.

Defendants distort the oft-stated rule that expert witnesses may not render legal conclusions into an argument that, if accepted, would preclude BSI's experts from rendering an opinion regarding the accepted meaning of technical terms, solely because those terms track the language of the statutes at issue in this case. But as the Fourth Circuit has cautioned, "to state the general rule [] 'is not to decide the far more complicated and measured question of when there is a transgression of the rule,'" *United States v. Perkins*, 470 F.3d 150, 158 (4th Cir. 2006), and the fact is that courts routinely admit expert opinions regarding the meaning of technical terms based on the expert's specialized knowledge. Even though the fact finder's acceptance of one competing meaning over the other may prove dispositive of a legal issue in the case, that does not render the expert's opinion an impermissible legal conclusion. Federal Rule of Evidence 704(a) provides that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." "The touchstone of admissibility of testimony that goes to the ultimate issue, then, is helpfulness to the jury." *United States v. Perkins*, 470 F.3d 150, 157 (4th Cir. 2006).

The Fourth Circuit has recognized that "the best way to determine whether opinion testimony contains legal conclusions 'is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular.'" *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) (quoting *Torres v.*

*County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985)).  The mere usage of words contained within the applicable statute does not render an expert's testimony inadmissible.  *United States v. Jefferson*, 623 F. Supp. 2d 683, 687 (E.D. Va. 2009) (quoting *Barile*, 286 F.3d at 760).  "[T]he district court should consider first whether the question tracks the language of the legal principle at issue or of the applicable statute, and second, whether any terms employed have specialized legal meaning." *Id.*; *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006).  Of particular relevance to this case, the Fourth Circuit recognized in *Barile* that "'in some circumstances, opinion testimony that arguably states a legal conclusion is helpful to the jury, and thus, admissible (citation omitted).  For example, the testimony may be helpful if the case involves a specialized industry such as insurance.'"  *Barile*, 286 F.3d at 760 n.7.  Additionally, "experts may testify on questions of fact, as well as mixed questions of fact and law."  *Faller v. Faller*, Civ. No. DKC 09-0889, 2010 WL 3834865 at *7 (D. Md. Sep. 28, 2010).

In the present case, the terms "electronic mail service" and "interactive computer service" as expressed in the Maryland and California statutes do not have a specialized legal meaning distinct from their ordinary meaning, but those terms *do* refer to concepts that have a *technical* background, and expert testimony will help the finder of fact to understand the meaning of those concepts within the information service industry.  *See Millenium Inorganic Chemicals, Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, Civ. No. ELH-09-1893, 2012 WL 273717 at *5 (D. Md. Jan. 27, 2012) (admitting expert's testimony regarding the meaning of the term "direct supplier" as used in an insurance coverage contract and reasoning that "it is noteworthy that there is no distinct meaning in the law attached to the words 'direct supplier'"); *Scurmont LLC v. Firehouse Restaurant Group, Inc.*, No. 4:09-cv-00618-RBH, 2011 WL 2670575 at *8 (D.S.C. Jul. 8, 2011) (holding that witness's "proffered expert opinions as to these factors are both

relevant and helpful to the jury"). Thus, expert testimony based on knowledge and experience in the relevant industry is admissible to establish whether certain practices are characteristic of a provider of interactive computer or electronic mail services.

Defendants argue that BSI's experts are precluded by this Court's April 6, 2012 Order (DE #498) from rendering an opinion on which of the non-exhaustive factors listed in that Order are consistent with industry usage regarding the provision of interactive computer or electronic mail services. This argument fundamentally misconstrues that Order as well as the purpose of the Mini-Trial. The text of the Order is clear. The Court did *not* rule that the non-exhaustive factors enumerated in connection with the second phase of the Mini-Trial are conclusively established as germane to BSI's status as an interactive computer service provider ("ICSP") or electronic mail service provider ("EMSP"); rather, the Court stated that these factors comprise "Defendants' *theory of the case* as to whether BSI has (1) established itself as an 'interactive computer service provider' and 'electronic mail service provider' under Maryland and California law." Order ¶ 5 (emphasis added). And crucially, the Court ruled only that "the jury *may consider* the following non-exhaustive factors relative to BSI's operations." Order ¶ 6 (emphasis added). The Court did not rule that the jury "must" consider these factors or conclude that all or any of these factors are required for an entity to qualify as an ICSP or EMSP; nor did the Court set forth the relative significance to be accorded any particular factor by the jury. That is because these issues include significant factual components related to common practice within the information service industry, and an important aspect of each party's proof will be their expert testimony establishing such standards. BSI's experts will testify that, based on their knowledge and experience in the industry, BSI's practices are consistent with those of a provider of interactive computer or electronic mail services and that the Defendants' factual arguments

relative to the various enumerated factors do not detract from BSI's status as such a provider. Such testimony is clearly relevant to the jury's consideration of the Mini-Trial issues, and so the Court should admit the testimony of BSI's experts.

Finally, Defendants overstate the significance of the passages they cite from BSI's experts' reports. True, Plaintiff's experts make reference to the statutory language and the non-exhaustive, non-mandatory factors comprising Defendants' theory of the case as recognized in the Court's April 6 Order. But the clear thrust of BSI's experts' testimony is simply to render the opinion that the requirements enumerated in the statute are consistent with industry usage, while the additional factors advanced by Defendants find no moorings in the information service industry regarding what it means to be an interactive computer or electronic mail service provider. The jury's informed consideration of these factors will thus be assisted by the proffered testimony of Plaintiff's experts.

Indeed, if his report is any indication, Defendants' own expert appears to recognize the validity of this proposition. In his report, Willis Marti (an expert witness for Defendants) opines, "Based on my knowledge and experience which I identify below, I agree that the factors listed by Judge Messitte are germane to whether BSI (or any other entity claiming ISP status) is an ISP. There are other factors which I also believe are germane." Ex. 1, Excerpts from Rep. of Willis Marti ¶ 6. And Mr. Marti further opines that "[w]hether an entity is an ISP ultimately comes down to a holistic consideration of all factors, including the factors I specifically address below and in Judge Messitte's order as I explain in this report. Resnick's test for whether an entity is an ISP is too narrow." Ex. 1 ¶ 128. As these excerpts illustrate, the issue in this case is a classic "battle of the experts" regarding which standard accurately reflects industry norms: Defendants' "holistic consideration of all factors," or Plaintiff's focus on the nature of services provided. The

jury will ultimately decide that question, but this Court should permit the jury to hear relevant evidence from both sides' experts.

## **CONCLUSION**

The Court should deny Defendants' motion to limit the testimony of BSI's experts for the reasons stated above.

Date:  June 5, 2012                                    Respectfully submitted,

          /s/                                                      *Of Counsel:*
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)         Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey E. McFadden (D. Md. Bar No. 8738)       Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)            506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                           Gaithersburg, Maryland  20878
1330 Connecticut Ave., NW                       T: 301-563-9249
Washington, D.C.  20036                         F: 301-563-9639
T: 202-429-3000                                 shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com                              Mike Rothman (USDC-MD Bar No. 14568)
ryoerges@steptoe.com                            Law Office of Michael S. Rothman
jmcfadden@steptoe.com                           401 E. Jefferson Street, Suite 201
jduffy@steptoe.com                              Rockville, MD  20850
                                                T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)       F: 301-251-9610
STEPTOE & JOHNSON LLP                           mike@mikerothman.com
1114 Avenue of the Americas
New York, NY  10036                             *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

7

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2012, the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2: MOTION TO PRECLUDE PLAINTIFF'S EXPERTS FROM RENDERING LEGAL OPINIONS was served via the Court's CM/ECF system on the below-named parties:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
700 Thirteenth Street N.W.
Washington, D.C.
20005-3960
(202) 654-6200 (Telephone)
(202) 654-6211 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Peter S. Roeser
John E. Bucheit
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
(312) 922-1200 (Telephone)
dgraham@rbglegal.com
proeser@rbglegal.com
jbucheit@rbglegal.com

*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus Corp.*

                           /s/
                           Jennifer M. Newton