IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | : | |
| | : | |
| Plaintiff, | : | Case No. 8:08-CV-00409-PJM |
| | : | |
| v. | : | The Honorable Peter J. Messitte |
| | : | |
| KRAFT FOODS, INC., et al., | : | Magistrate Judge Charles B. Day |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

### DEFENDANTS' OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT ON THE MINI-TRIAL ISSUE OF BSI'S CORPORATE RESICENCY

Plaintiff Beyond Systems, Inc.'s ("BSI") Motion for Summary Judgment on the Mini-Trial Issue of BSI's Corporate Residence (ECF No. 457) should be denied because genuine disputes as to material facts preclude granting summary judgment in BSI's favor, and for the other reasons set forth below.

### INTRODUCTION

At issue in the upcoming June 19th Mini-Trial is whether BSI "is a resident of the state of Maryland within the meaning of the Maryland Commercial Electronic Mail Act" ("MCEMA"). (ECF No. 498 at ¶ 5.)  A party seeking damages under MCEMA must establish that the email over which it sues "[i]s from a computer in the State [of Maryland] or is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State [of Maryland]." Md. Comm. Law. § 14-3002(b)(1).  BSI does not allege that any of the emails over which it sues were sent from a computer in Maryland.  Therefore, BSI must show that the emails over which it sues were sent to one or more email addresses that Defendants knew or should have known were held by a resident of Maryland.

The emails over which BSI sues in this case were not, however, sent to any email address used by any user to send and receive email.  Rather, the emails were misaddressed and sent to "random" email addresses, and directed by BSI and/or its sister company Hypertouch to one or more mailboxes that BSI used to archive emails for litigation.  Therefore, the emails were not sent to an electronic email address held by any resident, much less one "held by a resident of the State [of Maryland]" under MCEMA.

BSI's failure to establish that the email addresses were held by a resident of Maryland alone defeats BSI's summary judgment motion, and indeed mandates summary judgment in favor of defendants.  However, even assuming the subject email addresses were held by BSI for purposes of MCEMA, BSI is not a Maryland resident under MCEMA.  At a minimum, and as this Court has ruled no less than four times, factual disputes exist as to whether BSI is a Maryland resident and such factual disputes preclude granting summary judgment.  For these reasons, the Court should deny BSI's motion and allow the trier of fact to determine whether BSI is a Maryland resident for purposes of MCEMA.

## ARGUMENT

### A.    Legal Standard

A moving party is entitled to summary judgment only if it shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. FRCP 56(a); *Brumback v. Callas Contractors, Inc.*, 913 F. Supp. 929, 934 (D. Md. 1995).  Further, the Court must decide all justifiable inferences in favor of the non-moving party. *Brumback*, 913 F. Supp. At 934 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  BSI cannot meet its burden and the Court should deny BSI's motion.

**B.**     **The Email Addresses Were Not Held by any Maryland Resident**

BSI must establish that the emails over which it sues were "sent to an electronic mail address that the sender knows or should have known is held by a resident of the State [of Maryland]." Md. Comm. Law. § 14-3002(b)(1).  BSI failed to and cannot show that any email was sent to any Maryland resident, much less that Defendants knew or should have known the emails were sent to such a resident.  This is so because the emails over which BSI sues in this case were not sent to *any* resident inasmuch as the emails were not sent to any email address held or used by any user to send and receive email. (**Ex. 1**, J. Wagner Dep. at 181:11-24, 184:6-15, 283:23-284:16.**Ex. 13**, P. Wagner/Keynetics Dep. at 24:10-21, 301:10-19, WA 9/17/2009 Dep. at 131:20 – 133:11.)  Rather, the emails were addressed to "random e-mail addresses" or "misaddressed" to one or more mailboxes that BSI used to archive emails for litigation.  (Id.; **Ex. 2,** J. Levine Dep. at 229:20-230:15.)

BSI's claim that it is the recipient of the emails and can sue over them because BSI is the registrant of the domain names to which the emails were addressed is insufficient as a matter of law to show that the emails were sent to any resident.  In *Infinite Monkeys v. Global Resource Systems*, the plaintiff purchased a domain name and then redirected emails sent to the domain to itself.  (**Ex. 3,** *Infinite Monkeys v. Global Resource Systems, Order re: Motion for Summary Judgment or Summary Adjudication* (Superior Court of Cal. 2006).  Plaintiff then sued under California's anti-spam statute, and argued that it was the recipient because it received the emails as the owner of the domain. *Id.*  The court granted summary judgment in favor of the defendants, and held that the plaintiff could not sue over the emails because they were not intended for plaintiff in that the emails were not addressed to plaintiff but instead were merely addressed to a domain that plaintiff owned. *Id.*  Therefore, mere ownership of a domain name and receipt of

3

emails sent to that domain did not enable the plaintiff in *Infinite Monkeys* to sue over such emails under the California's anti-spam statute. *Id*.

Here, all of the emails over which it sues were addressed to misaddressed addresses and email addresses that were not used by any customer or user to send and receive email. (**Ex. 1,** J. Wagner Dep. 181:11-24, 184:6-15, 283:23-284:16; **Ex. 13**, P. Wagner/Keynetics Dep. at 24:10-21, 301:15-19, WA 9/17/2009 Dep. at 131:20 – 132:5.).   Further, just as the plaintiff in *Infinite Monkeys* redirected all of the emails to itself, all of the emails that went through a server owned by Hypertouch were sent to BSI by Hypertouch with BSI's full knowledge and consent. (**Ex. 4**, Combined P. Wagner Dep. at 69:5-8, 140:5-141:3.)  And, also like the plaintiff in *Infinite Monkeys*, BSI's sole basis for claiming it can sue over the emails is that it registered the domains to which the emails were addressed which the court in *Infinite Monkeys* held is insufficient to establish that the emails were sent to anyone for purposes of invoking the state anti-spam statute. (**Ex. 3,** *Infinite Monkeys v. Global Resource Systems, Order re: Motion for Summary Judgment or Summary Adjudication* (Superior Court of Cal. 2006).  Accordingly, BSI is not entitled to summary judgment because it cannot show, as matter of fact or law, that the emails were "held by a resident of the State [of Maryland]" under MCEMA.  The Court should deny BSI's motion for this reason alone.

## C.   Fact Issues Preclude Granting Summary Judgment

Even assuming that BSI held the email addresses to which the emails were sent, this Court already ruled no less than four times that fact issues preclude granting summary judgment on the issue of whether BSI is a Maryland resident within the meaning of MCEMA. (**Ex. 5,** 11/29/2010 Hrg. Trans. at 82:7-86:4; **Ex. 6,** World Avenue ECF No. 544; **Ex. 7,** World Avenue ECF No. 701; ECF No. 440; ECF No. 490.)  BSI's motion should be denied for this additional reason.

For example, BSI claims that it is undisputed that BSI did not "come to Maryland, put a server either in a friend or relative, or stranger's house for rent, have a mail drop and [] use Maryland for purposes of bringing an action in this state." (ECF No. 457-1 at 3.)  Defendants dispute this claim, as the following email excerpt from Paul Wagner/BSI to his/its brother Joe Wagner/Hypertouch shows that BSI parked computer equipment at a residence owned by his parents so that Paul Wagner, who resides in the District of Columbia, could sue over them using BSI as a front:

> Joe,
>
> I plan to leave the little Mac at the parents' house for the time being, for the MD spam law protection afforded there.  (I realize that MD law theoretically should protect any domain name registered in MD, regardless of where a particular server is located, but a DC locale might add unnecessary complexity in appearances.)

(**Ex. 8,** Sept. 9, 2003 Email exchange between P. Wagner and J. Wagner.)

BSI also claims that it operated a business in Maryland continuously since 1996. (ECF No. 457 at 3.)  This alleged claim also is in dispute:

- Paul Wagner/BSI, under oath, identified "1837 R Street NW, Washington DC 20009" as BSI's place of business when he used BSI to sue various companies in small claims court for junk faxes and other things. (**Ex. 9,** P. Wagner/BSI Small Claims Filings in the Superior Court of the District of Columbia.)
- Mail sent to the addresses in Maryland that BSI designated as "principle offices" was, as a matter of standard practice, forwarded to his address in Washington, D.C. (**Ex. 10,** P. Wagner 7/21/11 World Avenue Dep. at 265:7-20.)
- BSI's Washington, D.C. address is the remittance address for payment of invoices issued by BSI. (**Ex. 11,** BSI0022294-303.)

In its April 6, 2012, scheduling order, the Court also set forth factors that the jury may consider in deciding whether BSI satisfies Maryland's residency requirement, including "the physical locations from which BSI officers/employees control, direct, and coordinate BSI business

activities," "amount of time BSI employees/officers are physically present in Maryland conducting BSI business," and "office locations and types [], and corresponding zoning laws." (ECF No. 498 at 5.)  These factors, and the evidence identified above, present just a few of many facts that Defendants will prove at trial to establish that BSI is not a Maryland resident for purposes of MCEMA.  Given this, and that this Court already decided that the fact finder may consider these and other facts when determining whether BSI satisfies MCEMA's residency requirement, the Court should deny BSI's summary judgment motion. (*See* ECF No. 498.)

D.       **BSI's Test For Maryland Residency Is Wrong**

BSI's test for Maryland residency is wrong, and would lead to absurd results if adopted. Specifically, BSI advocates using a test for residency under MCEMA that is similar to that which is used in other parts of the Maryland code, which requires only incorporation and responsibilities incident to incorporation, to establish domiciliary in Maryland.  In support of these minimal requirements, BSI cites to cases defining residency in other parts of the Maryland Code and an MCEMA case where the issue of residency was not actually litigated. (ECF No. 457-1 at 5-8; *MaryCLE v. First Choice Internet*, 166 Md. App. 481 (2006)).  These authorities do not advance or support BSI's test for Maryland residency.

Supreme Court precedent holds that if extending a definition for a term from one section of a code to another section would lead to an "obvious incongruity" and/or "an absurd consequence," it is permissible to interpret the term differently as it applies to the section at issue. *Lawson v. Suwannee S.S. Co.*, 336 U.S. 198, 201 (1949); *United States v. Kirby*, 74 U.S. 482, 486 (1869).  It is another basic tenant of statutory interpretation that the meaning of terms in a statute should be interpreted with the object and purpose of the statute in mind. *Dimmitt & Pwems Fin, Inc. v. United* States, 787 F.2d 1186, 1190 (7th Cir. 1986) (cited with approval in *Brooks v. United* States, 833 F.2d 1136 (4th Cir. 1987).  This commitment to give effect to the

object and purpose of the statute, no matter how a term is defined elsewhere in the code, is supported by both Maryland state courts and the Fourth Circuit. *See Cathey v. Bd. Of Review Dept. Of Health & Mental* Hygiene, 422 Md. 597 (2011); *see also Brooks v. United States*, 833 F.2d 113 (4th Cir. 1987).  In both these cases, the court declined to simply transplant the test for residency or domiciliary from another portion of the applicable code, but rather sought to tailor the terms definition to the object and purpose of the statute at hand. *Id.*

The object and purpose of MCEMA is to protect victims from unlawful emails. (**Ex. 12,** Senator L. Teitelbaum letter regarding SB-538.)  Stated otherwise, the purpose of MCEMA is not to empower fake ISPs that trap alleged spam for the purposes of litigation if they merely plant an email server in their parents' spare bedroom in Maryland and pay a nominal incorporation fee. (ECF No. 457-3 at 2.)  Thus, it would create an obvious incongruity and lead to an absurd result if a statute intended to protect consumers from misleading emails, and ISPs who deliver those emails to consumers, was interpreted in a way that allowed corporations with a server and a mailbox in Maryland to sue for windfalls in statutory damages where, as here, the emails were not sent to any consumer but instead collected by BSI through computer equipment planted in Maryland for lawsuits.  Similarly, it would be contrary to the public good if "resident" was interpreted in such a way that Maryland becomes a magnet for suits brought by people who do not truly operate businesses in Maryland.

## CONCLUSION

For the foregoing reasons, the Court should deny BSI's motion for summary judgment.

Respectfully submitted,

Dated:  June 13, 2012

_____/s/_____
J. Douglas Baldridge, US DC-MD Bar No. 11023
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
anrothman@venable.com

*Attorneys for Connexus Corp.*

_____/s/_____
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*pro hac vice*)
PERKINS COIE LLP
700 13th Street, N.W., Suite 600
Washington, D.C. 20005-3960
(202) 434-1627 (phone)
(202) 654-9106 (fax)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

Darrell J. Graham (*pro hac vice*)
John E. Bucheit (*pro hac vice*)
Peter S. Roeser (*pro hac vice*)
ROESER BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL  60606
(312) 621-0301 (phone)
dgraham@rbglegal.com
jbucheit@rbglegal.com
proreser@rbglegal.com

*Attorneys for Defendants Kraft Foods Inc., Kraft
Foods Global Inc., and Vict. Th. Engwall & Co.,
Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of June, 2012, a copy of the foregoing

DEFENDANTS' OPPOSITION TO PLAINTIFF BEYOND SYSTEMS, INC.'S

MOTION FOR SUMMARY JUDGMENT ON THE MINI-TRIAL ISSUE OF BSI'S

CORPORATE RESICENCY was filed electronically in accordance with the Court's CM/ECF

procedures, and served electronically on the below-named parties by the Court's electronic

notification system:

Thomas M. Barba
John J. Duffy
Jeffrey E. McFadden
Roger W. Yoerges
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
tbarba@steptoe.com
jduffy@steptoe.com
jmcfadden@steptoe.com
ryoerges@steptoe.com

Anthony A. Onorato
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY  10036
tonorato@steptoe.com

Mike Rothman
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
mike@mikerothman.com

Stephen H. Ring
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, MD  20878
shr@ringlaw.com

*Counsel for Plaintiff BSI, Inc.,*
*Joe Wagner/Hypertouch, Inc.*

_____/s/_____
Ari N. Rothman