# EXHIBIT 3

**(ENDORSED)**
**FILED**
OCT 3 0 2006
KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY _DAVID R. WALKER_ DEPUTY

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF SANTA CLARA

INFINITE MONKEYS & CO., LLC,

    Plaintiff,

v.

GLOBAL RESOURCE SYSTEMS CORPORATION, *et al.*,

    Defendants.

Case No. 1-05-CV-039918

<u>ORDER RE: MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION BY DEFENDANT GLOBAL RESOURCES AND OTHERS</u>

    The motion by defendants Global Resource Systems Corporation Brand Interactive LLC, VC E-Commerce Solutions, Inc., Shadowshopper.com, LLC, and E-Management Group, Inc. for summary judgment or summary adjudication came on for hearing before the Honorable Neal A. Cabrinha on August 10, 2006 at 9:00 A.M. in Department 10.  The matter having been submitted, the Court now rules as follows:

    The Court declines to render formal evidentiary rulings, but has disregarded all incompetent and inadmissible evidence in ruling upon this motion.  [See *Biljac Associates v. First Interstate Bank* (1990) 218 Cal.App.3d 1410, 1419-1420.]

Defendants' Request for Judicial Notice

Defendants request the Court to take judicial notice of an order dated April 4, 2006 in the action entitled *In re Optinrealbig.com, LLC and Scott Allen Richter*, Jointly Administered Case No. 05-16304 HRT (Bankruptcy D. Colo.). Although a court may judicially notice a variety of matters (including records contained in a parallel case), only relevant material may be noticed. The reason is that judicial notice substitutes for formal proof, which is always confined to those matters that are relevant to the issue at hand. [See *Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063.] The order in question is not relevant to any issue presented by defendants' summary judgment motion. Accordingly, defendants' request for judicial notice is denied.

Plaintiff's First Cause of Action – Violation of Bus. & Prof. Code § 17529.5

Plaintiff's first cause of action seeks money damages under Business & Professions Code Section 17529.5. Plaintiff claims to be the recipient of prohibited unsolicited commercial e-mail advertisements sent by defendants.

Business and Professions Code Section 17529.1(m) defines "recipient" as "the addressee of an unsolicited commercial e-mail advertisement." Plaintiff was not a recipient. It was not the addressee of the subject e-mails. They were not intended for plaintiff. Plaintiff owns the domain name included in the e-mail address of the advertisements, and it redirected the e-mails to itself. [MF 18, 19].

Accordingly, defendants' motion for summary adjudication of the first cause of action is granted.

Plaintiff's Second Cause of Action – Trespass to Chattel

Plaintiff's second cause of action alleges a trespass by defendant Global Resource Systems Corporation to plaintiff's internet e-mail servers, caused by the massive amounts of e-mail messages which defendant sent.

///

1  In *Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1347, the California
2  Supreme Court held that the tort of trespass to chattels does not encompass an
3  electronic communication that neither damages the recipient computer system
4  nor impairs its functioning. It reasoned that such an electronic communication
5  does not constitute an actionable trespass to personal property, i.e., the
6  computer system, because it does not interfere with the possessor's use or
7  possession of, or any other legally protected interest in, the personal property
8  itself. A claimed loss of productivity caused by employees reading and reacting
9  to the messages and efforts to block the messages is not an injury to the
10 computers—which worked as intended and were unharmed by the
11 communications—any more than the personal distress caused by reading an
12 unpleasant letter would be an injury to the recipient's mailbox, or the loss of
13 privacy caused by an intrusive telephone call would be an injury to the
14 recipient's telephone equipment.
15 In this case, Global introduced competent evidence that plaintiff's ability
16 to do business was not impeded by Global's spam. [MF 11]. Plaintiff set up a
17 server in Santa Clara County, in part, for the purpose of catching spam. [MF
18 20]. The receipt of Global's spam did not interfere with the use of plaintiff's
19 server for other purposes because the server was not being used to provide any
20 other services. [MF 21]. Global's spam took up a certain amount of disk space
21 that might have been used to collect spam from other sources. [MF 22].
22 Plaintiff had no other intended use for that disk space other than to collect spam
23 of some type. [MF 42].
24 Although Global's spam took up some of the disk space on plaintiff's
25 server, it did not cause any actual damage to the server. Plaintiff failed to
26 introduce competent evidence sufficient to raise a genuine triable issue as to the
27 issue of damages. Accordingly, Global's motion for summary adjudication of the
28 second cause of action is granted.

Plaintiff's Third Cause of Action – Unlawful Business Practices

Plaintiff's third cause of action alleges that Global engaged in unlawful business practices by sending deceptive e-mail advertisements.

The Unfair Competition Law broadly prohibits any unlawful, unfair, or fraudulent business act or practice. [See Bus. & Prof. Code § 17200.] Proposition 64 amended the Unfair Competition Law by eliminating the standing of an unaffected plaintiff. A private person may pursue a representative claim only if he or she has suffered injury in fact and has lost money or property as a result of such unfair competition. [See Bus. & Prof. Code § 17204.]

As previously discussed, Global demonstrated that plaintiff did not suffer any actual damage from Global's spam. Plaintiff failed to introduce competent evidence sufficient to raise a genuine triable issue as to the issue of injury in fact and loss of money or property. Accordingly, Global's motion for summary adjudication of the third cause of action is granted.

Plaintiff's Fourth Cause of Action – Unlawful Advertising Practices

Plaintiff's fourth cause of action alleges that Global engaged in unlawful advertising practices in the deceptive manner in which it transmitted e-mail advertisements.

A private person may pursue a representative claim for unlawful advertising practices only if he or she has suffered injury in fact and has lost money or property as a result of a violation. [See Bus. & Prof. Code § 17535.]

As previously discussed, Global demonstrated that plaintiff did not suffer any actual damage from Global's spam. Plaintiff failed to introduce competent evidence sufficient to raise a genuine triable issue as to the issue of injury in fact and loss of money or property. Accordingly, Global's motion for summary adjudication of the fourth cause of action is granted.

1 | For the foregoing reasons, defendants' motion for summary judgment is
2 | granted.

October 30, 2006

**NEAL A. CABRINHA**
_____
JUDGE OF THE SUPERIOR COURT
