UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BEYOND SYSTEMS, INC.

    Plaintiff,

v.

KRAFT FOODS INC., *et al.*

    Defendants.

Case No.: 8:08-cv-00409-PJM

The Honorable Peter J. Messitte

## DEFENDANTS' MOTION IN LIMINE CONCERNIG
## PLAINTIFF'S "SPAM EMAIL FROM DEFENDANTS" MINI-TRIAL EXHIBIT

Defendants seek to preclude Plaintiff Beyond Systems, Inc. ("BSI") from using a demonstrative exhibit attached hereto as Exhibit 1 that claims "BSI Begins Receiving SPAM Email from Defendants" and "BSI Continues to Receive Spam Emails from Defendants" because these allegations inject issues of liability into the Mini-Trial and for the other reasons set forth below.

Federal Rule of Evidence 403 states that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Here, claiming that "BSI Begins Receiving SPAM From Defendants" and that "BSI Continues to Receive Spam Emails from Defendants" injects issues of Defendants' liability into the Mini-Trial – an area of inquiry that the Court repeatedly ruled is outside of the scope of the Mini-Trial.  Further, whether Defendants sent any emails to BSI is hotly contested and subject to extensive expert inquiry and testimony.  Indeed, allowing BSI to

claim that Defendants sent "SPAM Email" would be highly prejudicial to Defendants and would presume key disputed facts – *i.e.*, whether the emails at issue were "SPAM" and whether Defendants sent any email to BSI at all (as opposed to Hypertouch, for example).  Thus, if BSI opens the door to whether Defendants sent "SPAM Email," then BSI will open the floodgates to the extensive expert testimony showing that it, along with Hypertouch, duplicated emails and engaged in other activities that call into question the authenticity of the emails over which BSI sues.  Quite simply, the probative value of the proffered evidence (none) is "substantially outweighed by a danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay, [and] wasting time" under Federal Rule of Evidence 403, and the Court should preclude this and any other exhibit that injects issues of liability into the Mini-Trial.

BSI will in no way be prejudiced by an order precluding it from referring to the emails over which it sues as "spam."  BSI as can easily refer to the emails at issue in non-pejorative terms such as "Kraft's emails", "Connexus' emails," "Defendants' emails", "the emails at issue", or "commercial emails."  Accordingly, the prejudice to Defendants of allowing BSI to label the emails at issue "spam," given the pejorative connotation of the term, far outweighs any probative value (none).

For these reasons, the Court should preclude BSI from using the demonstrative exhibit attached hereto as Exhibit 1 that states that "BSI Begins Receiving SPAM Email from Defendants" and "BSI Continues to Receive Spam Emails from Defendants."

Respectfully submitted,

Dated:  June 18, 2012        /s/
J. Douglas Baldridge, US DC-MD Bar No. 11023
Ari N. Rothman, US DC-MD Bar No. 17560
VENABLE LLP
575 7th Street, N.W.
Washington, DC  20004-1601
(202) 344-4000 (phone)
(202) 344-8300 (fax)
jdbaldridge@venable.com
anrothman@venable.com
*Attorneys for Defendant Connexus Corp.*

       /s/
John K. Roche (USDC-MD Bar No. 17531)
John M. Devaney (*pro hac vice*)
PERKINS COIE LLP
700 13th Street, N.W., Suite 600
Washington, D.C. 20005-3960
(202) 434-1627 (phone)
(202) 654-9106 (fax)
jdevaney@perkinscoie.com
jroche@perkinscoie.com

Darrell J. Graham (*pro hac vice*)
John E. Bucheit (*pro hac vice*)
Peter S. Roeser (*pro hac vice*)
ROESER BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL  60606
(312) 621-0301 (phone)
dgraham@rbglegal.com
jbucheit@rbglegal.com
proreser@rbglegal.com

*Attorneys for Defendants Kraft Foods Inc., Kraft Foods Global Inc., and Vict. Th. Engwall & Co., Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 18, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following individuals:

     Thomas M. Barba
     John J. Duffy
     Jeffrey E. McFadden
     Roger W. Yoerges
     STEPTOE & JOHNSON LLP
     1330 Connecticut Avenue, N.W.
     Washington, D.C.  20036
     tbarba@steptoe.com
     jduffy@steptoe.com
     jmcfadden@steptoe.com
     ryoerges@steptoe.com

     Anthony A. Onorato
     STEPTOE & JOHNSON LLP
     1114 Avenue of the Americas
     New York, NY  10036
     tonorato@steptoe.com

     Stephen H. Ring
     Law Offices of Stephen H. Ring, P.C.
     506 Main Street, Suite 215
     Gaithersburg, MD  20878
     shr@ringlaw.com

     Mike Rothman
     Law Office of Michael S. Rothman
     401 E. Jefferson Street, Suite 201
     Rockville, MD  20850
     mike@mikerothman.com

     *Counsel for Plaintiff BSI, Inc.,*
     *Joe Wagner/Hypertouch, Inc.*

        /s/
     Ari N. Rothman
     *Counsel for Connexus Corp.*