## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| _____ ) | |
| BEYOND SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| ) | Judge Peter J. Messitte |
| KRAFT FOODS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| CONNEXUS CORP., *et al.*, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES JOSEPH WAGNER, *et al.*, ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |

### PROPOSED *VOIR DIRE* QUESTIONS

Plaintiff Beyond Systems, Inc. ("BSI" or "Plaintiff"), proposes that the following

Statement of the case be read to the jury prior to commencing *voir dire* and that the

questions posed below be asked during *voir dire*.

### Plaintiff's Proposed Preliminary Statement for the *Venire*

In this civil case, the Plaintiff, Beyond Systems, Incorporated, or BSI, alleges that

it is an interactive computer service provider and an electronic mail service provider and

has sued Defendants Connexus Corporation, Kraft Foods Global, Kraft Foods, and Victor

Theodore Engwall & Company, claiming that these Defendants transmitted unsolicited

commercial electronic mail messages in violation of certain Maryland and California statutes.

Defendants dispute that BSI qualifies as a valid Plaintiff in this case, and that is what this particular trial is about.  You, the jury, are going to decide whether BSI is an "interactive computer service provider" under the Maryland Commercial Electronic Mail Act.  If it is, then BSI is allowed to make a claim under Maryland law.  You also will decide whether BSI is an "electronic mail service provider" under a section of the California Business and Professions Code entitled "Restrictions on Unsolicited Commercial E-mail Advertisers."  If BSI is an "electronic mail service provider," then it is allowed to make a claim under the California law.

Now, I want to emphasize once again that you will ***not*** be deciding whether the Defendants have violated Maryland and California law.  Thus, you will not be determining whether the Defendants are liable or whether BSI is entitled to an award of damages.  Those issues will be left for another day, depending on the outcome of this trial.

<u>**Defendants' Proposed Preliminary Statement for the *Venire***</u>

Defendants do not oppose Plaintiff's proposed preliminary statement for the venire except that Defendants request that the Court add the following language at the end of the first paragraph of Plaintiff's proposed statement:

"Under the law, a plaintiff may only bring this claim if it is first determined that plaintiff is an "Interactive Computer Service Provider" or an "Email Service Provider" under various state laws.   The purpose of this trial is only to determine whether plaintiff qualifies to

bring this claim.  This trial does not concern whether the email sent was unlawful under any

state law.  In fact, although plaintiff maintains that the email at issue did not comply with state

laws, defendants maintain that the emails at issue were lawful."

**Plaintiff's *Voir Dire* Questions**

1.      Please tell us your name, spelling your last name.

2.      What is your present employment or self-employment?  Please specify the

name of your employer, the business in which the employer is engaged, what you do as

part of that business, and the length of your employment.  If you have had other

employment in the past ten years, please give us the same information.  If you are not

employed, please tell us the same information for your last employment.

3.      If you are married, and if your spouse is employed outside of the home,

please give us the same employment information about your spouse, covering the past ten

years.

4.      Have you, or anyone in your family, ever owned a business?  If yes, did you

start the business yourself?  Is or was the business operated out of your home or someone

else's home?  Would you consider yourself a small-business operator?

5.      Do you have any opinions or views about people who operate small

businesses that would prevent you from rendering a fair and impartial verdict in this trial?

6.      What is the last year of formal education you successfully completed?  If

you have a degree, what was it in?

7.      Do you use a computer at home or work?  Do you use electronic mail,

most often called "e-mail," at home or work?  Do you have Internet access at home or

work?  Do you use the Internet for social purposes?  Business purposes?  Have you ever

-3-

bought anything over the Internet?

8.     Have you ever been a plaintiff, a defendant, or a witness in a civil lawsuit? Those who answer affirmatively, please explain your involvement in any such litigation.

9.     Have you ever served as a juror in a civil or criminal lawsuit?  If you have, please tell us when that happened and what the case or cases involved.  Were you and your fellow jurors able to reach a verdict?

10.    I mentioned the names of the parties to this case earlier.  I will read them again to you.  The Plaintiff is Beyond Systems, Incorporated.  The Defendants are Connexus Corporation, Kraft Foods Global, Incorporated, Kraft Foods, Incorporated, and Victor Theodore Engwall & Company. The Third-Party Defendants are Doctor James Joseph Wagner and Hypertouch, Incorporated.    Those who recognize any of these companies, please answer the following questions:

(a)    Are you personally acquainted with any officer, director, or employee of any of these companies?

(b)    Have you, any family member, or anyone close to you, ever worked for any of these companies?

(c)    Have you, any family member, or anyone close to you, ever owned any shares of stock or any bonds issued by any of these companies?

(d)    Have you, any family member, or anyone close to you, had any dealings with, or relied financially in any way on, any of these companies?

(e)     Have you, any family member, or anyone close to you, ever

purchased any product from Connexus?  If so, please identify the

company and the product, and describe the experience.

(f)     Have you, any family member, or anyone close to you, ever

purchased Gevalia Coffee, a product sold by one of the Kraft

Defendants, Victor Theodore Engwall & Company?  If so, please

describe the experience

(g)     Do you, any family member, or anyone close to you, have feelings,

positive or negative, toward any of these companies?

11.     I am now going to read to you a list of the trial attorneys and their law

firms that are involved in this case.  And what we'll want to know is whether any of them

is related to, whether you know them, or whether you've been represented by any of them

or their law firms now or in the past:

(a)     For BSI:

- Roger Yoerges of the Steptoe & Johnson law firm;

- Jeffrey McFadden of the Steptoe & Johnson law firm;

- Tony Onorato of the Steptoe & Johnson law firm;

(b)     For Connexus:

- Douglas Baldridge of the Venable law firm;

- Ari Rothman of the Venable law firm;

(c)     For the Kraft Defendants:

- Darrell Graham of the Roeser Bucheit & Graham law firm;

and

- John Roche of the Perkins Coie law firm.

12.     I am now going to read to you a list of the individuals who might appear as witnesses in this case.  Again, what we'll need to know is whether you are related to, or personally acquainted with, any of them:

    (a)     For BSI:

- Paul Wagner;

- Dr. James Joseph Wagner;

- Steven Wagner;

- Dr. William Wagner;

- Peter Resnick;

- Dr. John Levine;

- John Clark;

- Lynetta Sykes;

    (b)     For Defendants, in addition to the persons I have just identified:

- Willis Marti;

- Fred Cohen.

13.     Have you, any family member, or anyone close to you, ever been employed, trained, or had any experience in any of the following fields?

    (a)     Engineering

    (b)     Computer Science (programming, design, etc.)

    (c)     Telephone Industry (landlines, Internet, or cellular calling)

    (d)     Information Technology ("IT")

14.     Now I would like to ask you some questions about your feelings toward litigation.  You may have heard or read somewhere along the way that there are individuals and organizations who are involved in testing whether businesses are in compliance with certain laws.  For example, there are organizations that send disabled individuals to various restaurants to see whether the restaurants are in compliance with certain laws regarding access and accommodation for the disabled.  Another example is the fair-housing area where individuals who are protected by those laws will be sent out to lease an apartment or to buy a house.  If these organizations come to their own conclusion that these businesses are not in compliance with the law, they may resort to the courts so that a jury or judge can make the decision.  This case, of course, isn't about housing discrimination or disability discrimination.  What we want to know is whether any of you has a view or opinion that it is inappropriate or improper for individuals or organizations to test whether others are acting in compliance with the law in this way?

15.     Do you feel that it is inappropriate or improper to file a lawsuit against a company or an individual if you believe that some legal right of yours has been violated?  What about situations where someone files several lawsuits against various parties in an effort to enforce their rights?  Do you have any opinions, good, bad, or neutral, about such a person who files multiple cases like that?

16.     Do you believe that there is or should be a limit on the number of times a company can sue in court, even if that company believes that different defendants have violated its rights?

17.     Have you, any family member, or anyone close to you, ever worked for a company in the business of providing e-mail services or Internet access services, or

operated their own such company?

18.    Have you, any family member, or anyone close to you, ever had problems with the company that provides your Internet or email services?  If so, please identify the company and describe the experience.  Did that experience leave you with a negative impression of companies that provide Internet or email services?

19.    This case is about bulk commercial electronic mail, sometimes referred to as "spam."  That is, Plaintiff alleges that Defendants are responsible for sending spam that is false or misleading in particular respects.  While you will ***not*** be asked in this trial to consider the emails themselves or any issues relating to liability, is there anything about the nature of email spam that would prevent you from rendering a fair and impartial verdict on the questions that you will be asked to consider?

20.    Do you have any personal knowledge of this case, or have you read or heard it discussed, or do you have an opinion regarding it?  Those who answer affirmatively, please explain your knowledge or opinion.

21.    As we have been talking, have any of you thought of any reason why you might favor one party in this case just a little more than the other?

22.    Is there any member of the panel who has any special disability, issue, or other concern that would make serving as a member of the jury for the next two weeks difficult or impossible?

23.    If you are selected to sit on this case, will you be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

24.     Do you know of any other matter or circumstance which you believe

should be brought to the Court's attention regarding your service as a juror?

## Defendants' *Voir Dire* Questions

### A.     Parties, Counsel, and Witnesses

1.              Does anyone recognize anyone they see here in the courtroom today?  If so, under what circumstances do you know that person? Will that knowledge cause you not to be impartial?

2.              Does anyone know the Plaintiff Beyond Systems, Inc. or its President Paul A. Wagner? How and under what circumstances? Will that knowledge cause you not to be impartial?

3.              Has anyone done business with the Plaintiff Beyond Systems, Inc. or its President Paul A. Wagner?

4.              Does anyone know the Third Party Defendants Hypertouch, Inc. or James Joseph Wagner? How and under what circumstances? Will that knowledge cause you not to be impartial?

5.              Has anyone done business with the Third Party Defendants Hypertouch, Inc. or James Joseph Wagner?

6.              Does anyone know Plaintiff's counsel Stephen H. Ring of the law firm Stephen H. Ring, P.C., or Michael S. Rothman of the Law Offices of Michael S. Rothman, or Anthony Cavanaugh, Thomas M. Barba, John J. Duffy, Anthony A. Onorato, Jeffrey E. McFadden, Roger W. Yoerges, or Andrew Golodny of Steptoe & Johnson or any member of those firms? How and under what circumstances? Will that knowledge cause you to not be impartial?

7.              Does anyone know Kraft Foods, Inc., Kraft Foods Global Inc., Vict. Th. Engwall & Co., Inc., or Connexus Corp.? How and under what circumstances? Will that knowledge cause you to not be impartial?

8.              Does anyone know Defendants' counsel Darrell J. Graham, John E. Bucheit or Peter S. Roeser of the firm Roeser, Bucheit & Graham or John K. Roche or John M. Devaney of the firm Perkins Coie or J. Douglas Baldridge, Lisa Jose Fales or Ari N. Rothman of the Venable firm or any member of those firms?  How and under what circumstances?  Will that knowledge cause you to not be impartial?

9.              Has anyone here ever heard of the Young Woman's Christian Home in Washington, D.C.?  How and under what circumstances? Will that knowledge cause you to not be impartial?

10.　　　　　Has anyone here ever heard of St. Luke's House, Incorporated in Bethesda, Maryland?  How and under what circumstances? Will that knowledge cause you to not be impartial?

11.　　　　　Does anyone know [Read witness lists].  How do you know them? Would that knowledge cause you not be a fair and impartial juror?

## B.　　Employment & Experience

12.　　　　　Has anyone here ever been involved in a legal proceeding as a plaintiff, defendant, witness or juror?  If so, please explain the circumstances under which you were involved in that legal proceeding.

13.　　　　　Has anyone here ever attended law school?  If so, please briefly describe your law practice from the date of your law school graduation to the present.  If you were in private civil practice, did you primarily represent plaintiffs or defendants?

14.　　　　　Has anyone here ever worked for an attorney or a law firm?  If so, please briefly describe your experience.  If you worked for any attorney or law firm in private civil practice, did they primarily represent plaintiffs or defendants?

15.　　　　　Does anyone here have a family member or close friend who is an attorney?  If so, please briefly describe what you know about their law practice from the date of their law school graduation to the present.  If they were in private civil practice, do you know if they primarily represented plaintiffs or defendants?

16.　　　　　Does anyone here have a background in marketing or advertising?  If so, please describe that background.

17.　　　　　Does anyone here have any family or close friends with a background in marketing or advertising?  If so, please describe what you know about that background.

18.　　　　　Does anyone here have any special expertise with the Internet? If so, what is it?

19.　　　　　Has anyone here ever worked for an Internet Service Provider? If so, what is or was that business and in what capacity are or were you employed there?

20.　　　　　Do any of you have any family or close friends that have ever worked for an Internet Service Provider? If so, what is or was that business and in what capacity are or were they employed there?

21.　　　　　Has anyone here ever been involved in any capacity in a lawsuit or other proceeding regarding unwanted e-mail?

22.　　　　　Has anyone here ever lodged a complaint with an Internet Service Provider, email provider or any other entity regarding unwanted e-mail?

23.        Has anyone here ever had a dispute with an Internet Service Provider?  If so, please describe the circumstances of that dispute and how it was resolved.

24.        Has anyone here ever had a dispute over whether they were a resident of the State of Maryland or of any state?  If so, what were the details of that dispute and how was it resolved?

25.        Has anyone here ever had a family member or close friend who had a dispute over whether they were a resident of the State of Maryland or any state?  If so, what were the details of that dispute and how was it resolved?

26.        Has anyone here ever owned their own business?  If so, what kind of business? How many persons are or were employed by you?

27.        Is there anyone in your family who has ever owned their own business?  If so, what kind of business?  How many persons are or were employed by that business?

28.        Has anyone here ever been employed by a small business?  If so, what kind of business?

29.        Has anyone here ever been employed as part of a company's IT staff?  If so then what was the nature of your duties?

30.        Has anyone here ever joined any anti-spam group?

31.        Has anyone here or any member of your family ever been a party to a lawsuit, other than a domestic lawsuit?  If yes, what type of lawsuit was it and what was the disposition?

32.        Is there anyone here who believes that just because a person files a lawsuit, then that person should be paid money?

33.        Do any of you feel strongly against persons who file multiple lawsuits to gain as much money as possible even if such persons suffered no injury or caused their own injuries?

34.        Is there anyone here who believes that if you have an office in Maryland then you are a Maryland business even if most of the business activities occur and are controlled from a different state?

35.        Has anyone ever served on a trial jury before?  For each time you have sat on a jury, please tell us the type of case, when you served, whether a verdict was reached, and, if no verdict was reached, the reason.  Please do not tell us the verdict.

36.        If you have served on a jury before, is there anything about your past service that would influence you as a juror in this case?

37.        Has anyone ever been annoyed, irritated or angry about receiving an email

message from a company attempting to sell a product or service?

38.        Has anyone every purchased a product or service in response to an email and had a bad experience?

39.        Does anyone have a view about Internet 'spam' and, if so, what is that view?

40.    Do any of you own a domain name?


**Preliminary Statement for the Jury Panel Prior to Opening Statements**

The parties agree to the following preliminary statement for the jury panel prior to

opening statements:

Ladies and Gentlemen, as I mentioned before you were chosen to serve on the

jury in this case, Beyond Systems, Incorporated, or BSI, is the Plaintiff, and it alleges that

it is an interactive computer service provider and an electronic mail service provider

under the laws that will govern their claims.

Defendants dispute that BSI qualifies as a valid Plaintiff in this case, and that is

what this particular trial is about.  You, the jury, are going to decide whether BSI is an

"interactive computer service provider" under the Maryland Commercial Electronic Mail

Act.  If it is, then BSI is allowed to make a claim under Maryland law.  You also will

decide whether BSI is an "electronic mail service provider" under a section of the

California Business and Professions Code entitled "Restrictions on Unsolicited

Commercial E-mail Advertisers."  If BSI is an "electronic mail service provider," then it

is allowed to make a claim under the California law.

Now, I want to emphasize once again that you will ***not*** be deciding whether the

Defendants have violated Maryland and California law.  Thus, you will not be

determining whether the Defendants are liable or whether BSI is entitled to an award of

damages.  Those issues will be left for another day, depending on the outcome of this trial.

Rather, in this case, you are only going to be deciding certain preliminary, factual questions that are in dispute between the Plaintiff and the Defendants – specific questions that will be presented to you in writing at the end of the trial when you deliberate and reach your verdict.

In that regard, you should know that the Court has previously ordered that the trial will be conducted two phases.  The first phase of the trial concerns the question of whether BSI is an Interactive Computer Service Provider, as that term is defined in the Maryland statute, and whether BSI is an Electronic Mail Service Provider, as that term is defined in the California statute.  I will explain the purpose of Phase 2 of the trial after we have completed Phase 1.

In each phase, the lawyers will provide opening statements, then present evidence through witnesses, documents, and demonstrations.  At the end of the evidence in each phase, you will be asked to deliberate and answer specific questions, and then you will return to court and render your verdict.

You should expect that the trial will run through the remainder of this week and through most, if not all, of next week.  There will no trial day on Monday, June 18, and you will not have to come to Court that day.


Date: June 18, 2012                    Respectfully submitted,

/s/

_____

Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)
Jeffrey E. McFadden (D. Md. Bar No. 8738)
John J. Duffy (D. Md. Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C. 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
ryoerges@steptoe.com
jmcfadden@steptoe.com
jduffy@steptoe.com


Anthony A. Onorato (D. Md. Bar No. 28622)
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com
*Counsel for Plaintiff Beyond Systems, Inc. and
Third-Party Defendants James Joseph Wagner
and Hypertouch, Inc.*
*Of Counsel:*
Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215

Gaithersburg, Maryland 20878
T: 301-563-9249
F: 301-563-9639
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com
*Counsel for Plaintiff Beyond Systems, Inc.*

/s/ Darrell J. Graham (with permission)

_____

Darrell J. Graham
Peter S. Roeser
John E. Bucheit
ROESER, BUCHEIT & GRAHAM
LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com
proeser@rbglegal.com
jbucheit@rbglegal.com

Barry J. Reingold (USDC-MD Bar No. 06490)
John M. Devaney *(Pro Hac Vice)*
John K. Roche *(Pro Hac Vice)*
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
T: 202-434-1613
F: 202-434-1690
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com
*Counsel for Defendants Kraft Foods Inc., Kraft
Foods Global, Inc. & Vict. Th. Engwall & Co.*


/s/ Ari N. Rothman (with permission)

_____

J. Douglas Baldridge (US DC-MD Bar No.
11023)
Lisa Jose Fales (US DC-MD Bar No. 08141)
Ari N. Rothman (US DC-MD Bar No. 17560)
VENABLE LLP
575 Seventh Street, N.W.
Washington, D.C. 20004
(202) 344-4000
(202) 344-8300 (Facsimile)


*Counsel for Defendant Connexus Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of June, 2012, the foregoing PROPOSED VOIR

DIRE QUESTIONS  was served via the Court's CM/ECF system on the below-named parties:


Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
700 Thirteenth Street N.W.
Washington, D.C.
20005-3960
(202) 654-6200 (Telephone)
(202) 654-6211 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Peter S. Roeser
John E. Bucheit
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com
proeser@rbglegal.com
jbucheit@rbglegal.com

*Counsel for Defendants Kraft Foods Inc.,*
*Kraft Foods Global Inc., and Vict. Th.*
*Engwall & Co., Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus*
*Corp.*

_____/s/_____

Jennifer M. Newton