**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BEYOND SYSTEMS, INC., )<br><br>    Plaintiff, )<br><br>       v. )<br><br>KRAFT FOODS, INC., *et al*., )<br><br>    Defendants. )<br>_____)<br><br>CONNEXUS CORP., *et al*., )<br><br>    Third-Party Plaintiffs, )<br><br>       v. )<br><br>JAMES JOSEPH WAGNER, *et al*., )<br><br>    Third-Party Defendants. )<br>_____)| Case No. 8:08-cv-00409 (PJM) (CBD)<br>Judge Peter J. Messitte |

## JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Local Rule 106(8),

and this Court's rulings, the Court hereby adopts the following Jury Instructions.

## TABLE OF CONTENTS

Instructions at Close of Evidence ................................................................................................... 3

Jury Instruction No. 1: Juror Attentiveness ................................................................................... 3

Jury Instruction No. 2: Role of the Court ...................................................................................... 4

Jury Instruction No. 3: Role of the Jury ......................................................................................... 5

Jury Instruction No. 4: Jury to Disregard Court's View ................................................................ 6

Jury Instruction No. 5: Juror Oath ................................................................................................. 7

Jury Instruction No. 6: Burden of Proof -- Generally .................................................................... 8

Jury Instruction No. 7: Burden of Proof -- Preponderance of the Evidence .................................. 9

Jury Instruction No. 8: What Is and What Is Not Evidence ......................................................... 10

Jury Instruction No. 9: Direct and Circumstantial Evidence ....................................................... 11

Jury Instruction No. 10: Admissions ............................................................................................ 12

Jury Instruction No. 11: Summaries and Charts Admitted as Evidence ....................................... 13

Jury Instruction No. 12: Summaries and Charts Not Admitted as Evidence ................................ 14

Jury Instruction No. 13: Witness Credibility ............................................................................... 15

Jury Instruction No. 14: Bias ....................................................................................................... 16

Jury Instruction No. 15: Expert Witnesses -- Generally .............................................................. 17

Jury Instruction No. 16: Conflicting Expert Testimony .............................................................. 18

Jury Instruction No. 17: Impartiality in Consideration ................................................................ 19

Jury Instruction No. 18: *Bona Fide* ICSP and EMSP ................................................................ 20

Jury Instruction No. 21: Maryland Residency for Purposes of the Maryland Commercial
Electronic Mail Act (MCEMA) .................................................................................................... 21

Jury Instruction No. 22: Case Submission on Issues ................................................................... 22

## Instructions at Close of Evidence and Preliminary Statement

### Jury Instruction No. 1: Juror Attentiveness

Ladies and gentlemen, we've come to that part of the trial where I will be instructing you on the law that will govern your deliberations. It has been obvious to me and to the lawyers in this case that you have faithfully discharged your duty to listen carefully and to observe each witness who testified. Your attention has never flagged, and you have followed the testimony closely.

I ask you to give me that same careful attention as I instruct you on the law.

I am about to instruct you on Phase 2 of the proceedings. I want to remind you that you are not being asked here to decide whether the Defendants have violated Maryland or California law. You are asked to answer certain specific questions. You are reminded that your personal feelings about spam or unsolicited commercial email are to be put aside. The mere sending of spam or unsolicited commercial email is not illegal, and there would have to be some illegality in the email, but that is not an issue before you today. All of the evidence from the first phase of this case can be considered by you in this phase as well.

## Jury Instruction No. 2: Role of the Court

You have now heard all of the evidence in the case and will soon hear the closing arguments from the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict on any other view of the law than that which I give you.

## Jury Instruction No. 3: Role of the Jury

While I am the judge of the law, you are the judges of the facts. You decide what the evidence establishes. You determine the credibility of the witnesses. You resolve any conflicts that there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely on your own recollection of the evidence. What the lawyers have said in their opening statements, in the objections, in their questions, or in their closing arguments is not evidence. Nor is what I may have said—or what I will say in these instructions—evidence. In this connection, you should bear in mind that a question put to a witness is never evidence; it is only the answer that is evidence. But you may not consider any answer that I directed you to disregard or that I directed to be stricken from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff, Beyond Systems, Incorporated, is an "Interactive Computer Service Provider" under the Maryland Commercial Electronic Mail Act and/or whether Beyond Systems, Incorporated is an "Electronic Mail Service Provider" under the California Business and Professions Code.

I also ask you to draw no inference from the fact that on occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## Jury Instruction No. 4: Jury to Disregard Court's View

Again, I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence.  If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it.  You are, I repeat, the exclusive, sole judges of all the questions of fact submitted to you and of the credibility of the witnesses.  Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you.  In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence.

From time to time the Court has been called on to pass on the admissibility of certain evidence, although I have tried to do so, insofar as it was practicable, out of your hearing.  You do not need to concern yourselves with the reasons for any such rulings, and you are not to draw any inferences from them.  Whether evidence offered by the parties is admissible is purely a question of law, and that is solely the function of the Court.  In admitting evidence to which an objection has been made, the Court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence.  Of course, you will dismiss from your mind completely any evidence that has been ruled out of the case by the Court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any discussion between Court and counsel held out of your hearing or sight.

## Jury Instruction No. 5: Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely on the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

### Jury Instruction No. 6: Burden of Proof -- Generally

In Phase One of this civil case the plaintiff, Beyond Systems, Incorporated, has the burden of proving that it is an Interactive Computer Service Provider under Maryland law and/or an Electronic Mail Service Provider under California law.

If after considering all the evidence you are satisfied that BSI has carried its burden of proof, then you must find for BSI in this phase of the trial. If after such consideration you find the evidence of both parties to be in equal balance or equally probable, then BSI has not sustained its burden on the claims and you must find for the defendants.

### Jury Instruction No. 7: Burden of Proof -- Preponderance of the Evidence

The party with the burden of proof on any given factual issue has the burden of proving that issue by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish a factual issue by a preponderance of the evidence, you must decide against it on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence and not to the number of witnesses or documents. In determining whether an issue has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party who has the burden of proof. This is because the party bearing this burden must prove more than simple equality of evidence. It must prove its claim by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that factual issue or claim will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof only in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind.

## Jury Instruction No. 8: What Is and What Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and any admissions that may have been read to you.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on direct or cross examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony and exhibits that I have stricken or excluded from the record are not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony or exhibits were received for a limited purpose -- such as for the purpose of assessing a witness' credibility -- you must follow the limiting instructions that I gave you at the time the testimony was given or the exhibit was offered. Likewise, materials brought forth only to refresh a witness' recollection are not evidence.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and what they will say to you in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the evidence offered during the trial differs from the lawyers' statements, it is your recollection that controls.

To constitute evidence, exhibits must be received in evidence by the Court. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence.

In short, it is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

## Jury Instruction No. 9: Direct and Circumstantial Evidence

There are two types of evidence — direct and circumstantial. Direct evidence is, for example, testimony of a person reporting firsthand knowledge of a matter, such as testimony of an eyewitness to an occurrence. Circumstantial evidence is indirect and is proof of a chain of facts and circumstances that point to the existence of certain facts. For example, if a witness testifies that he saw a deer in the field, that is direct evidence that there was a deer in the field. If a person testifies that he saw deer prints in the snow in the field, that is direct evidence that there were deer prints in the snow, and circumstantial evidence that there was at least one deer in the field. The law makes no distinction between the weight to be given to either type of evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. In reaching a verdict, you should weigh all of the evidence presented, whether direct or circumstantial.

## Jury Instruction No. 10: Admissions

During the trial, counsel has read answers that one gave to the other party's requests for admission. Requests for admissions are permitted under the rules of the court as a way to ask an opposing party to admit or deny a fact or a series of facts.

A party's responses to requests for admissions are evidence and should be considered by you. If a party admits a fact, then you must accept that fact as admitted for all purposes in this trial.

## Jury Instruction No. 11: Summaries and Charts Admitted as Evidence

The parties have presented certain exhibits in the form of charts or summaries. If I admitted any of these charts and summaries into evidence, in place of, or in addition to, the underlying documents that they represent, you should consider these admitted charts and summaries as you would any other evidence.

I must caution you that while the information depicted in the charts and summaries has been received in evidence, the captions, summary headings and characterizations of the information are not evidence. I have allowed them to be put before you simply as an organizational device. You may accept or reject them as you would the summations of counsel.

## Jury Instruction No. 12: Summaries and Charts Not Admitted as Evidence

Certain of the charts and summaries, on the other hand, were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents on which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to charts or summaries of this type than you would give to the evidence on which they are based.

It is for you to decide whether these charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider such charts and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence. These items, however, will not be in the jury room with you as you deliberate.

## Jury Instruction No. 13: Witness Credibility

You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine what the truth is? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear? What was his or her demeanor—that is, the way he or she carried himself or herself; his or her behavior, bearing, manner and appearance while testifying? It may not be what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, candor or lack of candor, intelligence, the reasonableness and probability of his or her testimony, and the consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

## Jury Instruction No. 14: Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

## Jury Instruction No. 15: Expert Witnesses -- Generally

You have heard testimony from expert witnesses. An expert is allowed to express his opinion on those matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing each expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept this witness's testimony merely because he or she is an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

## Jury Instruction No. 16: Conflicting Expert Testimony

Some of the testimony of certain of the experts you have heard may be in conflict. In these circumstances, the experts disagree. It may seem strange to you that you are being called on to resolve a conflict between experts who disagree. But you must remember that you are the sole trier of the facts and their testimony relates to questions of fact. It is your job to resolve the disagreement.

The way you resolve the conflict between experts is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, because they gave expert opinions, you should assess the soundness of each expert's opinion, the reasons for the opinion, and his or her motive (if any) for testifying.

You may give the testimony of each expert such weight, if any, that you think it deserves in the light of all the evidence. You should not permit an expert's testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any expert in whole or in part, if you conclude that the reasons given in support of an opinion are unsound or if you, for other reasons, do not believe the expert witness. The determination of the facts in this case rests solely with you.

## Jury Instruction No. 17: Impartiality in Consideration

You must consider and decide this case fairly and impartially. All persons, including corporations, stand equal before the law and are entitled to the same treatment under the law. You should not be prejudiced for or against a person because of that person's race, color, religion, political or social views, wealth or poverty. You should not even consider such matters. The same is true as to prejudice, for or against, and sympathy for any party.

## Jury Instruction No. 18: *Bona Fide* ICSP and EMSP

Now, as I informed you at the outset of Phase Two of the trial, you are to determine whether Beyond Systems, Inc. ("BSI") is a *bona fide* Interactive Computer Service Provider ("ICSP") under § 14-3001 of the Maryland Commercial Law, the Maryland Commercial Electronic Mail Act, and a *bona fide* Electronic Mail Service Provider ("EMSP") under § 17529.1 of the California Business and Professions Code, Article 1.8, Restrictions on Unsolicited Commercial E-mail Advertisers.

A *bona fide* ICSP and EMSP is an entity that primarily and substantially provides the services set forth in the Maryland and California statutes.

An entity is not a *bona fide* ICSP or EMSP if it primarily or substantially engages in bringing anti-spam litigation.

The relevant time frame for this consideration is 2005 and after.

As in phase I, Plaintiffs have the burden of proving, by a preponderance of the evidence, that BSI is a *bona fide* ICSP and EMSP.

**Jury Instruction No. 19:  Maryland Residency for Purposes of the Maryland Commercial Electronic Mail Act (MCEMA)**

You must determine whether BSI is a resident of the State of Maryland for purposes of the Maryland Commercial Electronic Mail Act (MCEMA).

In making this determination, you may consider the following non-exhaustive list of factors as to BSI's residency:

1.  State of incorporation

2.  Length of incorporation

3.  Payment of taxes and other assessments to the state of  Maryland

4.  Location and types of offices and location of corporate addresses used for Interactive Computer Service Provider activity

5.  Locations of equipment used for Interactive Computer Service Provider activity

6.  Physical locations from which BSI directs, controls, and coordinates its Interactive Computer Service Provider activities and other business activities

7.  Locations from which BSI accesses computer equipment used for Interactive Computer Service Provider activity

8.  Addresses used in domain name registrations

9.  Amount of time BSI's employee/officer has been physically present in Maryland conducting BSI business

10. Amount of time BSI's employee/officer has been physically present outside of Maryland conducting BSI business.

## Jury Instruction No. 20: Case Submission on Issues

In this case, it will be your duty to return your verdict in the form of written answers to the written questions which are submitted to you by the Court. Your answers will constitute your verdict. Each answer is to be written in the space provided after each question. Before making each answer, all of you must agree upon it. It is your duty to answer each of these questions in accordance with the evidence in the case.