provider" ("ICSP") as "an information service, system, or access software provider that provides or enables computer access by multiple users to a computer service" and "includes a service or system that provides access to the Internet." Md. Code Ann., Comm. Law § 14-3001(c)(1) & (2) (West 2012). The California statute provides that "[a]n electronic mail service provider" "may bring an action against a person or entity that violates any provision of this section." Cal. Bus. & Prof. Code § 17529.5(b)(1)(A) (West 2012). That statute defines an "Electronic mail service provider" ("EMSP") as "any person, including an Internet service provider, that is an intermediary in sending or receiving electronic mail or that provides to end users of the electronic mail service the ability to send or receive electronic mail." Cal. Bus. & Prof. Code § 17529.1(h) (West 2012).

Under these statutes, if a jury were to find that BSI is an ICSP, then BSI has standing under Maryland law. If a jury were to find that BSI is an EMSP, then BSI has standing under California law. Defendants' argument that BSI also must prove that it is a "bona fide" provider of Internet services based on some amorphous notion of what it takes to qualify as "legitimate" is insupportable and not rooted in any statutory language. Here, the jury found after hearing the evidence in Phase One of the trial that BSI was *both* an ICSP and an EMSP. That is all that it takes as a matter of law to establish that BSI has standing to sue for the illegal spam that Defendants have sent, and that is where the standing inquiry should have ended as a matter of law.

      A.      **The Evidence Proved That BSI Provides Email Services and Enables Computer Access by Multiple Users to a Computer Service.**

BSI introduced various exhibits in Phase One of the trial, along with the testimony of several witnesses, including Paul Wagner, the founder and President of BSI; John Clark, the Director of Facilities and Information Technology at St. Luke's House, Inc.; Lynnita Sykes, the