**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 8:08-cv-00409 (PJM) |
| KRAFT FOODS, INC., *et al*., | ) | |
| Defendants. | ) | |

**PLAINTIFF BEYOND SYSTEMS, INC.'S RENEWED APPLICATION**
**FOR ENTRY OF JUDGMENT FOR DAMAGES AGAINST DEFENDANT HYDRA LLC**

Plaintiff Beyond Systems, Inc. ("BSI") hereby submits this renewed application seeking entry of judgment for damages against Defendant Hydra LLC ("Hydra").

On Dec. 27, 2010, this Court entered a default judgment against Hydra as to liability. *See* DE 412; *see also* June 14, 2010 Hrg. Tr. at 7:21-25 (directing the Clerk of Court to enter default as to Hydra). However, the Court deferred entering a final judgment pending resolution of other issues in this case. For the reasons set forth below and in the accompanying memorandum, BSI respectfully submits that the entry of final judgment against Hydra no longer requires the resolution of any issue standing as a potential impediment to such entry. To the contrary, consideration of those factors relevant to the entry of final judgment against Hydra weighs heavily in favor entering judgment now. Hydra abandoned this litigation in bad faith and has undertaken multiple changes in corporate form in an effort to hide assets – all while it has continued to conduct its spamming business. Further delay in the entry of final judgment will allow Hydra to distance itself even further from its liability, and the resulting increase in the difficulty of enforcing the judgment against Hydra will only work to BSI's prejudice.

**A. Background**

1. On February 15, 2008, BSI filed a Complaint against Hydra in the United States District Court for the Central District of California. *Beyond Systems, Inc. v. Connexus Corp. et al.*, No. 08-01039 (RGK) at DE 1. Hydra filed its answer on April 3, 2008, and proceeded to defend itself in the action. *Id.* at DE 47.

2. The parties agreed to dismiss Defendants Hydra and Connexus Corp. from action No. 08-01039 (RGK) pursuant to Federal Rule of Civil Procedure 41(a)(2) and to add these Defendants by amendment to a pre-existing action that BSI had previously filed in Maryland, *Beyond Systems, Inc. v. Kraft Foods, et al.*, No. 8:08-cv-00409 (PJM). BSI did so by way of its Second Amended Complaint in the *Kraft* action, filed November 26, 2008. DE 52.

3. The remaining defendants from No. 08-01039 (RGK), MailCompanyX and Sebastian Barale, were left in the *Beyond Systems, Inc. v. Connexus Corp.* case, re-captioned in Maryland as No. 8:09-cv-00080 (PJM).

4. Hydra filed its answer to the Second Amended Complaint on March 4, 2009 (DE 62) and proceeded to defend itself in this lawsuit by, among other things, filing a third-party complaint on March 6, 2010. DE 74.

5. In the course of litigation between BSI and Hydra, Hydra filed more than 25 motions; participated in over 55 days of depositions; and issued 107 requests for documents, 21 interrogatories, and 123 requests for admissions. BSI produced over 20,000 pages of documents to Hydra in response to these requests, and Hydra produced over 10,000 pages of documents in response to BSI's discovery requests concerning the original 25,475 emails that BSI produced at the outset of the case.

6. It is undisputed that Hydra and its agents advertised in and initiated and assisted in the transmission of 45,773 commercial e-mail advertisements to email addresses held by BSI. This includes the 25,475 emails that BSI produced at the outset of the case, plus two sets totaling 20,331 emails that BSI received after the case was filed. Of these, 29 emails pre-dating February 15, 2005, have been removed from the case, along with four non-Hydra emails. 45,773 Hydra emails are at issue in this motion.

7. In October 2008 and May 2009, these additional 20,331 emails were produced to Hydra. In response, in November 2008 and May 2009, Hydra refused to produce any discovery as to those emails and instead filed a motion seeking to exclude the emails from the case.

8. On December 7, 2009, Judge Day denied Hydra's motion and ruled that the 20,331 additional Hydra emails received from the time the case was filed until March 2009 were properly at issue in this case. *See* December 7, 2009 Hrg. Tr. before Magistrate Judge Day at 30:18-19, 57:23-25.

9. The next day, December 8, 2009, BSI sent a letter to Hydra's counsel demanding that Hydra produce the discovery as to these emails it had previously been refusing to produce since November 2008 – more than 13 months earlier.

10. On December 16, 2009, BSI sent a second letter demanding Hydra's overdue production of documents the Court had compelled in July 2009 (DE 190), along with the discovery that Hydra owed to BSI related to the 20,331 Hydra emails. DE 264 at Ex. 1.

11. On December 21, 2009, Hydra again refused to produce any discovery, including discovery related to the 20,331 Hydra emails. *Id*. at Ex. 2.

12. On December 23, 2009, BSI filed a motion to enforce the Court's order and compel the production of the wrongfully withheld discovery. DE 264. That motion was outstanding when Hydra defaulted on February 22, 2010.

13. On January 22, 2010, Venable LLP ("Venable") moved to withdraw from its representation of Hydra. DE 280. Venable's motion disclosed that Hydra had informed Venable in December 2009 that Hydra had entered into voluntary receivership and was selling Hydra's assets from Hydra LLC to Hydra Group LLC, f/k/a Marlboro Investment Group, another company also formed by Zac Brandenberg. *Id.* at 1, 2.

14. Prior to withdrawing, Venable advised Hydra that pursuant to the rules of this Court, Hydra must have new counsel enter an appearance by February 22, 2010, or be subject to the dismissal of its claims and/or default judgment on claims against it. DE 280 at Ex. 1; June 14, 2010 Hrg. Tr. at 7:16-19; *see* L.R. 101(2)(b).

15. Hydra did not retain new counsel and "advised Venable that it will not retain new counsel." DE 289 at 2. Moreover, Hydra told Venable that "[t]his litigation has no value to the company so there is no reason for the company to continue litigating." *Id.* at Ex. 1.

16. This Court granted Venable's motion to withdraw on March 5, 2010. DE 308.

17. The successor company, Hydra Group LLC, continued to operate the same spam advertising business, running Hydra's same affiliate network, and conducting the business through Hydra's existing network, hydranetwork.com. DE 280 at 1, 2; DE 282 at 2-3; DE 295 at note 2 (showing new Hydra spam from February 18, 2010); https://www.hydragroup.com/press/10/hydra-group-LLC-buys-assets-of-hydra-LLC.html.

18. On April 15, 2010, BSI informed the Court that Hydra had changed its name to Hydra Group LLC and had disavowed certain debts and obligations of Hydra. DE 337. Counsel

for BSI filed and requested expedited consideration of BSI's motion for entry of default against Hydra and Third-Party Defendant Hypertouch's motion to dismiss Hydra's Third-Party Complaint (DE 301 & 302) to permit BSI to take steps, including, if necessary, additional litigation, to prevent Hydra from evading its legal obligations by a fraudulent transfer of assets.

19. On June 14, 2010, the Court granted BSI's motion for entry of default as to Hydra and directed the Clerk to enter default. (June 14, 2010 Hrg. Tr. at 7:21-25). On July 16, 2010, the Clerk did so. DE 376.

20. On June 21, 2010, a company called AdKnowledge announced that it had completed its acquisition of Hydra Group. *See* http://www.adknowledge.com/press-room/press-releases/adknowledge-acquires-hydra-leading-cpa-affiliate-network.

21. By August-September, 2010, the well-known domains that Hydra used in its emails – key identifiers in attributing spam to Hydra – were transferred to a new registrant, AdKnowledge. *See* Declaration of Paul Wagner ("Wagner Decl.") ¶¶ 5-12.

22. Hydra Group LLC is currently, actively litigating an anti-spam matter brought under the California statute, Cal. Bus. & Prof. Code § 17529.5, in the U.S. District Court for the Eastern District of New York for emails sent in 2010. BSI (which sued Hydra in 2008) was still receiving emails from Hydra during that same time period. *Id*. ¶¶ 13-27; *see Bank v. Hydra Group LLC*, 10-cv-01770 (JG) (VMS) (E.D.N.Y.) (Ex. 1).

**B. <u>Hydra's Ongoing Spamming of BSI</u>**

23. Since March 20, 2009, when BSI last assembled emails for production to Hydra, Hydra has continued to send thousands of additional emails to BSI, all of which contain a sales link that redirected through Hydra's server at lynxtrack.com and/or a URL with a Hydra domain, such as imglt.com. Wagner Decl. ¶¶ 13-23. Since August 12, 2010, when BSI last apprised the

Court of Hydra's ongoing spamming (DE 388), BSI has received several thousand additional emails not at issue here, dated as recently as April 2012. *Id*. ¶¶ 24-27. Many of these emails promote Kraft's Gevalia and Tassimo coffee products. *Id*. ¶¶ 13-23. These emails contain one or more domains formerly registered to Hydra that are now registered to AdKnowledge, the Hydra identifier for Kraft in the Kraft emails ("Mailer ID: 15-"), and/or sales URLs that redirect to AdKnowledge domains. *Id*. ¶¶ 13-27.

**C. <u>It Is Appropriate for This Court to Enter Damages Without Further Delay.</u>**

24. On Dec. 27, 2010, this Court entered a default as to liability against Hydra. DE 412. At that time, the Court deferred entering judgment as to damages until all other issues are resolved in this case.

25. From June 19 to June 28, 2012, this Court conducted a two-phase trial before a jury. Phase One of the trial addressed whether BSI is an "interactive computer service provider" ("ICSP") under Md. Code Ann., Comm. Law § 14-3001(c)(1), and/or an "electronic mail service provider" ("EMSP") under Cal. Bus. & Prof. Code § 17529.1(h). On June 25, the jury returned a verdict in BSI's favor on both issues. The jury found that "BSI is a service or system that provides access to the Internet or is an information service system or access software provider that provides or enables computer access by multiple users to be, to a computer service." (Trial Tr. at 6/25 101:5-23). The jury also found that "BSI is an intermediary in sending or receiving electronic mail or that provides to end users of electronic mail service the ability to send or receive electronic mail." (Trial Tr. at 6/25 101:25-102:10).

26. The jury findings in Phase One conclusively establish that BSI meets the statutory definitions of ICSP and EMSP.

27. The trial then moved to Phase Two, which addressed two issues: Defendants' argument that BSI is not a "bona fide" ICSP and EMSP based solely on BSI's litigation activities, and whether BSI is a Maryland resident. While the Phase Two "bona fide" jury instruction virtually compelled the jury to find that BSI's "litigation activities" disqualify it from being a "bona fide" ICSP/EMSP, that defense had never been asserted by and was waived by Hydra in default. The same is true for any "consent" defense.[1]

28. Pursuant to the Court's entry of default as to Hydra's liability, Hydra, based in Beverly Hills, California, and/or its agents sent or caused to be sent commercial e-mail advertisements to BSI that contained or were accompanied by falsified, misrepresented, or forged header information, and/or had a subject line likely to mislead a recipient, all in violation of Cal. Bus. & Prof. Code §§ 17529.5(a)(1), (2) and/or (3).

29. Further pursuant to the Court's entry of default as to Hydra's liability, Hydra and/or their agents, initiated the transmission, conspired with another person or persons to initiate the transmission, and/or assisted in the transmission of the emails received by BSI in Maryland which contained false and/or misleading information about the origin or the transmission path of the e-mail, and/or which contained false and/or misleading information in the subject line that had the capacity, tendency, or effect of deceiving the recipient, all in violation of Md. Comm. Law §§ 14-3002(b)(i), (ii) and/or (iii).

30. Hydra is liable for sending 45,773 such emails to BSI as of March 20, 2009. Under Maryland law, Hydra is liable to BSI for $1,000 per email in statutory damages. Under California law, Hydra is liable to BSI for $1,000 per email in statutory damages. Accounting for

[1] The jury also found that BSI is a Maryland resident. (Trial Tr. at 6/28 82:15-19).

this Court's ruling on the applicable statutes of limitations (as described *supra* ¶ 6), BSI seeks entry of final judgment against Hydra in the amount of $69,691,000.

31. Both the Maryland and California statutes provide for reasonable attorneys' fees, and the California statute also provides for costs. *See* Md. Comm. Law § 14-300 ("A person who violates this subtitle is liable for reasonable attorney's fees and for damages: . . . (3) to an interactive computer service provider, in an amount equal to the greater of $1,000 or the interactive computer service provider's actual damages."); Cal. Bus. & Prof. Code § 17529.5(b)(1)(C) ("The recipient, an electronic mail service provider, or the Attorney General, if the prevailing plaintiff, may also recover reasonable attorney's fees and costs.").

Because there exists no issue requiring resolution before entering damages as part of the already-entered default judgment against Hydra, BSI respectfully requests that this Court proceed accordingly. In further support of this motion, BSI submits the attached Memorandum of Points and Authorities.

WHEREFORE, BSI respectfully requests that this Court enter a final judgment for damages against Defendant Hydra in the amount of $69,691,000, and for reasonable attorneys' fees, and costs in an amount to be determined upon further submissions by BSI.

Date: October 17, 2012

Respectfully submitted,

/s/
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)
Jeffrey E. McFadden (D. Md. Bar No. 8738)
John J. Duffy (D. Md. Bar No. 28613)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, D.C. 20036
T: 202-429-3000
F: 202-429-3902
tbarba@steptoe.com
ryoerges@steptoe.com
jmcfadden@steptoe.com
jduffy@steptoe.com

Anthony A. Onorato (D. Md. Bar No. 28622)
STEPTOE & JOHNSON LLP
1114 Avenue of the Americas
New York, NY 10036
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and Third-Party Defendants James Joseph Wagner and Hypertouch, Inc.*

*Of Counsel:*

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P.C.
506 Main Street, Suite 215
Gaithersburg, Maryland 20878
T: 301-563-9249
F: 301-563-9639
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD 20850
T: 301-251-9660
F: 301-251-9610
mike@mikerothman.com

*Counsel for Plaintiff Beyond Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of October, 2012, Plaintiff Beyond Systems, Inc.'s Renewed Application for Entry of Judgment for Damages Against Defendant Hydra LLC, memorandum in support thereof, and proposed Order, were filed electronically in accordance with the Court's ECF procedures, and served on the below-named parties as indicated:

VIA ECF:
Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
607 14th Street NW, Suite 800
Washington DC 20005-2003
202-434-1613 (Telephone)
202-434-1690 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com

Darrell J. Graham
Peter S. Roeser
John E. Bucheit
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com
proeser@rbglegal.com
jbucheit@rbglegal.com
*Counsel for Defendants Kraft Foods Inc., Kraft Foods Global and Vict. Th. Engwall & Co.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, DC 20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com
*Counsel for Defendant Connexus Corp.*

VIA Federal Express and U.S. Mail (on October 18, 2012):
Hydra LLC
800 Wilshire Boulevard, 2nd Floor
Beverly Hills, CA 90211
(Last Known Address)

/s/
Jennifer M. Newton