# EXHIBIT 1

1  Lawrence P. Riff (SBN 104826)
   lriff@steptoe.com
2  Lynn R. Levitan (SBN 176737)
   llevitan@steptoe.com
3  **STEPTOE & JOHNSON LLP**
   633 W 5th Street, Suite 700
4  Los Angeles, CA  90071
   Telephone : (213) 439-9400
5  Facsimile:    (213) 439-9599

6  Thomas M. Barba (admitted *pro hac vice*)
   John J. Duffy (admitted *pro hac vice*)
7  Anthony A. Onorato (admitted *pro hac vice*)
   Jennie L. Kneedler (admitted *pro hac vice*)
8  **STEPTOE & JOHNSON LLP**
   1330 Connecticut Ave., NW
9  Washington, DC  20036
   Telephone:  (202) 429-3000
10 Facsimile:   (202) 429-3902

11 Attorneys for Plaintiff
   BEYOND SYSTEMS, INC.
12

13 **UNITED STATES DISTRICT COURT**

14 **CENTRAL DISTRICT OF CALIFORNIA**

15

16 BEYOND SYSTEMS, INC., a
   Maryland corporation,

17            Plaintiff,

18      vs.

19 CONNEXUS CORP. (f/k/a
   VENDARE MEDIA and NetBlue,
20 Inc.), a Delaware corporation;
   HYDRA MEDIA GROUP, INC., a
21 California corporation;
   MAILCOMPANYX (d/b/a Internet
22 Endeavors, Inc.), a Nevada
   corporation, including SEBASTIAN
23 BARALE, in his individual capacity;
   and Does 1 through 10, inclusive,
24
             Defendants.
25

26

27

28

Case No.  CV08-01039 RGK PLAX

Complaint filed:  February 14, 2008

*Assigned to Hon. R. Gary Klausner*
*Courtroom 850*

**PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES TO CONNEXUS CORP.**

1

1      Pursuant to the request of counsel for Defendant Connexus Corp.

2 ("Connexus"), Plaintiff Beyond Systems, Inc. ("BSI") hereby supplements its

3 initial disclosures dated May 15, 2008.  BSI reserves the right to further

4 supplement these disclosures as additional information becomes available.

5

6      **Rule 26(a)(1)(A):** "[T]he name and, if known, the address and telephone

     number of each individual likely to have discoverable information that the

7      disclosing party may use to support its claims or defenses, unless solely for

8      impeachment, identifying the subjects of the information."

9

10      **Disclosure:**  The following individual is an employee of BSI and is likely to

11 have potentially discoverable information that BSI may use to support its claims.

12 This individual is represented by the undersigned counsel for BSI in this matter

13 and may not be contacted except through such counsel:

14 

| Name & Address | Subject of Information |
|---|---|
| Paul A. Wagner<br>Beyond Systems, Inc.<br>9501 Anchorage Place<br>Bethesda, MD 20817 | The e-mails at issue in this Action;<br>BSI's computer systems and services. |

18

19      The following individual is not an employee of BSI, but is likely to have

20 potentially discoverable information that BSI may use to support its claims.  This

21 individual is represented by the undersigned counsel for BSI in other matters and

22 should not be contacted except through such counsel:

23 

| Name & Address | Subject of Information |
|---|---|
| James Joseph Wagner<br>417A Oak Grove Ave<br>Menlo Park, CA 94025 | The e-mails at issue. |

26

27

28

PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) INITIAL
DISCLOSURES TO CONNEXUS CORP.

**Rule 26(a)(1)(B):** "[A] copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment."

**Disclosure:** BSI is in the process of determining what documents, data compilations, and things, if any, BSI may use to support its claims. Subject to the foregoing, BSI refers Defendant Connexus to:

| Description | Location |
|---|---|
| The e-mails at issue | BSI servers and workstations (back ups located on external BSI hard drives) |
| Documents regarding BSI's systems and services | BSI servers and workstations (back ups located on external BSI hard drives) |

Documents, data compilations, and things subject to attorney-client privilege/attorney work-product are not identified or categorized herein.

**Rule 26(a)(1)(C):** "[A] computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered."

**Disclosure:** Plaintiff seeks statutory damages from Defendant Connexus Corp. in the amount of $1,000 per e-mail under California Business & Professions Code § 17529.5 and $1,000 per e-mail under Maryland Commercial Law Code § 14-3002. BSI has received approximately 23,000 e-mails linked to Defendant Connexus; thus, it seeks a total of approximately $46 million in statutory damages. Plaintiff also seeks damages from Connexus for its liability for civil conspiracy. Connexus is vicariously liable for the actions of all Defendants with which it conspired in the sending of illegal emails, including Doe Defendants to be named,

3

in an amount to be proven at trial.  Finally, BSI seeks actual damages, including but not limited to $31,011.05.  Documents reflecting the current calculation of Plaintiff's actual damages are being produced concurrently herewith.

**Rule 26(a)(1)(D):**  "[Produce] for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

**Disclosure:**  Not applicable.

Dated:   July 24, 2008                   Respectfully submitted,

                                         STEPTOE & JOHNSON LLP

                                         Lawrence P. Riff
                                         Lynn R. Levitan
                                         STEPTOE & JOHNSON LLP
                                         633 W 5th Street, Suite 700
                                         Los Angeles, CA  90071
                                         Telephone: (213) 439-9400
                                         Facsimile:  (213) 439-9599

                                         Thomas M. Barba (admitted *pro hac vice*)
                                         John J. Duffy (admitted *pro hac vice*)
                                         Anthony A. Onorato (admitted *pro hac vice*)
                                         Jennie L. Kneedler (admitted *pro hac vice*)
                                         STEPTOE & JOHNSON LLP
                                         1330 Connecticut Ave., NW
                                         Washington, DC  20036
                                         Telephone: (202) 429-3000
                                         Facsimile:  (202) 429-3902
                                         *Attorneys for Plaintiff BEYOND SYSTEMS, INC.*

4

## PROOF OF SERVICE
### F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the District of Columbia.  I am over the age of 18 and not a party to this action.  My business address is:  Steptoe & Johnson LLP, 1330 Connecticut Ave., NW, Washington, D.C.  20036.

On **July 24, 2008,** I served the following listed document(s), by method indicated below, on the parties in this action:  **PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) INITIAL DISCLOSURES TO CONNEXUS CORP.**

### *SEE ATTACHED SERVICE LIST*

☐ **BY U.S. MAIL**
By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 1330 Connecticut Ave., NW, Washington, D.C. 20036, following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☒ **BY OVERNIGHT DELIVERY**
By delivering the document(s) listed above in a sealed envelope(s) or package(s) designated by the express service carrier, with delivery fees paid or provided for, addressed as per the attached service list, to a facility regularly maintained by the express service carrier or to an authorized courier or driver authorized by the express service carrier to receive documents, who received these documents at 1330 Connecticut Ave., NW, Washington, D.C. 20036.

☐ **BY PERSONAL SERVICE**
   ☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.
   ☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).
   ☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

☐ **BY ELECTRONIC SERVICE**
   **(via electronic filing service provider)**
By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider at www.fileandserve.lexisnexis.com, from the email address _____@steptoe.com, at approximately _____. To my knowledge, the transmission was reported as complete and without error.

☒ **BY ELECTRONIC SERVICE**
   **(to individual persons)**
By electronically transmitting the document(s) listed above to the email address(es) of the person(s) set forth on the attached service list from the email address jkneedler@steptoe.com at approximately 6 pm. To my knowledge, the transmission was reported as complete and without error.

☐ **BY FACSIMILE**
By transmitting the document(s) listed above from Steptoe & Johnson LLP in Los Angeles, California to the facsimile machine telephone number(s) set forth on the attached service list. Service by facsimile transmission was made ☐ pursuant to agreement of the parties, confirmed in writing, or ☐ as a courtesy to the parties.

        I declare under penalty of perjury under the laws of the District of Columbia and the United States of America that the above is true and correct.

        Executed on **July 24, 2008** in the District of Columbia.

        Jennie L. Kneedler
        Type or Print Name                                     Signature

PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) INITIAL
DISCLOSURES TO CONNEXUS CORP.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

*Beyond Systems, Inc. v. Connexus Corp., et al.*

Jeffrey M. Tanzer, Esq.
**VENABLE LLP**
2049 Century Park East, Suite 2100
Los Angeles, California  90067
(310) 229-9900
(310) 229-9901 (Facsimile)
jtanzer@venable.com

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
**VENABLE LLP**
575 7th Street NW
Washington, DC  20004
(202) 344-4000
(202) 344-8300 (Facsimile)
jbaldridge @venable.com
ljfales@venable.com
anrothman@venable.com

PLAINTIFF'S SUPPLEMENTAL RULE 26(a)(1) INITIAL
DISCLOSURES TO CONNEXUS CORP.