EXHIBIT 6



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC. | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) |
| KRAFT FOODS, INC., *et al.* | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS'**
**<u>FIRST SET OF INTERROGATORIES (NOS. 1-11)</u>**

Beyond Systems, Inc. ("BSI") hereby submits its objections and responses to Defendants'

First Set of Interrogatories (Nos. 1-11) (each individually an "Interrogatory," and collectively the

"Interrogatories").

**<u>GENERAL OBJECTIONS</u>**

The following objections are incorporated into the responses to each of the

Interrogatories below.

1.      Plaintiff objects to the Interrogatories to the extent they seek information

protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or

other related doctrine or privilege.

2.      BSI objects to the Instructions and Definitions to the extent they purport to

impose upon BSI obligations beyond those set forth in the Federal Rules of Civil Procedure

and/or applicable case law.

3.    BSI objects to the Instructions and Definitions to the extent they are vague, ambiguous, overly broad, unduly burdensome, oppressive, and/or not reasonably calculated to lead to the discovery of admissible evidence.

4.    Plaintiff's responses to these Interrogatories will be subject to the protective order entered in this case, and shall not be deemed to constitute an admission that any Interrogatory is relevant, nor is any response by Plaintiff a waiver of any right to object to the admissibility of any such Interrogatory for admission or response at any proceeding in this case.

5.    The inadvertent disclosure of any privileged information shall not be deemed to be a waiver of any applicable privilege with respect to such or any other information, documents, or things.

6.    Plaintiff objects to these Interrogatories to the extent that they seek any information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

7.    BSI reserves the right to supplement its objections and/or responses to the Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

IDENTIFY all PERSONs who are likely to have personal knowledge of any fact alleged in the Amended Complaint, and state the subject matter of the personal knowledge possessed by each such person.

Doc. # NY-16647 v.4

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

The following individual is an employee of BSI and is likely to have potentially discoverable information that BSI may use to support its claims. This individual is represented by the undersigned counsel for BSI in this matter and may not be contacted except through such counsel:

| Name & Address | Subject of Information |
|---|---|
| Paul A. Wagner<br>Beyond Systems, Inc.<br>9501 Anchorage Place<br>Bethesda, MD 20817 | The e-mails at issue in this Action; BSI's computer systems and services. |

The following individual is not an employee of BSI, but is likely to have potentially discoverable information that BSI may use to support its claims. This individual is represented by the undersigned counsel for BSI in other matters and should not be contacted except through such counsel:

| Name & Address | Subject of Information |
|---|---|
| James Joseph Wagner<br>417A Oak Grove Ave<br>Menlo Park, CA 94025 | The e-mails at issue. |

**INTERROGATORY NO. 2:**

Itemize and show how YOU calculate any damages claimed by YOU in this action, whether economic, non-economic, punitive or other.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous.

- 3 -

Subject to the foregoing objection, and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents responsive to this Interrogatory, including a spreadsheet that itemizes costs and documents (such as bills and statements) reflecting the costs outlined in the spreadsheet.

In addition, Plaintiff states that it seeks statutory damages from Defendants in the amount of $1,000 per e-mail under Maryland Commercial Law Code § 14-3002 and $1,000 per e-mail under California Business & Professions Code § 17529.5. BSI has received approximately 11,000 e-mails linked to Defendants; thus, it seeks a total of approximately $22 million in statutory damages. Plaintiff also seeks damages from Defendants for their liability for civil conspiracy. Defendants are vicariously liable for the actions of all Defendants with which it conspired in the sending of illegal emails in an amount to be proven at trial. Finally, BSI seeks actual damages, including but not limited to $31,011.05. Documents reflecting the current calculation of Plaintiff's actual damages are being produced concurrently herewith, as explained above. Moreover, the statutes at issue do not require Plaintiff to show the exact amount of damages for purposes related to this litigation. *See Asis Internet Servs. v. Active Response Group*, No. C07 6211 THE, 2008 WL 2952809, at *1 (N.D. Cal. July 30, 2008). A calculation of actual damages to be awarded in addition to statutory damages is a feature of the damages phase of this case.

## INTERROGATORY NO. 3:

Identify the costs that you contend you incurred in order to address problems caused by unsolicited COMMERCIAL EMAIL from defendants, including the date you incurred the cost and all documents reflecting those costs.

Doc. # NY-16647 v.4

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory on the grounds that it is vague and ambiguous.

Subject to the foregoing objection, and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), Plaintiff will produce documents responsive to this Interrogatory, including a spreadsheet that itemizes costs and documents (such as bills and statements) reflecting the costs outlined in the spreadsheet.

In addition, Plaintiff states that it seeks statutory damages from Defendants in the amount of $1,000 per e-mail under Maryland Commercial Law Code § 14-3002 and $1,000 per e-mail under California Business & Professions Code § 17529.5. BSI has received approximately 11,000 e-mails linked to Defendants; thus, it seeks a total of approximately $22 million in statutory damages. Plaintiff also seeks damages from Defendants for their liability for civil conspiracy. Defendants are vicariously liable for the actions of all Defendants with which it conspired in the sending of illegal emails in an amount to be proven at trial. Finally, BSI seeks actual damages, including but not limited to $31,011.05. Documents reflecting the current calculation of Plaintiff's actual damages are being produced concurrently herewith, as explained above. Moreover, the statutes at issue do not require Plaintiff to show the exact amount of damages for purposes related to this litigation. *See Asis Internet Servs. v. Active Response Group*, No. C07 6211 THE, 2008 WL 2952809, at *1 (N.D. Cal. July 30, 2008). A calculation of actual damages to be awarded in addition to statutory damages is a feature of the damages phase of this case.

Doc. # NY-16647 v.4

**INTERROGATORY NO. 4:**

For each witness identified by YOU in connection with the disclosures required by Fed. R. Civ.

P. 26(a)(2)(A), provide a complete statement of the opinions to be expressed and basis and

reasons thereof.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this Interrogatory to the extent it is premature insofar as Defendants

seek information relating to expert reports and/or opinions.  Plaintiff anticipates that the parties

to this lawsuit will produce such expert-related information in accordance with Federal Rule of

Civil Procedure 26 and the schedule set by the Court.

Subject to the foregoing objection, and the General Objections which are all incorporated

herein by reference, Plaintiff responds as follows:

Plaintiff served its Rule 26(a)(2) disclosures regarding experts on October 20, 2008.

Plaintiff has produced to Defendants initial expert reports for Dr. John Klensin, Dr. John Levine

and Peter Resnick, each containing a statement of opinions subject to supplementation and

amendment.  Discovery is ongoing and Plaintiff is awaiting Defendants' Rule 26(a)(2)

disclosures regarding experts.  Thereafter, Plaintiff will serve its rebuttal disclosures on a date

agreed to by the parties.  The parties will also exchange Rule 26(e)(2) supplemental disclosures

on the date ordered by the court.

**INTERROGATORY NO. 5:**

For each witness YOU have retained or specially employed to provide expert testimony in this

case, or employed by YOU and whom YOU expect to testify as an expert at trial, provide a

complete statement of the opinions to be expressed and the basis and reasons thereof.

Doc. # NY-16647 v.4

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory to the extent it is premature insofar as Defendants seek information relating to expert reports and/or opinions. Plaintiff anticipates that the parties to this lawsuit will produce such expert-related information in accordance with Federal Rule of Civil Procedure 26 and the schedule set by the Court.

Plaintiff further objects to this Interrogatory to the extent it seeks discovery of non-testifying experts. Rule 26(b)(4)(B) generally bars parties from obtaining discovery of facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial.

Subject to the foregoing objections, and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

Plaintiff served its Rule 26(a)(2) disclosures regarding experts on October 20, 2008. Plaintiff has produced to Defendants initial expert reports for Dr. John Klensin, Dr. John Levine and Peter Resnick, each containing a statement of opinions subject to supplementation and amendment. Discovery is ongoing and Plaintiff is awaiting Defendants' Rule 26(a)(2) disclosures regarding experts. Thereafter, Plaintiff will serve its rebuttal disclosures on a date agreed to by the parties. The parties will also exchange Rule 26(e)(2) supplemental disclosures on the date ordered by the court.

**INTERROGATORY NO. 6:**

Describe any lawsuit, other judicial proceeding, government investigation or settlement to which YOU have been a party that involved allegations RELATING to improper and/or illegal electronic mail (other than this lawsuit), including the name of each lawsuit or judicial

Doc. # NY-16647 v.4

proceeding, the date, court, jurisdiction and place of filing, the docket or civil action number, the nature of each such lawsuit or other judicial proceeding, the names of all plaintiffs and defendants involved, and the disposition of each such suit or claim including any monies paid in connection with the claims.

## RESPONSE TO INTERROGATORY NO. 6:

Plaintiff objects to this Interrogatory on the ground that it is divided into discrete subparts which are not factually subsumed and necessarily related to the primary question.

Plaintiff further objects to this Interrogatory on the ground that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects to this Interrogatory on the ground that it is vague, overbroad, compound, and unduly burdensome.

Plaintiff further objects to this Interrogatory on the ground that it seeks information subject to agreements with third parties the terms of which are confidential.

Subject to the foregoing objections, and the General Objections, which are all incorporated herein by reference, Plaintiff responds as follows:

**Filed 5/27/03**

BSI v. WorldWide Consumer Direct, Inc. and William F. Wolpmann, Jr.

**Filed 12/29/03**

BSI v. Adsaturation and James Majka

BSI v. Bonner and Excite

BSI v. Cordoba and Bruneniecks

BSI v. Confinity, Inc.

- 8 -

BSI v. Robert M. Hager

BSI v. Harvard.net, Inc. and Pajo Networks, Inc. - removed to USDC

BSI v. Keynetics - removed to USDC

BSI v. Markon, Sabrina

BSI v. Nexpoint; World Leadership and Hall

BSI v. Sanzus

**Filed 12/31/03**

BSI v. Aesop Mktg Corp; Mark Joyner; P&D Marketing

BSI v. Diverse Mktg.; Ayoub; Buster Media; Verapass; Stram Corp.

BSI v. Dynamic Health; Herbal Health; Online Mds Rx; Jugal Taneja

BSI v. Eye Five, Inc.; Stram Corporation; Tam

BSI v. Frontline Learning, LLC; Rainmaker

BSI v. Global Mgmt. Solutions - removed to USDC

BSI v. Moore; Alan dba Quicksilver Ent.; Amazing Internet Products; Hawke; Bournival; Don Moore

BSI v. Real Time Gaming and KDMS

BSI v. Securemedical and Low Cost Pharmacy

BSI v. SRE and Steven Elisberg

**Filed 9/6/05**

BSI v. Kennedy-Western University

| Case (CCMC means Circuit Court of Montgomery County (Maryland)) | Defendant | Outcome |
|---|---|---|
| CCMC, 248420-V | Adsaturation, Ltd., et al. | Settlement with Adsaturation |

Doc. # NY-16647 v.4

| | | for full release of claims |
|---|---|---|
| CCMC, 248499-V | Aesop Marketing Corporation, et al. | Settlement with Aesop and P&D Marketing for full release of claims |
| CCMC, 248421-V | Michael Bonner | Voluntary dismissal of all claims against Bonner without prejudice |
| CCMC, 248423-V | Confinity, Inc., et al. | Voluntary dismissal of all claims against all defendants without prejudice |
| CCMC, 248422-V | Cordoba International, et al. | Settlement with DataPipe (formerly Hoboken Web Services) for $125,000 for full release of claims. |
| CCMC, 248500-V | Diverse Marketing Group, LLC, et. al | Settlement with Diverse and Ayoub for full release of all claims |
| CCMC, 248501-V | Dynamic Life Products, Inc., et al. | Settlement with Dynamic for full release of all claims |
| CCMC, 248502-V | EyeFive, Inc. | Settlement with EyeFive for full release of emails at issue |
| CCMC, 248503-V | Frontline Learning, LLC, et al. | Settlement with Frontline and Rainmaker for full release of all claims |
| Removed from CCMC, 248504-V; now USDC Md. 8:04-cv-01042-RWT | Global Management Solutions, Inc., et al. | Settlement with Global for full release of all claims |
| CCMC, 248424-V | Robert Michael Hager, et al. | Voluntary dismissal of all claims against Hager without prejudice |
| Originally filed as 248425-V in CCMC; Removed to USDC Md.; now USDC No. 04 CV 711 AW | Harvard.net, Inc., et al. | Settlement with Harvard.net for full release of all claims; settlement with Paridox for full release of all claims |
| Removed to USDC, from CCMC; now USDC Md. No. 40 686 PJM | Keynetics, Inc. T/A ClickBank, et al. | Settlement with Keynetics for full release of all claims; settlement with Mulligan for full release of all claims |
| CCMC, 248427-V | Sabrina Markon trading as Markon Digital Industries, et | Voluntary dismissal of all claims against Markon without |

Doc. # NY-16647 v.4

| | al. | prejudice |
|---|---|---|
| CCMC, 248428-V | Richard D. Hall, Jr., et al. | Voluntary dismissal of all claims against Hall without prejudice; settlement with Nexpoint for full release of all claims |
| CCMC, 248505-V | Alan Moore, et al. | Settlement with Bournival for full release of all claims; involuntary dismissal of Intercosmos |
| CCMC, 248508-V | Realtime Gaming Holding Company, LLC, et al. | Settlement with Thom for full release of all claims; involuntary dismissal of Realtime |
| CCMC, 248429-V | Sanzus, Ltd., et al. | Voluntary dismissal of all claims against Sanzus without prejudice |
| CCMC, 248506-V | Securemedical, Inc., et al. | Pending |
| CCMC, 248507-V | SRE, Inc., et al. | Settlement with SRE for full release of all claims |
| CCMC, 242779-V | World Wide Consumer Direct, Inc., et al. | Default judgment of $12 million as to Wolpmann |
| Originally filed as 261591-V in CCMC; Removed to USDC Md.; now USDC No. 05-CV-2446-DKC | Kennedy-Western University, et al. | Involuntary dismissal of Kennedy-Western University |
| USDC Md., 8:08-00409-PJM | Kraft, et al. | Pending |
| USDC CD Cal., CV08-1039 RGK PLA | Connexus, et al. | Pending |
| USDC Md., PJM 08 cv 0921 | World Avenue USA, LLC, et al. | Pending |

Doc. # NY-16647 v.4

**INTERROGATORY NO. 7:**

Describe YOUR present and past relationship, including but not limited to the agreements YOU

have had and the nature of the services rendered thereunder, with the following PERSONS: Paul

Wagner, Joseph Wagner, Lisa Fitzgerald Wagner, and Hypertouch, Inc.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this Interrogatory on the ground that it is divided into discrete subparts

which are not factually subsumed and necessarily related to the primary question.

Plaintiff further objects to this Interrogatory on the ground that the time period is not

reasonably limited in scope.

Plaintiff further objects to this Interrogatory to the extent that it violates any guaranteed

right of privacy afforded to third parties by law, rule or regulation.

Plaintiff further objects to this Interrogatory on the ground that it seeks information

which is neither relevant nor reasonably calculated to lead to the discovery of admissible

evidence.

Plaintiff further objects to this Interrogatory on the ground that it is vague, overbroad,

compound, and unduly burdensome.

Subject to the foregoing objections, and the General Objections, which are all

incorporated herein by reference, Plaintiff responds as follows:

Paul Wagner is the President of BSI, the Internet Service Provider he established in 1996.

Since 1996, BSI has provided Internet connectivity and interactive computer services,

including electronic mail service to many users, including many users in Maryland.  BSI provides

Internet services, technology consulting, and advanced research on emerging technologies.  Within

Doc. # NY-16647 v.4

these categories are a number of specific services which enable computer access by multiple users to a computer service, including, for example: enterprise architecture (analysis, design, and development); distributed applications (scalability, failover, cross-platform); wireless initiatives (access, solutions, P2P, mobile computing); Internet security (spam, PKI, VPNs, firewalls, survivability); network support (LAN and client/server setup, support & management); and management (strategic planning, marketing, CRM, supply chain). In addition, BSI provides Internet access and hosting services for multiple users, including e-mail servers, web servers, DNS servers, e-commerce services, database services, and backup services. BSI has hosted approximately 110 domain names for use by BSI or its clients and it assigns IP addresses it owns to clients for their use in accessing and providing services via the Internet.

Joe Wagner is the President of Hypertouch, Inc., the ISP he established in 1999. Joe Wagner and Paul Wagner are brothers. Hypertouch and BSI have each owned and operated their own mail servers, web servers, DNS servers and Internet connectivity since before 2000. Hypertouch has had one or more web servers located on BSI's network since sometime before 2004. Sometime in mid-2003 the spam load going to hypertouch.com became so great that Hypertouch could not archive it robustly, whereas BSI possessed greater server capacity and so BSI began receiving and archiving spam on its several large storage systems. Both BSI and Hypertouch users have hypertouch.com email addresses. BSI and Hypertouch each provide respective secondary servers for the other, as well as for other respective clients, in multiple instances both for DNS and mail servers. If BSI's mail server goes down or becomes unresponsive, email being sent to many of the domains BSI hosts are sent to its secondary MX servers, which include Hypertouch's current primary mail server, mail.reasonabledoubt.com. The secondary MX servers hold onto the mail until the primary mail server comes back up. BSI

                    Doc. # NY-16647 v.4

and Hypertouch maintain DNS and mail servers on at least three, and sometimes as many as five different networks.  That way if one or two servers or the networks they are on go down, the world is still able to access all the hosted domains.  Multiple servers on different, diverse networks is common, industry best practice.  BSI provides similar services for an organization with over 150 employees.

Lisa Fitzgerald Wagner is Joe Wagner's wife.  Mrs. Wagner has provided general legal advice to BSI regarding various matters over the years.

**INTERROGATORY NO. 8:**

For each COMMERCIAL EMAIL on which you base your claim, provide the following information: Explain why you think that email violates the statutes at issue.  In particular, to the extent that you maintain that an email is misleading, false or fraudulent, describe with particularity the basis of that contention including specifically identifying each part of the email that you contend is false, fraudulent or misleading and your reasons for this contention.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects to this Interrogatory on the ground that it is divided into discrete subparts which are not factually subsumed and necessarily related to the primary question.

Plaintiff objects to this Interrogatory on the ground that it seeks documents protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or other related doctrine or privilege.

Subject to the foregoing objections, and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

Information responsive to this Interrogatory can be found in a spreadsheet and a Legend that explains the terms used in the spreadsheet, which are being produced concurrently herewith.

Doc. # NY-16647 v.4

**INTERROGATORY NO. 9:**

For each COMMERCIAL EMAIL on which you base your claim, identify the servers through which it passed and the location of the server.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

Plaintiff further objects in that data responsive to this Interrogatory is contained on the face of the emails and is therefore equally available to the propounding party.

Subject to the foregoing objections, and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

The server through which an email "passes" and that receives a particular e-mail is readily identifiable on the face of the e-mail and thus equally accessible to Defendants.  Plaintiff further states that all of its computers that were involved in receiving, storing, and/or transmitting the emails at issue were located in the state of Maryland.  With regard to the physical location when the email hit BSI's servers, BSI's servers were and are in Rockville, MD and Silver Spring, MD.

**INTERROGATORY NO. 10:**

Do you contend that you are an internet service provider ("ISP") and if so describe the basis of that contention, including the following:

   a.  The physical location of the servers through which you provide ISP services;

   b.  The IP address used by you to provide ISP services;

   c.  The name, physical address, telephone number and email address of each person or entity to whom you provides ISP services (i.e., your clients or customers).

Doc. # NY-16647 v.4

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory on the ground that it is divided into discrete subparts which are not factually subsumed and necessarily related to the primary question.

Plaintiff further objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

Plaintiff further objects to these Interrogatory to the extent it seeks information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

Plaintiff further objects to this Interrogatory on the ground that it seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff further objects in that it responded to Defendants' (Informal) Request No. 4 on June 27, 2008 and provided relevant information at that time, as well as objecting to producing the street address, phone number, or other personal contact information of its subscribers. Counsel for Defendants indicated that it would accept a response indicating the number of separate subscribers to whom email was sent that is the basis of BSI's claims, along with each subscriber's email address. In response to this request, BSI stated that the end destination for most of the emails at issue were mailboxes operated by BSI. (See Letter from T. Barba to John Devaney of June 27, 2008 at 4.). BSI also listed email addresses that received some of the emails at issue, as well as the users associated with those email addresses. *Id.* Further, counsel for Defendants in response to (Informal) Request No. 5 indicated that it would accept a certification indicating the number of distinct subscribers BSI has had since 2005. Such a

Doc. # NY-16647 v.4

certification addressing the number of subscribers BSI has had since 2002 was attached to the Letter from T. Barba to John Devaney of June 27, 2008.

Subject to the foregoing objections and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

BSI is an email service provider.  BSI is an Internet Service Provider.  BSI is an "electronic mail service provider" as defined in California Business & Professions Code § 17529.1(h).  BSI is an "interactive computer service provider" as defined in Maryland Commercial Law Code § 14-3001.  BSI provides and enables access to the Internet for multiple users.  BSI owns and operates interactive computer services that enable its customers to, among other things, access the Internet, access BSI-hosted Internet services and exchange e-mail.  BSI owns and maintains computers and other equipment, including specialized computers or servers that process e-mail messages and otherwise support its e-mail services.  Whereas BSI charges some of its clients for its services, like many major web-based email service providers, BSI does not charge many of its clients for basic levels of service.

Since 1996, BSI has provided Internet connectivity and interactive computer services, including electronic mail service to many users, including many users in Maryland.  BSI provides Internet services, technology consulting, and advanced research on emerging technologies.  Within these categories are a number of specific services which enable computer access by multiple users to a computer service, including, for example:  enterprise architecture (analysis, design, and development); distributed applications (scalability, failover, cross-platform); wireless initiatives (access, solutions, P2P, mobile computing); Internet security (spam, PKI, VPNs, firewalls, survivability); network support (LAN and client/server setup, support & management); and management (strategic planning, marketing, CRM, supply chain).  In addition, BSI provides

Doc. # NY-16647 v.4

Internet access and hosting services for multiple users, including e-mail servers, web servers, DNS servers, e-commerce services, database services, and backup services. BSI has hosted approximately 110 domain names for use by BSI or its clients and it assigns IP addresses it owns to clients for their use in accessing and providing services via the Internet.

Plaintiff further states that all of its computers that were involved in receiving, storing, and/or transmitting the emails at issue were located in the state of Maryland. With regard to the physical location when the email hit BSI's servers, BSI's servers were and are in Rockville, MD and Silver Spring, MD. The Maryland servers have had IP addresses on one of the following subnets: 66.92.148.0/24, 66.92.173.0/24. 71.126.162.0/24 and 66.93.97.0/24. BSI states that it also owns equipment related to its provision of ISP services in Washington, D.C. BSI states that information responsive to this Interrogatory, including information readily identifying BSI as a Maryland resident, is publicly available at www.joker.com and/or www.domaintools.com.

**INTERROGATORY NO. 11:**

Do you contend that you or any your clients, subscribers or customers complained to any of the defendants about email advertising Gevalia or any Kraft products. If so, provide the following information:

      a.      The date of the complaint;

      b.      The person making the complaint and the person or entity to whom the complaint was made;

      c.      The response of the person or entity receiving the complaint; and

      d.      Identify all documents relating to the complaint.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this Interrogatory on the ground that it is divided into discrete subparts which are not factually subsumed and necessarily related to the primary question.

Plaintiff further objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.

Plaintiff further objects to this Interrogatory to the extent it seeks information the production of which would violate any guaranteed right of privacy afforded to third parties by law, rule or regulation.

Plaintiff further objects to this Interrogatory to the extent it seeks information outside of Plaintiff's knowledge, possession, custody, or control.

Plaintiff further objects in that it responded to Defendants' (Informal) Request No. 6 on June 27, 2008 and provided relevant information at that time concerning all documents reflecting complaints from its client's subscribers regarding the emails at issue. Plaintiff directed Defendants to Exhibit A2 of the Declaration of Paul A. Wagner in support of Plaintiff's Motion for Expedited Discovery, ¶¶ 14-15.

Subject to the foregoing objections and the General Objections which are all incorporated herein by reference, Plaintiff responds as follows:

BSI has received numerous complaints in person and by telephone about client and server outages. Usually these are caused by a huge spam burden. For example, one client in Switzerland, Guy Genilloud (in support of Colorvivo Films), both calls and sends emails to BSI. These complaints will be produced. In general the spam complaints are not resolved. Some customers, such as Dr. Peter Wagner, abandon their accounts after they become unusable due to spam. Others, such as Guy and Colorvivo Films, change the user name portion of their email

- 19 -

address(es) – and notify all colleagues they can recall of the change.

As to form and objections only:

*Jennie L. Kneedler*

Thomas M. Barba (US DC-MD Bar No. 28487)
John J. Duffy (US DC-MD Bar No. 28613)
Jennie L. Kneedler (US DC-MD Bar No. 28617)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., NW
Washington, DC  20036
(202) 429-3000
Fax:  (202) 429-3902
tbarba@steptoe.com
jduffy@steptoe.com
jkneedler@steptoe.com

Anthony A. Onorato (USDC-MD Bar No. 28622)
STEPTOE & JOHNSON LLP
750 Seventh Ave., Ste. 1800
New York, NY  10019
(212) 506-3900
Fax:  (212) 506-3950
tonorato@steptoe.com

Of Counsel:

Stephen H. Ring (USDC-MD Bar No. 00405)
Law Offices of Stephen H. Ring, P. C.
20300 Seneca Meadows Parkway, Suite 200
Germantown, Maryland  20876
(301) 540-8180
shr@ringlaw.us

Mike Rothman (USDC-MD Bar No. 14568)
Law Office of Michael S. Rothman
401 E. Jefferson Street, Suite 201
Rockville, MD  20850
mike@mikerothman.com
Phone: (301) 251-9660
Fax: (301) 251-9610

*Attorneys for Plaintiff Beyond Systems, Inc.*

Dated:  November 12, 2008

Doc. # NY-16647 v.4

## VERIFICATION

I, Paul A. Wagner, declare and state:

I am President of BEYOND SYSTEMS, INC. and am authorized to sign this verification as to PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES in the case of *Beyond Systems Inc. v. Kraft Foods, Inc.. et al, CV 08-0409 (PJM),* filed in the United States District Court for the District of Maryland.

All matters set forth herein are within my personal knowledge, and I am the only person at Beyond Systems Inc. who has knowledge of all such matters. The information contained within these responses is drawn from pertinent business records and from my own knowledge and information, and based thereon I believe the information contained in these responses is true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed November 12, 2008 in the District of Columbia.

*Paul A. Wagner*

_____
Paul A. Wagner

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, the foregoing *Plaintiff's Objections*

*and Responses to Defendants' First Set of Interrogatories* were served upon the below-named

counsel for Defendants via e-mail and overnight federal express:

> John K. Roche
> Barry J. Reingold
> John M. Devaney
> PERKINS COIE LLP
> 607 14th Street NW, Suite 800
> Washington DC 20005-2003
> T: 202-434-1613
> F: 202-434-1690
> jroche@perkinscoie.com
> breingold@perkinscoie.com
> jdevaney@perkinscoie.com
>
> *Counsel for Defendants Kraft Foods Inc., Kraft Foods*
> *Global Inc. & Vict. Th. Engwall & Co.*

                                    /s/
                          Jennifer M. Newton