Roger W. Yoerges
202 429 8168
ryoerges@steptoe.com

**Steptoe**
STEPTOE & JOHNSON LLP

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

November 28, 2012

VIA CM/ECF

The Honorable Peter J. Messitte
United States District Court
District of Maryland
Greenbelt Division
6500 Cherrywood Lane
Greenbelt, MD 20770

Re:   **Plaintiff Beyond Systems, Inc.'s Renewed Application for Entry of Judgment for Damages Against Defendant Hydra LLC**

Dear Judge Messitte:

  We are submitting this letter in response to both (1) Kraft's recent letter (DE # 603), in which it argued that the Court should defer ruling on BSI's pending motion for entry of a default judgment against Hydra until the Court decides the pending standing issues (DE # 590), and (2) this Court's letter-ruling, which deferred decision on BSI's motion until the Court resolves whether being a *bona fide* Internet service provider is an element of BSI's case or an affirmative defense.

  BSI respectfully submits that, in the context of a defaulted defendant such as Hydra, it does not matter whether the "bona fide" issue is an affirmative defense or an element of BSI's claim. In either case, because standing is not an issue that goes to the jurisdiction of this Court, Hydra—a defendant that indisputably is in default—has no right to challenge it. If BSI's status as a *bona fide* service provider is an affirmative defense to standing on which Hydra bears the burden of proof, then Hydra's default operates as a waiver of that defense. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("A district court, however, is plainly free to render judgment to a plaintiff on a claim to which the defendant has an affirmative defense that he has waived."). If the "bona fide" issue is one that goes to the merits of BSI's statutory claims on which BSI bears the burden of proof, then Hydra has waived any right to challenge the merits, given that it has defaulted. *U.S. v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967)

The Honorable Peter J. Messitte
November 28, 2012
Page 2

**Steptoe**
STEPTOE & JOHNSON LLP

(defaulting defendant has "lost its standing in court and cannot participate in any subsequent trial of the claims" with the non-defaulting defendant); *Calkins v. Pacel Corp.*, No. 3:07-cv-00025, 2008 WL 2844695 at *3 (W.D. Va. 2008) (noting that the effect of an order granting default judgment is that the defaulting defendants could not participate in the merits aspect of the trial with the non-defaulting defendant).

In short, BSI respectfully submits that there is no legal basis to defer ruling on BSI's pending motion for entry of a default judgment as to Hydra.

Respectfully yours,

*/s/ Roger W. Yoerges /smn*

Roger W. Yoerges