# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

_____

|  |  |  |
|---|---|---|
| BEYOND SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:08-cv-00409 (PJM) (CBD) |
| | ) | Judge Peter J. Messitte |
| KRAFT FOODS, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

_____)

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' BILL OF COSTS

Plaintiff Beyond Systems, Inc. ("BSI"), pursuant to Fed. R. Civ. P. 54 and Local Rule 109.1, opposes the Bill of Costs filed by Defendants Kraft Foods, Inc. and Vict. Th. Engwall & Co, Inc. ("Kraft") (DE# 615).

BSI has filed a Notice of Appeal (DE# 616) from this Court's Order granting Kraft's motion for summary judgment and denying BSI's motion for judgment as a matter of law.  (DE# 611, 612).  Under well-established precedent, consideration of Kraft's Bill of Costs should be deferred until the Fourth Circuit has acted on BSI's appeal.  In addition, BSI has objections to the costs requested.

## I.   Since The Court's Judgment Is Subject To Appeal, A Ruling On Kraft's Bill Of Costs Is Premature

Both the Maryland Rules and the case law are clear on this sensible point: costs should not be taxed until the resolution of a pending appeal.  The Maryland District Court Guidelines for Bills of Costs ("Guidelines") state: "if a party files a timely opposition to a bill of costs either before or after any party files an appeal from the judgment serving as the basis for the bill of

costs, the Clerk will typically deny taxation without prejudice to the prevailing party filing a new

bill of costs if judgment is affirmed on appeal." § I(F)(2), Effect of a Pending Appeal.  Likewise,

Fed. R. Civ. P. 54(d) provides that "costs – other than attorneys' fees – should be allowed to the

prevailing party."  At this stage in the litigation, however, a determination as to who is the

"prevailing party" cannot be made.  *See* 10 Fed. Prac. & Proc. Civ.3d §2667, Wright & Miller

("a determination of who is the prevailing party for purposes of awarding costs should not

depend on the position of the parties at each stage of the litigation but should be made when the

controversy is finally decided.").

It is standard practice for courts in this district to defer ruling on, or to dismiss without

prejudice a Bill of Costs filed in a case in which an appeal is pending.  *See Hylind v. Xerox

Corp.*, No. PJM 03-116, 2011 WL 806419 at *2 (D. Md. Feb. 28, 2011) (J. Messitte) (court

waited to consider motions on costs until "[a]ll other post-trial matters ha[d] been resolved");

*Schmitz-Werke GMBH+Co., v. Rockland Indus.*, 271 F. Supp. 2d 734, 735 (D. Md. 2003), ("[a]

decision on the bill of costs was deferred while the case was on appeal."); *McCollum v.

McDaniel*, 136 F. Supp. 2d 472, 479 n.11 (D. Md. 2001) ("[t]he Bill of Costs will be held

pending the results of any appeal."); *Tenax Corp. v. Tensar Corp.*, Civ. No. H-89-424, 1991 WL

218508 at *1 (D. Md. 1991) (Court "would not at this time consider the amount of attorneys' fees

or costs sought by defendant . . . in its bill of costs.  These matters may be presented to the Court

following appeal.").[1]

If the Fourth Circuit rules in favor of Defendants, the Court can consider the Bill of Costs

then.  If the Fourth Circuit rules in favor of Plaintiff, BSI will file its own Bill of Costs pending

---

[1] *See also First Penn-Pac. Life Ins. Co. v. William R. Evans, Chartered*, No. WDQ-05-0444, 2010 WL 610880 at *1
(D. Md. Feb. 17, 2010) (denying a motion for fees without prejudice "pending the outcome of the appeal."); *Sachs v.
Lorillard Tobacco Co.*, No. JFM-01-152, 2003 WL 26473809 at *1 (D. Md. July 3, 2003) (only considering the bill
of costs after "the time for filing a notice of appeal in this case has expired").

the outcome of any rehearing, and defendants' Bill of Costs will be moot.  The practical effect of

ruling on a Bill of Costs now, if this court's judgment were to be reversed upon appeal, would be

wasted time and effort by the parties, as Plaintiff would then seek to recover the costs paid to

Kraft.

**II.**     **The Bill of Costs Improperly Seeks Expenses That Should Not be Taxed As Costs**

Plaintiff objects to the following costs in Kraft's request on the bases of:

A.     Expedited Copy Produced Solely for the Convenience of Counsel, Absent Prior

Court Approval, Is Not Taxable.

The Maryland District Court Guidelines for Bills of Costs state that: the "cost of daily or

expedited copy produced solely for the convenience of counsel, absent prior court approval" is

not taxable.  *See* Guidelines, § II(D)(2)(a) *citing Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th

Cir. 1991) (explaining that the court will not allow a party to recover the cost of obtaining a trial

transcript or a copy of a deposition on an expedited basis unless there was prior court approval or

the special nature of the litigation made it necessary).  Kraft has sought to tax costs on multiple

expedited transcripts where there was no prior court approval, and is silent on any "special nature

of the litigation" which made it necessary.  Therefore, BSI objects to the taxation of the

following expedited transcripts:

- Paul Wagner deposition for which $1276.00 was sought.[2]  The supplied invoice indicates

    that the amount in question was for "Expedited Copy & Index of Transcript of: Paul A.

    Wagner – Volume 5."  *See* DE# 615, Exhibit 1, pp. 6-7. The invoice does not indicate

---

[2]  Many of the depositions for which Kraft is seeking to tax costs were identified in its Memorandum as having occurred on a date that is inconsistent with the date on the invoice attached to support those costs.  In these cases, BSI has determined that the referenced deposition did occur on the ***invoiced date***, but no deposition occurred on the date set forth in Kraft's Memorandum. To avoid further confusion for the Court in its review of the supporting material, BSI has referred to the depositions by the amount Kraft has sought to tax and by the number and page of the Kraft exhibit that contains the supporting documentation, rather than the incorrect date indicated in the Memorandum.

any itemization of the surcharge for the expedited transcript such that BSI could determine the cost for a non-expedited transcript, and as such, BSI must object to the taxation of the entire deposition in the amount of $1276.00.

- Paul Wagner deposition for which $2269.85 was sought. The supplied invoice indicates that the amount in question was for "Expedited Copy & Index of Transcript of: Paul Wagner – Volume 2." *See* DE# 615, Exhibit 1, pp. 8-9.  The invoice does not indicate any itemization of the surcharge for the expedited transcript such that BSI could determine the cost for a non-expedited transcript, and as such, BSI must object to the taxation of the entire deposition in the amount of $2269.85.

- Joe Wagner deposition for which $1731.50 was sought. The supplied invoice indicates that a surcharge of $390.00 was included in the cost for "Transcript – Rough ASCII." *See* DE# 615, Exhibit 2, pp. 2-3.  "Rough ASCII" refers to an expedited version of a transcript that is delivered upon request in text format, before the transcript is finalized, so that counsel may have an opportunity to review earlier than it would otherwise be available.  Therefore, BSI objects to the taxation of the $390.00 included charge for the rough ASCII version of the transcript.

- Peter Resnick deposition for which $1825.35 was sought.  The supplied invoice indicates that a surcharge of $361.15 was included in the cost for "Transcript – Rough ASCII." See DE# 615, Exhibit 3, p. 9.  Therefore, BSI objects to the taxation of the expedited transcript fees in the amount of $361.15.

- Dr. John R. Levine[3] deposition for which $1442.30 was sought.  The supplied invoice indicates that a surcharge of $325.00 was charged for the "Rough Draft" of this

---

[3] Kraft's memorandum incorrectly lists this deposition as that of a "Richard Levine."  Kraft is actually referring to the deposition of Dr. John Levine, one of BSI's expert witnesses.

deposition.  *See* DE# 615, p. 4.  Therefore, BSI objects to the taxation of the expedited

transcript fees in the amount of $325.00.

- Dr. Frederick Cohen deposition for which $1376.04 was sought.  The supplied invoice

    indicates that a surcharge of $234.89 was charged for "5 Business Day Delivery – Copy."

    See DE# 615, Exhibit 5, p. 4.  Therefore, BSI objects to the taxation of the expedited

    transcript fees in the amount of $234.89.

- Dr. Frederick Cohen deposition for which $1610.25 was sought.  The supplied invoice

    indicates that a surcharge of $306.90 was charged for "4 Business Day Delivery – Copy."

    See DE# 615, Exhibit 5, p. 5.  Therefore, BSI objects to the taxation of the expedited

    transcript fees in the amount of $306.90.

- Kenneth Hirschman deposition for which $878.02 was sought.  The supplied invoice

    indicates that a surcharge of $165.12 was charged for "5 Business Day Delivery – Copy."

    *See* DE# 615, Exhibit 6, p. 3.  Therefore, BSI objects to the taxation of the expedited

    transcript fees in the amount of $165.12.

- Kenneth Hirschman deposition for which $960.05 was sought.  The supplied invoice

    indicates that a surcharge of $172.80 was charged for "5 Business Day Delivery – Copy."

    *See* DE# 615, Exhibit 6, p. 5.  Therefore, BSI objects to the taxation of the expedited

    transcript fees in the amount of $172.80.

- Daily transcripts of the June 2012 minitrial for which $1,478.10 was sought in total.  The

    supplied invoices indicate that for seven of the eight days of trial, daily transcripts were

    ordered, accounting for $1383.60 of the total $1478.10 requested.  *See* DE# 615, Exhibit

    15, pp. 3-9.  Moreover, the trial transcript invoices each indicate that they were billed to

    the attention of Ari Rothman of Venable LLP, counsel for Defendant Connexus Corp.  *Id*.

at 2-9.  Kraft supplies no additional documentation indicating that Kraft or its counsel actually paid for the transcript at all.  Therefore, while BSI does not challenge that trial transcripts were necessarily obtained for use in the case, BSI must object to the taxation of the trial transcript costs in their entire amount of $1478.10 because there has been no evidence supplied that Kraft ever incurred the expenses in the first place.  If further documentation should be furnished indicating that they did, BSI still objects to the daily transcript fees obtained solely for the convenience of counsel in the amount of $1383.60.

In sum, BSI objects to the taxation of $6,979.81 of the requested transcript costs on the ground that they improperly seek taxation of expedited or daily transcripts without court approval and without a showing of necessity.

> B.      Court Reporter Postage or Delivery Charges for a Transcript Are Not Taxable.

The Maryland District Court Guidelines for Bills of Costs state that:  "[c]ourt reporter postage or delivery charges for a transcript" are not taxable.  *See* Guidelines, § II(D)(2)(e).  Kraft has sought to tax costs for the postage and delivery of multiple depositions. Therefore, BSI objects to the taxation of the following postage and delivery charges for deposition transcripts:

- Paul Wagner deposition for which $25.00 was sought for "shipping & handling" fees. *See* DE# 615, Exhibit 1, p. 3.

- Paul Wagner deposition for which $25.00 was sought for "shipping & handling" fees. *See* DE# 615, Exhibit 1, p. 5.

- Paul Wagner deposition for which $25.00 was sought for "overnight/messenger dely" fees.  *See* DE# 615, Exhibit 1, p. 7.

- Paul Wagner deposition for which $25.00 was sought for "overnight/messenger dely" fees.  *See* DE# 615, Exhibit 1, p. 9.

- Joe Wagner deposition for which $25.00 was sought for "shipping & handling" fees. *See* DE# 615, Exhibit 2, p. 3.

- Peter Resnick deposition for which $15.00 was sought for "shipping & handling" fees. *See* DE# 615, Exhibit 3, p. 3.

- Peter Resnick deposition for which $15.00 was sought for "shipping & handling" fees. *See* DE# 615, Exhibit 3, p. 7.

- Peter Resnick deposition for which $55.00 was sought for "S&H/Processing/Repository" fees. *See* DE# 615, Exhibit 3, p. 9.

- Ilan Mishan deposition for which $45.00 was sought for "Processing & Handling" / "Delivery" fees. *See* DE# 615, Ex. 10, p. 2.

- Luanne Fragapane deposition for which $25.00 was sought for "Shipping & Handling" fees. *See* DE# 615, Ex. 11, p. 2.

- Joseph Manno deposition for which $15.00 was sought for "Shipping & Handling" fees. *See* DE# 615, Ex. 13, p. 3.

In sum, BSI objects to the taxation of $295.00 of the requested transcript costs on the ground that they improperly seek taxation of the court reporters' postage or shipping charges for delivery of the transcripts.

C.     Vouchers Or Bills Supporting The Cost Being Requested Shall Be Attached As Exhibits.

Pursuant to LR 109.1.b, "[a]ny vouchers or bills supporting the cost being requested shall be attached as exhibits" to the Bill of Costs. Furthermore, the Maryland District Court Guidelines for Bills of Costs state that documentation required to be submitted in support of transcript costs should clearly indicate the "transcript prepared (or copied)," "the number of

pages in the transcript," "the per page rate," and "the total cost." *See* Guidelines, § II(D)(3).

Kraft did not supply invoices supporting the cost or cost breakdown being requested for the

following items, and thus BSI objects to their taxation:

- One of the two John Levine depositions for which $2826.05 was sought in total.  Per the

  supplied documents, it appears that counsel for Kraft at Perkins Coie submitted a single

  check request to cover the joint amount of both John Levine depositions for which costs

  are sought, although the invoice they attached only covered Volume 1 of the two

  depositions for which costs are sought.  See DE# 615, Exhibit 4, pp. 2-4.  By simple

  subtraction and the assertion in Kraft's memorandum table, BSI could infer that the

  second volume costs were $1383.75, but in the absence of the itemized invoice, BSI has

  no way to determine that number's accuracy nor the cost allocation, which may well

  include objectionable items such as fees for expedited service or postage and handling.

  Consequently, in the absence of further documentation, BSI must object to the taxation of

  the costs of the entire second deposition of John Levine in the amount of $1383.75.

- Fosina deposition transcripts volumes 1 and 2, for which $601.15 and $787.65 were

  respectively sought, and Stu Stein deposition for which $1112.85 was sought.  In support

  of these costs, Kraft attaches only a redacted copy of an attorney invoice from Kraft

  counsel Darrell Graham to his client Kraft itemizing the total amounts for each deposition

  transcript.  *See* DE# 615, Exhibit 14, p. 7.  Kraft attaches no invoices from the court

  reporters indicating the breakdown of costs associated with each transcript, which may

  include objectionable items such as fees for expedited service or postage and handling.

  Consequently, in the absence of further documentation, BSI must object to the taxation of

  the entire depositions in the amounts of $601.15, $787.65, and $1112.85.

- Transcript of the June 14, 2010 summary judgment hearing for which $123.30 was sought.  In support of this cost, Kraft attaches only Perkins Coie's internal check request listing the amount in question.  *See* DE# 615, Exhibit 15, p. 10.  No itemized invoice from the court reporter indicating the per page rate is attached, making BSI unable to determine the breakdown of costs associated with the transcript, which may include objectionable items such as fees for expedited service or postage and handling. Consequently, while BSI does not challenge that the summary judgment hearing transcript was necessarily obtained for use in the case, in the absence of further documentation, BSI must object to the taxation of the June 2010 summary judgment hearing transcript for which $123.30 was sought.

In sum, BSI objects to the taxation of $4008.70 of the requested transcript costs on the ground that they improperly seek taxation of items for which Kraft has not supplied the documentation required under LR 109.1.b and the Guidelines.

## <u>Conclusion</u>

Kraft's Motion for Costs is premature under the procedures of this district.  Until a final mandate issues from the Fourth Circuit, the Court should defer any ruling on costs.   If the Court does consider the Bill of Costs now, Plaintiff respectfully requests that it not tax the above items noted by Plaintiff which are not taxable, and that the requested amount of $31,655.48 be reduced by the amount of $11,283.51.

WHEREFORE, for the reasons stated herein, the Plaintiff request that the Court defer ruling on Defendants' Bill of Costs pending its appeal.

Dated:  October 3, 2013                                    Respectfully submitted,

            /s/                                     *Of Counsel:*
_____
Thomas M. Barba (D. Md. Bar No. 28487)
Roger W. Yoerges (D. Md. Bar No. 14088)          Stephen H. Ring (USDC-MD Bar No. 00405)
Jeffrey E. McFadden (D. Md. Bar No. 8738)        Law Offices of Stephen H. Ring, P.C.
John J. Duffy (D. Md. Bar No. 28613)             506 Main Street, Suite 215
STEPTOE & JOHNSON LLP                             Gaithersburg, Maryland  20878
1330 Connecticut Ave., NW                        T: 301-563-9249
Washington, D.C.  20036                          F: 301-563-9639
T: 202-429-3000                                  shr@ringlaw.us
F: 202-429-3902
tbarba@steptoe.com
ryoerges@steptoe.com                             Mike Rothman (USDC-MD Bar No. 14568)
jmcfadden@steptoe.com                            Law Office of Michael S. Rothman
jduffy@steptoe.com                               401 E. Jefferson Street, Suite 201
                                                 Rockville, MD  20850
                                                 T: 301-251-9660
Anthony A. Onorato (D. Md. Bar No. 28622)        F: 301-251-9610
STEPTOE & JOHNSON LLP                             mike@mikerothman.com
1114 Avenue of the Americas
New York, NY  10036                              *Counsel for Plaintiff Beyond Systems, Inc.*
T: 212-506-3900
F: 212-506-3950
tonorato@steptoe.com

*Counsel for Plaintiff Beyond Systems, Inc. and*
*Third-Party Defendants James Joseph Wagner*
*and Hypertouch, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of October, 2013, the foregoing MOTION IN

OPPOSITION TO BILL OF COSTS was filed electronically in accordance with the

Court's CM/ECF procedures, and served electronically on the below-named parties by the

Court's electronic notification system:

Barry J. Reingold
John M. Devaney
John K. Roche
PERKINS COIE LLP
700 Thirteenth Street N.W.
Washington, D.C.
20005-3960
(202) 654-6200 (Telephone)
(202) 654-6211 (Facsimile)
jroche@perkinscoie.com
breingold@perkinscoie.com
jdevaney@perkinscoie.com


Darrell J. Graham
Peter S. Roeser
John E. Bucheit
ROESER, BUCHEIT & GRAHAM LLC
20 N. Wacker Dr., Ste. 1330
Chicago, IL 60606
(312) 922-1200
dgraham@rbglegal.com
proeser@rbglegal.com
jbucheit@rbglegal.com

*Counsel for Defendants Kraft Foods Inc.,
Kraft Foods Global Inc., and Vict. Th.
Engwall & Co., Inc.*

J. Douglas Baldridge
Lisa Jose Fales
Ari N. Rothman
VENABLE LLP
575 7th Street NW
Washington, D.C.  20004
(202) 344-4000 (Telephone)
(202) 344-8300 (Facsimile)
jdbaldridge@venable.com
ljfales@venable.com
anrothman@venable.com

*Counsel for Defendant Connexus
Corp.*

_____
                /s/
        Jennifer M. Newton